1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   MANUEL  DE  JESUS  ORTEGA)          No. CV 07-2513-PHX-MHM
    MELENDRES,  JESSICA QUITUGUA)
10  RODRIGUEZ,  DAVID  RODRIGUEZ,)       **ORDER**
    VELIA MERAZ, MANUEL NIETO, JR.,)
11  on  behalf  of  themselves  and  all  others)
    similarly   situated,   and   SOMOS)
12  AMERICA,                            )
                                        )
13            Plaintiffs,               )
                                        )
14  vs.                                 )
                                        )
15                                      )
    JOSEPH  M.  ARPAIO,  in  his  official)
16  capacity as Sheriff of Maricopa County,)
    MARICOPA SHERIFF'S OFFICE, and)
17  MARICOPA COUNTY, ARIZONA,     )
                                        )
18            Defendants.               )
                                        )
19  _____)

20

21        Currently  before  this  Court  is  Plaintiff  Manuel  De  Jesus  Ortega  Melendres,  et  al.,

22  ("Plaintiff") Motion for Leave to Amend Complaint. (Dkt.#17).  Plaintiff seeks leave of the

23  Court under Rule 15(a) of the Federal Rules of Civil Procedure to file an amended complaint

24  "to eliminate[] all demands for monetary damages, reduce[] the number of claims for relief,

25  and narrow[] the scope of the definition of the proposed class."  (Plaintiff's Motion, p.2).

26  Defendants respond by stating that granting Plaintiff's motion would be "futile, as a matter

27  of law." (Defendants' Motion, p. 2). After reviewing all of the pleadings in this case, the

28  Court finds oral argument unnecessary and issues the following Order.

**I. Background**

This case arose out of an encounter between Manuel De Jesus Ortega Melendres and deputies from the Maricopa County Sheriff's Office in Cave Creek, Arizona on or about September 26, 2007.  (Plaintiff's Complaint, p. 3)

On December 12, 2007, Plaintiff filed a seven-count complaint against Maricopa County, Sheriff Joseph Arpaio, and fictitiously named Sheriff's deputies.  (Dkt.#1). Plaintiff's complaint alleged violations of the Equal Protection Clause, the Due Process Clause and the Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution, as well as violations of the Fourth Amendment, Title VI of the Civil Rights Act of 1964, and state law claims based on concepts of Due Process and Privacy under the Arizona Constitution. (Dkt.#1).  Plaintiff pled relief in the form of a declaratory judgment, a preliminary and permanent injunction, an award of compensatory, consequential and punitive damages, and attorney's fees. (Dkt.#1).

On January 3, 2008, Defendants' filed a motion to dismiss under Fed. R. Civ. P.12(b)(6), and the following day answered. (Dkt.#12,13).  Plaintiff, after filing a response in opposition to Defendants' motion to dismiss, substituted its counsel of record. (Dkt.#16).  On July 16, 2008, Plaintiff's new counsel moved this Court for permission to amend its complaint under Fed. R. Civ. P.15(a). (Dkt.# 17).

The proposed First Amended Complaint seeks to join as Plaintiffs, Jessica Quitugua Rodriguez, David Rodriguez, Velia Meraz, and Manuel Nieto, Jr., as well as the organization Somos America.  The Amended Complaint also seeks to add as a defendant, the Maricopa Sheriff's Department (MSCO). Additionally, the First Amended Complaint eliminates all claims for monetary damages, omits three claims for relief, and changes the class definition from "all individuals of Hispanic descent who reside, are employed, attend school and travel within the borders of Maricopa County, Arizona," (Plaintiff's Complaint, p. 11),  to "all Latino persons who, since January 2007, have been or will be in the future, stopped, detained, questioned or searched by MCSO agents while driving or sitting in a vehicle on a

1   public roadway or parking area in Maricopa County, Arizona." (Plaintiff's Proposed First

2   Amended Complaint, p. 24)

3   **II.  Analysis**

4       Once a responsive pleading has been filed, the Federal Rules of Civil Procedure provide

5   that parties may amend a pleading, "only by leave of the court or by written consent of the

6   adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P.

7   15(a).  Court's apply Rule 15(a) with "extreme liberality."  Eminence Capital, LLC v.

8   Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Meaning, there is a strong presumption

9   in favor of granting a party leave to amend.  See id. at 1052.

10       In determining the propriety of a motion for leave to amend, courts consider five factors.

11   Manzarek v. St. Paul Fire & Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008).  These factors

12   include (1) bad faith on the part of the moving party; (2) undue delay; (3) prejudice to the

13   non-moving party; (4) whether the moving party has previously amended his complaint; and

14   (5) the apparent futility of any proposed amendment.  DCD Programs, Ltd. V. Leighton, 833

15   F.2d 183, 186 (9th Cir. 1987).  The Ninth Circuit has instructed that this "determination

16   should generally be performed with all inferences in favor of granting the motion."  Griggs

17   v. Pace Amer. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

18       In the instant case, Defendants have not contested factors one through four, and the only

19   issue that remains in dispute is whether Plaintiff's First Amended Complaint is futile, thereby

20   justifying the Court's denial of its motion to amend.

21       "Futility can, by itself, justify the denial of a motion for leave to amend." Gentala v. City

22   of Tucson, 213 F.3d 1055, 1061 (9th Cir. 2000)  However, "a proposed amendment is futile

23   only if no set of facts can be proved under the amendment to the pleading that would

24   constitute a valid and sufficient claim or defense. " Sweaney v. Ada County, 119 F.3d 1385,

25   1393 (9th Cir. 1997) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.

26   1988)).  The concept of futility is most frequently at issue when the original complaint, at its

27   core, is so factually or legally flawed that it "could not be saved by any [proposed]

28

amendment," and where granting leave to amend the complaint would amount to nothing more than an exercise in futility by the district court. <u>Chang v. Chen</u>, 80 F.3d 1293, 2196 (9th Cir. 1996).

In the instant case, Defendants have put forward several arguments alleging the futility of Plaintiff's proposed First Amended Complaint. Defendants first allege that the parties added as plaintiffs in the proposed First Amended Complaint have legal defects that preclude proper amendment. For instance, Defendants argue that the party Somos America lacks Article III standing, either individually or through the concept of third-party/organizational standing. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992); <u>Warth v. Seldin</u>, 422 U.S. 490 (1975). Defendants further contend that the 42 U.S.C. § 1983 claims made by proposed parties David Rodriguez, Jessica Rodriguez, Velia Meraz, and Manuel Nieto, Jr. fail as a matter of law under the two-part test for qualified immunity. <u>Rodis v. City & County of San Francisco</u>, 499 F.3d 1094, 1097 (9th Cir. 2007) (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001)).

Defendants also state that the First Amended Complaint attempts to improperly add the MCSO, which is non-jural entity, having no legal identity separate and apart from that of Maricopa County. (Defendant's Response in Opposition to Motion for Leave to Amend, p. 8)

Lastly, Defendant's re-iterate an argument made in their Motion to Dismiss.  Defendant's allege that municipal liability under § 1983, <u>see</u> <u>Monell v. New York City Dept. of Soc. Serv.</u>, 436 U.S. 658 (1978), cannot attach to Maricopa County because Sheriff Arpaio is not an official policy maker for the County and that in any event the County did not have a policy to deprive Plaintiffs of a constitutional right. (Defendants' Motion to Dismiss, p. 2-4; Defendants' Response in Opposition to Motion for Leave to Amend, p. 8)

Defendants have over-stated the scope of inquiry engaged in by the Court when evaluating the "futility" of  a motion requesting leave to amend. This Court is not inclined to use Rule

1   15(a) as a vehicle for hearing arguments that are clearly more properly suited to a 12(b)(1),

2   12(b)(6) or Summary Judgment Motion.

3       On this point, the case of <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385 (9th Cir. 1997),

4   is instructive. <u>Sweaney</u> involved § 1983 claims brought by the parent of a child against a

5   county, a sheriff, and various sheriff's deputies, after the parent was arrested for striking her

6   child with a belt on school grounds. <u>Sweaney</u>, 119 F.3d at 1387-88. The suit alleged that

7   defendants had deprived the parent of a substantive due process right to impose corporal

8   punishment on her child. <u>Id.</u> After defendants moved for summary judgment on the basis of

9   qualified immunity, the child's parent moved the court for leave to amend her complaint. <u>Id.</u>

10  at 1388. The district court denied the motion for leave to amend, but granted the defendant's

11  motion for summary judgment. <u>Id.</u> On appeal, the Ninth Circuit affirmed the district court's

12  determination that the defendant's were entitled to qualified immunity on the ground that

13  even if the Constitution protected a parent's right to strike their child on school grounds such

14  a right was in no sense "clearly established" under <u>Harlow v. Fitzgerald</u>, 457 U.S. 800

15  (1982). <u>Id.</u> at 1390. The court went on to uphold the district court's denial of plaintiff's

16  motion of leave to amend.

17      The proposed amendments in <u>Sweaney</u> attempted to add a claim alleging that the county

18  had in place a municipal policy of failing to train its deputies to adequately investigate

19  matters involving the exercise of a constitutional right, and facts which indicated that

20  sheriff's deputies were purposefully targeting the plaintiff for criminal charges. <u>Id.</u> at 1393.

21  With respect to these changes, the Ninth Circuit held that claims contained in the <u>*original*</u>

22  <u>*complaint*</u> were so legally flawed that any attempt to amend them was essentially futile,

23  despite the liberal standard for amendment embodied by the Federal Rules of Civil

24  Procedure. <u>See id.</u> The court noted that because the defendants in <u>Sweaney</u> did not violate

25  clearly established federal law, it was useless for the plaintiff to propose to amend her

26  complaint to add allegations of a municipal wrongdoing. <u>Id.</u> Whatever the county policy ,

27  plaintiff's rights were not violated. <u>Id.</u> As to the subjective misgivings of the deputies, the

28                                      - 5 -

1    court reasoned that the defendants' subjective intent was not relevant to the qualified

2    immunity test. Id.

3        The instant case is distinguishable from a case like Sweaney. Here, Plaintiffs have not

4    merely sought to add additional claims or legally insignificant facts to a complaint filed by

5    a single plaintiff. Instead, multiple parties have been added as plaintiffs, claims for monetary

6    damages have been eliminated, and the nature of the proposed class has been altered.

7    Furthermore, unlike Sweaney, Defendants' Response in Opposition does not focus on the

8    underlying merit of the original complaint, nor why any of the initial claims brought by

9    Melendres were futile and should not proceed. Even if this Court were to deny this motion

10   on the grounds of qualified immunity–with respect to claims made by J. Rodriguez, D.

11   Rodriguez, Meraz and Nieto–this Court would still need to conduct a qualified immunity

12   analysis for claims made by Melendres. In fact, the only argument put forward by the

13   Defense that would have any effect on the original claims made by Melendres is that of

14   municipal liability under § 1983 and Monell.

15       In order to avoid piecemeal adjudication, this Court would rather address these and other

16   substantive issues when they are squarely presented to the Court in the form of a dispositive

17   motion addressed to a single amended complaint, where the standard of review on appeal

18   would be de novo rather than an abuse of discretion. See Plumeau v. Sch. Dist. No. 40,

19   County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) ("Leave to amend is generally within

20   discretion of district court"); Ove v. Gwinn, 264 F.3d 817(9th Cir. 2001) (stating that a

21   motion to dismiss is reviewed de novo).

22       The parties should take note that after amendment the original pleading is treated as

23   nonexistent. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, the original

24   12(b)(6) motion filed by Defendants will be treated as moot and there will be another

25   opportunity to file Rule 12 motions and a responsive pleading.

26       While it is generally disfavored for a plaintiff to seek leave of the court to amend after

27   dispositive motions have been fully briefed–when they might feel the impending doom of a

28                                              - 6 -

1   motion to dismiss–Plaintiffs have sought to amend only after counsel of record had been

2   substitute, and no allegations of bad faith or undue delay have been made by the non-moving

3   party.

4       **Accordingly,**

5       **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Leave to Amend Complaint.

6   (Dkt.#17);

7       **IT IS FURTHER ORDERED** denying Defendant's 12 (b)(6) Motion to Dismiss as moot.

8   (Dkt.#12).

9       **IT IS FURTHER ORDERED** vacating the Motion Hearing set on September 24, 2008

10  at 3:30 p.m.

11      DATED this 5th day of September, 2008.

Mary H. Murguia
United States District Judge