**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., )<br>)<br>Plaintiff,             )<br>)<br>vs.                             )<br>)<br>Joseph M. Arpaio, et al.,       )<br>)<br>Defendant.           )<br>_____ ) | No. 07-2513-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Bill Stoller and the Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens' Motion to Intervene Under Rule 22 and 24 Fed. R. Civ. P. (Dkt.#24).

A party may intervene as of right or with the Court's permission. See Fed. R. Civ. P. 24. Intervention as of right is available only when a person can demonstrate: (1) a significant protectable interest relating to the property or transaction of the current lawsuit; (2) the ultimate disposition of the case may, as a practical matter, impair or impede a person's interest; (3) the application is timely; and (4) the existing parties do not adequately represent the person's interest. United States v. Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002). "In evaluating whether these requirements are met, courts are guided primarily by practical and equitable considerations." Id. (quoting Donelly v. Glickman, 159 F.3d 405 (9th Cir. 1998) (internal quotations omitted)).

Stoller's attempt to intervene as of right fails because Defendants are well suited to ensure that his interests are adequately represented, and this case's ultimate disposition will not practically impair or impede his interests.

The Ninth Circuit employs a three-part test to determine the adequacy of representation: (1) whether the interests of the current parties are such that they will raise all of the intervenor's relevant arguments; (2) whether the current parties are capable and willing of making such arguments; (3) whether the intervenor makes contentions or presents elements of a claim that the other parties would neglect. People of State of Cal. v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986). Here, Stoller's contentions are likely to duplicate those made by Defendants. Apparently, Stoller would like to intervene to alert the Court to the fact that he and other members of his purported class support Defendants' position in this litigation, and believe Plaintiff's claims have been taken in bad faith. To the extent his contentions relate in any sense to the instant case, Stoller has not sufficiently demonstrated that defendants will not be capable of competently raising all relevant legal arguments without his presence. With respect to the presence of the purported class, even if the Court were to assume that Stoller's class, comprised of "aggrieved and irreparably injured" residents of the "City of Phoenix" and the "United States," were ascertainable and capable of certification under Fed. R. Civ. P. 23, its interests are such that it is also sufficiently represented by Defendants, who are comprised of the County of Maricopa, Arizona, its elected Sheriff, and his Office.

Moreover, Stoller has failed to demonstrate how his interests, or those of his class, would be practically impaired if this case were to proceed absent their participation. Stoller's pleadings, if properly labeled as such, appear to assert unrelated claims that fall outside the scope of this current litigation. For example, Stoller contends that the City of Phoenix, and Plaintiff Jessica Rodriguez in particular, devised a scheme to provide non-citizens with preferential treatment, file false and malicious lawsuits, and otherwise commit various torts against Stoller and his proposed class members. It is unclear what relationship, if any, these claims have to the instant case. Regardless of the outcome of this case, Stoller will be free

to pursue his claims against Plaintiffs in another, more appropriate, forum. Once there, Stoller will not likely be subject to the doctrines of res judicata, collateral estoppel or even stare decisis, because his contentions are both factually and legally distinct to events which form the basis of the instant case. As Plaintiffs note, Rule 24 "is not intended to allow the creation of whole new suits by intervenors." Washington Elec. Coop., Inc. v. Washington Mun. Elec.Co., 922 F.2d 92, 97 (2d Cir. 1990).

With respect to permissive intervention, under Rule 24, a person may intervene with leave from the Court only when it has (1) a claim or defense that shares with the main action a common question of law or fact; and (2) the intervention will not unduly delay or prejudice the parties. See Fed. R. Civ. P. 24(b). The Court will not exercise its discretion to allow Stoller and his proposed class into the current lawsuit. As stated in the preceding paragraph, Stoller's claims do not share a common question of law or fact with the main action. Indeed, they seem to be predicated on entirely separate events. These events appear to relate to alleged activities undertaken by the City of Phoenix—who is not even a party before the Court. In addition, the danger of prejudice is too high to permit intervention, since the claims Stoller seeks to prosecute against Plaintiffs would distract them from the main action, forcing Plaintiffs to spend their valuable time and resources addressing Stoller's seemingly frivolous claims in a dispositive motion.

With respect to Rule 22, Stoller's motion for an interpleader is not well taken. As Plaintiffs correctly note, rule based interpleader allows a party "who holds money or other tangible property for which multiple persons have mutually-exclusive claims, to join all persons claiming an interest in the fund to avoid multiple [and inconsistent] litigation." (Dkt.#30, p. 6-7); Fed. R. Civ. P. 22. It should be clear to all persons before the Court, including a *pro se* intervenor like Stoller, that this case is wholly inappropriate for rule based interpleader.

///

1 **Accordingly,**

2 **IT IS HEREBY ORDERED** denying Bill Stoller and the Aggrieved and Irreparably Injured Class of United States and Phoenix Citizens' Motion to Intervene Under Rule 22 and 24 Fed. R. Civ. P. (Dkt.#24).

DATED this 29th day of September, 2008.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge