STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

David J. Bodney (06065)
dbodney@steptoe.com
Peter S. Kozinets (019856)
pkozinets@steptoe.com
Karen J. Hartman-Tellez (021121)
khartman@steptoe.com
Isaac P. Hernandez (025537)
ihernandez@steptoe.com

Attorneys for Plaintiffs
(Additional attorneys for
Plaintiffs listed on next page)

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
1221 East Osborn Road
Suite 105
Phoenix, Arizona 85014-5540
Telephone: (602) 277-7000
Facsimile: (602) 277-8663

Timothy J. Casey (013492)
timcasey@azbarristers.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | No. CV 07-2513-PHX-MHM |
| Plaintiffs, | **JOINT CASE MANAGEMENT REPORT** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, Arizona 85011-0148
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Daniel Pochoda (021979)
dpochoda@acluaz.org

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0770
Facsimile: (415) 395-0950

Mónica M. Ramírez (*Pro Hac Vice*)
mramirez@aclu.org

MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512 x136
Facsimile: (213) 629-0266

Kristina M. Campbell (023139)
kcampbell@maldef.org
Nancy Ramirez (*Pro Hac Vice*)
nramirez@maldef.org

Pursuant to this Court's February 12, 2009 Order, the parties respectfully submit the following Case Management Report.

1. **Persons Who Attended the Rule 26(f) Meeting and Assisted in Developing the Case Management Report.**

The Rule 26(f) meeting was held on February 25, 2009. The meeting was attended by counsel for Plaintiffs, David J. Bodney, Peter S. Kozinets and Daniel Pochoda, and counsel for Defendants, Timothy J. Casey and Drew Metcalf.

2. **Parties.**

A. <u>Plaintiffs</u>:  Manuel de Jesus Ortega Melendres, Jessica Rodriguez, David Rodriguez, Velia Meraz and Manuel Nieto, Jr., on behalf of themselves and all others similarly situated, and Somos America/We Are America ("Somos").  Somos is a community-based non-profit membership organization, incorporated under the laws of the State of Arizona.  It has no parent corporation.

B. <u>Defendants</u>:  Maricopa County Sheriff Joseph M. Arpaio, in his official capacity, the Maricopa County Sheriff's Office ("MCSO") and Maricopa County, Arizona.

3. **Nature of the Case.**  This proposed class action alleges that Defendants have engaged in a widespread pattern and practice of racial profiling and other racially and ethnically discriminatory treatment in an illegal, improper and unauthorized attempt to enforce immigration laws against large numbers of Latino persons in Maricopa County.  Plaintiffs seek to represent a class of all Latino persons who, since January 2007, have been or will be in the future, stopped, detained, questioned or searched by MCSO agents while driving or sitting in a vehicle on a public roadway or parking area in Maricopa County, Arizona (the "Plaintiff Class").  Plaintiffs seek declaratory and injunctive relief, but do not seek money damages.

Plaintiffs' Complaint contains four claims for relief:

a. **Violation of the Equal Protection Clause of the Fourteenth Amendment.**  Plaintiffs, who are members of a suspect class, allege that Defendants,

acting under color of state law and in concert with one another, have devised and implemented a policy, custom and practice of illegally stopping, detaining, questioning, searching and/or arresting Latino individuals because of their race, color and/or ethnicity. This conduct has deprived the Plaintiff Class of equal protection of the law, violating the Plaintiff Class members' rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

        **b.** **Violation of the Fourth Amendment Prohibition Against Unreasonable Searches and Seizures.** Plaintiffs allege that Arpaio and the other Defendants, acting under color of law and in concert with one another, have engaged in a custom, practice and policy of stopping, seizing, searching and arresting Latino individuals in Maricopa County, pretextually, for racially-motivated reasons and without probable cause or reasonable suspicion that they had committed any crime. Such conduct violates the Plaintiff Class members' rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

        **c.** **Violation of Article II, § 8 of the Arizona Constitution (Right to Privacy).** Plaintiffs allege that Arpaio and the other Defendants, acting under color of law and in concert with one another, have violated Plaintiffs' rights under Article II, § 8 of the Arizona Constitution, which guarantees that "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

        **d.** **Discrimination in Federally-Funded Program.** Plaintiffs allege that as recipients of federal financial assistance, Maricopa County and MCSO are required to conduct their activities in a racially non-discriminatory manner pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Title VI and its implementing regulations prohibit recipients of federal funds from using criteria or methods of administration that subject individuals to discrimination because of their race, color and/or ethnicity. Defendants' custom, practice and policy of stopping, seizing, searching and arresting Latino individuals without probable cause or reasonable suspicion discriminate against the Plaintiff Class members based on their race, color

and/or ethnicity. Consequently, Defendants have violated and will continue to violate Title VI.

**DEFENDANTS' DEFENSES:**

The County Defendants, and defendants Arpaio and the MCSO in particular, do not engage in racial profiling at any time, including but not limited to the MCSO's crime suppression sweeps. They conduct their policies, programs, procedures, and activities in a racially and ethnically non-discriminatory and neutral manner.

The County Defendants, and defendants Arpaio and the MCSO in particular, do not violate, and have not violated, any federal or state law at any time in regards to the MCSO's crime suppression sweeps; they have not violated any of plaintiffs' constitutional rights or any other person's constitutional rights; they comply with, follow, and otherwise obey all applicable law at all times, including but not limited to and during the MCSO's crime suppression sweeps; ICE has determined that the County Defendants are in compliance with the Memorandum of Agreement; all investigatory stops or seizures made by the MCSO comply fully with the law and are based on reasonable and particularized suspicion supported by articulable facts that criminal activity may be afoot; all investigatory stops or seizures made by the MCSO are based on reasonable and particularized suspicion, are brief, and last no longer than necessary for the officer to investigate the situation with the aim of either of confirming or dispelling his or her suspicion; any and all frisks or pat downs of an individual by the MCSO comply fully with the law and occur when there are specific and articulable facts supporting such frisks or pat downs; any and all full custodial arrests by the MCSO comply fully with the law and are based on probable cause; they have not selectively enforced criminal laws in violation of the Equal Protection Clause; and their conduct at issue does not have a discriminatory purpose or intent.

4. **Jurisdictional Basis.** This Court's jurisdiction is based on 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights) and 1367 (supplemental jurisdiction over state law claims).

5.     **Unserved Parties.**  All Defendants have been served.

6.     **Additional Parties Expected to be Added to the Case.**  Plaintiffs anticipate filing a Motion for Class Certification. Otherwise, at this time, the parties do not anticipate adding parties.

7.     **Contemplated Motions, and the Issues to be Decided by Such Motions.**  Plaintiffs intend to file a Motion for Class Certification, and anticipate doing so on or before April 17, 2009.  Plaintiffs may also file a Motion for Summary Judgment and/or a Motion for Preliminary Injunction (along with a request to consolidate the motion hearing with the trial the merits).

On February 23, 2009, Defendants filed a Motion seeking the recusal of the Court on this matter.  The issues to be decided in that motion are best described in that motion and its supporting affidavit.

Defendants expect that they will file a Response in Opposition to Plaintiff's motion for class certification.  They also expect to file their own motion for summary judgment or motion for partial summary judge, as well as possibly a motion in support of Defendants' demand for a jury trial.

8.     **Suitability for Reference to a United States Magistrate Judge for a Settlement Conference or Trial.**  The parties believe that this case is not suitable for reference to a Magistrate Judge for trial.  The parties do not believe the case is suitable to reference to a Magistrate Judge for settlement purposes at this juncture, but will assess prospects for mediation and settlement as the case progresses.

9.     **Status of Related Cases.**  The parties are not aware of any related cases pending in this or any other Court.

10.    **Exchange of Initial Disclosures.**  The parties shall exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before March 11, 2009.

11.    **Issues Relating to Disclosure or Discovery of Electronically-Stored Information.**  At this time, the parties do not foresee any issues relating to the disclosure or discovery of electronically-stored information.

- 4 -

12. **Issues Relating to Claims of Privilege or Work Product.** At this time, the parties do not foresee any issues relating to claims of privilege or work product. If such issues arise, the parties shall endeavor to craft a mutually acceptable protective order relating to confidential information and documents and seek the Court's approval of such an order.

13. **Necessary Discovery.**

A. <u>The Extent, Nature, and Location of Discovery Anticipated by the Parties.</u> Plaintiffs have served written discovery on Defendants MCSO and Maricopa County, and may serve other written discovery. Plaintiffs believe that most of the material to be requested is in the possession of MCSO, including documents and data relating to the named Plaintiffs, MCSO's "crime suppression sweeps," MCSO traffic stops, Maricopa County's Memorandum of Agreement with U.S. Immigration and Customs Enforcement pursuant to § 287(g) of the Immigration and Nationality Act, and selection, training, supervision and discipline of MCSO employees. Plaintiffs may also take discovery regarding other relevant topics, including, but not limited to, Defendants' receipt of federal funds and Maricopa County's authorization of Sheriff Arpaio's and MCSO's policies and practices. Plaintiffs may also make third-party discovery requests to U.S. Immigration and Customs Enforcement.

Plaintiffs intend to depose Defendant Arpaio, employees of MCSO who have responsibility for selection, training, supervision and discipline of MCSO employees involved in the crime suppression sweeps, other MCSO personnel, Maricopa County representatives with knowledge of the facts underlying Plaintiffs' First Amended Complaint, and other relevant witnesses, including but not limited to ICE personnel and "posse" members.

Defendants anticipate serving written discovery on the plaintiffs. They also expect that they will depose each of the named plaintiffs to learn precisely the memories of the events related to the traffic stops and the circumstances of the same. They also

1  expect to depose representative of ICE, and any witnesses disclosed by plaintiff as well
2  as an expert witnesses.
3        B.    <u>Suggested Changes to Discovery Limitations.</u>  The parties propose
4  that the presumptive limit of 10 depositions in Fed. R. Civ. P. 26(c)(2)(A)(i) be
5  expanded to 15 depositions per side.  The parties propose no other changes to the
6  discovery limitations in Fed. R. Civ. P. 30-36.
7        C.    <u>The Number of Hours Permitted for Each Deposition.</u>  The parties
8  agree that each deposition will be limited as set forth in Fed. R. Civ. P. 30(d)(1), unless
9  the parties agree or the Court orders that additional time is necessary to fairly examine
10 the deponent.
11    14.   **Proposed Deadlines.**
12       A.    <u>Completion of Fact Discovery:</u>  September 18, 2009
13       B.    <u>Full and Complete Expert Disclosures</u>
14           i.    Plaintiffs' Expert Disclosures: August 28, 2009
15           ii.    Defendants' Expert Disclosures: September 25, 2009
16           iii.    Plaintiffs' Reply Disclosures: October 23, 2009
17       C.    <u>Completion of all Expert Depositions:</u> December 18, 2009
18       D.    <u>Filing Dispositive Motions:</u> February 12, 2010
19    15.   **Whether a Jury Trial Has Been Requested.**  A jury trial has not been
20 requested by Plaintiffs, but has been requested by Defendants.
21       A.    <u>Plaintiffs' Position</u>: Plaintiffs object to any jury trial for their
22 claims for injunctive and declaratory relief.
23       B.    <u>Defendants' Position</u>:  Defendants understand that Plaintiff seek
24 injunctive and declaratory relief.  However, this case involves numerous individualized
25 traffic stops each with their unique facts and circumstances, and each stop was
26 conducted by distinct officers with various training, experiences, and law enforcement
27 judgment that lead to either reasonable suspicion and/or probable cause.  As such each
28 stop, and the events relating to same, are expected to involve disputed issues of fact.

The resolution of those factual disputes are more appropriately determined by a jury, and/or required to be determined by a jury, and will serve as the basis for the Court determining whether the equitable relief sought is appropriate and/or required. Defendants expect to submit a Motion to the Court in support of its jury trial demand.

16.     **Estimated Length of Trial.**  The parties estimate that trial of this matter will take approximately six days.

17.     **Prospects for Settlement.**  The parties have not discussed settlement, but will assess prospects for mediation and settlement as the case progresses.

18.     **Other Matters.**  At this time, the parties are aware of no other matters that require the Court's attention.

//

RESPECTFULLY SUBMITTED this 26th day of February, 2009.

| | |
|---|---|
| STEPTOE & JOHNSON LLP | SCHMITT, SCHNECK, HERROD & SMYTH, P.C. |
| By /s/ Peter S. Kozinets<br>　　David J. Bodney<br>　　Peter S. Kozinets<br>　　Karen J. Hartman-Tellez<br>　　Isaac P. Hernandez<br>　　Collier Center<br>　　201 East Washington Street<br>　　Suite 1600<br>　　Phoenix, Arizona 85004-2382 | By /s/ Timothy J. Casey<br>　　Timothy J. Casey<br>　　1221 East Osborn Road<br>　　Suite 105<br>　　Phoenix, Arizona 85014-5540<br><br>Attorneys for Defendants |

ACLU FOUNDATION OF ARIZONA
Daniel Pochoda
P.O. Box 17148
Phoenix, Arizona 85011-0148
Telephone:  (602) 650-1854
Facsimile:   (602) 650-1376

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
Mónica M. Ramírez
39 Drumm Street
San Francisco, California 94111
Telephone:  (415) 343-0770
Facsimile:   (415) 395-0950

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Kristina M. Campbell
Nancy Ramirez
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512 x136
Facsimile:   (213) 629-0266

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2009, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrant:

    Timothy James Casey
    timcasey@azbarristers.com

I further certify that I caused a copy of the attached document to be mailed on the 26th day of February, 2009 to:

    Hon. Mary H. Murguia
    United States District Court
    Sandra Day O'Connor U.S. Courthouse
    Suite 525
    401 West Washington Street, SPC53
    Phoenix, Arizona 85003-2154

    /s/  Monica Medlin
    Legal Secretary

575607