LORETTA KING,
Acting Assistant Attorney General
Civil Rights Division
SHANETTA Y. CUTLAR, Chief
DANIEL H. WEISS, Deputy Chief
JE YON JUNG
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Civil Rights Division
Special Litigation Section, PHB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 305-1457
Facsimile: (202) 514-6903
jeyon.jung@usdoj.gov
Attorney for the Amicus Curiae United States

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>JOSEPH M. ARPAIO, et al.<br><br>            Defendants. | No. CV 07-02513-PHX-MHM<br><br>**UNITED STATES' AMICUS CURIAE BRIEF REGARDING DEFENDANT MARICOPA COUNTY'S MOTION TO STAY PROCEEDINGS** |

**UNITED STATES' AMICUS CURIAE BRIEF REGARDING
DEFENDANT MARICOPA COUNTY'S MOTION TO STAY PROCEEDINGS**

On May 28, 2009, Defendant Maricopa County filed a Motion to Stay Proceedings in the above-captioned case. In its Motion, Defendant Maricopa County states that it is seeking a temporary stay of proceedings pending the outcome of the United States' investigation of the Maricopa County Sheriff's Office. The United States hereby submits the following:

1. The Civil Rights Division includes ten program-related sections, including the Special Litigation Section.

2. Among other things, the Special Litigation Section enforces the police misconduct provision of the Violent Crime Control and Law Enforcement Act of

1994,

42 U.S.C. § 14141, which authorizes the Attorney General to seek equitable and declaratory relief to redress a pattern or practice of conduct by law enforcement agencies that violates federal law; and the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, which authorizes the Attorney General to initiate civil litigation to remedy a pattern or practice of discrimination based on race, color, national origin, gender or religion involving services by law enforcement agencies receiving federal financial assistance.

3.  On March 10, 2009, the United States notified the Maricopa County Sheriff's Office and Sheriff Joe Arpaio that the United States Department of Justice, through the Special Litigation Section, is commencing an investigation of the Maricopa County Sheriff's Office. The investigation focuses on alleged patterns or practices of discriminatory police practices and unconstitutional searches and seizures, as well as national origin discrimination, in accordance with other federal statutes, by the MCSO.

4.  On May 28, 2009, Defendant's attorneys for Maricopa County in Melendres, et al. v. Arpaio, et al., 2:07-cv-02513-MHM, filed a Motion to Stay Proceedings pending the outcome of the United States Department of Justice's investigation of the Maricopa County Sheriff's Office.

5.  The United States does not believe a stay is necessary for the following reasons:[1]

    a.  Private plaintiffs and the United States may conduct litigation and investigations, respectively, on parallel tracks.[2] The Melendres action was

---

[1] This brief is not an endorsement of the merits of either party's case or defense. It is submitted solely to alert the Court to aspects of the Department of Justice's investigation not disclosed by the Defendant, and about which the Court may not be aware.

[2] 42 U.S.C. § 1983 was enacted on April 20, 1871, as part of the Civil Rights Act of 1871 and predates either 42 U.S.C. § 14141, enacted in 1994, or 42 U.S.C. § 3789d, enacted in

filed in December 2007 and discovery has been ongoing over the last year and a half.  In contrast, the United States' investigation only began in March 2009.  The Department of Justice lacks subpoena power to conduct its investigations under the statutes cited in Paragraph 2.  We, therefore, must seek the cooperation of the jurisdiction under investigation.[3]  We are awaiting Marciopa County Sheriff's Office's decision regarding whether it will fully cooperate with our investigation.  Accordingly, it is premature and impossible to predict the timeline or the outcome of our investigation.

    b.    The United States' and the <u>Melendres</u> private plaintiffs' causes of action are distinct.  The Attorney General for the United States has exclusive authority to bring an action under either of the statutes outlined in Paragraph 2.  The United States cannot represent individual complainants in the actions outlined in Paragraph 2.  Moreover, the private plaintiffs do not have standing, as of right, to intervene in the United States' investigation or cause of action, should a cause of action be filed in accordance with the statutes outlined in Paragraph 2.  Accordingly, the United States does not intend, through the conduct of its investigation, to delay, interfere with, or limit a private plaintiff's rights or abilities to seek timely redress in a private cause of action.

---

1968.  Neither of these latter statutes modified or limited a private individual's rights under 42 U.S.C. § 1983.

[3] Notably, however, our investigation will proceed with or without this jurisdiction's cooperation.

1 | For the foregoing reasons, the United States does not believe a stay is necessary.

Respectfully submitted,

LORETTA KING,
Acting Assistant Attorney General
Civil Rights Division

SHANETTA Y. CUTLAR, Chief
DANIEL H. WEISS, Deputy Chief


_/s Je Yon Jung_____
JE YON JUNG
Trial Attorney
UNITED STATES DEPARTMENT
 OF JUSTICE
Civil Rights Division
Special Litigation Section, PHB
950 Pennsylvania Avenue, NW
Washington, DC  20530
Telephone: (202) 305-1457
Facsimile: (202) 514-6903
jeyon.jung@usdoj.gov
Attorney for the Amicus Curiae
 United States

# CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2009, I electronically transmitted the UNITED STATES' AMICUS CURIAE BRIEF REGARDING DEFENDANT MARICOPA COUNTY'S MOTION TO STAY PROCEEDINGS to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following attorneys who are CM/ECF registrants:

Michael D. Moberly—009219
John M. Fry—020455
Thomas G. Stack—024002
Charitie L. Hartsig—025524
RYLEY CARLOCK & APPLEWHITE
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone: (602) 258-7701
Telecopier: (602) 257-9582
Attorneys for Defendant
Maricopa County

David J. Bodney, Esq.
Peter S. Kozinets, Esq.
Karen J. Hartman-Tellez, Esq.
Isaac P. Hernandez, Esq.
STEPTOE & JOHNSON, LLP
Collier Center
201 East Washington Street, 16th Floor
Phoenix, AZ 85004

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, Arizona 85011-0148

Monica M. Ramirez, Esq.
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111

Kristina Campbell, Esq.
Nancy Ramirez, Esq,
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
634 S. Spring Street, 11th Floor
Los Angeles, California 90014

1 | Timothy J. Casey, Esq.
Drew Metcalf, Esq.
2 | SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
1221 East Osborn Road, Suite 105
3 | Phoenix, AZ 85014-5540
Attorneys for Defendants Joseph M. Arpaio and
4 | Maricopa County Sheriff's Office

By: _s/Je Yon Jung_____