**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Protective Order Re: The Exclusion of Non-Party United States Department of Justice from the Depositions of Defendants Arpaio and MCSO Witnesses, (Dkt. # 197), Defendants' Motion For Expedited Ruling on that Motion, (Dkt. # 198), and the United States's Motion for Leave to File Amicus Curiae Memorandum of Law Regarding Defendants' Motion for Protective Order (Dkt. # 199). For the reasons explained below, the Motion for Expedited Ruling and the Motion for Leave to File Amicus Curiae Memorandum are granted as is the Motion for Protective Order.

In granting the Defendants' Protective Order, the Court wishes to clarify what is, and what is not at issue. What is not at issue is the ability of the United States to obtain transcripts and videotapes of the depositions as soon as they are available. Defendants' counsel has avowed in Defendants' Reply in Support of Their Motion For Protective Order that "defendants' counsel will promptly provide [transcripts and videotapes of all of the

depositions to the United States Department of Justice] within a day of their receipt by his office." (Dkt. # 207 at 5). What is at issue then, is whether the United States, as non-party to this lawsuit, has a right to be present during the actual depositions themselves.

Both parties agree that because the Defendants' brought the Motion for Protective Order they have the burden of establishing "good cause" to exclude the United States from the deposition, pursuant to the requirements of Federal Rules of Civil Procedure 26(c). While the Court is unpersuaded by most of the arguments put forth by the parties on either side of the question, the Court is persuaded that good cause exists to exclude the United States both by legal precedent and by the realities presented by the present lawsuit.

First, as a matter of general law and practice, the United States as a non-party to this lawsuit, has no legal right to be present while the deposition is being taken. As the Supreme Court has observed in a related setting: "pretrial depositions . . . are not public components of a civil trial. Such proceedings were not open to the public at common law . . . And, in general, they are conducted in private as a matter of common practice." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984); *see also Amato v. City of Richmond,* 157 F.R.D. 26, 28 (E.D. Va. 1994) (holding that "public policy and concerns for judicial economy strongly militate against allowing [the press] to attend the depositions."), *Kimberlin v. Quinlan*, 145 F.R.D. 1, 2, (D.D.C. 1992) (holding that depositions are not open to the public and denying press attendance); *Times Newspapers Ltd. V. McDonnell Douglas Corp.* 387 F. Supp. 189, 197 (C.D. Cal. 1974) (holding that "neither the public nor representatives of the press have a right to be present" at the taking of a deposition)*;* 8 Wright and Miller, *Federal Practice and Procedure* § 2041 (1992 Supp.). To the extent the Department of Justice bases its argument for access to the depositions on the assertion that such a right exists in the public generally, the Department of Justice is incorrect.

Further, as the parties apparently agree, this case is one in which there is considerable public interest, and in which members of the public and the media might desire to attend the depositions if such attendance were possible. Such attendance, in the Court's view, would detract from the ability of the parties to conduct orderly depositions and obtain the testimony

necessary to proceed with this action without the deponents and the lawyers being distracted by attempts to play to the media, the general public, or perhaps the Department of Justice.

Nor does the United States present a convincing case that it should be uniquely distinguished from the rest of the general public in being allowed to attend the depositions. It is not a party to this case, nor has it sought to intervene. All parties concede that it is conducting a parallel investigation of the Sheriff's office for "alleged patterns or practices of discriminatory police practices and unconstitutional searches and seizures as well as national origin discrimination" in which the Sheriff is not cooperating. It further seems apparent to this Court that the discovery in this case could prove to be relevant to such an inquiry. Nevertheless, as has already been discussed in previous motions and orders, this lawsuit is not a vehicle through which the Department of Justice ("DOJ") may conduct its separate investigation to the extent that investigation presents different questions of law or fact than those presented by this case. To the extent the DOJ will have virtually contemporaneous access to the transcripts and videotapes taken in this case it will have access to the information generated by this litigation that may prove relevant to its own. But, assuming that the issues discussed at the deposition are limited to those presented by this case, the DOJ presents no convincing reason why its attendance at the depositions themselves would be more advantageous than having contemporaneous access to the deposition transcripts and videotapes.

The Court thus concludes that the DOJ's presence could be a distraction to the parties and the witnesses, could invite the parties to probe beyond the issues presented by this case, and presents no sufficient basis on which to vary the general practice of limiting attendance at depositions to the parties and witnesses involved. Therefore,

**IT IS HEREBY ORDERED** granting the United States' Motion for Leave to File Amicus Curiae Memorandum of Law (Dkt. # 199).

/ / /

/ / /

**IT IS FURTHER ORDERED** granting Defendants' Motion For Protective Order (Dkt. # 197), and its Motion For Expedited Ruling on the Motion (Dkt. # 198).

DATED this 28th day of October, 2009.

_____
G. Murray Snow
United States District Judge