**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et. Al., <br><br> Plaintiff, <br><br> vs. <br><br> Joseph M. Arpaio, et. al., <br><br> Defendant. | No. 07-02513-PHX-GMS <br><br> **ORDER** |

Pending before the Court is Defendants' *Touhy* Motion to Compel the United States Department of Homeland Security (and/or the United States Immigration and Customs Enforcement) To Produce Two Documents And Tender Five Witnesses For Deposition and Defendants' Separate Motion to Extend the Fact-Discovery Cut-Off Date For the Limited Purpose of Conducting DHS/ICE-Related Deposition Discovery. (Dkt. # 247). After consideration, the Motion is granted in part, denied in part, and deferred in part.

The Court grants that part of the Defendants' Motion that seeks to extend fact discovery deadlines for the purpose of deposing the five witnesses identified in Defendants' *Touhy* request and/or obtaining their testimony concerning the two documents that Defendants seek in that same *Touhy* request. New specific deadlines will be established during the Court's status conference with the parties scheduled to occur on March 19, 2010. Although it does appear to the Court that the Motion to Extend could have been asserted with more alacrity, Defendants have, nevertheless, timely sought the extension given the various

reversals in the position of the United States Government with respect to the discovery sought by Defendants in this case.

At any rate, it appears that the discovery deadlines must be extended so that Plaintiffs can evaluate the additional discovery to be provided by the Defendants, and the extent to which still additional discovery may be necessary in light of the unavailability and/or destruction of documents in the Defendants' possession. And, while the Court does not believe that Defendants should benefit from an extension that their own conduct has necessitated, Defendants' request for extension to provide for the discovery they timely sought in their *Touhy* Motion has merit in its own right, and a short extension will allow both Plaintiffs and Defendants to maximize their ability to best present the merits of their relative positions to the Court at trial, which is in the best interest of the parties and the public.

In its Response to Defendants' *Touhy* Motion, the United States indicates that it has provided the documents sought in the Motion and has agreed to provide its two current agents for deposition, and assist, to the extent feasible, in providing its three former agents to be deposed in this matter. To the extent that Defendants seek such relief in their Motion, therefore, the Motion is moot. Nevertheless, the United States indicates that it does not agree to provide the current or former agents to testify at deposition until it has reviewed documents (it indicates approximately 38,000), prior to the depositions to ensure that the deponents do not testify to information that may be protected as law enforcement sensitive. Further, prior to the occurrence of the depositions, Defendants' counsel agreed to provide "a more detailed description of the areas of inquiry to assure" that the witnesses would not be questioned about privileged or protected areas. Thus, the United States indicates that the deposition of the current or former agents could not be scheduled prior to April 2010.

Contrary to the Defendants assertion in their Reply, there is nothing in the Response of the United States that indicates it intended to voluntarily provide to the Defendants the 38,000 documents that it needed to review prior to scheduling the depositions of the five agents. Nor is there anything to suggest to this Court that Defendants *Touhy* request to the United States was broad enough to cover those documents. Thus, the United States is under

no current obligation to provide the 38,000 documents to the parties in this litigation unless it has otherwise agreed to do so.

Nor does the United States in its Response agree to waive the more detailed description of areas of deposition inquiry that Defense Counsel agreed to provide. Therefore, the parties and the United States may arrive at a deposition schedule for the five agents identified in Defendants' *Touhy* Motion prior to the March 19th status conference. Indeed the Court suggests that they do so. But the Court will not require the United States to schedule the depositions for a date prior to receiving the "more detailed description of areas of inquiry" by the Defendants, or the review of the additional documents that it deems necessary. While the Court does not intend to provide the United States with more than a reasonable amount of time to accomplish such tasks, and will set such a deadline at the March 19 status conference, it will not set a date by which such tasks will be completed prior to the March 19 status conference between the parties and the United States. The Court does, however, Order that Defendants provide the "more detailed description of cases of inquiry prior to March 19.

To the extent that the Motion requests that the Court order that the five former government agents be provided at trial, the Court defers a ruling on this part of the Motion until the depositions have been taken and relevant and admissible testimony of the agents has been identified. Therefore,

**IT IS HEREBY ORDERED:**

1. Granting the Motion to extend fact discovery deadlines for the purpose of deposing the five witnesses identified in Defendant's *Touhy* request and/or obtaining their testimony concerning the two documents that Defendants seek in that same *Touhy* request only;

2. Denying the *Touhy* Motion to the extent that it is moot; and

/ / /

3. Deferring any ruling on which, if any, of the five witnesses must be made available by the government for the trial of this matter.

4. Directing that Amin Aminfar, counsel for the United States be present at the status conference scheduled for **March 19, 2010 at 9:30 a.m**.

DATED this 1st day of March, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge