**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

David A. Selden (SBN 007499)
dselden@cavanaghlaw.com
(602) 322-4009
Julie A. Pace  (SBN 014585)
jpace@cavanaghlaw.com
(602) 322-4046
Attorneys for Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, et al.,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH M. ARPAIO, et al.,<br><br>Defendant. | NO. CV 07-2513-PHX-GMS<br><br>**MARICOPA COUNTY'S MOTION FOR SANCTIONS AND ATTORNEYS' FEES** |

Non-party Maricopa County (the "County"), by and through its counsel, The Cavanagh Law Firm, P.A., respectfully requests the Court to award attorneys' fees in its favor and against Ogletree, Deakins, Nash, Smoak & Stewart ("Ogletree") pursuant to 28 U.S.C. § 1927 and against Ogletree and Maricopa County Sheriff Joseph Arpaio (the "Sheriff") pursuant to the Court's inherent power.  This Motion is supported by the following Memorandum of Points and Authorities by the documents attached hereto, and by the entire record in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should enter monetary sanctions against Ogletree and should enter other sanctions against the Sheriff personally for their conduct in imposing extra time, work and expenses upon all parties and the Court. They asserted positions and gave assurances to the Court that Ogletree will represent the Sheriff in this matter, notwithstanding the dispute regarding the Sheriff's lack of authority to appoint counsel to defend the Sheriff on the merits of this case. The Sheriff and Ogletree have now reversed their position on that issue and they evidently recognize the limitations on Ogletree's representation in this case.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

The Sheriff decided to pursue a Motion for Order to Show Cause ("OSC Motion") against the County with the knowledge that doing so would force his counsel, Tim Casey, to withdraw. [See March 19, 2010 Hearing Transcript at 53:4-22. Mr. Casey filed his Motion to Withdraw as counsel on August 13, 2010. With Mr. Casey's withdrawal, Ogletree elevated itself into the role of MCSO's sole counsel, without limiting its scope of representation to the Order to Show Cause ("OSC") matter. Neither Ogletree nor the Sheriff, however, have authority to choose or hire counsel to represent the Sheriff.

Pursuant to A.R.S. § 11-251(14) and Maricopa County procedures, the Office of Special Litigation Services appoints counsel for the Sheriff in cases such as this. [See Notice to Court of Procedure for Selection of Counsel by Maricopa County, filed on September 2, 2010 (Docket No. 347).] The Office of Special Litigation Services, through its Director, Richard Stewart, appointed Thomas Liddy and Maria Brandon to represent the Sheriff in place of Mr. Casey, in leaving Ogletree to represent the Sheriff only in matters related to the OSC. Ogletree was specifically <u>not</u> authorized, therefore, to represent the Sheriff beyond the limited scope established by the Office of Special Litigation Services. Unaware of the limitation on Ogletree's authority, the Court granted Mr. Casey's Motion to Withdraw and noted that Ogletree then continued as the (sole) counsel for the Sheriff. On August 23, 2010, the Sheriff, through Ogletree, filed a "Motion for

Immediate Status Conference Regarding Representation of MCSO and Sheriff Joe Arpaio (docket No. 340)" in response to the Office of Special Litigation Services' appointment of Mr. Liddy and Ms. Brandon as the Sheriff's counsel to replace Mr. Casey.

On August 25, 2010 filed Maricopa County's Response to Sheriff's Motion for Immediate Status Conference (Docket No. 343) explaining to the Court that Ogletree had never been authorized to represent the Sheriff as lead counsel on the merits of this case, and that Ogletree's representation was limited to the OSC against the County.

On August 28, 2010, the Court ordered the Sheriff to submit an explanation to the Court regarding the procedures for selecting counsel by September 2, 2010, and set a hearing on the subject of the Sheriff's representation on September 9, 2010. On September 2, 2010, the Office of Special Litigation Counsel filed a Notice to Court as Procedure for Selection of Counsel by Maricopa County but noted that the Sheriff had differing views (Docket No. 347). On September 9, 2010, Sheriff Arpaio took it upon himself personally to advise the Court in writing that he rejects representation by the Office of Special Litigation Counsel and that he considered himself to have a conflict with that office. [See September 9, 2010 letter from Sheriff Joe Arpaio to the Court (Docket No. 352).]

During the September 9, 2010 Status Conference hearing, the Court recognized Ogletree as the Sheriff's counsel of record for this case because Mr. Dowell, Managing Partner of Ogletree's Phoenix Office, assured the Court that Ogletree accepted representation of the Sheriff in this case. The Court noted that the Court would rely upon Mr. Dowell's avowal to the Court, notwithstanding the dispute regarding the authorization for Ogletree to serve in that role. The Court specifically cautioned that the dispute regarding Ogletree's authorization may mean that Ogletree may not be paid for its services. After receiving confirmation from Ogletree yet again of its acceptance of representation of the Sheriff despite the dispute that may cause it not to be paid, the Court confirmed that it would look to Ogletree to fulfill the role as counsel for the Sheriff in this case. The Court stated that it was relying upon Mr. Dowell's affirmation of Ogletree's

representation of the Sheriff on the merits of this case, not merely the OSC matter, and the Court did not need to reach or decide the separate and independent issue of whether Ogletree was authorized to provide such representation and whether it would be paid for such representation. [September 9, 2010 Hearing Transcript, 6:18-23; 9:5-13; 10:14-16; 14:3-6; 14:18-21; 15:2-7; 1513-16.]

On September 22, 2010, the Maricopa County Board of Supervisors voted unanimously to terminate Ogletree's status under the Maricopa County Legal Service Providers contract. [See September 22, 2010 letter from Maricopa County Manager David Smith to Mr. Kim Ebert, Managing Shareholder of Ogletree.] The termination letter expressly noted that it was obligated to continue representing the Sheriff in this case without compensation.

Although nothing has been filed with the Court to notify the Court or the parties officially of any change in the status or scope of Ogletree's representation of the Sheriff in this matter, it appears that Ogletree and the Sheriff have now changed their minds and now want to limit the scope of Ogletree's representation to the OSC motion only, with the Office of Special Litigation Services representing the Sheriff on the merits of this case. The Settlement Conference Statement filed by Plaintiffs on September 28, 2010 [Document No. 364] attached as Exhibit B email communications between counsel in which Mr. Liddy communicated that Ogletree's representation was limited to the OSC matter, and Ogletree was copied on those communications and did not respond. Furthermore, Defendant's Status Conference Statement filed on September 30, 2010 [Document No. 365] was filed on behalf of the Sheriff by Mr. Liddy, without Ogletree evidently being involved in that filing. Through Ogletree's silence, it appears that Ogletree has now decided it wants to limit Ogletree's role in this case to the OSC matter, notwithstanding its representation to this Court on September 9, 2010 that it was serving as lead counsel for the Sheriff unconditionally and willing to do so without compensation and notwithstanding its lack of any further communications with the Court for the parties in that regard.

:1517752-2            4
CAVPHXDB:1517752.2

**II.     THE COURT HAS AUTHORITY TO AWARD SANCTIONS AGAINST OGLETREE AND THE SHERIFF FOR CAUSING UNNECESSARY PROCEEDINGS IN BAD FAITH.**

**A.     28 U.S.C. § 1927 Provides This Court With One Source of Authority to Impose Sanctions Against Ogletree.**

A federal court may impose sanctions against an attorney for costs, expenses and attorneys' fees under the authority granted by 28 U.S.C. § 1927:

> Any attorney . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Thus, § 1927 "authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Pacific Harbor Capital, Inc. v, Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). The "wrongful" element is assessed under a subjective standard, which is met by knowing or reckless conduct. *Id.*; *Fink v. Gomez*, 239 F.3d 989, (9th Cir. 2001) ("recklessness suffices" for an award of sanctions under 28 U.S.C. § 1927).

**B.     This Court May Impose Sanctions Against Ogletree and the Sheriff Under the Court's Inherent Powers.**

In addition to the appropriateness of a fee award under § 1927, a district court can rely on its inherent power to sanction a party and its counsel for their bad faith acts and award attorneys' fees. *Fink*, 239 F.3d 989, 991-92 (district court has inherent authority to impose sanctions for parties' or their attorneys' "bad faith," which includes broad range of willful improper conduct); *Aloe Vera of Am., Inc. v. U.S.*, 376 F.3d 960 (9th Cir. 2004) (federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders; as a function of this power, courts can award attorney fees and assess fines). A federal court "certainly may assess sanctions against counsel who willfully abuse judicial processes." *Fink*, 239 F.3d at 991. Additionally, there is "no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for

oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id*. at 992.

Sanctions under a court's inherent powers require either a finding of "bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d 993-94 (sanctions are permissible for willful actions, such as frivolousness, harassment or an improper purpose).

C. **Ogletree's and the Sheriff's Attempt to Expand the Scope of Ogletree's Representation by Asserting of an Artificially Contrived Conflict When No True Conflict Existed Constitutes Bad Faith**.

The Court should award attorneys fees to the County from Ogletree and/or should award sanctions against the Sheriff personally for the Sheriff's and his law firm's conduct in inflicting additional work upon the Court and extra expense for all of the parties as a result of the Sheriff's opposition to the appointment of counsel for him by the Maricopa County Office of Special Litigation Services and the Sheriff's and Ogletree's attempt to expand the scope of Ogletree's representation of the Sheriff in this case beyond what was assigned to Ogletree by the Office of Special Litigation Services.

The Sheriff requested an emergency hearing by the Court on the issue of the Sheriff's representation. On the day of that hearing the Sheriff submitted to the Court a letter signed by the Sheriff personally stating that the Sheriff rejected the appointment of the Office of Special Litigation Services. Now, the Sheriff has reversed himself and his counsel's (Ogletree's) silence reflects that the Ogletree and the Sheriff have changed their mind and now want to use counsel from the Office of Special Litigation Services, although Ogletree has not filed any document with the Court to inform the Court or the parties of that change, which is exactly opposite of the assurances Ogletree gave to the Court on September 9, 2010.

The Sheriff and his counsel, Ogletree, simply acted irresponsibly and groundlessly and their actions were disrespectful to the Court and all parties by inflicting extra time, expense and work on the part of the Court and all parties.

Moreover, it appears that they have caused a delay of about one month in the case. The so-called "conflict" by which the Sheriff initially rejected the appointment of counsel for him by the Office of Special Litigation Services was artificial and contrived. No true conflict existed. The Office of Special Litigation Counsel operates as an independent law firm for the purposes of representing the Sheriff. Mr. Liddy, who was appointed to represent the Sheriff in this matter, has previously represented the Sheriff in high profile litigation. Mr. Stewart, the Director of the Office of Special Litigation Services has, on information and belief, represented the Sheriff with distinction for nearly 40 years. There was no reason for the Sheriff to have asserted that those lawyers had a conflict and to have initially rejected their appointment in this case.

As is evident from the September 2, 2010 Notice to Court of Procedure for Selection of Counsel by the Maricopa County Office of Special Litigation Counsel, the Sheriff does not have authority to appoint his own counsel. Only the County has authority by statute to appoint counsel for the Sheriff, and the County responsibly did so by the creation of the Office of Special Litigation Services and its appointment of counsel for the Sheriff in this and other cases. The Office of Special Litigation Services operates in a manner similar to the separate public defender offices, each of which may represent parties with conflicting interests even though all such offices report to the same County Manager.

During the September 9, 2010, Court hearing regarding representation for the Sheriff -- requested on an emergency basis by the Sheriff -- the Sheriff's purported counsel, Ogletree, confirmed to the Court multiple times that it assumed responsibility for representing the Sheriff. Mr. Dowell, the Managing Partner of Ogletree's Phoenix office, confirmed to the Court that Ogletree would represent the Sheriff notwithstanding the dispute regarding whether Ogletree had been validly appointed to represent the Sheriff in this case for any purpose other than the OSC. The Court explicitly cautioned Mr. Dowell, multiple times, that Ogletree's confirmation to the Court that Ogletree represented the Sheriff was independent of the issue of whether Ogletree was validly appointed and would be paid knowing that the Court would rely upon Ogletree's

:1517752-2                                                7
CAVPHXDB:1517752.2

affirmation of its representation, Mr. Dowell confirmed that Ogletree would represent the Sheriff.

In contravention of the assurances given to the Court by Ogletree just three weeks ago, Ogletree apparently now acknowledges that it does not represent the Sheriff on the merits of this case. The County's termination of its Legal Services Providers contract with Ogletree, for multiple reasons, expressly stated that Ogletree could represent the Sheriff in this case, without compensation. A copy of the County Board's minutes terminating Ogletree as an eligible law firm for representation for any entity paid for with County funds is attached hereto as Exhibit A. A copy of the letter communicating to Ogletree its termination is attached hereto as Exhibit B. Both of those documents contemplate that there may be matters in which Ogletree would continue to represent the Sheriff. The letter from County Manager David Smith to Ogletree specifically addresses this litigation and notes that Ogletree's services may be provided, but without payment from Maricopa County taxpayer funds.

### D. Monetary Sanctions Should be Awarded Against Ogletree.

Monetary sanctions should be awarded against Ogletree because the Sheriff's litigation expenses in this case are being paid by the County's general fund. If the Court would award monetary sanctions against the Sheriff in favor of the County, the Court would simply be requiring the County to pay itself, without any true sanction against the Sheriff. For that reason, monetary sanctions should be awarded against Ogletree. Ogletree has already received in excess of $3.2 million dollars in this fiscal year alone from its representation of the Sheriff. It is, therefore, reasonable for monetary sanctions to be awarded against Ogletree for the costs inflicted upon the County because it has treated its representation of the Sheriff like a yo-yo. It is also appropriate for the Court to enter monetary sanctions against Ogletree which should be paid to the Court because of its imposition on the Court's busy schedule and its resources. The Court should not allow counsel to mislead the Court and engage in musical chairs regarding representation. The County believes that Ogletree's lack of candor and/or failure to fulfill assurances to the Court warrant sanctions. Ogletree's game-playing costs the parties and the Court time and money, and

it was taxpayer's money that Ogletree wasted.

### E. The Sheriff Should Be Sanctioned by Receiving Beneficial and Needed Instruction/Eduction.

In addition to the monetary sanctions against Ogletree, there should be sanctions against the Sheriff personally. As reflected by his own September 9, 2010 letter to the Court rejecting the appointment of counsel for him by the Maricopa County Office of Special Litigation Services, the Sheriff was personally involved in the improper actions regarding the representation by Ogletree in this case, notwithstanding its lack of valid appointment.

The County believes that the sanction to be imposed personally upon the Sheriff should be measured and constructive. The County recommends that the Sheriff should be ordered by the Court to attend, personally, eight hours of instruction in litigation case management and responsibilities, including the statutory authority for appointment of counsel, the obligation to preserve documents, duties of candor to the Court, the obligations of parties inherent in Rule 1 to seek the "just, speedy and inexpensive determination of every action," alternative dispute resolution, and related subjects. The instructor and specific content should be selected jointly by Plaintiffs and the County with the approval of the Court.

## III.   CONCLUSION.

The facts and procedural history described above clearly demonstrate that Ogletree is subject to sanctions under 28 U.S.C. § 1927 and that Ogletree and the Sheriff have acted in bad faith, which permit the Court to award sanctions and fees under its inherent power. To deter the repetition of such conduct in the future, the Court should sanction Ogletree to pay the County for the unnecessary legal fees incurred as a result of Ogletree's and the Sheriff's sanctionable behavior. A sanction should also attach to taking up the Court's time with meritless contentions and shifting positions regarding its representation of the Sheriff.

The amount of monetary sanctions should be determined in subsequent proceedings pursuant to an application for attorney's fees to be filed by the County, unless the Court wishes to

use its discretion to set an appropriate amount and avoid additional proceedings regarding the amount of the sanction.

There should also be a sanction that involves the Sheriff himself. He personally wrote a letter to the Court as part of the improper conduct of attempting dictate the appointment of counsel notwithstanding County procurement policies. The proposed sanction of instruction for him would be constructive and beneficial. It is tailored to the nature of the offense. The Sheriff personally embarked on a strategy that caused additional time, effort and resources to be expended on this case by the Court as well as by all parties. After emergency proceedings and a hearing on short notice, the Sheriff reversed his position and communicated to the Court and all parties, in substance, "Nevermind." Evidently, underneath the exterior of the person who bills himself as "America's Toughest Sheriff" is, inside, actually Roseanne Rosannadanna. This litigation, however, is not a Saturday Night Live skit. There are real consequences to the Sheriff's actions, and the Sheriff should be accountable for his actions.

DATED this 30th day of September, 2010.

THE CAVANAGH LAW FIRM, P.A.


By: */s/ David A. Selden*
    David A. Selden
    Julie A. Pace
    Attorneys for Maricopa County

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 30, 2010, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 622, SPC 80
Phoenix, Arizona 85003

Thomas P. Liddy
Maria R. Brandon
Maricopa County Office of Special Litigation Services
234 North Central Avenue, Suite 4400
Phoenix, Arizona 85004
Firm No. 00032007
liddyt@mail.maricopa.gov
brandonm@mail.maricopa.gov
Attorneys for Defendant Sheriff Arpaio

Nancy Anne Ramirez, Esq.
Gladys Limon, Esq.
MALDEF
634 South Spring Street, 11th Floor
Los Angeles, California 90014
nramirez@maldef.org
glimon@maldef.org
Attorneys for Plaintiff

Andrew Carl Byrnes, Esq.
Stanley Young, Esq.
Stephen C. Chien, Esq.
Tammy Albarran, Esq.
Covington & Burling, LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065
abyrnes@cov.com
syoung@cov.com
schien@cov.com
talbarran@cov.com
Attorneys for Plaintiff

Anne Lai, Esq.
Daniel Joseph Pochoda, Esq.
ACLU Foundation of Arizona
3707 North 7th Street, Suite 325
Phoenix, Arizona 85014
alai@acluaz.org
dpochoda@acluaz.org
Attorneys for Plaintiff

Cecillia D. Wang, Esq.
Robin Lisa Goldfaden, Esq.
ACLU
39 Drumm Street
San Francisco, California 94111
cwang@aclu.org
rgoldfaden@aclu.org
Attorneys for Plaintiff

Alec R. Hillbo, Esq.
Kerry Scott Martin, Esq.
L. Eric Dowell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
alex.hillbo@ogletreedeakins.com
kerry.martin@ogletreedeakins.com
eric.dowell@ogletreedeakins.com
Co-Counsel for Defendant Sheriff Joseph M. Arpaio

Amin Aminfar, Esq.
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
PHB SPL 5427A
Washington, D.C. 20530
amin.aminfar@usdoj.gov
Attorneys for Amicus Curiae

Elizabeth A. Strange, Esq.
U.S. Attorney's Office
405 West Congress Street, Suite 4800
Tucson, Arizona 85701
elizabeth.strange@usdoj.gov
Attorneys for Amicus Curiae

1 | JeYon Jung, Esq.
U.S. Department of Justice
2 | 950 Pennsylvania Avenue, N.W.
PHB SPL Room 5916
3 | Washington, D.C.  20530
jeyon.jung@usdoj.gov
4 | Attorneys for Amicus Curiae

6 | /s/  *Rima L. Rhodey*