**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., ) | No. CV-07-2513-PHX-GMS |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, et al., ) | |
| Defendants ) | |

Pending before this Court is Defendants' Motion for An Order To Show Cause and Allowing Defendants' Leave to Take Additional Discovery (Doc. 337) and Maricopa County's Motion to Strike Sheriff's Motion For Order to Show Cause and For Leave to Take Additional Discovery (Doc. 350). For the reasons set forth below, Defendants' Motion for An Order to Show Cause is denied, and the County's Motion to Strike Sheriff's Motion is denied as moot.

**BACKGROUND**

The pertinent facts pertaining to this motion are set forth in affidavits provided by the parties in support of, and in response to, the above motions. They include the affidavits of Timothy J. Casey, Stacey Marie Haggart, and Shelly L. Bunn. Certain additional affidavits filed previously in this matter, such as the affidavits of Jack McIntyre, Manuel Madrid, Dot Culhane, Joseph Sousa, Brett Palmer and a separate affidavit of Timothy J. Casey also provide relevant facts and also have been reviewed by this Court in deciding the present

motion. Because the facts attested to in the affidavits that are relevant are not seriously disputed, and seem to be consistent with each other, the Court assumes their accuracy.

In this class action, Plaintiffs challenge certain operations of the Maricopa County Sheriff's Office ("MCSO") as being subject to, or influenced by, racial profiling. It was originally brought almost three years ago in December 2007. Although the Sheriff and the MCSO are the present defendants in this action, Plaintiffs originally also named Maricopa County as a Defendant. All Defendants were originally represented by Tim Casey of Schmitt, Schneck, Smyth & Herrod, P.C.

When the lawsuit was originally filed in December 2007, Mr. Casey had communications with the MCSO concerning documents and evidence that it should retain in light of the lawsuit. On July 21, 2008 Plaintiffs' new counsel sent to Mr. Casey a litigation hold letter that further outlined categories of documents pertaining to the operations of the Sheriff's office that, in light of this litigation, the MCSO was required to maintain. Plaintiffs also filed a contemporaneous public records request with the MCSO to obtain the same material.[1]

Mr. Casey, in his turn immediately forwarded the Plaintiff's litigation hold letter to Deputy Chief Jack McIntyre of the MCSO to implement the litigation hold. Mr. Casey also copied Jean Bowman and Christopher Keller with his e-mail to Deputy Chief McIntyre. Deputy Chief McIntyre, however, neglected to pass along the instruction to secure and preserve the specified documents within the MCSO.

Plaintiffs formally requested documents in a Rule 34 document request on February 25, 2009. On March 11, 2009, Maricopa County obtained separate counsel in this action. Mr. Casey remained counsel for the MCSO in the action. As discovery continued, Plaintiffs

---

[1] The affidavit of Dot Culhane sets forth the MCSO's efforts to comply with the public records request under Arizona law. As this court determined in its order of February 12, 2010, however, based on the initial deposition testimony of Sheriff Arpaio and Officer Madrid, and the affidavits of Lieutenant Joseph Sousa and Sergeant Brett Palmer, no litigation hold of such documents was effectively communicated within the MCSO. Doc. 261.

- 2 -

1    inquired as to the apparent lack of certain categories of documents in response to its previous
2    requests. They were assured by MCSO that all responsive documents had been provided.
3    On September 10, 2009, Plaintiffs again inquired as to the apparent lack of certain categories
4    of documents in response to its previous requests.

5    Shortly, thereafter, the parties filed a stipulation to dismiss Maricopa County from this
6    litigation, and the County was in fact dismissed.

7    On September 30 and October 20, 2009, Plaintiffs again wrote Defendants inquiring
8    whether they had received all the documents responsive to their litigation hold. The matter
9    again came up before the Court at the pretrial scheduling conference that occurred on
10   October 21, 2009. At that time, Defense counsel again indicated that Defendants had
11   produced all responsive documents in their possession to Plaintiffs. At that time, this Court,
12   in light of the already-protracted nature of this case, imposed a limited schedule in which
13   additional discovery could be accomplished.

14   Six days later, on October 27, 2009, in the deposition of Sergeant Manny Madrid a
15   supervisor in the Human Smuggling Unit ("HSU") of the MCSO, Plaintiffs learned that
16   Defendants had been destroying the statistic sheets of individual officers that were involved
17   in the special enforcement operations. These statistic sheets were subject to the July 2008
18   litigation hold. Because Sergeant Madrid also testified to not being aware of a litigation
19   hold, and of further deleting e-mails from his system that may have been subject to that hold,
20   counsel for Defendants thereafter began working with Chief Brian Sands and the Deputy
21   Chief of MCSO's Technology Bureau, Shelly Bunn to retrieve the deleted e-mails to the
22   extent possible.

23   On November 5, 2009, Chief Bunn e-mailed Jon Carder at Maricopa County's Office
24   of Enterprise Technology ("OET") with a request to "[p]lease provide email for the following
25   Sheriff's Office employees. The request is for an attorney." The names of six MCSO
26   employees was attached. As the resulting e-mail chain between Chief Bunn and Mr. Carder
27   illustrates, Chief Bunn never set forth the facts pertaining to the need to resurrect files that
28   had been the subject of a litigation hold delivered to the MCSO a year and a half earlier and,

- 3 -

on which, the MCSO had failed to act and which were subsequently deleted. She only discussed the need "to retain" the e-mail of specified employees. Chief Bunn further failed, on follow-up inquiry by the OET, to designate the scope of the material needed pursuant to the original litigation hold, or that the litigation hold resulted from the present lawsuit.

On November 20, 2009, Plaintiffs filed a request for sanctions in this lawsuit based principally upon Sergeant Madrid's deposition testimony. Defendants responded on December 11, 2009. In Defendants' response they included the affidavits of Lieutenant Sousa and Sergeant Palmer, both of whom indicated that they had deleted e-mails that may have pertained to suppression operations and that they had never been instructed to maintain these e-mails as a part of a litigation hold or otherwise.

When he was deposed later that month in December 2009, Sheriff Arpaio further indicated that he had maintained an immigration file that had not been disclosed, nor was he aware that any such documents were subject to a litigation hold in this lawsuit.

On February 4, 2010, this Court held a hearing pertaining to the motion for sanctions. Wade Swanson, the Director of Maricopa County Office of General Litigation Services, was present. During that hearing this Court reviewed with Defendants the requirements it would impose on Defendants to ascertain that all available responsive documents that could be retrieved would be retrieved. This Court ordered Defendants to provide Plaintiffs with: "(1) a description under oath of the steps Defendants have taken to recover all responsive communications from their information management system and its back-ups; . . . (4) the inherent limitations on Defendants search for documents that are imposed by Defendants document retention systems; and (5) the components in that system."

On March 2, 2010, OET informed the MCSO that it had, pursuant to a litigation hold in another matter, backed up all of MCSO's files since August 2008, apparently including those sought in the litigation hold in this case.

Contemporaneously with discovering this information pertaining to the separate litigation hold, MCSO requested from this Court leave to file a Motion for an Order to Show Cause why Maricopa County should not be held in contempt for its failure to earlier disclose

1 the documents. The Court authorized the filing of the motion which was filed in August, 2010.

## ANALYSIS

In its Response and Separate Motion to Strike, the County asserts that this is a matter that should be resolved between the MCSO and the County pursuant to separate county dispute resolution procedures. It further asserts that the MCSO misrepresents to the Court MCSO's awareness and use of the OET within the County to place litigation holds on categories of information relating to other matters that would have provided responsive information in this case, but had never been explored by the MCSO. The Court need not address these arguments to deny the MCSO's motion.

The motion invites this Court to take up a collateral dispute between the MCSO and the County, which has been a non-party to this action for over a year, regarding which entity between them should bear the budgetary expense of retaking depositions in this matter necessitated by the MCSO's deletion of electronic files that were retained by the County in other litigation.

Nevertheless, in its motion, the MCSO offers no reason for this Court to conclude that the County was aware, prior to February 4, 2010, of the scope of MCSO's deletion of documents that were the subject of a litigation hold in this lawsuit, and that were independently in the County's possession. It offers no affidavit or suggestion that admissible evidence exists that would demonstrate that the MCSO communicated to the County the scope of its need to provide documents that were subject to a litigation hold that the MCSO never implemented, and the scope of the needed recovery effort. Shelly Bunn's indication to OET that the MCSO needed the e-mails of specified employees was not sufficient to put OET on notice that any recovery of past e-mails, let alone a recovery of a year and a half, was being requested. The MCSO offers no suggestion that the County would have been independently aware of the scope of MCSO's destruction of documents prior to February 4, 2010.

The Court will not exercise its contempt power to hold the County in contempt based

- 5 -

on the MCSO's argument that the County was under an obligation in this matter to independently research files held pursuant to a separate litigation hold, in response to non-specific document production requests by Plaintiffs for MCSO documents in this matter a year earlier. Although the Plaintiffs requested documents of all Defendants "relating to MCSO's crime suppression operations," the MCSO offers no credible suggestion that the County was in contempt for not searching the documents that it was holding pursuant to a separate litigation hold in another matter, especially when its MCSO co-defendants presumably had the documents, had a greater ability to identify them, and had indicated to Plaintiffs that such documents had been fully provided.

Even assuming that Mr. Swanson was aware of the separate litigation hold when he attended this Court's hearing on February 4, as well as the scope of the documents requested in this matter, OET informed the MCSO of the existence of the separate documents within a month. Seeing as the MCSO was itself still in the process of seeking to discover the extent of document destruction and the possibilities of restoration at that time, this is not a sufficient delay, under the circumstances, on which the Court would exercise its contempt power, nor would a more timely response have prevented the need to redepose the witnesses involved.

Even accepting all reasonable inferences in favor of the movant, the MCSO provides no convincing suggestion that there is any discoverable evidence and thus any reason to permit further discovery on an issue that is collateral to this litigation, and which has already commanded considerable time and generated considerable affidavit testimony which does not, on the whole, support MCSO's request to hold collateral contempt hearings or additional discovery. As the County points out, should there be an issue as to whether the County should reimburse the MCSO for the economic sanctions to be entered against the MCSO in this case, including the costs of redeposing witnesses, the MCSO may pursue such relief pursuant to the procedures set forth by Maricopa County.

**IT IS THEREFORE ORDERED** denying Defendants' Motion for An Order To Show Cause and Allowing Defendants' Leave to Take Additional Discovery (Doc. 337).

**IT IS FURTHER ORDERED** denying as moot Maricopa County's Motion to Strike

Sheriff's Motion For Order to Show Cause and For Leave to Take Additional Discovery (Doc. 350).

DATED this 23rd day of November, 2010.

*H. Murray Snow*
G. Murray Snow
United States District Judge