1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On the afternoon of March 29, 2011 the Court held a telephonic conference with the parties concerning three ongoing discovery disputes.

The first pertained to Plaintiffs' desire to file with the Court, in conjunction with a partially or wholly dispositive motion for summary judgment, documents that have been produced by Defendants pursuant to a confidentiality order. Pursuant to Ninth Circuit precedent, defendant bears the burden of establishing that there is a compelling reason to file such documents under seal. *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported

1  by specific factual findings outweigh the general history of access and the public policies
2  favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal
3  citations omitted). *See also San Jose Mercury News v. U.S. District Court*, 187 F.3d 1096,
4  1102 (9th Cir. 1999). This higher standard applies because the resolution of a dispute on
5  the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial
6  process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citation omitted).

7  Defendants indicate they can have his motion on file seeking to require Plaintiffs to
8  file the confidential documents under seal within two weeks from the date of the telephonic
9  conference. Therefore, Defendants will file any such motion by April 12. If Defendants do
10 not file such a motion by that time, Plaintiffs may file the documents with the Court publicly.
11 If Defendants do timely file a motion seeking to require the filing of the documents under
12 seal, and the Court has not ruled on the motion by the time that Plaintiffs are required to file
13 their dispositive motion or motions, then Plaintiffs shall lodge such documents with the Court
14 under seal pending the Court's ruling on the motion.

15 Second, Plaintiffs also requested a privilege log detailing those documents that have
16 been withheld from production due to the attorney-client privilege or work-product immunity
17 (collectively hereafter referred to as "prvileged communications") asserted as a result of any
18 counsel's work on this lawsuit. Plaintiffs are normally entitled to such privilege logs
19 pursuant to the requirements of Fed. R. Civ. P. 26(b)(5). Defendants assert that due to the
20 volume of documents disclosed in this case and the discovery protocol used to disclose those
21 documents, it had requested waiver of this requirement from Plaintiffs in correspondence of
22 July last year. It argues that it received essentially no response to such a request and hence
23 has not provided the privilege logs. It further asserts that given the inclusive back-up nature
24 of the documents provided, the documents that were withheld from production contain many
25 attorney-client and work-product privileged communications that have nothing to do with
26 this lawsuit, but have to do with other matters on which Defendants obtained legal counsel.
27 Because in withholding documents it made no attempt to distinguish between privileged
28 communications that resulted from this litigation, as opposed to privileged communications

1  that were otherwise contained in the documents provided, it would have to renew such an
2  effort for all of the approximately 43,000 documents that it withheld from production.
3        Plaintiffs contested any assertion by Defendants that they had abandoned their request
4  for a privilege log and the Court required the parties to provide it with their communications
5  pertaining to this issue. After having reviewed the correspondence between the counsel, it
6  is apparent to the Court that Plaintiffs have not abandoned their request for a privilege log
7  as it pertains to privileged communications that arose out of this lawsuit. Further, it appears
8  that Defendants have made at least some attempts to be responsive to Plaintiffs requests in
9  this respect, with some allowances resulting from the previous withdrawal of counsel. The
10 Court notes, however, that even Mr. Casey's July 2010 correspondence did not propose a
11 complete waiver of any privilege logs in this matter. Therefore, Defendants shall provide
12 Plaintiffs with a privilege log of all "carve out" materials to the extent those materials reflect
13 any counsel's work on this lawsuit. The privilege log need not list privileged
14 communications that arose from matters that do not relate to this litigation.
15       The third dispute was resolved by the parties as a result of counsel for Defendants'
16 representations to the Court.
17       **IT IS THEREFORE ORDERED** that Defendants shall file by **April 12, 2011** any
18 motion for a protective order demonstrating "compelling reasons" why Plaintiffs should be
19 compelled to file documents it has received from Defendants under seal in conjunction with
20 its dispositive motion.
21       **IT IS FURTHER ORDERED** that should no such motion be filed Plaintiffs may
22 then publicly file the documents it has received from Defendants in conjunction with its case
23 dispositive motion.
24       **IT IS FURTHER ORDERED** that if Defendants have timely filed such a motion and
25 the Court has not ruled on the motion prior to the deadline for filing case dispositive motions
26 established in this matter, Plaintiffs shall lodge such documents and any parts of any motion
27 based upon them under seal, pending the Court's ruling on Defendants' motion.
28       **IT IS FURTHER ORDERED** that Defendants will provide Plaintiffs with a

privilege log of all documents in the carve-out that have been withheld because they constitute privileged communications relating to this matter by **May 31, 2011**.

DATED this 31st day of March, 2011.

*A. Murray Snow*
/G. Murray Snow
United States District Judge