COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Stanley Young (*Pro Hac Vice*)
syoung@cov.com

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

SCHMITT SCHNECK SMYTH CASEY & EVEN, P.C.
1221 East Osborn Road, Suite 105
Phoenix, AZ 85014-5540
Telephone: (602) 277-7000
Facsimile:  (602) 277-8663

Timothy J. Casey
timcasey@azbarristers.com
James L. Williams
james@azbarristers.com

*Attorneys for Defendants (Additional attorneys*
*for Defendants listed on next page)*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | |
| v. | **PARTIES' JOINT REPORT REGARDING STATUS OF CONSENT DECREE NEGOTIATIONS** |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
David Hults (*Pro Hac Vice*)
dhults@cov.com
Covington & Burling LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile:  (415) 591-6091

Lesli Gallagher (*Pro Hac Vice*)
lgallagher@cov.com
Covington & Burling LLP
9191 Towne Centre Drive, 6th Floor
San Diego CA 92122
Telephone: (858) 678-1800
Facsimile:  (858) 678-1600

Dan Pochoda
dpochoda@acluaz.org
James Lyall
jlyall@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone:  (602) 650-1854
Facsimile:  (602) 650-1376

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecillia Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone:  (415) 343-0775
Facsimile: (415) 395-0950

Andre Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676

ii

1    Facsimile: (212) 549-2654

2    Nancy Ramirez (*Pro Hac Vice*)
     nramirez@maldef.org
3    Mexican American Legal Defense and
     Educational Fund
4    634 South Spring Street, 11th Floor
     Los Angeles, California 90014
5    Telephone:  (213) 629-2512
     Facsimile:  (213) 629-0266
6

7    Additional Attorneys for Defendants:

8    Thomas P. Liddy
9    Ann Uglietta
     MARICOPA COUNTY ATTORNEY'S OFFICE
10   Civil Services Division
     222 N. Central, Suite 1100
11   Phoenix, Arizona 85004
     Telephone: (602) 372-2098
12   Facsimile: (602) 506-8567
     liddyt@mcao.maricopa.gov
13   uglietta@mcao.mariocopa.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        iii

Pursuant to the Court's Order at the June 14, 2013 hearing in the above captioned matter, Plaintiffs Manuel de Jesus Ortega Melendres, Jessica Quitugua Rodriguez, David Rodriguez, Velia Meraz, Manuel Nieto, Jr. and Somos America/We Are America ("Plaintiffs"), and Defendants Joseph Arpaio and the Maricopa County Sheriff's Office (MCSO) ("Defendants"), hereby submit this joint memorandum reporting on the status of their discussions regarding proposed terms for a final decree on remedies.

## I.   Status of Negotiations

Since June, the parties have engaged in good faith discussions and have been able to reach agreement on a substantial number of terms.  The parties continue to disagree on a number of other terms.

Attached hereto as Exhibit A is a proposed Order which sets forth the terms on which the parties have been able to agree, as well as those terms on which the parties have not yet reached agreement.  The text in black is the text upon which the parties agree. The text in red is Plaintiffs' proposed language, to which Defendants do not consent.  The text in blue is Defendants' proposed language, to which Plaintiffs do not consent. Where Plaintiffs and Defendants have competing proposals, the Plaintiffs' proposal is in red and Defendants' proposal is in blue.

As can be seen in Exhibit A, the parties substantially agree on some areas, though they may disagree on specific details.  For other areas, however, the parties have significant differences.  The parties will provide the Court with an update on or before August 28 if they are able to reach further agreement on the disputed terms. However, at this time, they believe that there is a significantly likelihood that the Court will need to provide guidance in certain areas, as set forth below.

## II.   Parties' Positions Regarding Significant Disputed Terms

Topic 1: Term of the Order - ¶¶ 4-5

Plaintiffs propose that if, after 5 years, the point at which it is expected that Defendants will have reached Full and Effective Compliance, the parties can agree that

1

Defendants have achieved Full and Effective Compliance and have maintained that Compliance for three continuous years, the parties may jointly seek to terminate this Order.  If the parties disagree, either party may individually seek to terminate the Order with the Court.  Plaintiffs are agreeable to provisions allowing Defendants to seek partial relief from the Order prior to the five year term, but only if a showing of Full and Effective Compliance for three continuous years is made.

Defendants propose that the term length of the Order be three (3) years in length. They also propose the Order contain an incentive provision whereby Defendants maintain the right to move the Court to terminate the Order at any time before the expiration of the three year time period if they prove to the Court Full and Effective Compliance with the terms of the Order.

Topic 2: Investigation and Questioning of Passengers - ¶ 25h

Plaintiffs propose that the Deputies be prohibited from requesting the identification of passengers, or from questioning, searching or investigating passengers, in the absence of reasonable suspicion or probable cause to believe that the passenger has committed or is committing a traffic violation or a crime, in which case questioning shall be limited to the violation being investigated.

Defendants oppose this proposal because it limits constitutionally permissible law enforcement activity.

Topic 3: Training - Section VI

Plaintiffs propose that the MCSO be required to provide all sworn Deputies, including Supervisors and chiefs, as well as all posse members, with 12 hours of training on bias free policing, including cultural awareness, and 8 hours of training on Fourth Amendment issues. Plaintiffs further propose that MCSO shall provide Supervisors with no less than 8 hours of training on supervision strategies and supervisory responsibilities. Finally, Plaintiffs propose that personnel conducting misconduct investigations, whether

assigned to Internal Affairs (IA) or elsewhere, receive at least 8 hours of training with respect to those duties. Training shall be at least 60% live and no more than 40% on-line.

Defendants do not oppose additional deputy training. They, however, do oppose plaintiffs' volume of deputy training in terms of: (1) the number of hours; and (2) the hourly percentage allocation between live versus on-line training. They do not oppose supervisory training, but oppose the number of hours and allocation between live versus on-line training. Defendants oppose IA training because it is beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

Defendants propose eight hours of deputy training and four hours of supervisory training as follows: (1) four (4) hours of bias-free/Fourteenth Amendment policing training for deputies with elements of Plaintiffs' proposed "cultural awareness" training being included in this training; (2) four (4) hours of Fourth Amendment policing training for deputies; (3) four (4) hours of supervision training in addition to the aforementioned additional eight hours of Fourth and Fourteenth Amendment training; and (4) training that is 40% live training and 60% on-line training.

Topic 4: Traffic Stop Data Collection: ¶ 58

Plaintiffs propose that data collection include, among other items that the Parties have agreed upon, (1) a general and subjective description of the vehicle's overall appearance as to its condition; (2) a deputy's subjective perceived race, ethnicity and gender of the driver and any passengers, based on the officer's subjective impression (no inquiry is required or permitted); (3) instances in which an individual in a vehicle makes incriminating statements regarding immigration status or an immigration-related crime in response to questioning by a deputy; and (4) the rate at which contraband or evidence is found after a search or pat-down frisk is conducted on a traffic stop.

Defendants oppose: (1) documenting a vehicle's subjective overall appearance or condition; (2) requiring deputies to consciously and subjectively guess as to the race of a driver or passenger and instead propose a surname analysis; (3) documenting

incriminating statements and found contraband as beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

Topic 5: Patrol Car Video Recording Systems: ¶ 64

Plaintiffs propose that MCSO be required to make good-faith and steady efforts to install functional video and audio recording equipment in all traffic patrol vehicles that make traffic stops. In the event that the MCSO encounters significant budgetary constraints such that it is not feasible for the MCSO to meet the two-year deadline for installation of video and audio recording equipment, the MCSO may move the Court for relief.

Defendants agree with the desire to have patrol car video recording systems. They, however, need protection under the Order based on budgetary constraints are beyond their control.  The Maricopa County Board of Supervisors sets the budget for the MCSO and makes funding decisions for the MCSO.

Topic 6: Supervisors' Close Supervision of Deputies: ¶¶ 77-78

Plaintiffs propose that first-line field supervisors shall be required to discuss the stops made by deputies they supervise no less than once a week in order to ensure compliance with the Court's orders and MCSO policy.  Plaintiffs propose that supervisors not be assigned to supervise more than eight deputies at a time.

Defendants oppose Plaintiffs' effort to set the frequency of supervisor-deputy discussions, and submit that the frequency of such communications should be left to the field supervisors.  Defendants propose that each supervisor be allowed to supervise no more than twelve (12) deputies given manpower and budgetary issues.

Topic 7:  Data in the Early Identification System: ¶86

The parties agree that there shall be an Early Identification System (EIS) and that the EIS shall include a computerized relational database, which shall be used to collect, maintain, integrate, and retrieve certain data.

Plaintiffs propose that the data collected, maintained, integrated, and retrieved by EIS cover all types of officer conduct that may help to flag problematic behavior.  In addition to the agreed upon areas, Plaintiffs propose that EIS capture (1) arrests in which the individual was released from custody without formal charges being sought; (2) uses of force, including firearm discharges, both on duty and off duty; (3) vehicle pursuits and traffic collisions involving MCSO equipment; (4) contacts that result in a citation, charges, or arrest for obstructing or resisting an officer, interfering with a law enforcement investigation, or similar charges; (5) interviews or questioning determined by a supervisor to have been conducted in violation of MCSO policy; (6) instances in which MCSO is informed by a prosecuting authority or a court of a decision to decline prosecution or to dismiss charges; (7) Training history for each employee; and (8) any other variables that the Monitor, in consultation with the Parties, determines would assist in the identification of and response to potentially problematic behaviors.

Defendants oppose the collection of the additional data because it is beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

Topic 8:  Hiring, Promotion, Assignment and Performance Assessment: ¶¶ 104-105

Plaintiffs propose that the MCSO incorporate concrete requirements regarding the areas covered by the Court's orders in its hiring, promotion, and performance assessment policies and processes and that MCSO develop and implement eligibility criteria for assignment to any specialized units enforcing immigration-related laws.

Defendants oppose the propose terms for this section because it is beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Topic 9: Misconduct Investigation and Discipline - Section VIII</u>

Plaintiffs propose that Court's remedy address misconduct investigations, including public outreach about how to file a complaint against an officer, as well as officer discipline, as set forth in section VII of the attached Exhibit A.

Defendants oppose the propose terms for this section because it is beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

<u>Topic 10: Community Engagement - ¶¶ 29, 40, 171 and Section IX</u>

Plaintiffs propose that the Court's remedy address MCSO's relationship with the community, including the Latino community, and seek to improve that relationship by requiring the establishment of a community advisory board, creation of a community liaison officer and holding of community outreach meetings in Districts affected by MCSO activities such as saturation patrols, as set forth in Paragraph 29 and Section VIII of the attached Exhibit A. Plaintiffs also propose that the MCSO develop a plan to ensure that essential police services are provided to all residents of Maricopa County, including members of the Plaintiff class, as set forth in Paragraph 17 of the attached Exhibit A. Finally, Plaintiffs propose that part of the Monitor's responsibilities include conducting a community survey to include all major demographic categories represented in Maricopa County, as set forth in Paragraph 160 of the attached Exhibit A

Defendants oppose the propose terms for this section because it is beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

<u>Topic 11: Role of the Monitor - Section X; *in passim*</u>

Plaintiffs propose that the Court appoint an Independent Monitor to facilitate implementation and accountability.  Plaintiffs detailed proposal with respect to the Monitor is set forth in section X of Exhibit A. Plaintiffs have laid out the proposed responsibilities and authority conferred by the Court and the Order at Paragraph 159.

Defendants oppose the appointment of a monitor.  If the Court were to appoint a monitor, the role and authority of such monitor must be reconciled so that the monitor's role does not supplant the elected Sheriff's authority under the Arizona Constitution and Arizona statute.  Therefore, if the Court were to appoint a monitor, the role and authority of such monitor should be based on the terms proposed by the Defendants. Defendants also oppose certain terms of the monitor's role as beyond the scope of this litigation's facts and law, and the Court's Findings of Fact and Conclusions of Law.

Topic 12: Monitoring and Enforcement Fees for Plaintiffs' Counsel: ¶180

Plaintiffs propose that Defendants pay Plaintiffs' counsel reasonable fees and costs incurred in connection with monitoring or enforcement of the Court's orders, including for any litigation Plaintiffs must initiate to secure enforcement, if Plaintiffs should prevail.

Defendants oppose such an effort.  In addition, Plaintiffs should bear their own expense in whatever enforcement action it decides to bring in the future during the life of this Order, if any.  Whether an award of fees and costs for bringing such enforcement action should be determined following a Court ruling on any potential enforcement action.

III.   **Supplemental Briefing**

The parties believe that supplemental briefing on the issues that remain in dispute would be of assistance to the Court.  To that end, the parties propose to submit simultaneous briefing on August 23, 2013.  Such briefing will include a discussion of the basis for the parties' positions and any additional factual information that the parties are prepared to provide the Court through witness declarations or in-person testimony.  The parties propose that the submissions should be no longer than 25 pages, not including exhibits.

1

2

## IV.    Evidentiary Hearing

At the June 14, 2013 hearing, the Court also asked the parties to address the need for an evidentiary hearing to address any areas in which the parties have not been able to reach agreement.  As outlined above, the parties propose to submit briefing, which will include a discussion of the additional factual information that the parties are prepared to provide the court through witness declaration or in-person testimony. The parties agree they should have the right to cross-examine any witness offering additional evidence. However, they defer to the Court as to whether further testimony is necessary. Should the Court find an evidentiary hearing would be useful after reviewing the written submissions, the parties are prepared to proceed with such a hearing.


DATED this 16th day of August, 2013



COVINGTON & BURLING, LLP

 /s/  *Lesli Gallagher*_____ _____
Stanley Young
Lesli Gallagher

*On behalf of*
*Attorneys for Plaintiffs*

SCHMITT SCHNECK SMYTH
CASEY & EVEN, P.C

 /s/ *Timothy J. Casey*_____
Timothy J. Casey
James L. Williams

MARICOPA COUNTY ATTORNEY'S
OFFICE
Thomas P. Liddy

*Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2013, a copy of the foregoing Joint Report was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Lesli Gallagher*