Daniel J. Pochoda
ACLU Foundation of Arizona
3707 North 7th Street, Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
dpochoda@acluaz.org

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., <br><br> Plaintiffs, <br><br> Joseph M. Arpaio, et al., <br><br> Defendants | No. CV 07-02513-PHX-GMS <br><br> **RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MONITOR NOMINEES AND RESPONSE TO DEFENDANTS' NOMINATIONS OF MONITOR CANDIDATES** |

Additional Attorneys for Plaintiffs:

    Stanley Young (*Pro Hac Vice*)
    syoung@cov.com
    Covington & Burling LLP
    333 Twin Dolphin Drive
    Suite 700
    Redwood Shores, CA 94065-1418
    Telephone: (650) 632-4700
    Facsimile: (650) 632-4800

    Tammy Albarran (*Pro Hac Vice*)
    talbarran@cov.com
    David Hults *(Pro Hac Vice)*
    dhults@cov.com
    Covington & Burling LLP
    1 Front Street
    San Francisco, CA 94111-5356
    Telephone: (415) 591-6000
    Facsimile:  (415) 591-6091

    Lesli Gallagher (*Pro Hac Vice*)
    lgallagher@cov.com
    Covington & Burling LLP
    9191 Towne Centre Drive, 6th Floor
    San Diego CA 92122
    Telephone: (858) 678-1800
    Facsimile:  (858) 678-1600

    Anne Lai (*Pro Hac Vice*)
    alai@law.uci.edu
    401 E. Peltason, Suite 3500
    Irvine, CA 92697-8000
    Telephone: (949) 824-9894
    Facsimile: (949) 824-0066

    Cecillia Wang (*Pro Hac Vice*)
    cwang@aclu.org
    ACLU Foundation
    Immigrants' Rights Project
    39 Drumm Street
    San Francisco, California 94111
    Telephone:  (415) 343-0775
    Facsimile: (415) 395-0950

Andre Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Nancy Ramirez (*Pro Hac Vice*)
nramirez@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Plaintiffs submit the following response to Defendants' objections to Plaintiffs' proposed Monitor candidates filed on December 11, 2013.

**Plaintiffs' Approach and Nominees**

Based on Plaintiffs' familiarity with other cases involving unconstitutional practices by law enforcement agencies and court-supervised remediation, Plaintiffs are aware that selection of the Monitor is one of the most important determinants for successful reform of agency practices and culture, and for reversing the harms to the community. The Monitor will be the eyes and ears of the Court for the coming years. After considering many potential candidates among experienced monitors and prominent experts and spending many hours interviewing, gathering inputs and conducting due diligence, Plaintiffs selected several qualified candidates to present to the Court. Plaintiffs' process enabled them to provide the Court with important information beyond a resume in order to assist the Court in its decision.

Robert Warshaw was nominated by Plaintiffs based on his substantial record of success as a Monitor in several cases and upon the recommendation of others familiar with his work. His qualifications, approach and references are set out in Doc. 625-1, Exhibit A.

Joseph Brann also has a proven track record as a Monitor in similar cases and high marks from those he has worked with. His information is set out in Doc. 625-2, Ex. B and Doc. 627-1, Ex. A. Defendants have not challenged any aspect of Mr. Brann's work or reputation, but seek to disqualify one of his proposed advisors, Paul Charlton. Mr. Charlton is a former United States Attorney for Arizona, appointed by President George W. Bush, and a well-respected member of the legal community. His affiliation with the firm of Steptoe and Johnson began only in the last two months. Moreover, Mr. Charlton was listed as a local Arizona contact for legal consultation, and not as an indispensible member of Mr. Brann's proposal. As stated in his proposal, Mr. Brann is also open to

"reconsidering the composition of the current team" if that would be of assistance. Doc. 627-1, Ex. at 9.

Timothy Nelson is a prominent member of the Arizona Bar and served as Chief Deputy Attorney General supervising the work of the seven legal divisions in the Arizona Attorney General's office. Defendants object because Mr. Nelson is a Democrat and worked with a Democratic Governor allegedly involved in unnamed positions adverse to Defendants. In fact, while Tim Nelson was Counsel, Governor Napolitano intervened to obtain Defendant Arpaio's 287(g) authority from the federal government and Arpaio endorsed her candidacy.

The aforementioned Monitor candidates are available to discuss their qualifications with the Court directly. Plaintiffs will follow direction from the Court as to any future steps that will facilitate selection of the best Monitor.

**Defendants' Nominees**

Defendants submitted three candidates for Monitor to the Court for consideration. See Doc. 626 and 626-1, Exs. 1-3.

Defendants provided only the resumes for Mr. Wolfinger and Mr. Sanchez and Plaintiffs do not have any additional information about anticipated members of their proposed monitoring team or methodological approach. The resumes themselves demonstrate that neither candidate has experience as a monitor in a similar context.

The application Defendants submitted on behalf of Mr. Safir and his VRI firm contains some limited information about the monitoring team. Plaintiffs were also approached by Mr. Safir and sent the same materials; Defendants did not add to the self-selected information presented by this company. Had Defendants conducted any additional due diligence about Mr. Safir, it would have become apparent that he would not be a suitable Monitor in a case. The focus of this case is on widespread racial profiling by a local law enforcement agency. As demonstrated in his prior statements, Mr. Safir

2

harbors a hostility to Court-ordered change in police agencies as a result of findings of misconduct. For example, in a recent editorial about the decision by the U.S. District Court in the *Floyd v. City of New York* matter concerning the practice of stop-and-frisk in New York City, Mr. Safir insisted that the allegations by the Plaintiffs that the New York Police Department was "using stop-and-frisk as a way of profiling" were false. In the same editorial, Mr. Safir criticized the court's order as a "Draconian order that would have the police monitored by a group of lawyers who know nothing about law enforcement." http://www.nydailynews.com/new-york/safir-stop-and-frisk-ruling-new-yorkers-safe-article-1.1503484. In July 2013, Safir wrote in the *New York Daily News* that "Alleged racial profiling has been the clarion call of pandering politicians...." http://www.nydailynews.com/opinion/nypd-police-commissioner-howard-safir-bills-invite-crime-article-1.1408242.

Defendants in the instant case have made similar statements to the media during the six-year reign of racial profiling in Maricopa County. They have also characterized this Court's orders in a similarly dismissive way.[1] This further demonstrates that it would not be appropriate for Mr. Safir to serve as the Monitor in this case.

Finally, Mr. Safir's record as the chief executive of the New York Police Department from 1996 to 2000 also gives rise to serious concerns about his bias and

---

[1] Following a Significant Operation conducted by the MCSO in October 2013, Sheriff Arpaio stated to the media that he was "not concerned about being in violation" of the Court's order, that he "wanted to send a message that the Sheriff is still in the business of crime suppression operations" and that "no one is going to take away [his] authority under the constitution." See http://www.phoenixnewtimes.com/2013-10-24/news/arpaio-s-sweep-of-the-west-valley-could-turn-judge-snow-s-order-into-a-paper-tiger/2/; http://www.myfoxphoenix.com/story/23736580/mcso-conducting-another-crime-suppression-sweep; http://www.kpho.com/story/23737670/sheriff-arpaio-defends-latest-crime-sweep. Arpaio further declared, regarding the operation, "Some courts want community outreach. I just started it." http://www.kpho.com/story/23737670/sheriff-arpaio-defends-latest-crime-sweep.

predilections in cases involving racial profiling. He was an unusually controversial Police Commissioner and his tenure was marked by tension between minority communities and the Department. The Street Crimes Unit touted by Mr. Safir was disbanded shortly after his departure due to serious allegations of abuse and racial discrimination. These high-profile incidents included two cases of police brutality that received national attention: the extremely brutal sexual abuse of Haitian immigrant Abner Louima while in NYPD custody in 1997, and the shooting of Amadou Diallo, an unarmed African immigrant, with 41 shots fired, in 1999. Based on a study that followed, then New York State Attorney General Eliot Spitzer remarked: "I think the perception has been that there is disproportionate stopping of minorities and now we have an analytical basis to say that perception is real." http://articles.latimes.com/1999/dec/02/news/mn-39850  The U.S. Commission on Civil Rights also concluded after an investigation that the police tactic of racial profiling to stop and question people was a factor "in the racial tensions that can lead to 'tragic and unnecessary' incidents like the shooting of Amadou Diallo."http://articles.chicagotribune.com/2000-06-16/news/0006170030_1_mary-frances-berry-shooting-of-amadou-diallo-commission-on-civil-rights

  RESPECTFULLY SUBMITTED this 13th day of December, 2013.

By /s/ *Daniel J. Pochoda*
Daniel J. Pochoda
dpochoda@acluaz.org
James Lyall
jlyall@acluaz.org
ACLU Foundation of Arizona
3707 North. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
David Hults (*Pro Hac Vice*)
dhults@cov.com
Covington & Burling LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Lesli Gallagher (*Pro Hac Vice*)
lgallagher@cov.com
Covington & Burling LLP
9191 Towne Centre Drive, 6th Floor
San Diego CA 92122
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecillia Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Andre Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676

Nancy Ramirez (Pro Hac Vice)
nramirez@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be e-mailed to:

>Thomas P. Liddy
>liddyt@mcao.maricopa.gov
>
>Ann Uglietta
>uglietta@mcao.maricopa.gov
>
>Timothy J. Casey
>timcasey@azbarristers.com
>
>*Attorneys for Defendant Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office*

/s/ Gloria A. Torres
    Paralegal