IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

**IT IS HEREBY ORDERED** setting a Status Conference for **April 3, 2014 at 2:00 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. Counsel for all parties are required to attend in person or with prior authorization by telephone for out-of-state counsel only.

This Court held a hearing with the parties on March 24, 2014, to address the concerns identified in the Order setting the hearing (Doc. 656). During the hearing the Court heard arguments from counsel for Defendants and Plaintiffs. It also heard from Chief Deputy Sheriff Sheridan. The court-appointed Monitor, Chief Robert Warshaw, was also present.

**I.     The Training Held Before the Significant Operation in October 2013**

The Court will require the following: Defendants and Plaintiffs shall agree on an accurate and brief summary of this Court's Findings of Fact and Conclusions of Law

from May 2013 and the Supplemental Permanent Injunction/Judgment Order from October 2013. In particular this summary shall identify and correct the errors in the comments given during the training in October 2013. The summary will also particularly emphasize that deputies are to give their best effort in documenting their perceived impression of the race and ethnicity of the driver and passengers after every stop.

In order to ensure that this corrective summary is understood as being the official position of the MCSO and as a correction of the misinformation provided during the October 2013 meeting, this corrective summary shall be signed by Sheriff Arpaio and Chief Deputy Sheriff Sheridan. The parties shall submit this summary to the Monitor and the Court for approval. The draft corrective summary shall be submitted to the Court within 14 days of the date of this order.  After it has been approved by the Court, the Defendants shall immediately distribute it to all MCSO personnel, and direct them to read it in its entirety.

**II.     The Community Outreach Program and Community Liaison Officer**

At the hearing, the Defendants noted their continued objection to participation in any aspect of the Community Outreach Program set forth in Section XII of the Injunction. Defendants expressed their opposition to holding public meetings or working with the Community Advisory Board in any capacity. Defendants have not selected three members for the board as required by paragraph 116 of the injunction. The Plaintiffs noted significant reservations about the adequacy and suitability of the Defendants' compliance with these aspects of the Court's order to date.  The Court understands such concerns.

In light of the significant deprivation of constitutional rights suffered by the Plaintiff class in both time and scope, the Court observed the need as part of the ameliorative injunctive relief, to engage both the community and representatives of the Plaintiff class in ensuring compliance with this Order and the effectiveness of its measures.  The Court will transfer the responsibility for conducting the Community Outreach Programs set forth in the Injunction from Sheriff Arpaio and the MCSO to the

Monitor. The Court further orders the County to pay to the Monitor the increased costs incurred by the Monitor's assumption of these functions, which is in addition to his original duties under the terms of the original injunction. The Court files, as Appendix A to this order, its proposed order amending the existing Injunction.

The parties are required to provide any written comments to the Court on the proposed amendments before the Status Conference on April 3, and should be prepared to discuss the amendments at that Conference. In the interim, the Court will stay the requirements of Section XII, Community Engagement, of its order including the Community Outreach Program, Community Liaison Officer, and Community Advisory Board.

### III. Publication of the Court's Previous Orders

The MCSO has withdrawn any objection to the publication of any of the Court's orders in this matter. The Court will direct West to publish its Findings of Fact and Conclusions of Law from May 2013. (Doc. 579.) The Court will determine at a later date whether it will direct other orders to be published.

### IV. Deadline Dates

For the reasons discussed during the hearing and in the order setting the hearing, some adjustments to the compliance deadlines are in order. The monitoring team will ask the Defendants to produce the various items required by the order in stages. The time set forth in the Monitor's request for the delivery of the materials to it and to the Plaintiffs will initiate the time periods specified in the injunction. After the Defendants have submitted each round of material, as requested by the Monitor, the time periods specified in the Injunction will commence for Plaintiff response, Monitor review, and so forth.

After the curriculum and instructors are approved, the Court expects the Defendants to proceed as quickly as practicable with scheduling and providing the required training. Defendants will submit a proposed firm date by which training will be completed. That proposed date shall be submitted to the Court by the hearing scheduled

above. The Court will discuss the proposed date with the parties at the hearing and set a deadline. The Defendants will then be required to complete the training by that deadline.

## V.  Additional Video Recording

At the hearing the Court required the Defendants to produce any video recording they made at their community meeting on March 15 in the west valley. Defendants shall provide a copy of that recording to the Court before the Status Conference on April 3.

**IT IS THEREFORE ORDERED, that**

1. Defendants shall work with Plaintiffs to **draft a corrective summary** and shall submit it to the Court within **fourteen (14) days** of the date of this order. After it has been approved by the Court, the Defendants shall distribute it to all MCSO personnel, and direct them to read it in its entirety.

2. A Status Conference is set for **April 3, 2014 at 2:00 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

3. The Community Engagement section of the Injunction, **Section XII, is suspended**. The Court's proposed amendments to the Injunction are attached to this Order as Appendix A. The parties submit any written comment to the Court on the proposed amendments before the Status Conference on April 3 and shall arrive prepared to discuss the proposed amendments.

4. The Court will publish it its Findings of Fact and Conclusions of Law from May 2013 (Doc. 579) in West but will not publish its other orders at this time.

5. The Monitor will issue requests for documents and the dates set forth in those requests will replace the current due dates in the Injunction.

6. Defendants shall be prepared at the Status Conference to discuss a firm date by which the training shall be completed.

/ / /

/ / /

/ / /

7. Defendants shall provide to the Court before the April 3 Status Conference a copy of their recording of the community meeting on March 15 in the west valley.

Dated this 27th day of March, 2014.

*A. Murray Snow*

/G. Murray Snow
United States District Judge

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.,<br><br>Defendants. | No. CV-07-02513-PHX-GMS<br><br>**PROPOSED AMENDMENTS TO SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER** |

This exhibit presents the proposed amendments to the Supplemental Permanent Injunction/Judgment Order. The parties submit any written comment to the Court on the proposed amendments before the Status Conference on April 3 and shall arrive prepared to discuss the proposed amendments.

This amendment document presents only the paragraphs with changes. All other paragraphs not mentioned shall remain the same. Unchanged language is presented in normal font. <u>Additions are indicated by underlined font</u>. ~~Deletions are indicated by crossed out font~~. Where an entire paragraph has been removed, that is indicated with brackets, but the numbering remains unchanged. For example: "108. [REMOVED]".

**PROPOSED AMENDMENTS**

. . . .

**REMEDIES**

**I.   DEFINITIONS**

1.   The following terms and definitions shall apply to this Order:

. . . .

r.   "Full and Effective Compliance" means compliance with all relevant provisions of this Order. The Defendants shall begin to be in Full and Effective Compliance with this Order when all of the following have been both completed and consistently maintained:

. . . .

xvii.   [REMOVED] ~~The MCSO has developed and implemented a community outreach program pursuant to Paragraphs 107–112 of this Order.~~

xviii.   [REMOVED] ~~The MCSO has selected or hired a Community Liaison Officer pursuant to Paragraphs 113–114 of this Order.~~

xix.   [REMOVED] ~~The MCSO has worked with Plaintiffs' representatives and community representatives and created a Community Advisory Board pursuant to Paragraphs 115–116 of this Order.~~

. . . .

### VI.   PRE-PLANNED OPERATIONS

. . . .

38.   If the MCSO conducts any Significant Operations or Patrols involving 10 or more MCSO Personnel excluding posse members, it shall create the following documentation and provide it to the Monitor and Plaintiffs within ~~30~~ 10 days after the operation:

. . . .

39.   The ~~MCSO~~ Monitor shall hold a community outreach meeting no more than ~~30~~ 40 days after any Significant Operations or Patrols in the affected District(s). ~~MCSO shall work with the Community Advisory Board to ensure that the community outreach meeting adequately communicates information regarding the objectives and results of the operation or patrol.~~ The Monitor shall communicate the operational details provided to it by the MCSO and shall hear any complaints or concerns raised by community members. The Monitor may investigate and respond to those concerns. The community outreach meeting shall be advertised and conducted in English and Spanish.

. . . .

## XII.   COMMUNITY ENGAGEMENT

a.   **Community Outreach Program**

107. To rebuild public confidence and trust ~~in the MCSO and~~ in the reform process, the ~~MCSO~~ <u>Monitor</u> shall work to improve community relationships and engage constructively with the community during the period that this Order is in place. ~~To this end, the MCSO shall create the following district community outreach program.~~

108. [REMOVED] ~~Within 180 days of the Effective Date, MCSO shall develop and implement a Community Outreach and Public Information program in each MCSO District.~~

109. ~~As part of its Community Outreach and Public Information program, t~~<u>T</u>he ~~MCSO~~ <u>Monitor</u> shall hold a public meeting in each of MCSO's patrol Districts within ~~90~~ <u>180</u> days of the ~~Effective Date~~ <u>issuance of this amendment to the Order</u>, and at least ~~one~~ <u>three</u> meetings in each District annually thereafter. <u>The meetings shall be under the direction of the Monitor and/or his designee.</u> These meetings shall be used to inform community members of the policy changes or other significant actions that the MCSO has taken to implement the provisions of this Order. Summaries of audits and reports completed by the MCSO pursuant to this Order shall be provided. The ~~MCSO~~ <u>Monitor</u> shall clarify for the public at these meetings that ~~it~~ <u>the MCSO</u> ~~does not~~ <u>lacks the authority to</u> enforce immigration laws except to the extent that it is enforcing Arizona and federal criminal laws.

110. The meetings present an opportunity for ~~MCSO representatives~~ <u>the Monitor</u> to listen to community members' experiences and concerns about MCSO practices implementing this Order, including the impact on public trust. ~~MCSO representatives shall make reasonable efforts to address such concerns during the meetings and afterward.~~ <u>The Monitor may investigate and respond to those concerns. To the extent that the Monitor receives concerns at such meetings that are neither within the scope of this order nor</u>

- 3 -

useful in determining the Defendants' compliance with this order, it may assist the complainant in filing an appropriate complaint with the MCSO.

111. English- and Spanish-speaking ~~MCSO~~ Monitor Personnel shall attend these meetings and be available to answer questions from the public about its publicly available reports concerning MCSO's implementation of this Order and other publicly-available information. ~~At least one MCSO Supervisor with extensive knowledge of the agency's implementation of the Order, as well as the Community Liaison Officer (described below) shall participate in the meetings.~~ The Monitor may request Plaintiffs' and/or Defendants' representatives ~~shall be invited~~ to attend such meetings and assist in answering inquiries by the community. The Defendants are under no obligation to attend such meetings, but to the extent they do not attend such meetings after being requested by the Monitor to do so, the Monitor shall report their absence to the public and the Court.

112. The meetings shall be held in locations convenient and accessible to the public. At least one week before such meetings, the ~~MCSO~~ Monitor shall widely publicize the meetings using English and Spanish-language television, print media and the internet. The Defendants shall either provide a place for such meetings that is acceptable to the Monitor, or pay the Monitor the necessary expenses incurred in arranging for such meeting places. The Defendants shall also pay the reasonable expenses of publicizing the meetings as required above, and the additional reasonable personnel and other expenses that the Monitor will incur as a result of performing his obligations with respect to the Community Outreach Program. If the Monitor determines there is little interest or participation in such meetings among community members, or that they have otherwise fulfilled their purpose, he can file a request with the Court that this requirement be revised or eliminated.

        **b.**     **~~Community Liaison Officer~~ Monitor**

113. [REMOVED] ~~Within 90 days of the Effective Date, MCSO shall select or hire a Community Liaison Officer ("CLO") who is a sworn Deputy fluent in English and Spanish. The hours and contact information of the CLO shall be made available to the~~

- 4 -

public including on the MCSO website. The CLO shall be directly available to the public for communications and questions regarding the MCSO.

114. In addition to the duties set forth in Title XIII of this order, The CLO the Monitor shall have the following duties in relation to community engagement:

   a. to coordinate the district community meetings described above in Paragraphs 109 to 112;

   b. to provide administrative support for, coordinate and attend meetings of the Community Advisory Board described in Paragraphs 117 to 118;

   c. to compile any Complaints, concerns and suggestions submitted to CLO him by members of the public about the implementation of this Order and the Court's order of December 23, 2011, and its findings of fact and conclusions of law dated May 24, 2013, even if they don't rise to the level of requiring formal action by IA or other component of the MCSO, and to respond to Complainants' concerns;

   d. [REMOVED] to communicate concerns received from the community at regular meetings with the Monitor and MCSO leadership; and

   e. [REMOVED] to compile concerns received from the community in a written report every 180 days and share the report with the Monitor and the Parties.

   **c.    Community Advisory Board**

115. MCSO The Monitor and Plaintiffs' representatives shall work with community representatives to create a Community Advisory Board ("CAB") to facilitate regular dialogue between the MCSO Monitor and community leaders, and to provide specific recommendations to MCSO about policies and practices that will increase community trust and ensure that the provisions of this Order and other orders entered by the Court in this matter are met.

116. The CAB shall have six three members, three to be selected by the MCSO and three to be selected by Plaintiffs' representatives. Members of the CAB shall not be MCSO Employees or any of the named class representatives, nor any of the attorneys involved in this case. However, a member of the MCSO Implementation Unit and at least one

- 5 -

representative for Plaintiffs shall attend every meeting of the CAB. The CAB shall continue for at least the length of this Order.

117. The CAB shall hold public meetings at regular intervals of no more than four months. The meetings may be either public or private as the purpose of the meeting dictates, at the election of the Board. The Defendants shall either provide a suitable place for such meetings that is acceptable to the Monitor, or pay the Monitor the necessary expenses incurred in arranging for such a meeting place. The Defendants shall also pay to the Monitor the additional reasonable expenses that he will incur as a result of performing his obligations with respect to the CAB including providing the CAB with reasonably necessary administrative support. The meeting space shall be provided by the MCSO. The CLO Monitor shall coordinate the meetings and communicate with Board members, and provide administrative support for the CAB.

118. During the meetings of the CAB, members will relay or gather concerns from the community about MCSO practices that may violate the provisions of this Order and the Court's previous injunctive orders entered in this matter and make reasonable efforts to address such concerns. and transmit them to the Monitor for his investigation and/or action. Members will may also hear from MCSO Personnel on matters of concern pertaining to the MCSO's compliance with the orders of this Court.

## XIII.   INDEPENDENT MONITOR AND OTHER PROCEDURES REGARDING ENFORCEMENT

. . . .

**b.   Role of the Monitor**

126. The Monitor shall be subject to the supervision and orders of the Court, consistent with this Order. The Monitor shall have the duties, responsibilities and authority conferred by the Court and this Order, including, but not limited to: (1) reviewing the MCSO Patrol Operations Policies and Procedures provided for by this Order and making recommendations to the Court regarding the same; (2) reviewing a protocol with the

Parties to ensure that any Significant Operations conducted by the MCSO are conducted in a race-neutral fashion; (3) reviewing the curriculum, materials and proposed instructors for Training required by this Order; (4) reviewing the collected traffic stop data and the collected Saturation Patrol data to determine whether the data required to be gathered by this Order is, in fact, being collected by the MCSO; (5) reviewing protocols regarding the collection, analysis, and use of such data and determining whether the MCSO is in compliance with those protocols; (6) reviewing the collected data to determine whether, in the opinion of the Monitor, MCSO is appropriately reviewing the collected data to determine possible isolated or systemic racial profiling occurring, and if so, reporting the factual basis supporting that judgment to the Parties and the Court; (7) evaluating the effectiveness of the MCSO's changes in the areas of supervision and oversight and reporting the same to the parties and the Court; (8) reviewing the corrective action taken by the MCSO concerning any possible violations of this Order or MCSO policy and procedures and reporting the same to the parties and the Court; (9) ~~evaluating the MCSO's~~ providing engagement with the communities affected by ~~its~~ the activities as set forth by this Order; and (10) assessing the MCSO's overall compliance with the Order.

. . . .

**c.     Monitoring Plan and Review Methodology**

. . . .

136. In conducting the outcome assessments, the Monitor should measure not only the MCSO's progress in implementing the provisions of this Order, but the effectiveness of the reforms. To do so, the Monitor shall take into account the following performance-based metrics and trends:

   . . . .

   i.  disciplinary outcomes for any violations of departmental policy; and
   j.  whether any Deputies are the subject of repeated misconduct Complaints, civil suits, or criminal charges, including for off-duty conduct; ~~and~~

- 7 -

     k.   [REMOVED] ~~the level of MCSO engagement and participation with the community advisory board;~~

. . . .

**f.**   **Public Statements, Testimony, Records, and Conflicts of Interest**

141.   Except as required or authorized by the terms of this Order or the Parties acting together: neither the Monitor, nor any agent, employee, or independent contractor thereof, shall make any public statements, outside of statements to the Court as contemplated in this Order, with regard to any act or omission of the Defendants, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to the Order. <u>As required and authorized, the Monitor shall conduct the public community outreach meetings provided in this order and the CAB meetings.</u> Any press statement made by the Monitor regarding its employment or monitoring activities under this Order shall first be approved by the Parties.

. . . .