WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.,<br><br>Defendants. | No. CV-07-02513-PHX-GMS<br><br>**AMENDMENTS TO THE SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER** |

At the status conference held on March 24, 2014, and in a previous order (Doc. 663 App. A) this Court proposed amendments to the Supplemental Permanent Injunction/ Judgment Order (Doc. 606). The parties were given an opportunity to respond in writing and at the April 2, 2014, status conference. As a result of those conferences, the Court orders the following amendments to the Supplemental Permanent Injunction/Judgment Order (Doc. 606).

This amendment order presents only the paragraphs with changes. All other paragraphs not mentioned shall remain the same. Unchanged language is presented in normal font. <u>Additions are indicated by underlined font</u>. ~~Deletions are indicated by crossed out font~~. Where an entire paragraph has been removed, that is indicated with brackets, but the numbering remains unchanged. For example: "108. [REMOVED]".

**<u>PROPOSED AMENDMENTS</u>**

. . . .

**<u>REMEDIES</u>**

**I.    DEFINITIONS**

1. The following terms and definitions shall apply to this Order:

1 . . . .
2     r.   "Full and Effective Compliance" means compliance with all relevant provisions of this Order. The Defendants shall begin to be in Full and Effective Compliance with this Order when all of the following have been both completed and consistently maintained:

. . . .

    xvii.   [REMOVED] ~~The MCSO has developed and implemented a community outreach program pursuant to Paragraphs 107–112 of this Order.~~

    xviii.   [REMOVED] ~~The MCSO has selected or hired a Community Liaison Officer pursuant to Paragraphs 113–114 of this Order.~~

    xix.   [REMOVED] ~~The MCSO has worked with Plaintiffs' representatives and community representatives and created a Community Advisory Board pursuant to Paragraphs 115–116 of this Order.~~

. . . .

### VI. PRE-PLANNED OPERATIONS

. . . .

38.   If the MCSO conducts any Significant Operations or Patrols involving 10 or more MCSO Personnel excluding posse members, it shall create the following documentation and provide it to the Monitor and Plaintiffs within ~~30~~ 10 days after the operation:

. . . .

39.   The ~~MCSO~~ Monitor shall hold a community outreach meeting no more than ~~30~~ 40 days after any Significant Operations or Patrols in the affected District(s). ~~MCSO shall work with the Community Advisory Board to ensure that the community outreach meeting adequately communicates information regarding the objectives and results of the operation or patrol.~~ The Monitor shall communicate the operational details provided to it by the MCSO and shall hear any complaints or concerns raised by community members.

<u>The Monitor may investigate and respond to those concerns.</u> The community outreach meeting shall be advertised and conducted in English and Spanish.

. . . .

## XII.   COMMUNITY ENGAGEMENT

a.   **Community Outreach Program**

107. To ~~rebuild~~ public confidence and trust ~~in the MCSO and~~ in the reform process, the ~~MCSO~~ <u>Monitor</u> shall ~~work to improve community relationships and~~ engage constructively with the community during the period that this Order is in place. ~~To this end, the MCSO shall create the following district community outreach program.~~

108. [REMOVED] ~~Within 180 days of the Effective Date, MCSO shall develop and implement a Community Outreach and Public Information program in each MCSO District.~~

109. ~~As part of its Community Outreach and Public Information program, the MCSO~~ <u>The Monitor</u> shall hold a public meeting ~~in each of MCSO's patrol Districts~~ within ~~90~~ <u>180</u> days of the ~~Effective Date~~ <u>issuance of this amendment to the Order</u>, and ~~at least~~ <u>between</u> one <u>and three</u> meetings in each <u>of MCSO's patrol</u> District~~s~~ annually thereafter. <u>The meetings shall be under the direction of the Monitor and/or his designee.</u> These meetings shall be used to inform community members of the policy changes or other significant actions that the MCSO has taken to implement the provisions of this Order. Summaries of audits and reports completed by the MCSO pursuant to this Order shall be provided. The ~~MCSO~~ <u>Monitor</u> shall clarify for the public at these meetings that ~~it~~ <u>the MCSO</u> ~~does not~~ <u>lacks the authority to</u> enforce immigration laws except to the extent that it is enforcing Arizona and federal criminal laws.

110. The meetings present an opportunity for ~~MCSO representatives~~ <u>the Monitor</u> to listen to community members' experiences and concerns about MCSO practices implementing this Order, including the impact on public trust. ~~MCSO representatives shall make reasonable efforts to address such concerns during the meetings and afterward.~~ <u>The Monitor may investigate and respond to those concerns. To the extent that the Monitor</u>

- 3 -

1   receives concerns at such meetings that are neither within the scope of this order nor
2   useful in determining the Defendants' compliance with this order, it may assist the
3   complainant in filing an appropriate complaint with the MCSO.

111. English- and Spanish-speaking ~~MCSO~~ Monitor Personnel shall attend these meetings and be available to answer questions from the public about its publicly available reports concerning MCSO's implementation of this Order and other publicly-available information. ~~At least one MCSO Supervisor with extensive knowledge of the agency's implementation of the Order, as well as the Community Liaison Officer (described below) shall participate in the meetings.~~ The Monitor may request Plaintiffs' and/or Defendants' representatives ~~shall be invited~~ to attend such meetings and assist in answering inquiries by the community. The Defendants are under no obligation to attend such meetings, but to the extent they do not attend such meetings after being requested by the Monitor to do so, the Monitor may report their absence to the public and shall report their absence to the Court.

112. The meetings shall be held in locations convenient and accessible to the public. At least ~~one week~~ ten days before such meetings, the ~~MCSO~~ Monitor shall widely publicize the meetings using English and Spanish-language television, print media and the internet. The Defendants shall either provide a place for such meetings that is acceptable to the Monitor, or pay the Monitor the necessary expenses incurred in arranging for such meeting places. The Defendants shall also pay the reasonable expenses of publicizing the meetings as required above, and the additional reasonable personnel and other expenses that the Monitor will incur as a result of performing his obligations with respect to the Community Outreach Program. If the Monitor determines there is little interest or participation in such meetings among community members, or that they have otherwise fulfilled their purpose, he can file a request with the Court that this requirement be revised or eliminated.

   **b.    ~~Community Liaison Officer~~ Monitor**

113. [REMOVED] ~~Within 90 days of the Effective Date, MCSO shall select or hire a Community Liaison Officer ("CLO") who is a sworn Deputy fluent in English and Spanish. The hours and contact information of the CLO shall be made available to the public including on the MCSO website. The CLO shall be directly available to the public for communications and questions regarding the MCSO.~~

114. <ins>In addition to the duties set forth in Title XIII of this order,</ins> ~~The CLO~~ <ins>the Monitor</ins> shall have the following duties<ins> in relation to community engagement</ins>:

    a. to coordinate the district community meetings described above in Paragraphs 109 to 112;

    b. to provide administrative support for, coordinate and attend meetings of the Community Advisory Board described in Paragraphs 117 to 118; <ins>and</ins>

    c. to compile any Complaints, concerns and suggestions submitted to ~~CLO~~ <ins>him</ins> by members of the public about the implementation of this Order and the Court's order of December 23, 2011, and its findings of fact and conclusions of law dated May 24, 2013, even if they don't rise to the level of requiring formal action by IA or other component of the MCSO, and to respond to Complainants' concerns;

    d. [REMOVED] ~~to communicate concerns received from the community at regular meetings with the Monitor and MCSO leadership; and~~

    e. [REMOVED] ~~to compile concerns received from the community in a written report every 180 days and share the report with the Monitor and the Parties.~~

    **c.     Community Advisory Board**

115. ~~MCSO~~ <ins>The Monitor</ins> and Plaintiffs' representatives shall work with community representatives to create a Community Advisory Board ("CAB") to facilitate regular dialogue between the ~~MCSO~~ <ins>Monitor</ins> and community leaders, and to provide specific recommendations to MCSO about policies and practices that will ~~increase community trust and~~ ensure that the provisions of this Order and other orders entered by the Court in this matter are met.

116. The CAB shall have ~~six~~ three members, ~~three to be selected by the MCSO and three~~ to be selected by Plaintiffs' representatives. Members of the CAB shall not be MCSO Employees or any of the named class representatives, nor any of the attorneys involved in this case. ~~However, a member of the MCSO Implementation Unit and at least one representative for Plaintiffs shall attend every meeting of the CAB.~~ The CAB shall continue for at least the length of this Order.

117. The CAB shall hold ~~public~~ meetings at regular intervals of no more than four months. <u>The meetings may be either public or private as the purpose of the meeting dictates, at the election of the Board. The Defendants shall either provide a suitable place for such meetings that is acceptable to the Monitor, or pay the Monitor the necessary expenses incurred in arranging for such a meeting place. The Defendants shall also pay to the Monitor the additional reasonable expenses that he will incur as a result of performing his obligations with respect to the CAB including providing the CAB with reasonably necessary administrative support.</u>  ~~The meeting space shall be provided by the MCSO.~~ The ~~CLO~~ <u>Monitor</u> shall coordinate the meetings and communicate with Board members, and provide administrative support for the CAB.

118. During the meetings of the CAB, members will relay or gather concerns from the community about MCSO practices that may violate the provisions of this Order and the Court's previous injunctive orders entered in this matter ~~and make reasonable efforts to address such concerns.~~ <u>and transmit them to the Monitor for his investigation and/or action.</u> Members ~~will~~ <u>may</u> also hear from MCSO Personnel on matters of concern pertaining to the MCSO's compliance with the orders of this Court.

## XIII.   INDEPENDENT MONITOR AND OTHER PROCEDURES REGARDING ENFORCEMENT

. . . .

**b.     Role of the Monitor**

- 6 -

126. The Monitor shall be subject to the supervision and orders of the Court, consistent with this Order. The Monitor shall have the duties, responsibilities and authority conferred by the Court and this Order, including, but not limited to: (1) reviewing the MCSO Patrol Operations Policies and Procedures provided for by this Order and making recommendations to the Court regarding the same; (2) reviewing a protocol with the Parties to ensure that any Significant Operations conducted by the MCSO are conducted in a race-neutral fashion; (3) reviewing the curriculum, materials and proposed instructors for Training required by this Order; (4) reviewing the collected traffic stop data and the collected Saturation Patrol data to determine whether the data required to be gathered by this Order is, in fact, being collected by the MCSO; (5) reviewing protocols regarding the collection, analysis, and use of such data and determining whether the MCSO is in compliance with those protocols; (6) reviewing the collected data to determine whether, in the opinion of the Monitor, MCSO is appropriately reviewing the collected data to determine possible isolated or systemic racial profiling occurring, and if so, reporting the factual basis supporting that judgment to the Parties and the Court; (7) evaluating the effectiveness of the MCSO's changes in the areas of supervision and oversight and reporting the same to the parties and the Court; (8) reviewing the corrective action taken by the MCSO concerning any possible violations of this Order or MCSO policy and procedures and reporting the same to the parties and the Court; (9) ~~evaluating the MCSO's~~ providing engagement with the communities affected by ~~its~~ the activities as set forth by this Order; and (10) assessing the MCSO's overall compliance with the Order.

. . . .

   c.   **Monitoring Plan and Review Methodology**

. . . .

136. In conducting the outcome assessments, the Monitor should measure not only the MCSO's progress in implementing the provisions of this Order, but the effectiveness of the reforms. To do so, the Monitor shall take into account the following performance-based metrics and trends:

. . . .

    i.   disciplinary outcomes for any violations of departmental policy; <u>and</u>

    j.   whether any Deputies are the subject of repeated misconduct Complaints, civil suits, or criminal charges, including for off-duty conduct; ~~and~~

    k.   [REMOVED] ~~the level of MCSO engagement and participation with the community advisory board;~~

. . . .

    **f.**   **Public Statements, Testimony, Records, and Conflicts of Interest**

141.   Except as required or authorized by the terms of this Order or the Parties acting together: neither the Monitor, nor any agent, employee, or independent contractor thereof, shall make any public statements, outside of statements to the Court as contemplated in this Order, with regard to any act or omission of the Defendants, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to the Order. <u>As required and authorized, the Monitor shall conduct the public community outreach meetings provided in this order and the CAB meetings.</u> Any press statement made by the Monitor regarding its employment or monitoring activities under this Order shall first be approved by the Parties.

. . . .

End of amendments.

    **IT IS THEREFORE ORDERED** amending the Supplemental Permanent Injunction/Judgment Order (Doc. 606) as indicated above. The Court's injunctions of December 23, 2011; May 24, 2013; and October 2, 2013 shall remain permanent as amended by this Order until and unless specifically dissolved or modified by the Court or an appellate court of competent jurisdiction.

    **IT IS FURTHER ORDERED** that this Order is an appealable final judgment. The Clerk of Court is directed to enter judgment accordingly.

1       **IT IS FURTHER ORDERED** that this Court retains jurisdiction over this case for the purposes of implementing the October 2, 2013, Supplemental Permanent Injunction/Judgment Order (Doc. 606) and these amendments to it.

      Dated this 4th day of April, 2014.

*A. Murray Snow*
_____
/G. Murray Snow
United States District Judge