Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
cwang@aclu.org

Stanley Young (*Pro Hac Vice*)
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
syoung@cov.com

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> Joseph M. Arpaio, et al., <br><br> Defendants(s). | CV-07-2513-PHX-GMS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' UNILATERAL AMENDED NOTICE RE CORRECTIVE STATEMENT** |

Additional Attorneys for Plaintiffs:

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
David Hults *(Pro Hac Vice)*
dhults@cov.com
Covington & Burling LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Lesli Gallagher (*Pro Hac Vice*)
lgallagher@cov.com
Covington & Burling LLP
9191 Towne Centre Drive, 6th Floor
San Diego CA 92122
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Daniel Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Nancy Ramirez (*Pro Hac Vice*)
nramirez@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Plaintiffs respectfully submit the following Response to Defendants' "Amended Notice re the April 10, 2014 Lodging of the Parties' Counsels' Agreed Upon Draft Corrective Statement and Defendants' New Revised Unilateral Draft Corrective Statement Dated April 15, 2014."

1. Plaintiffs note that pursuant to the Court's direction on March 24, 2014, the parties met and conferred and agreed upon the language of a corrective statement, which was filed with this Court on April 10, 2014.

2. Defendants did not advise Plaintiffs, much less meet and confer, prior to filing their unilateral Amended Notice on April 15, 2014.

3. Plaintiffs request that the Court order Defendants immediately to disseminate the agreed-upon corrective statement, which was filed with the Court on April 10, 2014, to all Maricopa County Sheriff's Office (MCSO) personnel. That statement is an accurate and adequate correction to the misstatements that were made by Chief Deputy Sheridan, Chief Trombi, and apparently by other MCSO personnel. The statement accurately summarizes the Court's orders in this case.

4. Plaintiffs also request that the Court prohibit any MCSO official or other personnel from disseminating any statements of disagreement with this Court's order within the MCSO along with the corrective statement. Such language would counteract the clear statement of the law in the corrective statement, and send mixed signals to MCSO personnel who are required to abide by this Court's orders.

5. Because the misstatements were made in the first instance by Chief Deputy Sheridan, the second-in-command of MCSO, and expressly endorsed by Sheriff Arpaio, a corrective statement should be issued by them in order to remedy the impact of the original, incorrect statements. Plaintiffs note that the Court has the legal authority to require the corrective statement to be disseminated under Sheriff Arpaio's and Chief Deputy Sheridan's names. *See*, *e.g.*, *Swann v. Charlotte-Mecklenberg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("[T]he scope of a district court's equitable powers to remedy past

wrongs is broad, for breadth and flexibility are inherent in equitable remedies."); *Toussaint v. McCarthy*, 801 F.2d 1080, 1087 (9th Cir. 1986) ("In fashioning a remedy for constitutional violations, a federal court must order effective relief.…A defendant's history of noncompliance with prior court orders is a relevant factor in determining the necessary scope of an effective remedy.") (citations omitted), *overruled in part on other grounds*, *Sandin v. Connor*, 515 U.S. 472 (1995); *Sharp v. Weston*, 233 F.3d 1166, 1173 (9th Cir. 2000) (same). There are no First Amendment limitations on the Court's authority to issue such orders that are tailored to address the constitutional violations found in this case and that do not implicate a government official's speech in his capacity as a private citizen. *See*, *e.g.*, *Garcetti v. Ceballos*, 547 U.S. 410, 418-21 (2006). Such an order is analytically no different from an injunction requiring new policies to be promulgated by an agency in order to remedy constitutional violations. Providing the correct information is necessary to ensure compliance with the Court's valid orders remedying constitutional violations and to counter the effect of prior misstatements that have the effect of obstructing such compliance.

6.      Whether or not the corrective statement is disseminated in the name of the Sheriff and the Chief Deputy, however, Plaintiffs urge the Court to enter an order requiring the immediate dissemination of the order to all MCSO personnel. Given the passage of time since the MCSO misstatements were made, and the Defendants' public filing of a statement of disagreement with the Court's findings of fact and conclusions of law, it is imperative that a clear statement requiring compliance by MCSO personnel with this Court's orders be disseminated immediately.

7.      Plaintiffs further request that the Court order Defendants to disseminate the corrective statement individually to all MCSO personnel and not merely by posting the statement to MCSO's website, and to take steps to ensure that all MCSO personnel have read and understand the corrective statement. Plaintiffs believe that this could be achieved, for example, through the same channels used for wide dissemination of MCSO

"Briefing Board" documents and by posting the corrective statement on bulletin boards in MCSO offices.

8. Finally, Plaintiffs request that the Court order Defendants to report whether the corrective statement has been disseminated to all MCSO personnel within three days, and that the Monitor confirm compliance with the order.

RESPECTFULLY SUBMITTED this 15th day of April, 2014.

By: /s/ Cecillia D. Wang
Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura
ACLU Foundation
Immigrants' Rights Project

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Lesli Gallagher (*Pro Hac Vice*)
David Hults (*Pro Hac Vice*)
Covington & Burling, LLP

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Nancy Ramirez (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund

*Attorneys for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be e-mailed to:

Thomas P. Liddy
liddyt@mcao.maricopa.gov

Timothy J. Casey
timcasey@azbarristers.com

Eileen Dennis GilBride
egilbride@jshfirm.com

*Attorneys for Defendant Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office*

                                           */s/* Cecillia D. Wang

4