Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950
cwang@aclu.org

Stanley Young (*Pro Hac Vice*)
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
syoung@cov.com

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> Joseph M. Arpaio, et al., <br><br> Defendants(s). | CV-07-2513-PHX-GMS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE RE PROPOSED TRAINING SCHEDULE** |

Additional Attorneys for Plaintiffs:

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
David Hults *(Pro Hac Vice)*
dhults@cov.com
Covington & Burling LLP
1 Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile:  (415) 591-6091

Lesli Gallagher (*Pro Hac Vice*)
lgallagher@cov.com
Covington & Burling LLP
9191 Towne Centre Drive, 6th Floor
San Diego CA 92122
Telephone: (858) 678-1800
Facsimile:  (858) 678-1600

Daniel Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Suite 235
Phoenix, AZ 85014
Telephone:  (602) 650-1854
Facsimile:  (602) 650-1376

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Nancy Ramirez (*Pro Hac Vice*)
nramirez@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

Plaintiffs respectfully submit the following Response to Defendants' "Notice of Lodging Its Proposed Training Schedule."

Training schedule

1. Plaintiffs do not object to Defendants' proposal that all required trainings under the Court's October 24, 2013, order should be completed no later than 120 days after approval of the training materials and instructors by the Monitor.

Instructors

2. Plaintiffs renew their objection to the participation of Defendants' counsel Thomas Liddy as an instructor. As Plaintiffs stated to Defendants during the meet-and-confer process beginning in January 2014, Plaintiffs object to Mr. Liddy's participation in the training because of potential conflicts that may arise during the course of the compliance period. For example, if an issue were to arise in the future about the adequacy of a training in which Mr. Liddy has served as a trainer, he would be in the conflicted position of acting both as a fact witness and as Defendants' counsel in any compliance proceeding.

3. Plaintiffs renew their objection to the participation of Deputy Chief John MacIntyre as an instructor. As Plaintiffs stated to Defendants during the meet-and-confer process beginning in January 2014, Plaintiffs object to Deputy Chief MacIntyre's participation as a trainer because of his admitted responsibility for the spoliation of evidence during the course of this litigation.

4. Plaintiffs renew their objection to the participation of Chief Deputy Jerry Sheridan as an instructor, for reasons stated during the status conference before the Court on March 24, 2014. Plaintiffs continue to believe Chief Deputy Sheridan's participation as a trainer is inappropriate in light of his statements during the official MCSO pre-operation briefing in October 2013, and his public statements in the *Arizona Republic* in January 2014. In the event that the Court does not bar Deputy Chief Sheridan's

participation as a trainer, Plaintiffs request access to MCSO's training sessions in order to observe the proceedings.

5. As indicated in Defendants' Notice, counsel for Defendants invited Plaintiffs to submit proposed instructors for the required trainings. Plaintiffs are in the process of identifying and vetting prospective instructors and will meet and confer with Defendants and the Monitor about additional instructors. Plaintiffs request the Court's leave for an additional seven days to submit proposed instructors.

## Training materials and curriculum

6. Defendants' Notice refers to trainings on the Fourth Amendment and Bias-Free Policing (Classes 1 and 2), and to a supervisors' training (Class 3). Plaintiffs note that the required training on the Fourth Amendment also includes content relating to the enforcement of immigration-related Arizona state laws.

7. In January 2014, Plaintiffs engaged in an extensive meet-and-confer process with the Defendants concerning the identity of instructors and the content of the training materials submitted by Defendants to the Court on December 31, 2013. Plaintiffs raised numerous objections and made numerous detailed recommendations about the content of Defendants' proposed training curriculum and materials. The proposed curriculum contained numerous legal errors, incomplete summaries of the Court's orders and, in the case of the supervisor training, included only a cursory list of topics with no detailed content. To take just one example, the proposed curriculum did not correctly define racial profiling and suggested that if a deputy has probable cause to arrest or reasonable suspicion to justify a *Terry* stop, then no racial profiling has occurred. At the time of the meet-and-confer in January 2014, Defendants indicated that they would consider some of Plaintiffs' objections and recommendations and provide revised versions for Plaintiffs' review but to date, Defendants have not provided Plaintiffs with any revisions to the materials submitted on December 31, 2013. Plaintiffs had expected Defendants to include such revised training materials in Defendants' April 7, 2014, production of

documents to the Monitor, but that production did not include any training curriculum or materials. Plaintiffs request that the Court order Defendants to cooperate with the Monitor to expedite the completion, review (including by Plaintiffs) and approval of the training curriculum and materials. Until such time, Defendants' proposed 120-day period for implementation of the new training cannot even begin to run.

8. Plaintiffs have summarized the meet-and-confer process in correspondence with the Monitor, and intend to continue meeting and conferring with Defendants and the Monitor in order to expedite the completion of the training curriculum and materials, so that the 120-day training period may begin as soon as possible.

RESPECTFULLY SUBMITTED this 17th day of April, 2014.

By: /s/ Cecillia D. Wang
Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Lesli Gallagher (*Pro Hac Vice*)
David Hults (*Pro Hac Vice*)
Covington & Burling LLP

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Nancy Ramirez (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be e-mailed to:

Timothy J. Casey
timcasey@azbarristers.com

Thomas P. Liddy
liddyt@mcao.maricopa.gov

Eileen Dennis GilBride
egilbride@jshfirm.com

*Attorneys for Defendant Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office*

/s/ Cecillia D. Wang

4