IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER**<br><br>**(UNDER SEAL)** |

The Court held a sealed hearing in this matter on May 14, 2014. The Court after the hearing became aware of facts that caused it certain concerns regarding the MCSO's implementation of matters discussed at the hearing. A preliminary report by the MCSO has been transmitted to the Court regarding those events. Therefore, without waiving or altering any of the other direction given or orders made by the Court at the closed hearing on the 14th, the Court issues the following order under seal. Giving consideration to legitimate need to act so as to maximize the preservation of evidence the MCSO shall immediately, or as quickly as possible:

    (a) identify all of its officers, volunteers, and employees both current and former who used or had access to any kind of recording device during traffic stops from 2007 forward;

    (b) identify specifically what kinds of devices each officer/volunteer/employee used (e.g. audio, video, dashcam, eyeglass cam, bodymount camera, etc.); when those devices were acquired; and whether the devices were issued by the MCSO,

provided by the officer/volunteer/employee him or herself, or how the devices were otherwise acquired or came into use;

(c) identify each patrol car that may have had such a device mounted in it and the current location of that device and/or patrol car;

(d) identify as specifically as possible the recordings that were made on each device, and when the recordings began and how long they continued;

(e) for each such officer/volunteer/employee and device identified, further identify

   (1) all methods in which each recordings from such devices were stored;

   (2) all locations in which such recordings were stored;

(f) if any such recordings were deleted or are no longer in existence or the control of the MCSO or its officer/volunteer, identify:

   (1) the specific location of each recording when it was destroyed and/or left the control of the MCSO or officer/volunteer/employee;

   (2) when the destruction, deletion or loss of control of the recording occurred;

   (3) with as great a specificity as possible which specific recordings were destroyed or left the control of the MCSO or its current or former officer/volunteer/employee;

(g) identify and provide any such recordings that have been previously, or are currently in the possession of the Maricopa County Attorney's Office for any purpose including but not limited to criminal matters or the furtherance of any civil action or defense;

(h) identify any governing policies, other than the pending policy under the review of the monitor, that was in effect or has been promulgated since 2007 which addresses the use of recording devices and the retention of their data;

(i) identify any instances of imposed disciplinary actions as a proximate result of video or audio recordings or retention of data;

(j) identify any and all instances where deputies presented audio or video recordings in their possession for exculpatory purposes including both for Internal Affairs and District Level;

(k) identify and provide copies of all investigations of complaints lodged against former deputy Charley Armendariz ; their outcomes and dispositions;

(l) identify any video or audio recordings known to be in the custody of the MCSO property or evidence room;

(m) explain the history and current status of the 32 County owned body cams procured through State highway funding;

(n) provide a full explanation of representations made to the Court regarding the number of seized DVD's seized from Armendariz's residence compared with the number cited in Captain Holmes May 14, 2014 correspondence to the Court's Monitor.

The MCSO shall provide this information to the Monitor at least weekly as it is gathered, with the understanding that such information must be updated in subsequent reports. Finally, the MCSO will prepare a report detailing the process they undertook to thoroughly and timely complete the above tasks.

**IT IS HEREBY ORDERED** that the MCSO shall investigate the issues identified in the hearing and this Order, and it shall provide the documentation listed in this Order on an ongoing basis as specified.

**IT IS FURTHER ORDERED** that as the MCSO learns of any possible recordings by any current or former officer/volunteer/employee on any form of recording device, the MCSO will take all possible steps to identify, secure and preserve all such recordings still in existence, whether in whole or part.

**IT IS FURTHER ORDERED** that pursuant to this Court's determination that the status hearing on May 14, 2014, should be sealed, this Order is also sealed. The seal on the hearing and this Order shall remain in effect until the Court determines that it can appropriately be lifted. Nevertheless, in light of the events subsequent to the May 14 hearing, a telephonic hearing is set at on **May 16, 2014 at 3:00 p.m.** to determine why the seal on this matter should not be lifted. The Court will send the conference call in number by separate email to the parties who will be participating.

1   **IT IS FURTHER ORDERED** directing the Clerk of Court to provide a copy of
2   this Order only to the following individuals:  Counsel for Plaintiffs, Cecilia D. Wang and
3   Daniel Pochoda, and Counsel for Defendants, Timothy Casey and Thomas Liddy.
4   Dated this 15th day of May, 2014.

*A. Murray Snow*
/G. Murray Snow
United States District Judge