IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

The Court held a hearing on May 14, 2014, regarding an impasse over the payment of bills from the Monitor in this action. In attendance were representatives for the parties as well as for Maricopa County and the Monitor.

The Court orders that the Monitor shall submit future bills in the following manner. The Monitor will continue as he has in the past to submit publicly available bills to Maricopa County which include a narrative description of all monitoring activities. In addition, the Monitor shall submit more detailed time entries for all of his team's activities to the Court alone. Those bills will include specific task-oriented time logs for the activities of the monitor team, including backup for support costs consistent with generally accepted accounting standards.

Sandi Wilson, the Deputy County Manager of Maricopa County, may, within the time periods provided in the County's contract with the Monitor, review those more

detailed bills in this Court's chambers for the purpose of verifying or challenging before this Court the legitimacy of any entry and or all of the Monitor's billings to the County. In so doing, and for reasons set forth at hearing, Ms. Wilson is prohibited from communicating or providing or permitting access to any information concerning any aspect of those bills, their content, or their supporting documentation, to any person or entity other than: (1) any attorney or consultant the county designates pursuant to the terms of this order; (2) the Monitor; and (3) this Court.

Should Ms. Wilson desire assistance in conducting such review, Ms. Wilson is authorized to designate one attorney and or one consultant who may also have access to the information contained in the billing documents submitted by the Monitor to the Court. Any attorney and/or consultant so designated will be individually-identified in a filing to the Court and shall be equally bound by the terms of this Order. Such designees shall not communicate or permit or provide access to any information pertaining to the Monitor's billings to any person or entity with the exception of Ms. Wilson personally, the Monitor or the Court. Such persons shall sign and file under oath an acknowledgement of the terms of this order, that they have read and understand it, and that they agree to comply with it. Any such attorney and/or consultant may not be employed by Maricopa County or the Maricopa County Attorney's Office.

If Ms. Wilson desires to contest any items identified on the bill, she shall raise those specific concerns with the Monitor. Ms. Wilson and the Monitor shall attempt to resolve those conflicts prior to raising the matter with the Court. If the Monitor and Ms. Wilson are unable to resolve the matter, Ms. Wilson will submit the dispute to the Court in camera and under seal. The Court will then resolve the matter after giving both parties an opportunity to be heard. Ms. Wilson will timely approve on behalf of the County the payment of all charges with which she does not assert a dispute. She shall further promptly pay any disputed charge that is resolved in the Monitor's favor. The Court reserves the right within its discretion to award attorneys' fees to the successful party in a payment dispute raised before it, and did describe at hearing the nature of the leeway

given to the Monitor in necessarily billing for time to determine and investigate whether matters fall under the purview of the Court's orders. The Court has further expanded the obligations of the Monitor since the Monitor and the County entered the contract, and the Court so observes.

If Ms. Wilson desires to dispute a charge publicly, rather than under seal and in camera, she must first obtain consent from the Monitor. If she obtains that consent, she must then seek the consent of the Defendants and the Plaintiffs in this case. Only after obtaining such consent of all such parties may she publicly file a dispute with this Court.

The Court will only maintain billing records that have not been timely contested by the County for a reasonable time.

**IT IS HEREBY ORDERED** that for all future months the Monitor will submit both public bills to Maricopa County and more detailed bills to this Court for review in camera and under seal as provided herein. Sandi Wilson will review those bills and may raise any dispute in the manner detailed in this order.

**IT IS FURTHER ORDERED** that Maricopa County will pay the Monitor's bills that the Monitor has already submitted for services in March and April 2014.

Dated this 15th day of May, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge