IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED** that the parties' Stipulated Protective Order (Doc. 728) is APPROVED and ADOPTED as follows:

      A.    If Defendants believe that a document responsive to the May 21 Document Request is non-public and should be produced to Plaintiffs confidentially, as described in Paragraph 150 of this Court's Supplemental Permanent Injunction/Judgment Order dated October 2, 2013, Defendants may produce the document to Plaintiffs' counsel subject to a designation that Plaintiffs' counsel shall maintain the document as confidential.

      B.    If Defendants so designate any document, Plaintiffs' counsel are prohibited from disclosing the document to anyone other than: (1) the Court, including court reporters and the Monitor and his staff; and (2) paralegals or other support staff

employed by Plaintiffs' counsel. Support staff associated with Plaintiffs' counsel are subject to the same confidentiality requirements required of Plaintiffs' counsel. For purposes of this Order, Plaintiffs' counsel means only counsel of record for the named Plaintiff and the Class in this case.

   C. Defendants shall clearly designate documents disclosed pursuant to this stipulation by affixing the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page for documents produced in paper format (or an electronic equivalent, such as an MS Word or PDF file). For documents produced in other formats, including but not limited to video or audio recordings, Defendants shall clearly label the relevant medium (e.g., a CD or DVD disc) with the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   D. Defendants shall notify Plaintiffs in writing when any document produced subject to the confidentiality designation is no longer subject to the restriction. After such time, Plaintiffs shall not be under any obligation to restrict disclosure of the document pursuant to this Stipulated Protective Order.

   E. Plaintiffs shall be permitted to challenge any confidentiality designation by seeking relief from this Court after meeting and conferring with Defendants, but remain subject to the confidentiality obligation unless and until this Court orders the confidentiality designation to be removed from the document. In any dispute regarding a confidentiality designation, Defendants shall bear the burden of proving that the designation is proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

F.  If any document produced by Defendants subject to the confidentiality designation is submitted to this Court, the submitting party shall file the document under seal.

Dated this 18th day of July, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge