# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

**IT IS HEREBY ORDERED** setting a Status Conference in this matter for **Tuesday, October 28, 2014 at 3:00 p.m.** in Courtroom 602 of the Sandra Day O'Connor Courthouse at 401 W. Washington Street, Phoenix, Arizona, 85003. The parties shall be prepared to discuss the following matters with the Court at the Status Conference.

1. The Monitor has received a report from the MCSO indicating the completion of the HSU criminal investigation arising from the activities of Deputy Charley Armendariz and what appear to be related allegations. In light of that notification, the Monitor has prepared a report for the Court evaluating MCSO's investigation. The Monitor shall immediately provide a copy of that report to the parties. The parties will file any response they have to the Monitor's report with the Court by October 21, 2014. The Court has questions of the parties in light of the Monitor's report that may be answered by the responses of the parties. To the extent they are not, the Court would like to discuss such matters at the status conference. Appropriate and responsible MCSO personnel shall be present at the status conference to answer the

1 questions of the Court and the parties.

2 Knowledge of the investigation was originally kept under seal for a short period
3 due to the fact that it was an ongoing criminal investigation. But, after several initial
4 events, the parties agreed there was no further sufficient purpose to keep knowledge of
5 the investigation under seal, and the seal on this court's previous proceedings was lifted.
6 Should either party believe that their remains a justification for keeping the Court's
7 further proceedings under seal, they shall, not later than October 13th, provide the Court
8 with a brief written statement, not to exceed seven pages, in which they set forth their
9 justification and authorities for any further proceedings under seal. Should the Court
10 receive any such objections, it may enter further orders to require expedited briefing on
11 the question. A copy of the Monitor's report and the parties' responses shall be sent to
12 the Maricopa County Attorney and the United States Attorney for the District of Arizona.

13 2. Pursuant to this Court's Order Appointing the Monitor (Doc. 649), the
14 Maricopa County Administration has conferred with the Monitor regarding the
15 reasonable costs in implementing this Order. So that all parties may be aware of the
16 substance of such consultation, the Monitor is directed to prepare a report to the Court
17 concerning such consultations, the requests for information made by the County, and
18 guidance, if any, provided by the Monitor. Such a report will be expeditiously prepared
19 and provided to the parties. Should either party or the Maricopa County Administration
20 desire to respond to the report, it may file any responses with the Court by the same
21 October 21 deadline. To the extent that the Monitor has not been able to prepare the
22 report in sufficient time to allow the parties an opportunity to respond in writing such
23 matters shall be addressed at the status conference.

24 3. The Court has observed some of the Monitor's community meetings, and
25 several of the training sessions of deputies and posse members required by its Order.
26 There was much to commend in the community meetings run by the Monitor, and the
27 participation of the parties and the residents in those meetings. There has also, to date,
28 been much to commend in the substance of the training sessions prepared by the parties

and implemented by the MCSO. Nevertheless, the Court is concerned that such training is undermined by contemporaneous public statements attributed to the Sheriff that suggest that he would again engage in the same operations that the Court found, on a number of grounds, to be unconstitutional—the very grounds that the required MCSO training seeks to correct. As this Court has previously observed, the Sheriff is free to make whatever public statements he wishes. Nevertheless, the Sheriff "sets the overall direction and policy for the MCSO." Thus his deputies cannot be presumed to ignore what he says. The Court wishes to determine the position of the parties, if any, as to whether the public statements of MCSO supervisory personnel should or may be considered in evaluating whether the Defendants are in full and effective compliance with the terms of the Court's Order concerning training or otherwise.

**IT IS FURTHER ORDERED** directing the Clerk of Court to send a copy of this Order to the following:

1. The Maricopa County Board of Supervisors and Tom Manos, Maricopa County Manager at 301 West Jefferson, 10th Floor, Phoenix, AZ 85003.

2. Bill Montgomery, Maricopa County Attorney at 301 West Jefferson, Suite 800, Phoenix, AZ 85003.

3. John S. Leonardo, United States Attorney, District of Arizona at Two Renaissance Square, 40 N. Central Ave., Suite 1200, Phoenix, AZ 85004.

Dated this 7th day of October, 2014.

/G. Murray Snow
United States District Judge