COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Priscilla G. Taylor (*Pro Hac Vice*)
ptaylor@cov.com

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO SEAL PROCEEDINGS** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone:  (602) 650-1854
Facsimile:  (602) 650-1376

Tammy Albarran
talbarran@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Cecilia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone:  (415) 343-0775
Facsimile: (415) 395-0950

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense
and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

Plaintiffs respectfully submit the following response to Defendants' "Objection to Proceedings Not Being Conducted Under Seal." (Dkt. No. 749.)  Defendants have not carried the heavy burden of demonstrating that the October 28 status conference should be sealed.

There exists a "strong presumption" in favor of public access to court proceedings and records.  *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  To overcome this presumption, a party seeking confidentiality must show compelling reasons for doing so and cannot rely on hypothesis or conjecture.  *See id*.  Defendants have not adequately set forth the basis for their request to seal any part of the proceedings.

Defendants assert only that proceedings should be conducted under seal pursuant to A.R.S. § 38-1101, *et seq.* and A.R.S. § 38-1104, because "additional persons have been identified as investigative principals, and these additional investigations have been commenced."  A.R.S. § 38-1101 governs administrative disciplinary proceedings against law enforcement officers.  However, Defendants have not identified, publicly or under seal, the names of any such "additional persons."  Nor have they identified the nature of the "additional investigations," such as whether they are criminal or administrative proceedings or whether the additional investigations simply relate to the conduct of Deputy Armendariz himself.  A.R.S. § 38-1104 does not appear to have any relevance to the confidentiality of administrative investigations or findings.

The Maricopa County Sheriff's Office's (MCSO) response, investigation, and findings regarding Deputy Armendariz's conduct and revelations made during that investigation are matters of public concern.  As Deputy Armendariz is deceased, Defendants have stated no basis on which to seal information regarding his conduct.  And without specific information on these purported "additional investigations," Plaintiffs are unable to respond substantively to Defendants' assertion that such investigations should

1

1  be confidential or whether there is any need to discuss them during the upcoming

2  hearing.

3          Moreover, even if Defendants had a valid basis to request sealing of portions of

4  the October 28 status conference as to specific administrative proceedings, they certainly

5  have set out no basis to seal "*any* portion of the October 28, 2014 hearing related to the

6  Armendariz investigation, to these related investigations, and/or to any 'information

7  about [these] investigations.'"  (Dkt. No. 749 at 2 (emphasis added; addition in original).)

8          Plaintiffs respectfully request that the Court deny Defendants' request to

9  conduct any portion of the upcoming proceedings under seal.  In the alternative, and upon

10  Defendants' provision of adequate information regarding the "additional investigations,"

11  Plaintiffs request that the Court consider sealing only those specific portions of

12  proceedings that cannot be publicly disclosed pursuant to Arizona state law.

13          RESPECTFULLY SUBMITTED this 16th day of October, 2014.

14

15          By: /s/ Andre I. Segura
16          Andre I. Segura (*Pro Hac Vice*)
            Cecilia D. Wang (*Pro Hac Vice*)
17          ACLU Foundation
            Immigrants' Rights Project
18
19          Stanley Young (*Pro Hac Vice*)
            Tammy Albarran (*Pro Hac Vice*)
20          Hyun S. Byun (*Pro Hac Vice*)
            Priscilla G. Taylor (*Pro Hac Vice*)
21          Covington & Burling, LLP
22
            Daniel Pochoda
23          ACLU Foundation of Arizona
24
            Anne Lai (*Pro Hac Vice*)
25
            Jorge Castillo (*Pro Hac Vice*)
26          Mexican American Legal Defense and
            Educational Fund
27
28          *Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be e-mailed to:

Thomas P. Liddy
liddyt@mcao.maricopa.gov

Timothy J. Casey
timcasey@azbarristers.com

James L. Williams
James@azbarristers.com

*Attorneys for Defendant Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office*

 */s/* Andre I. Segura

3