# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **AMENDED ORDER** |
| v. | |
| Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al. | |
| Defendants. | |

Pending before the Court is Defendant's Objection/Response re Status Conference (Doc. 749). After having reviewed the briefing on this question as well as the *in camera* materials provided to the Court last Friday, the public hearing will go forward as follows:

1. To the extent that previously sealed matters pertaining to the Armendariz investigation have since been unsealed, (Doc. 706), the discussion of these matters is public and need not take place under seal.

2. To the extent that matters are publicly disclosed in the MCSO's response to the Monitor's Report (Doc. 753) the matters have been made public and the Court assumes that MCSO claims no confidentiality in them. The Plaintiffs have lodged their response to the report under seal (Doc. 753). The Court sees no reason why the Monitor's Report and the Plaintiff's response should not also be made public, and the matters contained therein discussed, except to the limited extent discussed below. To the extent that Plaintiffs' object to the disclosure of the Monitor's Report or their response, they should let the Court know at the beginning of the hearing.

3. On May 15 2014 (Doc. 706), this Court unsealed its previous Order (Doc. 693), and a number of sealed hearings in which it directed that MCSO take certain action to uncover and obtain the disclosure of departmental recordings that had previously been undisclosed in the action that gave rise to the current injunctive relief order. The steps taken by the MCSO to implement this Order, both upon its oral issuance and the subsequent written Order by the Court, are public and do not require a sealed hearing. MCSO has represented that the appropriate personnel to testify as to the MCSO's implementation of this Court's Orders in response to the Court's questions will be there. The Court presumes that they will include, but not necessarily be limited to, Chief Deputy Jerry Sheridan, Captains Holmes and Bailey and Christine Stutz.

4. In its Response to the Monitor's Report, the MCSO has publicly disclosed the existence of both criminal and administrative investigations that arose or are related in part to the Armendariz investigation. Those investigations involve both: (1) the cause of death of Deputy Armendariz; (2) investigations that relate to the potential criminal conduct of Deputy Armendariz when he was the only participant in the potentially criminal activity; (3) investigations into the property and videos taken from Deputy Armendariz's home; (4) investigations into the statements of the allegations of former deputy Cisco Perez concerning the conduct of HSU generally and the monitor's evaluation concerning the efficacy of that investigation; (5) Deputy Armendariz's personnel history; (6) the pending investigation of Deputy Armendariz's supervisors; (7) other pending investigations; and (8) other matters. These matters are public and the discussion of them does not require a sealed hearing. While the discussion of ongoing investigations has been disclosed and may be generally discussed without the necessity of sealing the hearing, any specific questions regarding such investigations relating to the status of the investigations and their targets shall take place under seal. MCSO has represented that it will have present the appropriate personnel to answer the Court's questions. The Court presumes that such personnel may include Chief Deputy Jerry Sheridan, Captain Ken Holmes, Captain Bailey, and Sergeant Dave Tennyson. The

1 presence of Ed Leiter may also be helpful. The Court further notes that the Monitor's Report was complimentary of the investigative work of Lieutenant Kim Seagraves and Sergeant Fax. The Court does not anticipate questions for them, but to the extent the Defendants believe their presence may be helpful they are, of course, welcome to attend.

5. The Court does not understand any party to suggest that as the hearing relates either to the contact between the Maricopa County Administration and the Court's Monitor concerning the cost of order compliance, or those comments attributed to Sheriff Arpaio that have caused the Court concern pertaining to MCSO's obligation to appropriately instruct its personnel, should be under seal. They will not be. The Court has not previously required the presence of Sheriff Arpaio, and so will not require it now. But the Court believes his presence may prove beneficial to the appropriate implementation of the Court's Order. Of course, to the extent that Sheriff Arpaio wishes to address those comments attributed to him that give the Court concern, he will be provided the opportunity to do so.

6. As has been stated above, based on the submission by the MCSO of *in camera* materials, the Court may at the end of the hearing seal the remaining proceedings to ask specific questions regarding specific ongoing investigations identified by the MCSO *in camera*. MCSO has represented to the Court that the appropriate personnel will be there to answer any such questions.

Dated this 27th day of October, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge