1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9

| | |
|---|---|
| Manuel de Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' REQUEST TO REDACT MONITOR'S REPORT WITHOUT PREJUDICE** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Following the status conference held on October 28, 2014 to address the Monitor's findings relating to the Maricopa County Sheriff's Office's (MCSO) investigation into former Deputy Armendariz and its efforts more generally to meet its compliance obligations pursuant to this Court's Orders (*see* Docs. 606, 748), Defendants' submitted a request to have large portions of the Monitor's Report dated September 28, 2014 redacted. (Doc. 763). During the October 28 hearing, Defendants stated their belief that Arizona Revised Statutes section 38-1101(L) creates a qualified privilege prohibiting the disclosure of certain confidential information pertaining to law enforcement officers under investigation until any such ongoing internal investigations are complete, including the appeals process. While this Court intends to honor the spirit of section 38-1101, Defendants have failed to meet their burden of demonstrating that the proposed redactions contain privileged information. For this reason, the Court rejects Defendants' submission of a redacted version of the Monitor's Report.

Issues of privilege in federal question cases are determined by federal law. Fed. R. Evid. 501; *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir. 1975). "In determining the

1    federal law of privilege in a federal question case, absent a controlling statute, a federal

2    court may consider state privilege law. But the rule ultimately adopted, whatever its

3    substance, is not state law but federal common law." *Id.* The party asserting the privilege

4    bears the burden of proving its applicability, and simply mentioning a general category of

5    privilege, without any further elaboration or specific linkage with particular documents,

6    does not satisfy the opponent's burden of establishing a compelling reason sufficient to

7    overcome the presumption of public access and justify the sealing of the records.

8    *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).

9         Defendants' assume without offering justification that section 38-1101(L) creates

10   a litigation privilege, even though the statute itself does not expressly purport to do as

11   much. Rather, section 38-1101(L) creates a narrow exception for withholding information

12   that is related to an administrative investigation and contained in an officer's personnel

13   file from public inspection until that investigation is complete. *See* Ariz. Rev. Stat. § 38-

14   1101(L). The Arizona legislature has, in contrast, explicitly provided for privileges

15   relating to communications between husbands and wives (*Id.* §§ 12-2231–32), clergymen

16   and penitents (*Id.* § 12-2233), attorneys and clients (*Id.* § 12-2234) and doctors and

17   patients (*Id.* § 12-2235). Because nothing in the language of section 38-1101(L) lends

18   itself to the conclusion that the Arizona legislature intended to imply a privilege akin to

19   the ones mentioned above, the Court declines to incorporate section 38-1101 as a blanket

20   excuse for withholding portions of the Monitor's report from the public record. *Cf.*

21   *Trammel v. United States*, 445 U.S. 40, 50 (1980) ("[P]rivileges contravene the

22   fundamental principle that the public . . . has a right to every man's evidence. . . . As such,

23   they must be strictly construed and accepted only to the very limited extent that . . .

24   excluding relevant evidence has a public good transcending the normally predominant

25   principle of utilizing all rational means for ascertaining truth." (internal quotation marks

26   and citations omitted)).

27         Nevertheless, the Court is sensitive to the legitimate law enforcement need to

28   protect both personnel and the sensitive information potentially unearthed during the

- 2 -

course of an internal investigation. *See, e.g.*, *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Federal common law recognizes a qualified privilege for official information . . . [including] [g]overnment personnel files."). To the extent that the Monitor became privy to information within the scope of common law privileges only by virtue of his overseeing ongoing administrative investigations that have been instigated by MCSO, and has disclosed information in his most recent Report that public policy justifies maintaining under seal, Defendants may petition the court to redact the relevant portions. However, general assertions that redaction is warranted "to promote the confidentiality provided for by Arizona law" will not suffice to overcome the "strong presumption in favor of access." (Doc. 763 at 2); *see Kamakana*, 447 F.3d at 1178 (concluding that the sealing of deposition testimony transcripts and other documents attached to dispositive motions in civil rights suit was unwarranted because the parties failed to articulate compelling reasons that such records should remain sealed, and in camera review of the materials revealed that they did not contain sensitive personal information). The party seeking to seal a judicial record thus bears the heavy burden of "articulat[ing] compelling reasons supported by specific factual findings, and it is incumbent on the Court to "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain . . . records secret." *Kamakana*, 447 F.3d at 1178–79.

For these reasons, the Court declines to adopt Defendants' proposed redactions. If Defendants so choose, they may submit a carefully crafted pleading under seal within three days with specific averments as to why compelling reasons exists for redacting portions of the Monitor's Report. Should the Court receive no such timely filing, it will publish the Report unredacted. For each suggested redaction, Defendants must proffer information explaining (1) the privilege being claimed; (2) why redaction is appropriate; (3) which ongoing or specific potential future investigation the confidential material pertains to and how the statutory standard indicates that the material should be treated as privileged under the statute; (4) whether the impetus for the investigation was MCSO's

own initiative, or stems from the Monitor's report itself; (5) why any assertable privilege was not waived by Defendants' filing its response to the Monitor's report publicly; and (6) any and all additional materials required by statute or jurisprudence to sustain a claim of privilege. Copies of the sealed motion should be provided to Plaintiffs as well, and Plaintiffs shall treat the motion accordingly.

**IT IS THEREFORE ORDERED** that Defendants' Redacted Monitor Report (Doc. 763, Ex. 1) is **DENIED WITHOUT PREJUDICE.**

**Dated this 4th day of November, 2014.**

G. Murray Snow
United States District Judge