```
 1                 UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF ARIZONA

 3

 4   Manuel de Jesus Ortega        )
     Melendres, et al.,            )
 5                                 )
                 Plaintiffs,       )  CV 07-2513-PHX-GMS
 6                                 )
                 vs.               )  Phoenix, Arizona
 7                                 )  November 20, 2014
     Joseph M. Arpaio, et al.,     )  1:35 p.m.
 8                                 )
                 Defendants.       )  SEALED PROCEEDINGS
 9   _____)

10

11

12

13

14
                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
               BEFORE THE HONORABLE G. MURRAY SNOW
16
             STATUS CONFERENCE - SEALED PROCEEDINGS
17
          (Page 65, Line 20, through Page 77, Line 15)
18

19

20

21

22   Court Reporter:            Gary Moll
                                401 W. Washington Street, SPC #38
23                              Phoenix, Arizona   85003
                                (602) 322-7263
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription
```

```
 1                    A P P E A R A N C E S
 2
 3   For the Plaintiffs:       Daniel J. Pochoda, Esq.
                               AMERICAN CIVIL LIBERTIES
 4                             FOUNDATION OF ARIZONA
                               P.O. Box 17148
 5                             Phoenix, Arizona  85011-0148
                               (602) 650-1854
 6
                               Andre Segura, Esq.
 7                             AMERICAN CIVIL LIBERTIES UNION
                               125 Broad Street, 18th Floor
 8                             New York, New York  10004
                               (212) 549-2676
 9
     For the Defendants:       Timothy J. Casey, Esq.
10                             James L. Williams, Esq.
                               SCHMITT, SCHNECK, SMYTH,
11                             CASEY & EVEN, P.C.
                               1221 E. Osborn Road
12                             Suite 105
                               Phoenix, Arizona  85014-5540
13                             (602) 277-7000

14   For Defendant Arpaio:     Thomas P. Liddy, Esq.
                               Senior Litigation Counsel
15                             Deputy County Attorney
                               MARICOPA COUNTY ATTORNEY'S OFFICE
16                             Civil Services Division
                               222 N. Central Avenue
17                             Suite 1100
                               Phoenix, Arizona 85004
18                             (602) 506-8066

19

20

21

22

23

24

25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20            THE COURT:  Thank you.  Please be seated.                   15:17:48
21            All right.  As I've indicated, this matter is now
22   under seal.  I am going to have everyone in the courtroom and
23   on the line, as I did before, identify their presence, and I'm
24   going to make it clear that anything that we discuss here is
25   not to be discussed elsewhere without further order of the          15:18:11
```

1  Court.
2          So unless you're a member of the court staff, identify
3  yourself on the record now, please, beginning with those on the
4  phone.
5          CHIEF WARSHAW:  Yes, Judge.  This is Chief Warshaw                  15:18:27
6  along with Chief Martinez and Commander Girvin.
7          THE COURT:  All right.
8          MR. SEGURA:  And this is Andre Segura with the ACLU.
9  Annie Lai had to jump off.
10         MR. POCHODA:  And Dan Pochoda.                                      15:18:44
11         MR. CASEY:  Your Honor, Tim Casey and James Williams
12 are remaining in the hearing simply for continuity purposes to
13 assist Mr. Liddy, but Mr. Liddy will present to the Court.
14         THE COURT:  All right.  Well, then you will be
15 similarly bound, but we haven't had somebody from plaintiffs'                15:18:59
16 table.
17         MR. BENDOR:  Josh Bendor.
18         THE COURT:  Okay.  Thank you.
19         MR. LIDDY:  Thomas Liddy from the Maricopa County
20 Attorney's Office representing Sheriff Arpaio and MCSO.                      15:19:09
21         CHIEF DEPUTY SHERIDAN:  Jerry Sheridan, Chief Deputy,
22 Maricopa County Sheriff's Office.
23         MR. WILLIAMS:  James Williams.
24         MR. LIDDY:  And Christine Stutz, also from MCAO, and
25 Sergeant Fax, Your Honor.                                                    15:19:24

1        THE COURT: All right. For those of you who are on
2    the phone, I guess I want an avowal that nobody else is on the
3    line that's in your presence, please.
4        MR. SEGURA: No one here in New York. This is Andre
5    Segura.
6        Julie, are you still on from Covington?
7        CHIEF WARSHAW: Judge, no one else is present where --
8    in our location.
9        THE COURT: All right. Mr. Liddy.
10       MR. LIDDY: Your Honor, we want to alert the Court
11   that in our review of the traffic stop videos we did identify
12   one stop which has been referred to as the Korean stop that
13   occurred on November 1st, 2012, which is significant because
14   that was after this Court's order, this injunction to stop
15   doing the interdiction patrols.
16       Our review of that tape has led us to believe that it
17   was an interdiction patrol, and that gave rise to an MCSO
18   investigation and that investigation is ongoing. But so far in
19   that investigation two lieutenants have been interviewed, and
20   those interviews have revealed, and the MCSO has concluded,
21   that this Court's order was not communicated to the line troops
22   in the HSU. And so that has spawned an additional
23   investigation up the chain of command as to exactly why they
24   were not, and how it came to be that they were not.
25       We have identified an e-mail from Mr. Casey to Brian

1  Sands, Chief Brian Sands, Chief Jack MacIntyre, Chief Jerry
2  Sheridan, and Lieutenant Sousa.  Lieutenant Sousa has already
3  been interviewed.  And so that gives rise to reason for
4  additional investigations and interviews.
5          However, two of those personnel -- excuse me, one of                15:21:34
6  those, Chief Sheridan, has already been -- has already
7  testified under oath as to his actions regarding that.
8          THE COURT:  Where was that?
9          MR. LIDDY:  That was in the DOJ case.  And the
10 DOJ has --                                                                  15:21:57
11         THE COURT:  I appreciate this, Mr. Liddy, and I want
12 to let you finish what you're going to say, but I will tell you
13 that when I indicated that I had already discussed with the
14 monitor areas of separate investigation and I wouldn't be bound
15 by the fact that you were going to start new areas, this is                 15:22:07
16 one.
17         MR. LIDDY:  I understand, Your Honor.  I'm not asking
18 for any court action.  I just want to let the Court know that
19 this has occurred, and that this investigation is ongoing.
20         THE COURT:  Well, who's in charge of this                           15:22:21
21 investigation?
22         MR. LIDDY:  A portion of this investigation has had to
23 move out to Investigator Don Vogel, who has already been
24 investigating key personnel in the chain of command and
25 leadership on a separate investigation, and it is MCSO's intent             15:22:39

1  to expand his portfolio to also investigate those, so that the

2  people underneath the chain of command aren't the ones

3  investigating those in leadership.

4           THE COURT:  You know, just so that we can be open, let

5  me just tell you that I had already directed Chief Warshaw,                15:22:58

6  who's now on the phone, to begin investigating this.  I do not

7  know whether or not Chief Warshaw will find what you're

8  proposing to do acceptable and so I'm not precluding myself, or

9  him, from conducting an independent investigation.

10          However, one of the things you'll see in the order              15:23:17

11 that I discussed with you in the open hearing is one of the

12 things I'm going to require you to do when you begin an

13 investigation is lodge a description with this Court that tells

14 the subjects of the investigation, the number of the

15 investigation, and the subject matter of each investigation,             15:23:35

16 and when you adjust that investigation you have to also lodge

17 that under seal with this Court, provide written notice to the

18 monitor.

19          You'll have to do that as soon as you get the order,

20 anyway, but then you better -- you probably will need to                 15:23:48

21 undertake discussions with my monitor as to whether or not what

22 you're doing is adequate to him or whether or not I'm going to

23 assume that investigation.  And while we're at it, just so long

24 as we're not playing hide the ball, I don't think you have the

25 authority to investigate Sheriff Arpaio, do you?                         15:24:04

1           MR. LIDDY:  I want to make sure I'm clear.  I,
2  Tom Liddy, MCAO --
3           THE COURT:  No, no --
4           MR. LIDDY:  -- investigate that.
5           THE COURT:  -- no, I mean the MCSO.  In 38-1101, he's            15:24:13
6  not an employee.
7           MR. LIDDY:  That is correct, Your Honor, no.
8           THE COURT:  And so 38-1101 does not apply to Sheriff
9  Arpaio, does it?
10          MR. LIDDY:  I'd have to research that, Your Honor, but          15:24:23
11 I have a feeling --
12          THE COURT:  Well, I will tell you that --
13          MR. LIDDY:  -- I know where it will come out.
14          THE COURT:  -- I don't see how it does, he's not an
15 employee.                                                                 15:24:35
16          MR. LIDDY:  And just so it's clear, I've not indicated
17 that we're investigating Sheriff Arpaio.
18          THE COURT:  I know, but just so we're clear, I'm
19 indicating I intend to, or at least that's high on my radar.
20          And so Mr. Casey, to the extent that there might be a            15:24:49
21 due process violation, I'm now informing you that Sheriff
22 Arpaio will be one of the people that I will require to appear
23 here on December 4th under oath, and I am going to investigate
24 him pursuing -- pursuant to his compliance with my orders.
25          I guess I don't need to tell you that, Mr. Casey; I              15:25:08

1    need to tell you that, Mr. Liddy.  He will be here on December

2    4th.  And if I'm going to name others, I will name them

3    shortly.  But frankly, in deference, Mr. Liddy, to the fact

4    that you might have, and I'm not -- I don't mean to be

5    pejorative by this point, but to the extent that you can                    15:25:25

6    convince my monitor of any cooperation with him and you now

7    have a team in place in which you can get a fair investigation

8    of some of these people, I might hold off on conducting my own

9    investigation and allow you that opportunity, but I might not.

10   Because, as I said, I feel like I've given lots of                          15:25:43

11   opportunities, and so we're going to have to have this be a lot

12   more specified, defined process, and that is what you will see

13   in my order.

14            MR. LIDDY:  Your Honor, if the Court would like, we

15   can put some more meat on those bones with Sergeant Fax and                 15:25:59

16   Christine Stutz.  However, because of the --

17            THE COURT:  Well, let me tell you --

18            MR. LIDDY:  -- investigation --

19            THE COURT:  -- one of the things that I'm not going to

20   take out of my order that's still in there is that Seagraves               15:26:08

21   and Fax did a pretty good job, as far as my monitor was

22   concerned, in the rather limited areas of the investigation

23   that they were asked to undertake.  I've left that in my order.

24            I have not put Sergeant Tennyson's name in my order

25   but let me tell you, I have reviewed since some of the                     15:26:28

1  interviews he did and they are a joke, and it is a serious

2  joke.  And so to the extent that you can convince my monitor

3  that it isn't going to be that kind of a joke any more, then I

4  may hold off on who I -- and see what you can uncover.  But if

5  you -- but if you don't convince him, I'm not holding off.  I                15:26:50

6  will do the investigation.

7           MR. LIDDY:  I understand.  I appreciate, Your Honor.

8           However, I do want to say that I'm absolutely

9  confident that no member of the investigative team at MCSO ever

10 considered these investigations a joke, and that we would                    15:27:03

11 appreciate -- and that we would appreciate the opportunity to

12 prove our good faith by allowing the MCSO to continue these to

13 their duration.

14          At such time, the Court and the monitor could look at

15 the works of the MCSO's investigative effort, including that of              15:27:25

16 Mr. Vogel, before it makes its determination as to whether

17 there was any intent or action to undermine the investigations

18 or the Court's order, or to do anything in the self-interest,

19 quote unquote, of the MCSO, anything other than full, complete

20 compliance with this Court's orders.                                         15:27:48

21          THE COURT:  Well, I won't make any findings, but I

22 have to say that some of the actions of the MCSO definitely

23 raise the possibility, and I'm going to -- I'm going to say

24 why.

25          I also will tell you, Mr. Liddy, and again, I am very               15:28:00

1  disappointed in some of the things that the MCSO has done, but

2  I also do not want to short play that I think that you,

3  Mr. Casey, Mr. Williams, spent a lot of effort in a serious,

4  good-faith desire to implement the training program, and I

5  don't want to shortchange that.                                        15:28:25

6        I also, Chief Deputy Sheridan, have recognized that

7  you've been at some town meetings that have been painful to

8  attend and made an effort to be there, and I don't want to

9  shortchange that. And I don't think those were bad faith

10 efforts, either one of them. But what has happened has          15:28:38

11 happened, and I simply am not going to now -- I guess what I'm

12 saying is you're on a much shorter leash.

13       I am willing to entertain the idea, if you can

14 convince my monitor, at least to postpone some of those

15 investigations, but one of the things that you need to talk     15:29:01

16 over with him right now, because I fully intend to call Sheriff

17 Arpaio in here on December 4th, is either coordination of that

18 investigation with what I intend to do with Sheriff Arpaio, or

19 if you can convince me that there's some other way to

20 effectively investigate him other than as a party, as the party 15:29:22

21 to this lawsuit, I'd bring him in here and ask the questions I

22 have. I don't know what else to do. But you can make whatever

23 proposals you want and I'll consider them, but I'm putting you

24 on notice right now that it is my intent to have Sheriff Arpaio

25 in here on December 4th at least.                               15:29:44

1    MR. LIDDY: I understand, Your Honor. To the extent
2    that we could show the monitor and show the Court the chain of
3    this Court's order to counsel for MCSO, to key personnel at
4    MCSO, and the actions that were taken there, obviously, it's --
5    Sheriff Arpaio, he himself is responsible for everything that        15:30:04
6    his leadership and people do or fail to do. That's understood.
7    THE COURT: And, you know, frankly, I mean, I'm not --
8    and again, Chief Deputy Sheridan, I appreciate your being here;
9    I don't mean to downplay your presence. But Chief Deputy
10   Sheridan is not a party to this action.                              15:30:22
11   MR. LIDDY: I understand.
12   THE COURT: Sheriff Arpaio is the party to this
13   action. He doesn't show unless I order him to come. He
14   doesn't come to the town meetings. He's going to start coming
15   now, because he needs to -- you know, the compliance of the          15:30:32
16   MCSO, unless I order him to do something, seems to be -- well,
17   we're just not going to create a plausible deniability
18   situation.
19   And that's my bias, but I'm not precluding you,
20   Mr. Liddy, from convincing my monitor that you've been fully         15:30:55
21   and completely disclosing, and if you can do that, I'll either
22   postpone that order or I will consider, to the extent I'm
23   convinced that you're operating in good faith, coordinating
24   investigations, even if I'm running a separate one, I'll
25   consider all those things, but you're on a short leash.              15:31:14

1       MR. LIDDY:  I appreciate the opportunity, Your Honor.
2       THE COURT:  All right.  Anything else to be said?
3       MR. LIDDY:  Not from defendant, Your Honor.
4       THE COURT:  All right.  Thank you.
5       MR. POCHODA:  Nothing from plaintiffs, Your Honor.    15:31:27
6       THE COURT:  All right.  I think, Mr. Pochoda, you said
7  it well.  This is a difficult action.  It is disappointing and
8  it is important.  But to the extent that we won't be seeing you
9  any more, Mr. Casey, Mr. Williams, I do want to thank you for
10 your cooperation with the plaintiff and your professionalism    15:31:51
11 here in your attempts to do that, without belittling in any
12 way, Mr. Liddy, your similar effort in that.  And I'll
13 certainly expect the same from Ms. Iafrate.
14      Mr. Casey.
15      MR. CASEY:  Your Honor, even though we were out, we    15:32:05
16 have the file.  I would like you to have it on the record that
17 my firm can order from your capable court reporter the sealed
18 copy of the transcript so it can be provided to Ms. Iafrate
19 with the rest of our file.
20      THE COURT:  I will enter that order.  But I will also    15:32:21
21 advise you again, I've already done it, Mr. Casey,
22 Mr. Williams, you were here through this proceeding.  It's
23 under seal.
24      MR. CASEY:  Yes, sir.
25      THE COURT:  You're bound just like everybody else on    15:32:28

```
 1   the phone or in this courthouse not to discuss this matter

 2   outside of this hearing, and guess what?  Sheriff Arpaio's

 3   here -- is not here.  That means you don't discuss anything I

 4   said with Sheriff Arpaio.

 5           MR. CASEY:  Your Honor, are you not -- I'm sorry.       15:32:44

 6           MR. LIDDY:  Your Honor, am I permitted by this Court

 7   to inform Sheriff Arpaio that he will be here on the 4th of

 8   December?

 9           THE COURT:  Yeah, I think -- I think I need to allow

10   that much, at least, to allow due process and preparation.     15:32:57

11           MR. LIDDY:  Your Honor, also in an effort to assure

12   that defendant has due process, may any of these proceedings be

13   shared with Ms. Iafrate once she makes her appearance?

14           THE COURT:  Absolutely.

15           MR. LIDDY:  Thank you, Your Honor.                      15:33:12

16           THE COURT:  Ms. Iafrate will have access to this

17   entire proceeding as long as she agrees to be similarly bound

18   by it.

19           MR. LIDDY:  Thank you, Your Honor.

20           THE COURT:  Any other concerns, Mr. Pochoda?            15:33:23

21           MR. POCHODA:  Let me just clarify.  May we talk this

22   over with our co-counsel alone, not our clients?  Obviously,

23   two are on the phone, but others would have to be --

24           THE COURT:  I believe as long as Ms. Wang agrees to be

25   similarly bound, and Mr. Young.                                 15:33:39
```

1           MR. POCHODA:  Right.

2           THE COURT:  That is acceptable.

3           MR. LIDDY:  Your Honor, and Ms. Annie Lai, who had to
4  drop off the call?

5           THE COURT:  Yes, Ms. Annie Lai as well.

6           MR. LIDDY:  Thank you, Your Honor.

7           THE COURT:  I'm sorry.  I've going to place on the
8  record that under the -- with the conditions I have stated on
9  the record, Mr. Pochoda is entitled to a copy without further
10 order and he's entitled to share it with those I've indicated
11 on the record without further order.

12          Mr. Casey, Mr. Liddy, are entitled to a copy without
13 further order, and they're entitled to share it without further
14 order to those that I've indicated on the record.

15          (Proceedings concluded at 3:34 p.m.)

C E R T I F I C A T E

I, GARY MOLL, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 25th day of November, 2014.

s/Gary Moll