# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-02513-PHX-GMS<br><br>**ORDER AMENDING MONITOR'S INDEPENDENT INVESTIGATIVE AUTHORITY** |

Upon the recommendation of the parties at the hearing held on December 4, 2014 (*see* Doc. 817 at 6–12), the Court amends its previous Order (Doc. 795) outlining the procedures to be undertaken by the Monitor with respect to ongoing and future Maricopa County Sheriff's Office investigations to reflect the following changes, consistent with the Court's determinations at the hearing:

In its Order, the Court indicated that the "Monitor must necessarily have complete access to Defendants' internal affairs investigations." (*Id.* at 17, lines 14–15.) Defendants are further authorized to file objections with the Court if and when they dispute the Monitor's involvement in particular investigative processes as bearing no relation to the Monitor's evaluation of whether the Professional Standards Bureau is operating in compliance with the Supplemental Permanent Injunction or other Orders of this Court (*e.g.*, Docs. 606, 670), or as otherwise exceeding the power vested in the Monitor by the

Court or unrelated to Plaintiffs claims. In its brief, Defendants must identify the contested investigation by its assigned administrative number, and explain the irrelevancy of the Monitor's inquiry to the issues and conclusions in the underlying lawsuit.

In addition, the Court ordered Defendants to provide the Monitor with written notice when it undertakes a new investigation relating to (a) the MCSO's compliance with its discovery and/or disclosure obligations in this case; (b) the MCSO's compliance with the resulting Orders of the Court in this case; or (c) any criminal or administrative investigations arising from or involving issues similar to the Armendariz or Perez investigations. (Doc. 795 at 18, lines 20–21.) MCSO is hereby ordered to also provide written notice to the Plaintiffs and the United States Attorney when it undertakes an investigation relating to these three enumerated categories of matters, subject to any appropriate sealing.

Lastly, the Order states that, when the Monitor initiates an independent investigation of matters that are already the subject of a PSB investigation which the Monitor deems to be inefficient or inadequate, the Monitor must raise the matter with the Court and the parties prior to the Monitor being able to have access to any information uncovered in MCSO's PSB investigation. (*Id.* at 19, line 15–20.)

As noted previously, the Monitor's authority to investigate and ensure Defendants' compliance with the Orders of this Court is not affected by the existence of state statutes that may govern PSB officials in the execution of their duties. *See id. at* 8–11, 20–21; *Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695 (concluding a federal court may order a state agency to implement its order even though state law withheld from the agency the power to do so); *Spain v. Mountanos*, 690 F.2d 742, 746 (9th Cir. 1982) ("[A] court, in enforcing federal law, may order state officials to take actions despite contravening state laws."). Of course, the Court is guided foremost by its interest in completely and expeditiously securing the constitutional rights of the Plaintiff class, as well as by principles of comity, and welcomes productive cooperation between Plaintiffs, Defendants, and the Monitor toward these ends wherever

feasible.

**IT IS THEREFORE ORDERED** that this Court's Order filed on November 20, 2014 (Doc. 795) is hereby amended to incorporate the aforementioned alterations.

On December 5, 2014 this Court held an additional hearing with the parties to affirm the parties' obligation to cooperate with the Monitor and his staff in providing unfettered access to review the Defendants' operations and procedures. When the Monitor's staff conducts its operations, the Defendants are typically given a copy of his agenda. The agenda provides reasonable notice of the Monitor's activities, meetings and formal interviews, and the Departments in which those will occur. Subject to such reasonable notice to permit parties and MCSO employees to have the counsel they deem necessary present, the Monitor may decide what his team's activities will be, where they will be operating, what meetings will be had, and who will be interviewed. Of course Defense counsel may be present during such interviews and activities, but have no right to control or dictate those activities. Separate counsel representing the interviewee's separate interests may similarly be present if desired by the person being interviewed. Any invocation of the Fifth Amendment privilege must be on a question by question basis, and the blanket invocation of the Fifth Amendment privilege is not to be a basis on which the Defendants can decline to provide a requested interviewee under their control for an interview.

As it pertains to documents, again, the Monitor has the right to review and receive for review the documents he requests. Counsel may be present for such review, and she may timely review the documents in conjunction with their prompt delivery to the Monitor. But that review may not unduly delay or obstruct the Monitor or his team in the exercise of its functions. To the extent that any of the Monitor's requests implicate documents or communications that are protected by the attorney-client privilege, and such privilege has not been waived by Defendants, counsel may, of course, instruct her clients in advance to withhold such documents from production pending her review, which shall promptly occur. If she determines that the documents do in fact qualify for

1 the attorney client privilege, she shall promptly provide a privilege log for the monitor
2 giving an adequate description of the document, its date, and all persons or parties that
3 are subject to the communication.  Should counsel for the Defendants be concerned about
4 the preservation of any other privileges in documents, she may consult with the parties
5 and the Court about how to maintain such privileges.  Otherwise, the Monitor's document
6 requests shall be promptly filled.

**IT IS FURTHER ORDERED** that the parties will comply with the above understandings going forward.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Seal (Doc. 813) pursuant to Court's Order at Doc. 756.  The Clerk of Court is directed to file under seal the document(s) lodged at Docs. 814 and 823.

Dated this 9th day of December, 2014.

/G. Murray Snow
United States District Judge