**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By Thomas P. Liddy
    State Bar No. 019384
    Deputy County Attorney
    MCAO Firm No. 00032000
    liddyt@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541

Attorneys for **Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Manuel de Jesus Ortega Melendres, et al. | NO. CV07-02513-PHX-GMS |
|---|---|
| Plaintiffs, | |
| vs. | **DEFENDANTS JOSEPH ARPAIO AND MARICOPA COUNTY SHERIFF'S OFFICE'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW AND FACTS REGARDING CONTEMPT PROCEEDINGS AND REQUEST FOR ORDER TO SHOW CAUSE** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

    At the December 4, 2014, this Court asked Defendants to comment on the type of contempt at issue (criminal or civil), and if civil, the appropriateness of civil contempt proceedings and possible remedies.  (Doc. 842-1, Ex. 3 at 26:19-22; 27:6-

1

15; 28:9-24; 30:20-24; 31:17-22; 35:19-20).  In accord with this Court's January 16, 2015 Order (Doc. 856 at 1) allowing the parties to file responses, Defendants Joseph M. Arpaio and the Maricopa County Sheriff's Office (MCSO) (collectively "Defendants") respond as follows to Plaintiffs' Memorandum of Law and Facts re Contempt Proceedings and Request for Order to Show Cause (hereafter "Memorandum").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In Defendants' Memorandum pursuant to the Court's December 4, 2014 Order (Doc. 842), Defendants addressed the issues Plaintiffs raise in their Memorandum of Law and Facts Re Contempt Proceedings and Request for Order to Show Cause (hereafter "Memorandum")(Doc. 843).  However, there are a few points that require a response and some clarification.  These points involve criminal contempt and civil contempt remedies.

### II. LAW AND ARGUMENT

#### A. Plaintiffs Waive Criminal Contempt.

This Court asked the parties to file briefs addressing whether or not civil and/or criminal contempt proceedings should follow.  Plaintiffs mention criminal contempt in one sentence in the introduction section of their Memorandum, but assert no legal argument urging it.  (Doc. 842, p.5:18-20).  Where Plaintiffs fail to argue an issue and fail to cite supporting legal authority, they waive the issue.  *Cf. United States v. Harman*, 297 F.3d 1116, 1131 (10th Cir. 2002)(arguments raised in

2

a perfunctory manner are waived); *see also City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n. 10 (9th Cir. 2010).  Further, Local Rule of Civil Procedure 7.2 (b) requires parties to "set forth the points and authorities relied upon in support of the motion" in their memoranda.  Where Plaintiffs fail to cite legal authority, their Memorandum does not comply with the rules and the Court should not consider the argument.  Here, Plaintiffs address the issue of criminal contempt in a perfunctory manner—a single-sentence reference without citing any factual, statutory, or common law authority; therefore, Plaintiffs waived the issue.

**B.  The Court Should Base Any Ordered Compensation it May Consider on Actual Damages.**

The parties agree that if the Court deems sanctions necessary to compensate for losses, the parties should identify victims of post preliminary injunction stops. (Doc. 842 at 26-27 and Doc. 843 at 23-24).  Defendants, however, ask the Court to apply the actual loss standard set forth in *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983), *In re Dyer*, 322 F. 3d 1178, 1195 (9th Cir. 2003), and *Ahearn ex rel. N. L.R.B.v. Int'l Longshore & Warehouse Union,*, 721 F.3d 1122, 1128-29 (9th Cir. 2013) and require Plaintiffs prove actual damages.  Plaintiffs propose "an amount commensurate to the length of his or her detention and any other facts particular to the harm suffered." (Doc. 843 at 23:27-28).  Plaintiffs cite no legal authority to support this approach.  To the extent that Plaintiffs proposed method of compensation is not based on actual damages, the Court should not, as a matter of law, adopt Plaintiffs' methodology.

Additionally, Plaintiffs urge the Court to compensate the Plaintiff Class by requiring Defendants to pay to a non-profit organization (other than Plaintiffs' counsel)(Doc. 843 at 25:21-28).  However, here again, Plaintiffs cite no legal authority for this method of compensation.  Should the Court require monetary compensation to victims, such compensation must reflect actual damages for which Plaintiffs provide proof.

### III. CONCLUSION

Based on the facts and law above, Defendants ask that the Court not find them in contempt.  Alternately, should the Court deem Defendants in civil contempt, they respectfully request that the Court consider the remedies Defendants proposed in their Memorandum.  (Doc. 842 at 25-27).

**DATED** this 23rd day of January, 2015

**IAFRATE & ASSOCIATES**

By:   s/Michele M. Iafrate
Michele M. Iafrate
Attorney for **Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office**

**MARICOPA COUNTY ATTORNEY**
**CIVIL SERVICES DIVISION**

By:   s/Thomas P. Liddy (w/permission)
Thomas P. Liddy
Attorney for **Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office**

4

**ORIGINAL** of the foregoing e-filed this 23rd day of January, with:

Clerk of the Court
**United States District Court**
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, Arizona 85003

**COPIES** of the foregoing e-mailed via ECF this 23rd day of January, to:

Stanley Young
**Covington & Burling**
333 Twin Dolphin Road
Redwood Shores, California  94065
Attorneys for **Plaintiffs**

Daniel J. Pochoda
**ACLU Foundation of Arizona**
3707 North 7th Street, Ste. 235
Phoenix, Arizona  85014
Attorneys for **Plaintiffs**

Cecillia Wang
**ACLU Immigrants' Rights Project**
39 Drumm Street
San Francisco, California  94111
Attorneys for **Plaintiffs**

Andre Segura
**ACLU Immigrants' Rights Project**
125 Broad Street, 18th Floor
New York, New York  10004
Attorneys for **Plaintiffs**

Anne Lai
**University of California**
**Irvine School of Law-Immigrant Rights Clinic**
401 E. Peltason Drive, Ste. 3500
Irvine, California  92616
Attorneys for **Plaintiffs**

5

1  Jorge M. Castillo
   **MALDEF**
2  634 S. Spring Street, 11th Floor
   Los Angeles, California  90014
3  Attorneys for **Plaintiffs**

4  A. Melvin McDonald
   **Jones, Skelton & Hochuli, P.L.C.**
5  2901 North Central Avenue, Suite 800
6  Phoenix, Arizona  85012
   Attorney for **Sheriff Joseph M. Arpaio**
7
   Gary L. Birnbaum
8  David J. Ouimette
   **Dickenson Wright PLLC**
9  1850 N. Central Ave., Ste. 1400
   Phoenix, Arizona  85016
10 Attorneys for **Deputy Chief John MacIntyre**

11
   Lee Stein
12 Barry Mitchell
   **Mitchell Stein Carey, PC**
13 One Renaissance Square
   2 North Central Ave., Ste. 1900
14 Phoenix, Arizona  85004
   Attorneys for **Chief Deputy Gerard Sheridan**
15

16

17 By:___s/Jill Lafornara_____

6