# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.,<br><br>Defendants. | No. CV-07-02513-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion for Expedited Discovery (Doc. 862) and Defendants' Motion to Set a Rule 16 Settlement Conference (Doc. 867). For the reasons set forth below, Plaintiffs' Motion (Doc. 862) is **GRANTED**. Defendants' Motion (Doc. 867) is **GRANTED** in part and **DENIED** in part. At this time, the setting of a pre-trial conference shall not affect the deadlines or schedules set forth in this or any other Order of the Court.

**IT IS HEREBY ORDERED** as follows:

1. Defendants are ordered to produce the following documents, and any associated privilege logs, by **February 27, 2015**. Plaintiffs have requested documents that are relevant to the allegations that Defendants and MCSO personnel violated this Court's Preliminary Injunction by detaining persons based solely on their belief that the individuals were unlawfully present in the United States and by using Hispanic

appearance as a factor in forming reasonable suspicion or probable cause to believe persons had committed a crime. The documents sought are also relevant to the Court's ability, through its civil contempt power, to fashion an appropriate remedy for any such violations. The request is narrowly tailored to the alleged contemptuous conduct.

    a. Copies of identification documents seized by MCSO personnel from apparent members of the Plaintiff Class.

    b. All documents relating to any individuals who were the subject of any U.S. Immigrations and Customs Enforcement (ICE) or U.S. Customs and Border Protection (CBP) inquiry and/or individuals who were detained by MCSO after December 23, 2011 based upon suspected unlawful presence in the United States, and who were not charged with or cited for any crime.

    c. All documents relating to information concerning the circumstances and length of any detention described in (b) above, including, but not limited to, MCSO incident reports, departmental reports, field interview cards, traffic stop data collection forms, CAD data and recordings or MDT records, video or audio recordings, and officer or supervisor notes.

    d. All documents relating to communications, in any form, between MCSO and CBP or ICE after December 23, 2011 concerning the immigration status or custody status of any individual in MCSO custody or detention.

    e. All documents in Defendants' possession or within their control relating to the Court's December 23, 2011 preliminary injunction order and/or the LEAR policy, as defined in the Court's order, including all documents that mention the preliminary injunction order or its substance that were sent or received by any employee or agent of MCSO and any documents relating to policies or guidance regarding contact with ICE or CBP regarding individuals stopped or detained by MCSO other than in the jail context.

2. Plaintiffs are granted leave to propound up to ten written interrogatories. All interrogatories shall be served by **February 27, 2015** and must be completed no later

than **March 13, 2015**.

3. The Plaintiffs are authorized to take up to ten depositions without further Order of the Court. Depositions shall be limited to seven hours as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. If the Defendants or non-parties that are subjects of the Order to Show Cause wish to take depositions in advance of the evidentiary hearing, they should immediately request authorization by the Court. All depositions are to be concluded by **March 27, 2015**.

4. The parties and non-party contemnors are ordered to disclose their full and complete witness lists for the evidentiary hearing to be held on April 21–24, 2015 by **March 13, 2015**.

5. Plaintiffs' request to subpoena non-party witnesses for documents (1) relating to the Court's December 23, 2011 Order and the LEAR policy, (2) describing their duties at the MCSO during the period of time that includes December 23, 2011, and/or (3) relating to the use of video- or audio-recording devices by MCSO personnel on a traffic stop between 2007 and the present is **GRANTED**. This request is narrowly tailored to generating information relevant to the grounds on which the contemnors have been ordered to show cause why they should not be held in civil contempt.

6. Plaintiffs' request to serve a subpoena *duces tecum* on the U.S. Department of Homeland Security for documents relating to incidents where Defendants contacted ICE or CBP about an individual in MCSO custody or detention after December 23, 2011 is **GRANTED.** This request is narrowly tailored to the production of documents relevant to the nature and magnitude of Defendants' alleged non-compliance with this Court's orders, as well as to the efficacy of any remedies for such non-compliance that this Court may fashion.

7. Defendants are ordered to produce any outstanding documents responsive to Plaintiffs' requests for documents dated May 21, 2014 and December 3, 2014, with an accompanying privilege log for any withheld documents, by **February 27, 2015**. (*Reproduced at* Doc. 862, Exs. A, B; *see also* Doc. 872.) Any supplemental responsive

documents must be disclosed no later than April 14, 2015.[1]

Defendants MCSO and Sheriff Arpaio, in conjunction with Sheriff Arpaio's specially appearing counsel, have requested a Rule 16 Conference over which this Court will preside. In their initial Motion the Defendants denominate the requested conference as a "settlement" conference; they appear to slightly modify this request in their Reply. (*See* Docs. 867, 869.) Plaintiffs have indicated their willingness to "confer with Defendants and report to the Court any progress and whether there is a realistic possibility of resolution." (Doc. 868 at 3.) MCSO and Sheriff Arpaio, in their Reply, apparently adopt this suggestion to separately discuss settlement options and further assess whether some litigation matters can be simplified and eliminated, outside of court. The Court is not averse to scheduling a pre-hearing conference to discuss issues if the Parties would find it useful, and to the extent that it would benefit Defendants to schedule it earlier rather than later, (*see* Doc. 869 at 2), such a hearing is scheduled on **Thursday, February 26, 2015** at **1:30pm**.

Nevertheless, at this point and without further consideration and discussion with the Parties of the matters set forth below, the Court declines to structure the hearing as a confidential settlement conference at which it would act in a mediating role. While willing to facilitate settlement between the parties if such a possibility exists, the Court has the following concerns about its own participation in a settlement conference:

First, while a confidential setting may well lead to "productive settlement discussions," court proceedings generally are open to the public—although settlement conferences are, as a matter of practice, not. Prior to determining whether there is a reason to hold a confidential settlement conference, the Court desires that the parties confer on the matter to set forth whether settlement is a realistic possibility and whether

---

[1] The Court understands that further documents to be provided by Defendants to Plaintiffs are set forth by Plaintiffs in Doc. 872. Such documents do not seem to be included in those documents identified by Defendant in Doc. 865. To the extent that the documents identified in Doc. 872 have not been provided to Plaintiffs they shall be immediately provided. To the extent that Defendants have fully provided such documents, they shall immediately so inform the Plaintiffs and the Court.

- 4 -

such discussions would be aided by a non-public proceeding with the Court that can be justified consistent with Ninth Circuit law. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (discussing presumption of common law right of access to the courts and judicial records).

Second, to the extent that Defendants seek to settle the civil contempt proceedings against the parties and non-parties represented by Ms. Iafrate, the Court declines to participate in a settlement conference absent a discussion with all parties and potential parties of the possible ramifications of such participation. Whether the individuals and entities charged committed civil contempt is a matter to be decided by the Court. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). The Ethics Advisory Opinions note that a judge may participate in settlement conferences and subsequently determine the issues in dispute if no settlement occurs; however, additional concerns arise when the matter will be tried to the judge as opposed to a jury. *See* Guide to Judiciary Policies and Procedures, Vol. 2, Ch. 2 at 95-1 (Advisory Opinion No. 95). In light of the foregoing, the Court suggests that the parties consider the appointment of a Magistrate Judge from this district for settlement facilitation, all of whom are experienced and skilled in facilitating settlements. The Court is, however, able to confer with the parties on discrete issues as necessary to facilitate settlement prior to holding such a conference. The Court, of course, would have to approve any settlement agreed to among the parties and potential parties.

Third, to the extent that Defendants seek to settle potential criminal contempt liability, as the joinder of Mr. McDonald in the request suggests, the Court queries whether any settlement of criminal contempt charges could be appropriately effectuated without the presence of the United States Attorney's Office. In criminal contempt proceedings, the Court must appoint a federal prosecutor to try the case. Fed. R. Crim. P. 42. It would, therefore, appear that the United States Attorney, or a representative thereof, is a necessary participant at any formal settlement conference.

1. With those caveats in mind, the Court **ORDERS** the Parties and specially appearing non-parties to appear for a pre-trial conference on **Thursday, February 26, 2015** at **1:30 p.m**. At this time, the Court will address the matters alluded to in Defendants' Motion to Set a Rule 16 Settlement Conference as well as any other issues or discovery disputes that require the Court's attention.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to the United States Attorney.

Dated this 12th day of February, 2015.

_____
Honorable G. Murray Snow
United States District Judge