IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**COURT'S NOTICE RE STATUS HEARING MARCH 20, 2015** |

The topics which the Court intends to discuss at the status hearing on Friday, March 20, 2015 include, but may not be limited to, the following:

1. Defendants' Notice concerning the postponement of the date for completing their internal investigations (Doc. 923).

2. The merits of scheduling a supplemental hearing or hearings subsequent to the April proceedings in light of such postponement.

3. Whether any privilege attaches to Defendants' internal investigations, and, if so, which aspects of the internal investigation process it applies to.[1]

4. Discovery requests for the work product of the Monitor.

---

[1] Title 38 of the Arizona Revised Statutes has been revised and renumbered as of January 1, 2015. The "Peace Officers Bill of Rights" and associated confidentiality provisions are now codified in Ariz. Rev. Stat. §§ 38-1101–1110.

     5.    Whether the compensatory aspect of civil contempt, if such a remedy is deemed appropriate, should be resolved in April or in separate proceedings, with attention to the following concerns:

     a.    Providing notice to potential victims and an opportunity for them to opt in or out of any settlement or compensation award.

     b.    The class definition (*see* Doc. 494) and the remunerability of injuries to victims who are not members of the Plaintiff class.

     c.    The risk of continuing liability for Maricopa County in the absence of provisions terminating the rights of victims to seek individual relief, or as a consequence of problems in estimating compensation.

     d.    Whether Maricopa County needs to be separately represented in such proceedings.

     6.    The appropriateness of appointing a special prosecutor in light of the United States Attorney's declination to participate in settlement discussions with the named contemnors concerning their potential criminal contempt liability (*see* Doc. 924), and considerations related to such an appointment.

Dated this 16th day of March, 2015.

*[signature: G. Murray Snow]*

Honorable G. Murray Snow
United States District Judge