Michele M. Iafrate (#015115)
miafrate@iafratelaw.com
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003
Telephone: (602) 234-9775

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By Thomas P. Liddy (#019384)
Douglas A. Schwab (#019289)
Deputy County Attorney
MCAO Firm No. 00032000
liddyt@mcao.maricopa.gov

Attorneys for Defendants Sheriff Joseph M.
Arpaio and Maricopa County Sheriff's Office

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | |
| v. | **EXPEDITED MOTION TO VACATE HEARING AND REQUEST FOR ENTRY OF JUDGMENT** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

**Preliminary Statement**

The purpose of this Motion is to convey to the Court and to Plaintiffs that Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office, and identified non-party Chief Deputy Gerard Sheridan (collectively, "Defendants") consent to a finding of civil contempt against them and the imposition of remedies designed to address their conduct. Under these circumstances, a 4-day evidentiary hearing, which would cost the county taxpayers hundreds of thousands of dollars, and which would consume significant

time of the Court, is unnecessary. Defendants acknowledge and appreciate that they have violated the Court's orders and that there are consequences for these violations. There is nothing Defendants can do to change what has already been done, but through the entry of an order finding them in civil contempt and by implementing remedies discussed herein, Defendants can express sincere remorse to the Court and to Plaintiffs, begin to make amends to those who have been injured and take affirmative steps to ensure nothing like this occurs in the future. Defendants respect the Court and the Court's Orders.

## Discussion

The Order to Show Cause identifies the following three areas of contemptuous conduct: (1) a "failure to abide by and apprise MCSO deputies of the terms of the [December 23, 2011] preliminary injunction." [Doc. 880 at 90]; (2) the failure to disclose audio and video recordings made and maintained by MCSO deputies, as well as other materials maintained by or relating to the MCSO HSU. [Doc. 880 at 20]; and (3) the failure to cooperate with the Court's May 14, 2014 oral directives with respect to the collection of recordings that were in the possession of patrol deputies. [Doc. 880 at 21-22].

The facts, with respect to each of these areas, have been discussed in detail in the Order to Show Cause (Doc. 880) and the Plaintiffs' Memorandum of Law and Facts re Contempt Proceedings and Request for Order to Show Cause (Doc. 843). Defendants do not intend to present any arguments or evidence which materially dispute these facts. Thus, consuming the Court's time and the parties' time is unnecessary and wasteful. *See Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1458-59 (9th Cir. 1996) (a finding of contempt without a hearing did not constitute a denial of due process when alleged contemnors do not present any arguments which created any material issues of fact); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998) (district court did not abuse discretion finding contempt on basis of affidavits submitted in response to order to show cause when defendants did not controvert plaintiff's facts); *New York State Nat'l Organization for Women v. Terry*, 732 F. Supp. 388, 396 n.3 (S.D.

N.Y. 1990)(hearing not necessary when no material facts in dispute; defendants did not dispute the fact they blocked access to abortion clinic and did not dispute they had knowledge of court order prohibiting them from doing so).[1]

Accordingly, Defendants will adopt and stipulate to the facts as stated in the Court's Order to Show Cause, as well as to the entry of an order finding them in civil contempt of court, as described in the Order to Show Cause.  To the extent the Court believes that such a stipulation is not sufficient to establish an appropriate factual basis to support an order finding Defendants in contempt, Defendants attach at Exhibit A a proposed statement of facts, to which they will stipulate as well.

A necessary component of a civil contempt is the imposition of a remedy that ensures compliance and compensates injured parties for harm they have suffered.  *Int'l Union, United Mine Workers of Am. V. Bagwell,* 512 U.S. 821, 827-28 (1994). Defendants and their legal counsel are committed to identifying and implementing measures that accomplish both of these objectives.  In particular, Defendants acknowledge that the remedies will encompass the identification and compensation of individuals who were harmed by violations of the December 23, 2011 preliminary injunction, as well as putting in place structural measures to ensure that the Court's orders are disseminated and complied with in a timely fashion.  Defense counsel, plaintiffs' counsel, and the court monitor can collectively meet and confer and present a plan for Court.  Defendants further acknowledge that in order for some of the remedies to be meaningful, they will need to be the responsibility of Defendants personally.  To that

///
///
///
///

---

[1] In addition, this ongoing litigation is taking a heavy toll on the manpower and resources of MCSO by diverting management from their law enforcement functions to the detriment of the public safety and welfare.

-3-

end, attached at Exhibit B is a proposed list of remedial measures to which Defendants are prepared to stipulate and implement.[2]

### Relief Requested

Defendants have been ordered to "appear before the Court and show cause . . . why the Court should not impose sanctions on them pursuant to 18 U.S.C. § 401 and/or Federal Rule of Civil Procedure 37(d)." [Doc. 880 at 26] Because Defendants, by their stipulations, consent to the Court imposing sanctions upon them, there is no need for an evidentiary hearing. Accordingly, Defendants request that the evidentiary hearing set for April 21 – 24, 2015 be vacated and that the Court enter orders finding Defendants in civil contempt and imposing the remedial measures identified in Exhibit B. *See Mercer*, 908 F.2d at 769 n.11 ("When there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him."); *U.S. v. Ayres*, 166 F.3d 991, 996 (9th Cir. 1999) (no need for hearing when defendant conceded contempt motion by explaining why he chose not to comply with court order rather than asserting he could not comply); *United States v. City of Yonkers*, 856 F.2d 444, 453 (2d Cir. 1988) (need for plaintiffs to present evidence to meet burden to establish defendants' contempt was obviated when defendants did not dispute the representation they had violated court's order); *In re Grand Jury Proceedings*, 795 F.2d 226, 234-35 (1st Cir. 1986) (evidentiary hearing not required where documentary evidence established the contempt and no material issues of fact about ownership of documents in question were raised); *Hush v. Taylor*, 995 N.Y.S. S.2d 336, 339 (2014) (no evidentiary hearing necessary on question whether defendants had

---

[2] The remedies proposed in Exhibit B are suggestions to the Court that the Court may adopt, reject or modify, at its discretion. The remedies are designed to address the court's directives mentioned in the February 26, 2015 status conference in which the Court stated: "I don't want to refer this matter to a criminal contempt hearing if I can have adequate assurance—if I can have adequate remedies for the victims of this case; if I can have, if I believe it is necessary, a punitive element to the individuals who may have been culpable of criminal contemptuous behavior such that it will not happen again." See February 26, 2015 transcript pp. 62:20-63:1.

-4-

violated court order not to interfere with plaintiffs' use of rights-of-way and easements where defendants did not dispute factual allegations or challenge authenticity of underlying property deeds).

RESPECTFULLY SUBMITTED March 17th, 2015.

IAFRATE & ASSOCIATES

By: *s:/Michele M. Iafrate*

    Michele M. Iafrate
    Attorneys for Sheriff Joseph M. Arpaio
    and Maricopa County Sheriff's Office

MARICOPA COUNTY ATTORNEY
CIVIL SERVICES DIVISION

By: *s:/Thomas P. Liddy (w/permission)*

    Thomas P. Liddy
    Douglas A. Schwab
    Attorneys for Sheriff Joseph M. Arpaio
    and Maricopa County Sheriff's Office

JONES SKELTON & HOCHULI

By: *s:/A. Melvin McDonald (w/permission)*
    A. Melvin McDonald
    Attorney for Sheriff Joseph M. Arpaio

MITCHELL STEIN & CAREY

By: *s:/Lee Stein (w/permission)*
    Lee Stein
    Barry Mitchell
    Attorneys for Chief Deputy Sheridan

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17th, 2015, I electronically transmitted the attached document using the CM/ECF system for filing, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.


*s:/Jill Lafornara*