Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
Joshua D. Bendor
jbendor@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **PLAINTIFFS' RESPONSE TO DEFENDANTS' EXPEDITED MOTION TO VACATE HEARING AND REQUEST FOR ENTRY OF JUDGMENT** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran
talbarran@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Plaintiffs respectfully submit the following response in opposition to Defendants' Expedited Motion To Vacate Hearing and Request for Entry of Judgment ("Expedited Motion") (Doc. 948). The Defendants' admissions of liability and stipulations are significant. The Maricopa County Sheriff's Office ("MCSO"), Sheriff Arpaio, and Chief Deputy Sheridan previously denied liability for civil contempt (Doc. 840, Doc. 841, Doc. 842), but now admit, among other things: (1) Sheriff Arpaio was aware of the Court's preliminary injunction and "failed to take steps necessary to ensure that MCSO complied with the preliminary injunction"; and (2) Sheriff Arpaio had an obligation to produce recordings of traffic stops before trial and failed to do so. However, the motion should be denied because Defendants have not yet provided full discovery on why and how they violated the Court's orders. Material issues of fact, crucial for determining the proper remedies for Defendants' contempt of this Court's orders, remain unresolved, and therefore the process set by the Court for discovery and an evidentiary hearing should go forward.

Defendants argue that the Court should vacate the evidentiary hearing on the grounds for civil contempt set out in the Order To Show Cause (Doc. 880) because they have now consented to a finding of civil contempt against Sheriff Arpaio, Chief Deputy Sheridan, and the Maricopa County Sheriff's Office, and to stipulations of fact and remedies to address the admitted contempt of court. Expedited Motion at 1. Defendants contend that in light of these admissions, there are no material issues to be addressed through the evidentiary hearing currently scheduled for April 21 through 24, 2015.

Defendants' contention is incorrect. As they acknowledge, a key purpose of the evidentiary hearing would be not only for the Court to resolve the facts relating to whether the Defendants and charged contemnors should be held in contempt, but also the proper remedy for such contempt. *See, e.g.*, *Sec. & Exch. Comm'n v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.) *as amended on denial of reh'g*, 335 F.3d 834 (9th Cir. 2003) ("District courts have broad equitable power to order appropriate relief in civil contempt

proceedings."); *Natural Res. Def. Council, Inc. v. Winter*, 508 F.3d 885, 886 (9th Cir. 2007) ("Injunctive relief must be tailored to remedy the specific harm alleged[.]"). The remedies that Defendants have now proposed and agreed to (Expedited Motion, Exhibit B) are the bare minimum needed to address their violations of the Court's order, and Plaintiffs would request that the Court include those remedies in its eventual order on civil contempt. However, for the Court to assess and impose a remedy that would *fully* address the Defendants' violations and protect the Plaintiff Class, it will be necessary to address numerous factual issues that Defendants have not addressed in their proposed stipulations, including: the precise cause of, and sequence of events leading to, Defendants' failure to communicate the Court's Preliminary Injunction order to MCSO rank and file, *see, e.g.*, Doc. 948-1, Ex. A ¶ 5 (stating only that MCSO "failed to implement the order"), ¶ 9 ("Sheriff Arpaio failed to take steps necessary to ensure that MCSO complied with the preliminary injunction."); the precise cause of, and sequence of events leading to, Defendants' failure to comply with the Court's May 14, 2014, order directing the execution of a plan, with the Monitor's approval, for the "quiet" collection of video recordings of traffic stops, *see id.* ¶¶ 19–21; and the precise cause of, and sequence of events leading to, Defendants' failure to comply with their pretrial discovery obligations, *see id.* ¶ 12 ("MCSO failed to comply with the Federal Rules of Discovery"), ¶ 14 ("Sheriff Arpaio had an obligation to comply with the Federal Rules of Civil Procedure regarding discovery, but failed to do so when he failed to take steps to ensure that the materials or information enumerated above were disclosed to Plaintiffs."). While Defendants acknowledge that they violated the Court's orders and thereby committed civil contempt, Plaintiffs believe that the evidence will show that at least some of these violations were the result of willful misconduct. Plaintiffs and the Court also do not currently know the identities of the persons responsible for certain violations of the

Court's orders.[1]  For example, Plaintiffs have not yet conclusively determined which high-ranking MCSO officials were aware that the Human Smuggling Unit had a practice of recording traffic stops but had not turned over any such videos to Plaintiffs in discovery, or if there was a conscious decision not to turn over such videos.  Completion of the hearing process set by the Court would allow those questions to be answered.

These factual issues are material, notwithstanding Defendants' recent admissions, because they relate not only to whether Defendants and the named contemnors are liable for civil contempt, which has now been admitted, but also to the remedies that are needed to address each instance of contempt of the Court's orders.  For example, the remedy that Plaintiffs would seek for a negligent failure to communicate the Preliminary Injunction would be quite different from the remedy sought for a willful decision by unknown individuals to withhold news of the Court's Preliminary Injunction, or to direct deputies not to comply with it and to continue the practice of detaining individuals based solely on suspected immigration violations.  In the former instance, remedies such as those offered by the Defendants in their Expedited Motion could possibly be sufficient, but, in the latter case, more severe remedies would certainly be proposed for the protection of the Plaintiff Class.  Defendants' proposed remedies, including the provision that the Monitor have powers with respect to internal investigations co-extensive with that of Sheriff Arpaio (Expedited Motion, Exhibit B ¶ 4), are significant, but constitute only the bare minimum needed to address Defendants' violations.  These remedies are constructive and should be adopted but, as Defendants implicitly acknowledge, they may not be complete, and more may be needed.  Expedited

---

[1] Indeed, Defendants' motion accepts liability for civil contempt only on the part of Sheriff Arpaio and Chief Deputy Sheridan.  The Court has named three other individual MCSO commanders as contemnors:  Chief Sands, Chief MacIntyre, and Lieutenant Sousa.  Their individual liability is not resolved by the course of action requested by the Defendants.

Motion at 3-4 & n.2 (offering to meet and confer on remedies and noting that remedies are ultimately in Court's discretion).

Plaintiffs should have an opportunity to develop such material facts at the evidentiary hearing. The need for further factual development finds further support in the fact that Defendants so far have apparently failed to comply fully with their discovery obligations in response to the Court's discovery order of February 12, 2015. For example, in their production of February 27, 2015, which responded to the Court's February 12, 2015, discovery order (Doc. 881), Defendants provided only a few documents relating to contacts with ICE or CBP and/or detentions after December 2011 and may not have provided indisputably material documents, such as incident reports relating to the specific traffic stops identified in Plaintiffs' Memorandum of Law and Facts re Contempt Proceedings and Request for Order To Show Cause (Doc. 843) at 5-8. The Court directed Defendants to produce such documents at paragraphs 1(b), (c), and (d) of the February 12 order. Plaintiffs have attempted to meet and confer with the Defendants concerning deficiencies in their document productions and interrogatory responses but have not received any response. *See* Declaration of Stanley Young (filed herewith). In addition, Defendants and individually named contemnors face depositions in the coming days and weeks. Those depositions, which should not be cancelled regardless of how the Court decides the present motion (which does not mention the discovery process put in place by the Court's February 12, 2015 discovery order), will provide potentially critical information for purposes of determining the proper remedy.. Moreover, the Defendants' internal investigation of matters relating to the instant contempt proceeding, which has twice been delayed, is currently scheduled to be completed by April 13, 2015.[2]

---

[2] Plaintiffs note that the Court has set a status conference for March 20 (Doc. 939) to address, among other things, whether supplemental hearings may be warranted in light of
(continued…)

4

None of Defendants' cited authorities suggests that it would be an abuse of discretion to go forward with the evidentiary hearing here. First, as Defendants themselves acknowledge, the cases hold only that it is not an abuse of discretion for a court to impose remedies without an evidentiary hearing when there are no material facts in dispute. Expedited Motion at 2 (*Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1458-59 (9th Cir. 1996); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998)). As set forth above, that is not the case here, since there are material facts in dispute, *e.g.*, whether the contemnors intentionally and willfully ordered their subordinates to disobey the Court's orders. Moreover, the precedents do not require the district court to forgo an evidentiary hearing even where the material facts are undisputed, and indeed, the Ninth Circuit has held that courts ordinarily should not impose sanctions for contempt based solely on affidavits. *See Peterson*, 140 F.3d at 1324 (citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276-77 (9th Cir. 1976)). *See also United States v. Ayres*, 166 F.3d 991, 996 (9th Cir. 1999) (noting that the Court of Appeals does "not encourage" the imposition of contempt sanctions based on paper submissions); *Mercer v. Mitchell*, 908 F.2d 763, 769 n. 11 (11th Cir. 1990) (holding that a court "might" dispense with an evidentiary hearing if there were no material facts in dispute).

Defendants argue that the evidentiary hearing should be vacated because of the cost to the taxpayers. However, in light of the many unresolved factual issues that go to the heart of Sheriff Arpaio's and the other contemnors' multiple violations of federal court orders, this cost argument must fail. The course of the litigation and the Defendants' compliance with the Court's orders has incurred a public cost, but the way to avoid such costs is for the Defendants to comply with the Court's orders in the first place,

---

the delay in the internal investigation. Plaintiffs are prepared to address the timing of evidentiary hearings at the March 20 hearing.

not to attempt to avoid discovery of the true reasons and intentions lying behind their failure to comply.

RESPECTFULLY SUBMITTED this 19th day of March, 2015.

By: /s/ Cecillia D. Wang

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
Joshua Bendor
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund

*Attorneys for Plaintiffs*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2015, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be e-mailed to:

Thomas P. Liddy
liddyt@mcao.maricopa.gov

Timothy J. Casey
timcasey@azbarristers.com

James L. Williams
James@azbarristers.com

*Attorneys for Defendant Sheriff Joseph Arpaio and the Maricopa County Sherriff's Office*

/s/ Cecillia D. Wang

7