IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

The Court held a telephonic conference with the Parties on March 31, 2015 regarding discovery disputes. The Parties requested the opportunity to brief the Court in writing on the following:

(1) Whether the confidentiality provision of the so-called "Peace Officers' Bill of Rights," codified as Arizona Revised Statutes section 38-1109, creates a civil litigation privilege that may be asserted by a deposition deponent in response to questioning about ongoing administrative investigations, and the extent to which maintaining the deposition transcripts under seal might nevertheless infringe on the statutory protections of section 38-1109 and prevent Defendants from subsequently dismissing, suspending, or demoting any deposed officer if such disciplinary measures are later determined to be warranted.

(2) Whether Garrity immunity may be invoked by a public employee during a civil deposition in response to questioning about an ongoing administrative investigation.

    (3)    The applicability of attorney-client privilege to an e-mail thread that included a communication regarding MCSO's creation of training based on the Court's 12/23/11 Preliminary Injunction, previously identified as responsive to retired Executive Chief Brian Sands's discovery request and withheld by Defendants on grounds of privilege. (*See* Doc. 963, Ex. 3, at 1 (1/11/12 e-mail from Joseph Sousa to Brett Palmer et al.).)

At the hearing the Court held on these matters on March 27, 2015, the Court ordered Defendants to disclose to Brian Sands and Plaintiffs all responsive communications concerning MCSO's implementation of this Court's December 23, 2011 Preliminary Injunction that had been circulated to Deputy Chief John MacIntyre. The Court concluded that Defendants had failed to meet their burden of demonstrating that MacIntyre had any sufficient responsibility with respect to the Preliminary Injunction for attorney-client privilege to attach to those communications. *See United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009); *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989) ("[T]he [attorney-client] privilege applies to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation."). It is settled law that the circulation of privileged information to persons who are not essential to the transmittal of legal advice vitiates the requirement of confidentiality necessary to sustain the privilege. *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996).

Although the 1/11/12 Sousa e-mail is not identified on Defendants' privilege log as having been received by MacIntyre, Plaintiffs assert that he later became privy to it after receiving a subsequent e-mail to which the allegedly privileged communication was threaded. In such circumstances, any attorney-client privilege that may have existed would have been waived. *See id.* The Court previously suggested that an in camera review of the 1/11/12 e-mail may be warranted to determine whether Defendants waived

any privilege by disclosing the e-mail to the Monitor—who in turn released it along with other discovery materials to Plaintiffs and Brian Sands. The Court is currently awaiting briefing on Defendants' inadvertent disclosure argument with respect to this communication.

**IT IS THEREFORE ORDERED** that Defendants are to file a memorandum on the aforementioned issues by **Friday, April 3, 2015**. Plaintiffs are further **ORDERED** to file a responsive memorandum no later than **Tuesday, April 7, 2015.** To the extent that specially appearing party Brian Sands wishes to be heard on issue (3), above, insofar as it relates to his outstanding document production requests, he is also **ORDERED** to file a responsive memorandum by **April 7**.

Dated this 31st day of March, 2015.

Honorable G. Murray Snow
United States District Judge