IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Before the Court are Defendants' Motions relating to the show cause hearing scheduled to begin on April 21. On March 17, 2015, Defendants filed a Motion to vacate the hearing and enter findings of civil contempt against Sheriff Joseph Arpaio, the Maricopa County Sheriff's Office, and named contemnor Gerald Sheridan. (Doc. 948.) Defendants filed a supplemental Motion to Vacate on April 10, 2015 (Doc. 1003), and have now moved for an expedited hearing on these issues (Doc. 1005). Plaintiffs have opposed Defendants' requests to vacate the evidentiary hearing. (Docs. 952, 1004.)

As the Court indicated during the March 20, 2015 status conference, it would grant Defendants' request to vacate the contempt hearing upon its approval of the terms of a global settlement of civil liability—if an agreement were timely reached between Plaintiffs and the contemnors that mooted the need for a hearing on the civil charges. (*See* Doc. 965 at 59–61.) According to Defendants' most recent filing, negotiations with

Plaintiffs have not been fruitful in this regard. (Doc. 1005 at 1.) In addition to outstanding questions regarding the liability of the other named contemnors, Plaintiffs indicate that they wish to present facts relating to the scope of, and circumstances surrounding, the admitted contempt of Sheriff Arpaio, MCSO, and Chief Deputy Sheridan, which are relevant to the appropriateness of any remedies the Court might order to address that civil contempt. Plaintiffs may present evidence on these matters at the April hearing and/or, if necessary, during the supplemental hearing scheduled for June 16–19, 2015. Thus, the hearing to begin next week shall proceed as planned, as will any supplemental hearings.

In evaluating the need to refer the matter for criminal contempt hearings, the Court will keep in mind that Defendants Arpaio and Sheridan expressed willingness to settle the matter prior to the civil contempt hearing by publicly admitting to civil contempt, by voluntarily paying personal amounts to a charitable organization, and by seeking to facilitate other terms of settlement with the Maricopa County administration. The Court will complete its evaluation regarding the need to refer the matter for criminal contempt after the civil contempt hearing(s) have been completed.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Vacate (Docs. 948, 1003) are **DENIED** without prejudice. Because oral argument is unlikely to materially add to the Parties' briefs, Defendants' Motion for a Hearing (Doc. 1005) is also **DENIED**.

Dated this 14th day of April, 2015.

_____
Honorable G. Murray Snow
United States District Judge