Greg S. Como (013187) Greg.Como@lewisbrisbois.com
M. Craig Murdy (011016) Craig.Murdy@lewisbrisbois.com
Dane A. Dodd (031084) Dane.Dodd@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
Attorneys for Brian Sands

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., | No. 07-cv-02513-PHX-GMS |
| Plaintiffs, | **RESPONDENT BRIAN SANDS' BENCH MEMORANDUM FOR ORDER TO SHOW CAUSE HEARING** |
| vs. | |
| Joseph M. Arpaio, in his individual and office capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

Respondent Brian Sands respectfully submits this Bench Memorandum for the

Order to Show Cause hearing on April 21, 2015.

## I.      THE CIVIL CONTEMPT STANDARD

Civil contempt "consists of a party's disobedience to a specific and definite court

order by failure to take all reasonable steps within the party's power to comply." *Reno Air*

*Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  "The party alleging

civil contempt must demonstrate that the alleged contemnor violated the court's order by

'clear and convincing evidence.'" *In re Dual-Deck Video Cassette Recorder Antitrust*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1   *Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "The burden then shifts to contemnors to

2   demonstrate why they were unable to comply."  *Stone v. City and County of San*

3   *Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).  "[S]ubstantial compliance" with a court

4

5   order is sufficient to avoid contempt.  *In re Dual-Deck,* 10 F.3d at 695.

6       A.   <u>**The Purpose and Limitations of Civil Contempt Sanctions**</u>

7           In selecting contempt sanctions, the court must use "the ***least possible power***

8   adequate to the end proposed."  *Spallone v. United States*, 493 U.S. 265, 276 (1990)

9

10  (emphasis added).[1]  The court's contempt power "must be exercised with restraint and

11  discretion."  *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d

12  935, 951 (9th Cir. 2014).

13          The difference between criminal and civil contempt sanctions is critical.  "Unlike

14  the punitive nature of criminal sanctions, civil [contempt] sanctions are wholly remedial,"

15

16  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992), and generally

17  designed to coerce the contemnor into compliance with the court order and to compensate

18  injured parties for losses sustained.  *Whitaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517

19

20  (9th Cir. 1992).  Compensatory contempt sanctions are generally limited to an amount

21  equal to the actual "injuries caused by the  noncompliance at-issue."  *In re Dual-Deck,* 10

22  F.3d at 696.[2]

23

24

25

26  [1] *See also Shillitani v. United States*, 384 U.S. 364, 369 (1966) (a hallmark principle of a court's
    contempt power is that it must exercise the least possible power adequate to the end).

27  [2] *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("Compensatory
28  awards are limited to 'actual losses sustained as a result of . . . contumacy.'").

LEWIS BRISBOIS BISGAARD & SMITH LLP

When contempt sanctions are solely to punish past behavior, they are punitive and require a finding of criminal conduct. *Int'l Union v. Bagwell*, 512 U.S. 821, 828-29 (1994). If a fine is compensatory, the lower standard for civil contempt may apply. *Id.* However, "[w]here a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Id.* at 829. A contemnor is able to purge a sanction if he can avoid the penalty by committing an affirmative act, such as returning property or paying past due alimony. *Id.* at 828. In contrast:

> [A] "flat, unconditional fine" totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance.

*Bagwell*, 512 U.S. at 839 *quoting Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947).

Factors considered by a court in imposing civil contempt sanctions typically include: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; and (3) the contemnor's financial resources and the burden sanctions may impose. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947).

**B. Non-Party Officers: Personal Involvement Necessary for Contempt**

Executive officers may potentially be liable for the contemptuous conduct of an organization. But, simply because an organization has failed to comply with a court order, it does not necessarily follow that all officers are automatically in contempt because of their agent status. *See, eg. Saga,* 984 F. Supp. at 1287 (non-party officer could not "be bound by the injunction solely on the basis that he was an officer of [a party] at the time

1   the injunction was issued").[3]  Instead, the corporate agent must be personally involved

2   with defying the court order.  *United States v. Voss*, 82 F.3d 1521, 1526 (10th Cir. Colo.

3   1996).  The rationale for this rule is the "[r]esponsibility for noncompliance with an

4   injunction must reach those with the power to alter the prohibited conduct." *NLRB,* 568 F.

5   at 633.

6

7        The required personal connection with the organization's defiance of the court may

8   arise from the agent's "general control over the organization's operations" or from his

9   participating in conduct circumventing the order. *Voss*, 82 F.3d at 1526).[4]

10

11       In making this determination, courts often will find a sufficient level of

12  organizational control in an organization's top executive officer or controlling shareholder.

13  Otherwise, a non-party officer's title is generally irrelevant to this determination. Beneath

14  the very top leadership position, the inquiry is fact-specific, with courts generally looking

15  to the officer's personal ability and/or responsibility to actually "control" and direct the

16  organization's compliance with the judicial decree at issue.[5]

17

18

19

20  _____

21  [3] *See also Saga,* 984 F. Supp. at 1287 (holding non-party officer could not "be bound by the
    injunction solely on the basis that he was an officer of [a party] at the time the injunction was
22  issued"); *Bigelow v. RKO Radio Pictures*, 78 F. Supp. 250, 257-58 (N.D. Ill.) aff'd 170 F.2d 783
    (7th Cir. 1948) ("the occupancy of an official position is not enough to demonstrate
23  contumacious" violation of an order).

24  [4] *See, e.g., FTC v. Kuykendall*, 371 F.3d 745, 759 (10th Cir. Okla. 2004) ("Because no evidence
    exists in the record to support the district court's finding that the Seniors could control, and
25  therefore prevent, the contempt committed at DMS, th[e] [contempt] finding [wa]s in error").

26  [5] *See, e.g., Nikko Materials USA, Inc. v. R.E. Serv. Co.*, 2006 U.S. Dist. LEXIS 45236, 19 (N.D.
    Cal. June 22, 2006) (President and Chief Executive Officer held in contempt); *see also Inst. Of
27  Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 955 (9th Cir. 2014)
    (finding an officer not in contempt because she was not a board member and did not vote to
28  implement strategy that violated the court's order).

LEWIS BRISBOIS BISGAARD & SMITH LLP

## C. Defenses and Mitigating Factors

### 1. Substantial Compliance – "Reasonable Steps"

Substantial compliance with a court order – by taking all reasonable steps to comply – is a defense to civil contempt. *In re Dual-Deck*, 10 F.3d at 695. "A [person] fails to take all reasonable steps where there is "little conscientious effort on [his] . . . part . . . to comply." *Stone*, 968 F.2d at 857. Inadvertent violations of a court order will not support a finding of civil contempt. *Id.*

Courts generally only consider whether the person took all reasonable steps within his power to comply with the order. *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977) (failure to comply consists of not taking "all the reasonable steps within [one's] power to insure compliance with the order[]").[6]

To assess whether someone has taken all reasonable steps the court may consider factors such as whether the person has a history of noncompliance or failed to comply despite the pendency of a contempt motion. *Frankl,* 832 F. Supp. 2d at 1179.[7] Courts have also looked at whether compliance with an order, in the face of organizational non-compliance, would likely result in the officer losing his job. Finally, "[a] defendant who takes subsequent steps to correct a violation may be found to have made "every reasonable effort" to comply. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir. 1982).

---

[6] *See also Kuykendall,* 371 F.3d at 763 ("Because no evidence exists in the record to support the district court's finding that the Seniors could control, and therefore prevent, the contempt committed at DMS, th[e] [contempt] finding [wa]s in error").

[7] *See also Hook v. State of Ariz.*, 907 F. Supp. 1326 (D. Ariz. 1995).

2.  **Good Faith Efforts Are a Mitigating Fact**

"'Good faith' is not a defense per se to civil contempt because the disobedience to the court's order need not be willful." *In re Dual-Deck*, 10 F.3d at 695.  Nonetheless, courts generally hold that a person should not be held in contempt if his actions "appear to be based on a good faith and reasonable interpretation of the court's order." *Id.*[8] Thus, good faith efforts are generally considered in determining what penalties, if any, to impose. *TiVo Inc. v. EchoStar Corp*. 646 F.3d 869, 880 (Fed. Cir. 2011).

D.  <u>**Application of the Contempt Standard.**</u>

Although the court has broad discretion in exercising its contempt powers, Ninth Circuit jurisprudence reveals that courts generally reserve a finding of contempt against non-parties for clear and intentional violations of a court order.[9]  Conversely, we have found no Ninth Circuit decisions where the court upheld a contempt finding against a non-party when:

1)  The individual did not personally violate the order and made a legitimate, if unsuccessful, attempt to implement the court's order.

2)  The individual is no longer employed by the party and cannot influence the party's future conduct.

3)  The actual party ***admits*** to being in contempt.

4)  The party to the action has already agreed to compensate the victims.

---

[8] *See also Reno*, 452 F.3d at 1130 ("person should not be  held in contempt if his action appears to be based on a good faith and reasonable interpretation of the . . . order.").

[9] *See e.g.s. Peterson v. Highland Music*, 140 F.3d 1313, 1325 (9th Cir. 1998) (finding non-parties in contempt where they "flagrantly and deliberately" assisted the parties in violating the court's judgment); *Inst. Of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 955 (9th Cir. 2014) (upholding civil sanctions against non-party board members because they knew there was a "very high risk" their actions would lead to a violation of injunction).

LEWIS BRISBOIS BISGAARD & SMITH LLP

Any one of these facts vitiates the purpose and need for a civil contempt finding against a non-party.  *Spallone*, 493 U.S. at 280 (trial court abused its discretion by finding non-party city councilmembers in contempt for violating order without first attempting to compel compliance by sanctioning the City).  Here, all of them are present.

## II.     PREVIEW OF ANTICIPATED EVIDENCE

The Court's Order to Show Cause states that Mr. Sands may have "failed to take reasonable steps to communicate the injunction to the appropriate people within MCSO after receiving notice of it from defense counsel."  (Doc. 880 at 15)  We now address this issue.

### A.   Brian Sands Took Reasonable Steps to Communicate the Court's Order to the Appropriate Persons at MCSO.

Brian Sands was MCSO's Chief of Enforcement when the Preliminary Injunction was issued on December 23, 2011.  After 30 years of employment with MCSO, Mr. Sands retired on July 31, 2013.

Mr. Sands, and others, received a copy of the Preliminary Injunction Order on the day it was issued, along with an email from MCSO's outside counsel, Tim Casey.  Mr. Casey's email provided an overview of the highlights of the Order.

The evidence will show that Mr. Sands took reasonable steps to communicate the Court's Order to the appropriate people within MCSO.  Mr. Sands will testify that within two weeks of the Order being issued:

1) He met with Tim Casey and discussed Casey's initial interpretation of the Order.

2) He met with Sheriff Arpaio and Chief Deputy Sheridan and discussed distribution of the Order.  Sands proposed distributing the Order office-wide, a suggestion which Sheriff Arpaio rejected.

LEWIS BRISBOIS BISGAARD & SMITH LLP

3) He spoke with Lt. Joseph Sousa, then head of the Human Smuggling Unit, about having Casey train the HSU Deputies on the Order.  Lt. Sousa assured Sands that he would follow up with Casey to provide the training.

The documentary evidence supports Mr. Sands' testimony.  The evidence shows that:

1) Tim Casey spoke with Lt. Sousa about developing training materials on the Court's Order.

2) Lt. Sousa directed Sargent Brett Palmer to develop training scenarios for an office-wide, E-Learning program on the Order.

3) Sargent Brett Palmer created four training scenarios illustrating how to comply with the Order.

4) Lt. Sousa sent Palmer's training scenarios to Casey for his review.

5) MCSO's training director, Rollie Seebert, was also sent the training scenarios, as he would have developed the final materials for the E-Learning presentation.

In addition to this documentary evidence, Sargent Palmer is expected to testify that he briefed all HSU Deputies on the Order.  Unfortunately, for unknown reasons, the E-Learning training program was not completed.  However, no one has claimed that Brian Sands obstructed implementation of the training program, or that he directed anyone to ignore the Court's Order.  To the contrary, the evidence will show that Mr. Sands took reasonable steps to initiate an office-wide training program on compliance with the Order.

**B.  A Finding of Contempt Against Brian Sands is Not Necessary to Achieve the Court's Legitimate Objectives.**

Mr. Sands recognizes the Court's strong interest in seeing that its orders are promptly and fully implemented.  The Court's exercise of its contempt power, however, must be restrained by the ***least*** possible power to achieve this objective.  *Spallone,* 493

LEWIS BRISBOIS BISGAARD & SMITH LLP

U.S. at 276.  The following facts are undisputed:

- Mr. Sands is one of several MCSO officers that took affirmative steps to comply with the Court's Order.  Mr. Sands should not be treated the same as those who admittedly took no steps to comply.

- Mr. Sands is retired from MCSO.

- Mr. Sands has fully complied with MCSO's internal investigation of this matter even though, as a former employee, he was not obligated to cooperate.

- Sheriff Arpaio admits that he alone is responsible for setting MCSO policy.

- Chief Deputy Sheridan has admitted that he was responsible for ensuring compliance with the Order, and has admitted to being in contempt of the Order.

- MCSO has agreed to seek creation of a substantial fund to compensate the victims.

As discussed above, a finding of contempt against Mr. Sands is unwarranted because he took reasonable steps to communicate the Court's Order to the appropriate people.  In any event, an award of contempt sanctions against Mr. Sands is not the least possible exercise of the Court's power.  The compensatory purpose of civil contempt is adequately addressed by creating a victim's fund, funded by the County, as proposed by MCSO.  The coercive function of civil contempt is not applicable because Mr. Sands is no longer employed by MCSO and, thus, cannot purge any civil fine through affirmative action.  *Bagwell*, 512 U.S. at 829 (a contempt fine is a criminal sanction if the contemnor has no subsequent opportunity to avoid the fine through compliance).

LEWIS BRISBOIS BISGAARD & SMITH LLP

1

III.     **CONCLUSION**

2

For the above reasons, Mr. Sands respectfully requests that the Court find that he

3

did not act in contempt of the Court's December 23, 2011, Order.

4

5

RESPECTFULLY SUBMITTED April 20, 2015.

6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

7

By/s/ Greg S. Como

8

Greg S. Como
M. Craig Murdy
Dane A. Dodd
Attorneys for Brian Sands

9

10

11

**CERTIFICATE OF SERVICE**

12

I hereby certify that on April 20, 2015, I electronically transmitted the foregoing
**RESPONDENT BRIAN SANDS' BENCH MEMORANDUM FOR ORDER TO SHOW CAUSE HEARING** to the Clerk's office using the Court's CM/ECF System, and thereby served all counsel of record in this matter.

13

14

15

/s/ Kathleen Biondolillo

16

17

18

19

20

21

22

23

24

25

26

27

28