WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:     THOMAS P. LIDDY (019384)
        Deputy County Attorneys

CIVIL SERVICES DIVISION
222 North Central Avenue, Suite 1100
Phoenix, Arizona  85004
Telephone No. (602) 506-8541
Facsimile No. (602) 506-8567
liddyt@mcao.maricopa.gov
uglietta@mcao.maricopa.gov
schwabd@mcao.maricopa.gov

Attorney for Defendants Joseph M. Arpaio and
the Maricopa County Sheriff's Office

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV 07-02513-PHX-GMS |
| Plaintiffs, | |
| vs. | **AMENDED AND SUPPLEMENTAL APPLICATION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

        Pursuant to Rules 83.2(e) and 83.3(b)(2), Local Rules of the United States District

Court, District of Arizona, and ER 1.7(a)(1) and (2), ER 1.16(a)(1), and Rule 42, Rules of

the Arizona Supreme Court, Deputy County Attorneys Thomas P. Liddy, Ann Thompson

Uglietta, and Douglas A. Schwab (collectively "Movants") hereby respectfully apply for

the Court's permission to withdraw as co-counsel of record for defendant Joseph Arpaio

and the Maricopa County Sheriff's Office ("MCSO") in this matter.  This Motion is intended to supplement and amend the motion filed on April 21, 2015, at Docket #1015.

Movants seek permission to withdraw in compliance with their obligations under the Arizona Rules of Professional Responsibility.  Recent developments in this matter have given rise to an ethical conflict of interest such that Movants' continued representation of defendants is ethically prohibited.  This Motion is supported by the following Memorandum of Points and Authorities and includes Movants' Certification that Mr. Arpaio has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants are three Deputy Maricopa County Attorneys, Thomas P. Liddy, Ann Thompson Uglietta, and Douglas A. Schwab.  As this Court is aware, Movants have appeared for and currently represent the defendant Joseph Arpaio and the Maricopa County Sheriff's Office ("MCSO") in this matter.  Defendant Arpaio is also represented by counsel Michelle Iafrate of Iafrate & Associates, who has been appearing as lead counsel for Arpaio since November, 2014, and by attorney A. Melvin McDonald.

This litigation in various stages has been pending since December 2007 with a trial on the merits concluding in 2012.  That trial resulted in an Order granting injunctive relief to the plaintiffs against defendants MCSO and Arpaio.[1]  Proceedings in this Court

---

[1] An appeal was taken from the judgment.

have continued through what has been referred to as the "compliance phase," which involves the enforcement and implementation of the Court's May 2013 Findings of Facts and Conclusions of Law.

In February 2015, the Court issued an Order to Show Cause ("OSC") against MCSO, defendant Arpaio, and certain other non-party individuals after finding that the plaintiffs had presented sufficient evidence that the defendants violated the Court's preliminary injunction, violated certain discovery obligations, and took actions in derogation of the Court's May 14, 2014 Orders.

A hearing pursuant to the Order to Show Cause began on April 21, 2015, to determine whether the defendants and other non-parties have in fact committed contempt by violating the Court's prior Orders, and if so, for the Court to determine the "sanctions for any such violations."  In issuing the Order to Show Cause, the Court noted that it would first hold civil contempt proceedings to assess the adequacy of civil remedies "before referring the matter, if appropriate, for criminal prosecution."  Defendant Arpaio has been represented in the OSC proceedings by Michelle Iafrate, A. Melvin McDonald, Jr., and by the Movants.

On April 15, 2015, the Court of Appeals for the Ninth Circuit issued an Opinion deciding certain issues that were taken on appeal from this Court's judgment entered after the 2012 trial and its final remedial order.  The Court of Appeals in that Opinion determined that MCSO was a non-jural entity and thus, under Arizona law, incapable of suing or being sued in its own name.  Without further explanation of its reasoning, the

Court of Appeals directed that Maricopa County "be substituted as a party in lieu of MCSO."[2]

Under Arizona law, Maricopa County and the office of the Sheriff are separate, distinct legal entities. Neither entity has any explicit or inherent lawful authority to control the other. Each has nearly complete autonomy and control over its day to day operations. These entities are operated through duly elected constitutional officers; for the MCSO, that is the Maricopa County Sheriff. The County is operated through its elected Board of Supervisors. The respective authority of each of these constitutional officers is specifically set forth and circumscribed by the Arizona legislature and is limited to those specific powers enumerated.

Indeed there is only one discrete area in which the County has any authority whatsoever *vis a vis* the Sheriff (or other constitutional officers) and that authority is narrowly circumscribed. Specifically, A.R.S. § 11-201(6) provides the County with the power to "determine the budgets of all elected and appointed county officers enumerated under § 11-401 by action of the board of supervisors." In all other respects, the various entities and the elected officials that run them are separate, independent, and autonomous.

Movant Thomas P. Liddy is an employee of the Maricopa County Attorney's Office and Litigation Practice Group Leader for its Civil Services Division. His regular ongoing duties in that position require him to advise Maricopa County (through its Board of Supervisors) and the County's appointed executive leadership with respect to legal

---

[2] The Court allowed that the district court "may consider dismissal of Sheriff Arpaio in his official capacity because "an official—capacity suit is, in all respects other than name, to be treated as a suit against the entity."

matters impacting the County.  Over the past several years, this position has required that Mr. Liddy provide legal advice to the Board with respect to this case and other related matters.  As a result of his position and role, Mr. Liddy has also received confidential information from the County with respect to this matter.

Movants Schwab and Uglietta are also employees of the Maricopa County Attorney's Office. Each of them is also privy to confidential communications with the County involving legal issues arising out of this litigation.  Ms. Uglietta has provided advice and counsel to the County pursuant to the statutory obligations of the County Attorney in a role similar to that of Mr. Liddy's on various matters, including this case.

As co-counsel for defendant Arpaio and MCSO, Mr. Liddy, Ms. Uglietta, and Mr. Schwab are also privy to confidential information regarding Arpaio.  Each has provided legal advice and counsel to Arpaio in the context of this case overall and, in particular, Mr. Schwab has been involved during the compliance phase and Mr. Liddy has been involved in the ongoing contempt proceedings.

Accordingly, the Movants have an ongoing attorney-client relationship with Maricopa County, which has recently been thrust into this litigation as a party-defendant, and an ongoing attorney-client relationship with defendant Arpaio and MCSO. As distinct legal entities, Maricopa County and the MCSO/Arpaio may have distinct legal interests in this case that may well conflict as a result of the currently ongoing contempt proceedings and/or as operational options necessitated by compliance with current and

future orders of this Court, and their respective interests may very well be materially adverse to one another.

Arizona Rules of Professional Conduct Ethical Rule (ER) 1.7 prohibits Arizona Rules of Professional Conduct Ethical Rule (ER) 1.7 provides:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.  *  *  *

This is precisely the unfortunate position that Movants find themselves in as a result of the recent unanticipated decision of the Ninth Circuit, and it necessarily requires them to withdraw from representation of Sheriff Arpaio in order to comply with their ethical obligations.  As a result of the recent decision, the movants are now faced with a concurrent conflict of interest that prohibits their continued representation in this matter. Specifically, Arizona's ER 1.7(a)(1) and (2) prohibit the movants' continued representation and require that they withdraw.

Now that Maricopa County has become, at least provisionally, a named defendant subject to further review by the 9th Circuit Court of Appeals, the ultimate legal risks and

exposures faced by Maricopa County have changed dramatically.  Likewise as a party, the County has markedly different legal standing and ability to direct its defense, allocate resources, determine objectives, formulate and implement strategy to protect the County's interests, and potentially pursue settlement.  Previously the County's interest was with respect to its duties to address fiscal obligations; as a party it now faces weighty issues of responsibility, accountability, and direct legal liability to the plaintiffs and the Court.  Its interests in defending and resolving this action are not necessarily aligned with those of defendant Arpaio and circumstances may inevitably arise on many issues where the County's and the Sheriff's interests may be directly at odds.

Presently the County's potential exposure as a named defendant is predicated on alleged acts or omissions by defendant Arpaio; this alone places the County's interests squarely at odds with those of Mr. Arpaio.  Direct adversity is manifest with respect to the parties' competing interests involving ultimate responsibility and accountability for any liability, sanctions, fines, or compliance costs.  Inevitably, defense strategies that may be employed by one party will conflict with strategies the other wishes to pursue.  It is highly likely that the defendants' interests will diverge with respect to settlement decisions, as those decisions will necessarily require the assessment of accountability and responsibility, the allocation of limited resources, and disagreement as to where the ultimate responsibility falls.

Each party defendant in this matter is entitled to counsel that can exercise independent judgment without concern that the advice given and actions taken on behalf

of one of them will be to the other's detriment.  The policies and principles behind ER 1.7 and the prohibition of engaging in representation with a concurrent conflict recognizes this essential right of clients to have conflict-free counsel.  The rule prohibits conflicted representation in circumstances such as this, where unfettered representation is not possible because of competing interests.

Clearly the representation of Arpaio and MCSO by Movants in this case may very well be directly adverse to the interests of Maricopa County.  Equally clear is that the Movants' ability to effectively represent Mr. Arpaio in this matter is materially limited by their ethical duties and responsibilities to Maricopa County.  Arizona ER 1.16 provides that a lawyer "shall withdraw from the representation of a client if "(1) the representation will result in violation of the Rules of Professional Conduct or other law."

For all the above reasons, Movants respectfully request a formal written order permitting them to withdraw as counsel of record for defendant Arpaio.

By signing below, Movants certify that Mr. Arpaio has been notified in writing of the status of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions.

The last known address and phone number for Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office is as follows:

> Maricopa County Sheriff's Office Headquarters
> 550 West Jackson Street
> Phoenix, AZ  85003
> (602) 876-1801

WHEREFORE, undersigned Movants respectfully request that the Court grant this

Application to Withdraw as Counsel of Record for Defendants.

**RESPECTFULLY SUBMITTED** this <u>24</u>th day of April 2015.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY


BY: /s/ Thomas P. Liddy
THOMAS P. LIDDY


BY: /s/ Ann Thompson Uglietta
ANN THOMPSON UGLIETTA


BY: /s/ Douglas Scwab
DOUGLAS A. SCHWAB


## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 622
401 West Washington Street, SPC 80
Phoenix, AZ  85003

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
COVINGTON & BURLING, LLP
333 Twin Dolphin Road
Redwood Shores, California 94065
***Attorney for Plaintiffs***

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, AZ 85014
***Attorney for Plaintiffs***

9

Cecillia Wang
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
*Attorney for Plaintiffs*

Andre Segura, Esq.
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
*Attorney for Plaintiffs*

Anne Lai
UNIVERSITY OF CALIFORNIA
IRVINE SCHOOL OF LAW-IMMIGRANT RIGHTS CLINIC
401 E. Peltason Drive, Ste. 3500
Irvine, California 92616
*Attorneys for Plaintiffs*

Jorge M. Castillo
MALDEF
634 S. Spring Street, 11th Floor
Los Angeles, California 90014
*Attorneys for Plaintiffs*

Michele M. Iafrate
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003
*Attorneys for Defendants Joseph M. Arpaio*
 *and Maricopa County Sheriff's Office*

Richard K. Walker
Walker & Peskind, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*Attorneys for Defendant Maricopa County,*
*Arizona*

…

A Melvin McDonald, Jr.
Jones Skelton & Hochuli, PLC
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012-2728
***Attorneys for Defendant Joseph Arpaio***

/s/ Selena Rojas

S:\CIVIL\CIV\Matters\GN\2015\Melendres Special Project GN15 258\Dist Court pleadings\Revised Application to Withdraw 042415.doc.docx