1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                               FOR THE DISTRICT OF ARIZONA

8

9    Manuel de Jesus Ortega Melendres, on        No. CV-07-2513-PHX-GMS
     behalf of himself and all others similarly
10   situated; et al.                            **ORDER**

11                   Plaintiffs,

12   v.

13   Joseph M. Arpaio, in his individual and
     official capacity as Sheriff of Maricopa
14   County, AZ; et al.

15                   Defendants.

16

17         During the evidentiary hearing on April 23, 2015, the Court ordered the MCSO

18   Defendants[1] to immediately disclose certain materials discussed in the Court's colloquy

19   with Sheriff Arpaio. Because of the need for the disclosure to occur on an expedited

20   basis, the documents were not initially Bates stamped for control purposes. Attorney

21   review for privilege was conducted contemporaneously with this production, and dual

22   copies of the documents were made, one of which was provided to the Monitor and the

23   other which was retained by the MCSO Defendants.  The MCSO is still in the process of

24   producing some such documents.

25         The MCSO Defendants shall promptly affix Bates numbers to the documents

26   disclosed to the Monitor and, as soon as is reasonably possible, transmit copies of the

27   ─────────────

28         [1] Collectively, Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office
     whose representation is currently being handled by Iafrate & Associates.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bates-stamped materials, along with a detailed privilege log for any documents withheld, to Plaintiffs, the Monitor, specially appearing party Brian Sands, and Maricopa County, which has been reinstated as a party to this action. The Monitor will compare the Bates-stamped documents provided by the MCSO defendants with the set of documents provided by the MCSO Defendants without bates numbers to verify that the two sets of documents are identical. The Monitor will inform the Court as soon as possible as to any lack of identity of the documents sets, and the particulars of such apparent discrepancies. Any issues that arise will be resolved by the Court.

Objections to the aforementioned procedure must be raised with the Court no later than April 28, 2015.

Dated this 27th day of April, 2015.

Honorable G. Murray Snow
United States District Judge

- 2 -