**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
miafrate@iafratelaw.com

Attorneys for **Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | NO. CV07-02513-PHX-GMS |
| Plaintiffs, | **DEFENDANTS JOSEPH M. ARPAIO AND MARICOPA COUNTY SHERIFF'S OFFICE'S OBJECTION TO COURT-ORDERED DISCLOSURE PROCEDURE** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pursuant to this Court's April 27, 2015 Order (Doc. 1032), Defendants Sheriff Arpaio and Maricopa County Sheriff's Office ("Defendants") object to the unorthodox process instituted in the evidentiary hearing and to the procedure extended after the evidentiary hearing to disclose documents.  Defendants object to disclosing the documents within the timeframe that the Court ordered because it denies them the benefit of review for privileged communication and work product, and redaction of confidential personal and financial information.  Defendants support their objection with the following Memorandum of Points and Authorities.

/ / /

/ / /

/ / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On April 23, 2015, the Court questioned Defendant Arpaio about the areas of contempt it identified in its Order to Show Cause (Doc. 880) regarding previous investigations that the Maricopa County Sheriff's Office Special Investigations Divisions conducted.  (Evidentiary Hearing transcript-day 3, 635:23-642:12).  The Court then discussed a blog that New Times reporter, Stephen Lemmons published.  (*Id.* at 642:17-22).  The Court handed a printed copy of the blog to Defendant Arpaio.  (*Id.* at 643:5-7).  This blog was not previously identified as an exhibit.  The Court told Defendant Arpaio that the article was long and that "if you need to take the time to read it, you can do that."  (*Id.* at 643:14-15).  However, the Court did not allow Defendant Arpaio the time to read the document; instead, the Court continued to question Defendant Arpaio about the article and the statements in it.  (*Id.* at 643:15-25; 644:1-25).  After the Court finished questioning Defendant Arpaio about the investigations about which Stephen Lemmons blogged, the Court stated that a hold should be placed on all records that related to the subject investigations including electronic data, funding of the operation, all phone records, e-mails, reports, etc.  (*Id.* at 659:1-24).  The Court next sent the monitor to take possession of those records.  (*Id.* at 659:25-660:3).  Next, two Deputy County Attorneys performed an expedited and cursory review of over 3,300 pages of documents that contained, among other things, financial documents bearing individuals' account numbers and social security numbers and documents deemed "for law enforcement

use only." The attorneys had only a few hours to review the documents because the Court ordered that they be released to the monitors immediately.

## II. LAW AND ARGUMENT

### A. Sheriff Arpaio was Entitled to Notice Regarding The Court's Line of Questioning and the Previously Undisclosed Document Placed Before Him.

At a minimum, a Court must provide an alleged contemnor with notice and an opportunity to be heard. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). The concept of notice includes prior disclosure and provision of documents used at trial and prior identification of areas of examination. *See generally, Stuart v. United States*, 813 F.2d 243, 251 (9th Cir.1987), *rev'd on other grounds*, 489 U.S. 353 (1989); *DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 846-47 (9th Cir. 2001). Such advance notice is consistent with an alleged contemnor's right to present a defense. *See United States v. Powers*, 629 F.2d 619, 625 (9th Cir. 1980). Further, the law requires progressively greater procedural protections for indirect contempts of complex injunctions that necessitate more elaborate and in-depth factfinding as in this case. *See Int'l Union, United Mine Workers of Amercia v. Bagwell*, 512 U.S. 821 at 833-34. Here, although Defendant Arpaio testified that he previously read the article (Transcript, 643:23-24), the Court nor any other party previously provided it to Defendants nor gave notice that Defendant Arpaio would be questioned about it. It was not identified as an exhibit. Nor was Defendant Arpaio provided notice that this subject area would be addressed. In contempt proceedings, procedural protections such as

prior notice are crucial "in view of the heightened potential for abuse posed by the contempt power." *Taylor v. Hayes*, 418 U.S. 488, 498 (1974).

### B. Defendants Are Entitled to Preserve the Attorney-Client and Work Product Privileges.

The procedure outlined by the Court in its Order (Doc. 1032) places Defendants in an untenable position in which they must immediately provide documents pursuant to the Court's Order in such a way that sacrifices the attorney-client and work product privileges. The two Deputy County Attorneys who quickly reviewed documents on April 23, 2015 made random selections throughout the documents to discern what the documents were and made a cursory check for any privileged documents. They did not view any privileged documents; however, time did not allow for a careful or thorough review. It is possible that privileged documents were given to the monitors. This Court, could however, order pursuant to Federal Rules of Evidence 502, that the privilege or protection is not waived by disclosure. As to documents containing financial information, social security numbers, and those marked as "for law enforcement use only," Defendants ask that the Court designate these documents, at a minimum, "for attorney eyes only."

### III. CONCLUSION

Based on Defendants' arguments above, Defendants request the following: 1) that the Court allow them sufficient time to review the documents disclosed to the monitors for attorney client and/or work product privilege and any other privilege that may apply; 2) allow Defendants additional time to review the documents contained on the external hard drive (two terabytes of data) provided to the monitors, that the

Court either allow defendants time to redact account numbers and social security numbers from the documents or designate them "for attorney eyes only".

Finally, Defendant Arpaio objects to the unorthodox manner that violated Defendant Arpaio's due process rights by questioning Defendant Arpaio on areas on which he did not receive prior notice.

DATED this 28th day of April, 2015

**IAFRATE & ASSOCIATES**

By:   s/Michele M. Iafrate
    Michele M. Iafrate
    Attorney for **Defendants Joseph M. Arpaio and Maricopa County Sheriff's Office**

**ORIGINAL** of the foregoing e-filed this 28th day of April, 2015, with:

Clerk of the Court
**United States District Court**
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, Arizona 85003

**COPIES** of the foregoing e-mailed via ECF this 28th day of April, 2015, to:

Stanley Young
**Covington & Burling**
333 Twin Dolphin Road
Redwood Shores, California  94065
Attorneys for **Plaintiffs**

| | |
|---|---|
| 1 | Daniel J. Pochoda |
| | Joshua D. Bendor |
| 2 | **ACLU Foundation of Arizona** |
| | 3707 North 7th Street, Ste. 235 |
| 3 | Phoenix, Arizona  85014 |
| 4 | Attorneys for **Plaintiffs** |
| 5 | Cecillia Wang |
| | **ACLU Immigrants' Rights Project** |
| 6 | 39 Drumm Street |
| | San Francisco, California  94111 |
| 7 | Attorneys for **Plaintiffs** |
| 8 | Andre Segura |
| | **ACLU Immigrants' Rights Project** |
| 9 | 125 Broad Street, 18th Floor |
| | New York, New York  10004 |
| 10 | Attorneys for **Plaintiffs** |
| 11 | |
| | Anne Lai |
| 12 | **University of California** |
| | **Irvine School of Law-Immigrant Rights Clinic** |
| 13 | 401 E. Peltason Drive, Ste. 3500 |
| | Irvine, California  92616 |
| 14 | Attorneys for **Plaintiffs** |
| 15 | Jorge M. Castillo |
| | **MALDEF** |
| 16 | 634 S. Spring Street, 11th Floor |
| | Los Angeles, California  90014 |
| 17 | Attorneys for **Plaintiffs** |
| 18 | |
| | Richard K. Walker |
| 19 | **Walker & Peskind, PLLC** |
| | 16100 N. 71st Street, Ste. 140 |
| 20 | Scottsdale, Arizona  85254 |
| | Attorney for **Maricopa County** |
| 21 | |
| 22 | A. Melvin McDonald |
| | **Jones, Skelton & Hochuli, P.L.C.** |
| 23 | 2901 North Central Avenue, Suite 800 |
| | Phoenix, Arizona  85012 |
| 24 | Attorney for **Sheriff Joseph M. Arpaio** |

Gary L. Birnbaum
David J. Ouimette
**Dickenson Wright PLLC**
1850 N. Central Ave., Ste. 1400
Phoenix, Arizona 85004
Attorneys for **Deputy Chief John MacIntyre**

Lee Stein
Barry Mitchell
**Mitchell Stein Carey, PC**
One Renaissance Square
2 North Central Ave., Ste. 1900
Phoenix, Arizona 85004
Attorneys for **Chief Deputy Gerard Sheridan**

Dennis I. Wilenchik
John D. Wilenchik
**Wilenchik & Bartness**
2810 North 3rd Street
Phoenix, Arizona 85004
Attorneys for **Brian Sands**

Greg S. Como
Dane A. Dodd
M. Craig Murdy
**Lewis Brisbois Bisgaard & Smith, LLP**
Phoenix Plaza Tower II
2929 N. Central Ave., Ste. 1700
Phoenix, Arizona 85012
Attorneys for **Brian Sands**

David Eisenberg
**David Eisenberg, PLC**
2702 N. Third Street, Ste. 4003
Phoenix, Arizona 85004
Attorney for **Joseph Sousa**

Christopher T. Rapp
**Ryan Rapp & Underwood, PLC**
3200 N. Central Avenue, Ste. 1600
Phoenix, Arizona 85012
Attorney for **Brett Palmer**

By:   s/Jill Lafornara