IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Sheriff Joseph Arpaio and the Maricopa County Sheriff's Office ("Defendants") have filed objections to the procedure for document preservation and production outlined at the Show Cause proceedings and in this Court's April 27, 2015 Order (Doc. 1032).

First, Defendants have requested time to review the sequestered documents for attorney-client privilege, work-product immunity, and/or any other applicable privilege. To the extent that this amounts to an objection by Defendants to the Court's previous directions that the documents be transmitted "as soon as is reasonably possible," (*see id.* at 1), the Court hereby orders that Defendants expeditiously complete their privilege review of all documents, memoranda, reports, records, notes, e-mails, social media messages, photographs, audio/video recordings, contracts, meeting minutes, timesheets, financial records, or other materials disclosed to the Monitor during the evidentiary hearing that pertain to the Seattle, Washington/Dennis Montgomery and Grissom

investigations, and turn over Bates-stamped copies to the Plaintiffs and the Monitor by the May 8, 2015 status conference. The Court notes that counsel for Defendants were present and conducting a review for privilege contemporaneously with the initial disclosure of documents to the Monitor. Counsel has now had over a week to continue this process. No further production has apparently occurred, however, since the date of this Court's initial orders on April 23 and 24. The process set forth by the Court with respect to these documents is necessary in light of Defendants' history of spoliation of evidence and non-compliance with orders relating to document discovery. Defendants are to promptly respond to all related future requests for documents by the Monitor by either producing the materials sought or seeking an appropriate protective order from the Court.

Second, Defendants' contention that Sheriff Arpaio's due process rights were implicated by the April 23, 2015 colloquy with the Court is untimely and without merit. The Court notes at the outset that Defendants have requested no specific relief stemming from this objection. The Federal Rules of Evidence extend to the Court the right to participate in questioning, and even call its own, witnesses. Fed. R. Evid. 614. The Court also has inherent power to compel testimony, concomitant with its authority to police litigants whose actions show bad faith or the intent to hamper enforcement of court orders. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 46 (1991). Furthermore, incident to their responsibility to ensure the fairness of the process for all parties, trial courts have an obligation to clarify the evidence presented and ensure that all facts relevant to the proceedings are brought out. *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir. 2001). It follows that the Court's intervention in witness examination is particularly appropriate when one party has restricted the other's ability to develop an evidentiary record through pre-trial discovery.

Neither Sheriff Arpaio's civil nor criminal counsel objected to the examination at the time, and counsel for Defendants elicited testimony on the same subject matter from Chief Deputy Sheridan the following day. Defendants offer no precedent for their assertion that a fact witness in a legal proceeding is entitled to notice of all questions that

1  might be posed to him. The questions posed by the Court, and later by defense counsel,
2  relate to the efficacy and integrity of MCSO's internal investigative processes, the
3  agency's approach to addressing conflicts of interest, and the relative resistance of
4  MCSO's command staff to the authority of the federal court. As the Court explained
5  during the hearing, whether the events giving rise to the charged bases in the Order to
6  Show Cause were isolated incidents of non-compliance or a reflection of a larger pattern
7  of the Maricopa County Sheriff's Office's subversion of this Court's orders is relevant
8  both to the Defendants' liability in contempt as well as to the scope of appropriate
9  remedies for Defendants' conduct. Defendants' objection is, therefore, overruled.

10  Third, consistent with its oral orders on April 24, 2015, the Court **GRANTS**
11  Defendants' Motion to Seal Document 1021 Transcript (Doc. 1038). The Court directs
12  the Clerk of the Court to seal the transcript of the April 22, 2015 Evidentiary Hearing
13  (Doc. 1021) to preserve the privileged nature of the information communicated to the
14  Court by Thomas Liddy, of the Maricopa County Attorney's Office, regarding the nature
15  of his ethical conflict and pending Motion to Withdraw. A version of the transcript that
16  omits the challenged sidebar discussion will be refiled and available for order shortly
17  thereafter. The privileged excerpt of the April 22, 2015 hearing transcript, page 307, line
18  23 to page 311, line 16, shall be maintained under seal.

19  **IT IS SO ORDERED**.
20  Dated this 4th day of May, 2015.

_G. Murray Snow_
Honorable G. Murray Snow
United States District Judge