Richard K. Walker, SBN 004159
**WALKER & PESKIND, PLLC**
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337
*Counsel for Defendant Maricopa County, Arizona*

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph M. Arpaio, et al., <br><br> Defendants. | **CASE NO.: 2:07-CV-02513-GMS** <br><br> **DEFENDANT MARICOPA COUNTY'S OBJECTION TO, AND MOTION FOR RESCISSION OR MODIFICATION OF, ORDER RE PAYMENT OF MONITOR BILLINGS (DOC. 1048)** <br><br> [Assigned to Judge G. Murray Snow] |

Defendant MARICOPA COUNTY[1] hereby respectfully submits its objection to the Court's May 5, 2015 Order (Doc. 1048), directing Deputy County Manager Sandi

---

[1] As used herein and otherwise by undersigned counsel throughout these proceedings, "the County" refers to that portion of the Maricopa County government embodied in the Maricopa County Board of Supervisors, the Maricopa County Manager, and those appointed officers of Maricopa County who report to, and work under the direct supervision of, the foregoing. As such, references to Maricopa County are not intended to, and do not, encompass any other directly elected constitutional officers of the Maricopa County government or the employees who report to them and work under their direct supervision, including but not limited to the Maricopa County Sheriff and employees of the Maricopa County Sheriff's Office.

Wilson ("Ms. Wilson") that she authorize payment of the Monitor's unreviewed April invoice, and effectively countermanding, at least temporarily, the review procedures provided for in the Court's Order of May 15, 2014 (Doc. 696), and abrogating the more specific and detailed procedures for review and reconciliation as negotiated and agreed to between the County and the Monitor.  Effectively, as the County understands the May 5, 2015 Order, the Court has ordered that the Monitor's invoice for April (which undersigned counsel understands to be in the amount of approximately $374,000) be paid without any "review . . . [of] detailed bills . . . for the purpose of verifying or challenging . . . the legitimacy of any entry and or [sic] all of the Monitor's billings to the County." Doc. 696 at 2.[2]  Moreover, it appears that the Court may be contemplating imposing a requirement that future invoices from the Monitor be paid by the County without any review of the legitimacy and accuracy of charges reflected on those invoices.

The Maricopa County Board of Supervisors ("BOS") is the institution of Maricopa County government charged under the Constitution and laws of the State of Arizona with primary responsibility for fiscal management.  *See, e.g.*, A.R.S. § 11-251(11) (BOS empowered to "[e]xamine, settle, and allow all accounts legally chargeable against the county . . . ."); *see also* A.R.S. § 11-254.01(D) ("Professional services shall be procured pursuant to written policies developed by the county purchasing agent and adopted by the

---

[2]  Lest there be any concern in this regard on the part of the Court or any of the parties, Ms. Wilson and her counsel have strictly and consistently complied with those portions of the Court's May 15, 2014 Order (Doc. 696) requiring them to maintain the confidentiality of the detailed information they have heretofore reviewed pursuant to that Order.  Such details have not been disclosed to any other representative of the Sheriff, MCSO, or the County, including undersigned counsel.

2

board of supervisors."); *and* A.R.S. § 11-622(A) ("A person having a claim against a county shall present to the board of supervisors of the county against which the demand is held an itemized claim executed by the person under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount of each item and stating that the claim and each item of the claim is justly due."). As such, the BOS and County management working under the Board's direction have a fiduciary duty to the taxpayers of Maricopa County to ensure that County funds are expended only for legitimate purposes based on invoices that accurately reflect the time and expenses of all outside vendors seeking payment for work charged on an hourly basis. By ordering that the Monitor's bills be accepted on faith and paid by the County without any review to ensure accuracy and legitimacy, this Court is effectively requiring, with respect to invoices from the Monitor, that the BOS and County employees charged with responsibility for implementing the fiscal management and fiduciary duties abdicate their duties to the taxpayers of this County. This raises serious concerns about intrusions upon the sovereign prerogatives of State and local government in a manner that transgresses the boundaries on federal power established in the United States Constitution.

In addition, as the Court is aware, the relationship between the Monitor and the County is governed by the terms of a contract as of February 12, 2014. That agreement provides, in pertinent part:

> Payment shall be due and payable by the County to the Monitor when the Monitor submits to the County its invoice setting forth a description of the services completed and the costs and expenses incurred and the amount(s) due with respect thereto. The Monitor shall provide the County with, and the County shall be entitled to

3

> review, bills, receipts and other reasonable documentation to support the request for payment or reimbursement of such costs and expenses. The County shall have the right . . . to dispute in good faith in writing any bill, receipt, or documentation submitted under this Agreement . . . .

Court-Appointed Monitor Services Agreement Between Maricopa County, Arizona and Warshaw & Associates Incorporated at ¶ 4(c) (Feb. 12, 2014).

The Court's May 5, 2015 Order effectively abrogates this portion of the contractual terms agreed upon by the County and the Monitor, at least with respect to payment of the April 2015 invoice, and it deprives the County of the benefit of its bargain to the extent that it goes to retention of the right to perform the fiscal review and oversight functions it performs with respect to all vendors providing services that are billed on an hourly basis. Especially in light of the fact that the Court's May 5, 2015 Order was issued *sua sponte* and was not sought, briefed, or argued by any party, this judicial abrogation of contractual rights raises significant due process implications.

To be clear, the BOS has no wish to interfere with the Monitor's efforts to carry out this Court's mandate in this case. Nor does the BOS have any interest in preventing or unduly delaying the payment of amounts justly due for the Monitor's work. Further, it is not the position of the BOS that the Monitor's invoices necessarily need to be reviewed by Deputy County Manager Wilson, or another County employee. But the County does assert that *some* review of the Monitor's invoices is necessary to provide the assurance that charges in those invoices are accurate and legitimate. As was proposed a year ago by Douglas Irish, Chief of the Civil Services Division of the Maricopa County Attorney's Office, there are other alternatives that the County would consider acceptable. *See* Letter

4

dated May 7, 2014 from Douglas L. Irish to the Honorable G. Murray Snow, copy attached hereto as Exhibit "A." Those options include review of the invoices by the Court and its staff, review by a Magistrate Judge, and review by a Special Master appointed by the Court and paid for by the County. *Id*. at 1.

The County presumes that the Court has what it considers to be good reason as to why the details relating to the Monitor's charges should not be placed in the public record, or made available to the parties to this litigation. Nevertheless, the County respectfully submits that ordering payment of the Monitor's invoices without *any* oversight and review is an unnecessary invitation to abuse and beyond the Court's lawful authority.

As a final matter, the County takes issue with that part of the May 5, 2015 Order stating: "Recently, Maricopa County has separately re-entered this action to assert rights that it claims to be separate from the interest of Sheriff Arpaio and/or the MCSO." Doc. 1048 at 1. As counsel for the County has sought to make clear, the April 15, 2015 decision of the United States Court of Appeals for the Ninth Circuit in the appeal from certain of this Court's earlier rulings quite unexpectedly and without the benefit of briefing and argument from any of the parties or the County *ordered* that the County be made a party to this case. So the record is clear, it is the County's position that it is not a proper party to this litigation, that its involuntary joinder by the Court of Appeals reflects a mistake of law and a fundamental failure to recognize and appreciate structural aspects of county government in Arizona and how responsibilities and authority are distributed among the institutions of county government under the Arizona Constitution and statutes.

5

The County wishes to emphasize that it has no desire to use the fact that it has been thrust into the role of a party litigant in this action to hinder in any way the speedy resolution of this case.  Nevertheless, the Ninth Circuit's decision has, the County believes, precipitated something of a due process crisis that unnecessarily complicates the proceedings still pending before this Court, and threatens to prolong them.  The County sincerely hopes this will be avoided by an alternative approach it intends to present to the Ninth Circuit.  Detailed arguments on these issues will be presented to the Ninth Circuit very soon.  Any implication in this Court's Order of May 5, 2015 that the County's presence as a party in this matter is anything other than involuntary and subject to its vigorous objection is, with all respect, misleading.

In light of the foregoing, the County respectfully requests that this Court rescind its Order of May 5, 2015 (Doc. 1048) or, in the alternative, that the Order be modified to provide that:

   1. The County is not required to pay any invoice of the Monitor that has not been reviewed for accuracy and legitimacy, whether by Ms. Wilson as provided in the Court's Order of May 15, 2014 (Doc. 696), or under one of the alternative means for review described above and in Exhibit "A" hereto;

   2. Recognizing that payment of the Monitor's invoice for April 2015 has been authorized by Ms. Wilson as directed by the Court, but providing that it will be subject to post hoc review by whatever means is adopted for review of invoices submitted henceforth, with appropriate adjustments made to

6

future payments based on any charges successfully challenged by the County based on the review of the April 2015 invoice; and

3. Providing that all future Orders of the Court regarding payment of the Monitor's invoices will be directed to the County and not to Deputy County Manager Wilson or any other individual employee of the County.

RESPECTFULLY SUBMITTED this 7th day of May, 2015.

WALKER & PESKIND, PLLC

By: /s/ Richard K. Walker
Richard K. Walker
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
Attorneys for Defendant Maricopa County, Arizona

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2015, I electronically filed the Defendant Maricopa County's Objection to, and Motion for Rescission or Modification of, Order re Payment of Monitor Billings (Doc. 1048) with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Michelle Giordano