**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, Arizona 85003
(602) 234-9775

Michele M. Iafrate, #015115
Deborah L. Garner, #026161
miafrate@iafratelaw.com
dgarner@iafratelaw.com

Attorneys for **Defendants Joseph M. Arpaio and
        Maricopa County Sheriff's Office**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al. | NO. CV07-02513-PHX-GMS |
| Plaintiffs, | **DEFENDANT JOSEPH ARPAIO'S RESPONSE TO PLAINTIFFS' MOTION FOR DISCOVERY OF ATTORNEY-CLIENT AND WORK PRODUCT INFORMATION BASED ON WAIVER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Pursuant to Local Rule 7.2(c), Defendant Joseph Arpaio ("Defendant Arpaio") responds to Plaintiffs' Motion for Discovery of Attorney-Client and Work Product Information based on Waiver.  Defendant Arpaio supports his Response with the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      LAW AND ARGUMENT

Plaintiffs seek privileged communications protected by the attorney-client privilege.  The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common-law."  *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981).  "The purpose of the privilege is to encourage clients to make

disclosure to their attorneys." *Fisher v. United States*, 876 F.2d 1411, 1415 (9th Cir. 1989). The systemic benefits of the privilege are commonly understood to outweigh the harm caused by excluding critical evidence. *Id.* Defendant Arpaio did not waive his attorney-client privilege and Plaintiffs should not be allowed access to privileged communications.

### A.    Defendant Did Not Invoke the Advice of Counsel Defense.

Sheriff Arpaio's testimony referenced general discussions with his attorney and did not place the advice of counsel at issue. A party does not waive the attorney-client privilege by publicly noting: (a) the existence of a communication between an attorney and his client; (b) the parties to the communication; and (c) its general subject matter; that same information is routinely included in privilege logs without causing waiver. *In Re Grand Jury*, 974 F.2d 1068, 1071 (9th Cir. 1992). Plaintiffs argue that Defendant Arpaio invoked the advice of counsel defense during his testimony; however, Plaintiffs point only to general comments. A party only waives the attorney-client privilege by injecting the advice of counsel into a case and placing its attorney-client communications at issue. *Rock River Commc'ns, Inc. v. Universal Music* Grp., Inc., 745 F.3d 343, 353 (9th Cir. 2013). In *Sharper Image,* the court found the advice of counsel was put at issue when the defendant testified to a letter revealing his attorney's opinions. *Sharper Image Corp. v. Honeywell Int'l, Inc.*, 222 F.R.D. 621, 627 (N.D. Cal. 2004). Here, there has been no such use, Defendant Arpaio did not interject the opinions of counsel in the proceeding. Plaintiffs point to multiple areas of testimony where Defendant Arpaio testified to

communications with counsel.  (Doc. 1045, pp. 2-3).  Defendant Arapio testified that "counsel looked into it" and counsel "reviewed the order".  (Tr. 483:22-484:12). Defendant Arpaio also testified he "may have talked to counsel".  (Tr. 489:19-22). Even where Defendant Arpaio testified "[p]ursuant to advice of my attorney." (Tr. 489:19-22), Defendant Arpaio did not invoke the defense.  Defendant Arpaio did not testify to the substantive content of any of the communications or opinions with counsel but only to the existence and general subject matter of the communications.

Here, Defendant Arpaio testified to the existence of communications with his attorney.  These statements do not reveal privileged communications but only its general subject matter.  Moreover, what Plaintiffs seek to elicit are exactly what the attorney-client privilege protects.  The content of the communications between an attorney and client is the oldest of the privileges and should be strictly construed. *Weil v. Inv./Indicators, Research & Mgmt. Inc.,* 647 F.2d 18, 24-25 (9th Cir. 1981). The Ninth Circuit determined that the attorney-client privilege covers "the motive of the client seeking representation, litigation strategy, or the nature of the services performed."  *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  It also includes "self-initiated attorney communications intended to keep a client posted on legal developments and implications.  *See Jack Winter, Inc. v. Koratron Co.*, 54 F.R.D. 44, 46 (N.D. Cal. 1971).  Plaintiffs want to know what attorney Tim Casey told his clients after the Court issued its December 23, 2011 Order and following the events of May 14, 2014.  These communications were intended to advise Defendant Arpaio of the legal developments and implications of

3

the orders and should be protected.  Defendant Arpaio did not testify to the content

of any of the communications with counsel but only to the existence and general

subject matter of communications.  This is not sufficient to waive privilege and the

Court should deny Plaintiffs' Motion.

Plaintiffs argue that Defendant Arpaio's employees Lieutenant Sousa,

Sergeant Palmer, and Chief Sheridan waived attorney client privilege during their

testimony at the Evidentiary Hearing.  Only Defendant Arpaio has the authority to

waive privileged communications.

The attorney-client privilege can only be waived by Defendant Arpaio.  A

public or private entity holds the attorney-client privilege to privileged

communications between its employees and its counsel.  *Ross v. City of Memphis*,

423 F.3d 596, 605 (6th Cir. 2005) ("[I]t is the City that holds the privilege to these

communications."); *cf. In re Grand Jury Subpoena*, 274 F.3d 563, 571 (1st Cir.

2001) ("The default assumption is that the attorney only represents the corporate

entity, not the individuals within the corporate sphere" because "an employee has a

duty to assist his employer's counsel in the investigation and defense of matters

pertaining to the employer's business."  (citation omitted)).  "The privilege for

governmental entities may be asserted or waived by the responsible public official or

body.  The identity of that responsible person or body is a question of local

governmental law."  Under Arizona law, the sheriff is an elected county officer, with

the statutory duty to provide law enforcement services, A.R.S. § 11-441(A), and the

power to organize an office by "appoint[ing] deputies . . . and assistants necessary

to conduct [his] affairs," A.R.S. § 11-409; *Hounshell v. White*, 220 Ariz. 1, 4, ¶¶ 12-13, 202 P.3d 466, 469 (Ariz. Ct. App. 2008).  Thus, under Arizona law the Sheriff is the public official responsible for managing the Sheriff's office and exercising the office's attorney-client privilege.  Defendant Arpaio alone holds the attorney-client privilege for communications between Mr. Casey and Defendant Arpaio.

Here, Plaintiffs argue testimony regarding Lieutenant Sousa's interpretation of the preliminary injunction and that counsel did not tell him to change his interpretation put the content of the attorney-client communications at issue.  Therefore privilege is waived.  (Doc. 1045, p. 5).  First, Lieutenant Sousa did not reveal any of the content of the attorney communication.  Lieutenant Sousa only referred to the existence of a communication and the general subject matter.  Lieutenant Sousa testified that he talked to counsel regarding his opinion on the interpretation of the injunction but no one told him to change anything.  (Doc. 1045, pp. 5-6).  Moreover, Lieutenant Sousa cannot waive the privilege.  Although deputies may exercise managerial responsibilities in the Sheriff's Office, they are not constitutionally elected or statutorily empowered to manage the Office or waive its privilege.  The Sheriff is "the head of MCSO, its chief policy maker, and [the public officer who] has final authority over *all* of the agency's decisions."  Doc. 880 at 12 (internal quotation marks omitted) (emphasis added).  Chief Sheridan and other deputies cannot assert and affirmatively demonstrate a personal privilege over some of the confidential communications between Mr. Casey and the Sheriff's Office.  As a result, the power to waive the privilege held by the Sheriff's Office necessarily

rests with the Sheriff alone, and any attempts by an employee or former employee to waive the privilege do not provide Plaintiffs an avenue for discovery of these confidential communications through document production or testimony by Mr. Casey or any other attorney.

### B.   Defendants Did Not Voluntarily Disclose Privileged Documents.

Plaintiffs argue that Defendant Arpaio voluntarily disclosed privileged emails regarding the preliminary injunction, especially emails that included Deputy Chief John MacIntyre and a work product email between attorneys.  Defendant Arpaio did not voluntarily disclose privileged communications but rather was court ordered to produce the documents over objection.  (Doc. 986).  A party does not waive the attorney-client privilege for documents which he is *compelled* to produce. *Transamerica Computer v. International Business Machines,* 573 F.2d 646, 651 (9th Cir.1978).  This Court previously found that Deputy Chief MacIntyre was a third party, and Defendant Arpaio failed to meet his burden that the attorney-client privilege attached.  Defendant Arpaio were then ordered to disclose all documents, including privileged communications from counsel if Chief MacIntyre was copied on the e-mail.  This Court ordered disclosure does not constitute a voluntary waiver of attorney-client privileged communications.  Plaintiffs are not entitled to all communications on the subject of the preliminary injunction and events of May 14, 2014.

Plaintiffs argue that during the deposition of Lieutenant Sousa, he reviewed privileged documents to refresh his recollection.  Plaintiffs argue that Federal Rule of

6

Evidence 612 constitutes a subject matter waiver of the privileged documents and requires disclosure.  As discussed *supra*, only Defendant Arpaio has the authority to waive the attorney-client privilege.  Any actions by an employee to waive privilege do not provide Plaintiffs access to confidential communications.

## C.    The Scope of Discovery Should Be Limited.

If this Court finds, Defendant Arpaio waived his attorney-client privilege, the scope of the waiver should be limited.  The scope of the waiver is governed by a rule of fairness.  *SNK Corp. of Am. v. Atlus Dream Entm't Co*., 188 F.R.D. 566, 571-72 (N.D. Cal. 1999).  A court ultimately must be guided by the subject matter of the documents disclosed, balanced by the need to protect the frankness of the client disclosure and to preclude unfair partial disclosures.  *Starsight Telecast, Inc. v. Gemstar Development Corp.,* 158 F.R.D. 650 (N.D.Cal.1994).  Here, Plaintiffs seek disclosure of all communications and work product documents related to the preliminary injunction from December 23, 2011 and events of May 14, 2014.  Specifically, Plaintiffs argue they should be able to obtain all documents in Defendant Arpaio's possession and should be allowed to depose Mr. Casey, Mr. Tom Liddy, and Ms. Christine Stutz.  Plaintiffs point to no testimony that Defendant Arpaio waived privileged communications with Mr. Liddy or Ms. Stutz.  Testimony by Chief Sheridan to his conversations with Ms. Stutz during the meeting following the May 14, 2014 hearing does not constitute a waiver by Defendant Arpaio.  Therefore, the scope of privileged communications should be limited to only the communications testified to by Defendant Arpaio, mainly as to communications by

Mr. Casey relating to the interpretation of the injunction.  Providing no limit to the information sought unfairly prejudices Defendant Arpaio and ignores the importance of protecting attorney-client communications.

## II.    CONCLUSION

Defendant Arpaio did not waive attorney-client privilege.  Accordingly, the Court should deny Plaintiffs' Motion for Discovery of attorney-client information, and the depositions of Mr. Casey, Mr. Liddy, and Ms. Stutz.

**DATED** this 7th day of May, 2015

**IAFRATE & ASSOCIATES**

By:   s/Michele M. Iafrate

Michele M. Iafrate
Deborah L. Garner
Attorney for **Defendants Joseph M.
Arpaio and Maricopa County Sheriff's
Office**

**ORIGINAL** of the foregoing e-filed
this 7th day of May, 2015, with:

Clerk of the Court
**United States District Court**
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street, Suite 130, SPC 1
Phoenix, Arizona 85003

**COPIES** of the foregoing e-mailed via ECF
this 7th day of May, 2015, to:

Stanley Young
**Covington & Burling**
333 Twin Dolphin Road
Redwood Shores, California  94065
Attorneys for **Plaintiffs**

8

Daniel J. Pochoda
Joshua D. Bendor
**ACLU Foundation of Arizona**
3707 North 7th Street, Ste. 235
Phoenix, Arizona  85014
Attorneys for **Plaintiffs**

Cecillia Wang
**ACLU Immigrants' Rights Project**
39 Drumm Street
San Francisco, California  94111
Attorneys for **Plaintiffs**

Andre Segura
**ACLU Immigrants' Rights Project**
125 Broad Street, 18th Floor
New York, New York  10004
Attorneys for **Plaintiffs**

Anne Lai
**University of California**
**Irvine School of Law-Immigrant Rights Clinic**
401 E. Peltason Drive, Ste. 3500
Irvine, California  92616
Attorneys for **Plaintiffs**

Jorge M. Castillo
**MALDEF**
634 S. Spring Street, 11th Floor
Los Angeles, California  90014
Attorneys for **Plaintiffs**

Richard K. Walker
**Walker & Peskind, PLLC**
16100 N. 71st Street, Ste. 140
Scottsdale, Arizona  85254
Attorney for **Maricopa County**

A. Melvin McDonald
**Jones, Skelton & Hochuli, P.L.C.**
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Attorney for **Sheriff Joseph M. Arpaio**

9

Gary L. Birnbaum
David J. Ouimette
**Dickenson Wright PLLC**
1850 N. Central Ave., Ste. 1400
Phoenix, Arizona  85004
Attorneys for **Deputy Chief John MacIntyre**

Lee Stein
Barry Mitchell
**Mitchell Stein Carey, PC**
One Renaissance Square
2 North Central Ave., Ste. 1900
Phoenix, Arizona  85004
Attorneys for **Chief Deputy Gerard Sheridan**

Dennis I. Wilenchik
John D. Wilenchik
**Wilenchik & Bartness**
2810 North 3rd Street
Phoenix, Arizona  85004
Attorneys for **Brian Sands**

Greg S. Como
Dane A. Dodd
M. Craig Murdy
**Lewis Brisbois Bisgaard & Smith, LLP**
Phoenix Plaza Tower II
2929 N. Central Ave., Ste. 1700
Phoenix, Arizona  85012
Attorneys for **Brian Sands**

David Eisenberg
**David Eisenberg, PLC**
2702 N. Third Street, Ste. 4003
Phoenix, Arizona  85004
Attorney for **Joseph Sousa**

Christopher T. Rapp
**Ryan Rapp & Underwood, PLC**
3200 N. Central Avenue, Ste. 1600
Phoenix, Arizona  85012
Attorney for **Brett Palmer**

By:___s/Michele M. Iafrate_____