1   Cecillia D. Wang (*Pro Hac Vice*)
    cwang@aclu.org
2   ACLU Foundation
3   Immigrants' Rights Project
    39 Drumm Street
4   San Francisco, California 94111
5   Telephone:  (415) 343-0775
    Facsimile: (415) 395-0950
6
7   Daniel J. Pochoda
    dpochoda@acluaz.org
8   Joshua D. Bendor
    jbendor@acluaz.org
9   ACLU Foundation of Arizona
10  3707 N. 7th St., Ste. 235
    Phoenix, AZ 85014
11  Telephone:  (602) 650-1854
    Facsimile:  (602) 650-1376
12
13  *Attorneys for Plaintiffs (Additional attorneys*
    *for Plaintiffs listed on next page)*
14

15          **IN THE UNITED STATES DISTRICT COURT**
16            **FOR THE DISTRICT OF ARIZONA**

17  Manuel de Jesus Ortega Melendres,      )    CV-07-2513-PHX-GMS
18  et al.,                                )
                                           )
19           Plaintiff(s),                 )    **MOTION TO COMPEL**
                                           )    **PRODUCTION OF INTERNAL**
20       v.                                )    **AFFAIRS REPORTS**
                                           )
21                                         )
    Joseph M. Arpaio, et al.,              )
22                                         )
                                           )
23           Defendants(s).                )
                                           )
24  _____

25

26

27

28

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran
talbarran@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
Telephone: : (202) 662-5996
Facsimile:  (202) 778-5996

1   Plaintiffs respectfully move to compel the production of documents related to

2   Internal Affairs ("IA") investigations conducted by the Maricopa County Sheriff's Office

3   and which are relevant to the ongoing civil contempt proceedings.[1]   Specifically,

4   Plaintiffs seek production of three categories of documents:

5   1) All documents related to the four investigations originally assigned to be

6   conducted by Don Vogel (the "Vogel investigation"), including, but not limited

7   to, investigation numbers IA 2014-0542 and IA 2014-0543, and the two

8   remaining investigations now assigned to MCSO officials.[2]

9   2) All documents related to investigations stemming from former Deputy Charley

10   Armendariz, including, but not limited to, the investigations referenced in

11   Defendants' reports on the status of current IA investigations (Docs. 1052,

12   1076).

13   3) All MCSO Internal Affairs or Professional Standards Bureau documents

14   relating to investigations of alleged misconduct involving race discrimination

15   and/or illegal detentions from 2008 to present.

16   During the May 8, 2015 status conference, Defendants stated that they would not

17   voluntarily produce documents related to the Vogel investigation to Plaintiffs.  Despite

18   Plaintiffs' requests and attempts to meet and confer, and despite having notice of

19   Plaintiffs' intent to file the instant motion to compel, Defendants have not responded as

20   to whether they will provide documents in the second and third categories above to

21   Plaintiffs.  Plaintiffs construe Defendants' non-response as a refusal to provide these

22

23   [1] Plaintiffs here use the term Internal Affairs in the general sense to include all internal
24   investigations conducted by the MCSO, including those conducted by the Professional
     Standards Bureau or an outside contractor.

25   [2] Plaintiffs are under the impression that Mr. Vogel produced an original report, which
     was considered and returned with comments by MCSO officials.  Plaintiffs' request
26   encompasses all versions of Mr. Vogel's reports, including any communication
     between Mr. Vogel and MCSO officials regarding the reports.
27

28

1

1    documents.  Plaintiffs now move for an order compelling Defendants to produce such

2    documents.

3         Defendants have not provided any basis on which they seek to withhold these

4    documents.  For purposes of this Motion, however, Plaintiffs assume that Defendants are

5    again asserting the same arguments made in their April 2, 2015 Memorandum on these

6    issues—that A.R.S. § 39-1109(A) provides a privilege against disclosure of IA-related

7    information and that disclosure of this material would undermine the efficacy of IA-

8    investigations and hinder MCSO's ability to mete out appropriate discipline.  Doc. 987 at

9    1-7.  The Court has previously rejected these arguments.  Docs. 795, 1001.

10        Arizona law explicitly permits the disclosure of investigative files.  *See* Doc. 1001

11   at 6-7 (citing A.R.S. §§ 39-121; 38-1106(A)-(B); *Bolm v. Custodian of Records of*

12   *Tucson Police Dep't*, 193 Ariz. 35, 40 (Ct. App. 1998)).  And as repeatedly held by this

13   Court, A.R.S. § 38-1109(A) does not create a litigation privilege enforceable in federal

14   court.  Doc. 1001 at 3.  To "conclude otherwise would undermine two major federal

15   policies:  ensuring the vigorous enforcement of civil rights statutes against persons who

16   violate the Constitution under the color of state law, and maintaining the broadest scope

17   of access to relevant evidence in civil litigation."  Doc. 795 at 11.  Thus, to the extent

18   Defendants continue to assert this privilege, the Court should find that insufficient to

19   block production of this information.

20        To the extent Defendants are continuing to assert that there exist cognizable

21   governmental interests in preventing the disclosure of this information that outweigh

22   Plaintiffs need for this information, that argument is equally unavailing.  Defendants have

23   never provided any assertion of specific harm that would flow from such disclosure, and

24   this Court has rejected Defendants' previously stated concerns as entirely speculative and

25   conclusory, including that it would have a chilling effect on future investigations or that it

26   would somehow impact Defendants' ability to discipline employees.  Doc. 1001 at 5-7;

27   *id.* at 6 n.2 (citing *Soto v. City of Concord*, 162 F.R.D. 603, 614 (N.D. Cal. 1995)).  In

28

1   any event, contrary to their current position, Defendants have already voluntarily

2   produced IA reports in response to Plaintiffs' previous discovery requests related to these

3   contempt proceedings, thereby waiving any argument against disclosure.

4          Further, Plaintiffs' need for this information outweighs any purported harm

5   claimed by Defendants.  Information likely to be produced through production of these

6   categories of documents is highly relevant to the instant contempt proceedings and

7   potential remedies that may be imposed as a result.  One of the two completed Vogel

8   investigations is focused on the very reasons for MCSO's failure to abide by the Court's

9   December 2011 preliminary injunction, and the other is on the subject of the

10  effectiveness of MCSO's supervision and discipline of Deputy Armendariz—a subject

11  that goes directly to the issue of proper remedies and injunctive relief to address the

12  constitutional violations found in this case.  Production of the Vogel investigation

13  documents is particularly important because Defendants have repeatedly violated their

14  discovery obligations in these contempt proceedings.  *See*, *e.g.*, Doc. 1045 at 6-8.  The

15  other categories of investigatory files requested by Plaintiffs have not been previously

16  produced, but involve conduct that is directly relevant to the original trial and the current

17  contempt proceedings.  With respect to investigations stemming from former Deputy

18  Armendariz, this Court found that there is some indication that "Defendants and/or some

19  of their employees may continue to be engaged in efforts to frustrate the implementation

20  of this Court's Orders, and may in fact be using the internal investigative processes to

21  conceal widespread departmental misconduct."  Doc. 795 at 7-8.  And Plaintiffs' request

22  for IA documents relating to Plaintiffs' original allegations of discriminatory and

23  unlawfully-prolonged detentions is likely to lead to the production of information

24  relevant to whether additional remedial measures are necessary to detect and safeguard

25  against such misconduct.  As "MCSO's ability to adequately engage in internal

26  investigation and discipline may also be highly relevant to any remedy that the Court

27

28

3

1    finds appropriate for any violations of its orders or rules that occurred," Plaintiffs are

2    entitled to discovery of this information.  Doc. 1001 at 7-8.

3            Plaintiffs respectfully request that the Court direct Defendants to produce the

4    requested documents.

5

6            RESPECTFULLY SUBMITTED this 13th day of May, 2015.

7                                                          By: /s/ Andre Segura

8                                                          Cecillia D. Wang (*Pro Hac Vice*)
9                                                          Andre I. Segura (*Pro Hac Vice*)
                                                           ACLU Foundation
10                                                         Immigrants' Rights Project

11                                                         Daniel Pochoda
12                                                         Joshua Bendor
                                                           ACLU Foundation of Arizona
13
                                                           Anne Lai (*Pro Hac Vice*)
14
                                                           Stanley Young (*Pro Hac Vice*)
15                                                         Tammy Albarran (*Pro Hac Vice*)
16                                                         Hyun S. Byun (*Pro Hac Vice*)
                                                           Priscilla G. Dodson (*Pro Hac Vice*)
17                                                         Covington & Burling, LLP

18                                                         Jorge M. Castillo (*Pro Hac Vice*)
19                                                         Mexican American Legal Defense and
                                                           Educational Fund
20                                                         *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2015, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.  Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.


*/s/* Andre Segura

5