IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

A status conference in this action was held on May 14, 2015. The Court orders the following:

1. On May 07, 2015, Magistrate Judge John Z. Boyle issued a ruling regarding the applicability of attorney-client privilege and/or work-product immunity to certain disclosures made by Thomas Liddy and Karen Clark, on behalf of former defense counsel Timothy Casey. (*See* Doc. 1053.) Subsequent to this order, Chief Deputy Gerard Sheridan voluntarily disclosed Mr. Casey's mental impressions, opinions, and advice in an interview with the *Arizona Republic*.[1] Thus, the matter is referred back to Judge Boyle for re-evaluation on the continued applicability of the opinion

---

[1] *See* Yvonne Wingett Sanchez, *How Mexican Food Drew Couple Into Heart of Arpaio Case*, Ariz. Republic, May 08, 2015, *available at* http://www.azcentral.com/story/news/local/phoenix/2015/05/07/mexican-fooddrew%20-grissom-couple-heart%20-sheriff%20-joe-arpaio-civil-contempt%20-case/70990098/.

work-product doctrine to these materials in light of Chief Deputy Sheridan's statements to the press. Although, of course, Judge Boyle will fix any briefing schedule, the Court requests that if the parties wish to brief the issue they do so expeditiously.

2. The Application of Attorney for Admission to Practice Pro Hac Vice received by Jonathon A. Moseley, who practices in Virginia, is denied. The record demonstrates that actual and potential conflicts of interest exist between Mr. Moseley's current representation of Sheriff Arpaio in another action and his proposed representation of Mr. Dennis L. Montgomery before this Court. *See* E.R. 1.7(a) ("[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest."); *Cole v. U.S. Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004) ("Attorneys admitted pro hac vice are held to the same professional responsibilities and ethical standards as regular counsel. . . ."). Mr. Moseley was given the opportunity to appear telephonically at the status conference but did not do so. The Court denies Mr. Moseley's application. Accordingly, his pending Motion to Intervene (Doc. 1057) and Motion to Disqualify (Doc. 1067) are hereby stricken pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7.2(m)(1).

3. In light of the newly disclosed documents, the Court orders that the parties proceed as follows so as to effectively manage the discovery period prior to the continuation of the show cause hearing:

   a. The Monitor, pursuant to its authority to evaluate the integrity of MCSO's operations and compliance efforts, shall investigate matters that are raised by the documents recently disclosed to them by Defendants. The Parties shall fully cooperate with such investigations. Although the Monitor has broad authority to set the direction of an investigation, this authority is limited by the orders previously entered in this matter. Ongoing investigations by the MCSO Professional Standards Bureau do not restrict

the Monitor in his investigative authority.

b. Chief Sherry Kiyler is authorized to be involved in all investigations pertaining to recent MCSO disclosures.

c. To the extent that the Monitor interviews persons who are in the employ of MCSO, any and all counsel may be present at the interviews. All parties and specially appearing non-parties will have the right to pay for and obtain transcripts of any interview done by the Monitor.

d. The witness is entitled to counsel at his or her own expense, and is also entitled to all rights and privileges which are available to him or her under federal law.

e. The Parties and named non-party contemnors may conduct their own depositions coextensively with the Monitor, so long as they obtain the approval of the Monitor prior to scheduling such depositions so as not to interfere with the Monitor's investigation. Copies of transcripts from all such deposition shall be provided to the Monitor.

f. Aspects of the "Seattle operation" are germane to the show cause proceedings, and shall be addressed by the Parties insofar as they relate to the charged bases for contempt or the appropriateness of any remedial measures. The Court will consult with the Parties on the topics that merit addressing at the hearings to be resumed on June 16, 2015 once the scope of relevant issues are sufficiently refined by document review and the Monitor's investigations.

Dated this 14th day of May, 2015.

_____
Honorable G. Murray Snow
United States District Judge