Larry Klayman
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Intervenor

*Of Counsel*

Jonathon A. Moseley
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Intervenor

*(Pro hac vice application pending)*

FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 0 1 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; *et al.*<br><br>                    Plaintiff,<br>    v.<br><br>JOSEPH M. ARPAIO, in his individual And official capacity as Sheriff of Maricopa County, Arizona; *et al.*<br><br>                    Defendants<br><br>DENNIS L. MONTGOMERY<br><br>                    Intervenor | Civil Action No.<br>CV-07-2513-PHX-GMS |

**PUTATIVE INTERVENOR DENNIS MONTGOMERY'S SUPPLEMENT TO MOTION FOR RECONSIDERATION AND OBJECTION TO PROCEDURE SET FORTH BY COURT'S AMENDED NOTICE RE DOCUMENT REQUEST BY THE U.S. DEPARTMENT OF JUSTICE**

Putative Intervenor Dennis Montgomery has been compelled to respond to the above styled court order of May 29, 2015 on the following grounds:

- 1 -

1) Improper and based on the Court's unethical actions and conflict of interest as set forth in both in putative intervenor's, Sheriff Arpaio's, and the Maricopa County Sheriff's office's motions to recuse and or disqualify, this Court had no authority to issue the subject order of last Friday, May 29, 2015. In addition, from the face of this Court's order of May 29, 2015, it is clear that the Court has engaged in unethical *ex* parte communication with the U.S. Department of Justice without providing notice to any party much less the putative intervenor, Mr. Montgomery. Previously, the Court has also been forced to admit to improper unethical ex parte communications on lunch breaks, most likely one can presume from the totality of circumstances, with a reporter, Stephen Lemons, at the discredited, ultra-leftist and pro-illegal immigrant Phoenix New Times. Apparently based on blog postings by this sleazy reporter and publication, which the Court has referenced and used during Court proceedings, the Court has sought to "justify" its improper expansion of this case into wholly irrelevant matters from the original contempt proceedings. The Phoenix New Times and in particular its sleazy reporter Stephen Lemons has intended to dishonestly pursue its and his own political agenda and boost their readership, who are also material witnesses to this irrelevant, "run-a-way" unethical expansion of the original contempt proceedings.

2) Specifically, under 28 USC § 144 this Court was required to "proceed no further" and remove itself from this case **immediately**. Not only that, the court has an independent duty *sua sponte* to obey the Code of Judicial Conduct and immediately remove itself from this case – particularly given its clear cut conflict of interest in undertaking what has become a "witch hunt" against the sheriff, his office, and Mr. Montgomery -- all intended to cover up its extreme bias and prejudice against and to admittedly destroy Sheriff Arpaio's reelection chances in 2016 and destroy his reputation and harm him generally, as well as to protect his wife and himself who are both material witnesses to this "witch hunt."

3) Because the court refuses to obey either the law, particularly 28 U.S.C. § 144, or its independent ethical responsibility under the Code of Judicial Conduct, as set forth in the relevant motions, Mr. Montgomery has been forced to file an ethics complaint, which is pending before the Ninth Circuit Judicial Council . Mr. Montgomery puts the Court on notice of this not for coercive reasons but out of fairness (which reciprocally has not been accorded to Putative Intervenor Dennis Montgomery or the sheriff and his office) so the Court is on notice of the consequences of its unethical actions, which are being compounded daily.

4) Putative Intervenor Dennis Montgomery, who also incorporates by reference Defendants Joseph M. Arpaio And Maricopa County Sheriff's Office's Objection To Procedure Set Forth By Court (Docket No. 1117) again requests that his motion to intervene be granted as there is obviously no conflict of interest between him and the sheriff, particularly in the context of this case. The copying of documents and things by the U.S. Department of Justice must be held in abeyance until this matter is fully litigated and the ethics complaint before the Ninth Circuit Judicial Council runs its course, given the Court's defiant and illegal refusal to obey 28 U.S.C. § 144 and its independent ethical duties and responsibilities to remove itself from this case immediately.

Dated: June 1, 2015

Respectfully submitted,

Larry Klayman
The Klayman Law Firm
7050 W Palmetto Park Road, Suite 15-287
Boca Raton, Florida 33433
(310) 595-0800
leklayman@gmail.com
Attorney for Dennis Montgomery

Of Counsel

*Jonathon Moseley, Esq.*

Virginia State Bar No. 41058
The Klayman Law Firm
7050 W Palmetto Park Road, Suite 15-287
Boca Raton, Florida 33433
(310) 595-0800
leklayman@gmail.com
Attorney for Dennis Montgomery

(Pro Hac Vice Application Pending)

((

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I served the foregoing document by email and U.S. Mail on the following counsels' of record:

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road
Redwood Shores, California 94065
syoung@cov.com
650-632-4700
Attorneys for Plaintiffs
(Service via Email)

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
dpochoda@acluaz.org
602-650-1854
Attorney for Plaintiffs
(Service via Email)

Cecilia D. Wang, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street

- 4 -

San Francisco, California 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P. Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003
miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Melvin McDonald, Esq.
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728
mmcdonald@jshfirm.com
602-263-1700
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.

```
 1  New York, New York 10004
    asegura@aclu.org
 2  212-549-2676
    Attorney for Plaintiffs
 3  (Service via Email)

 4  Anne Lai, Esq.
    UCI School of Law
 5  401 E. Peltason Drive. Suite 3500
    Irvine, California 92616
 6  alai@law.uci.edu
    949-824-9894
 7  (Service via Email)

 8
    Jorge M. Castillo, Esq.
 9  MALDEF
    634 S. Spring Street, 11th Fl.
10  Los Angeles, California 90014
    jcastillo@maldef.org
11  213-629-2512
    Attorney for Plaintiffs
12  (Service via Email)
13
    Richard K. Walker, Esq.
14  WALKER & PESKIND, PLLC
    16100 N. 71st Street, Suite 140
15  Scottsdale, Arizona 85254-2236
    rkw@azlawpartner.com
16  480-483-6336
    Attorney for Defendant Maricopa County
17  (Service via Email)
18
19                                    _____
                                      Jonathon Moseley, Esq.
20
21
22                                    Virginia State Bar No. 41058
23                                    Attorney for Plaintiff
                                      (Pro Hac Vice Application Pending)
24
25
26
27
28
```