IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**CLARIFICATION RE DOCUMENTS 1117 AND 1120 AND VACATING EVIDENITIARY HEARING OF JUNE 16-19; 23-26, 2015** |

On May 22, 2015, Sheriff Joseph Arpaio, and non-party contemnor Chief Deputy Gerard Sheridan filed a Motion for Recusal/Motion to Disqualify Judge. (Doc. 1117.) In light of this Motion, this Court issued an order vacating the three status conferences set for May 29, June 5 and June 12, 2015. It further indicated that "it shall issue no further orders until the motion has been briefed and/or a ruling has been issued." (Doc. 1120.)

Neither Defendants' Motion nor this Court's May 22, 2015 Order suspended or called into question any of the Court's previous orders. Specifically, the Order did not suspend the responsibilities of Defendants or the Monitor as are set forth in the Permanent Injunction, the Supplemental Permanent, Injunction, or any amendments thereto, which enforce the terms of this Court's findings of facts and conclusions of law and which have been upheld in virtually all respects by the Ninth Circuit Court of Appeals. *See Melendres v. Arpaio*, No. 13-16285, 2015 WL 1654550, at *10 (9th Cir.

Apr. 15, 2015). The Court's May 22 Order merely aims to preserve the status quo vis-à-vis the civil contempt proceedings that were scheduled to resume in mid-June until the Court rules on Defendants' Motion. Nevertheless, after Defendants filed their Motion, counsel for MCSO and Sheriff Arpaio contacted the Monitor to state that "[b]ased on the Court's Order . . . the *Melendres* case is stayed until a decision is made regarding the Motion to Recuse or Motion to Disqualify (Doc. 1117). Therefore, the Monitor's . . . site visits scheduled are stayed as well." The Monitor had a regular monitoring site visit and community meeting, as required by the terms of the Supplemental Permanent Injunction, scheduled for the following week. To avoid confrontation, the Monitor cancelled its scheduled site visit and community meeting. Nothing about the Court's May 22 order suggested such a cancellation.

Nevertheless, until the Court rules on Defendants' Motion, the Monitor shall not seek to conduct independent investigations within the MCSO relating to the subjects of Order to Show Cause. This does not affect, however, the Monitor's authority to act pursuant to the terms of the Supplemental Permanent Injunction or other self-enforcing orders—*e.g*., those that do not require further action from this Court. In supervising administrative investigations undertaken by the MCSO that bear relation to the constitutional rights of the Plaintiff class, including those investigations that may have been triggered by events also relevant to the civil contempt hearing (such as those arising from the posthumous inquiry into Deputy Armendariz), the IA Monitors act pursuant to the terms of the Supplemental Permanent Injunction and self-enforcing provisions of this Court's November 20, 2014 Order. (*See* Doc. 795, *amended by* Doc. 825.) Should the Court be required to enter additional orders to preserve the relative positions of the Parties in the interim period, it will vacate its previous Order (Doc. 1120).

In addition, the Court has received Defendants' objection to the United States Department of Justice's examination of the documents that were allegedly harvested from the Central Intelligence Agency and provided to Defendants by Dennis Montgomery. (Doc. 1138.) Therefore, the Monitor shall not cooperate with the DOJ on a voluntary

- 2 -

basis to facilitate such examination, pending the Court's ruling on Defendants' Motion.

Lastly, the Court has received the Parties' stipulation that Plaintiffs' Response to the Motion for Recusal will be filed by June 12, and Defendants' Reply will be filed by June 22. Because those dates continue up through the dates held for the continued contempt proceedings, the Court hereby **VACATES** the evidentiary hearing scheduled for June 16-19; 23-26, 2015. This matter will be reset following the resolution of Defendants' Motion.

Dated this 1st day of June, 2015.

_____
Honorable G. Murray Snow
United States District Judge