Jonathon A. Moseley
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Intervenor

*(Pro hac vice pending)*

Larry Klayman
Freedom Watch, Inc.
2020 Pennsylvania Avenue N.W., Suite 345
Washington, D.C. 20006
(310) 595-0800
leklayman@gmail.com
Attorney for Intervenor

*Of Counsel*

```
                    FILED ___ LODGED
                    RECEIVED ___ COPY

                    JUN 24 2015

                    CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                    BY_____ DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; *et al.*<br><br>Plaintiff,<br>v.<br>JOSEPH M. ARPAIO, in his individual And official capacity as Sheriff of Maricopa County, Arizona; *et al.*<br><br>Defendants | Civil Action No.<br>CV-07-2513-PHX-GMS |
| DENNIS L. MONTGOMERY<br><br>Intervenor | |

**PUTATIVE INTEVERVNOR DENNIS MONTGOMERY'S THIRD SUPPLEMENT TO MOTION FOR RECONSIDERATION OF DENNIS MONTGOMERY'S MOTION FOR INTERVENTION AND MOTION FOR ADMITTANCE PRO HAC VICE OF JONATHON A. MOSELEY**

Putative Intervenor Dennis L. Montgomery hereby respectfully submits the attached exhibit and newly-available information in support of his motion to intervene and motion for his attorney Jonathon Moseley to be admitted *Pro Hac Vice* on my behalf. The document speaks for itself. This

document was not previously available as an exhibit to Montgomery's motions, and it underscores why intervention and the granting of the undersigned's pro hac vice motion is necessary to protect the interests of Mr. Montgomery. By not granting the motions, but instead continuing to sit on them for the Court's apparent strategic reasons, Mr. Montgomery's rights are being severely harmed, on an ongoing basis.

Dated: June 23, 2015                                Respectfully submitted,

                                       Larry Klayman
                                       Freedom Watch, Inc.
                                       2020 Pennsylvania Avenue N.W., Suite 345
                                       Washington, D.C. 20006
                                       (310) 595-0800
                                       leklayman@gmail.com
                                       Attorney for Intervenor

                                       *Of Counsel*

                                       */s/ Jonathon Moseley, Esq.*

                                       Jonathon A. Moseley
                                       Freedom Watch, Inc.
                                       2020 Pennsylvania Avenue N.W., Suite 345
                                       Washington, D.C. 20006
                                       (310) 595-0800
                                       leklayman@gmail.com
                                       Attorney for Intervenor

                                       *(Pro hac vice pending)*



# FREEDOM WATCH

www.FreedomWatchUSA.org

World Headquarters 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811    (310) 595-0800    lklayman@gmail.com

*Via Mail and Facsimile*

June 22, 2015

Mr. Daniel J. Pochoda, Esq.
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
Facsimile: (602) 650-1376

Ms. Cecillia D. Wang, Esq.
Immigrants' Rights Project
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, California 94111
Facsimile: (415) 395-0950

Mr. Mike German, Esq.
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Facsimile: (212) 549-2654

Ms. Susan Herman
President
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Facsimile: (212) 549-2654

### Re: Demand to Immediately Withdraw As Counsel And to Mitigate Defamation of Dennis Montgomery

Dear Ladies and Gentlemen:

I am writing as general legal counsel for Mr. Dennis Montgomery, who is the subject of unethical, illegal attacks by you and your organization in legal pleadings in the case of *Melendres v. Arpaio* in the U.S. District Court for the District of Arizona (CV-07-2513-PHX-GMS) and a New York Times article of June 15, 2015, written by Ms. Fernanda Santos,

Phoenix, Arizona, Bureau Chief, titled "Twists Outnumber Judges (So Far) in Case Against Arizona Sheriff."

As a result of attacking its own former client Dennis Montgomery, and thereby violating its ethical responsibilities of loyalty and confidentiality, the American Civil Liberties Union Foundation ("ACLU") must now immediately withdraw from representing the *Melendres v. Arpaio* (CV-07-2513-PHX-GMS) Plaintiffs. The ACLU's conflict of interest has matured into an even more egregious conflict as a result of actions by you, the ACLU and the Honorable G. Murray Snow. The Defendants Sheriff Joe Arpaio and Chief Deputy Sheridan objected to the expansion of the case.

The case of *Melendres v. Arpaio* was concluded on the merits in October 2013, and is now in an ongoing contempt phase. Its scope is precisely defined by its final order entered in 2013. Yet the ACLU has now added political exploitation to its efforts to encourage widespread violations of the Immigration and Naturalization Act (INA). In the process of expanding this case, the ACLU is now attacking and harming its own prior client Dennis Montgomery.

Attorneys for the ACLU appearing in the State of Arizona include Mr. Daniel Pochoda, Cecellia Wang, Andre I. Segura, and Joshua Bendor. These attorneys have repeatedly and flagrantly threatened criminal prosecution of Dennis Montgomery, Sheriff Joe Arpaio, Chief Deputy Jerry Sheridan and other personnel of the Maricopa County Sheriff's Office (MCSO). Threatening criminal prosecution to gain advantage in a civil litigation is prohibited by the ethical and other obligations of the legal profession.

According to a warning published by the Arizona State Bar in Arizona Attorney, in its July/August 2009 edition by David D. Dodge, former Chair of the Disciplinary Commission of the Arizona Supreme Court, the prohibition against threats of criminal prosecution under Arizona's old Disciplinary Rule 7-105(a) remains in force in Arizona even though no longer explicitly stated in Arizona's new adoption of the ABA Model Rules of Professional Conduct.[1]

Furthermore, former disciplinary Chair Dodge of the Arizona State Bar warns about threatening criminal prosecution in civil litigation: "What has been overlooked is that knowingly obtaining or seeking to obtain "property" by means of threatening to bring criminal charges against anyone is considered to be extortion, a Class 4 felony in Arizona.3 And engaging in extortionate acts by lawyers is generally discouraged here and elsewhere." *Id.*

Also, as you know, Dennis Montgomery consulted with the ACLU in 2013 and 2014 about his legal circumstances, including with the head litigation attorney to the ACLU in Washington, D.C., Mike German. Montgomery disclosed confidential attorney client information and documents in anticipation of representation and actually received substantive legal advice from the ACLU, prior to meeting with the Attorney General of Arizona with the assistance of Sheriff Joe Arpaio on exactly the same topics as his consultation with the ACLU.

---

[1] http://www.myazbar.org/AZAttorney/PDF_Articles/0709ethics.pdf

With the ACLU, Dennis Montgomery consulted in furtherance of establishing full legal representation concerning these topics.

During these meetings, Montgomery disclosed confidential information and documents, identified legal issues of concern,[2] and asked for legal advice on many issues in his circumstances. Mike German requested that Montgomery send and provide additional information and documents for the purpose of the ACLU providing future legal representation that Mike German recommended that the ACLU undertake.[3] The ACLU and Montgomery were engaged in confidential discussions which constituted an attorney-client relationship and work product in anticipation of full representation.

Because Mike German and others actually gave Dennis Montgomery legal advice and an evaluation of his legal risks of his situation and asked for more information and documents to further future legal actions by the ACLU on Montgomery's behalf, an attorney-client relationship was actually established. Moreover, consultation in contemplation of a formal attorney-client relationship also triggers ethical, fiduciary and professional responsibilities.

Furthermore, just recently Mr. Daniel Pochoda on behalf of the ACLU made defamatory statements published in that article concerning Dennis Montgomery, along with similar statements made elsewhere by Cecellia Wang and other ACLU attorneys. This letter is to place you on notice pursuant to § 770.02 Florida Statutes (2012) "Notice condition precedent to action or prosecution for libel or slander" that you have published statements concerning our client Dennis Montgomery which constitute defamation *per se*, general defamation and defamation by inference (hereafter "defamatory statements").

You are now on notice that your defamation caused, and is continuing to cause severe damage to Dennis Montgomery personally and in his trade and profession, for which you may be held to account legally. Pursuant to Florida Statutes § 770.02, litigation may be initiated no sooner than five (5) days from your receipt of this letter.

You are also hereby put on notice to immediately take any and all actions to try to mitigate the damage from these false statements, and also to preserve all of your notes and electronic recordings and other documents and things that refer or relate to your article of today as they will be subpoenaed, or subject to discovery should Mr. Montgomery decide to file suit against you, the ACLU, and its attorneys.

---

[2] Identifying legal issues can highlight and pinpoint the strength and weaknesses of a client's legal situation and risks. Thus, when seeking legal advice from an attorney the questions posed by a client can be as potentially risky if misused as the answers from the attorney. The issues identified can assist a legal opponent in targeting the client.

[3] General references are required here to protect the substance of the attorney-client discussions and legal advice given to Montgomery from the ACLU.

First, Mr. Daniel Pochoda's statement in the article about Dennis Montgomery in The New York Times (NYT) article is libelous. Mr. Pochoda is quoted in the NYT stating that:

> "This guy hired a person previously found to be a con man," said Dan Pochoda, senior counsel for the American Civil Liberties Union of Arizona, which represents the plaintiffs in the case against Sheriff Arpaio.

Clearly, the false factual assertion that Dennis Montgomery is a con-man, and that he has been previously confirmed to be a con man, is defamation *per se*. The ACLU is claiming that Montgomery committed fraud in business transactions. This is a public statement of criminal conduct, including making false statements to the government under 18 U.S.C. § 1001 and violating the False Claims Act 31 U.S.C. §§ 3729 – 3733 by submitting a claim for payment based upon fraud or misrepresentation. Therefore, the ACLU's statements are defamation *per se* on at least two grounds, claiming commission of a criminal act and dishonesty in one's trade or business.

Because the ACLU previously legally consulted with Montgomery, the ACLU has actual knowledge that any and all such statements are false. One of several topics that Montgomery sought the ACLU's help about was Montgomery being lied about on exactly these topics in exactly these ways. Montgomery sought legal advice about the campaign to preemptively discredit him and silence him as a *bona fide* whistleblower concerning misconduct by the government. That discussion informed the ACLU of the actual falsehood of those smears, in detail, backed up with documentation.

Furthermore, the ACLU has knowledge that Montgomery's involvement with the Attorney General of Arizona and the Maricopa County Sheriff's Office was not about Judge G. Murray Snow or the case of *Melendres v. Arpaio*.[4] Thus, the ACLU has knowledge that Daniel Pochoda's statements to the New York Times are false. Knowledge of the falsehood of the statements establishes actual malice under the law, even though Mr. Montgomery is not a public figure.

---

[4] Ironically, the ACLU's dishonest and unconstitutional illegal practices are exemplified by its now disclosed surveillance of Congressional offices by cookies embedded in email messages. "Ironically, the ACLU actually puts surveillance software into its emails campaigning against government surveillance," reports Patrick Howley, "Exclusive: ACLU Uses Tracking Software To Monitor Capitol Hill Staffers," Daily Caller, June 15, 2015, accessible at: http://dailycaller.com/2015/06/15/exclusive-aclu-uses-tracking-software-to-monitor-capitol-hill-staffers/#ixzz3dLHGXTj4 "The nonprofit civil liberties group uses a software system called 'Capwiz' to insert cookies onto the computers of Capitol Hill staffers who click on links in the emails, multiple Capitol Hill offices recently discovered." *Id.* Hypocritically, the ACLU falsely claims to be the protector of civil liberties and privacy rights as demonstrated by its lawsuit against the National Security Agency and James Clapper.

Moreover, the ACLU has knowledge that Dennis Montgomery cannot legally respond to these smears and defamation without the risk of breaking the law concerning classified information. He sought the ACLU's help with this issue. Thus, the ACLU has knowledge that Mr. Montgomery is unable to answer in detail about the defamation by the ACLU, from whom he sought legal help. This also constitutes actual malice.

Mr. Pochoda, Ms. Wang and other ACLU attorneys are thus working against Mr. Montgomery's interests even out of court.

Furthermore, Mr. Pochoda's and Ms. Wang's attacks upon Mr. Montgomery are a violation of the Daniel Pochoda's and Cecellia Wang's ethical, fiduciary and professional responsibilities toward him of loyalty and confidentiality.[5]

Meanwhile, and most egregiously, the ACLU, by its attorneys Cecellia Wang Daniel Pochoda, Andre I. Segura, and Joshua Bendor, further attacked Dennis Montgomery in the **Response in Opposition to Sheriff Arpaio and Chief Deputy Sheridan's Motion for Recusal or Disqualification of the Court** ("Opposition") filed by the ACLU in *Melendres v. Arpaio* in the U.S. District Court for the District of Arizona.

In Footnote 2 on Page 9, the ACLU accused Dennis Montgomery of committing crimes. In this passage, Cecellia Wang and Daniel Pochoda are clearly working to induce criminal indictments and prosecution against their own client Dennis Montgomery.[6]

Thus, in violation of Ms. Wang's and Mr. Pochoda's ethical, fiduciary and professional responsibilities, they and other ACLU attorneys now seek to cause the indictment and prosecution of Dennis Montgomery, a client who came to the ACLU seeking legal assistance concerning exactly the same topics.

Moreover, Daniel Pochoda, Cecellia Wang and the rest of the ACLU have knowledge of the true facts as a result of those prior confidential attorney-client consultations that the allegations are completely false. The ACLU wrote and advocated in its recent Opposition:

---

[5] Sheriff Arpaio's attorney filed a motion asking the Honorable G. Murray Snow to exclude these topics from *Melendres v. Arpaio*. Over Arpaio's objection, Judge Snow ruled that the topics are material. Therefore, the ACLU is now adverse to someone who sought legal help from the ACLU on topics officially ruled to be material to that case. The conflict and its materiality were insisted upon by the Plaintiffs and Judge Snow. The conflict of interest became severe and actual in April 2015 when Judge Snow refused Arpaio's motion to exclude the topics from the litigation and ruled that the issues are material to the on-going case.

[6] Ms. Wang and Mr. Pochoda and other ACLU attorneys make these allegations with the intention that criminal prosecution be initiated. Judge Snow, at the ACLU's urging, ordered that the U.S. Attorney monitor the case. The ACLU traditionally ought to be concerned about blurring lines between the judicial and executive branches.

> Even more troubling, as the Court noted in a post-hearing status conference, the evidence indicates that Dennis Montgomery informed MCSO personnel—with Chief Deputy Sheridan's knowledge—that he was using a database of information "harvested by the CIA and confiscated by him" in his investigation, and also purported to be tracking telephone calls between the Court, the Attorney General, the Assistant Attorney General, and the U.S. Attorney for the District of Arizona. Tr. of May 14, 2015 at 44:22-45:2, 45:10-16; Wang Decl., Ex. C, F. ***This implicates possible violations of federal criminal laws by MCSO personnel in the course of the MCSO-Montgomery investigation.*** See, e.g., 18 U.S.C. §§ 793(b)-(f) (taking or communication of documents relating to national defense); 798 (disclosure of classified information); 1503 (intimidation of federal court and obstruction of justice); 1509 (obstruction of court orders); 1924 (unauthorized removal of classified information); 2511 (intercepting electronic communications); 2701 (unlawful access to stored communications).

(*Emphasis added.*)

This discussion concerning the "MCSO-Montgomery investigation" clearly implicates Montgomery in the "MCSO-Montgomery investigation." Of course under the duty of loyalty and confidentiality, this attack is a violation even if the statement is true.

To make matters worse, in her affidavit attached to the ACLU's Opposition, Cecellia Wang sponsors, promotes and endorses an article entitled "Joe Arpaio's Investigating Federal Judge G. Murray Snow, DOJ, Sources Say, and Using a Seattle Scammer To Do It." from The Phoenix New Times trashing Dennis Montgomery in Paragraph 3 on Page 1.

On Pages 8 to 9 of the pleading, the ACLU by Ms. Wang and Mr. Pochoda further attacked Dennis Montgomery, including by promoting, drawing attention to, and relying upon disreputable and false blog postings that further defame him.[7]

> The *Phoenix New Times* article that the Court introduced as an exhibit indicated that the MCSO-Montgomery investigation was aimed at developing a conspiracy theory to discredit the Court during that same time period (October 2013 through April 2015) in which the movants had expressed defiance of the Court's Supplemental Permanent Injunction, in which there were numerous instances of noncompliance with the Court's orders, and leading up

---

[7] A newspaper article is of course normally inadmissible hearsay.

to the April evidentiary hearing on contempt charges and remedies. Documents later produced by the Defendants support the newspaper account that—contrary to the testimony of Arpaio and Sheridan—the MCSO-Montgomery investigation targeted the Court. Wang Decl., Ex. B, F. The documents also reveal that MCSO personnel continued to press Dennis Montgomery for results up until the eve of the contempt hearing, even though they had already concluded that he was not credible. Wang Decl., Ex. C, D, E. The evidence thus suggested that the MCSO-Montgomery investigation might be an attempt to undermine the Court's authority rather than comply with its lawful orders.

Furthermore, attorneys Ms. Wang, Mr. Pochoda, Mr. Segura and Mr. Bendor have also worked against the interests of Dennis Montgomery in other court proceedings, pleadings and hearings. Mr. Montgomery sought to intervene in the litigation to stop the repetition of those very same smears and defamation in the *Melendres* litigation which he previously sought the ACLU's legal help and representation to refute. However, the ACLU attorneys opposed Montgomery's efforts to intervene, including by smearing his chosen current attorneys as much as they smear Montgomery. Therefore, the legal actions in court by those ACLU attorneys and the ACLU also violate those attorney's ethical, fiduciary and professional responsibilities.

Ms. Wang, Mr. Pochoda, Mr. Segura and Mr. Bendor have thus violated the Arizona Rules of Professional Conduct, including but not limited to ER 1.6, ER 1.7 and ER 1.9, such as:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer had acquired information protected by ERs 1.6 and 1.9(c) that is material to the matter;
>
> unless the former client gives informed consent, confirmed in writing.

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2015, I mailed the foregoing documents via U.S. Mail and Email to:

Stanley Young, Esq.
Andrew Carl Byrnes, Esq.
333 Twin Dolphin Road
Redwood Shores, California 94065
syoung@cov.com
650-632-4700
Attorneys for Plaintiffs
(Service via Email)

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
dpochoda@acluaz.org
602-650-1854
Attorney for Plaintiffs
(Service via Email)

Cecilia D. Wang, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
cwang@aclu.org
415-343-0775
Attorney for Plaintiff Melendres
(Service via Email)

Thomas P. Liddy, Esq.
CIVIL SERVICES DIVISION
MARICOPA COUNTY ATTORNEY'S OFFICE
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85005
liddyt@mcao.maricopa.gov
602-506-8541
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Michele M. Iafrate, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003

miafrate@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Deborah L. Garner, Esq.
IAFRATE & ASSOCIATES
649 North Second Avenue
Phoenix, Arizona 85003
dgarner@iafratelaw.com
602-234-9775
Attorney for Defendant Joseph Arpaio and Maricopa County Sheriff's Office
(Service via Email)

Melvin McDonald, Esq.
JONES SKELTON & HOCHULI, PLC
2901 N. Central Avenue, Suite 800
Phoenix, Arizona 85012-2728
mmcdonald@jshfirm.com
602-263-1700
Attorney for Defendant Sheriff Joseph Arpaio
(Service via Email)

Andre Segura, Esq.
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Fl.
New York, New York 10004
asegura@aclu.org
212-549-2676
Attorney for Plaintiffs
(Service via Email)

Anne Lai, Esq.
UCI School of Law
401 E. Peltason Drive. Suite 3500
Irvine, California 92616
alai@law.uci.edu
949-824-9894
(Service via Email)

Jorge M. Castillo, Esq.
MALDEF
634 S. Spring Street, 11th Fl.
Los Angeles, California 90014
jcastillo@maldef.org
213-629-2512

- 4 -

Attorney for Plaintiffs
(Service via Email)

Richard K. Walker, Esq.
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
480-483-6336
Attorney for Defendant Maricopa County
(Service via Email)

Jonathon Moseley, Esq.

Virginia State Bar No. 41058

Attorney for Plaintiff
*(Pro Hac Vice Application Filed)*