IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER DENYING MOTION TO SEAL** |

Plaintiffs have moved to seal Exhibits B–F to the Declaration of Cecilia Wang filed in support of Plaintiffs' Response in Opposition to Sheriff Arpaio and Chief Deputy Sheridan's Motion to Recuse/Disqualify. (Doc. 1152.) Plaintiffs simultaneously opposed the sealing of those exhibits, which are among the documents pertaining to the Montgomery matter produced by Defendants in early May pursuant to the Court's orders.[1] (*Id.* at 3.) Defendants have not filed a Response, joined the Motion, or otherwise set forth a justification as to why the documents should be kept under seal.

Historically, courts recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (footnotes and internal citations omitted). "Unless a particular court record is one traditionally kept secret, courts

---

[1] (*See* Tr. of Apr. 23, 2015 Evid. Hr'g 653:18–25, Doc. 1027; *see also* Doc. 1032.)

generally apply a strong presumption in favor of access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (internal quotation marks omitted)). Even "[t]he fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Motions to seal in the Ninth Circuit are governed by two standards. In light of history and the public policies favoring disclosure, a party seeking to seal most judicial records must articulate "compelling reasons" supported by "specific factual findings" to overcome the presumption of access. *Kamakana*, 447 F.3d at 1178. In contrast, Rule 26(c) authorizes a district court to override the presumption of access as to private materials unearthed during discovery upon a showing of "good cause." *Phillips*, 307 F.3d at 1210. The sealed filing of documents attached to non-dispositive motions are also governed by the lesser "good cause" standard because those documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1213. Whether good cause exists to protect information from being disclosed to the public requires the district court to balance the needs for discovery against the need to protect the information from being disclosed to the public. *Id.*

Plaintiffs' Motion argues that the foregoing documents "should not be sealed under the 'compelling reasons' standard" that ordinarily applies to documents attached to dispositive motions. (Doc. 1152 at 3 (quoting *Kamakana*, 447 F.3d at 1179).) However, a recusal motion is not outcome determinative. Therefore, the Court must only determine whether, under the circumstances, there is "good cause" for maintaining the documents under seal. *See Phillips*, 307 F.3d at 1210–13.

At a status conference held on May 8, 2015, the Court ordered the parties to keep confidential the files provided to Defendants by Dennis Montgomery to the MCSO on hard drives that were allegedly procured from the United States Central Intelligence Agency without its authorization, at least until the source and veracity of those files could be ascertained. (Tr. of May 8, 2015 Status Conf. 29:13–31:12, Doc. 1086.) An initial

review of the materials had revealed they contained what appeared to be the names, addresses, telephone numbers, social security numbers, and financial data of a large number of individuals. Due to the volume of documents, defense counsel indicated that it would be difficult to segregate the so-called "CIA documents" from any work product from the Montgomery matter (*Id.* 32:18–33:1). Counsel agreed that the materials that warranted the most protection against widespread disclosure were those in the former category that purported to contain bulk personal information of individuals unrelated to this lawsuit. (*Id.* at 33:6–7.) The Court further indicated that the parties were free to examine the latter category of Montgomery documents—*e.g.* those that were not part of the alleged raw data allegedly taken from the CIA.  (*Id.* at 34:5–9.) The documents appended to Plaintiff's Declaration in Support of their Opposition to the Motion for recusal do not contain the kind of sensitive records that motivated the Court and litigants' initial prudence with respect to the Montgomery materials.   The documents Plaintiffs have requested to keep under seal comprise e-mails between Dennis Montgomery and the agents of the Maricopa County Sheriff's Office and Maricopa County Sheriff's Cold Case Posse that were working with him on the investigation testified to by Sheriff Arpaio and Chief Deputy Sheridan during the April show-cause hearings. Other individuals, such as Larry Klayman, are also periodically listed as recipients of these e-mails. The e-mails also appear to use coded names and accounts. Exhibit F is entitled "Arpaio Brief" and consists of a timeline and charts linking the Court to various divisions and officers of the federal and local County government, and law firms, including Plaintiffs' counsel. Although the timelines include, at times, various IP addresses and phone numbers that are attributed to those individuals/entities, those numbers, at least as they pertain to the Court, are not accurate. The e-mails, charts, and timelines appear to have been prepared by Mr. Montgomery, his attorney, and/or others at the MCSO; these documents are not part of the raw data Mr. Montgomery allegedly took from the CIA .

No party has made any attempt to explain why these documents should be sealed, or articulated what harm might result from the documents' disclosure. Nothing on the

face of these documents suggests that sufficient cause exists to warrant subordinating the longstanding presumption in favor of public filing of court records. On the other hand, a recusal motion implicates the public interest in transparency and fairness in the judicial process. Moreover, as the *Kamakana* court noted, it is not this Court's burden to justify unsealing a document; it is the moving party's burden to overcome the presumption of access to the courts. *See Kamakana*, 447 F.3d at 1181–82.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Seal (Doc. 1152) is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of the Court to file the lodged document at Doc. 1153 as a public record.

Dated this 10th day of July, 2015.

_____
Honorable G. Murray Snow
United States District Judge