IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

In early May 2015, the Court received an Application of Attorney for Admission to Practice Pro Hac Vice from Mr. Jonathan A. Moseley, who practices in Virginia. The application was accompanied by a two page letter dated May 2, 2015 and a three page document entitled Additional Information. Mr. Moseley subsequently filed a Motion to Intervene in this action on behalf of Dennis Montgomery, along with various other motions and memoranda. (*See* Docs. 1057, 1058, 1067, *stricken by* Doc. 1093.) Following a status conference at which Mr. Moseley was invited to appear telephonically in support of his request for admission pro hac vice, and at which he did not appear, the Court denied Mr. Moseley's application. (*See* Doc. 1093.) Mr. Moseley now moves for reconsideration of his application for admission on the grounds that (1) the record does not reflect the existence of any conflict of interest between Mr. Moseley's representation of Sheriff Joseph Arpaio in another action and his intended representation of Mr.

Montgomery in this case; (2) Mr. Montgomery's Sixth Amendment right to counsel would be violated if Mr. Moseley is unable to represent him pro hac vice; and (3) the Court should recuse itself. (Doc. 1112.) Mr. Montgomery has since filed three supplements to this Motion. (Docs. 1140, 1160, 1161.)

Local Rule of Civil Procedure 7.2(g) provides that a party seeking reconsideration of a ruling shall, in that motion, "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." The movant may not repeat any argument previously made in support of the motion that resulted in the challenged order. L.R. Civ. 7.2(g). Motions for reconsiderations are disfavored, and will ordinarily not be granted "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id.*; *Morgal v. Maricopa Cnty. Bd. of Supervisors*, No. CIV-07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012) (noting motions for reconsideration should be granted only in rare circumstances). As with all motions, failure to comply with the local rules of procedure are grounds for denial of the motion. L.R. Civ. 7.2(g).

As a preliminary matter, Mr. Moseley's challenge of the Court's articulated concern that his admission could create a conflict of interest fails to advance any grounds different from those contained in his Clarification of Motion for Admittance Pro Hac Vice, filed prior to the Court heard argument on his application for admission. (*See* Doc. 1080); L.R. Civ. 7.2(g) ("No motion for reconsideration of an Order may repeat any . . . argument made by the movant in support of or in opposition to the motion that resulted in the Order."). Moreover, his Motion for Reconsideration does not address the issues raised at the status conference the Court held in these matters on May 14, 2015, at which Mr. Moseley's application was discussed and, ultimately, denied.[1] Under the Arizona Rules

---

[1] As noted above, Mr. Moseley was authorized to appear telephonically at this

- 2 -

of Professional Conduct, a lawyer may not represent a client if the representation involves a concurrent conflict of interest, such as where "the representation of one client will be directly adverse to another client" or where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . ." E.R. 1.7(a). "Attorneys admitted pro hac vice are held to the same professional responsibilities and ethical standards as regular counsel. . . ." *Cole v. U.S. Dist. Ct. for the Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004). The comments to E.R. 1.7 offer some guidance on whether an impermissible conflict exists: the comments provide that a "lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated." A conflict may also "exist by reason of substantial discrepancy in the parties' testimony, [or] incompatibility in positions in relation to an opposing party . . . ." E.R. 1.7 (advisory notes).

The interests of Mr. Montgomery are adverse to the interests of Sheriff Arpaio and the MCSO, or at least the risk of such adversity, is sufficiently present to warrant denying Mr. Moseley's application to represent the former. (*See also* Doc. 1145 (noting the parties' differences with some positions taken by Mr. Moseley)). Mr. Moseley concedes that he has an attorney-client relationship with Sheriff Arpaio stemming from his affiliation with Freedom Watch, which represents the Sheriff in another action in the Circuit Court for the District of Columbia challenging President Obama's executive action on immigration. Mr. Moseley seeks admission on behalf of Mr. Montgomery, who was hired as a confidential informant by the MCSO. Sheriff Arpaio has testified in this action that the material MCSO received from Mr. Montgomery was "junk." (Tr. of Apr. 23, 2015 Evid. Hr'g 650:20–25, Docs. 1027.). Facts involving the Seattle operation and the credibility of Mr. Montgomery are squarely before this Court, at least insofar as those

---

conference, but he gave no indication of his presence during the initial counsel roll call or, later, when directly addressed by the Court at this time the issues of his application and the potential conflict of interest it posed were raised. (*See* Tr. May 14, 2015 Status Conf. 32, Doc. 1097.)

- 3 -

issues reflect the truthfulness of testimony offered in this matter, and the MCSO's efforts, or lack thereof, in implementing this Court's orders at the same time it may have been devoting resources to funding an investigation to possibly discredit this Court. Therefore, Mr. Moseley's litigating of Mr. Montgomery's stake in the evidence at issue, the validity of which has been repudiated by Sheriff Arpaio, will most likely involve credibility determinations and competing factual testimony. This would seem to necessarily impact the attorney-client relationships Mr. Moseley has with Mr. Montgomery and Sheriff Arpaio, and likely violate his duty of loyalty to one or both of them. Further, Sheriff Arpaio has objected on the record to the positions taken by Mr. Moseley in one of his supplemental pleadings for admission pro hac vice: "Putative intervenor's attorneys Klayman and Mosely [*sic*] neither represent Sheriff Arpaio and Chief Deputy Sheridan, nor speak for the interests of the MCSO in this action or in any proceeding related to this action." (Doc. 1145 at 2.) This is additional evidence that there is sufficient adversity of interests to deny Mr. Moseley's request for admission. The Court has a recognized interest in ensuring that the proceedings in this case are conducted within the standards of the profession. *Cf. Wheat v. United States*, 486 U.S. 153, 160 (1988).

In addition to the potential conflict posed by Mr. Moseley's application for admission, there is evidence that Mr. Moseley's representation of Mr. Montgomery would stand in the way of the orderly administration of justice. Mr. Moseley attached a letter dated May 02, 2015 to his pro hac vice application. There is a notation on the letter that counsel of record were sent copies of his application and accompanying materials; yet, no other attorney in this action has ever received these documents from Mr. Moseley. In the letter, Mr. Moseley claims that his appearance would be for the purpose of presenting answers to this Court. However, before his application for admission pro hac vice was considered, Mr. Moseley filed several substantive motions not previously referenced in his application or accompanying letter. Mr. Moseley subsequently acknowledged that portions of the letter relating to his filing of an amicus curiae brief for Sheriff Arpaio were also inaccurate. Following that, Mr. Moseley attempted to withdraw

the letter in its entirety. Then, Mr. Moseley reached out to the Court about appearing telephonically in support of his Motion for Reconsideration and failed to do so or explain his absence, although he contacted the Court about obtaining a transcript of the proceedings following their conclusion. At the hearing, Plaintiffs provided the Court with information that raises additional concerns about Mr. Moseley's ethical fitness to be admitted to practice in this district pro hac vice. (Tr. May 14, 2015 Status Conf. 34:22–39:9, Doc. 1097 (referencing *Moseley v. Virginia State Bar, ex rel. Seventh Dist. Comm.*, 280 Va. 1, 1, 694 S.E.2d 586, 588 (2010)).) Mr. Moseley's engagement in this action to date demonstrates a substantial likelihood that his conduct would hinder the efficacious administration of justice if he were to be admitted. Where "an out-of-state attorney strongly suggests through his behavior that he will neither abide by the court's rules and practices . . . nor be readily answerable to the court, the judge may reject his pro hac vice application." *Ries*, 100 F.3d at 1471. Mr. Moseley fails to demonstrate how the Court's previous denial of his application amounted to manifest error.

The second point in Mr. Moseley's Motion for Reconsideration is also misplaced. There is no constitutional right to counsel in a civil action, which this is. *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Further, in any case, a litigant's right to choose his counsel is not unlimited and may give way to serve a "compelling purpose" such as "the efficient and orderly administration of justice." *United States v. Walters*, 309 F.3d 589, 591–92 (9th Cir. 2002); *see also United States v. Ries*, 100 F.3d 1469 (9th Cir. 1996) (finding court may impinge on right to have chosen attorney admitted pro hac vice where the attorney's admission is sought for a dilatory purpose or is otherwise subversive of the ethical and orderly judicial process). For the reasons stated above, the record strongly suggests that admission of Mr. Moseley would indeed interfere with the orderly adjudication of this case. Thus, the interest underlying the Court's denial of Mr. Moseley's application also provides a sufficiently compelling reason to warrant depriving Mr. Montgomery of his preferred choice of counsel.

Mr. Moseley's third point is a reiteration of previous arguments made in support

of the Motion to Intervene he filed concomitantly with seeking admission pro hac vice, and does not constitute "new facts or legal authority" to justify this Court's reconsideration of his application.[2] *See* L.R. Civ. 7.2(g).

**IT IS THEREFORE ORDERED** that Mr. Moseley's Motion for Reconsideration (Doc. 1112) is **DENIED**.

Dated this 10th day of July, 2015.

Honorable G. Murray Snow
United States District Judge

---

[2] None of the supplements filed by Mr. Moseley and Mr. Klayman address the apparent conflict of interest between Mr. Montgomery and Sheriff Arpaio or present new arguments sufficient to cause this Court to reconsider the denial of their application.

- 6 -