# EXHIBIT 1

John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7827
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

A. Melvin McDonald, Bar #002298
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7847
mmcdonald@jshfirm.com

and

Michele M. Iafrate, Bar #015115
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona 85003
Tel: 602-234-9775
miafrate@iafratelaw.com
Attorneys for Defendant Joseph M. Arpaio in his official
capacity as Sheriff of Maricopa County, AZ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | NO. CV 07-02513-PHX-GMS |
| Plaintiffs, | **Motion To Stay** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Defendant Joseph M. Arpaio and specially appearing non-party Gerard Sheridan ("Movants") respectfully request the Court to stay the district court proceedings

4373662.1
7/14/15

1  until the Ninth Circuit can consider and rule upon Movants' Petition for Writ of
2  Mandamus, which they expect to file no later than July 24, 2015.  Because mandamus
3  actions are given preference over ordinary civil cases in the Ninth Circuit, see Rule 21,
4  F.R.A.P., Movants do not expect the need for a lengthy stay.
5          The denial of a motion to recuse is not an appealable order; and thus,
6  Movants may seek appellate review of that order only via an interlocutory proceeding.
7  Movants would not expect the Court to be inclined to certify its order as appealable under
8  28 U.S.C. § 1292(b), and thus Movants believe their only true recourse is to seek
9  mandamus relief in the Ninth Circuit under 28 U.S.C. § 1651 and Rule 21, F.R.A.P.
10 Movants are aware that such petitions must be filed as promptly as possible, and are
11 preparing the petition at this very moment.
12         Movants do not seek this stay or mandamus lightly, nor do they make these
13 filings only to delay or to disrespect the Court.  Movants sincerely believe the Court has
14 erred in its recusal decision, and Movants have the right and obligation to do that which
15 they feel is necessary to preserve fairness and impartiality in these legal proceedings.
16 Indeed, many circuit courts have granted mandamus to order recusal.  *See, e.g., In re U.S.*,
17 441 F.3d 44, 68 (1st Cir. 2006) (ordering recusal on mandamus; "The standard does not
18 depend on a showing of actual bias. It requires instead that there be no reasonable
19 question, in any informed person's mind, as to the impartiality of the judge"); *In re
20 Boston's Children First*, 244 F.3d 164, 167-68 (1st Cir. 2001) (granting mandamus; trial
21 court abused discretion by failing to recuse itself because ex parte comments to a reporter
22 could have been construed as creating an appearance of partiality); *Ligon v. City of New
23 York*, 736 F.3d 118 (2d Cir. 2013), vacated in part on other grounds, 743 F.3d 362 (2d Cir.
24 2014) (disqualification of district court judge was required in African-American and
25 Latino residents' § 1983 actions alleging that city police department's stop and frisk policy
26 violated their constitutional rights); *Moody v. Simmons*, 858 F.2d 137, 144 (3d Cir. 1988)
27 ("Because the judge should have recused after finding that his impartiality could
28 reasonably be questioned, we will grant the writ of mandamus. . . ."); *In re Fed. Sav. &*

1 *Loan Ins. Corp.*, 852 F.2d 565 (4th Cir. 1988) ("we regretfully conclude that Judge Blatt's participation has created an appearance of impaired impartiality that can only be remedied through mandamus"); *SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir. 1977) ("the judge's 'Memorandum of Decision' suggests that he made a confidential inquiry, presumably to his brother, to determine in what capacity Donald A. Morgan was involved in this case. Counsel were not present and were unaware of the inquiry at the time it was made. While it is understandable why the judge may have felt his brother could present the most accurate evidence as to his role in the pending litigation, the judge's inquiry creates an impression of private consultation and appearance of partiality which does not reassure a public already skeptical of lawyers and the legal system.").

Because Movants have the right and obligation to ensure that the legal system provides them not only a fair and impartial legal proceeding, but also the appearance of impartiality, Movants respectfully request the Court to stay the district court proceedings until the Ninth Circuit rules on their mandamus proceeding. Movants expect to file their Petition by July 24.

…

…

…

4373662.1
7/14/15

3

DATED this 14th day of July, 2014.

JONES, SKELTON & HOCHULI, P.L.C.


By s/ John T. Masterson
  John T. Masterson
  Joseph J. Popolizio
  Justin M. Ackerman
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona  85012
  Attorneys for Defendant Joseph M. Arpaio
  and the Maricopa County Sheriff's Office

JONES, SKELTON & HOCHULI, P.L.C.


By  s/ A. Melvin McDonald
  A. Melvin McDonald
  JONES, SKELTON & HOCHULI, P.L.C.
  2901 North Central Avenue, Suite 800
  Phoenix, Arizona 85012

IAFRATE & ASSOCIATES


By s/ Michele M. Iafrate
  Michele M. Iafrate, Bar #015115
  649 North Second Avenue
  Phoenix, Arizona 85003

  Attorneys for Defendant Joseph M.
  Arpaio in his official capacity as Sheriff
  of Maricopa County, AZ


MITCHELL STEIN CAREY, PC


By s/ Lee Stein
  Barry Mitchell
  Lee Stein
  One Renaissance Square
  2 North Central Avenue, Suite 1900
  Phoenix, AZ 85004
  Attorneys for Gerard Sheridan

4373662.1
7/14/15

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

/s Christine Miller