1  Cecilia D. Wang (*Pro Hac Vice*)
2  cwang@aclu.org
   ACLU Foundation
3  Immigrants' Rights Project
   39 Drumm Street
4  San Francisco, California 94111
   Telephone: (415) 343-0775
5  Facsimile: (415) 395-0950
6
7  Daniel J. Pochoda
   dpochoda@acluaz.org
8  Joshua D. Bendor
   jbendor@acluaz.org
9  ACLU Foundation of Arizona
   3707 N. 7th St., Ste. 235
10 Phoenix, AZ 85014
   Telephone: (602) 650-1854
11 Facsimile: (602) 650-1376
12
13 *Attorneys for Plaintiffs (Additional attorneys*
   *for Plaintiffs listed on next page)*
14
15          IN THE UNITED STATES DISTRICT COURT
16            FOR THE DISTRICT OF ARIZONA
17 Manuel de Jesus Ortega Melendres,    )   CV-07-2513-PHX-GMS
18 et al.,                             )
                                       )   **PLAINTIFFS' OPPOSITION TO**
19        Plaintiff(s),                )   **MOTION TO STAY**
                                       )
20     v.                              )
                                       )
21                                     )
   Joseph M. Arpaio, et al.,           )
22                                     )
                                       )
23        Defendant(s).                )
                                       )
24 _____     )
25
26
27
28

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran
talbarran@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

The Movants'[1] meritless motion to stay, Doc. 1171, seeks to delay these proceedings once again, without providing one scintilla of legal argument or relevant authority. Movants' only argument is that they "sincerely believe the Court has erred in its recusal decision." Doc. 1171 at 2. That is not the legal standard.

"The factors considered in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal." *Powertech Tech. Inc. v. Tessera*, Inc., No. C 11-6121 CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (internal citations and quotations omitted); *accord Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, No. 2:15-CV-00133-KJM-AC, 2015 WL 3623369, at *1 (E.D. Cal. June 9, 2015). Those factors are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[2] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Movants have not even tried to carry their burden. Their motion does not bother to argue that they are likely to succeed on the merits of the mandamus petition, that they will be irreparably injured absent a stay, that a stay will not substantially injure Plaintiffs, or that the public interest would be benefited by a stay.

In fact, Movants cannot meet a single part of their four-part burden. For the reasons stated in the Court's July 10, 2015 Order Denying Motion For Recusal Or

---

[1] The Movants are Defendant Joseph M. Arpaio and non-party contemnor Gerard Sheridan.

[2] As *Nken* noted, "[t]here is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken*, 556 U.S. at 434 (internal citation omitted).

1

Disqualification, Doc. 1164, they are not likely to succeed on their petition for a writ of mandamus. *See Solis v. Washington*, No. C08-5479BHS, 2010 WL 1708831, at *3 (W.D. Wash. Apr. 27, 2010) ("The likelihood of success in this case [of a motion to stay] is the likelihood of Plaintiff succeeding in having the Court's order to compel (Dkt. 60) reversed by the Ninth Circuit."). The Ninth Circuit has "repeatedly emphasized that the writ of mandamus is an extraordinary remedy limited to extraordinary causes." *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (internal citations and quotations omitted). The Ninth Circuit uses the *Bauman* factors to evaluate mandamus petitions:

> (1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression.

*Id.* at 1174 (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) and citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977)). "'[T]he absence of the third factor, clear error, is dispositive.'" *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005)). "The clear error standard is highly deferential and is only met when 'the reviewing court is left with a definite and firm conviction that a mistake has been committed.'" *Id.* at 1177 (quoting *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 708 (9th Cir. 2009)). "If the district court's findings are plausible in light of the entire record, we may not reverse, even if we would have weighed the evidence differently." *Lewis v. Ayers*, 681 F.3d 992, 998 (9th Cir. 2012).

Movants have not explained how this Court committed clear error in its thorough order denying the motion for recusal or the manner in which the Court's findings were implausible in light of the entire record. Rather, as this Court noted, Movants' recusal motion "ignore[d] the long-settled principle that, to trigger recusal, any alleged bias must

2

spring from an extrajudicial source, not from information or beliefs the judge gained over the course of litigation, or else the bias must be particularly excessive in degree." Doc. 1164 at 16 (citing *Liteky v. United States*, 510 U.S. 540, 550-51 (1994)). The Court also righty held that the recusal motion was devoid of merit because, among other things, its reliance on the Montgomery and Grissom investigations was untimely, belied by the Movants' own testimony and their counsel's public statements, and risked strategic manipulation. *Id.* at 26-27, 29, 31-32. Movants have not explained how these or any other of the Court's bases for denying the recusal motion were clearly erroneous. They have therefore failed to show that they are likely to succeed on their petition for a writ of mandamus, and their motion to stay must be denied.

As to the second stay factor, Movants have not shown how they would be irreparably injured by the continuation of these proceedings, or even which portion of these proceedings they seek to stay. See Doc. 1171 at 1 (requesting only that the Court "stay the district court proceedings"). The Ninth Circuit has already upheld the vast majority of the Supplemental Permanent Injunction, *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015), and Movants have twice admitted that they committed contempt of court, Doc. 948, 1003, so it is not clear how the continuation of these proceedings would irreparably injure them.

Meanwhile, a stay of these proceedings would substantially injure the Plaintiff class by further delaying the additional injunctive relief necessary to protect them. The contempt proceedings have revealed that Sheriff Arpaio and his subordinates paid no heed to numerous orders of this Court; that MCSO has shown little interest in administering discipline to the persons responsible; and that Defendants violated Plaintiffs' constitutional rights in ways beyond those shown at trial. Such disregard for the law by an agency charged with its enforcement poses a continued danger to the residents of Maricopa County and especially to the Plaintiff class. Allowing the Movants to further delay the imposition of injunctive relief would endanger the Plaintiff class. Additionally, delay will injure Plaintiffs by making it harder to compensate the victims of

3

1    Defendants' contempt.  As this Court has repeatedly noted, and in part because of

2    Defendants' inadequate recordkeeping and document production, it will be difficult to

3    locate the numerous contempt victims, and the more time that passes, the fewer victims

4    are likely to be identified.  With the passage of time, people move, addresses and phone

5    numbers on record become stale, and memories fade.  The request for a stay should be

6    denied on these bases alone.  *See* Order Denying Motion to Stay, Doc. 154 at 4 ("'[I]f

7    there is even a fair possibility that the stay for which [a party] prays will work damage to

8    some one else,' then 'the suppliant for a stay must make out a clear case of hardship or

9    inequity' to justify staying the case") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255

10    (1936)).

11         Finally, as to the public interest, as this Court noted in denying Maricopa County's

12    motion to stay in 2009, "the public has a strong interest not only in the resolution of

13    litigation, but also in making sure that such resolution is expeditious.  A stay of the kind

14    proposed here would compromise these interests.  Thus, this factor weighs against the

15    granting of a stay."  *Id.* at 8; *see also Nken*, 556 U.S. at 427 ("A stay is an intrusion into

16    the ordinary processes of administration and judicial review, and accordingly is not a

17    matter of right, even if irreparable injury might otherwise result to the appellant.")

18    (internal citations and quotations omitted).

19         Movants have not and cannot carry their burden to merit a stay of these

20    proceedings.  Their motion should be denied.

21

22    RESPECTFULLY SUBMITTED this 16th day of July, 2015.

23                                            By: /s/ Joshua D. Bendor

24
                                             Cecillia D. Wang (*Pro Hac Vice*)
25                                           Andre I. Segura (*Pro Hac Vice*)
                                             ACLU Foundation
26                                           Immigrants' Rights Project

27
                                             Daniel J. Pochoda
28                                           Joshua D. Bendor

                                             4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund
*Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

Dated this 16th day of July, 2015.

/s/ *Joshua D. Bendor*

6