Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
Joshua D. Bendor
jbendor@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **PLAINTIFFS' OPPOSITION TO MOTION FOR ADMISSION PRO HAC VICE OF LARRY KLAYMAN** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

Plaintiffs oppose the motion for admission pro hac vice of Larry Klayman. The conflict-related reasons that the Court has previously cited for denying the pro hac vice application of Jonathan A. Moseley based on his representation of Sheriff Arpaio, see Docs. 1093 and 1167, apply equally to Mr. Klayman, who also represents the Sheriff in litigation outside this case, but who in this case would be adverse to the Sheriff, both as an attorney and possibly as a witness. See Exhibit 1 (previously made public as Exhibit C of Doc. 1166) (Klayman to MCSO's Mackiewicz: "I don't appreciate your games . . . . your games are just to squeeze Dennis through me. I don't appreciate being played.").

At the July 20, 2015 status conference, Mr. Klayman asserted that he did not have a conflict with Sheriff Arpaio. But this is contradicted by a letter that Sheriff Arpaio wrote to Mr. Klayman, which has been produced by Sheriff Arpaio's attorneys, in which Sheriff Arpaio expressly told Mr. Klayman that Mr. Klayman's representation of Mr. Montgomery (and Mr. Zullo) "would, and does, create a conflict here in Arizona." See Exhibit 2. Mr. Klayman's failure to disclose to the Court the existence of the Sheriff's letter, and his affirmative representation to this Court notwithstanding the Sheriff's letter that there is no conflict, are further grounds for denial of his application.[1]

Mr. Klayman's behavior when admitted pro hac vice in other courts also indicates that his admission in this case would impede the orderly administration of justice. Mr. Klayman's application mentions two currently pending disciplinary proceedings against him, in the bars of the District of Columbia and Pennsylvania.

---

[1] As a matter of courtesy, Plaintiffs' counsel have inquired of defendants' counsel regarding communications involving Mr. Klayman that defendants have produced in this litigation. Defendants have not requested the return of any of those communications, undoubtedly because Mr. Klayman does not represent, and seeks to be adverse to, Sheriff Arpaio in this case, and Mr. Klayman's communications with Sheriff Arpaio and his counsel relating to this case, like Exhibit 2, are therefore not privileged.

The application also mentions two District Court judges, in California and New York, who separately prohibited him from practicing before them again. However, Mr. Klayman's application fails to mention the fact that two federal Courts of Appeals unanimously affirmed the orders of those District Court judges, in published decisions that explain in some detail how Mr. Klayman abused his pro hac vice admissions in those cases. *Baldwin Hardware Corporation v. Franksu Enterprise Corporation*, 78 F.3d 550 (Fed. Cir. 1996); *MacDraw, Inc. v. CIT Group Equipment Financing, Inc.*, 138 F.3d 33 (2d Cir. 1998). The Second Circuit expressly found that Mr. Klayman's challenge to a judge's impartiality based on the judge's ethnicity and the identity of the administration that appointed him was "insulting and smacked of intimidation." *MacDraw*, 138 F.3d at 38. The Federal Circuit affirmed a sanction against Mr. Klayman's firm for "unreasonably and vexatiously multiplying the proceedings." *Baldwin Hardware,* 78 F.3d at 554.[2]

Whether to grant a pro hac vice application lies within "the discretion of the Court." LRCiv. 83.1(b)(2); *United States v. Ensign*, 491 F.3d 1109, 1113 (9th Cir. 2007). Where "an of out-of-state attorney strongly suggests through his behavior that he will neither abide by the court's rules and practices—thus impeding the 'orderly administration of Justice'—nor be readily answerable to the court," denial of pro hac vice status is appropriate. *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996). Such denial is warranted here.

RESPECTFULLY SUBMITTED this 28th day of July, 2015.

---

[2] Mr. Klayman also brought unsuccessful judicial disqualification motions in *Sataki v. Broadcasting Board of Governors*, 733 F.Supp.2d 54 (D.D.C. 2010), and *Strange v. Islamic Republic of Iran*, 46 F.Supp.3d 78 (D.D.C. 2014).

By: /s/ *Stanley Young*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
Joshua D. Bendor
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund
*Attorneys for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.

*/s/ Stanley Young*