Karen Clark, Bar No. 012665
Ralph Adams, Bar No. 015599
**ADAMS & CLARK, PC**
520 East Portland Street, Suite 200
Phoenix, AZ 85004
Tel: (602) 258-3542
karen@adamsclark.com
Attorneys for Timothy J. Casey

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, et al.,<br><br>Plaintiff(s)<br><br>v.<br><br>JOSEPH M. ARPAIO, et al.,<br><br>Defendant(s). | Case No.: CV-07-2513-PHX-GMS<br><br>**NON-PARTY TIMOTHY J. CASEY'S OBJECTION TO DEFENDANT ARPAIO AND MARICOPA COUNTY SHERIFF'S OFFICE STATEMENT RE PROPOSED DEADLINE FOR DOCUMENT PRODUCTION** |

Non-party Timothy J. Casey, by and through his undersigned specially appearing ethics counsel, objects to Defendant Joseph M. Arpaio and MCSO's Statement re Proposed Deadline for Document Production (Dkt#1203) at ¶ 10.

Casey objects to this provision because it improperly imposes on him the expense and burden of litigating his former clients' assertion of privilege over documents Casey has in his possession and that are responsive to the *subpoenas duces tecum* issued to him by Plaintiffs.

On or about December 5, 2014, Casey turned over his entire *Melendres* client file to Iafrate & Associates, successor counsel to his former clients, defendants Arpaio and MCSO. The documents currently in his possession are merely copies of the documents that were turned

over to defendants' current counsel. Casey's former clients have asserted privileges as to certain documents subject to Plaintiffs' request. His former clients are the holders of the privileges and they must litigate the resolution of any privilege disputes with Plaintiffs-preferably **before** any deposition of Casey takes place.

Earlier this year, in anticipation of a deposition of Casey, Plaintiffs issued their first *subpoena duces tecum* ("SDT 1") to Casey. SDT 1 sought any documents that Casey may have relating to the subject areas of: (1) the 12/23/11 Preliminary Injunction issue; (2) the 5/14/14 Court order issue; and (3) the Grissom matter. On May 21, 2015, Casey produced to the parties a list of the "universe" of documents that he has been able to locate at his firm (and, again, which are duplicates of what is contained in the *Melendres* case file in the possession of Iafrate & associates), with a cover letter from undersigned counsel setting forth Casey's ethical obligation not to produce any privileged, or arguably privileged, documents absent written consent from his former clients, the holders of the privilege. *See* Exhibit 1.

On May 21, 2015, Casey also wrote Iafrate & Associates regarding the same documents. *See* Exhibit 2.

On June 3, 2015, Iafrate & Associates responded to Casey's May 21, 2015 correspondence setting forth defendants' position on each document listed by Casey and asserting various privileges. *See* Exhibit 3. The letter does not show a copy having been sent to Plaintiffs' counsel advising them of defendants' assertion of various privileges on the copies of documents Casey listed. *Id.*

On May 27, 2015, in anticipation of a rescheduled deposition of Casey, Plaintiffs issued

their second *subpoena duces tecum* to him ("SDT 2"). This subpoena included a request for "[a]ny documents relating to production of video or audio recordings during the pretrial discovery period in this litigation." Casey objected to this request on the grounds of undue burden but produced to the best of his ability a list of potentially responsive documents by general description that he knows existed at the time he turned his entire *Melendres* file to successor counsel, Iafrate & Associates. *See* Exhibit 4.

On June 16, 2015, Plaintiffs expressed concern regarding the adequacy of Casey's search for documents in response to SDT 1 and SDT 2. *See* Exhibit 5. In response, on June 18, 2015, Casey explained that he has identified all the documents he has in his possession and that any dispute over privilege issues pertaining to the copies of documents he has in his possession is for Plaintiffs and defense counsel to resolve. *See* Exhibit 6.

On June 19, 2015, Plaintiff responded to Casey objections and representations stating that "based on his representations in Karen's letter of June 18, we will not take further action but will reserve the issue for a later time." *See* Exhibit 7. On June 22, 2015, Casey advised Plaintiff that he would agree to do a pinpoint search of discovery related documents if Plaintiffs advised of the date and author of any specific document that they believe must be or should be on his electronic system. *See* exhibit 8. No response to the letter was received.

Based on the foregoing, Casey has conducted multiple comprehensive, exhaustive, and personally expensive searches for documents responsive and potentially responsive to Plaintiffs' SDT 1 and SDT2. He has provided to the parties detailed lists as set forth above and as contained in the Exhibits 1 and 4 to this Objection. His former clients are the holders of the

privileges, and they have asserted privileges as to the responsive or potentially responsive documents Casey has listed. The litigation and resolution of these privilege issues, therefore, properly belongs to defendants and Plaintiffs. Casey should not bear the personal expense and the professional burden of litigating his former clients' assertion of privilege. Additionally, Casey should not face the Hobson's Choice of either complying with SDT 1 and SDT 2 by producing documents that his former clients assert are privileged or violating his ethical duties to his former clients to maintain the attorney-client privilege and client confidences.

**RESPECTFULLY SUBMITTED** this 30th day of July, 2015

ADAMS & CLARK, P.C.


/s/ Karen Clark
Karen Clark
Attorney for Timothy J. Casey

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF System.

By: /s/ Beverley Thomas