Mark Kappelhoff
  Deputy Assistant Attorney General
Judy Preston (MD Bar, no numbers assigned)
Timothy D. Mygatt (DC Bar No. 1021564)
Edward G. Caspar (MA Bar No. 650566)
Jennifer L. Mondino (NY Bar No. 4141636)
Paul Killebrew (LA Bar No. 32176)
Puneet Cheema (CA Bar No. 268677)
Matthew J. Donnelly (IL No. 6281308)
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
601 D St. NW, Suite 5200
Washington, D.C. 20004

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*<br><br>                          Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; *et al.*<br><br>                          Defendants. | No. 2:07-cv-02513-GMS<br><br>**UNITED STATES' REPLY TO THE PARTIES' RESPONSES TO THE UNITED STATES' MOTION TO INTERVENE** |

No party opposes the United States' intervention in this case.  The County has, however, requested limitations on the United States' intervention that are unwarranted and inappropriate.  These limitations should be rejected, and the United States' motion should be granted in full.

As the United States made clear in its Motion to Intervene, "the United States does not seek to expand the scope of this litigation. The United States does not seek to relitigate any of the merits of plaintiffs' claims, or to introduce new claims into the suit. The United States seeks only to participate in the ongoing remedial stages of this

lawsuit." Doc. 1177, United States' Motion to Intervene, at 2. The United States also made clear that in seeking to participate in proceedings going forward, "[t]he United States does not seek to reopen litigation concerning the scope of defendants' unconstitutional conduct, but only to participate in proceedings concerning defendants' compliance with the remedial orders in this case going forward." *Id.* at 7. While the United States does not seek to inject any new claims into this case, the United States' Motion to Intervene clearly states that the United States must participate in proceedings concerning the development of any new remedies or orders necessitated by the defendants' lack of compliance:

> The United States must participate in the determination of additional remedies to protect its interests in ensuring that the equal protection violations committed by the defendants are remedied, and that the defendants' contempt of court in this case does not negatively impact the United States' enforcement of civil rights laws in similar police misconduct cases throughout the country. The United States has moved to intervene expeditiously and without delay as the need for additional remedies to address the defendants' contempt of court has become apparent.

*Id.* at 10-11.

The limitations on intervention proposed by the County are unwarranted and inappropriate. First, the County cites no applicable authority for the imposition of limitations on a party's intervention of right under Rule 24. The County cites only Rule 21, which concerns the *misjoinder* of a party and is inapplicable here. *See* Fed. R. Civ. P. 21. Rule 21 permits a court to "add or drop a party" or to "sever any claim against a party," *id.*, neither of which the County seeks. As to the authority of a court to order limitations on a party's intervention of right, it is at best uncertain. *See Cotter v. Mass. Ass'n of Minority Law Enforcement Officers*, 219 F.3d 31, 36 n.2 (1st Cir. 2000) ("The traditional sense was that a court could not impose conditions on an intervention as of right. However, the 1966 Amendment to Federal Rule of Civil Procedure 24(a) may have changed this rule. District courts have frequently imposed such conditions, and courts of appeals have sometimes embraced them, but courts of appeals have commonly reserved

the issue, leaving the extent to which such conditions may be imposed unclear." (internal

citations omitted)); 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1922

(3d ed. 2015) (noting the lack of express authority for a court to impose conditions on

intervention of right, but opining that conditions are likely to be permitted "[s]o long as

these conditions are reasonable and are of a housekeeping nature" and do not "make

significant inroads on the standing of an intervenor of right").  A court may impose

conditions in granting an application for permissive intervention under Rule 24(b), *see*

*Dep't of Fair Emp't & Hous. v. Lucent Technologies, Inc.*, 642 F.3d 728, 741 (9th Cir.

2011), but such conditions would be appropriate only if the court first denies the party's

motion for intervention of right.  *See, e.g.*, *id.* at 740-41.  In any event, the limitations

requested by the County here are unnecessary, unwarranted, and inappropriate.

The County's requested limitations are unnecessary here because the United

States' proffered Complaint in Intervention carefully tracks the issues already determined

by the Court in this case and does not raise any others.  *See* Complaint in Intervention,

Doc. 1177-4, Exhibit 4 to the United States' Motion to Intervene.  The County is simply

mistaken in asserting that the United States' Complaint in Intervention "*does* introduce

claims that have never before been asserted in this litigation, but were asserted, litigated,

and in important respects settled in *US v. Maricopa County*."  Doc. 1218, County's

Response to the United States' Motion to Intervene, at 5.  For that mistaken assertion, the

County cites the United States' Complaint in *United States v. Maricopa County, et al.*,

not the United States' proffered Complaint in Intervention in this case.  *See id.* at 5-6.

Because the proffered Complaint in Intervention tracks the issues already determined in

this case, the United States would need to seek further leave of the Court to raise any

other claims, and the Court certainly could consider the representations made in the

United States' Motion to Intervene in deciding any such motion.  The limitations

proposed by the County on the scope of the United States' intervention are therefore

unnecessary.

Additionally, the requested limitations are unwarranted and inappropriate.  The County has requested, for example, that the United States be ordered at the outset to have "[n]o right to seek, or participate in, any relitigation of the merits of any of the Plaintiffs' claims herein . . . ."  Doc. 1218, County's Response to the United States' Motion to Intervene, at 6.  Although the United States will not seek such relitigation, the defendants may seek such relitigation themselves through an appeal.  In the extremely unlikely and unnecessary event that a relitigation of any of the merits of the Plaintiffs' claims is required, the reasons necessitating the United States' intervention now would still apply: the need to protect the United States' interests in ensuring that the violations committed by the defendants are remedied.  *See* Doc. 1177, United States' Motion to Intervene, at 10-11.  A limitation at the outset barring the United States from participating in such relitigation would therefore be inappropriate.

The County's requested limitations that the United States have "[n]o right to litigate any claims that were litigated, or could have been litigated, in *US v. Maricopa County*," and "[n]o right to seek any remedies that were sought, or could have been sought, in *US v. Maricopa County*," Doc. 1218, at 6, also would be inappropriate.  The claims decided in this case overlap with the discriminatory policing claims at issue in the United States' case, as noted in the United States' Motion to Intervene.  *See* Doc. 1177, United States' Motion to Intervene, at 3, 5.  Because of the overlap among the discriminatory policing claims in the two cases, and because all of the remedies potentially available in this case therefore "could have been sought" in the United States' case, the County's requested limitations would bar altogether the United States' participation in this case.

Moreover, the overlap in potentially available remedies is one of the circumstances that make the United States' intervention in this case appropriate: it will allow the United States to obtain a remedy for the discriminatory policing claims on which the United States already has won summary judgment and thereby obviate the need for further remedial proceedings in the United States' case, as explained in the

United States' Motion to Intervene.  *See* Doc. 1177, United States' Motion to Intervene, at 12-13.  In this way, the United States' intervention would further the interests of judicial economy.  To foreclose at the outset the United States' opportunity to "seek any remedies that . . . could have been sought" in the United States' case would defeat the purpose of allowing the United States to intervene.

None of the County's requested limitations on the United States' intervention in this case are warranted or appropriate, and they should be rejected.

CONCLUSION

No party to this case opposes the United States' intervention.  The United States has carefully tailored its Complaint in Intervention to the issues already decided in this case.  For the reasons stated above, the County's requested limitations on the United States' participation in proceedings going forward are unjustified, unnecessary, and inappropriate.  The United States seeks intervention to participate in proceedings concerning the defendants' compliance with the remedial orders, including the determination of any additional remedies necessitated by the defendants' failures to comply.  Accordingly, the United States respectfully requests that the Court grant the United States' Motion to Intervene.

Respectfully submitted,

Mark Kappelhoff
Deputy Assistant Attorney General
Civil Rights Division

Judy Preston
Acting Chief, Special Litigation Section

Timothy D. Mygatt
Special Counsel

 /s/ Edward G. Caspar
Edward G. Caspar (MA Bar No. 650566)
Special Counsel
Jennifer L. Mondino (NY Bar No. 4141636)
Paul Killebrew (LA Bar No. 32176)

5

Puneet Cheema (CA Bar No. 268677)
Matthew J. Donnelly (IL No. 6281308)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division- PHB
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel. (202) 514-2000/Fax (202) 514-6273
edward.g.caspar@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

CERTIFICATE OF SERVICE

I certify that on or about August 10, 2015, I used the Court's CM/ECF system to serve a true and correct copy of the foregoing filing on counsel of record.

   /s/  Edward G. Caspar
EDWARD G. CASPAR