IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the United States Department of Justice, Civil Rights Division's Motion to Intervene. (Doc. 1177.) The United States has moved to intervene under Federal Rule of Civil Procedure 24(a)(1) and under the specific authority of § 902 of Title IX of the Civil Rights Act of 1964, which provides:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the Fourteenth Amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance.

42 U.S.C. § 2000h–2. Upon the filing of a timely motion, the United States' right to intervene pursuant to Rule 24(a)(1) and § 902 "is an absolute and not a permissive one." *Spangler v. United States*, 415 F.2d 1242, 1244 (9th Cir. 1969); *accord Carter v. Sch. Bd. of W. Feliciana Parish*, 569 F. Supp. 568, 571 (M.D. La. 1983) (recognizing that § 902

grants the U.S. Attorney General "an unconditional right to intervene in those cases which he certifies are of general public importance"); Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1906 (3d ed.) ("The United States also has an unconditional statutory right to intervene in actions seeking relief from the denial of equal protection of the laws under the Fourteenth Amendment to the Constitution on account of race, color, religion, or national origin.").

This case involves, in part, Defendants' denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution on account of individuals' race or national origin, and providing relief therefrom. The Attorney General has also certified that this case is one of general public importance. (Doc. 1177, Ex. 3.) Thus, the Court must permit intervention under the Civil Rights Act of 1964 so long as the United States' application was timely. Fed. R. Civ. P. 24(a)(1). For the reasons stated by the United States in their Motion, the Court finds that this requirement has been met. (Doc. 1177 at 7–13); *NAACP v. New York*, 413 U.S. 345, 365–66 (1973) ("Timeliness is to be determined from all the circumstances."); *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (findings courts should consider the stage of the proceeding, the prejudice to other parties, and the reason for and length of the delay).

No party has raised objections to the United States' intervention, and granting the Motion advances the underlying purpose of § 902, promoting "the strong public interest in obtaining compliance with the equal protection clause of the [C]onstitution." *Spangler*, 415 F.2d at 1246. Further, the interests in ensuring the effective enforcement of civil rights laws, conserving the resources of the judiciary and Defendants, and mitigating the risk of duplicative or inconsistent injunctive decrees all favor permitting intervention in this case.

/ / /

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED** that the United States' Motion to Intervene (Doc. 1177) is hereby **GRANTED**.

Dated this 13th day of August, 2015.

_____
Honorable G. Murray Snow
United States District Judge