```
 1                  UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF ARIZONA

 3

 4   Manuel de Jesus Ortega Melendres,  )
     et al.,                            )
 5                                      )
                 Plaintiffs,            ) No. CV 07-2513-PHX-GMS
 6                                      )
                 vs.                    ) Phoenix, Arizona
 7                                      ) July 31, 2015
     Joseph M. Arpaio, et al.,          ) 3:30 p.m.
 8                                      )
                 Defendants.            )
 9   _____)

10

11

12

13

14             REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            BEFORE THE HONORABLE G. MURRAY SNOW

16          Status Conference Volume 2, Pages 71-81

17                      **(SEALED PROCEEDINGS)**

18

19

20

21

22   Court Reporter:            Gary Moll
                                401 W. Washington Street, SPC #38
23                              Phoenix, Arizona  85003
                                (602) 322-7263
24

     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription
```

1                    A P P E A R A N C E S

2

3   For the Plaintiffs:
        American Civil Liberties Union Foundation
4       Immigrants' Rights Project
        By:  Cecillia D. Wang, Esq.
5       39 Drumm Street
        San Francisco, California  94111
6
        American Civil Liberties Union Foundation
7       Immigrants' Rights Project
        By:  Andre Segura, Esq. - Telephonically
8       125 Broad Street, 18th Floor
        New York, New York  10004
9
        American Civil Liberties Foundation of Arizona
10      By:  Daniel J. Pochoda, Esq.
        By:  Joshua David R. Bendor, Esq.
11      P.O. Box 17148
        Phoenix, Arizona  85011
12
        Covington & Burling, LLP
13      By:  Tammy Albarran, Esq. - Telephonically
        By:  Lauren E. Pedley, Esq.
14      1 Front Street, 35th Floor
        San Francisco, California  94111
15
        Covington & Burling, LLP
16      By:  Stanley Young, Esq.
        333 Twin Dolphin Drive, Suite 700
17      Redwood Shores, California  94065

18  For the Defendant Maricopa County:
        Walker & Peskind, PLLC
19      By:  Richard K. Walker, Esq.
        By:  Charles W. Jirauch, Esq.
20      SGA Corporate Center
        16100 N. 7th Street, Suite 140
21      Phoenix, Arizona  85254

22  For the Defendant Joseph M. Arpaio:
        Jones, Skelton & Hochuli, PLC
23      By:  A. Melvin McDonald, Jr., Esq.
        By:  Joseph T. Popolizio, Esq.
24      2901 N. Central Avenue, Suite 800
        Phoenix, Arizona  85012

25

1                    A P P E A R A N C E S

2

3   For the Defendant Joseph M. Arpaio and Maricopa County
    Sheriff's Office:
4            Iafrate & Associates
             By:  Michele M. Iafrate, Esq.
5            649 N. 2nd Avenue
             Phoenix, Arizona   85003
6
    For the Movants Christine Stutz and Thomas P. Liddy:
7            Broening, Oberg, Woods & Wilson, PC
             By:  Jathan P. McLaughlin, Esq.
8            P.O. Box 20527
             Phoenix, Arizona   85036
9
    For the Movants Maricopa County Attorney's Office and Maricopa
10  County Attorney William Montgomery:
             Ridenour Hienton, PLLC
11           By:  April M. Hamilton, Esq.
             Chase Tower
12           201 N. Central Avenue, Suite 3300
             Phoenix, Arizona   85004
13
    For Deputy Chief Jack MacIntyre:
14           Dickinson Wright, PLLC
             By:  Gary L. Birnbaum, Esq.
15           1850 North Central Avenue, Suite 1400
             Phoenix, Arizona   85004
16
    For Chief Deputy Gerard Sheridan:
17           Mitchell Stein Carey, PC
             By:  Lee D. Stein, Esq.
18           1 Renaissance Square
             2 North Central Avenue, Suite 1900
19           Phoenix, Arizona   85004

20  For Executive Chief Brian Sands:
             Lewis, Brisbois, Bisgaard & Smith, LLP
21           By:  Greg S. Como, Esq.
             2929 N. Central Avenue, Suite 1700
22           Phoenix, Arizona   85012

23  For Timothy J. Casey:
             Adams & Clark, PC
24           By:  Karen Clark, Esq.
             520 E. Portland Street
25           Phoenix, Arizona   85004

A P P E A R A N C E S

Also present:
    Commander John Girvin, Deputy Monitor - Telephonically
    Chief Raul Martinez, Deputy Monitor - Telephonically
    Executive Chief Brian Sands
    Chief Deputy Gerard Sheridan
    Deputy Chief Jack MacIntyre
    Lieutenant Joseph Sousa

1                   P R O C E E D I N G S

3          THE COURT:  All right.  I'm going to indicate that
4   anybody who's on the telephone who's not a member of the
5   Monitor Team, or who's not representing a party, or a specially          15:30:10
6   appearing non-party to this lawsuit, needs to hang up.  I
7   didn't hear that there was anybody on the phone that didn't fit
8   that category, but I'm just restating it for the record.
9          MR. SEGURA:  Your Honor, this is Andre Segura.  We
10  have our paralegal, Sophia Yapalater, who's on the line.  She           15:30:27
11  is with the ACLU.
12         THE COURT:  That's fine.
13         Ms. Iafrate.
14         MS. IAFRATE:  Thank you, Your Honor.  This is an issue
15  that came up during one of the interviews, and it involves an           15:30:39
16  investigation that the Sheriff's Office started.  And it led to
17  potential criminal investigation, and then it led to a staffing
18  at the Attorney General's Office regarding criminal
19  prosecution.
20         Our concern is that if the target is made aware, the             15:31:01
21  investigation will be compromised.  It is not a completed
22  investigation.  There's still quite a bit that needs to be
23  done.  Obviously, the target is someone within MCSO.
24  Therefore, we are proceeding cautiously.
25         THE COURT:  Well, I don't think, Ms. Iafrate, and I              15:31:17

1  think that all kinds of injunctive orders make it clear, that

2  merely because that's the case doesn't prevent MCSO from being

3  obliged to turn materials over to the monitor that pertain even

4  to criminal investigations.  But I am glad to take whatever

5  steps are necessary to protect the confidentiality of that.          15:31:38

6  Let me ask a question or two, and if you're uncomfortable

7  answering, you can tell me, and then I'll work it through with

8  you.

9         Was the target, him or herself, ever interviewed as

10 part of the investigative process?                                    15:31:51

11         MS. IAFRATE:  To date, no.

12         THE COURT:  Then how would disclosing the material to

13 the monitor compromise an investigation that apparently has

14 already been completed at the MCSO and turned over to the

15 attorney general?                                                     15:32:11

16         MS. IAFRATE:  It has not been completed, Your Honor,

17 by MCSO.  They are working in conjunction with the Attorney

18 General's Office.  Also, there is some concern that this

19 individual will be interviewed quite soon.

20         THE COURT:  Well, if he's interviewed, that's your            15:32:22

21 decision, but I'm going to require you to turn over all

22 materials, and I'm going to require the monitor to keep them

23 absolutely confidential.

24         Did you say this is -- well, what's at issue here?

25 We've got materials, we've got -- or an interview, or what is        15:32:39

1  it?

2          MS. IAFRATE:  What's at issue is the release of this

3  information that could potentially compromise the

4  investigation.

5          THE COURT:  To the monitor?                              15:32:48

6          MS. IAFRATE:  To the monitor.

7          THE COURT:  We've already got orders that completely

8  cover how the sheriff's confidentiality concerns are going to

9  be met.

10         MS. IAFRATE:  I understand that, Your Honor.  I find    15:32:57

11 this one to be in a unique situation.  I discussed it with the

12 monitors this morning with the understanding that this would be

13 raised with you.  I was concerned to have it raised in open

14 court because of the sensitivity of it.

15         All other reports that have been requested, whether     15:33:13

16 they be criminal IAs or civil IAs, we've been working through

17 those.  This is a unique situation where criminal prosecution

18 is likely and the investigation is still in a phase where it

19 could be compromised.

20         THE COURT:  Well, I'm not going to let my monitors      15:33:30

21 compromise that investigation.  And I'm also not going to let

22 the MCSO avoid the obligation to determine the adequacy of the

23 investigation by joining a joint investigation with the

24 attorney general.

25         So I'm going to require you to turn over all material   15:33:44

1   to the monitor pertaining to this investigation, as well as any

2   persons involved in the investigation need to be subjected to

3   the interview of the monitor.  But the monitor is required to

4   keep it confidential, to not turn it over absent a request to

5   the Court which can then be raised and discussed with all                15:34:05

6   parties.

7           Is that clear?

8           MS. IAFRATE:  Yes, Your Honor.  If I could just have a

9   point of clarification.

10          THE COURT:  Yes.                                                  15:34:14

11          MS. IAFRATE:  MCSO did not join forces with the AG's

12  office before providing this to anyone.

13          THE COURT:  You know, I accept that that may be true.

14  But I am simply saying that whether or not the MCSO joins with

15  another investigative agency as a result of any internal                  15:34:32

16  investigation, the orders already fully anticipate that any

17  internal investigation -- anything, whether it's criminal or

18  otherwise, and the orders are explicit about it -- needs to be

19  disclosed to the monitor.

20          And so there isn't anything that you've described to              15:34:52

21  me that makes me feel like that's not covered by the orders,

22  and even if it weren't, I still think it needs to be disclosed

23  in its fullness to the monitor.  The monitor cannot disclose it

24  to any of the parties unless and until it raises that matter

25  in -- it signifies to the parties that it wishes to raise the            15:35:12

1  matter that is the subject of this hearing under seal at a
2  status conference, and then we can address it.
3              Unless a party objects, I'm going to allow the order
4  I've just delivered to you orally to stand.  All materials
5  relating to the investigation, any interviews that the monitor         15:35:33
6  wants to conduct of those involved, are to be provided.
7              However, this matter shall remain under seal until the
8  AG -- well, this matter shall remain under seal until further
9  order of this Court or until the AG initiates some sort of
10 criminal prosecution, or any other party, county attorney or           15:36:00
11 whoever it might be.
12             Anybody object to that?  All right.
13             MS. IAFRATE:  Thank you.
14             THE COURT:  You have your order.  Thank you.
15             Obviously, we're not going to be meeting on the 14th.      15:36:15
16 Let me just see, I've got a note slipped to me.
17             Can you do it on the 13th, Ms. Wang?
18             MS. WANG:  I'm not able to, Your Honor.
19             THE COURT:  How about the 11th?
20             MS. WANG:  The 11th I could do.                            15:36:34
21             THE COURT:  Can I have you folks from the defendants
22 and specially appearing parties do the 11th?
23             MR. COMO:  Your Honor, I'm out that entire week, but
24 I'll make my best effort to find someone else from our office
25 who's already appeared in this case to attend.                         15:36:48

1          THE COURT:  Thank you.  I'd appreciate that.
2          Anything else?
3          MS. IAFRATE:  Yes, Your Honor.  I have a conflict that
4  day.  But like the other one where I'm going to be in trial, if
5  you set it, I will -- you said that I could then make you aware        15:36:59
6  regarding whether we have a problem or not.
7          THE COURT:  Yeah.  The only problem is that's the very
8  next -- why don't we set it for 8-11 at --
9          Did Armie give you a time, Michelle?
10         THE CLERK:  She said all day.                                  15:37:17
11         THE COURT:  Okay.  Why don't we set it for 8-11 at
12 9:00 o'clock.  And Ms. Iafrate, do exactly what you've
13 indicated you'll do.  And then if we have to move it to the
14 10th it's going to be some really weird hour, because I've
15 already got a full calendar of criminal matters, but we can try        15:37:29
16 and do that.
17         Thank you all.  We'll see you in a week and a half or
18 so.
19         (Proceedings concluded at 3:37 p.m.)

C E R T I F I C A T E

I, GARY MOLL, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 6th day of August, 2015.

s/Gary Moll