IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER AMENDING SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER** |

On October 2, 2013, the Court issued its Supplemental Permanent Injunction/Judgment Order (Doc. 606) in which it specified enforcement measures to remedy the violations of the Fourth and Fourteenth Amendment rights of the Plaintiff class that it had outlined in its Findings of Fact and Conclusions of Law. Defendants appealed the Supplemental Permanent Injunction to the Ninth Circuit Court of Appeals, which issued an opinion on April 15, 2015 affirming all provisions except those that permitted the court-appointed compliance Monitor to consider, in making outcome assessments, MCSO's discipline for "*any* violations of departmental policy," as well as whether any deputies are repeatedly the subject of "Complaints, civil suits, or criminal charges, including for off-duty conduct." *Melendres v. Arpaio*, 784 F.3d 1254, 1267 (9th

Cir. 2015) (quoting Doc. 606 at 53). The Court remanded these sections for the Court to "tailor them so as to address only the constitutional violations at issue." *Id.* After the Mandate from the Ninth Circuit issued (Doc. 1163), the Court held a status conference with the Parties on July 31, 2015 where they were given an opportunity to propose amendments to the Supplemental Permanent Injunction that accorded with the Ninth Circuit's directives. The Parties were also permitted to respond in writing. The Court hereby orders the following amendments to the Supplemental Permanent Injunction/Judgment Order.

This amendment order presents only the paragraphs with changes. All other paragraphs not mentioned shall remain the same. Unchanged language is presented in normal font. <u>Additions are indicated by underlined font</u>. ~~Deletions are indicated by crossed-out font~~.

## **<u>AMENDMENTS</u>**

### **XIII.   INDEPENDENT MONITOR AND OTHER PROCEDURES REGARDING ENFORCEMENT**

\* \* \*

**c.   Monitoring Plan and Review Methodology**

\* \* \*

136.   In conducting the outcome assessments, the Monitor should measure not only the MCSO's progress in implementing the provisions of this Order, but the effectiveness of the reforms. To do so, the Monitor shall take into account the following performance-based metrics and trends:

\* \* \*

i.   disciplinary outcomes for any violations of ~~departmental policy~~ <u>MCSO Policies and Procedures issued pursuant to this Order, or for violations of Policies and Procedures pertaining to Discriminatory Policing as defined in this Order against any member or members of the Plaintiff class, unlawful detentions or arrests of members of the Plaintiff</u>

class, or that otherwise affect the Plaintiff class's Fourth or Fourteenth Amendment rights;

j.       whether any Deputies are the subject of repeated misconduct Complaints, civil suits, or criminal charges, including for off-duty conduct, involving allegations that constitute violations of MCSO Policies and Procedures issued pursuant to this Order, or allegations of Discriminatory Policing as defined in this Order against any member or members of the Plaintiff class, unlawful detentions or arrests of members of the Plaintiff class, or other violations of the Plaintiff class's Fourth or Fourteenth Amendment rights; and

Dated this 26th day of August, 2015.

_____
Honorable G. Murray Snow
United States District Judge