Mark Kappelhoff
Deputy Assistant Attorney General
Judy Preston (MD Bar, no numbers assigned)
Timothy D. Mygatt (DC Bar No. 1021564)
Paul Killebrew (LA Bar No. 32176)
Puneet Cheema (CA Bar No. 268677)
Matthew J. Donnelly (IL No. 6281308)
Cynthia Coe (DC Bar No. 438792)
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
601 D St. NW, Suite 5226
Washington, D.C. 20004
Tel. (202) 353-1121

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*,<br>                Plaintiffs,<br>United States of America,<br>                Plaintiff-Intervenor,<br>v.<br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County, AZ; *et al.*,<br>                Defendants. | No. 2:07-cv-02513-GMS<br><br>**UNITED STATES' OPPOSITION TO COUNTY'S MOTION FOR RECOGNITION OF ITS RIGHTS AS A PARTY LITIGANT** |

Maricopa County's ("County") Motion for Recognition of Its Rights as a Party Litigant does not identify any harm to its interests, and it therefore raises no issues on which this Court could grant relief. Instead, the Motion is an effort to re-litigate an issue that the Ninth Circuit and this District Court have already decided numerous times: the legal relationship between the County and the Sheriff.[1]  Moreover, the County is already

---

[1] *See United States v. Maricopa County, Arizona*, No. CV-12-00981-PHX-ROS ("Maricopa"):

a party to this litigation and is participating to the extent it wishes to do so, and the Court has not imposed any limits on it.  The County's request to be declared a "full-fledged party" is therefore unnecessary and counterproductive, and the Court should deny it.

In its motion, the County asks that the Court enter an order stating that "Defendant Maricopa County is a full-fledged party to this proceeding, and has all the rights of other parties hereto."  Proposed Order on County's Motion for Recognition at 5 (Aug. 28, 2015) (Doc. 1272-3).  But the County acknowledges that neither this Court nor the Ninth Circuit has imposed any express or implied limitations on the County's participation as a party litigant in this matter.  Defendant Maricopa County, Arizona's Motion for Recognition of its Rights as a Party Litigant at 4-5 (Aug. 28, 2015) ("County's Motion") (Doc. 1272).  Nor does the County identify anything it might wish to do as a "full-fledged party" different from what it can do in its current status as a party.  The requested relief is confusing and unnecessary, and it should be denied on that basis.

While styled as a motion to be given rights as a party litigant, at its core the County's motion attempts to establish the opposite:  that it is an inappropriate party to this lawsuit.  The substance of this argument has already been considered and rejected by this District Court in *Maricopa* and by the Ninth Circuit in *Melendres v. Arpiao*, 784 F.3d 1254 (9th Cir. 2015) ("*Melendres II*").  In *Maricopa*, Judge Silver denied the County's motion to dismiss, holding that "Under Arizona law, the Sheriff has final policymaking authority with respect to County law enforcement and jails, and *the County can be held responsible for constitutional violations resulting from these policies*."  *See* Order, *Maricopa* at 13 (Dec. 12, 2012) (emphasis added) (Doc. 56).  Judge Silver then affirmed her decision by denying the County's motion for reconsideration.  *See* Order, *Maricopa* (Jan. 18, 2013) (Doc. 73).  Judge Silver reached the same conclusion on the County's motion for summary judgment.  *See* Order, *Maricopa* at 15 (June 15, 2015) (Doc. 379).  The County also raised these same arguments in its Petition for Panel Rehearing and

Petition for En Banc Consideration,[2] which the Ninth Circuit denied.  *See* Ex. 4 to County's Motion (Doc. 1272-2).  Nevertheless, the County devotes almost half of its motion to reviving the arguments the Ninth Circuit properly rejected and openly criticizing the Ninth Circuit.  *See* County's Motion at 6-15 ("the Court of Appeals got it wrong").

      This Court should not entertain procedural maneuvers that amount to a challenge to the previous decisions of Judge Silver and the Ninth Circuit, let alone create a new type of party designation to do it.  The Federal Rules of Appellate Procedure authorized a substitution of the County into this case as a party, and that is what the Ninth Circuit did.  *See* Fed. R. App. P. 43 ("If a party needs to be substituted for any reason other than death, the procedure prescribed in Rule 43(a) applies.").  The decisions of Judge Silver and the Ninth Circuit have put to rest the idea that the County is not a proper party to this litigation, and this Court should not revisit the matter in response to the County's Motion.

---

[2] *See* Defendant Maricopa County's Notice of Filing Petition for Panel Rehearing and En Banc Determination Recently Filed in U.S. Court of Appeals for the Ninth Circuit (May 21, 2015) (Doc. 1116).

For the foregoing reasons, the County's Motion for Recognition of Its Rights as a Party Litigant should be denied.

                Respectfully submitted,

                Mark Kappelhoff
                Deputy Assistant Attorney General
                Civil Rights Division

                Judy Preston, Acting Chief
                Special Litigation Section

                Timothy D. Mygatt, Special Counsel

                /s/ *Cynthia Coe*
                Cynthia Coe (DC Bar No. 438792)
                Paul Killebrew (LA Bar No. 32176)
                Puneet Cheema (CA Bar No. 268677)
                Matthew J. Donnelly (IL No. 6281308)
                Trial Attorneys
                U.S. Dept. of Justice, Civil Rights Division
                950 Pennsylvania Avenue, NW - PHB
                Washington, D.C. 20530
                Tel. (202) 353-1121/Fax (202) 514-6903
                Cynthia.Coe @usdoj.gov

                ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I certify that on September 14, 2015, I used the Court's CM/ECF system to serve a true and correct copy of the foregoing filing on counsel of record.

/s/ *Cynthia Coe*

CYNTHIA COE
Trial Attorney
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, PHB
Washington, DC 20530
(202) 353-1121(Telephone)
(202) 514-6903 (Facsimile)
Cynthia.Coe@usdoj.gov

5