Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, Arizona 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | **PLAINTIFFS' OPPOSITION TO DEFENDANT MARICOPA COUNTY'S MOTION FOR RECOGNITION OF RIGHTS AS A PARTY LITIGANT** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Tammy Albarrán (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND...................................................1

III. ARGUMENT..................................................................................................................4

    A. The County's Motion Is Not Ripe For Review..................................................4

    B. The County's Counsel May Not Unilaterally Declare That They Represent Only A Subset Of Maricopa County..........................................................................5

    C. The Structure Of Arizona Government Does Not Permit The County To Escape Liability For The Unconstitutional Actions Of Its Sheriff......................................5

    D. The County Is The Proper Governmental Entity Implicated By This Official Capacity Suit Against The Sheriff According To Arizona And Federal Law......6

    E. The County Is Bound By The Judgments Against MCSO And The Sheriff In His Official Capacity...................................................................................................8

IV. CONCLUSION...............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
   300 U.S. 227 (1937)............................................................................................................4

*Arizona v. Arpaio*,
   No. CV-14-01356- PHX-DGC, 2015 WL 1432674 (D. Ariz. Mar. 27, 2015)....................6

*Braillard v. Maricopa Cnty.*,
   232 P.3d 1263 (Ariz. Ct. App. 2010)................................................................................2, 7

*Cortez v. Cnty. of Los Angeles*,
   294 F.3d 1186 (9th Cir. 2002) ............................................................................................8

*Flanders v. Maricopa Cnty.*,
   54 P.3d 837 (Ariz. Ct. App. 2002).......................................................................................7

*Goldstein v. City of Long Beach*,
   715 F.3d 750 (9th Cir. 2013), *cert. denied sub nom.*, *Cnty. of Los Angeles, Cal. v. Goldstein*, 134 S. Ct. 906, 187 L. Ed. 2d 778 (2014) ............................................................6

*In re Gottheiner*,
   703 F.2d 1136 (9th Cir. 1983) ............................................................................................8

*Herrington v. Cnty. of Sonoma*,
   12 F.3d 901 (9th Cir. 1993) ................................................................................................8

*McMillian v. Monroe Cnty., Ala.*,
   520 U.S. 781 (1997)............................................................................................................7

*Melendres v. Arpaio*,
   695 F.3d 990 (9th Cir. 2012) ..............................................................................................6

*Melendres v. Arpaio*,
   784 F.3d 1254 (9th Cir. 2015) ....................................................................................2, 5, 6

*Monell v. Dep't of Soc. Servs. of City of N.Y.*,
   436 U.S. 658 (1978)............................................................................................................7

*Normandeau v. City of Phoenix*,
   516 F. Supp. 2d 1054 (D. Ariz. 2005) ................................................................................8

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986)............................................................................................................7

*Protectmarriage.com-Yes on 8 v. Bowen*,
  752 F.3d 827 (9th Cir. 2014)*, cert. denied sub nom.*, *ProtectMarriage.com-Yes on 8 v. Padilla*, 135 S. Ct. 1523, 191 L. Ed. 2d 430 (2015) ...............................................................4

*Puente Arizona v. Arpaio*,
  76 F. Supp. 3d 833, 868 (D. Ariz. 2015) ........................................................................7

*Streit v. Cnty. of Los Angeles*,
  236 F.3d 552 (9th Cir. 2001) ..........................................................................................7

*Tait v. W. Maryland Ry. Co.*,
  289 U.S. 620 (1933)........................................................................................................8

*Washington Mut. Inc. v. United States*,
  636 F.3d 1207 (9th Cir. 2011) ........................................................................................8

**Statutes**

42 U.S.C. § 1983................................................................................................................6, 7

Ariz. Rev. Stat. Ann. § 11-401...........................................................................................5

**Other Authorities**

Ariz. Const. art. XII, § 1 ...................................................................................................5

Ariz. Const. art. XII, § 3 ...................................................................................................5

**I.     INTRODUCTION**

Plaintiffs respectfully submit this Opposition to Defendant Maricopa County, Arizona's ("County") Motion for Recognition of Its Rights as a Party Litigant ("Motion"). As explained further herein, the County's Motion is not ripe for review and should be denied on that basis. This Court has not deprived the County of any rights as a party litigant, so the requisite of a concrete legal issue to be decided is not met.

However, Plaintiffs also respectfully urge the Court to consider that the County's arguments are not new, but rather repackage the same contentions from when it challenged its joinder to the Ninth Circuit Court of Appeals. *See* Petition of Maricopa County, Arizona for Panel Rehearing and En Banc Determination, *Ortega-Melendres, et al. v. Arpaio, et al.*, No. 13-16285 (9th Cir. June 10, 2015), ECF. No. 77 ("Petition for Rehearing"). Through this Motion, the County's counsel again attempt— just as they attempted in the County's Petition for Rehearing—to rebrand their client as a mere subset of Maricopa County which is "powerless" to control the Sheriff. *See* Motion at 1, n.1; 9.

The County's counsel may not unilaterally declare that they represent only a specific subset of Maricopa County. Such redefinition of the County's identity is at odds with Arizona law, is inconsistent with the Ninth Circuit's decision to join the County in this case, and is precluded by the County's own appearances. Further, the structure of Arizona government does not permit the County to escape liability for the unconstitutional actions of its sheriff. The County is the proper governmental entity implicated by this official capacity suit according to state and federal law. Thus, even if the County is permitted to speak for itself as a party to this case, the County is bound by the judgments of this Court and the Ninth Circuit Court of Appeals against the Sheriff in his official capacity.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

In December of 2007, Plaintiffs filed this action against Sheriff Joseph M. Arpaio and the County. Compl., Dkt. No. 1. On September 5, 2008, Plaintiffs filed a First Amended Complaint against the Sheriff and the County and also added MCSO as a defendant. Dkt. No. 18.

1    Notably, in both the initial Complaint and the First Amended Complaint, the County was
2    defined as "a political subdivision of the State of Arizona that can sue and be sued in its own
3    name," without further qualification. Dkt. Nos. 1 at 2 and 18 at 7.

4    The County, along with the Sheriff and MCSO, continued to defend the action until
5    September 21, 2009. At that time, the County and Plaintiffs filed a stipulation dismissing the
6    County from the action ("Joint Motion to Dismiss"). Dkt. No. 178. The stipulation provided
7    that the County's dismissal was "without prejudice to rejoining [the County] as a Defendant at a
8    later time in this lawsuit if doing so becomes necessary to obtain complete relief." *Id*. at 3. On
9    October 13, 2009, the Joint Motion was granted. Dkt. No. 194. The lawsuit continued, as
10   described in the panel decisions of the Ninth Circuit Court of Appeals, 695 F.3d 990 (9th Cir.
11   2012) and 784 F.3d 1254 (9th Cir. 2015).

12   In 2010, in a case involving a wrongful death alleged to have been caused by inadequate
13   training of MCSO personnel, the Arizona Court of Appeals held that MCSO was a nonjural
14   entity. *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1275 (Ariz. Ct. App. 2010). It stated,
15   "Because we have concluded MCSO is a nonjural entity, such a claim, based on the training
16   issues identified in our discussion of Arpaio's liability, can be made properly against the
17   County." *Id*.

18   In 2013, the District Court concluded that the Sheriff and MCSO had violated the Fourth
19   and Fourteenth Amendments and awarded injunctive relief. Dkt. Nos. 579, 606, 748. Sheriff
20   Arpaio and MCSO appealed, and the Ninth Circuit issued its panel decision on April 15, 2015,
21   affirming the liability findings and the injunctive remedy, with the sole exception of one
22   injunctive provision, which was remanded for further tailoring.

23   However, citing the *Braillard* decision, the unanimous panel stated, "it is now clear that
24   MCSO has improperly been named as a party in this action," and pursuant to Federal Rule of
25   Civil Procedure 21, it ordered that Maricopa County be substituted for MCSO. *Melendres v.*
26   *Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) ("*Melendres II*").

27   Two days later, counsel for the County entered a Notice of Appearance in this case,
28   stating, "the firm of Walker & Peskind, PLLC (Richard K. Walker, Esquire) appears in the

above-captioned action as counsel for defendant MARICOPA COUNTY, ARIZONA ("County"), in the above-captioned matter," Dkt. No. 1011 at 1, without further qualification.

The County simultaneously challenged the decision of the Ninth Circuit Panel to substitute the County for MCSO, seeking a panel rehearing or en banc determination. Petition for Rehearing. In contrast to its unrestricted appearance of its counsel in this case, Dkt. No. 1011, the County's counsel asserted in the Petition for Rehearing that they represented only "that portion of the government of Maricopa County embodied in the Maricopa County Board of Supervisors, and those appointed officials and employees of the County who serve under the supervision and direction of the foregoing," to the exclusion of "any other Maricopa County officer whose office is filled by the electoral process . . . or to any of the officials and other employees of the County who serve under the supervision and direction of such Constitutional Officers." Petition for Rehearing at 3, n.1. This attempted self-redefinition of the County by its counsel formed part of the County's argument that joining the County would violate federalism principles and the Tenth Amendment. *See id.* at 15 ("Such a realignment of Maricopa County's governmental structure and lines of authority by the federal judiciary would represent an unprecedented and intolerable intrusion upon the sovereign prerogatives of the State of Arizona."). Plaintiffs opposed the Petition for Rehearing, arguing that that joinder gave rise to no such constitutional issues. Appellees' Response to Petition for Rehearing, *Ortega-Melendres, et al. v. Arpaio, et al.*, No. 13-16285 (9th Cir. June 10, 2015), ECF. No. 85. On June 26, 2015, the Ninth Circuit summarily denied the County's Petitions, Dkt. No. 1272, Exhibit 4.

Now the County moves for "full recognition of its rights as a party litigant in this case," with its counsel stating yet again that they represent only "that portion of the government of Maricopa County embodied in the Maricopa County Board of Supervisors, the Maricopa County Manager, and those appointed officials and employees of the County who serve under the supervision and direction of the foregoing," to the exclusion of "any other Maricopa County officer whose office is filled by the electoral process . . . or to any of the officials and other employees of the County who serve under the supervision and direction of such Constitutional Officers." Dkt. No. 1272 at 1, n.1.

1   While Plaintiffs do not object to counsel for the County saying whatever they want to say, subject to fairness in the allocation of time and briefing pages, they do oppose the present motion because there is no relief to be granted at this time.  They also write to make clear the incorrectness of the County's attempt to redefine itself and the responsibility of the County for the acts of its Sheriff.

**III.   ARGUMENT**

   **A.   The County's Motion Is Not Ripe For Review.**

Claiming denial of due process, the County asks "this Court to recognize that [certain] rights are inherent to the County as a party, and to honor them without qualification in all future proceedings." Motion at 2, 14.  Yet, the County does not cite a single instance—nor can it—in which the Court has denied the County the "full panoply of rights of any other party to this matter." Dkt. No. 1272 at 2.  To the contrary, the County merely cites to instances in which the Court has framed the question of whether the County has the right to participate as a separately represented party, but has not acted in any way to restrict such participation. *Id.* at 2, n.2.  Thus, the County's Motion essentially requests an advisory opinion.

The County's Motion plainly is not ripe for review.  It is well-established that for a court to render a decision, there "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937).  Moreover, "[f]or adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014)*, cert. denied sub nom.*, *ProtectMarriage.com-Yes on 8 v. Padilla*, 135 S. Ct. 1523, 191 L. Ed. 2d 430 (2015) (internal quotations omitted).  There is no actual controversy at this juncture regarding the County's status as a party in this case, and as a result, there can be no "relief" to which the County is entitled.

### B. The County's Counsel May Not Unilaterally Declare That They Represent Only A Subset Of Maricopa County.

The County's Motion rests on a definition of "the County" that includes only the Board of Supervisors and County Manager and those who serve under them, while explicitly excluding other elected officials, such as the Sheriff, and those who serve under such officials. *See* Motion at 1, n.1. The County's self-definition is impermissible.

Arizona law defines the county as more than just the Board of Supervisors, the County Manager, and those who serve under them. The Arizona Constitution provides that each county "shall be a body politic and corporate." Ariz. Const. art. XII, § 1. The Board of Supervisors and the Sheriff are each among the nine enumerated officers of the County. Ariz. Const. art. XII, § 3; Ariz. Rev. Stat. Ann. § 11-401. The entity that is liable is the County as it is defined under these Arizona laws.

When the panel of the Ninth Circuit joined "Maricopa County" in this case, it did so without any of the qualifications that the County's counsel now unilaterally declare. *See Melendres II*, 784 F.3d at 1260 ("We therefore order that Maricopa County be substituted as a party in lieu of MCSO."). The County agreed that was the Ninth Circuit's intent when counsel for the County entered an appearance in this case. Two days after the panel's decision was issued, counsel for the County entered a Notice of Appearance in this case, stating, "the firm of Walker & Peskind, PLLC (Richard K. Walker, Esquire) appears in the above-captioned action as counsel for defendant MARICOPA COUNTY, ARIZONA ("County"), in the above-captioned matter," without further qualification. Dkt. No. 1011 at 1. There also were no qualifications when the County was initially a party to this case prior to dismissal in September 2009. Dkt. Nos. 1, 18.

After the Ninth Circuit's decision in *Melendres II*, the County is again party to this case, and its counsel may not artificially redefine their client.

### C. The Structure Of Arizona Government Does Not Permit The County To Escape Liability For The Unconstitutional Actions Of Its Sheriff.

The County's argument rests on the flawed premise that the Board of Supervisors' alleged lack of control over the Sheriff makes it "powerless" to prevent the Sheriff's misconduct

5

or "to effectively require the sheriff to comply with corrective measure[s] calculated to remedy it." *See* Motion at 9. This is an argument that the County has made multiple times in an attempt to escape liability, and it has lost every time. *See, e.g.*, *Arizona v. Arpaio*, No. CV-14-01356-PHX-DGC, 2015 WL 1432674, at *2 (D. Ariz. Mar. 27, 2015) ("Contrary to the County's argument, a county's lack of control over a sheriff is not dispositive of its liability for his law-enforcement decisions under § 1983.").

Further, the notion that the Board lacks control over the Sheriff has been determined to be unfounded. Judge Silver of the District Court of the District of Arizona has described the many ways in which the County exercises control over the Sheriff, *United States v. Maricopa County, et al.*, No. CV-12-00981 (D. Ariz. June 15, 2015), ECF No. 379 at 16-20, and has concluded "the Board of Supervisors is charged with supervising the sheriff under [Arizona] statute," *id*. at 20. The Ninth Circuit has also determined that "[m]erely because a county official exercises certain functions independently of other political entities within the county does not mean that he does not act *for* the county." *Goldstein v. City of Long Beach*, 715 F.3d 750, 757 (9th Cir. 2013), *cert. denied sub nom.*, *Cnty. of Los Angeles, Cal. v. Goldstein*, 134 S. Ct. 906, 187 L. Ed. 2d 778 (2014) (citing *Brewster v. Shasta Cnty.*, 275 F.3d 803, 810 (9th Cir. 2001)) ( emphasis in original).

### D. The County Is The Proper Governmental Entity Implicated By This Official Capacity Suit Against The Sheriff According To Arizona And Federal Law.

The County asserts for the first time in this case that the proper jural entity to substitute for MCSO is not the County, but Arizona State. Motion 10-12. The County did not make this argument in its Petition for Rehearing, Dkt. No. 1116, Exhibit 1, and it cannot do so now. Following *Melendres II* and the denial of the County's Petition for Rehearing, it is law of the case that the County is the proper jural entity.

The County's joinder also is the correct result, both according to the decision of the Arizona Court of Appeals and because the County actually is liable for harms caused by the unconstitutional policies set by the Sheriff acting as the County's law enforcement officer.

The Arizona Court of Appeals has explicitly pointed out that claims against MCSO, a nonjural entity, are properly asserted against the County instead. *Braillard*, 232 P.3d at 1275 ("Because we have concluded MCSO is a nonjural entity, such a claim, based on the training issues identified in our discussion of Arpaio's liability, can be made properly against the County."). The County has argued that the County should not have been joined because the County (which the Motion and its Petition for Rehearing sought to define as primarily the County's Board of Supervisors, *see* Motion at 1, n.1; Petition for Rehearing at 3, n.1) is separate and independent from the Sheriff, his office, and other constitutional officers. Petition for Rehearing at 7-8. But such separate jural existence is precisely what the Arizona Court of Appeals rejected in *Braillard*. Adding the County as a named party is the logical consequence of *Braillard*'s conclusions that MCSO has no jural existence apart from the County and that an action brought putatively against MCSO is really an action against the County.

It is well-established that a county or municipality is liable under 42 U.S.C. § 1983 when policies executed "by those whose edicts or acts may fairly be said to represent official policy" inflict constitutional injury. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 659 (1978). In evaluating a county's liability for constitutional torts committed by its officers, a court "must consider the state's legal characterization of the government entities which are parties to these actions[;]" however, "federal law provides the rule of decision in section 1983 actions." *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 560 (9th Cir. 2001); *see also McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 786 (1997) (an official's "final policymaking authority" for a county is dependent on state law).

On matters of law enforcement, Sheriff Arpaio is the final policymaker for Maricopa County. The County's liability for the Sheriff's unconstitutional policymaking in that field is the necessary consequence. *See Flanders v. Maricopa Cnty.*, 54 P.3d 837, 847 (Ariz. Ct. App. 2002) (concluding in jail conditions case that the Sheriff is a final policymaker for the County for purposes of 42 U.S.C. § 1983 liability); *Puente Arizona v. Arpaio*, 76 F. Supp. 3d 833, 868 (D. Ariz. 2015) ("Flanders compels the conclusion that Sheriff Arpaio is the final policymaker for [Maricopa] County on law-enforcement matters."); *Pembaur v. City of Cincinnati*, 475 U.S.

469, 484 n.12 (1986) (decisions over which a sheriff is the official policymaker give rise to county liability); *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1192 (9th Cir. 2002) (a county is subject to § 1983 liability where its sheriff acted as final policymaker).

It is no escape hatch for the County to point its finger at the State, when the County is the proper governmental entity.

### E. The County Is Bound By The Judgments Against MCSO And The Sheriff In His Official Capacity.

The County's arguments that it should be allowed to be a separately represented party echo its previous threats that it will seek to relitigate prior judgments. *See* Petition for Rehearing, *Ortega-Melendres, et al. v. Arpaio, et al.*, No. 13-16285 (9th Cir. June 10, 2015), ECF. No. 77 at 15-16.  So, it bears repeating that the County is bound by the earlier decisions of this Court and of the Ninth Circuit Court of Appeals.  Under the law of the case doctrine, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (citation omitted).  It is also basic civil procedure that "[c]ollateral estoppel applies not only against actual parties to prior litigation, but also against a party that is in privity to a party in previous litigation." *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). "Privity exists when there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest."  *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).[1]

Identity of interest can be established in a number of ways, but it is determinative that "[a]n action against a government officer in her official capacity is ordinarily equivalent to an action against the government entity itself." *Normandeau v. City of Phoenix*, 516 F. Supp. 2d 1054, 1070 (D. Ariz. 2005) (judgment for Motor Vehicle Division served to bind plaintiff in a later suit against Director of Motor Vehicle Division in her official capacity); *see also Tait v. W.*

---

[1] Plaintiff have moved to dismiss as untimely and barred a separate appeal that the County has filed against the Court's 2011 preliminary injunction and 2013 injunction orders.

*Maryland Ry. Co.*, 289 U.S. 620, 626 (1933) (judgment against the Commissioner of Internal Revenue in his official capacity bound the United States in a later suit).  Here, there is identity of interest for the same reason.  The County may not relitigate any issues of law or fact that have already been actually adjudicated against the Sheriff and MCSCO.

## IV.  CONCLUSION

In conclusion, Plaintiffs respectfully submit that the County's Motion is not ripe for review and should be denied at least on that basis.  Throughout this litigation, the County has tried in vain to untether itself from the Sheriff, disclaiming responsibility for the Sheriff's actions despite his status as a final policymaker for the County.  The County's request to be recognized as a separate party should be read in light of its previous attempts to skirt liability as well as its threats that it will seek to relitigate the prior decisions of this Court.  The County may not escape its liability and may not relitigate previously decided issues.[2]

RESPECTFULLY SUBMITTED this 14th day of September, 2015.

By: */s/ Tammy Albarrán*

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarrán (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)

---

[2] Plaintiffs also do not believe it is necessary or appropriate to dismiss Sheriff Arpaio as a party to this case.

1
2
3
4
5
6

Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund
*Attorneys for Plaintiffs*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.

*/s/ Tammy Albarrán*
Tammy Albarrán