**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

On September 14, 2015, District Judge G. Murray Snow referred to this Court an in camera review of certain emails to determine whether they are protected from disclosure by the attorney-client privilege and/or work-product doctrine.

The Court has reviewed the four sets of emails provided by counsel for Defendant Arpaio. The Court finds that the emails Bates numbered MELC1397334, MELC1397335, and MELC1397336 are protected from disclosure by the attorney-client privilege. The relevant portions of these email chains are between counsel for Defendant Arpaio for the purpose of giving legal advice, and there is no basis for the Court to find that a waiver has occurred. *See In re Fischel,* 557 F.2d 209, 211 (9th Cir. 1977) ("where legal advice of any kind is sought from a professional legal advisor in his capacity as such, communications relating to that purpose made in confidence by [a] client are, at his instance, permanently protected from disclosure by himself or by the legal advisor, unless protection is waived.") The Court further finds that these emails are protected from disclosure by the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A) (a qualified

immunity protects discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial" by a party or his representative, absent a showing of special need by the requesting party.)  These emails were prepared in anticipation of litigation.  Further, the Court has no basis before it on which to find that a party has a special need for these documents, or that a waiver has occurred.

With regard to the fourth email chain, Bates numbered CaseySub000166, the Court finds that these emails are covered by the attorney-client privilege and the work-product doctrine.  However, pursuant to the Court's Order at Doc. 1094, the Court finds that the protections as to these emails have been waived because the emails relate to compliance with the Court's Preliminary Injunction.

Accordingly, the Court concludes that the documents Bates numbered MELC1397334, MELC1397335, and MELC1397336 are protected from disclosure by the attorney-client privilege and the work-product doctrine, and those protections have not been waived.  The document Bates numbered CaseySub000166 relates to compliance with the Court's Preliminary Injunction and, therefore, any attorney-client or work-product protections as to that document have been waived.

Dated this 15th day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge