# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

On September 15, 2015, District Judge G. Murray Snow referred to this Court an in camera review of certain documents to determine whether they are protected from disclosure by the attorney-client privilege and/or work-product doctrine. On the same day, counsel for Maricopa County Attorney William Montgomery and the Maricopa County Attorney's Office (MCAO) provided this Court with a privilege log and documents potentially responsive to a May 26, 2015 subpoena. Below, the Court addresses these documents.

**I. Background**

On May 14, 2015, the Court issued an Order containing the following:

> In sum, Defendants' advice-of-counsel defense waived attorney-client privilege and the work-product doctrine for all attorney-client communications on the subject matter of the Preliminary Injunction, for all work product which referenced such communications, and for all work product on the Preliminary Injunction which was used by defense counsel in formulating the advice communicated to Defendants.

(Doc. 1094 at 8.) Now at issue, are documents potentially responsive to a subpoena

requesting the following:

> Any Documents relating to communications between you and Defendants relating to the Court's December 23, 2011 preliminary injunction order, including but not limited to emails between you and Defendants, and time or billing records relating to such communications.

Mr. Montgomery and MCAO provided the Court with a privilege log, which identifies several potentially responsive documents they claim are protected by the attorney-client privilege and the work-product doctrine. Additionally, they separately claim the document Bates numbered MCAO00572, and portions of the documents Bates numbered MCAO00640-44 and MCAO00650-53, are covered by attorney-client privilege and work-product doctrine protections held by Mr. Montgomery.

**II.   Discussion**

    **a.  Documents Bates Numbered MCAO00572, MCAO00640, MCAO00650, MCAO00573-76, and MCAO00626-29**

Mr. Montgomery and MCAO assert that the attorney-client privilege and work-product protections apply to the document Bates numbered MCAO00572, and portions of the documents Bates numbered MCAO00640-44 and MCAO00650-53. The Court finds that MCAO00572 is covered by the attorney-client privilege and work-product doctrine, and no waiver has occurred. Therefore, that document is protected from disclosure. With regard to the documents Bates numbered MCAO00640 and MCAO00650, even if they are protected by the attorney-client privilege and/or work-product doctrine, they fall within the subject-matter waiver identified in the Court's May 14, 2015 Order at Doc. 1094. Likewise, the documents Bates numbered MCAO00573-76 and MCAO00626-29 fall within the subject-matter waiver. However, if Mr. Montgomery/MCAO or Defendant Arapio wishes to object to the disclosure of the documents Bates numbered MCAO00640, MCACO00650, MCAO00573-76, and MCAO00626-29, they must submit their objection to this Court on or before 5:00 P.M. on Friday, September 18, 2015.

    **b.  The Remaining Documents**

With regard to the remaining documents contained in the privilege log and provided to the Court, any attorney-client privilege or work-product doctrine protections

that apply have been waived. These documents fall within the subject-matter waiver found by the Court in its May 14, 2015 Order. Accordingly, Defendants shall disclose these documents immediately.

### III. Conclusion

Based on the above, the Court finds that the document Bates numbered MCAO00572 is protected from disclosure by the attorney-client privilege and work-product doctrine, and falls outside the subject-matter waiver identified in the Court's May 14, 2015 Order at Doc. 1094. The Court finds that the documents Bates numbered MCAO00640, MCAO00650, MCAO00573-76, and MCAO00626-29 fall within the subject-matter waiver. However, if Mr. Montgomery/MCAO or Defendant Arpaio wishes to object to disclosure of these documents, they must do so no later than **5:00 P.M. on Friday, September 18, 2015**. Finally, the Court finds that the remaining documents that appear on the privilege log and were provided to the Court, even if covered by the attorney-client privilege or work-product doctrine, fall within the subject-matter waiver identified by the Court in Doc. 1094. Therefore, Defendants must disclose these documents immediately.

Dated this 16th day of September, 2015.

Honorable John Z. Boyle
United States Magistrate Judge