Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Daniel J. Pochoda
dpochoda@acluaz.org
ACLU Foundation of Arizona
3707 N. 7th St., Ste. 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiff(s), | |
| v. | **PLAINTIFFS' NOTICE OF AUTHORITIES** |
| Joseph M. Arpaio, et al., | |
| Defendants(s). | |

Additional Attorneys for Plaintiffs:

Andre I. Segura (*Pro Hac Vice*)
asegura@aclu.org
ACLU Foundation
Immigrants' Rights Project
125 Broad Street, 17th Floor
New York, NY 10004
Telephone: (212) 549-2676
Facsimile: (212) 549-2654

Priscilla G. Dodson (*Pro Hac Vice*)
pdodson@cov.com
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5996
Facsimile: (202) 778-5996

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Jorge M. Castillo (*Pro Hac Vice*)
jcastillo@maldef.org
Mexican American Legal Defense and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Michelle L. Morin (*Pro Hac Vice*)
mmorin@cov.com
Hyun S. Byun (*Pro Hac Vice*)
hbyun@cov.com
Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Tammy Albarran (*Pro Hac Vice*)
talbarran@cov.com
Lauren E. Pedley *(Pro Hac Vice)*
lpedley@cov.com
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7066
Facsimile: (415) 955-6566

PLEASE TAKE NOTICE that Plaintiffs submit the following authorities pursuant to the Court's request of September 16, 2015:

1. *United States v. Christensen*, No. 08–50531, --- F.3d ---, 2015 WL 5010591, at *23-29 (9th Cir. Aug. 25, 2015) ("[t]he attorney-client privilege protects confidential disclosures made by a client to an attorney . . . to obtain legal advice . . . as well as an attorney's advice in response to such disclosures."). *See, e.g.*, *id.* at *28 ("The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable. The scope of the privilege should be 'strictly confined within the narrowest possible limits.' An entire document or set of documents may be privileged when it contains privileged portions that are 'so inextricably intertwined with the rest of the text that they cannot be separated.'") (citing, *e.g.*, *United States v. Lawless*, 709 F.2d 485, 487 (9th Cir. 1983) (quoting 8 Wigmore, *Evidence*, § 2291)). In contrast, "[i]f the nonprivileged portions of a communication are distinct and severable, and their disclosure would not effectively reveal the substance of the privileged legal portions, the court must designate which portions of the communication are protected and therefore may be excised or redacted (blocked out) prior to disclosure." *Id.*

2. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived. ") (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

3. *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[I]t has been widely held that voluntary disclosure of

1

the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject."); *id.* at 25 ("burden of proving that the attorney-client privilege applies rests with the party asserting it. One element the asserting party must prove is that it has not waived the privilege.") (citing, *e.g.*, *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979); *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978); *In re Horowitz*, 482 F.2d 72, 82 (2nd Cir. 1973)).

4. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) ("[W]hether the subpoenaed party 'chose not to assert the privilege when it was appropriate to do so is [also] relevant to the waiver analysis.'") (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 187 (2d Cir. 2000)).

5. *Centuori v. Experian Info. Solutions, Inc.*, 347 F. Supp. 2d 727, 729 (D. Ariz. 2004) ("Waiver by voluntary disclosure 'occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public . . . once documents have been turned over to another party voluntarily, the privilege is gone, and the litigant may not thereafter reassert it to block discovery of the information and related communications by his adversaries.'") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719 n.4 (9th Cir. 2004)). *See also id.* ("Waiver by voluntary disclosure 'need not be effectuated by words or accompanied by the litigant's subjective intent . . . Rather, the privilege may be waived by the client's, and in some cases the attorney's, actions, even if the disclosure that gave rise to the waiver was inadvertent.'") (citing *Bittaker*, 331 F.3d at 719 n.4).

2

6. *Electro Scientific Indus., Inc. v. Gen. Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997) ("A sophisticated, well-counseled party who intentionally discloses an important part of an otherwise privileged communication acts in a manner that is thoroughly inconsistent with preserving the confidentiality of that communication. . . . [A] sophisticated party who intentionally discloses the most significant part of an otherwise privileged communication, in an act calculated to advance that party's commercial interests, cannot establish, as the law would require, that the party reasonably believed that it would be able to preserve the confidentiality of the other parts of that communication.").

7. *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979) ("Even if the privilege exists it is waived when the client voluntarily reveals the information to another or his attorney does so with his consent.").

8. *Hearn v. Rhay*, 68 F.R.D. 574, 579 (E.D. Wash. 1975) ("[attorney-client] privilege is limited to communications expressly intended to be confidential, and some showing of an intention of secrecy must be made; the mere relation of attorney and client does not raise a presumption of confidentiality. Hence, the presence of third persons who are not essential to the transmittal of information will belie the necessary element of confidentiality and vitiate the privilege.") (citing 8 Wigmore, *Evidence*, § 2311 at pp. 599–603 (McNaughten Rev. 1961); *McCormick on Evidence*, § 91 at pp. 187–188 (2d Ed. 1972)).

9. *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) (statements made during depositions of former president and former house counsel of corporation, allowed by corporation's counsel, waived corporation's privilege to the extent a privilege existed); *id.* at 460 ("A client is . . . bound by his attorney's failure to raise timely objections during the trial process.") (citing *Curry v. Wilson*, 405 F.2d

3

110, 112 (9th Cir. 1968)). *See also Cargill Inc. v. Budine*, No. CV-F-07-349-LJO-SMS, 2008 WL 2856642, at *2 (E.D. Cal. July 21, 2008) ("Failure to make a timely objection constitutes a waiver of the attorney-client privilege.") (citing *Perrignon*, 77 F.R.D. at 460).

10. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015) *mot. for relief from judgment denied*, No. 11-CV-01846-LHK, 2015 WL 3863249 (N.D. Cal. June 19, 2015) ("Even where there is no disclosure, fairness requires a waiver when the privilege holder raises a claim or defense that puts privileged communications at issue. The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. . . . In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege.") (citing *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 n.4 (9th Cir. 1996); *Oracle America, Inc. v. Innovative Technology Distributors, LLC*, Case No. 5:11–cv–01043–LHK, 2011 WL 2559825, at *1 (N.D. Cal. June 28, 2011)).

11. *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009) (describing eight-part test to determine whether information is covered by the attorney-client privilege).

12. *In re Grand Jury Subpoena*, 274 F.3d 563, 573 (1st Cir. 2001) ("a corporation may unilaterally waive the attorney-client privilege with respect to any communications made by a corporate officer in his corporate capacity, notwithstanding the existence of an individual attorney-client relationship between him and the corporation's counsel.").

4

13. *United States v. Reyes*, 239 F.R.D. 591, 603 (N.D. Cal. 2006) ("In accord with every appellate court that has considered the issue in the last twenty-five years, this Court holds that Brocade's Audit Committee, and their attorneys at MoFo and WSG & R, cannot waive the attorney-client privilege selectively. Parties 'cannot be permitted to pick and choose' in their disclosure of protected communications, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others. Such arbitrary invocation of the privileges is inappropriate both because it bears no relationship to their purpose, which is to ensure that clients can consult frankly with their attorneys and that attorneys can prepare their cases effectively, and because it smacks of injustice when, as in this case, the favored party seizes upon the disclosed information to exercise legal leverage against the obstructed one.") (citing, *e.g.*, *United States v. Mass. Inst. of Tech. (MIT)*, 129 F.3d 681, 684–85 (1st Cir. 1997); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1425–26 & n.13 (3d Cir. 1991); *Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981)).

14. *United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1045 (D. Nev. 2006) ("In cases involving the 'inadvertent' disclosure of privileged attorney-client information, courts in the Ninth Circuit apply the totality of the circumstances approach. Under that approach, the courts consider the following factors: (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) extent of the disclosure; and (5) the 'overriding issue of fairness.'") (citing *United States ex rel Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177 (C.D. Cal. 2001)).

15. *Griffith v. Davis*, 161 F.R.D. 687, 698 (C.D. Cal. 1995) ("Voluntary disclosure of a privileged communication to a third person destroys

5

confidentiality and constitutes a waiver of the privilege. . . . [W]aiver may occur if the client permits his attorney to disclose the communication to third parties. Further, by his actions, the client may impliedly waive the privilege or consent to disclosure.") (citing *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985); *Weil*, 647 F.2d at 24; *United States v. El Paso Co.*, 682 F.2d 530, 539–541 (5th Cir. 1982); *United States v. Suarez*, 820 F.2d 1158, 1160–1161 (11th Cir.) (holding that where client permitted attorney to disclose communications client waived the privilege); *In re von Bulow*, 828 F.2d 94, 101 (2nd Cir. 1987)).

16. *Matter of Fischel*, 557 F.2d 209, 211-12 (9th Cir. 1977) ("The privilege does not extend . . . beyond the substance of the client's confidential communications to the attorney. It will not conceal everything said and done in connection with an attorney's legal representation of a client in a matter. An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction. For example, facts which an attorney receives from a third party about a client are not privileged. Extension of the privilege to this information would not serve to protect and foster the client's freedom of expression. A client has no expectation of confidentiality with respect to these facts. An attorney's subsequent use of this information in advising his client does not automatically make the information privileged.") (citations omitted).

17. *In re Application of Chevron Corp.*, 633 F.3d 153, 165-66 (3d Cir. 2011) (disclosure of documents to court-appointed expert to assess damages operates as a waiver).

RESPECTFULLY SUBMITTED this 17th day of September, 2015.

By: /s/ *Michelle L. Morin*

6

Cecillia D. Wang (*Pro Hac Vice*)
Andre I. Segura (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Daniel Pochoda
ACLU Foundation of Arizona

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Tammy Albarran (*Pro Hac Vice*)
Michelle L. Morin (*Pro Hac Vice*)
Lauren E. Pedley *(Pro Hac Vice)*
Hyun S. Byun (*Pro Hac Vice*)
Priscilla G. Dodson (*Pro Hac Vice*)
Covington & Burling, LLP

Jorge M. Castillo (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund
*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2015 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and caused the attached document to be served via the CM/ECF System on all counsel of record.

*/s/ Michelle L. Morin*

8