John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7827
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al.,, <br><br> Plaintiff, <br><br> v. <br><br> Joseph M. Arpaio, et al.,, <br><br> Defendant. | NO. CV 07-02513-PHX-GMS <br><br> **Defendant Arpaio's Notice of Errata Regarding Defendant Arpaio's Notice of Authorities** |

Defendant Arpaio hereby gives notice that in his Notice of Authorities he inadvertently referred to communications that occurred on January 2, 2015. The correct date is January 2, **2014.** The corrected Motion bearing the appropriate date is attached to this Notice as Exhibit 1. Undersigned counsel apologizes for any inconvenience that this oversight may have caused.

4495767.1
9/17/15

DATED this 17th day of July, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ John T. Masterson
   John T. Masterson
   Joseph J. Popolizio
   Justin M. Ackerman
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
   Attorneys for Defendant Joseph M. Arpaio
   and the Maricopa County Sheriff's Office

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Ginger Stahly

**EXHIBIT 1**

John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7827
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

and

Michele M. Iafrate, Bar #015115
Iafrate & Associates
649 North Second Avenue
Phoenix, Arizona 85003
Tel: 602-234-9775
miafrate@iafratelaw.com
Attorneys for Defendant Joseph M. Arpaio in his official capacity as Sheriff of Maricopa County, AZ

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al.,, <br><br> Plaintiff, <br><br> v. <br><br> Joseph M. Arpaio, et al.,, <br><br> Defendant. | NO. CV 07-02513-PHX-GMS <br><br> **Defendant Arpaio's Notice of Authorities** |

On September 16, 2015 this Court invited the parties to submit legal authorities regarding whether given the identity and number of persons that were present at the January 2, 2014 meeting, whether the attorney-client privilege applies." Pursuant to the Court's invitation, Defendant Arpaio submits the following authorities in support of the existence of an attorney-client privilege for the communications that occurred on January 2, 2014.

4494573.1
9/17/15

## I. PURPOSE OF THE ATTORNEY-CLIENT PRIVILEGE.

"The privilege is intended to encourage *clients* to be *forthcoming* and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice." *U.S. v. Adlman*, 68 F.3d 1495, 1499 (2nd Cir. 1995) (emphasis added); *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1070 (N.D. Cal. 2002).

## II. ESTABLISHING ATTORNEY-CLIENT PRIVILEGE.

Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law. *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009); *see also United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995). An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Ruehle*, 583 F.3d at 607; *see also United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). "In order to show that a communication relates to legal advice, the proponent of the privilege must demonstrate that the 'primary purpose' of the communication was securing legal advice." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)

## III. SCOPE OF ATTORNEY CLIENT PRIVILEGE.

"The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services," as well as "communications from attorneys to their clients if the communications rest on confidential information obtained from the client." *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 618 (D.C. Cir. 1997) (citation omitted). "Furthermore, confidential communications passing through persons acting as the attorney or client's agent are also

covered by the privilege." *Potter v. United States*, No. 02-CV-0632-H (POR), 2002 WL 31409613, at *5 (S.D. Cal. July 26, 2002) (citing *United States v. Kovel*, 296 F.2d 918, 921 (2nd Cir. 1961)).

## IV. THERE IS A PRESUMPTION THAT IF A LAWYER IS PRESENT AT A MEETING, IT IS TO GIVE LEGAL ADVICE.

"Where a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired as such to give legal advice, whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else." *Thomas v. Cate*, No. 105CV01198LJOJMDHC, 2010 WL 1343789, at *2 (E.D. Cal. Apr. 5, 2010) (quotations omitted); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("In this case, the attorneys were employed for their legal knowledge, to bring their clients into compliance with the law in the least burdensome way possible (so far as the lawyers knew). Their communications with their clients were therefore within the scope of the attorney-client privilege."); *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) (communications between a corporation and its outside counsel are presumed to be made for the purpose of seeking legal advice).

## V. INFORMATION DISCUSSED BETWEEN ATTORNEYS AND GOVERNMENT EMPLOYEES DURING A MEETING IS PRIVILEGED.

The key issue to be resolved here is how broad the parameters of the privilege are when applied to governmental entities, and whether employees' conversations with attorneys are protected. The Supreme Court has not ruled on the matter. However, it has done so regarding corporate entities, which can be analogized to governmental bodies. *See United States v. AT & T*, 86 F.R.D. 603, 621 (D.D.C.1979) (finding the analogy from corporations to be apt). In *Upjohn Co. v. United States*, the Court held that communications with in-house counsel that were within the scope of an employee's duties and were made for the purpose of securing legal advice are protected by the privilege. 449 U.S. 383, 394 (1981). Finally, the precise issue of whether the attorney client privilege applies to governmental entities and whether employees conversations with attorneys are protected was addressed in the affirmative in *United States v. Ferrell*,

4494573.1
9/17/15

3

No. CR07-0066MJP, 2007 WL 2220213, at *2 (W.D. Wash. Aug. 1, 2007) ("The key issue to be resolved here is how broad the parameters of the privilege are when applied to governmental entities, and whether employees' conversations with attorneys are protected."). *Ferrell,* relying on the authority stated above, held that "the attorney-client privilege is broad enough to cover communications by individual government employees with the agency's attorneys." *Id.* "[T]he attorney-client privilege thus protects the Government's communications with its attorneys from disclosure." *United States v. Jicarilla Apache Nation*, 131 S.Ct. 2313, 2331 (2011) (Ginsburg, J., concurring).

## VI. THE PRESENCE OF CO-DEFENSE COUNSEL DOES NOT DESTROY PRIVILEGE.

It is long settled that communications between co-defense counsel are confidential and privileged as against all common adversaries. *Eisenberg v. Gagnon,* 766 F.2d 770 (3d Cir. 1985). Generally, to establish the joint defense privilege, courts require the parties to demonstrate that the communications: (1) were intended to be kept confidential, (2) were made in the pursuit of a joint legal effort; and (3) were intended to advance a common interest. *See United States v. Bay State Ambulance & Hosp. Rental Serv., Inc.,* 874 F.2d 20 (1st Cir. 1989).

## VII. THE OFFICIAL IN CHARGE OF A GOVERNMENT ORGANIZATION IS THE HOLDER OF THE ATTORNEY-CLIENT PRIVILEGE.

"[T]he focal point of privilege waiver analysis should be ***the holder's disclosure*** of privileged communications to someone outside the attorney-client relationship." *Tennebaum v. Deloitte & Touche,* 77 F.3d 337, 341 (9th Cir. 1996) (emphasis added).

The attorney-client privilege in the context of communications between government officials is held by the government in civil litigation. *See United States v. John Doe,* 399 F.3d 527, 532 (2d Cir. 2005) (privilege generally held to apply to the government in civil litigation); *Am. Civil Liberties Union of N. California v. Dep't of Justice,* No. 13-CV-03127-MEJ, 2015 WL 4241005, at *3 (N.D. Cal. July 13, 2015) (same); *United States v. Ferrell,* No. CR07-0066MJP, 2007 WL 2220213, at *4 (W.D.

Wash. Aug. 1, 2007) ("the attorney-client privilege belongs to a government entity and not to its individual employees."); *Barcomb v. Sabo*, No. 07-CV-877 (GLS/DRH), 2009 WL 5214878, at *3 (N.D.N.Y. Dec. 28, 2009) ("[T]he relationship between a government attorney and a government official or employee is not the same as that between a private attorney and his client. For one, in the government context, the individual consulting with his official attorney may not control waiver of the privilege."); *Lockyer v. Superior Court*, 83 Cal.App.4th 387, 399 (Cal .App. 4 Dist. 2000) (designating the District Attorney's Office, not the individual prosecuting attorney, as the proper holder of the privilege); *Edwards v. Mass. Bay Transp. Authority*, 2000 WL 1786326 at *4 (not reported in N.E.2d) ("When an organization is an attorney's client, the attorney may be able to confer with an organization's employee within the umbrella of the organization's attorney-client privilege, but that privilege belongs to the organization, not the employee."); *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y. 1979) (finding that the privilege did not apply to FBI agents who were interviewed by Dept. of Justice attorneys investigating actions taken in the course of agents' duties).

Finally, the privilege held by a government organization can only be waived by the public official in charge of that organization. *See Young v. City & Cnty. of Honolulu*, No. CIV 07-00068 JMS-LEK, 2008 WL 2676365, at *7 (D. Haw. July 8, 2008) (quoting Restatement Third, Law Governing Lawyers § 74, Cmt. e) ("The privilege for governmental entities may be asserted or waived by the responsible public official or body.'); *id.* (quoting *Interfaith Housing Delaware, Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1399 (D. Del. 1994)) ("A corporate president and a mayor 'have clear leadership positions which give them authority to bind their respective principals. One can reasonably assume a mayor or corporate president has the authority ... to waive the attorney-client privilege.' . . . In contrast, a reasonably prudent person would not assume that a single member of a city or town council has the authority to waive privileges on behalf of the city or town without evidence of such authority.").

DATED this 17th day of September, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ John T. Masterson
   John T. Masterson
   Joseph J. Popolizio
   Justin M. Ackerman
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona 85012
   Attorneys for Defendant Joseph M. Arpaio
   and the Maricopa County Sheriff's Office

DATED this 17th day of September, 2015.

IAFRATE & ASSOCIATES


By /s/ John T. Masterson  *(w/permission from)*
   Michele M. Iafrate
   649 North Second Avenue
   Phoenix, Arizona 85003
   Attorneys for Defendant Joseph M. Arpaio
   in his official capacity as Sheriff of
   Maricopa County

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Ginger Stahly

4494573.1
9/17/15

7