Ernest Calderón (007677)
April M. Hamilton (026328)
**RIDENOUR HIENTON, P.L.L.C.**
201 North Central Ave, Suite 3300
Phoenix, AZ 85004
Telephone 602.254.9900
Firm E-mail: designatedcontact@rhlfirm.com
ecalderon@rhlfirm.com
ahamilton@rhlfirm.com

Attorneys for Maricopa County Attorney
William Montgomery and Maricopa County
Attorney's Office

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | Case No. CV 07-02513-PHX-GMS<br><br>**NON-PARTIES MARICOPA COUNTY ATTORNEY WILLIAM MONTGOMERY AND MARICOPA COUNT ATTORNEY'S OFFICE OBJECTION TO DISCLOSURE OF MCAO00640 AND MCAO00650** |

Non-Parties Maricopa County Attorney William Montgomery, Esq., an Arizona constitutional officer pursuant to the Arizona Constitution, Article 12, Section 3, and his office, the Maricopa County Attorney's Office, (collectively "MCAO") object to the disclosure of documents Bates numbered MCAO00640 and MCAO00650 (the "Documents") pursuant to U.S. Magistrate Judge Boyle's September 16, 2015 Order.

These two Documents are protected/confidential information under the Attorney Work Product Doctrine.  The documents are intra-office email communications between individuals within MCAO discussing attorney Tim Casey's November 6, 2014 email to Steve Fax regarding the Preliminary Injunction with the subject line "RE: Melendres Order On Summary Judgment".  The Casey email has already been produced.  The remaining email "strings" within the Documents are Attorney Work Product as held by

Maricopa County Attorney William Montgomery and the MCAO and can only be waived by Mr. Montgomery and he does not do so.

## I. LEGAL ARGUMENT

### a. Mr. Montgomery and MCAO have not waived the Attorney Work Product Doctrine and the Documents are protected.

On May 14, 2015, this Court granted Plaintiffs' Motion for Discovery ("Motion") and ordered that Defendants waived the Attorney Work Product doctrine "*as to communications on the subject matter of the Preliminary Injunction necessary to Plaintiffs' evaluation or refuting of this advice of counsel defense.*" Emphasis added. Defendants responded to the Motion, but MCAO was not a party and had not appeared in this as a party as of that Order. MCAO was not invited to submit a response or position related to the Motion. In its Motion, Plaintiffs pointed to no testimony to support its position that Defendants waived the Attorney Work Product doctrine as it applies to MCAO. MCAO is not a party to this case and MCAO was not a party to the Motions resulting in the May 14, 2015 Order.

MCAO objects to the disclosure of the Documents as privileged pursuant to the Attorney Work Product Doctrine. The Attorney Work Product doctrine exists, at least in part, to protect attorneys' product and mental impressions. Attorneys have an interest in the privacy of their own work. E.g., *Fed. Land Bank v. Fed. Intermediate Credit Bank*, 127 F.R.D. 473, 480 (S.D. Miss. 1989), rev'd in part on other grounds, 128 F.R.D. 182 (S.D. Miss. 1989) (holding that opinion work product belongs to the attorney); *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 86 F.R.D. 160, 1667 (E.D. Wis. 1980) ("The work product doctrine . . . is designed for the protection of the lawyer and the standards of the legal profession, as well as for the protection of the adversary process. Therefore, [the attorney] has some interest at least in the privacy of its own work product." (citations omitted)). While understanding that the privilege has

been waived as it pertains to certain subject matters, MCAO seeks to protect and preserve its work privacy and, accordingly, objects to providing the Documents for use in this litigation.

### b. The Documents do not meet the standard for disclosure set forth in the May 14, 2015 Order.

The May 14, 2015 Order provides, "Work product, including uncommunicated work product, may reveal communications between Defendants and their counsel and would be highly probative of what information Defendants' counsel considered, the reasonableness of its advice, and whether Defendants relied on the advice in good faith." *See* Order at Page 7, line 16.  The Order also provides, "In sum, Defendants' advice of counsel defense waived attorney-client privilege and the work-product doctrine…for all work product on the Preliminary Injunction which was used by defense counsel in formulating the advice communicated to Defendants." *See* Order at Page 8, line 7.  The Order did not address mental impressions and internal communications or discussions within MCAO, which were not communicated to Defendants and which were not used to formulate advice to Defendants.  Such communications would be outside of the scope of the Order.

Here, the Documents are uncommunicated work product between MCAO personnel discussing internal strategy and mental impressions related to the case, but not related to advice given to Defendants.  There is nothing to suggest the content of the Documents, the intra-office discussion, was ever shared with Defendants or was used to formulate advice to Defendants.  Therefore, the Documents are outside of the Court's circumscription.

MCAO00640 is an email between Thomas Liddy and Douglas Irish discussing Tim Casey's November 6, 2014 email to Steve Fax regarding the Preliminary Injunction.  Christine Stutz and Brandon Newton authored MCAO00650, another intra-

3

office email forwarding Tim Casey's November 6, 2014 email. It is limited to discussion related to the MCAO internal workings of the case. Once again, the information does not appear to be created in anticipation of providing legal advice to Defendants and there is no record to suggest the communication was shared with Defendants.

The content of both Documents is limited to Attorney Work Product, including intra-office "thoughts out loud" and information, neither of which were ordered waived by this Court's May 14, 2015 Order. Accordingly, the Attorney Work Product Doctrine has not been waived as it pertains to the subject matter of the Documents.

## II.     Conclusion

The MCAO did not participate in the Court's process to determine the privilege was waived. MCAO did not waive its rights to retain attorney thought processes and internal email communications as confidential. For the aforementioned reasons, MCAO objects to disclosure of the Documents because they are protected by the Attorney Work Product Doctrine.

DATED this 18th day of September, 2015.

**RIDENOUR HIENTON, P.L.L.C.**

By   s/ Ernest Calderón
     Ernest Calderón
     April M. Hamilton
     Attorneys for Maricopa County
     Attorney William Montgomery and
     Maricopa County Attorney's Office

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

s/ Lisa Hagy