Karen Clark, Bar No. 012665
Ralph Adams, Bar No. 015599
**ADAMS & CLARK, PC**
520 East Portland Street, Suite 200
Phoenix, AZ 85004
(602) 258-3542
karen@adamsclark.com
Attorneys for Timothy J. Casey

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL de JESUS ORTEGA MELENDRES, et al., <br><br> Plaintiff(s) <br><br> v. <br><br> JOSEPH M. ARPAIO, et al., <br><br> Defendant(s). | Case No.: CV-07-2513-PHX-GMS <br><br> **SPECIAL APPEARING NON-PARTY TIMOTHY J. CASEY'S MOTION FOR RECONSIDERATION OF HIS SEPTEMBER 18, 2015 ORAL MOTION TO QUASH HEARING/TRIAL SUBPOENA** <br><br> **AND** <br><br> **MOTION FOR PERMISSION FOR TIMOTHY J. CASEY'S ETHICS COUNSEL TO MAKE PRIVILEGE AND/OR CONFIDENTIALITY OBJECTIONS AND INSTRUCTIONS NOT TO ANSWER AT ANY HEARING OR, IN THE ALTERNATIVE, FOR COURT CLARIFICATION REGARDING THE MAKING OF SUCH OBJECTIONS BY THE WITNESS** |

Pursuant to Federal Rules of Civil Procedure 45(3)(A)(iii) and (iv), non-party witness Timothy J. Casey ("Casey"), through undersigned counsel moves the Court as follows:

(1)     To reconsider its ruling on Casey's September 18, 2015 oral motion to quash Plaintiffs' Subpoena to Casey compelling him to testify at the resumed contempt hearing.

Casey seeks this Order because: (a) the subpoena will require the disclosure of attorney-client privileged, attorney work-product privileged, and/or client confidential information and matters protected from disclosure and; (b) the resumed contempt hearing subjects Casey to undue time and financial burden. Casey was previously deposed for approximately ten (10) hours on September 16, 2015. The Court, as the trier of fact for the resumed contempt hearing, was present for the entirety of the deposition that date. Plaintiffs again deposed Casey for two (2) hours on September 22, 2015. The Court was present for the vast majority of that continued deposition as well. The transcript of Casey's deposition is readily available for use at the resumed contempt hearing.

(2) In the event the Court denies this Motion for Reconsideration to Quash, Casey seeks permission for his undersigned ethics counsel to be allowed to make privilege and/or confidentiality objections and instructions not to answer on a question-by-questions basis during the resumed contempt hearing. Casey does not make this request for purposes of prolonging, delaying, or otherwise complicating the testimonial process. Instead, Casey merely seeks to fully comply with his ethical duties owed to his former clients under Arizona's ethical rules, and to make the proper record regarding assertions of privilege and/or confidentiality. Alternatively, if undersigned counsel is not permitted to assert privilege or confidentiality objections, and if current counsel for Defendants fails to make such objections, Casey requests clarification as to how he should, on his own volition, assert such objections for Court ruling.

Casey's request is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LAW AND ARGUMENT

Federal Rules of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that seeks "privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A(iii). In this matter, Plaintiffs' hearing subpoena commands that Casey testify at the resumed contempt hearing about his representation of his former clients, Defendants Joseph M. Arpaio ("JMA") and the Maricopa County Sheriff's Office ("MCSO").

The Court should quash the hearing subpoena because the information requested from Casey is protected by the attorney-client privilege as well as the work product doctrine. Casey also asserts that in addition to these protections, the information sought by Plaintiffs is confidential under the Arizona Rules of Professional Conduct, and is therefore "other protected matter" pursuant to Rule 45(d)(3)(A)(iii).

The Local Rules of Civil Procedure for the United States District Court state that the Arizona Rules of Professional Conduct "shall apply to attorneys admitted or otherwise authorized to practice before the United States District Court for the District of Arizona." *See* LRCiv. 83.2(e). It is therefore clear that Rule 42, Arizona Rules of the Supreme Court, Ethical Rule ("ER") 1.6 concerning "client confidentiality" applies to Casey's representation of Defendants JMA and MCSO in the resumed contempt hearing.

ER 1.6 states in pertinent part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation" or the disclosure otherwise falls under one of the exceptions to the rule. *See* ER 1.6(a).

The paramount importance of client confidentiality is acknowledged in both state and federal courts. "As a representative of his client, a lawyer must act as a zealous advocate, demonstrating loyalty to his client…[a]s part of this zealous representation, the lawyer is admonished not to reveal information relating to representation of his client." *Hitch v. Pima County Superior Court,* 146 Ariz. 588 (1985), *citing* ER 1.6. *See also*, *Perillo v. Johnson,* 205 F.3d 775 (2000), *citing ABA Model Rule of Professional Responsibility* 1.6 (and Comment 5 thereto).

ER 1.6 is extremely broad - indeed, significantly broader than attorney-client privilege. It protects from disclosure **all information relating to a lawyer's representation**, whether or not it derives from privileged communications with clients. ER 1.6 applies at all times during, and even after, a representation.

On the other hand, the attorney-client privilege is more limited in scope than confidentiality under ER 1.6. Privilege protects from compelled disclosure the substance of

3

attorney-client communications made for the purpose of obtaining or imparting legal advice or assistance, and applies only in the context of a legal proceeding governed by the Rules of Evidence.

The distinction between privilege and confidentiality is discussed in an opinion issued by the Arizona Committee on the Rules of Professional Conduct ("Committee"). Ethics Opinion 00-11 states:

> This Committee believes that it is ethically required for an attorney to invoke ER 1.6 and refuse to disclose any knowledge related to the attorney's representation of his client even though the knowledge is not gained from communications directly from the client. Therefore, the Committee believes that an attorney must invoke the attorney-client privilege where a communication from the client to the attorney is extant. Moreover, an attorney must invoke ER 1.6(a), without reference to the attorney-client privilege, as an additional ground for refusing to disclose information related to his representation of his client, even though such knowledge does not derive from client communications.

*See* Arizona Ethics OP 00-11.

Similarly, American Bar Association Formal Opinion 94-385 (1994) states:

> A lawyer receiving a court order or subpoena – whether from a governmental agency or anyone else – for records relating to representation of a current or former client, **must seek to limit the order or subpoena on any legitimate grounds available to protect confidentiality**".

*See* ABA Formal OP 94-385 (emphasis added); *see also* Annotated Model Rules of Professional Conduct, 7th edition.

The duties of confidentiality found in the Rules of Professional Conduct are not coextensive with the rules of privilege found in the Rules of Evidence. *See Spratley v. State Farm Mutual Automobile Insurance Company*, 78 P.3d 603, at 608, fn. 2. (Utah 2003).

Casey's ethical duty of confidentiality to his former clients JMA and MCSO is significantly broader than any applicable evidentiary rule being considered by this Court. In this case, Casey's former clients have not consented to disclosure of the information necessarily

sought by Plaintiffs. Casey's testimony about his former clients will involve disclosure of confidences not authorized by his former clients, nor does the disclosure fall under any of the exceptions to the rule. *See* ER. 1.6(a). Casey is therefore ethically bound not to disclose such information during his testimony. He is also ethically required to pursue available avenues to protect the information from disclosure.

## II.    CONCLUSION

Casey moves to quash Plaintiff's hearing/trial subpoena for the reasons set forth herein. He respectfully requests that the Court quash the subpoena requiring him to testify concerning information which is protected by confidentiality under ER 1.6 as well as all applicable privileges.

**RESPECTFULLY SUBMITTED** this 23rd day of September, 2015

ADAMS & CLARK, P.C.

/s/ Karen Clark
Karen Clark
Attorney for Timothy J. Casey

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF System.

By:  /s/ Karen Clark