John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Fax:  (602) 200-7827
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | NO. CV 07-02513-PHX-GMS |
| Plaintiff, | **Defendant Arpaio's Motion in Limine Re: Montgomery Investigation** |
| v. | |
| Joseph M. Arpaio, et al., | |
| Defendant. | |

Defendant Joseph M. Arpaio respectfully requests this Court to preclude any inquiry during the continued contempt proceedings regarding the investigation and issues involving Dennis Montgomery.

I.    <u>THE  MONTGOMERY  INVESTIGATION  IS  NOT  RELEVANT  TO  THE THREE DEFINED AREAS OF THE OSC PROCEEDING.</u>[1]

This Court ruled that civil contempt proceedings were necessary to determine whether Defendant Sheriff Arpaio and others at MCSO, including non-party Chief Deputy Gerard Sheridan, should be held in contempt for: (1) failing to implement and comply with the Court's preliminary injunction; (2) violating discovery obligations;

---

[1] Although Defendants raised this issue in their Motion for Recusal in the context of a due process argument, they do not intend to rehash that argument here.  Defendants only assert that the Montgomery investigation is wholly unrelated to the three defined areas involving the current contempt proceedings, and that after this Court has permitted its Monitor and Plaintiffs' counsel to inquire extensively into these areas, there is still no evidence that MCSO's investigation involving Dennis Montgomery has in any way hindered MCSO's compliance with the Court's Preliminary Injunctive Order, interference with discovery obligations, or hinder compliance with the Court's May 14, 2014 Order.

and (3) acting in derogation of the Court's May 14, 2014 Order.  [Doc 880 at 26]. Defendant Arpaio asserts that the Montgomery investigation is not relevant to whether MCSO: (1) failed to implement and comply with the Court's preliminary injunction; (2) violated their discovery obligations; or (3) acted in derogation of the May 14, 2014 Order, and thereby cannot relate to any remedy this Court should impose.

This Court previously recognized that in September 2013, MCSO hired Dennis Montgomery as a confidential informant.  [Doc. 1164 at 8:17-21].  Montgomery represented to MCSO that he was in possession of a large number of documents he had obtained while employed by the United States Central Intelligence Agency and that the CIA had unlawfully harvested from American citizens.  Sheriff Arpaio characterized Mr. Montgomery's investigation as pertaining to whether "someone" had infiltrated Movants' phone lines and the phones and e-mail accounts of various local attorneys and judges connected to Defendants, including this Court. (Tr. 4/23/15 at 649:14–50:6, 652:11–53:8.) Chief Deputy Sheridan reiterated that Mr. Montgomery had made allegations that the "CIA hacked into individual bank accounts" of county residents, (4/24/15 Tr. at 960:11–13, 1004:9–11), and that he, Sheriff Arpaio, and the two law firms representing Defendants in a related lawsuit brought against the MCSO by the Department of Justice had been the subject of a secret wiretap by the government. (*Id.* at 999:16–1000:6.) At some point during Montgomery's investigation, Chief Deputy Sheridan was informed that Montgomery had evidence of a communication sent by the DOJ to the Court's computer. (*Id.* at 1000:12–14). Sheridan testified that he ordered the MCSO personnel working on the project "not to investigate any information involving Judge Snow," and that "[i]f any further information comes up, [he] want[ed] to know immediately." (*Id.* at 1003:12–19.) He further testified that, after he issued this instruction, nothing further "ever did materialize." (*Id.* at 1003:19–29.).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.  This Court entered a preliminary injunction on

December 23, 2011.  [Doc. 494].  In October 2013, this Court ordered supplemental injunctive relief to remedy the violations and defined enforcement mechanisms for such remedies that were identified in its Findings of Fact and Conclusions of Law.  [Docs. 579, 606].  As stated above, Dennis Montgomery was not even hired on as a confidential informant until September of 2013, well after any compliance issue with the enforcement of the Court's preliminary injunctive order arose.  Therefore, the Dennis Montgomery Investigation does not have any tendency to make any fact that is of consequence to the determination of this action more or less probable and is not relevant to the issues to be decided during the ongoing contempt proceedings.  Accordingly, inquiry into these matters should be precluded under Rule 401.

## II.   INQUIRY INTO THE DENNIS MONTGOMERY INVESTIGATION DURING THE CONTEMPT PROCEEDINGS VIOLATES RULE 403.

Even assuming this Court still finds that the Montgomery Investigation is somehow relevant to the three defined topics of the contempt hearing, inquiry into the Montgomery Investigation should still be precluded under Rule 403.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Defendant Arpaio submits that the probative value of the Montgomery Investigation is substantially outweighed by the danger of unfair prejudice, confusing the issues, undue delay, and wasting the Court's time.  The testimony of both Sheriff Arpaio and Chief Deputy Sheridan is that Dennis Montgomery's investigation was "junk." (4/23/15 TR at 650:18–25; 4/24/15 at 961:1–11.).  Moreover, the correspondence between MCSO employees and Dennis Montgomery clearly shows that he made false representations regarding his work product and that they had no confidence in Dennis Montgomery or his allegations. (*Id.*).  Accordingly, because the entire investigation involving Dennis Montgomery does not relate to any issue in this contempt proceeding,

1   Defendant Arpaio submits to this court that further inquiry into these matters would be

2   unfairly prejudicial and, at the very least, a waste of the Court's time and judicial

3   resources.

4   **III.    <u>CONCLUSION</u>**

5      Pursuant to Rules 401 and 403, Defendant Arpaio requests that this Court

6   preclude further inquiry into MCSO's internal investigation involving Dennis

7   Montgomery.

8

9      DATED this 23rd day of September, 2015.

10           JONES, SKELTON & HOCHULI, P.L.C.

11

12         By /s/John T. Masterson
       John T. Masterson

13          Joseph J. Popolizio
       Justin M. Ackerman

14          2901 North Central Avenue, Suite 800
       Phoenix, Arizona  85012

15          Attorneys for Defendant Joseph M. Arpaio
       and the Maricopa County Sheriff's Office

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/Karen Gawel