John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7827
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al.,, <br><br>Plaintiff, <br><br>v. <br><br>Joseph M. Arpaio, et al.,, <br><br>Defendant. | NO. CV 07-02513-PHX-GMS <br><br>**Defendant Arpaio's Motion in Limine Re: Testimony of Don Vogel and IA 542 and 543** |

Defendant Joseph M. Arpaio respectfully requests this Court to preclude any attempt by Plaintiffs to utilize Mr. Vogel's investigation of IA 542 and 543 to demonstrate that MCSO does not properly conduct internal investigations.

**I. PLAINTIFFS SHOULD BE PRECLUDED FROM ARGUING THAT, BASED ON MR. VOGEL'S TESTIMONY AND INVESTIGATION OF IA 542 ABD 543, THAT MCSO DID NOT PROPERLY CONDUCT IA INVESTIGATIONS.**

   **A.    Facts surrounding MCSO's internal investigation of IA 542 and 543.**

Don Vogel was hired by MCSO to conduct an investigation into IA file 542 and 543. [9/17/15 Olson Dep. at 70:13-18, Ex. A]. Mr. Vogel testified that he did not meet any resistance while performing his investigations. [9/14/15 Vogel Depo. at 92:2-5, Ex. B]. Mr. Vogel testified that after he turned in his investigation findings on April 16, 2015, it was up to Chief Olson to make decisions on what would happen and whether any MCSO policies were violated. [*Id.* at 28:5-12, Ex. B; 9/17/15 Olson Dep. at 63:10-14, Ex.

1  A]. Based on the areas of investigation targeted in Mr. Vogel's report, Chief Olson
2  picked policy violations that matched the information collected by Mr. Vogel, and this
3  was included in Mr. Vogel's report. [9/17/15 Olson Dep. at 71:2-11, Ex. A].

4  During Mr. Vogel's deposition testimony, he claimed he was "shocked"
5  when he found out that none of his findings had been sustained during the 543
6  investigation. [Vogel Depo. at 39:9-13, Ex. B]. He claimed that he was shocked because
7  he felt there was evidence to support the charges he recommended. [*Id.* at 39:16-17,
8  97:5-9, Ex. B]. However, in the same breath he also recognized that he did not know
9  what happened in the IA hearings or if they did additional investigations after he
10 submitted his findings. [*Id.* at 39:17-20, 91:6-18, Ex. B]. Moreover, he testified that he
11 never asked anyone what occurred after he submitted his findings to Chief Olson. [*Id.* at
12 40:1-8; 81:16-21, Ex. B]. Rather Mr. Vogel maintained that he was hired to do the
13 investigation and that's all he did. [*Id.* at 40:7-8, Ex. B].

14 Unsurprisingly, Chief Olson testified that there are preliminary findings and
15 final findings. The preliminary finding were based solely on Mr. Vogel's investigation.
16 [9/17/15 Olson Dep. at 95:3-14, Ex. A]. The final finding were based on the investigation
17 and the information provided at the predetermination or the name-clearing hearing. [*Id.*].
18 As such, Mr. Vogel was not privy to the additional information that Chief Olson used to
19 determined his final findings. [*Id.* at 95:15-18, 106:5-9, Ex. A].

20 **B.    Analysis**

21 Mr. Vogel was a fact investigator for the MCSO and not an expert witness.
22 Based on the foregoing, it is clear that Mr. Vogel (1) does not have sufficient foundation
23 to opine on the adequacy of MCSO's internal investigations or (2) that it was improper for
24 Chief Olson to not find violations of MCSO policy in IA 543. Mr. Vogel was clear in his
25 deposition testimony that he was not aware of additional facts or investigations that took
26 place after submission of his report to Chief Olson or that he was even hired to determine
27 if there was violations of MCSO policy (as he was only a fact finder). As such, when Mr.
28 Vogel was directly questioned regarding whether he felt there was problems with

MCSO's IA process based on his investigation of 542 and 543, he unequivocally stated that he never had the opportunity to review the IA process and that he did not have sufficient understanding or information to comment on the Internal Affairs process at MCSO. [9/14/15 Depo. of Don Vogel at 72:18-73:2, 96:1-9, 96:23-97:3, Ex. B]. Accordingly, Defendant Arpaio requests that any attempt by Plaintiffs to utilize Mr. Vogel's investigation to demonstrate that MCSO does not properly conduct internal investigations should be precluded.

## II. CONCLUSION

Defendant Arpaio respectfully requests this Court to preclude introduction of Mr. Vogel's testimony that relates to his opinion regarding whether MCSO sufficiently conducts internal affairs investigations or whether MCSO should have made policy violation findings in IA 542 and 543.

DATED this 23rd day of September, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/John T. Masterson
   John T. Masterson
   Joseph J. Popolizio
   Justin M. Ackerman
   2901 North Central Avenue, Suite 800
   Phoenix, Arizona  85012
   Attorneys for Defendant Joseph M. Arpaio
   and the Maricopa County Sheriff's Office

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/Karen Gawel

4505255.1
9/23/15

4