IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>　　　　　　　Plaintiffs,<br><br>and<br><br>United States of America,<br><br>　　　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>　　　　　　　Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

　　　The Court has set a hearing on March 1, 2016 at which Defendant Arpaio may set forth any further arguments pertaining to keeping certain documents under seal. The Court indicated during the last status conference that it might also ask the parties to address certain additional items at that hearing. The Court does so now. The parties are thus invited to address the following items should they wish to do so:

　　　1.　　In its previous findings of fact and conclusions of law the Court determined that after MCSO's 287(g) authority was revoked, Sheriff Arpaio trained what he represented to be all 900 of his patrol deputies that they had the authority to enforce federal immigration law. *See e.g.*, Doc. 579 at pp. 31-33, 101-02. The Court is now aware that its determination in those pages that Sgt. Palmer provided such training only

up until the date the Court entered its preliminary injunction is apparently incorrect. Nevertheless, the Court believes that the remainder of this previous finding may be relevant to this contempt proceeding. The parties are invited to address that finding.

2. In its previous findings of fact and conclusions of law, the Court noted that Sheriff Arpaio previously provided incorrect information under oath as it pertained to MCSO's specific small-scale operation at Queen Creek. Doc. 579 at pp. 47-48. The Court believes that this finding may also be relevant to this contempt proceeding. The parties are invited to address that finding.

3. In its previous findings of fact and conclusions of law, the Court determined that after MCSO's 287(g) authority was revoked it continued to detain persons against whom it could bring no state charges and deliver such persons to ICE. Doc. 579 at 104-06. In making that finding the Court summarizes various testimony rendered by Sheriff Arpaio, Chief Sands, Lt. Sousa and other deputies. The Court believes that this finding and the testimony referenced may be relevant to this contempt proceeding. The parties are invited to address the finding and the testimony on which it is based if they wish to do so.

4. On November 20, 2014 the Court ordered the Sheriff to:

> [L]odge under seal with the Court and to provide the Monitor written notice specifically identifying the subjects and targets under inquiry and specifically referencing the administrative number assigned to the investigation. Moreover, Defendants are to update the Court, through lodging a document under seal, and the Monitor by a separate writing when new subjects are added as targets of an existing investigation. . . . The MCSO will similarly inform the Court when it closes such an investigation without action, when it closes an investigation with adverse action to the employee, if the adverse action is appealed, and if so, when the appeal is abandoned, terminated or dismissed, or the matter is otherwise terminated.

Doc. 795 at 18-19.

5. Prior to this Order, and in response to a previous Order, Defendants had already filed Doc. 786 which informed the Court of initiated internal affairs investigations. Thereafter, in apparent response to the Court's November 20 Order, the Defendants filed documents updating investigations on December 4 (Doc. 814),

December 9 (Docs. 823, 826,), December 11 (Doc. 830), December 12 (Doc. 833), January 9, 2012 (Doc. 845), January 12, 2015 (Doc. 848) January 13 (Doc. 852), and February 6, (Doc. 874) which appear to be in response to the Court's Order identified in paragraph 4 above.

6. The Court is aware of Doc. 1420 (a later version of which was stipulated to by the parties and admitted as Ex. 2943a) which was filed by the Sheriff when the Court specifically required an update on pending investigations after the second round of contempt hearings had resumed. Nevertheless, the Court is not aware of any additional pleadings filed with the Court by the Sheriff that are responsive to the Court's Order identified in paragraph 4 above other than those documents identified in paragraph 4. (The Court is aware of transcripts for example at Docs. 735, 780, 803 and 804 in which the Sheriff indicated investigation status prior to the entry of the Court's Order, and it is further aware of Doc. 1588 in which Sheriff Arpaio makes objections but provides some information related to the Order in paragraph 4). If there are other documents filed pursuant to the Court's Order identified in paragraph 4 above, please identify those documents by docket number and pages.

7. If any of the parties take issue with the accuracy of any of the statements made by the Sheriff concerning the status of the Sheriff's ongoing internal investigations in the documents identified in paragraphs 5 and 6 above please so indicate with respect to specific docket entries and specific statements.

8. It appears to the Court, as Ex. 2943a demonstrates, the Sheriff has not fully complied with this Court's Order identified in paragraph 4 above. Therefore, while the seal is no longer necessary, the Sheriff shall fully comply with the Court's Order identified in paragraph 4 above with respect to any investigations initiated as a result of the Armendariz/Perez matters or their spin-offs and/or the investigations identified in Ex. 2943a. The Sheriff shall include the subject of the investigation, the date it began, the principals of the investigation, the date on which additional principals, if any, were added, the date the Sheriff provided notice to the employee of the discipline or findings

with respect to the investigation, the date and identity of any person filing any sort of appeal or grievance to any adverse action entered against him or her by the MCSO, the result of the appeal/grievance or the multiple appeals/grievances as applicable and the date the action became final.  The MCSO shall file this material no later than **February 26, 2016** and any party may address the material contained in that filing if they wish to do so at the hearing.

9. In Doc. 1575 and the beginning of 1583 the Court identified certain topics in which it had interest arising from the docket.  No party addressed those matters even though they were given the freedom to do so.   The matters so identified may still be briefly addressed if any party desires.

10. Plaintiffs' response to question 15 in Doc. 1588 contains details beyond those contained in Captain Skinner's testimony to which the response refers.  Does any party object to the Court considering the substance of that response to the extent that it goes beyond Captain Skinner's testimony?

11. As it pertains to Doc. 1560, which moves for reconsideration generally on the admission of certain exhibits that contain statements by Dennis Montgomery in emails or recordings, the Court has already largely addressed that motion in Doc. 1583 at 4589-92.  That is, as a general matter, Defendant Arpaio has not identified any particular exhibit which it believes contains inadmissible hearsay statements by Mr. Montgomery, and further failed to make a timely objection identifying the objectionable hearsay.  Fed. R. Ev. 103(a)(1).

Further, the motion is brought on the basis that, as a confidential informant, Mr. Montgomery cannot be considered an agent of the Defendant for purposes of Federal Rule of Evidence 801(d)(2)(D).  The Ninth Circuit has not directly addressed whether a confidential informant's statements constitute an admission by a party opponent under Federal Rule of Procedure 801(d)(2)(D).

Defendant Arpaio asserts that "the Second and Third Circuits offer guidance" on the matter.[1] (Doc. 1560 at 2.) However, the Second Circuit case upon which he relies hinges on the "peculiar posture of the parties in a criminal prosecution" and is therefore inapplicable where the government is not prosecuting a criminal case. *See United States v. Yildiz*, 355 F.3d 80, 81 (2d Cir. 2004). Moreover, the Second Circuit upheld the common law rule that out-of-court statements of a government agent are inadmissible hearsay while noting that the Federal Rules of Evidence in fact "admit of no such exception," *Id.* Under Ninth Circuit law, the government does not enjoy any such exemption from Federal Rule of Evidence 801(d)(2)(D). *Cf. Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982) *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995).

The Second Circuit in *Yildiz* selectively quoted a Third Circuit case for the proposition that informers are generally not agents for the purposes of Rule 801(d)(2)(D): "We do not believe that the authors of Rule 801(d)(2)(D) intended statements by informers as a general matter to fall under the rule, given their tenuous relationship with the police officers with whom they work." *Lippay v. Christos*, 996 F.2d 1490, 1499 (3d Cir. 1993); *Yildiz*, 355 F.3d at 82. However, the Third Circuit carefully qualified the generalized observation:

> In reaching this conclusion, we do not adopt a *per se* rule that an informer can never serve as an agent for a law enforcement officer for the purposes of Rule 801(d)(2)(D). We recognize that there may be situations where a police officer and informer will have an agency relationship. Thus, we will apply a case-by-case analysis to determine whether the officer had a sufficiently continuous supervisory relationship with the informer to establish agency.

*Lippay*, 996 F.2d at 1499.

The Ninth Circuit likewise engages in a case-by-case analysis to determine when an agency relationship exists for the purposes of Rule 801(d)(2)(D). *United States v. Bonds*, 608 F.3d 495, 504 (9th Cir. 2010). "To determine whether [a purported agent's]

---

[1] The Sixth Circuit offers guidance to the contrary. *See United States v. Branham*, 97 F.3d 835, 850-51 (6th Cir. 1996) (holding that a paid government informant is an agent of the government and is therefore a party opponent under Rule 801(d)(2)(D)).

1 statements are admissible under Rule 801(d)(2)(D), we must 'undertake a fact-based inquiry applying common law principles of agency.'" *Id.* (quoting *NLRB v. Friendly Cab Co., Inc.,* 512 F.3d 1090, 1096 (9th Cir. 2008)). The Court must "look to the totality of the circumstances, but the 'essential ingredient . . . is the extent of control exercised by the employer.'" *Id.* at 505 (quoting *Friendly Cab,* 512 F.3d at 1096). If, under the totality of the circumstances, a person is found to act as an independent contractor rather than an employee, that determination does not end the agency inquiry: "a finding that a speaker is an independent contractor does not *preclude* a finding that the speaker is also an agent for some purposes." *Id.* In such a circumstance, "an agency relationship exists only if both the provider [of a service] and the recipient have manifested assent that the provider will act subject to the recipient's control and instruction." *Id.* at 507.

Defendant argues that MCSO agents never authorized Mr. Montgomery to speak on MCSO's behalf. (Doc. 1560 at 3.) This argument is unavailing: if an agency relationship exists, "it need only be shown that the statement be related to a matter within the scope of the agency." *Hoptowit*, 682 F.2d at 1262; *see also In re Sunset Bay Associates*, 944 F.2d 1503, 1519 (9th Cir. 1991) ("[T]he statements need only *concern* matters within the scope of the agency; they need not be made within the scope of the agency."). The Court thus denies the motion for reconsideration because, even though Mr. Montgomery was designated as a confidential informant for the Sheriff, he was not a traditional "informant" but rather supposedly conducted specific investigations requested by the Defendant within electronically stored documents that Mr. Montgomery purportedly confiscated without authorization from United States intelligence agencies. There is evidence in the record that the Defendant directed the specific inquiries undertaken by Mr. Montgomery in his purported records, and, directed its specific contents. There is evidence that Mr. Montgomery continued to work with the Sheriff's office for a considerable period of time both through and after the evidentiary hearings on contempt. And the issue relevant to the contempt hearing is the scope of the investigations requested by the Sheriff and the Sheriff's agents. To the extent that Mr.

1  Montgomery was thus an agent of the Sheriff's for conducting such specific inquiries and
2  to the extent his statements define the scope of the requested inquiries, or the instructions
3  received from the Defendant or his agents, the motion for reconsideration is denied.

4  Further, to the extent that the Court is not considering a statement made by Mr.
5  Montgomery for the truth of the matter asserted, the objection is overruled.  The Court
6  believes that to the extent it considers any of Mr. Montgomery's statements or those of
7  other third parties that are contained in emails or audiotapes, either of these exceptions
8  applies.

9  Nevertheless, the Court indicated on November 20 that it would advise the parties
10 if it became aware of specific statements attributable to Mr. Montgomery in the emails or
11 recordings which might prove relevant to its findings of fact, so that they could be heard
12 concerning such statements.  While the Court does not represent to the parties that the
13 below are all such statements which may feature in its findings of fact, it does represent
14 to the parties that at present these are all the statements in which the Court invites the
15 parties to express their specific views if they wish to do so keeping in mind the above
16 rulings.

17  (a) Ex. 2074a
18  (b) Ex. 2083
19  (c) Ex. 2959a
20  (d) Ex. 2072
21  (e) Ex. 2960
22  (f) Ex. 2963a
23  (g) Ex, 2964
24  (h) Ex. 2965
25  (i) Ex. 2966
26  (j) Ex. 2967
27  (k) Ex. 2968
28  (l) Ex. 2972

- 7 -

(m) Ex. 2981a

(n) Ex. 2256

(o) Ex. 2258

(p) Ex. 2263

(q) Ex. 2271

(r) Ex. 2273

(s) Ex. 2274

(t) Ex. 2087

(u) Ex. 2090

**IT IS HEREBY ORDERED:**

1. Admitting in evidence in this matter Ex. 2943a.

2. Denying the Motion to Seal (Doc. 1334) as moot.

3. Granting the Motion for Judicial Notice of Costs (Doc. 1553) as supplemented by the County's reply in Doc. 1587 and without making any predetermination as to the relevance of the material so noticed.

4. Denying the Motion for Reconsideration (Doc. 1560) in compliance with the terms set forth in this Order.

5. Deferring any ruling on Motion for Determination that Criminal Contempt Charges Will Not be Pursued/Referred Against Him (Doc. 1568).

6. By **February 26, 2016**, the MCSO shall file the material listed in paragraph 8 above. Any party may address the material contained in that filing, if they wish to do so, at the hearing.

Dated this 19th day of February, 2016.

_G. Murray Snow_
Honorable G. Murray Snow
United States District Judge