WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:     JOSEPH I. VIGIL (018677)
        Deputy County Attorney
        MCAO Firm No. 00032000

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
vigilj@mcao.maricopa.gov

Attorneys for Defendant Paul Penzone

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MANUEL DE JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; et. al, | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **MOTION TO MODIFY DOCUMENT 670 PERTAINING TO COMMUNITY ENGAGEMENT** |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | **Expedited Partial Ruling Requested** |
| v. | |
| PAUL PENZONE, in his official capacity as Sheriff of Maricopa County, Arizona, et. al., | |
| Defendants. | |

In the Supplemental Permanent Injunction/Judgment Order, this Court set forth

certain actions relating to Community Engagement it expected then-Sheriff Arpaio to take

"to rebuild public confidence and trust" in the Sheriff's Office.  See Doc. 606, Section

1

XII, ¶¶ 107-118.  Former Sheriff Arpaio refused on First Amendment grounds to perform these actions and they were transferred to the Court-appointed Monitor and, to some extent, the Plaintiffs' Counsel.   See Doc. 670.   The goal of restoring community confidence and trust in the Maricopa County Sheriff's Office ("MCSO") is why Sheriff Penzone has been eager to have these obligations transferred to him as he indicated the first time he appeared in Court in this matter.

As recently as the status conference on June 7, the Court raised this and suggested that the Sheriff work with the parties and the Monitor to transition these community obligations from the Order.  Through counsel, Sheriff Penzone has reached out to the parties and the Monitor seeking their agreement in essentially reverting back to the original Court order.  Though it appears that the parties and Monitor agree with taking this course of action, the Monitor indicated that because they are bound by the Order to run the meetings, they could not relinquish this duty until the Court Order has been changed. As such, Sheriff Penzone is asking the Court to vacate its Order at Document 670 and adopt the language set forth in the attached proposed document.  See draft of revised language attached hereto as Exhibit A.[1]

In formulating this language, counsel for the Sheriff and parties have met on a number of occasions beginning in mid-April.  Additionally, the parties have reviewed the proposed revision and had an opportunity to provide input.  ACLU hosted a meeting with the current members of the Community Advisory Board ("CAB") and other members of

---

[1] Exhibit A shows the "new" language and the language that would be deleted.  Because this is a revision of Doc. 670, which revised a portion of the Injunction, it may be a bit hard to read.  As such, a clean version of the proposed new Order is attached as Exhibit B for easier reading and review.

2

the Hispanic community, which MCSO attended and invited the MCSO Hispanic Advisory Board to attend as well.  For the most part, the attached revision returns to the language of the Supplemental Permanent Injunction.  However, after taking into account the approach that Sheriff Penzone and new command staff have to community outreach with the Plaintiffs' class, input from the parties and feedback from the community, there are some differences, including: (1) increasing the number of people on the CAB to seven– with the ACLU and Sheriff each appointing three members and jointly appointing the seventh; (2) having a provision that the CAB shall operate pursuant to bylaws, which will be drafted by the ACLU and MCSO and adopted by the members of the CAB; and (3) updating the minor limitations on who can serve on the CAB.

At this time, it appears there is agreement as to certain portions of this new language and disagreement on other portions.  Since the parties have not confirmed in writing which paragraphs will be stipulated to, the Sheriff cannot identify those at this time.  Because of this, the Court should set a briefing schedule and require the parties to state the basis for any disagreements they may have to the language, along with any alternative language, in Exhibits A and B, and permit the Sheriff to respond before the Court issues its Order.

Additionally, the Sheriff requests that the Court promptly issue an Order that permits the Sheriff to advertise, organize and run the next community meeting that is set to be held during the July 2017 site visit.  Counsel for Plaintiffs and Plaintiffs-Intervenors have indicated that they agree that the MCSO should be allowed to advertise, organize and run the community meeting that will take place during the upcoming July site visit.

The MCSO is working with the monitoring team on identifying a location for this meeting, and advertising needs to begin immediately.  Attached hereto is a proposed form of Order for the Court  as to this portion of the Motion that would allow the Monitor to allow the MCSO to run this community meeting.  An expedited ruling is requested as to this portion of this Order.

**RESPECTFULLY SUBMITTED** this 16th day of June, 2017.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY


BY:  /s/ Joseph I. Vigil
JOSEPH I. VIGIL, ESQ.
Attorneys for Defendant Paul Penzone



<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2017, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ Nicole Anderson
S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-02\\Valley\public\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Doc 670 - Community Meetings and CAB\M re Doc. 670 Final 06162017.docx69\Pleadings\Dist Court E-filed Pleadings\Docs received since 021017\Caption.docx

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

MANUEL DE JESUS ORTEGA
MELENDRES, on behalf of himself
and all others similarly situated; et. al,

                Plaintiffs,

and

UNITED STATES OF AMERICA,

                Plaintiff-Intervenor,

v.

PAUL PENZONE, in his official
capacity as Sheriff of Maricopa
County, Arizona, et. al.,

                Defendants.

No. CV-07-2513-PHX-GMS

(Document 670 revision)

~~At the status conference held on March 24, 2014, and in a previous order (Doc. 663 App. A) this Court proposed amendments to the Supplemental Permanent Injunction/ Judgment Order (Doc. 606). The parties were given an opportunity to respond in writing and at the April 2, 2014, status conference. As a result of those conferences, the Court orders the following amendments to the Supplemental Permanent Injunction/Judgment Order (Doc. 606).~~

~~This amendment order presents only the paragraphs with changes. All other paragraphs not mentioned shall remain the same. Unchanged language is presented in normal font. Additions are indicated by underlined font. Deletions are indicated by~~

1

crossed-out font. Where an entire paragraph has been removed, that is indicated with

brackets, but the numbering remains unchanged. For example: "108. [REMOVED]".

## PROPOSED AMENDMENTS

### REMEDIES

### I.    Definitions

1.    The following terms and definitions shall apply to this Order:

r.    "Full and Effective Compliance" means compliance with all relevant

provisions of this Order. The Defendants shall begin to be in Full and Effective

Compliance with this Order when all of the following have been both completed and

consistently maintained:

xvii.   The MCSO has developed and implemented a community outreach program

pursuant to Paragraphs 107-112 of this Order. The MCSO has developed and

implemented a community outreach program pursuant to Paragraphs 107-112 of this

Order.

xviii.   The MCSO has selected or hired a Community Liaison Officer pursuant to

Paragraphs 113-114 of this Order. The MCSO has selected or hiredhired or selected a

Community Liaison Officer pursuant to Paragraphs 113-114 of this Order.

xix.   The MCSO has worked with Plaintiffs' representatives and community

representatives and created a Community Advisory Board pursuant to Paragraphs 115-

116 of this Order. The MCSO has worked with community Plaintiffs' representatives and

community representatives and created to create a Hispanic Community Advisory Board

1   in which the Plaintiffs may nominate a potential member pursuant to Paragraphs 115-116

2   of this Order.

3                           **VI. Pre-Planned Operations**

4
5       38.     If the MCSO conducts any Significant Operations or Patrols involving 10 or

6   more MCSO Personnel excluding posse members, it shall create the following

7   documentation and provide it to the Monitor and Plaintiffs within 30 10 30 days after the

8   operation:

9
10      39.     The MCSO Monitor shall hold a community outreach meeting no more than

11  30 40 days after any Significant Operations or Patrols in the affected District(s).  MCSO

12  shall work with the Community Advisory Board to ensure that the community outreach

13  meeting adequately communicates information regarding the objectives and results of the

14  operation or patrol. The Monitor shall communicate the operational details provided to it

15  by the MCSO and shall hear any complaints or concerns raised by community members.

16
17  The Monitor may investigate and respond to those concerns. The community outreach

18  meeting shall be advertised and conducted in English and Spanish.

19
20      The MCSO shall hold a community outreach meeting no more than 40 days after

21  any Significant Operations or Patrols in the affected District(s).  MCSO shall work with

22  the Community Advisory Board to ensure that the community outreach meeting

23  adequately communicates information regarding the objectives and results of the

24  operation or patrol.  The community outreach meeting shall be advertised and conducted

25  in English and Spanish.

26

27

28

# XII. Community Engagement

a.      Community Outreach Program

107.    ~~To rebuild public confidence and trust in the MCSO and in the reform process, the MCSO Monitor shall work to improve community relationships and engage constructively with the community during the period that this Order is in place. To this end, the MCSO shall create the following district community outreach program.~~

        To rebuild public confidence and trust in the MCSO and in the reform process, the MCSO shall work to improve community relationships and engage   constructively    with the community during the time that this order is in place.       To this end, the   MCSO shall ~~create~~conduct a ~~comprehensive~~the following district community outreach program.

        ~~108.   Within 180 days of the Effective Date, MCSO shall develop and implement a Community Outreach and Public Information program in each MCSO District.~~

        ~~109.   As part of its Community Outreach and Public Information program, the~~ MCSO The Monitor shall hold a public meeting in each of MCSO's patrol Districts within ~~90~~ 180 days of the ~~Effective Date~~ issuance of this amendment to the Order, and at least between one ~~and three~~ meetings in each ~~of~~ MCSO's patrol Districts annually thereafter. ~~The meetings shall be under the direction of the Monitor and/or his designee. These meetings shall be used to inform community members of the policy changes or other significant actions that the MCSO has taken to implement the provisions of this Order. Summaries of audits and reports completed by the MCSO pursuant to this Order shall be provided. The MCSO~~ Monitor shall clarify for the public at these meetings that it the

1    ~~MCSO does not~~ lacks the authority to ~~enforce immigration laws except to the extent that it~~

2    ~~is enforcing Arizona and federal criminal laws.~~

3          As part of its Community Outreach ~~and Public Information~~ program, the MCSO

4    shall hold at least one public meeting per quarter to coincide with the quarterly site visits

5

6    by the Monitor in a location convenient to the Plaintiffs class.   These meetings shall be

7    used to inform community members of the policy changes or other significant actions that

8    the MCSO has taken to implement the provisions of this Order.  Summaries of audits and

9

10   reports completed by the MCSO pursuant to this Order shall be made available.   The

11   MCSO shall clarify for the public at these meetings that it does not enforce immigration

12   laws except to the extent that it is enforcing Arizona and federal criminal laws.

13         ~~110.   The meetings present an opportunity for MCSO representatives the Monitor~~

14   ~~to listen to community members' experiences and concerns about MCSO practices~~

15

16   ~~implementing this Order, including the impact on public trust.   MCSO representatives~~

17   ~~shall make reasonable efforts to address such concerns during the meetings and afterward.~~

18   ~~The Monitor may investigate and respond to those concerns. To the extent that the~~

19

20   ~~Monitor receives concerns at such meetings that are neither within the scope of this order~~

21   ~~nor useful in determining the Defendants' compliance with this order, it may assist the~~

22   ~~complainant in filing an appropriate complaint with the MCSO.~~

23         The meetings present an opportunity for MCSO representatives to listen to

24   community members' experiences and concerns about MCSO practices implementing this

25

26   Order, including the impact on public trust.  MCSO representatives shall make reasonable

27

28

efforts to address such concerns during the meetings and afterward as well as explain to

attendees how to file a comment or complaint.

111.   ~~English- and Spanish-speaking MCSO~~ Monitor ~~Personnel shall attend these~~

~~meetings and be available to answer questions from the public~~ about its publicly available

reports concerning MCSO's implementation of this Order and other publicly available

information. At least one MCSO Supervisor with extensive knowledge of the agency's

implementation of the Order, as well as the Community Liaison Officer (described below)

shall participate in the meetings. The Monitor may request Plaintiffs' and/or Defendants'

representatives shall be invited to attend such meetings and assist in answering inquiries

by the community. The Defendants are under no obligation to attend such meetings, but to

the extent they do not attend such meetings after being requested by the Monitor to do so,

the Monitor may report their absence to the public and shall report their absence to the

Court.

English- and Spanish-speaking MCSO Personnel shall attend these meetings and

be available to answer questions from the public.  At least one MCSO Supervisor with

extensive knowledge of the agency's implementation of the Order, as well as ~~the~~a MCSO

Community Liaison, shall participate in the meetings. The Monitor, Plaintiffs' and

Plaintiff-Intervenor's representatives shall be invited to attend and MCSO shall announce

their presence and state their availability to answer questions.

112.   ~~The meetings shall be held in locations convenient and accessible to the~~

~~public.~~ At least one week ~~ten days~~ before such meetings, the MCSO ~~Monitor~~ shall widely

publicize the meetings using English and Spanish-language television, print media and the

1   ~~internet. The Defendants shall either provide a place for such meetings that is acceptable~~

2   ~~to the Monitor, or pay the Monitor the necessary expenses incurred in arranging for such~~

3   ~~meeting places. The Defendants shall also pay the reasonable expenses of publicizing the~~

4   ~~meetings as required above, and the additional reasonable personnel and other expenses~~

5   ~~that the Monitor will incur as a result of performing his obligations with respect to the~~

6   ~~Community Outreach Program. If the Monitor determines there is little interest or~~

7   ~~participation in such meetings among community members, or that they have otherwise~~

8   ~~fulfilled their purpose, he can file a request with the Court that this requirement be revised~~

9   ~~or eliminated.~~

10      ~~The meetings shall be held in locations convenient and accessible to the public.  At~~

11   ~~least one week~~ten days before such meetings, the MCSO shall widely publicize the

12   meetings ~~using English and Spanish-language television or radio, print media and/or the~~

13   ~~internet~~in English and Spanish. Options for advertising include, but are not limited to,

14   television, radio, print media, internet and social media, and any other means available.  If

15   the MCSO determines there is little interest or participation in such meetings among

16   community members, or that they have otherwise fulfilled their purpose, it can file a

17   request with the Court that this requirement be revised or eliminated.

18      b.      ~~Community Liaison Officer~~ ~~Monitor~~ MCSO Community Liaison

19      113.    ~~Within 90 days of the Effective Date, MCSO shall select or hire a~~

20   ~~Community Liaison Officer ("CLO") who is a sworn Deputy fluent in English and~~

21   ~~Spanish. The hours and contact information of the CLO shall be made available to the~~

1    ~~public including on the MCSO website. The CLO shall be directly available to the public~~

2    ~~or communications and questions regarding the MCSO.~~

3        ~~The~~ MCSO shall select or hire a Community Liaison who is fluent in English and

4    Spanish. The ~~hours and~~ contact information of the MCSO Community Outreach Division

5    ("COD") shall be made available to the public including on the MCSO website. The

6    ~~Community Outreach Division~~COD shall be directly available to the public for

7    communications and questions regarding the MCSO.

8        114.    ~~In addition to the duties set forth in Title XIII of this order, The CLO  the~~

9    ~~Monitor~~The COD shall have the following duties in relation to community engagement:

10       a.    to coordinate the district community meetings described above in

11   Paragraphs 109 to 112;

12       b.    to provide administrative support for, coordinate and attend meetings of the

13   Community Advisory Board described in Paragraphs 117 to 118; and

14       c.    to compile any ~~c~~Complaints, concerns and suggestions submitted to ~~CLO~~

15   ~~him~~the COD by members of the public about the implementation of this Order and the

16   Court's order of December 23, 2011, and its findings of fact and conclusions of law dated

17   May 24, 2013, even if they don't rise to the level of requiring formal action by IA or other

18   component of the MCSO, and to respond to Complainants' concerns; and

19       d.    to communicate concerns received from the community at regular meetings

20   with ~~the Monitor and MCSO leadership; and~~

21       e.    to the extent the COD receives complaints or concerns from the community,

22   prepare a written report every 180 days setting forth a summary of those concerns and

share with MCSO leadership.~~to compile concerns received from the community in a~~ ~~written report every 180 days and share the report with the Monitor and the Parties.~~

### c.      Community Advisory Board

115.   ~~MCSO~~ ~~The Monitor~~ MCSO and Plaintiffs' representatives shall work with community representatives to create a Community Advisory Board ("CAB") to facilitate regular dialogue between ~~the MCSO~~ ~~Monitor~~ MCSO and the community ~~leaders~~, and to provide specific recommendations to MCSO about policies and practices that will ~~increase community trust and~~ ensure that the provisions of this Order and other orders entered by the Court in this matter are met.

116.   The CAB shall have ~~six~~ ~~three~~ seven members, three to be selected by MCSO and three ~~three to be selected by the MCSO and three~~ to be selected by Plaintiffs' representatives. One member shall be jointly selected by MCSO and Plaintiffs' representatives. Members of the CAB shall not be MCSO Employees ~~or any of the named~~ ~~class representatives~~ or involved in a lawsuit pending against MCSO ~~nor any of the~~ ~~attorneys involved in this case.~~ CAB members serving at the time of this Order shall not be subject to this restriction for the duration of their term. A member of the MCSO COD and at least one representative for Plaintiffs shall attend every meeting of the CAB, but the CAB can request that a portion of the meeting occur without COD or the Plaintiffs' representative. ~~However, a member of the MCSO Implementation Unit and at least one~~ ~~representative for Plaintiffs shall attend every meeting of the CAB.~~ The CAB shall continue for at least the length of this Order.

All members of the <u>CAB shall follow its bylaws, which shall be jointly drafted by</u> <u>MCSO and the Plaintiffs and adopted by the CAB.</u>

117.   The CAB shall hold ~~public~~ meetings at regular intervals ~~of no more than~~ ~~four months~~<u>to be specified in its bylaws.  The meetings may be either public or private as</u> <u>the purpose of the meeting dictates, at the election of the</u> ~~Board~~<u>CAB.  The Defendants</u> <u>shall</u> ~~either~~ <u>provide a suitable place for such meetings or the CAB shall select its own</u> <u>meeting location.</u> ~~that is acceptable to the Monitor, or pay the Monitor the necessary~~ ~~expenses incurred in arranging for such a meeting place. The Defendants shall also pay to~~ ~~the Monitor the additional reasonable expenses that he will incur as a result of performing~~ ~~his obligations with respect to the CAB including providing the CAB with reasonably~~ ~~necessary administrative support.  The meeting space shall be provided by the MCSO.~~ The <u>MCSO</u>~~CLO~~ ~~Monitor~~ shall coordinate the meetings and communicate with ~~Board~~ <u>CAB</u> members, and provide administrative support for the CAB.

118.   During the meetings of the CAB, members will relay or gather concerns from the community about MCSO practices that may violate the provisions of this Order and the Court's previous injunctive orders entered in this matter ~~and make reasonable~~ ~~efforts to address such concerns.~~ <u>and transmit them to the</u> ~~Monitor~~ <u>COD for</u> ~~his~~ <u>investigation and/or action.</u> Members ~~will~~ <u>may</u> also hear from MCSO Personnel on matters of concern pertaining to the MCSO's compliance with the orders of this Court.

## XIII.   INDEPENDENT MONITOR AND OTHER PROCEDURES
## REGARDING ENFORCEMENT

### b.    Role of the Monitor

126.   The Monitor shall be subject to the supervision and orders of the Court, consistent with this Order. The Monitor shall have the duties, responsibilities and authority conferred by the Court and this Order, including, but not limited to: (1) reviewing the MCSO Patrol Operations Policies and Procedures provided for by this Order and making recommendations to the Court regarding the same; (2) reviewing a protocol with the Parties to ensure that any Significant Operations conducted by the MCSO are conducted in a race-neutral fashion; (3) reviewing the curriculum, materials and proposed instructors for Training required by this Order; (4) reviewing the collected traffic stop data and the collected Saturation Patrol data to determine whether the data required to be gathered by this Order is, in fact, being collected by the MCSO; (5) reviewing protocols regarding the collection, analysis, and use of such data and determining whether the MCSO is in compliance with those protocols; (6) reviewing the collected data to determine whether, in the opinion of the Monitor, MCSO is appropriately reviewing the collected data to determine possible isolated or systemic racial profiling occurring, and if so, reporting the factual basis supporting that judgment to the Parties and the Court; (7) evaluating the effectiveness of the MCSO's changes in the areas of supervision and oversight and reporting the same to the parties and the Court; (8) reviewing the corrective action taken by the MCSO concerning any possible violations of this Order or MCSO policy and procedures and reporting the same to the parties and the

Court; (9) ~~evaluating the MCSO's~~ ~~providing~~ evaluating the MCSO's engagement with the communities affected by ~~its~~ ~~the~~ its activities as set forth by this Order; and (10) assessing the MCSO's overall compliance with the Order.

**c.   Monitoring Plan and Review Methodology**

136.   In conducting the outcome assessments, the Monitor should measure not only the MCSO's progress in implementing the provisions of this Order, but the effectiveness of the reforms. To do so, the Monitor shall take into account the following performance-based metrics and trends:

i. disciplinary outcomes for any violations of departmental policy; and ~~and~~

j. whether any Deputies are the subject of repeated misconduct Complaints, civil suits, or criminal charges, including for off-duty conduct; and ~~and~~

k. the level of MCSO engagement and participation with the CAB.~~the level of MCSO engagement and participation with the community advisory board;~~

**f.   Public Statements, Testimony, Records, and Conflicts of Interest**

141.   Except as required or authorized by the terms of this Order or the Parties acting together: neither the Monitor, nor any agent, employee, or independent contractor thereof, shall make any public statements, outside of statements to the Court as contemplated in this Order, with regard to any act or omission of the Defendants, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to the Order. ~~As required and authorized, the Monitor shall conduct the public community outreach meetings provided in this order and the CAB meetings.~~ Any

12

press statement made by the Monitor regarding its employment or monitoring activities under this Order shall first be approved by the Parties.

~~End of amendments.~~

# EXHIBIT B

1
2
3

# UNITED STATES DISTRICT COURT

4

## DISTRICT OF ARIZONA

5

6   MANUEL DE JESUS ORTEGA           No. CV-07-2513-PHX-GMS
    MELENDRES, on behalf of himself
7   and all others similarly situated; et. al,

8                  Plaintiffs,

9   and

10  UNITED STATES OF AMERICA,

11                  Plaintiff-Intervenor,

12  v.

13  PAUL PENZONE, in his official
    capacity as Sheriff of Maricopa
14  County, Arizona, et. al.,

15                  Defendants.

16

17

18      (Document 670 revision)

19                  **PROPOSED AMENDMENTS**

20                      **REMEDIES**

21          **I.      Definitions**

22
23      1.   The following terms and definitions shall apply to this Order:

24          r.      "Full and Effective Compliance" means compliance with all relevant

25  provisions of this Order. The Defendants shall begin to be in Full and Effective

26  Compliance with this Order when all of the following have been both completed and

27  consistently maintained:

28

1

xvii.   The MCSO has developed and implemented a community outreach program pursuant to Paragraphs 107-112 of this Order.

xviii.   The MCSO has selected or hired a Community Liaison Officer pursuant to Paragraphs 113-114 of this Order.

xix.   The MCSO has worked with Plaintiffs' representatives and community representatives and created a Community Advisory Board pursuant to Paragraphs 115-116 of this Order.

### VI. Pre-Planned Operations

38.   If the MCSO conducts any Significant Operations or Patrols involving 10 or more MCSO Personnel excluding posse members, it shall create the following documentation and provide it to the Monitor and Plaintiffs within 30 30 days after the operation:

The MCSO shall hold a community outreach meeting no more than 40 days after any Significant Operations or Patrols in the affected District(s).  MCSO shall work with the Community Advisory Board to ensure that the community outreach meeting adequately communicates information regarding the objectives and results of the operation or patrol.  The community outreach meeting shall be advertised and conducted in English and Spanish.

### XII. Community Engagement

a.   Community Outreach Program

107.   To rebuild public confidence and trust in the MCSO and in the reform process, the MCSO shall work to improve community relationships and engage

constructively with the community during the time that this order is in place. To this end, the MCSO shall conduct the following district community outreach program.

109.   As part of its Community Outreach program, the MCSO shall hold at least one public meeting per quarter to coincide with the quarterly site visits by the Monitor in a location convenient to the Plaintiffs class. These meetings shall be used to inform community members of the policy changes or other significant actions that the MCSO has taken to implement the provisions of this Order. Summaries of audits and reports completed by the MCSO pursuant to this Order shall be made available. The MCSO shall clarify for the public at these meetings that it does not enforce immigration laws except to the extent that it is enforcing Arizona and federal criminal laws.

110.   The meetings present an opportunity for MCSO representatives to listen to community members' experiences and concerns about MCSO practices implementing this Order, including the impact on public trust. MCSO representatives shall make reasonable efforts to address such concerns during the meetings and afterward as well as explain to attendees how to file a comment or complaint.

111.   English- and Spanish-speaking MCSO Personnel shall attend these meetings and be available to answer questions from the public. At least one MCSO Supervisor with extensive knowledge of the agency's implementation of the Order, as well as a MCSO Community Liaison, shall participate in the meetings. The Monitor, Plaintiffs' and Plaintiff-Intervenor's representatives shall be invited to attend and MCSO shall announce their presence and state their availability to answer questions.

112.   The meetings shall be held in locations convenient and accessible to the public.  At least ten days before such meetings, the MCSO shall widely publicize the meetings in English and Spanish. Options for advertising include, but are not limited to, television, radio, print media, internet and social media, and any other means available.  If the MCSO determines there is little interest or participation in such meetings among community members, or that they have otherwise fulfilled their purpose, it can file a request with the Court that this requirement be revised or eliminated.

b.   MCSO Community Liaison

113.   The MCSO shall select or hire a Community Liaison who is fluent in English and Spanish. The contact information of the MCSO Community Outreach Division ("COD") shall be made available to the public including on the MCSO website. The COD shall be directly available to the public for communications and questions regarding the MCSO.

114.   The COD shall have the following duties in relation to community engagement:

a.   to coordinate the district community meetings described above in Paragraphs 109 to 112;

b.   to provide administrative support for, coordinate and attend meetings of the Community Advisory Board described in Paragraphs 117 to 118; and

c.   to compile any complaints, concerns and suggestions submitted to the COD_by members of the public about the implementation of this Order and the Court's order of December 23, 2011, and its findings of fact and conclusions of law dated May 24,

2013, even if they don't rise to the level of requiring formal action by IA or other component of the MCSO, and to respond to Complainants' concerns; and

       e.    to the extent the COD receives complaints or concerns from the community, prepare a written report every 180 days setting forth a summary of those concerns and share with MCSO leadership.

    **c.**    **Community Advisory Board**

115. MCSO and Plaintiffs' representatives shall work with community representatives to create a Community Advisory Board ("CAB") to facilitate regular dialogue between MCSO and the community, and to provide specific recommendations to MCSO about policies and practices that will ensure that the provisions of this Order and other orders entered by the Court in this matter are met.

116. The CAB shall have seven members, three to be selected by MCSO and three to be selected by Plaintiffs' representatives. One member shall be jointly selected by MCSO and Plaintiffs' representatives. Members of the CAB shall not be MCSO Employees or involved in a lawsuit pending against MCSO. CAB members serving at the time of this Order shall not be subject to this restriction for the duration of their term. A member of the MCSO COD and at least one representative for Plaintiffs shall attend every meeting of the CAB, but the CAB can request that a portion of the meeting occur without COD or the Plaintiffs' representative. The CAB shall continue for at least the length of this Order. All members of the CAB shall follow its bylaws, which shall be jointly drafted by MCSO and the Plaintiffs and adopted by the CAB.

117.   The CAB shall hold public meetings at regular intervals to be specified in its bylaws.   The meetings may be either public or private as the purpose of the meeting dictates, at the election of the CAB.   The Defendants shall provide a suitable place for such meetings or the CAB shall select its own meeting location. The MCSO shall coordinate the meetings and communicate with CAB members, and provide administrative support for the CAB.

118.   During the meetings of the CAB, members will relay or gather concerns from the community about MCSO practices that may violate the provisions of this Order and the Court's previous injunctive orders entered in this matter and transmit them to the COD for investigation and/or action. Members may also hear from MCSO Personnel on matters of concern pertaining to the MCSO's compliance with the orders of this Court.

## XIII.   INDEPENDENT MONITOR AND OTHER PROCEDURES REGARDING ENFORCEMENT

### b.   Role of the Monitor

126.   The Monitor shall be subject to the supervision and orders of the Court, consistent with this Order. The Monitor shall have the duties, responsibilities and authority conferred by the Court and this Order, including, but not limited to: (1) reviewing the MCSO Patrol Operations Policies and Procedures provided for by this Order and making recommendations to the Court regarding the same; (2) reviewing a protocol with the Parties to ensure that any Significant Operations conducted by the MCSO are conducted in a race-neutral fashion; (3) reviewing the curriculum, materials and proposed instructors for Training required by this Order; (4) reviewing the collected

traffic stop data and the collected Saturation Patrol data to determine whether the data required to be gathered by this Order is, in fact, being collected by the MCSO; (5) reviewing protocols regarding the collection, analysis, and use of such data and determining whether the MCSO is in compliance with those protocols; (6) reviewing the collected data to determine whether, in the opinion of the Monitor, MCSO is appropriately reviewing the collected data to determine possible isolated or systemic racial profiling occurring, and if so, reporting the factual basis supporting that judgment to the Parties and the Court; (7) evaluating the effectiveness of the MCSO's changes in the areas of supervision and oversight and reporting the same to the parties and the Court; (8) reviewing the corrective action taken by the MCSO concerning any possible violations of this Order or MCSO policy and procedures and reporting the same to the parties and the Court; (9) evaluating the MCSO's engagement with the communities affected by its activities as set forth by this Order; and (10) assessing the MCSO's overall compliance with the Order.

c.    **Monitoring Plan and Review Methodology**

136.    In conducting the outcome assessments, the Monitor should measure not only the MCSO's progress in implementing the provisions of this Order, but the effectiveness of the reforms. To do so, the Monitor shall take into account the following performance-based metrics and trends:

i.    disciplinary outcomes for any violations of departmental policy; and

j.    whether any Deputies are the subject of repeated misconduct Complaints, civil suits, or criminal charges, including for off-duty conduct; and

          k.      the level of MCSO engagement and participation with the CAB.

**f.**    **Public Statements, Testimony, Records, and Conflicts of Interest**

141.   Except as required or authorized by the terms of this Order or the Parties acting together: neither the Monitor, nor any agent, employee, or independent contractor thereof, shall make any public statements, outside of statements to the Court as contemplated in this Order, with regard to any act or omission of the Defendants, or their agents, representatives, or employees; or disclose non-public information provided to the Monitor pursuant to the Order. Any press statement made by the Monitor regarding its employment or monitoring activities under this Order shall first be approved by the Parties.

End of amended Documents.