WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By:   JOSEPH I. VIGIL (018677)
      Deputy County Attorney
      vigilj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et. al., | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **DEFENDANT PENZONE'S RESPONSE TO LETTER BY INDEPENDENT INVESTIGATOR DANIEL GIAQUINTO PURSUANT TO COURT ORDER AT 2076** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et. al., | |
| Defendants. | |

///

1

The Independent Investigator has asked the Court whether he has the authority to open a new investigation into a former employee even if no active employee's conduct would be investigated. By way of background, the Maricopa County Sheriff's Office's ("MCSO") has begun negotiations with the parties to modify portions of the Second Amended Second Supplemental Permanent Injunction/Judgment Order ("Second Injunction"). It is MCSO's belief that investigations into former employees, including those investigations that began when the principal was employed with MCSO, generally waste resources and have limited to no benefit. Based on MCSO's position, it feels that the Independent Investigator should not have the authority to open investigations against employees that are no longer employed by MCSO with a caveat.

If there is the possibility that a current employee's misconduct could be discovered in the investigation, then the investigation should move forward. But, in cases where the investigation would only gather information about an individual no longer employed by MCSO, there is no tangible benefit. Investigations into former employees cost the taxpayers of Maricopa County money and waste resources. No matter what information the Independent Investigator finds about former employees, there is nothing MCSO can do with the information to punish the former employee. MCSO's position does not include potential criminal conduct because the Second Injunction, Paragraph 319, provides guidance on how the Independent Investigator and MCSO would handle evidence of possible criminal conduct.

MCSO believes the Independent Investigator's resources, and Maricopa County taxpayer money, should be spent on investigations into current MCSO employees to

ensure that MCSO's employees did not engage in misconduct to the detriment of the Plaintiff class and the community. Investigations into former employees, whether they left MCSO before or after an investigation of misconduct began, has limited benefit and does not effectively utilize the limited resources available.

**RESPECTFULLY SUBMITTED** this 13th day of July, 2017.

>            WILLIAM G. MONTGOMERY
>            MARICOPA COUNTY ATTORNEY
>
>            BY: /s/ Joseph I. Vigil
>                JOSEPH I. VIGIL, ESQ.
>                Attorneys for Defendant Paul Penzone

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2017, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ Nicole Anderson
S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Pleadings\Word\Penzone Resp Pursuant to 2076 071317.docx