# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

In a July 6, 2017 letter, Daniel G. Giaquinto, Independent Investigator, poses a question to the Court pursuant to ¶ 311 of the Court's Second Amended Second Supplemental Permanent Injunctive Order (Doc. 1765). Paragraph 311 authorizes Independent Investigator Giaquinto to apply to the Court to make any legal determinations necessary to his investigations. In that regard, Independent Investigator Giaquinto asks whether he can take into account as one factor that the principle of an investigation has retired and is no longer subject to administrative discipline by the MCSO when assessing whether an investigation is warranted. It appears to the Court that this question is not, technically speaking, a legal question covered by ¶ 311. Rather, it is a question that involves the exercise of the discretionary authority this Court has already vested solely in Independent Investigator Giaquinto.

In Paragraph 313 of the Order (Doc. 1765) the Court notes:

> [T]he Independent Investigator has the *sole* authority to determine whether reinvestigations or new charges arising from the Findings of Fact should or should not be pursued. The Independent Investigator has the right to consider the severity of the misconduct, its apparent merit, the practicality of bringing charges, and the expense of pursuing such charges in making this determination in accord with how such determinations would be made by a responsible internal affairs unit within a police agency of the similar size to the MCSO.

¶ 313 (emphasis added).

As previously noted in the Order such decisions are not appealable by the parties, ¶ 317, but any decision not to pursue charges shall be explained in writing to the parties, ¶ 314.

The Court, in responding to the question does not wish to constrain the independent authority already afforded to Independent Investigator Giaquinto. If, in his sole judgment, "a responsible internal affairs unit within a police agency of the similar size to the MCSO," would consider whether the expense of an investigation is merited in light of the inability to impose any discipline on a former employee as one factor in determining whether an investigation should proceed, then he is already authorized to do so by the Order.

Dated this 14th day of July, 2017.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge

# COMPLIANCE & JUSTICE RESOURCES, LLC



July 6th, 2017

**Via Email and Regular Mail**

Honorable G. Murray Snow, USDJ
United States District Court, District of Arizona
Sandra Day O'Connor US Courthouse, Suite 622
401 West Washington Street, SPC 80
Phoenix, AZ 85003

**RE: Melendres v. Arpaio, Legal Determination Request, Paragraph 311 of the Second Amended Second Supplemental Permanent Injunction/Judgment Order**

Dear Judge Snow:

I am writing to you under the provision of paragraph 311 of the Second Amended Second Supplemental Permanent Injunction/Judgment Order (Order) enabling the Independent Investigator to seek legal determinations. Specifically, I am writing regarding the issue of opening an IA investigation against members of the Maricopa County Sheriff's Office who have retired before the initiation of the investigation, where the opening of the investigation may otherwise be appropriate under ¶¶ 296 and 301 of the Order (all paragraph citations are to the Order).

Where the principle or a principle of an investigation retires after the initiation of the investigation, I continue the investigation to its conclusion. This is consistent with ¶ 171 which prohibits the termination of an administrative investigation "because the principal resigns or retires to avoid discipline," and ¶ 303 which directs the Independent Investigator to conduct investigations to the extent possible in compliance with the processes and standards set forth in the Order that apply to the MCSO Professional Standards Bureau.

My question is whether the direction of ¶ 171 was also meant to apply to those situations where a principle retires before the initiation of the an investigation by the Independent Investigator? Stated another way, when assessing the Findings of Fact to determine whether an investigation would be appropriate, in keeping with the direction of ¶ 308 to operate as efficiently and effectively as possible, may I take into account that the principle has retired and is no longer subject to administrative discipline when assessing whether an investigation is warranted?

The clarification I seek would impact the use of my discretion in determining whether a new investigation of a retiree is appropriate, particularly in situations where no active member would be a principle. Thank you for your consideration in this matter.

Very Truly Yours,

**Daniel G. Giaquinto**
Independent Investigator

CC: Parties, Melendres v. Arpaio

Golden Crest Corporate Center ~ 2273 State Highway 33 ~ Suite 207 ~ Hamilton, NJ 08690 ~ Tel: 609.981.7600 ~ Fax: 609.981.7601 ~ Email: dgiaquinto@cjrllc.net