# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et. al., | **Case No. CV-07-2513-PHX-GMS** |
| Plaintiffs, | **PROTECTIVE ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, et. al., | |
| Defendants. | |

Having reviewed the Plaintiffs' Motion for a Protective Order (Doc. 2119) and no responses having been filed, (Doc. 2119), and good cause appearing,

**IT IS HEREBY ORDERED GRANTING** the Plaintiffs' Motion for a Protective Order as follows:

1. This Protective Order governs the treatment and handling of all "Confidential Information," as defined below, submitted as part of the claims application process of the compensation program ordered by this Court on August 19, 2016 (Doc. 1791), titled "MCSO Immigration Stops and Detention Compensation Fund," (hereinafter "Compensation Program"),

1

including on any form, document or multimedia provided or created as part of the Compensation Program claims process.

2. As used herein, the term "Person" includes a natural person or non-natural entity.

3. As used herein, the term "Claimant" means a natural person who applies for compensation through the Compensation Program.

4. The term "Counsel" includes counsel and support staff for the Parties in the above-captioned matter, and counsel and support staff for claimants participating in the Compensation Program.

5. The term "Confidential Information" is intended to be given liberal construction and includes, but is not limited to:

   a. information protected from disclosure by any federal law, state law, judicial or administrative order, Federal Rule of Civil Procedure, or Local Rule of the District Court for the District of Arizona;

   b. any information containing a personal identifier including, but not limited to, an individual's name, telephone number, street address, specific name of apartment complex, Social Security number, individual taxpayer identification number ("ITIN"), date of birth, doctor/medical providers' names, employers/businesses' names, or other numerical identifier;

   c. photo identification including, but not limited to, driver's licenses, passports, immigration documents, or consular identification cards;

   d. all documents, materials, and/or information disclosed by the United States Department of Homeland Security ("DHS") in the above-captioned action, subject to the terms of the Protective Order at Doc. 1581.

6. The Confidential Information shall be used solely for the purpose of determining a claimants' eligibility to receive compensation and paying said compensation through the Compensation Program arising out of the above-captioned action, and shall not be used for any other purpose or suit, unless otherwise specified in this Protective Order.

7. No copies of Confidential Information shall be made except for purposes of the Compensation Program.

2

8. Documents containing Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a. the individual who is the subject of the document or his/her designated representative;

    b. counsel representing applicants with respect to their claims for compensation from the Compensation Program;

    c. counsel for the Parties in the above-captioned action and designated Party representatives;

    d. BrownGreer as the neutral third-party claims' administrator of the Compensation Program;

    e. translators, interpreters, document services firms, or others reasonably necessary in the course of the Compensation Program's claims process;

    f. the Centers for Medicare and Medicaid Services ("CMS") to determine entitlement to benefits and fulfill reporting requirements under the Medicare, Medicaid and SCHIP Extension Act of 2007, ("MMSEA") in connection with this Compensation Program;

    g. state governments to determine entitlement to Medicaid benefits and fulfill Medicaid reporting requirements in connection with this Compensation Program;

    h. the United States Internal Revenue Service and other federal, state, or local tax agencies or officials and their agents and representatives, to fulfill potential tax reporting requirements related to this Compensation Program;

    i. the Court and its staff;

    j. a person or entity specifically authorized by the claimant in writing. The person or entity expressly authorized shall only have access to the claims information concerning that claimant but not to any other claims information;

    k. the United States Department of Justice and other federal, state, or local law enforcement agencies or officials and their agents and representatives, for purposes of conducting an investigation, prosecution, or other criminal

3

proceeding, against people suspected of providing false information for the purpose of obtaining compensation they were not entitled to through this program.

9. In the event a person or entity authorized to receive Confidential Information pursuant to this Order receives a subpoena, a court order, or order from an administrative agency requiring disclosure of Confidential Information, that person or entity will strive to keep the information confidential and cite to this Order as necessary, and will notify the Parties regarding the receipt and contents of the subpoena, court order, or order from an administrative agency requiring disclosure of Confidential Information. Compliance with a subpoena, court order, or order from an administrative agency that compels disclosure will not be considered a violation of this Order.

10. If a receiving person or entity discloses Confidential Information to any person not authorized to receive such disclosure, the receiving person or entity must, upon learning that such disclosure has been made, inform any claimant whose information has been disclosed and their counsel, request the return of the Confidential Information to the extent possible, and seek to minimize any further disclosure. This paragraph does not authorize disclosure beyond that otherwise permitted by this Protective Order.

11. Nothing herein prevents a claimant, claimant's representative, or Plaintiffs' counsel, and Defendants from reaching voluntary agreements to resolve any disputes or from agreeing that certain information otherwise protected by the Order can be used for a specified purpose not otherwise sanctioned herein, provided any such agreement is memorialized in a writing signed by the parties to the agreement.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

12. The terms of this Order shall be binding upon all current and future participants in the above-captioned matter and their counsel, and third-parties associated with the Compensation Program, such as BrownGreer, translators, interpreters, and document services firms. The Parties and their counsel, the applicants and their counsel, and BrownGreer will inform anyone working on their behalf, and who will handle Confidential Information, of the contents of this Order and confirm they agree to it.

Dated this 11th day of October, 2017.

_____
Honorable G. Murray Snow
United States District Judge