IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al. | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

Pending before this Court are: (1) the Joseph Arpaio and Gerard Sheridan's Motion for Recusal of the Court and its Monitor (Doc. 1878); (2) Their Renewed Motion for Leave To File Motion For Discovery of Ex Parte Communications Between the Court and the Monitor (Doc. 1884); and (3) Sheridan's Renewed Motion to Substitute Counsel with Consent, Or in the Alternative Motion for Clarification (Doc. 2121).[1]

/ / /

---

[1] Sheriff Penzone does not assert these motions.  Lieutenant Sousa initially joined Sheriff Arpaio and Chief Deputy Sheridan in bringing Doc. 1878 and Doc. 1884 and the briefing with respect to them, but, upon his retirement from the MCSO he concluded he lacked standing to bring them and therefore withdrew from the motions.  Doc. 2044.

For the reasons explained below, neither Joseph Arpaio nor Gerard Sheridan have standing to seek to recuse this Court or its Monitor, or to seek to reopen discovery.  Even if they had such standing, they have long ago waived any right to seek to disqualify this Court or vacate its decisions.  Gerard Sheridan's motion for clarification is granted, however, to the extent that he has changed counsel in pursuing his motions.  His new counsel, Wilenchik and Bartness is authorized to receive this order.  But Gerard Sheridan has never been a party to this action, and to the extent that the Court allowed him to be heard so that he could defend himself pertaining to whether he was a non-party civil contemnor such participation is no longer indicated.

**STANDING**

Neither Joseph Arpaio nor Gerard Sheridan have standing to seek to recuse this court and/or the monitor, nor to seek to reopen discovery.  Mr. Arpaio is no longer Sheriff of Maricopa County.  Upon Mr. Arpaio's electoral defeat, Mr. Sheridan, who had been Mr. Arpaio's Chief Deputy, retired.  Sheriff Penzone pursued neither of their motions. (Doc. 1977).

To the extent that Misters Arpaio and Sheridan assert standing the Ninth Circuit has already addressed these identical issues in the context of Mr. Sheridan's appeal of this Court's contempt and sanction orders.  It found that none of these bases provides standing for Mr. Sheridan to appeal.   For similar reasons they provide neither Mr. Sheridan nor Mr. Arpaio with standing to seek this Court's recusal, or to discover communications between this Court and the Monitor in an attempt to vacate any part of the relief that this Court has long ago entered.

The Ninth Circuit determined that Mr. Sheridan has no standing to appeal because "he has incurred no personal liability financial or otherwise, as a result of the district court's judgment or finding of civil contempt."  Neither has Mr. Arpaio.  Therefore this Court's determination of civil contempt affords standing to neither of them.

To the extent that this Court required the appointment of an Independent Investigator and Independent Disciplinary Authority to make disciplinary determinations

with respect to the MCSO which might have involved Sheridan, these authorities have no authority to discipline Joseph Arpaio because, even as the former elected Sheriff of Maricopa County, he was not an employee of MCSO and was not subject to its disciplinary policy.  To the Court's knowledge he is not, nor can he be, a principle in any of the investigations of the Independent Investigator or the Independent Disciplinary Authority.  Mr. Sheridan's subsequent retirement from the MCSO puts him beyond the purview of MCSO discipline and, as a result, no discipline will be imposed, even should the Independent Investigator continue to investigate Mr. Sheridan and even should he determine that Mr. Sheridan committed acts of misconduct as Chief Deputy.[2]  In such a case, the Independent Authority, which is the authority vested with making final disciplinary decisions under the order, merely indicates that the subject of the investigation has "retired" instead of making any disciplinary determination.  This is consistent with MCSO policy generally.  (Doc. 2127).

The Ninth Circuit further noted that this Court's referral of criminal contempt charges on Sheridan, standing alone, carried no legal consequence.  The same is true for Mr. Arpaio.  As the Court notes both "depend[s] on the unfettered choices made by independent actors not before the courts."  *Melendres v. Maricopa Cty.*, No. 16-16663, Doc. 2157-2, slip op. at 2 (9th Cir. Nov. 1, 2017) citing *Leu v. Int'l Boundary Comm'n.* 605 F.3d 693, 695 (9th Cir. 2010) *quoting Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 562 (1992).   To the extent that Sheridan asserts that this Court's findings resulted in a separate investigation of him by the Arizona Peace Officer Standards and Training Board (POST), such an action by POST is similarly beyond the ability of this Court to direct or conduct.[3]

---

[2] The Court is currently aware of no such determinations.  Discretion to make such investigative decisions is vested alone in the Independent Investigator and is beyond the purview of this Court.   (Doc. 1765).

[3] POST apparently indicated to Sheridan that its investigation was "initiated as a result of information being received from the United States District Court for the District of Arizona."  To the extent that Sheridan reads that language as meaning that this Court in any way contacted POST to request or suggest such an investigation, he is in error.

Joseph Arpaio's loss of office and Mr. Sheridan's retirement from the MCSO moot any obligation on the MCSO that had to be implemented by them, they identify no employment lost as a result of the Court's finding of contempt or otherwise and any reputational interest that they might have is insufficient to provide standing. *Melendres v. Maricopa Cty.*, No. 16-16663, Doc. 2157-2, slip op. at 2 (9th Cir. Nov. 1, 2017) citing *Jackson v. Cal. Dep't of Mental Health,* 399 F,3d 1069, 1075 (9th Cir. 2005).  The Ninth Circuit thus concluded that "Sheridan also lacks standing to seek recusal of the district judge and monitor since, for the reasons mentioned, he has no legally cognizable interest in the litigation at this point."  Neither does Mr. Arpaio.  They similarly lack standing to vacate any order of this Court.

## WAIVER

Even had this Court determined that either Mister Arpaio or Mister Sheridan had standing, they have long ago waived any right to seek to recuse this Court or vacate its orders based on any communications the Court had with its Monitor.  Throughout the proceeding the Court made it clear that he was communicating with his Monitor and disclosed those communications to the parties and to Mr. Sheridan.   The motions themselves make that obvious.  Yet neither Mr. Arpaio nor Mr. Sheridan brought any requests for recusal or discovery in support of a motion to vacate until approximately a year after the proceedings terminated.  Pursuant to applicable Ninth Circuit law, Arpaio and Sheridan have waived any right to subsequently seek to recuse the Court or its Monitor or vacate its orders.  *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d 1289, 1295 (9th Cir. 1992). (holding that a litigant should not be allowed to use an untimely recusal motion to vacate prior ruling and thus give litigants a "second bite at the apple.").

**IT IS THEREFORE ORDERED** denying Arpaio and Sheridan's Motion for Recusal, (Doc. 1878), and their Renewed Motion for Leave to File Motion For Discovery of Ex Parte Communications Between the Court and the Monitor (Doc. 1884).

/ / /

**IT IS FURTHER ORDERED** granting the Renewed Motion to Substitute Counsel with Consent, or in the alternative Motion for Clarification, (Doc. 2121), as noted above.

Dated this 14th day of November, 2017.

_____
Honorable G. Murray Snow
United States District Judge