

FILED

MAR 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DE JESUS ORTEGA MELENDRES, on behalf of himself and all others similarly situated; JESSICA QUITUGUA RODRIGUEZ, on behalf of themselves and all others similarly situated; DAVID RODRIGUEZ, on behalf of themselves and all others similarly situated; VELIA MERAZ, on behalf of themselves and all others similarly situated; MANUEL NIETO, Jr., on behalf of themselves and all others similarly situated; SOMOS AMERICA,<br><br>        Plaintiffs-Appellees,<br><br>UNITED STATES OF AMERICA,<br><br>        Intervenor-Plaintiff-Appellee,<br><br> v.<br><br>MARICOPA COUNTY,<br><br>        Defendant,<br><br> v.<br><br>GERARD A. SHERIDAN,<br><br>        Movant-Appellant. | No.   16-16663<br><br>D.C. No. 2:07-cv-02513-GMS<br>District of Arizona,<br>Phoenix<br><br><br>ORDER |

Before:  Peter L. Shaw, Appellate Commissioner.

I
Background

Manuel De Jesus Ortega Melendres and the other plaintiff-appellees (collectively, "Melendres") obtained an injunction against Maricopa County pursuant to 42 U.S.C. § 1983.  Gerard A. Sheridan, a now-retired employee of Maricopa County, appealed from the district court's order finding that he had committed civil contempt by disobeying the injunction.  After Sheridan filed his opening brief, the court granted Melendres's motion to dismiss the appeal for lack of standing.

Melendres filed a motion for attorneys' fees pursuant to 42 U.S.C. § 1988, which Sheridan opposed, in part, on the ground that some of the requested fees were not reasonably related to the motion to dismiss.  The court granted the motion, and awarded attorneys' fees and costs "related to Sheridan's dismissal." The court held, however, that Melendres "did not succeed in opposing Sheridan's appeal on the merits," and awarded "no fees for preparing the answering brief." The court referred the matter to the Appellate Commissioner to determine the amount of the award of fees and costs.

II
Analysis

A    Applicable Law

A prevailing party under a federal fee-shifting statute such as 42 U.S.C. § 1988 is entitled to a reasonable fee award, which a court determines using the lodestar method.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (analysis for determining reasonable fee applies to all similarly worded fee-shifting statutes).  The lodestar method is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

B    Fee Request

Melendres filed a request for attorneys' fees of $63,460.92 for the work of his attorneys and a paralegal in 2016 and 2017 as follows:  82.6 hours at $225 an hour by Kathryn Huddleston, Esq.; 0.5 hours at $350 an hour by Kathleen Brody, Esq.; 1.24 hours at $775 an hour by Cecilia Wang, Esq.; 3.1 hours in 2016 at $495 an hour and 44 hours in 2017 at $515 an hour by Andre Segura, Esq.; 12.24 hours at $445 an hour by Katrina Eiland, Esq.; 12.5 hours at $805 an hour by Stanley

Young, Esq.; 6.9 hours at $365 an hour by Gizem Orbey, Esq.; and 4.1 hours by paralegal Julie Romanow at an hourly rate of $370.

C     Hourly Rates

Sheridan has not objected to the hourly rates requested by Melendres's attorneys. A review of the fee materials, and prior fee awards for some of the attorneys representing Melendres, show that the claimed rates are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990) ("rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

D     Reasonable Hours

Sheridan contends that Melendres requests fees for time spent on tasks unrelated to the motion to dismiss. The panel order referring the fee determination directed the Appellate Commissioner to "award [Melendres] no fees for preparing the answering brief."

Attorneys' fees may be awarded for work that is " 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation."

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 560, 561 (1986) (quoting *Webb v. Bd. of Educ.*, 471 U.S. 234, 243-44 (1985)).  Accordingly, Melendres is entitled to fees for work useful and necessary to obtaining the dismissal of the appeal, but not to fees attributable only to preparing the answering brief.

    Sheridan identifies in a chart accompanying the fee opposition time representing $18,977.50 in claimed attorneys' fees that Sheridan contends bears no relationship to the motion to dismiss.  In addition to identifying time expended solely on the answering brief, however, Sheridan also identifies tasks that were reasonably expended in pursuit of the dismissal of this appeal, including time spent reviewing the opening brief, which was necessary to prepare the motion to dismiss.  Melendres's fee motion includes a declaration stating that 16.7 hours of Ms. Huddleston's time is attributable to legal research for and drafting of the answering brief, which amounts to $3,757.50.  Melendres does not otherwise identify tasks in the billing records that are attributable solely to preparing the answering brief.

    A review of the billing records, the chart accompanying Sheridan's fee opposition, and Melendres's declaration concerning Huddleston's time shows that fees (totaling $10,583.50) claimed on the dates in the following table are

attributable solely to the answering brief and are not compensable, pursuant to the panel's referral order:

| Timekeeper | Dates | Hours |
|---|---|---|
| Huddleston | 2017: June 8, 9, 10, 11 | 16.7 |
| Young | 2016: Oct. 10, 12, 19, 20, 21 | 3.7 |
| | 2017: Jan. 14 | 0.2 |
| Orbey | 2016: Oct. 12, 19, 21 | 8.7 |
| | 2017: Jan 3, 6 | 1.4 |

The other billing entries to which Sheridan objects in the chart accompanying his opposition are for tasks reasonably expended in the appellate litigation leading to the motion to dismiss, and are not solely attributable to the answering brief. Accordingly, fees for those tasks are awarded. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 561.

Sheridan also contends that Melendres should not be entitled to any fees for time related to the motion to dismiss because it duplicated the work of appellee United States, which also filed a motion to dismiss on the same grounds. In granting the motion for fees, the panel implicitly rejected this argument, which, in any event, lacks merit.

The cases that Sheridan cites to support his contention that the time expended on Melendres's motion to dismiss was duplicative involved attorneys

representing the same party. Counsel for Melendres were ethically bound to represent Melendres and to file a motion to dismiss on his behalf, if appropriate. Part of that representation could reasonably entail communicating with counsel for the intervenor United States, in order to elaborate on or avoid duplicating arguments made by the other party. The time expended here was reasonable and is awarded.

Sheridan does not challenge any other hours expended by Melendres's attorneys. A review of the billing records, the issues on appeal, and the record shows that the time expended was reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (court should, by and large, defer to the winning lawyer's professional judgment regarding the time required to spend on the case).

### III
### Conclusion

Attorneys' fees in the amount of $52,877.42 are awarded in favor of Manuel De Jesus Ortega Melendres and the other plaintiff-appellees and against appellant Gerard A. Sheridan. This order amends the court's mandate. *See* Fed. R. App. P. 41.