Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Kathleen E. Brody
kbrody@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys*
*for Plaintiffs listed on next page)*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' MOTION TO EXTEND VICTIM COMPENSATION PROGRAM CLAIMS PERIOD** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, et al., | |
| Defendants. | |

1   Additional Attorneys for Plaintiffs:

2

3   Stanley Young (*Pro Hac Vice*)        Julia A. Gomez (*Pro Hac Vice*)
    syoung@cov.com                        jgomez@maldef.org
    Covington & Burling LLP               Mexican American Legal Defense and
4   3000 El Camino Real                   Educational Fund
    5 Palo Alto Square                    634 South Spring Street, 11th Floor
5   Palo Alto, CA  94306                  Los Angeles, California 90014
    Telephone: (650) 632-4700             Telephone: (213) 629-2512
6   Facsimile: (650) 632-4800             Facsimile: (213) 629-0266

7

8   Anne Lai (*Pro Hac Vice*)             James B. Chanin (*Pro Hac Vice*)
    alai@law.uci.edu                      jbcofc@aol.com
9   401 E. Peltason, Suite 3500           Law Offices of James B. Chanin
    Irvine, CA 92697                      3050 Shattuck Avenue
10  Telephone: (949) 824-9894             Berkeley, CA 94705
    Facsimile: (949) 824-0066             Telephone: (510) 848-4752
11                                        Facsimile: (510) 848-5819

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs respectfully move the Court to extend the time for individuals to submit claims to the Victim Compensation Program by six months, from December 3, 2018, to May 3, 2019. *See* Doc. 1791 at 5 (setting timeline for program). Plaintiffs further request a $40,000 enlargement of the program budget to cover the administrative costs of a six-month extension and further efforts to locate individuals. The parties and the claims administrator, BrownGreer PLC, have worked collaboratively to locate individuals affected by Defendants' violations of this Court's preliminary injunction order. However, they have had to adjust the approach for locating and notifying individuals entitled to compensation following the commencement of the claims period due to a number of factors, including difficulties in locating Track A individuals. An extension is necessary to allow additional efforts to locate Track A individuals to run their course and to provide those individuals time to prepare and submit their claims.

## I.   An Extension of the Claims Period Is Necessary to Locate Track A Individuals

### a.  Background

On May 13, 2016, the Court found that "at least hundreds of members of the Plaintiff class . . . have been injured by the Contemnors' past failures to take reasonable steps to implement this Court's preliminary injunction." Doc. 1677 ¶ 879. The parties engaged in discussions about how best to address these injuries, and, following an order by this Court, submitted joint proposals for a program to compensate these individuals. Doc. 1747. On August 19, 2016, the Court issued an order setting forth the terms of the Victim Compensation Program. Doc. 1791. The Program provides for a $200,000 budget for BrownGreer to provide notice and conduct outreach to potentially eligible individuals about the availability of compensation, and a 365-day claims period, among other things. *Id*. at 5. After many months of planning, the Victim Compensation Program claims period opened on December 1, 2017.

### b.  Notice and Outreach Efforts

Although the claims period opened in late 2017, notice and outreach planning has been an iterative process. Since the claims period opened, BrownGreer has provided the

1

parties with updates on claims that have been submitted and summaries of notice and outreach efforts, and the parties have provided feedback about existing efforts and suggestions for other potential outreach efforts. For example, Plaintiffs provided BrownGreer with a list of community organizations and local consulates to assist with outreach efforts, and BrownGreer has continued to reach out to these and other organizations and consulates' offices. *See* Declaration of Julia A. Gomez in Support of Plaintiffs' Motion to Extend Victim Compensation Program Claims Period ("Gomez Decl."), Ex. A at 3-4 (May 2, 2018 reply from Brenda Muñoz-Furnish and May 4, 2018 reply from BrownGreer). In addition, Plaintiffs have engaged in their own outreach efforts to encourage and assist eligible individuals to submit claims, including organizing and hosting three clinics with volunteer lawyers to assist people with preparing and submitting claims, participating in interviews with media, including Spanish-language media, and asking community organizations to assist with locating individuals who might be eligible. Gomez Decl. ¶ 8.

Despite these efforts, a smaller than expected number of individuals submitted claims under the Program; as of September 28, 2018, for example, only seventy-nine claims were submitted. Gomez Decl., Ex. B at 1. In response, BrownGreer and the parties adjusted their approach to certain notice and outreach efforts. The most significant adjustment has been in the methods by which BrownGreer and the parties have attempted to locate Track A individuals.

First, BrownGreer originally contemplated that it would mail notices to all known Track A individuals, *see* Gomez Decl., Ex. C at 1, a total of 189 persons, Gomez Decl. ¶ 6. However, BrownGreer learned when it received data from MCSO about the Track A list that it included only names and dates of birth, not mailing addresses. *Id.* ¶ 5. BrownGreer has been engaged in discussions with the parties about what to do about this problem, particularly in light of the small number of claims submitted. In May of this year, at Plaintiffs' suggestion, BrownGreer began looking into "skip tracing" to locate Track A individuals. Gomez Decl., Ex. A at 1-4 (May 2, 2018 reply from Ms. Muñoz-

Furnish, May 4, 2018 reply from BrownGreer, May 7, 2018 reply from Ms. Muñoz-Furnish, and May 8, 2018 reply from BrownGreer). Per BrownGreer, "skip tracing" refers to attempts to locate individuals and is routinely conducted in settlement programs. *Id.* at 3 (May 4, 2018 reply from BrownGreer). Generally, the most simple and cost-effective approach is to conduct a "batch search" with a data curator by using unique inputs to attempt to determine who someone is or where someone is located. *Id.* at 3-4. Here, because the Track A list does not include unique inputs such as a phone number or last known address, a more advanced and costly form of skip tracing, involving individual searches, is needed. *Id.* at 4. This requires a trained investigator to look for and analyze ambiguous information about each person on the list. *Id.*

In May of this year, BrownGreer had Thompson Reuters conduct a free one-time batch search using the names and dates of birth of the Track A individuals. *See id.* at 1-2 (May 8, 2018 reply from BrownGreer and May 8, 2018 reply from Ms. Muñoz-Furnish). On June 25, 2018, BrownGreer informed the parties that it had identified sixty-one individuals who matched a name and date of birth in the Track A list, Gomez Decl., Ex. C at 2, and BrownGreer mailed notices to these individuals on August 14, 2018, Gomez Decl., Ex. D at 2.[1]

In addition, the Court's order on the Victim Compensation Program contemplated notice and outreach efforts that would target individuals not only in the United States but along the U.S./Mexico Border and in Mexico. Doc. 1791 at 5. BrownGreer had been in contact with consulates' offices, but it took some time to identify and make arrangements with an organization in Mexico, called Centro de los Derechos Migrantes, to implement a more comprehensive Mexico outreach program. That program did not get underway until May of this year. *See* Gomez Decl., Ex. A at 3 (May 4, 2018 reply from BrownGreer).

---

[1] Without more detailed searches, BrownGreer does not definitively know whether the sixty-one individuals identified through the batch search are the same people on the Track A list or whether they received the notices sent to them. Gomez Decl., Ex. C at 2. Advanced skip tracing could help BrownGreer locate additional individuals.

Plaintiffs' requested six-month extension of the Program would allow BrownGreer to conduct more advanced searches to locate Track A individuals, would allow a full year for the Mexico outreach efforts to bear fruit, and would provide individuals who are located time to prepare and submit their claims. In the meantime, Plaintiffs intend to continue their own outreach efforts in coordination with community organizations and others, including hosting workshops to inform individuals about the Program and assist them with filing claims, and participating in media interviews to discuss the Program.

### c. Proposed Extension and Costs

Plaintiffs propose a six-month extension so that BrownGreer can conduct advanced skip tracing to attempt to locate Track A individuals and to capture the benefit of other outreach efforts.

BrownGreer estimates that conducting advanced skip tracing to locate Track A individuals will cost at least $10,000. Gomez Decl. ¶ 5. According to BrownGreer, there is approximately $10,000 left in the notice and outreach budget for a November reminder notice campaign that BrownGreer can reallocate to advanced skip tracing efforts. *Id.* The County does not object to BrownGreer reallocating this money to conduct advanced skip tracing searches of Track A individuals. *Id.* ¶ 7.

BrownGreer estimates that it will cost approximately $36,000 to cover administrative expenses for six months beyond the current claims deadline. *Id.* ¶ 5. The expenses per month can be broken down as follows:

| Potential Claim Filing Deadline Extension – Estimated Expenses Per Month | | |
|---|---|---|
| | **Task** | **Estimated Amount** |
| **1.** | **Monthly Database and Website Maintenance; Website and Cloud Based Expenses** | $750 |
| **2.** | **Communications Center-Monthly Maintenance** | $300 |
| **3.** | **IVR and Long Distance Minutes** | $50 |
| **4.** | **Communications Center Management & Reporting; Respond to Class Member Correspondence** | $2,000 |
| **5.** | **P.O. Box (Minimum 6 Months)** | $10 |
| **7.** | **Project Oversight** | $2,775 |
| **8.** | **Mail Intake, Processing & Storage** | $50 |
| **9.** | **Total** | $5,935 |

The expenses described in rows four and seven are conservative estimates. *Id.* Plaintiffs request a $40,000 enlargement of the program budget to cover the $36,000 in administrative costs for a six-month extension of the Program and to cover any additional expenses necessary to locate individuals.

## II.  Conclusion

The parties and BrownGreer have worked diligently to locate and assist individuals affected by Defendants' violations of this Court's preliminary injunction order. Nonetheless, a relatively small number of impacted individuals have filed claims under the Program, and it has been more difficult than anticipated to locate Track A individuals. In order to attempt to locate additional Track A individuals and give these individuals time to file claims, Plaintiffs respectfully move the Court to extend the time for these individuals to submit claims to the Program by six months, from December 3, 2018, to May 3, 2019. Plaintiffs further request a $40,000 enlargement of the program budget to cover the administrative costs of a six-month extension and efforts to locate individuals.

Dated this 19th day of October, 2018.

By: /s/ *Julia A. Gomez*

Julia A. Gomez (*Pro Hac Vice*)
Mexican American Legal Defense and
Educational Fund

Kathleen E. Brody
ACLU Foundation of Arizona

Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Covington & Burling, LLP

James B. Chanin (*Pro Hac Vice*)

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.  Notice of this filing will be  sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

*/s/  Julia A. Gomez*
Julia A. Gomez