Richard K. Walker, SBN 004159
**WALKER & PESKIND, PLLC**
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337
*Counsel for Defendant Maricopa County, Arizona*

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> Paul Penzone, et al., <br><br> Defendants. | **CASE NO.: 2:07-CV-02513-GMS** <br><br> **DEFENDANT MARICOPA COUNTY, ARIZONA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND VICTIM COMPENSATION PROGRAM CLAIMS PERIOD** <br><br> [Assigned to Judge G. Murray Snow] |

Defendant MARICOPA COUNTY ("the County") hereby submits its Response in Opposition to Plaintiffs' Motion to Extend Victim Compensation Program Claims Period (Doc. 2321).  Plaintiffs seek to extend the deadline for claim submission in this heavily negotiated, previously court-approved Victims Compensation Program ("Program") by six months, and to require the County' taxpayers to provide an additional $40,000 in administrative funding, solely because "a smaller than expected number of individuals submitted claims under the Program . . . ."  Motion to Extend ("Mtn.") at 2.  The County

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**WALKER & PESKIND, PLLC**

Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

opposes Plaintiffs' proposed 50% expansion of the Program's agreed upon claim submission period and its attendant cost, which Plaintiffs have understated by failing to account for the cost of claims processing.

As the Court is aware, this Program came about as the result of many months of negotiations among the parties, with most terms having been agreed to by the Plaintiffs, then Sheriff Joseph Arpaio ("the Sheriff"), and the County,[1] before they were presented to the Court for approval in a joint submission filed July 19, 2016.  *See* Doc. 1747. Among the terms agreed to among the parties was the requirement that claims be submitted "within 365 days from the first issuance of program notice by Brown Greer through any public media outlet (which will also be the date when Brown Greer will be ready to begin receiving applications)."  Doc. 1749-1 at 4.[2]  The requirement that the "timeframe within which claimants must submit a claim . . . [should be] one year from the start of the program," originated in the initial written proposal from Plaintiffs' counsel put forth on October 20, 2015.  Declaration of Richard K. Walker dated November 5, 2018 ("Walker Dec."), at ¶¶ 3-4.  Counsel for the Sheriff and the County agreed to this aspect of Plaintiffs' proposal in a conference call on October 21, 2015.  *Id.* at ¶ 5.

---

[1]  Although the majority of the terms of the Program were agreed to as indicated in the text above, the Sheriff and the County made clear that their agreement was subject to a reservation of rights to appeal certain aspects of the Program.  *See* Doc. 1747 at 2. Nothing in this Response should be seen as waiving or compromising any of those reserved rights.
[2]   Page number references for documents filed with the Court refer to the Court's pagination on the document as filed, not that inserted in the original document before filing.

At a hearing on July 8, 2016, prior to the joint submission on July 19, 2016, the Court engaged counsel in a colloquy to ensure that the terms on which the parties had reached agreement were clearly identified.  With respect to the claims submission period in particular, the following exchange occurred:

> THE COURT:  * * * Each claimant has 12 months to submit a claim.  It was my understanding that there was agreement on that.
>
> MR. WALKER:  Yes.  I believe the program – it's contemplated that the program would remain active and would receive claims for a 12-month period.
>
> THE COURT:  Ms. Wang, agreement on that?
>
> MS. WANG:  Yes, Your Honor.  And I'll actually defer to Ms. Pedley, with apologies for her telephonic appearance.   She's handled this matter.
>
> THE COURT:  All right. Ms. Pedley?
>
> MS PEDLEY:  Yes, Your Honor.
>
> THE COURT:  Is that correct?
>
> MS. PEDLEY:  That is correct.
>
> THE COURT: All right. Then I'm going to ask 12 months from when?
>
> MR. WALKER:  I believe what we contemplated was 12 months from the initial public announcement of the program and its being open to receive claims.
>
> THE COURT:  Is that correct, Ms. Pedley?

3

MS. PEDLEY: That's correct.

Tr. (July 8, 2016) at 13:11-14:5.

Presumably in reliance on these assurances from counsel and other filings to the same effect, when the Court issued its August 19, 2016 Order regarding the Program, it specified that "[c]laims must be initiated within 365 days from the first issuance of program notice by BrownGreer through any public media outlet (which will also be the date when BrownGreer will be ready to begin receiving applications)."  Doc. 1791 at 5. Thus, Plaintiffs originally proposed the one-year claims submission period, and they have repeatedly confirmed their approval of it up until shortly before filing their pending Motion on October 19, 2018.  Now they want the Court to reopen the deal they agreed to and for which they (along with the other parties) sought the Court's approval, rewrite one of its key terms, and impose that new term and attendant costs on the Defendants.  It seems a deal is not a deal, from the Plaintiffs' perspective, and they think they should be bound by the terms of their agreements only until such time as they decide they want what they perceive to be more favorable terms.

If the volume of claims had been much higher than expected, resulting in costs to the County surpassing those anticipated at the time this agreement was struck, little imagination is required to envision what Plaintiffs' reaction would be to an attempt by the Sheriff and/or the County to induce the Court to alter terms to which they had agreed. There was risk to all parties in entering into the agreement that some aspect of the program would produce results not as expected, hoped for, or not to their liking.

WALKER & PESKIND, PLLC

Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

4

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

As was explained to the Court at a hearing on May 31, 2016, during a discussion of the terms of the Program to which the parties had then agreed, the Program was intended as an alternative, voluntary, opt-in, compromise program that would be claimant-friendly, with some standards relaxed, and without the formality and inconvenience that would attend bringing claims through other avenues.  Tr. (May 31, 2016) at 33:20-34:6, 37:23-38:2, 39:19-21.  Plaintiffs in their present Motion have made no attempt to account for the fact that there may be any number of potential claimants who are aware of the program and who have, for whatever reason, simply elected not to come forward and file a claim.

As the Court may recall, Plaintiffs pressed for "a budget of $200,000 to conduct the type of outreach campaign that has the best chance of reaching class members who were subjected to illegal detentions."  Doc. 1684 at 23.   While initially believing that a notice budget of $100,000 should suffice, the County ultimately acquiesced in Plaintiffs' proposal and agreed to a notice budget of $200,000.  *See* Parties' Joint Notice of Stipulated Judgment for the Victim Compensation Plan, Doc. 1747, Tab 1 at 2.

Apparently, all but about $10,000 of that amount has now been expended in an extensive, multinational, multimedia campaign to make potential claimants aware of the Program and to provide them with the information they would need if they chose to submit claims.  *See* Declaration of Julia Gomez in Support of Plaintiffs' Motion to Extend Victim Compensation Program Claims Period, Doc. 2321-1 at 3-4 (¶ 5).  Throughout the design and implementation of the Program, the County and the Sheriff have left it to BrownGreer and Plaintiffs to determine how the $200,000 notice budget

5

could be put to most effective use.  Most recently, the County agreed to Plaintiffs' proposal to divert up to $10,000 of the notice funds remaining for advanced skip-tracing. *Id*. at 4 (¶ 7).  All this effort has, according to Plaintiffs, been augmented by "outreach efforts to encourage and assist eligible individuals to submit claims to the Program" undertaken by Plaintiffs' counsel and others on the staff of the ACLU, acting on their own motion.  *Id*. at 4 (¶ 8). [3]

After all this, whether the expansion by 50% of the agreed upon period for claim submissions, along with its attendant costs, will result in any material increase in legitimate claims submitted, is anything but clear.  Certainly, Plaintiffs have offered no evidence supporting their supposition that that would be the case.  And with respect to the cost element, the additional cost that Plaintiffs would have this Court impose on the County and its taxpayers would not cover additional charges by BrownGreer for processing any additional claims, both legitimate and illegitimate, that may be submitted.  Nor does it account for the additional resources of MCSO that would be required to respond to such claims.

Plaintiffs proposed the one-year claims submission period for the Program, the parties agreed to it, and the Court approved it after taking pains to ensure that there was indeed agreement among the parties on this specific point.  The Program was thus premised from the outset on the idea that there would be a one-year window and no more

---

[3] If the past is any indicator, it is to be anticipated that Plaintiffs will, at some point, seek to have fees awarded for these activities.  For the record, if this occurs, the County will oppose an award of fees for this purpose for reasons, among others, outlined in the County's Response to Plaintiffs' Second Supplemental Motion for Award of Attorney's Fees and Related Nontaxable Expenses (Doc. 2277).

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

for potential claimants to submit claims if they chose to do so.  Accordingly, this Court should decline to allow Plaintiffs now to rewrite this fundamental term that they freely negotiated.  The Program's claim submission period should remain as it is.  A deal is a deal.


DATED this 5th day of November, 2018.


WALKER & PESKIND, PLLC


By: /s/ Richard K. Walker
  Richard K. Walker, Esq.
  16100 N. 71st Street, Suite 140
  Scottsdale, Arizona 85254-2236
  Attorneys for Defendant Maricopa County,
  Arizona

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I electronically filed Defendant, Maricopa County, Arizona's Response in Opposition to Plaintiffs' Motion to Extend Victim Compensation Program Claims Period, with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.


/s/ Michelle Giordano

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336