WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By: JOSEPH I. VIGIL (018677)
    JOSEPH J. BRANCO (031474)

Deputy County Attorneys
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et. al,<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et. al.,<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**DEFENDANT SHERIFF PAUL PENZONE'S NOTICE ADDRESSING THE COURT'S COMMENTS REGARDING THE MARICOPA COUNTY SHERIFF'S OFFICE'S ROLE IN ACHIEVING COMPLIANCE WITH THE COURT'S ORDERS** |

Defendant Sheriff Paul Penzone ("Sheriff Penzone") hereby respectfully submits this Notice to address the Court's concerns expressed at the January 18, 2019 status conference regarding the role of the Maricopa County Sheriff's Office ("MCSO") and its

1

personnel in their ongoing efforts to comply with the Court's Orders since Sheriff Penzone assumed office on January 1, 2017.  At the status conference, in commenting on the MCSO's Community Policing Plan ("Plan") under Paragraph 70 of the Supplemental Permanent Injunction/Judgment Order (Doc. 606) ("First Order"), the Court addressed Sheriff Penzone directly, informing him that

> I have concerns that I want somebody that has power in the organization and authority in the organization to tell me where things are when they are, and that they are in charge of implementing change that can happen.  Now, you're very good at always taking responsibility.  I know you do.  But you can't be in charge of everything, and you can't know the details of everything.

January 18, 2019 Status Conference Transcript attached hereto as Exhibit A ("Transcript") at p.14:18-21.[1]  Elsewhere, the Court remarked that "it might be wise if you worked out with the monitor, to the extent the monitor has difficulty believing that they have somebody in the department with the power and authority to answer where various programs are, to provide them with that."  *Id.* at p. 19:17-21.  The Court further commented that

> in matters where there has to be some accountability within the sheriff's department, you might suggest—or might consider, and maybe you've already done it and I don't know, again, and it's a matter of my own ignorance, appointing persons in the high administration of the Sheriff's Office so that I can know exactly where things stand.

*Id.* at pp. 22:23-23:3.

---

[1] Sheriff Penzone quotes the Court directly not to patronize it—the Court does not need to be told what it said—but rather to let the Court know exactly which concerns that Sheriff Penzone is responding to.

2

Given these comments, Sheriff Penzone believes it necessary to communicate directly to the Court to make it aware that, beginning with the first day Sheriff Penzone took office, he created high level positions and structures within the MCSO and appointed qualified individuals to those positions to ensure responsiveness and accountability regarding the MCSO's efforts to comply with the Court's Orders, including the following:

- Creation of a Compliance Bureau led by an Executive Chief on the same level as the Enforcement and Custody Bureaus. The Compliance Bureau oversees and is responsible for the Court Implementation Division ("CID"), the Bureau of Internal Oversight ("BIO"), Training and Development Division, Professional Standards Bureau ("PSB"), and Human Resources. BIO oversees and is ultimately responsible for the Early Intervention Unit ("EIU") and the Audit and Inspections Unit ("AIU"). The Compliance Bureau meets monthly with Division Captains as well as the Enforcement Chiefs to discuss the implementation of the Orders.

- Creation of a Chief of Staff position to oversee all non-law enforcement functions within the MCSO, including the Compliance Bureau. This same individual, Stephanie Cherny, also was appointed as in-house Special Counsel as she specializes in legal compliance and assists with Order compliance on a daily basis. This is in addition to the legal counsel received by the Maricopa County Attorney's Office.

- Appointment of individuals pursuant to Paragraph 9 of the First Order to head CID and act as a primary point of contact with the Monitor, parties and the Court regarding compliance. Sheriff Penzone appointed Lieutenant Ben Armer as head of the CID in January 2017. The current head of CID, Captain Frank McWilliams, was appointed in September 2017.

- Specific points of contact have also been identified for any major divisions involving the Court Order:
    - PSB meets weekly with a member of the Monitoring team. Executive Chief Stephanie Molina has been the point of contact since the Second Order was issued, but upon her promotion, Capt. Phil Dougherty has taken over. She remains involved given her role as Executive Chief of the Compliance Bureau.

- BIO's Captain communicates regularly with the Monitoring team and the Parties to keep them up to speed. The current Captain is Cory Morrison.

- Training Division also speaks directly with the Monitoring team to ensure Training is properly vetted and approved. In fact, a member of the Monitoring team usually is present in a technical assistance capacity at the train-the-trainer for Court-ordered training. This ensures final approval and review of trainings before they are delivered to the MCSO. The current Captain at Training is Justin Griffin and Lt. Ben Armer oversees the Court-ordered training.

- The new Deputy Chief over BIO, CID and Training is Ken Booker, who is also the new owner of the Plan.

From day one, Sheriff Penzone has taken the laboring oar in compliance, and has endeavored to ensure that the MCSO is staffed with personnel in high level positions that not only share his desire to comply with the Court's Orders in furtherance of the interests of the Plaintiff class, but also hold themselves accountable for their role in compliance.

Implementation of the Plan is a prime example of the MCSO's substantive involvement and commitment to compliance. As stated by counsel for Sheriff Penzone at the status conference, the community-based model that drives the Plan is based on Sheriff Penzone's conception of how best to change the past culture and history of the MCSO after receiving extensive feedback from the Monitor, the parties, the community, and the numerous personnel within the MCSO. The Plan has now and has always had Sheriff Penzone's full, unmitigated support. Development of the Plan proceeded pursuant to his direction. Multiple personnel within the MCSO had, and continue to have, substantive input in the Plan. Chief Ken Booker is the internal owner of the Plan and is overseeing its

implementation and assessment. He took this role over from Chief Kip Rustenburg, who transferred into a new position in the Enforcement Bureau.

MCSO has and continues to be fully committed to the Plan. The Court's concerns regarding being a good steward of taxpayer dollars and utilizing technical assistance only where appropriate and necessary directly aligned with the Sheriff's interests. The Monitoring team advised Sheriff Penzone that they had invested hundreds of hours of thought and expertise into a Plan better suited to meet the Court's expectations with regard to Paragraph 70. Additionally, the Monitoring team expressed to Sheriff Penzone that utilization of technical assistance in the redesign of the structure would be the most expeditious path to complete and meet compliance in the best interest of the Order, and specifically Paragraph 70. At the request of the Monitor, attorney Joseph Branco was assigned as the point of contact by the Sheriff. Though Mr. Branco was the point of contact for the Monitor, the Sheriff's intent was, and is, to have Chief Ken Booker be responsible for the development and implementation of the Plan and Mr. Branco, as counsel, would provide support for the development of the Plan.

It is Sheriff Penzone's sincere hope that this Notice has allayed some of the Court's concerns regarding the role of the MCSO and its personnel in working toward compliance. That was certainly its aim. If the Court requires further information on this or any other matter, Sheriff Penzone stands ready to provide it. MCSO will continue to communicate with the Court — through its Quarterly Reports, Annual Report and

///

///

otherwise — to keep the Court informed of the MCSO's role in achieving compliance with the Orders.

**RESPECTFULLY SUBMITTED** this 30th day of January, 2019.

> WILLIAM G. MONTGOMERY
> MARICOPA COUNTY ATTORNEY
>
> BY: /s/ *Joseph I. Vigil*
>     JOSEPH I. VIGIL, ESQ.
>     JOSEPH J. BRANCO, ESQ.
>     *Attorneys for Defendant Paul Penzone*

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2019, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/J. Barksdale

S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Pleadings\Word\Notice to Transfer Santiago, Frugone and Heino into PSB 012819.docx