WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

By: JOSEPH I. VIGIL (018677)
JOSEPH J. BRANCO (031474)
BRIAN J. PALMER (023394)
Deputy County Attorneys
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
palmeb02@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et. al, <br><br>        Plaintiffs, <br><br>and <br><br>United States of America, <br><br>        Plaintiff-Intervenor, <br><br>v. <br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et. al., <br><br>        Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANT SHERIFF PAUL PENZONE'S MOTION TO MODIFY PARAGRAPH 70 PLAN** <br><br> **(DOCS. 2120, 2220-1, 2143)** |

Defendant Sheriff Paul Penzone ("Sheriff Penzone") hereby respectfully requests that this Court modify its Order regarding the Sheriff's Paragraph 70 Plan. (Docs. 2120,

1

2220-1, 2143). The Sheriff's revised response pursuant to Paragraph 70 is attached as Exhibit A to this filing.

The Court is well aware of the history of the Sheriff's response under Paragraph 70 to findings in the traffic stop annual report regarding systemic bias. In sum, the Parties worked together to draft a Constitutional Policing Plan that was submitted to and approved by the Court in September 2017. (*See* Docs. 2120, 2220-1, 2143).

Beginning in Fall 2018, the Sheriff and his Office sought to revise the Plan. In part, the Sheriff sought to streamline the contents of the Plan, which contains nine goals, nearly all of which are already covered by this Court's Orders. The Sheriff also sought feedback from other stakeholders about how the Plan could have the greatest impact. (*See also* Jan. 18, 2019 Status Conf. Tr. at 8:7–12:22, 13:3–16:22, 21:24–22:14).

The Sheriff convened four listening sessions with the community to understand the community's perspectives on the Office's reform efforts and the contents of the Plan moving forward. The Sheriff heard from his Advisory Boards as well as the Court-ordered Community Advisory Board. The Sheriff took internal feedback from Maricopa County Sheriff's Office ("MCSO") sworn deputies. And the Sheriff relied heavily on the Monitor's perspective through Technical Assistance.

The result of those efforts was to devise a response under Paragraph 70 that (a) places an emphasis on community policing, (*see* Exhibit A), and (b) establishes where in the Court's current orders the tasks completed under the prior version of the Plan would continue to be implemented and refined. The Sheriff's proposed response would implement the Community Policing Philosophy in a Pilot District (District 6), with an

emphasis on building trust in the community, listening to and responding to the community's concerns about law enforcement and quality of life issues, and ensuring that the MCSO is accountable to the community.

In November 2018, the MCSO explained the shift in a letter to the Parties. After considering the Parties' written feedback, the MCSO produced a draft of the document at Exhibit A. The Parties again provided written feedback to the MCSO for consideration.

Although the Parties appeared to appreciate the MCSO's new direction, the Parties expressed some concern with aspects of the MCSO's Community Policing Philosophy, including the selection of the Pilot District and the MCSO's timeline for implementation. Now, the Sheriff provides the document at Exhibit A containing the "appropriate steps" the Sheriff intends to implement under Paragraph 70 for the Court's consideration because the Parties and the MCSO cannot agree on a way forward. In particular, during a February 6, 2019 conference call, counsel for the Plaintiffs stated they would not engage in a "back and forth" on the Sheriff's response any longer.

The Sheriff's Community Policing Philosophy is an important step toward ensuring the MCSO builds trust and is accountable to the community, particularly the Latino community. The attached document lays out the MCSO's philosophy, its framework for implementing that philosophy, and key milestones for assessing its effectiveness. These were derived from research in other jurisdictions that have successfully implemented community policing as suggested by the Monitoring Team and attorneys for Plaintiff-Intervenors as well as suggestions from the community itself through the listening sessions. The Sheriff believes that the Community Policing Philosophy is a way to ensure

the MCSO has "an effective community outreach constitutional policing plan, not just for the short term, but for the long term." (Jan. 18, 2019 Status Conf. Tr. at 16:13–16).

Unfortunately, the MCSO and the other Parties are at an impasse regarding the details of the Community Policing Philosophy. The Sheriff recognizes that the Court has before it an "order that implements [the Sheriff's] nine-point plan" from September 2017. (*See* Jan. 18, 2019 Status Conf. Tr. at 16:18–19). In Appendix A to Exhibit A of this filing, the Sheriff outlines the steps taken under the prior version of the Paragraph 70 Plan approved by the Court and the status of each. The Sheriff respectfully seeks this Court's relief from the Court's prior order at Doc. 2143, approving the prior version of the Paragraph 70 Plan, because the Sheriff believes that the Community Policing Philosophy more effectively addresses the concerns of Paragraph 70 and other provisions of this Court's orders otherwise effectively overlap with the prior Plan's contents. The Sheriff is not abandoning the "nine-point plan" but improving it to clearly focus on the understood purpose of Paragraph 70.

**RESPECTFULLY SUBMITTED** this 14th day of February, 2019.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: /s/ *Joseph J. Branco*
JOSEPH I. VIGIL, ESQ.
JOSEPH J. BRANCO, ESQ.
BRIAN J. PALMER, ESQ.
*Attorneys for Defendant Paul Penzone*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/J. Barksdale
S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Pleadings\Word\01_Mot to Modify Plan.docx