Cecillia D. Wang (*Pro Hac Vice*)
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Kathleen E. Brody
kbrody@acluaz.org
Molly Brizgys
mbrizgys@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' RESPONSE CONCERNING COMMUNITY MEETINGS PURSANT TO AMENDMENTS TO THE SUPPLEMENTAL PERMANENT INJUNCTION/JUDGMENT ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, et al., | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

Stanley Young (*Pro Hac Vice*)
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112

Anne Lai (*Pro Hac Vice*)
alai@law.uci.edu
401 E. Peltason, Suite 3500
Irvine, CA 92697
Telephone: (949) 824-9894
Facsimile: (949) 824-0066

Julia Gomez (*Pro Hac Vice*)
jgomez@maldef.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266

James B. Chanin (*Pro Hac Vice*)
jbcofc@aol.com
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, CA 94705
Telephone: (510) 848-4752
Facsimile: (510) 848-5819

On April 19, 2019, this Court raised concerns about the community meetings held pursuant to Paragraphs 107-112 of the Second Order (Doc. 2100) and informed the parties that it was inclined to return primary responsibility for the meetings back to the Independent Monitor (Tr. of Apr. 19, 2019 Status Conference at 13), essentially restoring the circumstances as they existed before Sheriff Penzone requested to assume responsibility for the meetings (Doc. 2065). The Court asked the parties to provide written responses. Plaintiffs provide the following response.

At the April 19th hearing, Plaintiffs expressed no objection to returning primary responsibility for the community meetings to the Monitor. Plaintiffs position is essentially the same now, given the lack of constructive communication between MCSO and the Community Advisory Board ("CAB"), and other serious missteps in the organization and execution of the last several meetings.

While Plaintiffs now believe that the Monitor should facilitate the planning and running of the community meetings, because the central purposes of those meetings are to "rebuild public confidence and trust in the MCSO and in the reform process," and to "improve community relationships and engage constructively with the community," Doc. 2100 ¶ 107, MCSO and the Sheriff should also fully collaborate and participate in the planning and running of the meetings. To the extent possible, and if they choose to, CAB members should also be given the opportunity to help shape and run these meetings. Other community stakeholders, like community groups and public officials, should also be included in planning and running the meetings, to the extent possible.

Because the characteristics of each community will vary and because certain details should be allowed to evolve over time to best meet the community's needs and the requirements and purposes of the Court's orders, Plaintiffs do not believe that the Court needs to order any detailed requirements for the community meetings. Plaintiffs do believe, however, that effective community meetings share a number of overarching qualities: (1) the planners should intentionally work towards creating a comfortable forum that facilitates open, honest, and constructive dialogue between the community and the agency about topics related to the orders;

(2) at least one meeting per year should address the annual traffic study because the agency should discuss and explain these findings with the public (3) the atmosphere should enable community members to share their "experiences and concerns about MCSO practices implementing this Order" (Doc. 670 at 3); (4) the meeting times and locations should be engineered to encourage members of the plaintiffs' class to attend; and (5) the planning and implementation of the meetings should, to the fullest extent possible, incorporate input from the community and from CAB members.

Returning primary responsibility to the Monitor for the community meetings should only be a temporary measure. Given the central purpose of these meetings and their crucial role in helping to build bridges between the community and the Sheriff's office, the Sheriff should resume responsibility for these meetings as soon as MCSO is able to plan and execute them consistent with the purposes of the orders. Until the agency is able to do that, it cannot possibly be in compliance with the provisions of the Court's Orders related to community meetings and community engagement.

Respectfully submitted this 17th day of May, 2019.

By: /s/ *Molly Brizgys*
Kathleen E. Brody
Molly Brizgys
ACLU Foundation of Arizona

Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Anne Lai (*Pro Hac Vice*)

Stanley Young (*Pro Hac Vice*)
Covington & Burling, LLP

Julia Gomez (*Pro Hac Vice*)
Mexican American Legal Defense and Educational Fund

James B. Chanin (*Pro Hac Vice*)
*Attorneys for Plaintiffs*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019 I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ *Molly Brizgys*
Molly Brizgys