Richard K. Walker, SBN 004159
**WALKER & PESKIND, PLLC**
Bay Colony Executive Center East
8777 E. Via De Ventura, Ste 315
Scottsdale, Arizona 85258
*rkw@azlawpartner.com*
Phone: (480) 483-6336
Facsimile: (480) 483-6337
*Counsel for Defendant Maricopa County, Arizona*

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> Paul Penzone, et al., <br><br> Defendants. | **CASE NO.: 2:07-CV-02513-GMS** <br><br> **DEFENDANT MARICOPA COUNTY, ARIZONA'S RESPONSE TO COURT'S INQUIRY ON COMMUNITY MEETINGS** <br><br> [Assigned to Judge G. Murray Snow] |

Given the concerns expressed by the Court at the April 19, 2019 Status Conference regarding the handling of recent quarterly community meetings, Defendant Maricopa County ("the County") does not oppose the acquiescence of Defendant Sheriff Paul Penzone ("the Sheriff") in the Court's suggestion that responsibility for leading those meetings be transferred from the Sheriff to the Monitor, at least for the time being, nor does the County oppose the proposal that Paragraphs 109-112 be amended to reflect this change. That said, the County is increasingly concerned about the cost burdens that

have been, and continue to be, heaped upon the County's taxpayers in connection with this litigation. As the Sixth Circuit has observed:

> Monitoring arrangements by nature are susceptible to excessive costs – because the entity that approves monitoring fees (the district court) is not the entity that pays them (the monitored party). A district court must therefore be vigilant to ensure that the work giving rise to monitoring fees – whether done by counsel or a court-appointed monitor was [sic] truly necessary.

*U.S. v. Tennessee*, 780 F.3d 332 (6th Cir. 2015).

It is the County's position that considerable progress has been made over the past few years toward elimination of both policies and personnel that fostered the conditions leading to the Court's imposition of its Second Amended Second Supplemental Injunction (Doc. 1765). That being the case, the County respectfully submits that there should be a heavy presumption against any further expansion of the Monitor's role at this late date, and that monitoring costs (including both the direct cost of the Monitor's fees and those arising from monitoring activities by Plaintiffs' counsel)[1] should, if anything, be declining at this point.

Additionally, with reference to the community meetings in particular, the Court's own observations have acknowledged a propensity on the part of some participants in these meetings to turn them to their own purposes, which are often counterproductive of, or even inimical to, the Court's articulated purposes in requiring the meetings. Little, if

---

[1] As the County has previously informed the Court, it does not believe Plaintiffs' counsel are entitled, for the most part, to recover fees for compliance monitoring activity, given the extensive mechanisms for monitoring the Sheriff's and MCSO's progress toward achieving compliance with the Court's orders. *See* Doc. 2277 at 10-16. Nothing herein should be understood to suggest a waiver by the County of its objection to Plaintiffs' recovery of such fees.

anything, can be done by the parties and the Monitor, or even the Court, to eliminate this risk. That it exists and has been realized to some degree in prior community meetings calls into question the efficacy of these meetings, and whether there is any benefit to be derived from them sufficient to justify their cost, regardless of who plans and leads them, when and where they are held, or what may be on their official agendas.

To repeat, the County defers to the Sheriff's decision today to acquiesce in the Court's suggestion that leadership of the community meetings be returned to the Monitor for now. With regard to this and any other aspect of this case that may tend to increase or prolong monitoring costs (whether those of the Monitor or counsel), however, the County respectfully requests that the Court carefully consider whether such costs are truly necessary, and whether they are justified from a cost-benefit perspective.

DATED this 17th day of May, 2019.

WALKER & PESKIND, PLLC


By: /s/ Richard K. Walker
    Richard K. Walker, Esq.
    8777 E. Via De Ventura, Ste 315
    Scottsdale, Arizona 85258
    Attorneys for Defendant Maricopa County, Arizona

3

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2019, I electronically filed Defendant, Maricopa County, Arizona's Response to Court's Inquiry on Community Meetings, with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Michelle Giordano