IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**NOTICE OF THE INDEPENDENT INVESTIGATOR'S COMPLIANCE WITH THE SECOND AMENDED SECOND SUPPLEMENTAL PERMANENT INJUNCTION/JUDGEMENT ORDER** |

In its Second Amended Second Supplemental Permanent Injunction/Judgement Order, (Doc. 1765), the Court appointed an Independent Investigator due to the failure of the Maricopa County Sheriff's Office (MCSO) to appropriately investigate internal affairs investigations already completed by the MCSO that were found by the Court to be inadequate or insufficient, and misconduct or alleged misconduct that had never been investigated by the MCSO that should have been investigation. (Id. at ¶¶ 294-295). The Court also appointed an Independent Disciplinary Authority. (Id. at ¶ 320).

The Court set forth the duties of the Independent Investigator. (Doc. 1765, ¶¶ 296 through 319). Among those duties, the Court granted the Independent Investigator the authority to investigate and assess the adequacy of the investigations and the discipline

imposed and/or the grievance decisions in twelve investigations completed by the MCSO that the Court deemed to be inadequate, and to investigate and assess whether the Findings of Fact, (Doc. 1677), demonstrate other acts of misconduct which should be investigated and/or brought to the Independent Disciplinary Authority for a disciplinary decision. (Doc. 1765 at ¶ 296).

The Court also directed that for charges the Independent Investigator brings to the Independent Disciplinary Authority, the Independent Investigator shall prepare investigative reports setting forth findings of fact, the basis for the findings and for any recommended discipline, and for the Independent Investigator to be present and participate at any pre-determination hearings at which the Independent Disciplinary Authority directed the Independent Investigator to attend. (Doc. 1765 at ¶¶ 315, 318 and 326).

The Court also granted the Independent Disciplinary Authority, in the discharge of his duties, (Doc. 1765 at ¶¶ 320 through 337), the authority to suspend a pre-determination hearing upon the presentation of new or additional evidence at a pre-determination hearing, and to direct the Independent Investigator to consider the new or additional information or conduct further investigation (supplemental investigation). (Id. at ¶ 330).

The Independent Investigator has reported to the parties on a bi-monthly basis the status of reassessments and investigations initiated, conducted and completed by the Independent Investigator in accordance with the grant of authority given by the Court, as well as the status of any supplemental investigations engendered by the suspension of a pre-determination hearing by the Independent Disciplinary Authority.

All investigations initiated by the Independent Investigator, and all supplemental investigations, have been completed by the Independent Investigator and the corresponding investigative reports have been submitted to the Independent Disciplinary

Authority. The Independent Investigator in his discretion will initiate no further investigations and has reported the same to the parties.

The Independent Investigator has been informed by the Independent Disciplinary Authority that all pre-determination hearings, resulting from a preliminary determination of serious discipline by the Independent Investigator, have been completed, and that there is no new or additional information presented that would require the Independent Investigator's consideration of further investigation (supplemental) by the Independent Investigator.

Accordingly the Independent Investigator notifies the Court that he has discharged and fulfilled all the duties of the Independent Investigator as set forth in the Court's Second Amended Second Supplemental Permanent Injunction/Judgement Order, (Doc. 1765, ¶¶ 296 through 319, and 330).

Although not identified as a duty of the Independent Investigator in the Court's Second Amended Second Supplemental Permanent Injunction/Judgement Order, (Doc. 1765), there remains a possibility that the Independent Investigator could be requested to testify as a witness during an appeal of discipline to the Maricopa County Law Enforcement Merit Commission. The Independent Investigator has not been called as a witness in such appeals that have taken place to date, and he does not anticipate being a witness in any such appeal. Nonetheless should the Independent Investigator be called as a witness in such a future appeal, his testimony would be limited to the scope of his findings and recommendations made in the relevant investigative report.

Respectfully submitted,

Daniel G. Giaquinto, Independent Investigator            Dated: 6/11/19