# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Paul Penzone's Amended Motion for Relief from Retroactive Change in Monitor's Methodology. (Doc. 2574). For the reasons stated below, the Motion is denied *sua sponte*.

Defendant Penzone asserts that the Monitor has changed his methodology without notice in violation of Paragraph 135 of this Court's supplemental order. (Doc. 606.) He asserts that the Monitor's rejection in his latest completed audit of the Sheriff's self-authorization of an extension for complying with the terms of ¶ 204 (Doc. 1765) was a change in the Monitor's methodology for conducting the audit. As a result, the Sheriff asserts that the Monitor's finding that the Sheriff is out of compliance with the requirements of the Supplemental Permanent Injunction, as it pertains to the timely and

quality completion requirements of Professional Standard Bureau ("PSB") investigations, is invalid at least for the second quarter audit of this year.

The specific provision of the Court's order requires that Maricopa County Sheriff's Office ("MCSO") complete quality administrative investigations within 85 calendar days if the investigation is handled by the PSB or 60 days if handled within the Division of the subject of the investigation. *Id.* ¶ 204. That paragraph of the Order also specifies, however, that "[a]ny request for an extension of time must be approved in writing by the Commander of the Professional Standards Bureau. Reasonable requests for extensions of time may be granted." *Id.*

In 2014, the year after the Court entered its Supplemental Permanent Injunction/Judgment Order, 717 investigative complaints were filed. The number of such complaints has apparently consistently, but not monumentally, increased. In 2019, 1,072 such cases were filed. In the first half of 2020, 585 cases have been filed. Yet, the MCSO currently has a backlog of 1,954 open cases. At this time, the average time to close a case has risen to 501 days—approximately six times greater than the longest time period provided in the order. Pursuant to the terms of the Order, the extensions at issue were granted by the Commander of the PSB—not the Monitor. Nonetheless, the Monitor found a significant number of extensions to be not reasonable. Such time frames do appear to have the tendency to deny justice both to the complainant and the subject of the complaint as the matter remains unresolved, memories fade, and witnesses become unavailable.

Rather than taking the necessary substantive steps to resolve the backlog and process the complaints within the time periods specified by the Order, however, the MCSO has repeatedly granted itself written extensions pursuant to ¶ 204 while the backlogs continued to increase. As was stated, none of the extension requests were granted by the Monitor.

Paragraph 135 of the Court's supplemental order requires that 30 days prior to a quarterly audit "the Monitor shall submit a proposed methodology to the Parties." The parties then have the opportunity to submit comments to the Monitor concerning his

| | |
|---|---|
| 1 | proposed audit methodology prior to the audit for his evaluation. He must then respond to |
| 2 | those comments. |

The Sheriff bases his assertion that the Monitor's rejection of the extension as not being reasonable was a change in methodology since the Monitor had not rejected previous such extensions. However, determinations of non-compliance as a result of an audit, are not changes in methodology of an audit, they are determinations made by the audit. Certainly, the Monitor in proposing the methodology of an audit cannot prefigure its results. The Sheriff does not suggest how in rejecting the audit, the Monitor violated the methodology he proposed for the audit. The Sheriff does not contest that the Monitor in an audit retains the authority under the Order to make the determination that the Commander's self-grant of such requests to the MCSO was not "reasonable" and hence the MCSO was not in compliance with the Court's order. And, of course, the MCSO could appeal any such determination to this Court. Apparently, the Monitor did not cite any of these written extension authorizations to be not "reasonable" until the last audit. This does not make that determination inconsistent with the methodology proposed for the audit by the Monitor. Unlike the proverbial frog that was boiled to death by being first placed in a lukewarm pot whose temperature was then imperceptibly raised to the boiling point by degrees, the Monitor is not obliged to sanction what it deems to be unreasonable actions by the MCSO because he had not found previous such requests to be unreasonable, especially when such actions are repeated and, in the Monitor's assessment become unreasonable in the aggregate.

The determination by the Monitor was not the promulgation of a new audit methodology pursuant to ¶ 135 of the Court's Order. (Doc. 606.) Rather it was a determination by the Monitor that the MCSO was out of compliance with ¶ 204 by granting itself an extension to comply with the Court's Order that was not reasonable.

Of course, if the MCSO wishes to appeal to this Court the Monitor's determination that the PSB Commander's grant of an extension was not reasonable, it may do so. That, however, is not the substance of the argument raised in this motion.

**IT IS THEREFORE ORDERED** that Defendant Penzone's Motion for Relief from Retroactive Change In Monitor's Methodology (Doc. 2574) is **DENIED.**

Dated this 18th day of December, 2020.

_____
G. Murray Snow
Chief United States District Judge