Cecillia D. Wang (*pro hac vice*)
ACLU FOUNDATION
39 Drumm St.
San Francisco, CA 94111
Telephone: + 1 (415) 343-0775
Facsimile: + 1 (415) 395-0950
Email:  cwang@aclu.org

Stanley Young (*pro hac vice*)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306
Telephone: + 1 (650) 632-4704
Facsimile: + 1 (650) 632-4804
Email:  syoung@cov.com

Hannah Chartoff (*pro hac vice*)
Amy Heath (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  hchartoff@cov.com
Email:  aheath@cov.com

Victoria Lopez (AZ 330042)
Christine Wee (AZ 028535)
Casey Arellano (AZ 031242)
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Email: vlopez@acluaz.org
Email: cwee@acluaz.org
Email: carellano@acluaz.org

Adrian Hernandez (*pro hac vice*)
MALDEF
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Email: ahernandez@maldef.org

Attorneys for Plaintiffs
*(Attorneys for the United States listed on next page)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., <br><br> Plaintiffs, <br><br> and <br><br> United States of America <br><br> Plaintiff-Intervenor, | Civil Case No.: 2:07-cv-2513-PHX-GMS <br><br> **PLAINTIFFS' AND UNITED STATES' JOINT MOTION FOR AN ORDER TO SHOW CAUSE** |

v.

Paul Penzone, Sheriff, et al.,

      Defendants.

Attorneys for the United States:
Pamela S. Karlan
Principal Deputy Assistant Attorney General
Steven H. Rosenbaum (NY Bar No. 1901958)
Cynthia Coe (DC Bar No. 438792)
Maureen Johnston (WA Bar No. 50037)
Nancy Glass (DC Bar No. 995831)
Beatriz Aguirre (NV Bar No. 14816)
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
150 M. Street NE, 10th Floor,
Washington, D.C. 20002

Plaintiffs and the United States respectfully submit the following motion in support of the initiation of civil contempt proceedings against Defendants Maricopa County, the Maricopa County Sheriffs' Office ("MCSO"), and Sheriff Paul Penzone, for MCSO's failure to comply with the Second Order by administering an internal investigation system that fails to conduct fair investigations in a timely fashion.

## BACKGROUND

In 2016, this Court found Defendants to be in civil contempt because they had, among other things, "manipulated all aspects of the internal affairs process to minimize or entirely avoid imposing discipline on MCSO deputies and command staff whose actions violated the rights of the Plaintiff class." Dkt. 1765, Second Amended Second Supplemental Injunction Order ("Second Order"), at 2 (July 26, 2016). Moreover, Defendants had "delayed investigations so as to justify the imposition of lesser or no discipline" and thus "escape accountability for their own misconduct, and the misconduct of those who had implemented their decisions." Dkt. 1677, Findings of Fact, at 2 (May 13, 2016). "Defendants' unfair, partial, and inequitable application of discipline disproportionately damaged members of the Plaintiff class." *Id.*

To remedy those problems, the Court issued another injunction, the Second Order, requiring Defendants to make specific reforms to MCSO's internal investigation procedures. Dkt. 1765. The Ninth Circuit upheld the Second Order in full in 2018. *Melendres v. Maricopa Cty.*, 897 F.3d 1217, 1221 (9th Cir. 2018). The Monitor's quarterly reports establish that MCSO has failed to meet its obligations under the Second Order, allowing the backlog of open misconduct cases to grow exponentially over the last five years. *See, e.g.*, Dkt. 2569, Twenty-Fifth Quarterly Report (Nov. 16, 2020). Those quarterly reports provide ample evidence of Defendants' contempt. This Court should therefore initiate civil contempt proceedings to ensure compliance with the Second Order.

## ARGUMENT

This Court's authority to enforce the Second Order through civil contempt is well-settled. *See Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). As set forth in

detail below, the Monitor's most recent quarterly report sets out conclusions that MCSO is grossly out of compliance with this Court's requirement that internal investigations be timely completed. Dkt. 2569, Twenty-Fifth Quarterly Report, at 203-04 (citing Dkt. 1765, Second Order, ¶ 204). As also set forth below, Defendants' violations of the Second Order have harmed the Plaintiff Class and put Plaintiffs at risk of biased policing. Because the Monitor's report indicates that Defendants have committed civil contempt of court, Plaintiffs and the United States request that the Court issue an order requiring Defendants to show cause why they should not be held in contempt, set an expedited discovery schedule, and schedule a contempt hearing. *See United States v. Ayres*, 166 F.3d 991, 995-96 (9th Cir. 1999) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)) ("[C]ivil contempt 'may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.'"); *SEC v. Hyatt*, 621 F.3d 687, 696 (7th Cir. 2010) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1195 (3d ed. 2004)) ("A request for an order to show cause is ordinarily entertained and treated as a motion, if doing so will not prejudice the opposing parties.").

**I.      Defendants Committed Contempt by Violating the Court's July 26, 2016 Injunction.**

The Second Order requires Defendants to implement specific reforms to MCSO's internal investigation policies and practices, "aimed at eliminating a condition that flows from the MCSO's violation of" the Plaintiffs' "constitutional rights at issue—namely, the tacit authorization and condonation that the MCSO conveys to its deputies when police misconduct related to members of the Plaintiff class is exempted from the normal internal affairs system and is treated with special leniency or is entirely swept under the rug." Dkt. 1765 at 5. In particular, the Second Order requires the Sheriff to "ensure that all allegations of employee misconduct, whether internally discovered or based on a civilian complaint, are fully, fairly, and efficiently investigated." *Id.* ¶ 163; *see also id.* ¶ 170 ("The Sheriff shall investigate all complaints and allegations of misconduct."). Those investigations must be "objective, comprehensive, and timely." *Id.* ¶ 183 (emphasis added). Further, "[i]nternal affairs investigators will complete their administrative investigations within 85 calendar days of the initiation of the investigation";

"if within a Division," the time frame is 60 calendar days. *Id.* ¶ 204. Only "[r]easonable requests for extensions of time may be granted." *Id.*

MCSO has resoundingly failed to implement each of these requirements in the Court's Order. As of the Monitor's January 2021 site visit, MCSO had a backlog of over 2,000 misconduct cases, with the average length of completion for a case being over 500 days, far in excess of both the Second Supplemental Injunction's time limit and the state statutory timeline of 180 days. *See* Ariz. Rev. Stat. § 38-1110(a); *see also* Dkt. 2569, Twenty-Fifth Quarterly Report, at 4, 189-95, 203-04. Statistics relating to MCSO's administrative (i.e., non-criminal) internal investigations have grown increasingly dire in recent years. In 2018 (the second year after issuance of the Second Order), MCSO's average time to close a case was 204 days; by 2019, the average time was 499 days; in 2020, it was 552 days. *Id.* at 192-93.

Moreover, there has been no upside gain in the quality of internal investigations as a result of these delays. To the contrary, MCSO still struggles to improve the quality of its internal investigations. *See, e.g.*, Arellano Decl. Ex. 1, Chief Warshaw Letter to Sheriff Penzone at 2 (July 10, 2020) (noting consistent decrease in quality of District/Division internal investigations). And the United States and Plaintiffs have raised concerns regarding substantial deficiencies in recently closed investigations related to, among other misconduct, the improper seizure and retention of driver's licenses from persons with Hispanic last names. *See* Arellano Decl. Ex. 2, N. Glass Email to Chief Warshaw et al. (Feb. 3, 2021).

MCSO has proposed addressing the huge backlog of cases by removing many of the important safeguards that this Court imposed to ensure the legitimacy of investigations and the consistent application of discipline. For example, MCSO has recommended increasing its discretion to remove certain complaints from the queue of internal affairs cases not yet investigated; MCSO likewise wishes to allow district supervisors to handle such complaints directly, *i.e.*, bypassing the internal investigations and discipline system. *See* Arellano Decl. Ex. 3, K. Friday Email to M. Johnston et al. (Nov. 25, 2020). Plaintiffs and the United States rejected this proposal, because allowing cases to bypass MCSO's formal accountability measures would be inconsistent with the Court's goal of ensuring that MCSO's internal

investigations are free from the manipulations and abuses documented during the earlier contempt trial.  *See* Arellano Decl. Ex. 4, C. Wang Email to K. Friday et al. (Dec. 2, 2020); Ex. 5, M. Johnston Letter to K. Friday et al. (Nov. 16, 2020); and Ex. 6, N. Glass Email to C. Wang et al. (Dec. 4, 2020).

## II. Defendants' Failure to Timely Investigate Misconduct Harms the Plaintiff Class.

The failure to investigate and discipline deputies engaging in misconduct results in concrete harms to the Plaintiff Class.  While misconduct complaints are pending, the deputies awaiting investigation continue to be on the street interacting with the Plaintiff Class.  As the Monitor has noted, MCSO's delay has allowed complaints against problematic deputies to pile up and that a timely, compliant investigation process could have prevented "further bad behavior."  Arellano Decl. Ex. 1, Chief Warshaw Letter to Sheriff Penzone at 1 (July 10, 2020). In addition, the over 500-day wait for most investigations to be completed results in lost evidence, including diminished memories, making it more likely that misconduct will ultimately go unaddressed.  Finally, community members who know that their complaints will not be investigated in a timely manner may be dissuaded from even making a well-founded complaint in the first place.  Indeed, the Community Advisory Board ("CAB") has noted it is "questionable whether [CAB should] encourage the community to file a complaint when the process is so flawed and non functional."  Arellano Decl. Ex. 7, Email from CAB to Sheriff Penzone (Oct. 1, 2020).  In short, when the internal investigation and discipline system at MCSO remains in a dysfunctional state by quantitative and qualitative measures, the Plaintiff Class cannot be assured that there will be accountability for misconduct that affects them.

## III. The Court Should Therefore Issue an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt and Permit Limited Discovery.

The Monitoring Team's most recent quarterly report indicates that MCSO has violated the Second Order.  Dkt. 2569 at 203-04.  Plaintiffs and the United States therefore request that the Court issue an order to show cause why Defendants should not be held in civil contempt and schedule a hearing on the same.  *See Ayres*, 166 F.3d at 995-96 ("[C]ivil contempt 'may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.'"); *Hyatt*,

621 F.3d at 696 (courts ordinarily entertain and treat a request for show cause order as a motion).

Plaintiffs also request that the Court permit expedited discovery prior to any contempt hearing, so that Plaintiffs may test any purported justifications Defendants intend to offer for their noncompliance. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (after the movant shows the contemnors violated the court's order, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply"); *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033-34 (9th Cir. 2008) (district court had authority to grant request for discovery to determine whether party had complied with court's order).

## CONCLUSION

For the foregoing reasons, the Court should issue an order to show cause why Defendants should not be held in civil contempt, schedule a hearing regarding the same, and permit expedited discovery into these matters.

DATED: March 10, 2021

Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Hannah M. Chartoff*
    Hannah M. Chartoff

ATTORNEYS FOR PLAINTIFFS

Covington & Burling LLP
Hannah Chartoff (*pro hac vice*)
Amy Heath (*pro hac vice*)
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: hchartoff@cov.com
Email: aheath@cov.com

Stanley Young (*pro hac vice*)
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306
Telephone: + 1 (650) 632-4704
Facsimile: + 1 (650) 632-4804
 Email:  syoung@cov.com

ACLU Foundation
Cecillia D. Wang (*pro hac vice)*
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
cwang@aclu.org

ACLU Foundation of Arizona

Victoria Lopez (AZ 330042)
Christine K. Wee (AZ 028535)
Casey Arellano (AZ 031242)
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
vlopez@acluaz.org
cwee@acluaz.org
carellano@acluaz.org

MALDEF
Adrian Hernandez (*pro hac vice*)
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
ahernandez@maldef.org

ATTORNEYS FOR THE UNITED STATES

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division

Steven H. Rosenbaum
Chief, Special Litigation Section

Cynthia Coe
Acting Special Counsel (DC Bar No. 438792)

/s/ *Nancy Glass*
Nancy Glass (DC Bar No. 995831)
Maureen Johnston (WA Bar No. 50037)
Beatriz Aguirre (NV Bar No.14816)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Telephone: (202) 598-0139
nancy.glass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2021, the foregoing document was filed through the Court's CM/ECF system which will serve a true and correct copy of the filing on all counsel of record.

/s/ *Hannah M. Chartoff*
Hannah M. Chartoff