# EXHIBIT 4

# Rios, Daniel

| | |
|---|---|
| **From:** | Cecillia Wang REDACTED |
| **Sent:** | Wednesday, December 2, 2020 3:15 PM |
| **To:** | Kimberly Friday; Johnston, Maureen (CRT); Glass, Nancy (CRT); Coe, Cynthia (CRT); Christine Wee; Young, Stanley; Casey Arellano; Adrian Hernandez; Chartoff, Hannah; Heath, Amy; Aguirre, Beatriz (CRT); Rios, Daniel |
| **Cc:** | Bea Annexy; Warshaw; John Girvin; Ann Scheel; Molina Stephanie; Joseph Branco; Joseph Vigil; Mary O'Grady |
| **Subject:** | RE: Proposed Amendments to Second Order to address PSB Caseload |

**[EXTERNAL]**

Kim, thank you for sending a redline of the Second Supplemental as we requested.  As we discussed during our previous meet and confer, Plaintiffs oppose your proposed changes to the Second Supplemental, with the following exceptions:

- Paragraph 190:  We are open to consenting to an amendment giving the PSB commander the discretion to deal with "minor misconduct" through supervisor interventions rather than through an IA investigation.  However, that term needs to be defined.  We also believe that "trained and qualified Supervisor" needs to be further defined in light of MCSO's problems in implementing other supervisor interventions required under the First Supplemental.
- Paragraph 204:  We are open to consenting to expansion of the current 60-day period to the statutory 180-day period.  However, in that case, there is no reason to permit discretionary extensions of time, and the second two sentences should be struck.  We believe that PSB's blanket invocation of extensions on virtually all IA cases is problematic and will raise the issue with the Court if Defendants propose this amendment.

We are available for further discussion of these two paragraphs.

Best regards,
Cecillia

---

**From:** Kimberly Friday REDACTED
**Sent:** Wednesday, November 25, 2020 4:03 PM
**To:** Johnston, Maureen (CRT) REDACTED; Glass, Nancy (CRT) REDACTED; Cecillia Wang REDACTED; Coe, Cynthia (CRT) REDACTED; Christine Wee REDACTED; Stanley Young REDACTED; Casey Arellano REDACTED; Adrian Hernandez REDACTED; Chartoff, Hannah REDACTED; Heath, Amy REDACTED; Aguirre, Beatriz (CRT) REDACTED; Rios, Daniel REDACTED
**Cc:** Bea Annexy REDACTED; Warshaw REDACTED; John Girvin REDACTED; Ann Scheel REDACTED; Molina Stephanie REDACTED; Joseph Branco REDACTED; Joseph Vigil REDACTED; Mary O'Grady REDACTED
**Subject:** Proposed Amendments to Second Order to address PSB Caseload

All,

Attached please find MCSO's proposed redline to Paragraphs 163, 170, 171, 183, 188, 190, 204, 223 and 251 of the Second Order.  An abbreviated description of the redline is included below.  Please let us know when you are available to discuss.

I hope everyone has a happy and safe Thanksgiving.

Kim

**Paragraph 163**
- Add a clarification that "all" allegations are investigated "as provided in this Order" because of new exceptions to investigation requirement

**Paragraph 170**
- Gives PSB Commander discretion to determine whether to initiate an investigation into complaint alleging misconduct that occurred more than one year before the date of the original incident
- Gives PSB Commander discretion regarding whether to initiate an investigation into a complaint alleging misconduct of an employee who no longer works for MCSO
- Permits summary findings when a finding based on clear and convincing evidence can be made without a full investigation
- Establishes factors relevant to PSB Commander's exercise of discretion
- Excludes some types of complaints from an exercise of discretion under the new paragraphs, including complaints involving class members and allegations of bias
- Requires documentation of reasons for not initiating an investigation as permitted by this paragraph

**Paragraph 171**
- Permits the PSB Commander to terminate an administrative investigation if an employee separates from MCSO before the investigation is completed or if the complainant seeks to withdraw the complaint or is unwilling to cooperate with an investigation
- Establishes factors relevant to PSB Commander's exercise of discretion
- Excludes some types of complaints from an exercise of discretion, including complaints involving class members and allegations of bias
- Requires documentation of reasons for exercising discretion permitted by this paragraph
- Permits the PSB Commander to close an existing investigation that involves conduct that occurred more than a year before the date of the original complaint or if the principal no longer works at MCSO, following the parameters established in Paragraph 170.

**Paragraph 183**
- Adds a clarification to investigations "consistent with this Order"

**Paragraph 188:**
- Adds a clarification to assigning an internal affairs investigator "except as otherwise provided by this Order"

**Paragraph 190**
- Gives the PSB Commander discretion to permit supervisor interventions for allegations of minor misconduct

**Paragraph 204**
- Increases timeframe for completing investigations to 180 days based on timeframe permitted in A.R.S. §38-1110(A)

**Paragraph 223**
- Permits expedited discipline when clear and convincing evidence shows that conduct occurred and the principal agrees to waive a pre-determination hearing

**Paragraph 251**
- Adds aggregate reporting requirements related to PSB Commander's exercise of discretion permitted by amendments to the Order