# EXHIBIT A

**Exhibit A: MCSO Proposed Changes to Second Order**

## XIV.   MISCONDUCT INVESTIGATIONS, DISCIPLINE, AND GRIEVANCES

163.   The Sheriff will ensure that all allegations of employee misconduct, whether internally discovered or based on a civilian complaint, are fully, fairly, and efficiently investigated as provided in this Order; that all investigative findings are supported by the appropriate standard of proof and documented in writing; and that all officers who commit misconduct are held accountable pursuant to a disciplinary system that is fair, consistent, unbiased and provides due process. To achieve these outcomes, the Sheriff shall implement the requirements set out below.

### A.   Policies Regarding Misconduct Investigations, Discipline, and Grievances

170.   Except as provided in this Paragraph, Paragraph 171, and Paragraph 190, tThe Sheriff shall investigate all complaints and allegations of misconduct, including third-party and anonymous complaints and allegations. Employees as well as civilians shall be permitted to make misconduct allegations anonymously.

   a.      The Commander of the Professional Standards Bureau shall have discretion to determine whether an investigation will be initiated for allegations of misconduct that occurred more than one year before the date of the original complaint. Factors relevant to the exercise of discretion include: the severity of the alleged misconduct, whether the allegation involves a supervisor's failure to properly supervise and/or take corrective action for misconduct that the supervisor knew or reasonably should have known about, and whether the complainant has good cause for not making a timely complaint. This Paragraph does not apply to allegations involving a member of the Plaintiff class, allegations of criminal misconduct, allegations of bias, or allegations for which a sustained violation would result in revocation of the principal's AZPOST certification. The Commander of the Professional Standards

Bureau must document the reasons for not initiating an investigation pursuant to this Paragraph.

a.b. When MCSO receives a complaint alleging misconduct by an employee who no longer works for MCSO, the Commander of the Professional Standards Bureau shall have discretion regarding whether to initiate an investigation. Factors relevant to the exercise of discretion include: the severity of the alleged misconduct and whether the allegation involves a supervisor's failure to properly supervise and/or take corrective action for misconduct that the supervisor knew or reasonably should have known about. This Paragraph does not apply to allegations involving a member of the Plaintiff class, allegations of criminal misconduct, allegations of bias, allegations involving others who are current MCSO employees, or allegations for which a sustained violation would result in revocation of the former employee's AZPOST certification. The Commander of the Professional Standards Bureau must document the reasons for not initiating an investigation pursuant to this Paragraph.

171. The MCSO will not terminate an administrative investigation solely on the basis that the complainant seeks to withdraw the complaint, or is unavailable , unwilling, or unable to cooperate with an investigation., or because the principal resigns or retires to avoid discipline. The MCSO will continue the investigation and reach a finding, where possible, based on the evidence and investigatory procedures and techniques available. The Commander of the Professional Standards Bureau shall, however, have the discretion to terminate an administrative investigation if:

a. the complainant seeks to withdraw the complaint or is unwilling to cooperate with an investigation. Factors relevant to the exercise of discretion regarding whether to terminate an investigation under this subparagraph include: the severity of the alleged misconduct, whether the allegation involves criminal misconduct, whether the allegation involves a supervisor's failure to properly

supervise and/or take corrective action for misconduct that the supervisor knew or reasonably should have known about, and whether the allegation involves additional principals who are current MCSO employees. This subparagraph does not apply to complaints that involve a member of the Plaintiff class, allegations of bias, or allegations that would result in revocation of AZPOST certification if sustained. The Commander of the Professional Standards Bureau must document the reasons for terminating an administrative investigation pursuant to this subparagraph.

a.b.     the principal no longer works for MCSO. Factors relevant to the exercise of discretion regarding whether to terminate an investigation under this subparagraph include: the severity of the alleged misconduct, whether the allegation involves criminal misconduct, and whether the allegation involves a supervisor's failure to properly supervise and/or take corrective action for misconduct that the supervisor knew or reasonably should have known about. This paragraph does not apply to complaints that involve a member of the Plaintiff class, allegations of bias, allegations that involve additional principals who are current MCSO employees or allegations that would result in revocation of AZPOST certification if sustained. The Commander of the Professional Standards Bureau must document the reasons for terminating an administrative investigation pursuant to this Paragraph.

c.     the allegations of misconduct occurred more than one year before the date of the original complaint. Factors relevant to the exercise of discretion include: the severity of the alleged misconduct, whether the allegation involves a supervisor's failure to properly supervise and/or take corrective action for misconduct that the supervisor knew or reasonably should have known about, and whether the complainant has good cause for not making a timely complaint. This paragraph does not apply to allegations involving a member of the Plaintiff class, allegations of criminal misconduct, allegations of bias,

or allegations for which a sustained violation would result in revocation of the principal's AZPOST certification. The Commander of the Professional Standards Bureau must document the reasons for terminating an investigation pursuant to this Paragraph.

**B.      Misconduct-Related Training**

**C.      Administrative Investigation Review**

183. The Sheriff and the MCSO will conduct objective, comprehensive, and timely administrative investigations of all allegations of employee misconduct consistent with this Order. The Sheriff shall put in place and follow the policies set forth below with respect to administrative investigations.

188. Upon being notified of any allegation of misconduct, the Professional Standards Bureau will make an initial determination of the category of the alleged offense, to be used for the purposes of assigning the administrative investigation to an investigator. Except as otherwise provided by this Order, Aafter initially categorizing the allegation, the Professional Standards Bureau will promptly assign an internal affairs investigator.

190. In the discretion of the Commander of the Professional Standards Bureau, allegations of minor misconduct (as defined in this Order) may be referred for a supervisor initiated intervention, as defined in MCSO's policies, instead of administratively investigated. The Commander of the Professional Standards Bureau does not have this discretion regarding allegations concerning the Plaintiff class or allegations involving bias. If not referred for a supervisor initiated intervention, Aallegations of employee misconduct that are of a minor nature may be administratively investigated by a trained and qualified Supervisor in the employee's District.

204. Internal affairs investigators will complete their Aadministrative investigations shall be completed within 85180 calendar days of the initiation of the investigation (60 calendar days if within a Division), which is the time prescribed in A.R.S. § 38-1110. Any

request for an extension of time must be approved in writing by the Commander of the Professional Standards Bureau. Reasonable requests for extensions of time may be granted.

**D.    Discipline**

**E.    Pre-Determination Hearings**

**F.    Criminal Misconduct Investigations**

**G.    Civilian Complaint Intake, Communication and Tracking**

**H.    Transparency Measures**

251.    The Sheriff shall require the Professional Standards Bureau to produce a semi-annual public report on misconduct investigations, including, at a minimum, the following:

    a.    summary information, which does not name the specific employees involved, about any sustained allegations that an employee violated conflict-of-interest rules in conducting or reviewing misconduct investigations;

    b.    aggregate data on complaints received from the public, broken down by district; rank of principal(s); nature of contact (traffic stop, pedestrian stop, call for service, etc.); nature of allegation (rudeness, bias-based policing, etc.); complainants' demographic information; complaints received from anonymous complainants or third parties; and principals' demographic information;

    c.    analysis of whether any increase or decrease in the number of civilian complaints received from reporting period to reporting period is attributable to issues in the complaint intake process or other factors;

    d.    aggregate data on internally-generated misconduct allegations, broken down by similar categories as those for civilian complaints;

    e.    aggregate data on the processing of misconduct cases, including the number of cases assigned to Supervisors outside of the Professional Standards Bureau versus investigators in the Professional Standards Bureau; the average and median time from the initiation of an investigation to its

submission by the investigator to his or her chain of command; the average and median time from the submission of the investigation by the investigator to a final decision regarding discipline, or other final disposition if no discipline is imposed; the number of investigations returned to the original investigator due to conclusions not being supported by the evidence; the number of investigations closed in the discretion of the Commander of the Professional Standards Bureau and the reason for closing the investigations; the number of complaints alleging misconduct for which administrative investigations were not initiated as a result of an exercise of discretion by the Commander of the Professional Standards Bureau; and the number of investigations returned to the original investigator to conduct additional investigation;

f.    aggregate data on the outcomes of misconduct investigations, including the number of sustained, not sustained, exonerated, and unfounded misconduct complaints; the number of misconduct allegations supported by the appropriate standard of proof; the number of sustained allegations resulting in a non-disciplinary outcome, coaching, written reprimand, suspension, demotion, and termination; the number of cases in which findings were changed after a predetermination hearing, broken down by initial finding and final finding; the number of cases in which discipline was changed after a pre-determination hearing, broken down by initial discipline and final discipline; the number of cases in which findings were overruled, sustained, or changed by the Maricopa County Law Enforcement Merit System Council, broken down by the finding reached by the MCSO and the finding reached by the Council; and the number of cases in which discipline was altered by the Council, broken down by the discipline imposed by the MCSO and the disciplinary ruling of the Council; and similar information on appeals beyond the Council; and

g.  aggregate data on employees with persistent or serious misconduct problems, including the number of employees who have been the subject of more than two misconduct investigations in the previous 12 months, broken down by serious and minor misconduct; the number of employees who have had more than one sustained allegation of minor misconduct in the previous 12 months, broken down by the number of sustained allegations; the number of employees who have had more than one sustained allegation of serious misconduct in the previous 12 months, broken down by the number of sustained allegations; and the number of criminal prosecutions of employees, broken down by criminal charge.

# EXHIBIT B

Mary R. O'Grady, 011434
Kimberly I. Friday, 035369
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2793
(602) 640-9000
mogrady@omlaw.com
kfriday@omlaw.com

Attorneys for Defendant Paul Penzone

Joseph I. Vigil (018677)
Joseph J. Branco (031474)
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | |
| and | **DECLARATION OF STEPHANIE MOLINA IN SUPPORT OF DEFENDANTS' MOTION TO MODIFY SECOND ORDER** |
| United States of America, | |
| Plaintiff-Intervenor, | |
| vs. | |
| Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et al., | |
| Defendants. | |

I, Stephanie Molina, declare as follows:

1.      I am the Executive Chief of Bureau of Compliance for the Maricopa County Sheriff's Office ("MCSO").  I have worked for MCSO for twenty-seven years.  During that time, I have worked in a number of roles, including Captain of the Professional Standards Bureau ("PSB").  I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      I have been working on ways to effectively manage the PSB caseload and comply with this Court's Second Order since the order was issued in July 2016.

3.      The proposals described in Exhibit A to the Motion to Modify the Second Order were developed in an effort to provide MCSO with additional tools to manage the administrative investigation ("IA") caseload and comply with the Second Order.  As described in my March 24, 2021, declaration, MCSO has been working on ideas to help manage the caseload since 2018.  The proposals in Exhibit A are part of that effort.  Various forms of the attached proposals have been discussed with the Monitoring Team and Plaintiffs, but no consensus was reached about the proposals.  These proposals do not apply to complaints concerning the Plaintiff class and include other limitations to make sure the proposals focus on claims that should not require a formal administrative investigation conducted by PSB.

4.      Based upon MCSO's internal analysis, the changes described in Exhibit A will likely help MCSO significantly reduce its caseload.  At my direction, MCSO staff prepared estimates of the potential impact of the changes proposed on MCSO's caseload based on an analysis of the 1,804 cases pending on May 26, 2021.

    a.  Authorizing the PSB Commander to exercise discretion regarding certain complaints alleging conduct more than a year old – We estimate that this would likely reduce the caseload by approximately 10%.

    b.  Authorizing the PSB Commander to exercise discretion regarding certain complaints alleging conduct involving a former MCSO employee – We estimate that this would likely reduce the caseload by approximately 1%.

2

c. Authorizing the PSB Commander to exercise discretion regarding certain complaints that are withdrawn or when complainant is unwilling to cooperate with the investigation – We estimate that this would likely reduce the caseload by approximately 4%.

d. Authorizing the PSB Commander to exercise discretion to require supervisory interventions regarding complaints alleging minor misconduct – We estimate that this would likely reduce the caseload by approximately 26%. (Minor misconduct is defined in Paragraph 162 of the Second Order, and Attachment B to MCSO Policy GC-17 (attached as Exhibit B.1) identifies various categories of misconduct.)

5.     The changes proposed in Exhibit A would provide PSB additional tools to make sure that complaints are handled appropriately. These changes will help reduce the caseload, reduce the time it takes to resolve IAs, and enable PSB to use its investigative resources in a manner that is consistent with the Second Order and with the MCSO's public safety mission.

6.     Exhibit A also proposes that the timelines in Paragraph 204 of the Second Order for completing IAs be modified to be consistent with state law. This would increase the time to complete complaints to 180 days. Reasonable extensions would be permitted as they are under the current order and consistent with state law. The current deadline of 85 days is not achievable, even with other changes that MCSO has implemented.

7.     The timeline for completion of the investigation does not affect the discipline that is imposed. The discipline is imposed based on the MCSO policy and the facts of the particular case.

8.     Since the Second Order was issued in July 2016, no discipline has been reversed on appeal for failing to complete an investigation within the statutory timeline of 180 days.

9. In my March 24, 2021 declaration submitted in support of Defendants' opposition to Plaintiffs' Motion for an Order to Show Cause (Doc. 2616-2), I provided information about PSB's caseload as of March 15, 2021. This declaration updates certain of that information to provide information as of May 26, 2021.

10. At my direction, a staff member within PSB queried the tracking system for specific complaint allegations and characteristics as of May 26, 2021.

    a. As of May 26, 2021, there are 1,804 pending IAs.

    b. As of May 26, 2021, of the 1,804 pending IAs, 58 relate to traffic stops (categorized as "vehicle stop" in the nature of contact). Two of the 58 pending IAs relating to traffic stops allege racial bias (specifically, violation of CP-8, Preventing Racial and Other Biased Based Profiling; there are no complaints alleging violations of CP-2, Code of Conduct, Unbecoming Conduct (use of racial slurs)).

    c. As of May 26, 2021, 18 of the 1,804 pending IAs allege racial bias (specifically, violation of CP-8, Preventing Racial and Other Biased Based Profiling or CP-2, Code of Conduct, Unbecoming Conduct (use of racial slurs)).

    d. As of May 26, 2021, 721 of the 1,804 pending IAs are internal complaints made by MCSO personnel.

    e. As of May 26, 2021, 953 of the 1,804 pending IAs relate to custody operations in detention facilities operated by MCSO.

11. My March 24, 2021 declaration filed in this case noted in Paragraph 27, that MCSO was engaged in discussions with a large, national firm to assist with processing pending IAs to help reduce the high caseload. We have now entered an agreement with that company, Hillard Heintze (now Jensen Hughes) to take on some of the investigations in order to help reduce the backlog. That work is now underway. To start, five contract investigators have been assigned two cases each, and there are weekly meetings with the PSB Commander to monitor the progress.

1    12.    My March 24, 2021 declaration described the authorization to hire three

2    additional civilian investigators, one administrative supervisor, one management

3    assistant, and two administrative assistants for PSB. Applications are being processed,

4    and candidates have been interviewed for the civilian investigator positions. The

5    administrative supervisor position was filled from within PSB, creating a vacant

6    management analyst position. The process is underway to fill that management analyst

7    position as well as the other positions that have been authorized.

8    13.    PSB continues to explore how to process complaints more efficiently and

9    is working with the Employee Retention and Performance Division within MCSO's

10   Human Resources Bureau to address complaints more appropriately addressed through

11   human resources consultations than through IAs. These efforts were described in my

12   March 24, 2021 declaration.

13   I declare under the penalty of perjury that the foregoing is true and correct to the

14   best of my knowledge, information, and belief, and that this Declaration was executed

15   this 28th day of May, 2021.

16   By: _____
     Stephanie Molina
17   Executive Chief, Bureau of Compliance
     Maricopa County Sheriff's Office

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B.1




# GC-17, *Employee Disciplinary Procedures*
# CATEGORIES OF OFFENSES
## Attachment B
Effective Date: 06-25-20

*Discipline for violation of the law, regardless of the ultimate adjudication of any criminal or civil charges, shall be based on the facts and evidence discovered during the Office investigation.*

*Conduct that is not specifically identified in the following chart shall be reviewed using the definition for each Category of Offense.*

## CATEGORY 1
Conduct, while against policy, has a minimal negative impact on the overall operations or professional image of the Office and usually of a first offense nature. This conduct however, is not acceptable and must be corrected. Failure to correct the behavior shall result in more severe discipline.

Violations in Category 1 involve neglect. If acts are found to be intentional, or repeated, after coaching or other intervention by a supervisor, these violations shall move to Category 3, or higher.

## CATEGORY 2
Conduct that has more than minimal negative impact on the operations or professional image of the Office; or conduct that negatively impacts relationships with other employees, agencies or members of the public; or conduct under Category 1 with repetitive offenses.

## CATEGORY 3
Conduct that has a pronounced negative impact on the operations or professional image of the Office, relationships with other employees, agencies, or the public; or conduct within a lower Category of Offenses with repetitive offenses.

## CATEGORY 4
Conduct that is substantially contrary to the values of the Office; or that substantially interferes with its mission, operations, or professional image; or that involves a demonstrable serious risk to employees or public safety.

## CATEGORY 5
Conduct that involved the serious abuse or misuse of authority, unethical behavior, or an act that results in an actual serious and/or adverse impact on employee or public safety, or to the professionalism of the Office.

## CATEGORY 6
Conduct that involves the serious abuse or misuse of authority, unethical behavior; or an act that results in an actual serious and adverse impact on the Office employee, public or public safety; or to the professionalism of the Office.

## CATEGORY 7
Any violation of law, policy, rule or regulation which: foreseeably results in death or serious bodily injury; or constitutes a willful and wanton disregard of Office guiding principles; or involves any act or omission which demonstrates a serious lack of the integrity, ethics or character related to an Office employee's fitness to hold their position; or involves egregious misconduct substantially contrary to the standards of conduct reasonably expected, to include those whose sworn duty is to uphold the law; or involves conduct which constitutes the failure to adhere to any condition of employment required or mandated by law.

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| **1  UNETHICAL CONDUCT** | | | | | | | |
| A.  Participating in activities which would compromise an employee's ability to perform Office duties objectively and impartially. | | | ● | | | | |
| B.  Withholding relevant information or misleading investigators during a criminal or administrative investigation. | | | | | | ● | |
| C.  Failure to inform command staff regarding a conflict of interest related to an administrative investigation and the administration of discipline. | | | | ● | ● | ● | ● |
| D.  Violation of Office Policy CP-5, *Truthfulness*. | | | | | | | ● |
| E.  Violation of Office Policy CP-3, *Workplace Professionalism: Discrimination and Harassment*, by actions that include unlawful discrimination or harassment of another person because of an individual's protected characteristics. | | | | | | | ● |
| F.  Violation of Office Policy CP-8, *Preventing Racial and Other Bias-Based Profiling*, by taking law enforcement actions based on race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or national origin, including the selection of people for consensual contacts. | | | | | | | ● |
| G.  Violation of Office Policy CP-8, *Preventing Racial and other Bias-Based Profiling*, by basing detention operations on race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or national origin. | | | ● | ● | ● | ● | ● |
| H.  Violation of Office Policy CP-11, *Anti-Retaliation*, by actions that include retaliation against any person, member of the public, or employee for their lawful expression of opinions in exercise of their First Amendment right to freedom of speech. | | | | | | ● | ● |
| **2  CONFORMANCE TO OFFICE DIRECTIVES** | | | | | | | |
| A.  Unintentional failure to conform to the provisions of all written policies, except those found to be unlawful, incorrect, or inapplicable. | ● | | | | | | |
| B.  Intentional failure to conform to the provisions of all written policies, except those found to be unlawful, incorrect, or inapplicable. | | | ● | | | | |
| C.  Unintentional failure to comply with any court related matters such as court orders or judgment, orders, written instructions, and rules. | | ● | | | | | |
| D.  Intentional failure to comply with any court related matters such as court orders or judgment, orders, written instructions, and rules. | | | | | | ● | ● |
| E.  Failure to accept responsibility for own acts and shift burden or responsibility to another person. | | ● | | | | | |
| F.  Disregard of safety rules which place other employees or members of the public at risk. | | | ● | | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| **3   CONFORMANCE TO ESTABLISHED LAWS** | | | | | | | |
| A. Commission of Class 2 or Class 3 misdemeanor violation, with the exception of a criminal speed violation. | | | | ● | | | |
| B. Commission of a criminal speed violation. | | ● | | | | | |
| C. Commission of a Class 1 misdemeanor violation, not to include DUI. | | | | | | ● | |
| D. Commission of DUI to any degree. | | | | | | | ● |
| E. Conduct that constitutes a felony under state law, or any other state's law, or federal law. While travelling abroad, employees shall abide by the laws of foreign countries, insofar as the laws do not conflict with the laws of the U.S. | | | | | | | ● |
| F. Failure to report the knowledge of the commission of a felony by an employee. **The presumptive discipline for a failure to report such allegations may be commensurate with the presumptive discipline for the underlying misconduct or maybe one offense less than received by the employee who committed the act.** | | | | | | | ● |
| G. Commission of theft, stealing, misappropriation of funds, or fraudulent activity. | | | | | | | ● |
| **4   INDIVIDUAL RESPONSIBILITY** | | | | | | | |
| A. Failure of an employee who observes or becomes aware of any act of misconduct by another employee to report the incident as soon as practicable to a supervisor or directly to the PSB. **The presumptive discipline for a failure to report such allegations may be commensurate with the presumptive discipline for the underlying misconduct or maybe one offense less than received by the employee who committed the act.** | ● | ● | ● | ● | ● | ● | ● |
| B. Failure of an employee to take appropriate action whenever learning of a policy violation being committed, or having been committed, by any other person associated with the Office in any capacity, which by its very nature would tend to discredit an employee or the Office. To include conduct on or off-duty. **The presumptive discipline for a failure to take appropriate action may be commensurate with the presumptive discipline for the underlying misconduct or maybe one offense less than received by the employee who committed the act.** | ● | ● | ● | ● | ● | ● | ● |
| C. Failure to adequately assist members of the public with the Comment and Complaint Form process. | | ● | | | | | |
| D. Failure by an on-duty supervisor or commander to document in Blue Team an internal or external complaint of misconduct. | | | ● | | | | |
| E. Failure to report, without delay, to the on-duty supervisor, an appropriate commander, or the PSB, when any false information is alleged or reasonably believed to have been provided in an administrative investigation or on any official report, log, or electronic transmittal of information, testimony, communication with other officials, public | | | | ● | ● | ● | ● |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| | presentations such as community meetings, and press briefings. | | | | | | | |
| F. | Participation in the retaliating against an employee who reports misconduct or a violation of policy, responsibility, or duty. | | | | | | ● | |
| G. | Failure to report secondary employment when required. | ● | | | | | | |
| H. | Failure to report a missing firearm. | | | ● | ● | ● | ● | ● |
| **5** | **UNBECOMING CONDUCT** | | | | | | | |
| A. | Failure by an employee to conduct themselves, at all times, both on and off duty, in such a manner as to reflect favorably on the Office, as specified in Office Policy CP-2, *Code of Conduct*. | | ● | | | | | |
| B. | Failure to show respect for the uniforms of the Office. | ● | | | | | | |
| C. | Failure of an employee who is on duty or identified by dress, location, or association as an employee, to maintain a professional demeanor and perform their duties in a calm and firm manner. | | ● | | | | | |
| D. | Participating in the demeaning of persons, or bias language against any individual regardless of age, nationality, religious beliefs, race, gender, culture, sexual orientation, gender identity, veteran status, ancestry, or disability. | | | | | ● | ● | ● |
| E. | Failure by an employee to conduct themselves in a manner that will foster respect and cooperation among themselves and other members of the Office. | | ● | | | | | |
| F. | Failure to take reasonable action commensurate and appropriate to the situation to ensure a person is not subject to cruel treatment or neglectful inhumane action. | | | | | ● | ● | ● |
| G. | Failure to take reasonable action commensurate and appropriate to the situation to ensure an animal is not subject to cruel treatment or neglectful inhumane action. | | | ● | | | | |
| H. | Failure by an employee who has contact with the public to deal with people fairly, and courteously. | | ● | | | | | |
| I. | Use of profanity, rude or insulting language, or conduct offensive to employees or members of the public that is not of a discriminatory nature or a racial slur. | | ● | | | | | |
| J. | Use of profanity, rude or insulting language, or conduct offensive to employees or members of the public that is of a discriminatory nature or a racial slur. | | | | | ● | ● | ● |
| K. | Failure to represent the Office in a professional manner while in uniform or in a County vehicle, to members of the public. | | ● | | | | | |
| L. | Unwarranted or unnecessary threat of physical violence by an employee, to another employee or the public. | | | | | ● | ● | ● |
| M. | Sexual harassment of another person. | | | | | | | ● |
| N. | Cheating on promotion examinations. | | | | | | | ● |
| O. | Possession of weapons on Maricopa County property in violation of Office Policy GJ-23, *Firearms*. | | | | | | ● | |
| P. | Buying or selling contraband on County property. | | | | | | | ● |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Q. Fraud in securing employment. | | | | | | | ● |
| R. Sexual conduct on duty and/or while on or using County property or equipment. | | | | | | | ● |
| S. Sexual conduct off duty while on or using County property or equipment. | | | | ● | | | |
| **6 ALCOHOL** | | | | | | | |
| A. Consuming alcoholic beverages while on duty except with prior supervisory consent. | | | | | | | ● |
| B. Purchasing, or in immediate possession of, any kind of alcoholic beverage(s) while on duty, except in the performance of official duties or authorized training with prior supervisory consent. | | | | | ● | | |
| C. Reporting for duty, or on duty, with any odor of alcoholic beverage on the employee's breath or while under the influence of any alcoholic beverage to any degree. | | | | | | ● | |
| D. Failure by a supervisor to take action, as specified in Office Policy GC-21, *Drug, Medication, and Alcohol Testing*, when they reasonably believes that an employee who is on duty or reporting for duty smells of, or is under the impairment of, alcoholic beverages to any degree. | | | | | ● | | |
| E. Violation of Office Policy ED-2, *Covert Operations*, in all cases where personnel who consume alcoholic beverages on duty: fail to avoid any physical condition or impairment which could adversely affect the employee's performance of duty; operate a Maricopa County vehicle; or bring discredit upon the Office. | | | | | | ● | |
| F. Failure by employees and supervisors to be attentive to, and restrict, physical enforcement action and the display or use of weapons when the employee(s) is known to have consumed and/or be under the influence of an alcoholic beverage(s) during a covert operation, except in extreme and exigent circumstances. | | | | | | ● | |
| G. Failure by an employee in a specialized assignment, if called out, to advise a supervisor that within the last eight hours they have been drinking, the type and amount of alcoholic beverage consumed, and how long it has been since the last drink. | | | | ● | | | |
| H. When making the decision to activate an employee, the supervisor shall ensure based on the information provided by the employee that no alcoholic beverage have been consumed within the last eight hours prior to a call out. | | | | ● | | | |
| I. Purchasing or consuming alcohol off-duty and in uniform. | | ● | | | | | |
| J Consuming alcohol at a training event while on-duty. | | | | | | ● | ● |
| K. Operating any Maricopa County vehicle within eight hours after consuming any alcoholic beverages. | | | | ● | | | |

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| L. | Displaying or wearing any recognizable item of Office apparel, while on or off duty, in a public place or an establishment where the primary purpose is to sell or serve alcoholic beverages or consuming any alcoholic beverages while displaying or wearing any recognizable items of Office apparel, unless in the performance of official duties. | | | | ● | | | |
| M. | Consuming alcoholic beverages in any Maricopa County facility or Maricopa County vehicle by an employee, except in the performance of official duties or authorized training. | | | | | | | ● |
| N. | Allowing the consumption of alcoholic beverages at any time, or for any reason, by a guests, volunteers, public observers or other members of the public while in Maricopa County facilities, Maricopa County vehicles, or vehicles owned by a Posse Branch or individual posse member that are used for Office related operations. | | | | ● | | | |
| O. | Driving while under the influence of alcohol or drugs while on duty, to exclude legally prescribed drugs that do not impair or inhibit an employee's capacity to perform their responsibilities. | | | | | | | ● |
| P. | Carrying a firearm while off duty when consuming alcohol and taking law enforcement action. | | | | | ● | ● | ● |

## 7  USE OF MEDICATION OR DRUGS

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Failure by the employee who takes prescribed or over-the-counter medications to be aware of any side effects the medications may have on the performance of their duties. | | ● | | | | | |
| B. | Failure by an employee to advise their supervisor, prior to reporting for duty, when taking medication that might impair their ability to perform the essential job functions of their position. | | ● | | | | | |
| C. | Refusing to participate in a drug, medication, or alcohol test, as specified in Office Policy GC-21, *Drug, Medication, and Alcohol Testing*. | | | | | | | ● |
| D. | Unlawful possession or use of drugs or medication, to include the prescribed medication of another. | | | | | | | ● |

## 8  GRATUITIES, REWARDS, OR LOANS

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Use of position for personal gain, on or off duty, to solicit, seek, or receive any personal loan, gift, gratuity, or other favor, from the general public, any private business firms which deal with the Office, or any other agency or department of Maricopa County which is, or may appear to be, intended to influence official conduct. | | | | | | ● | |
| B. | Accepting, directly or indirectly, a gratuity, fee, loan, reward, or gift of any kind for services rendered in the course of official duties or for services rendered in the course of an Office-approved off-duty assignment. This includes directly or indirectly accepting or obtaining a gratuity, fee, loan, reward, or gift of any kind and passing it on to family members, other Office employees, or acquaintances. | | | | | ● | | |

| Category | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| C. | Use of position to solicit free admission to places of amusement, entertainment, or sporting events or to solicit free meals, or any favors or gratuities not ordinarily afforded to a member of the public. | | | ● | | | | |
| D. | Accepting or soliciting a bribe. | | | | | | | ● |
| **9** | **ABUSE OF POSITION OR AUTHORITY** | | | | | | | |
| A. | Use of official position, identification cards, or badges to avoid the consequences of illegal acts such as driving under the influence or helping family members avoid the consequences of illegal acts. | | | | | | ● | |
| B. | Use of official position, identification cards, or badges for personal or financial gain related to official duties. | | | | | | ● | |
| C. | Use of official position, identification cards, or badge to obtain privileges not otherwise available to them or others, except in the performance of official duty. | | | | | ● | | |
| D. | Use of official position, identification card, or badge to misrepresenting their position or authority in the Office. | | | | | | ● | |
| E. | Lending identification cards, badges, or uniforms to another person not authorized to display or possess. | | | ● | | | | |
| F. | Permitting Office identification cards or badges to be photographed or reproduced unless necessary for official business. | ● | | | | | | |
| G. | Identifying themselves as members of the Office, visually or verbally, in connection with testimonials or advertisements, unless specifically authorized by the Sheriff, or designee. | | | ● | | | | |
| H. | Interfering by virtue of their position, with an Office criminal or administrative investigation; act in manner which might aid any person in escaping arrest or delay the apprehension of a criminal; facilitate the removal or concealment of contraband. | | | | | | | ● |
| I. | Convert for personal use any found, impounded, abandoned, or recovered property, or any property held or released as evidence. | | | | | | ● | ● |
| J. | Failure to return seized, found, or recovered property directly to a property custodian, court, or owner. | | | ● | | | | |
| K. | Misuse of NCIC or any Office or law enforcement database. | | | | | ● | ● | ● |
| L. | Misuse of position or authority to affect a promotion, transfer, or restoration to duty by obtaining an unfair advantage as a result of any act prohibited by Office Policy and/or Maricopa County Merit Rules, such as but not limited to nepotism; retaliation; conflict of interest; discrimination; or harassment. | | | | | ● | | |
| M. | Intentionally denying any person of civil liberties (such as no probable cause for arrest, search and seizure, or failing to give Miranda Warning when required, or any that may be guaranteed by the Constitution of the United States). | | | | | ● | ● | ● |

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| N. | Unintentionally denying any person of civil liberties (such as no probable cause for arrest, search and seizure, or failing to give Miranda Warning when required, or any that may be guaranteed by the Constitution of the United States). | | ● | ● | ● | | | |

**10    CARE AND USE OF OFFICE OR MARICOPA COUNTY EQUIPMENT**

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Misuse of Office and Maricopa County equipment. | ● | | | | | | |
| B. | Use of Office and Maricopa County cell phones, fax machines, printers, and copiers which inhibits either governmental or administrative use, or impact employee's ability to perform their assigned duties. | | ● | | | | | |
| C. | Use of Office and Maricopa County equipment used in a manner that discriminates, or denigrates, anyone on the basis of race, color, national origin, age, religious beliefs, gender, culture, sexual orientation, veteran status, or disability. | | | | | | ● | ● |
| D. | Use of e-mail and voice mail in a manner that discriminates, or denigrates, anyone on the basis of race, color, national origin, age, religious beliefs, gender, culture, sexual orientation, veteran status, or disability. | | | | | | ● | ● |
| E. | Willfully damaging, losing, misplacing, or abusing Office and Maricopa County equipment. | | | ● | | | | |
| F. | Negligently damaging, losing, misplacing, or abusing Office and Maricopa County equipment. | | ● | | | | | |
| G. | Failure to maintain Maricopa County issued equipment in proper order. | ● | | | | | | |
| H. | Intentionally accessing internet pornography sites while using a County computer unless directed to do so by a supervisor for investigative purposes. | | | | | | ● | |
| I | Personnel shall refrain from using profane or offensive language or images in any aspect of their electronic communications, including system passwords, as specified in Office Policy GM-1, *Electronic Communications and Voicemail*. | | ● | ● | ● | | | |
| J. | Speeding or committing traffic violations while driving a County owned vehicle (Civil sanctions only. Criminal cases should be considered aggravating circumstances). | | ● | | | | | |
| K. | Involvement in a preventable accident with an Office vehicle while engaged in emergency driving. | | | ● | | | | |
| L. | Unauthorized use of County equipment and personnel for personal profit. | | | | | | | ● |

**11  CONFIDENTIAL INFORMATION, PROTECTED HEALTH INFORMATION, AND DIVULGING CRIMINAL RECORDS**

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Discussing or disclosing sensitive law enforcement or confidential information without supervisor direction or approval, and with persons unauthorized to receive the information, or permitted or required by law. | | | | | ● | | |
| B. | Unauthorized release of Criminal History Record Information (CHRI). | | | | | | ● | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| C. Using, copying, making notes regarding, removing, releasing, or disclosing information or facts that are of a personal or confidential nature regarding an employee, inmate, or other person's health or medical information, unless doing so legally in the course and within the scope of official duties. | | | | | ● | | |
| D. Failure to immediately notify a supervisor upon becoming aware of anyone improperly accessing or releasing information or facts that are of a personal or confidential nature regarding an employee, inmate, or other person's health or medical information. **The presumptive discipline for a failure to report such allegations may be commensurate with the presumptive discipline for the underlying misconduct or maybe one offense less than received by the employee who committed the act.** | | | ● | | | | |
| E. Intentional and unauthorized alteration, disclosure, copying, and retention of confidential material or sensitive information. | | | | | | ● | |
| F. Unintentional destruction or removal of County records. | | | ● | | | | |

## 12 PERFORMANCE OR DERELICTION OF DUTY

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Failure to devote working time and attention to the service of the Office to complete all assignments in a timely manner. | | ● | | | | | |
| B. Engaging in any activities or personal business, such as personal phone calls or text messages, or other electronic activities which would cause neglect to duty. | ● | | | | | | |
| C. Displaying cowardice or failing to support fellow employees in the lawful performance of duty. | | | | ● | | | |
| D. Willful failure to appear for judicial subpoenas, whether on behalf of the state or in actions against the employee. | | | ● | | | | |
| E. Unintentional failure to comply with document preservation and production requirements, as specified in Office Policy GD-9, *Litigation Initiation, Document Preservation, and Document Production Notices.* | | ● | | | | | |
| F. Intentional failure to comply with document preservation and production requirements, as specified in Office Policy GD-9, *Litigation Initiation, Document Preservation, and Document Production Notices.* | | | | | | ● | |
| G. Engaging in any strike, or restricting output causing a work slowdown in support of a strike. | | | | | | | ● |

## 13  PUNCTUALITY & ABSENCES

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Failure to be punctual in reporting to a designated duty post and physically ready to assume assigned duties. | ● | | | | | | |
| B. Failure by a supervisor to enter tardiness and early departures data into Blue Team, as specified in Office Policies GC-1, *Leaves and Absences*, and CP-2, *Code of Conduct.* | ● | | | | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| C. Absent Without Authorized Leave (AWOL) except when extenuating circumstances are found to have existed. AWOL occurs when an employee fails to call in to a supervisor, and who does not show for their scheduled shift. | ● | ● | ● | ● | ● | ● | ● |
| D. Abuse of sick or vacation leave for non-FMLA-qualifying events. | ● | | | | | | |

## 14  POLITICAL ACTIVITY

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Use of authority of position, Maricopa County business, personnel, equipment, materials, buildings, or other resources, to influence the vote or political activities, or for the purpose of influencing the outcomes of elections. | | | | | | | ● |
| B. Use of political endorsement in connection with any appointment to a position in the Maricopa County classified service. | | | | | | ● | |
| C. Use or promise to use, any official authority or position for the purpose of influencing the vote, or political action of any person or for any other considerations. | | | | | | | ● |
| D. Soliciting an employee to engage in, or deny him the opportunity to engage in, activities permitted regarding political activity. | | | | | | ● | |
| E. Participating in any direct or indirect threat, such as intimidation, coercion, discrimination, reprisal, force, or any adverse consequence, such as the loss of any benefit, reward, promotion, assignment, or compensation based on the employee's involvement in a political activity. | | | | | | | ● |
| F. Engaging in political activity while on duty, while in uniform, or at public expense, except as authorized in CP-2, Code of Conduct. | | | | | | | ● |
| G. Denying any employee of any civil liberties, as guaranteed by the Constitution of the United States or the Constitution and Laws of the State of Arizona based on the employee's involvement in political activity. | | | | | | | ● |
| H. Shall not participation as a member of any national, state, or local committee of a political party, an officer or chairperson of a committee of a partisan political club, a candidate for nomination or election to any public office, which is either paid or partisan, or take part in the management of any political party, partisan or nonpartisan campaign, or recall effort. | | | | ● | | | |
| I. Discriminate against another employee for engaging in, or choosing not to engage in, any permitted political activity. | | | | | | | ● |
| J. Retaliate against another employee for engaging in, or choosing not to engage in, any permitted political activity. | | | | | | | ● |
| K. Conducting support of family members running for political office outside the provisions of Office Policy CP-2, *Code of Conduct*. | | | ● | | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| L. Employees using the authority of their position to influence the vote or political activities of any subordinate employee. | | | | | | | ● |
| **15 PUBLIC APPEARANCE AND STATEMENTS** | | | | | | | |
| A. Publicly ridiculing the Office, its policies, or its employees, orally, in writing, or through social media, where such expression is defamatory, obscene, unlawful, tends to undermine the effectiveness of the Office, interferes with the maintenance of discipline, or is made with reckless disregard for the truth. | | | | | ● | | |
| B. Addressing public gatherings, appearing on radio or television, or releasing for publication, an article, manuscript, or other material which pertains to the operations or activities of the Office, without prior approval from the Sheriff, or designee. | | | ● | | | | |
| **16 ENDORSEMENTS, REFERRALS, AND VENDORS** | | | | | | | |
| A. Recommending, suggesting, or advocating for the employment of any person, or procurement of any particular product, professional, or commercial service outside the official procurement process. | | | | ● | | | |
| B. Failure by an employee to disclose their interest for any contract, sale, purchase, or service, in which they have an interest. | | | | ● | | | |
| C. Failure by an employee to disclose their interest and abstaining from voting for any contract, sale, purchase, or service, in which they have an interest. | | | | ● | | | |
| **17 LABOR/ FRATERNAL ORGANIZATIONS AND ASSOCIATIONS** | | | | | | | |
| A. Joining, and, or holding office in any employee organization, labor union, or professional association, organized for any illegal purposes or primarily engaged in activities contrary to law. | | | | | | | ● |
| B. Attempting to prohibit or intimidate any covered employee from belonging to, or holding office in, any lawful organization. | | | | | ● | | |
| **18 ASSOCIATIONS AND FRATERNIZATION WITH INMATES OR PRISONERS** | | | | | | | |
| A. Indulging in undue familiarity with inmates or prisoners. | | | | | | | ● |
| B. Fraternization with inmates and prisoners, unless it is unavoidable due to family member relationships. | | | ● | | | | |
| C. Engage the services of, accept services from, or do favors for, any person known to them to have been in the custody of the Office, or any other detention or correctional facility within the last two years. | | | | ● | | | |
| D. Conveying written or oral messages between inmates. | | | ● | | | | |
| E. Corresponding with, or assisting in conducting correspondence with inmates, former inmates, or other persons not in custody, on behalf of an inmate. | | | | ● | | | |
| F. Assisting inmates in the submission or preparation of judicial documents. | | | | ● | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| G. Writing letters of recommendation, on behalf of inmates on matters concerning official business of the Office, without authorization from their bureau commander. | | | | ● | | | |
| H. Exchanging money or property with inmates or prisoners. | | | | | | ● | ● |
| I. Providing inmates with newspapers, magazines, or books from outside the jail. | | ● | | | | | |
| J. Engaging in informal, non-work-related discussions with inmates or prisoners concerning other officers, inmates, or prisoners. | | | ● | | | | |
| K. Making remarks of a personal nature in reference to any officers, inmates or prisoners, witnesses, or informants where the remarks may be within earshot of any inmate or prisoner. | | | ● | | | | |
| L. Encouraging or sympathize with inmates in their complaints about rules, regulations, or jail conditions, to include, failing to properly address the complaint or notify a supervisor of the situation. | | ● | | | | | |
| M. Offering religious or other advice to inmates regarding personal, family, or case-related problems. | | | ● | | | | |

## 19  EMPLOYEE RELATIONSHIPS WITH PERSONS VISITING INMATES

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Granting special privileges, such as an extended visit time, or allowing an unscheduled visit, to visitors without the approval of the shift commander. | | | | ● | | | |
| B. Accepting favors or gratuities from visitors at any time. | | | | | ● | | |
| C. Indulging in undue familiarity with visitors. | | | | | | | ● |
| D. Fraternization with visitors. | | | ● | | | | |

## 20  EMPLOYEE RELATIONSHIPS WITH OTHER EMPLOYEES

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Failure to be respectful and maintain a professional, courteous, and cooperative demeanor with other employees of the Office and other law enforcement or criminal justice personnel. | | ● | | | | | |
| B. Failure to be respectful and maintain a professional, courteous, and cooperative demeanor with supervisory personnel. | | ● | | | | | |
| C. Defying the authority of any supervisor by being disrespectful, arrogant, or displaying disrespectful conduct, whether in or out of the supervisor's presence. | | | ● | | | | |
| D. Covertly recording conversations involving other Office employees. | | | | ● | ● | | |
| E. Failure to promote the establishment and maintenance of a professional workplace, free from discourteous treatment of others. | | ● | | | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| F. Dating, entering into a romantic relationship, or having any form of sexual interaction between a supervisor and their supervised employee. | | | | ● | | | |
| G. Failure to notify supervisor when employees working in the same division or building are in a dating, romantic relationship, or are having any form of sexual interaction. | | ● | | | | | |

**21 EMPLOYEE RELATIONSHIPS WITH KNOWN OR SUSPECTED CRIMINALS**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Associating or dealings with persons whom they know, or have reason to believe are, or have been, recently charged with criminal acts, or any person who the employee should reasonably know to have been involved in criminal acts or are under indictment. This is to include criminal investigation, arrests or incarceration. Employees shall also avoid associations with known racketeers, illegal gamblers, and persons in the community with a reputation for criminal behavior. | | | | ● | | | |

**22 EMPLOYEE RELATIONSHIPS WITH VICTIMS, WITNESSES, INFORMANTS, OR OTHER SUCH INDIVIDUALS**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Converting an enforcement contact with persons, including, but not limited to, victims, witnesses, informants, suspects, or traffic violators, into a dating relationship, sexual relationship, social relationship, or business relationship during the course of any official contact or investigation. | | | | | | ● | ● |
| B. Failure to notify their supervisor of any relationship that evolves following contact due to job responsibilities. | | | | ● | | | |

**23 FREQUENTING PROHIBITED ESTABLISHMENTS**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Knowingly entering or frequent any establishment, such as a house of prostitution or illegal gambling house, wherein the laws of the United States, the state, or the local jurisdiction are regularly violated, except in the performance of duty or while acting under proper and specific orders from a supervisor. | | | | ● | | | |

**24 GAMBLING**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Participating in any form of illegal gambling at any time, except in the performance of duty, and while acting under proper and specific orders from a supervisor. | | | | | | ● | ● |

**25 SLEEPING ON DUTY**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Sleeping on duty without authorization. | | | ● | | | | |

**26 INTERFERENCE WITH OFFICIAL INVESTIGATIONS**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| A. Use of official position or knowledge gained by employment with this Office to hinder, obstruct, or interfere with any case, official operation, or investigation being handled by this Office or any other agency. | | | | | | | ● |
| B. Improper discussing and sharing of confidential internal investigation information. | | | | ● | ● | ● | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| C. Failure to submit to an administrative interview or refusal to cooperate in a polygraph examination during an administrative investigation. | | | | | | | ● |
| **27 REQUEST FOR ASSISTANCE** | | | | | | | |
| A. Failure to adequately assist members of the public, when requesting assistance from the Office either by telephone or in person. | | ● | ● | ● | ● | ● | ● |
| **28 FAILURE TO MEET STANDARDS** | | | | | | | |
| A. Failure to perform assigned duties in an acceptable manner. | | ● | | | | | |
| B. Failure to possess the knowledge required to perform assigned duties based on the employee's job classification and training. | | ● | ● | | | | |
| C. Failure to complete assignments properly. | | ● | | | | | |
| D. Failure to make reasonable decisions or take appropriate actions. | | ● | | | | | |
| E. Failure to accomplish a reasonable share of the workload. | ● | | | | | | |
| F. Failure to conduct proper security walks. | | ● | | | | | |
| G. Failure to complete proper Operations Journal entries. | | ● | | | | | |
| H. Failure to conduct a proper headcount. | | ● | | | | | |
| I. Failure to perform security functions which would not have the potential to place members of the public at risk. | | ● | | | | | |
| J. Failure to perform security functions that result in an escape or which places other employees or members of the public at risk. | | | | | | ● | |
| K. Failure to follow release procedures as specified in Office Policy DO-2, *Release Process*, resulting in an erroneous release from custody. | | ● | ● | | | | |
| L. Reckless use, handling, or display of firearms. | | | | | | ● | |
| M. Unintentional, voluntary discharge of firearm, where the trigger was manipulated voluntarily, but the discharge was unintentional. | | ● | | | | | |
| N. Unintentional, involuntary discharge of firearm, where the trigger was manipulated involuntarily, and discharge was unintentional. | | ● | | | | | |
| O. Accidental discharge of firearm, where outside influences such as clothing or equipment contacting the trigger occurred, due to failure to safety or holster firearm properly. Does not include actual mechanical failures. | | ● | | | | | |
| P. Unintentional non-activation and use of body-worn cameras. | | ● | | | | | |
| Q. Intentional failure to notify a supervisor and the Body-Camera Program Administrator of lost, stolen, damaged, or non-functioning equipment. | | | | ● | | | |
| R. Deliberate and/or repeat failures to activate and use body-worn cameras, failure to activate and use body-worn cameras when conducting traffic stops, responding to calls for service, or interacting with the public for investigative or enforcement activities, unless exigent circumstances exist. | | | | | | ● | |

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| S. | Failure to intervene or respond when necessary, to include: calls for service, dispatch, and requests for assistance. | | | ● | | | | |
| T. | Failure to respond to a radio call. | | ● | | | | | |
| U. | Unintentional failure to complete reports as directed by Office policies, to include but not limited to, Incident Reports, PREA Reports, and Use of Force Reports. | | ● | | | | | |
| V. | Intentional failure to complete reports as directed by Office policies, to include but not limited to, Incident Reports, PREA Reports, and Use of Force Reports. | | | ● | | | | |
| W. | Failure by a supervisor to conduct any required reviews with adequate and consistent quality. | | ● | | | | | |
| X. | Neglect to maintain prescribed records. | | ● | | | | | |
| Y. | Failure by a supervisor to ensure employees perform required duties, or hold them accountable, of which does not place other employees or members of the public at risk. | | ● | | | | | |
| Z. | Failure to conform to work standards established for the employee's rank or position. | | ● | ● | | | | |
| aa. | Failure to meet mandatory training as it relates to Arizona Peace Officer Standards and Training Board (AZ POST) requirements and Court order mandates. | | | ● | | | | |
| bb. | Misuse and/or abuse of supervisory authority or privilege. | | | ● | | | | |
| cc. | Failure to exercise proper supervision over assigned employee or prisoner. | | | ● | | | | |
| dd. | Inattentiveness to duty or horseplay. | ● | | | | | | |
| ee. | Failure to report to assigned area of responsibility during a shift. | | ● | | | | | |
| ff. | Failure to advise employee of the grievance and appeal process and/or inform the chain of command of possible forthcoming complaints or grievances. | | ● | | | | | |
| gg. | Refusing to participate in an Intervention Action Plan. | | | | | | ● | |
| hh. | Allowing unauthorized personnel to enter work areas. | | ● | | | | | |
| ii. | Failure to report an industrial injury requiring medical attention with 24 hours. | ● | | | | | | |
| jj. | Failure of a supervisor to complete the Industrial Injury Report within 24 hours. | | ● | | | | | |
| kk. | Failure to make required EIS Blue Team entries as a line staff employee. | ● | | | | | | |
| ll. | Failure by a supervisor to make required EIS Blue Team entries. | | ● | | | | | |
| mm. | Intentional misplacement of important documents or property with serious consequences for law enforcement. | | | | | | ● | ● |
| nn. | Unintentional misplacement of important documents or property without serious consequences for law enforcement. | ● | | | | | | |
| oo. | Failure to thoroughly search for and properly collect any available evidence in any arrest or criminal investigation. | | | ● | | | | |

| | Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| pp. | Failure to notify the Office of a change of address or telephone number. | ● | | | | | | |
| qq. | Failure to maintain telephone or other method of delivering messages. | ● | | | | | | |
| rr. | Failure to maintain required uniform. | ● | | | | | | |
| ss. | Failure to maintain personal appearance appropriate to the job. | ● | | | | | | |
| tt. | Failure to keep work or vehicle area clean and uncluttered, causing a work hazard. | ● | | | | | | |
| uu. | Office employees and volunteers entering or working in a jail facility are prohibited from bringing personal cell phones, and other personal electronic items (MP3 players, iPods, personal laptops, tablets, smart watches, or any other personal electronic devices that are used for texting, e-mails, social media or viewing movies/clips, into secured areas of jail facilities, unless approved by a supervisor, or otherwise authorized, as specified in Office Policy CP-2, *Code of Conduct.* | ● | ● | | | | | |

**29  INSUBORDINATION**

| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Failure by an employee to follow a reasonable and lawful order given by a supervisor regardless of the method of conveyance. | | | | | | ● | ● |

**30  LOITERING**

| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Remaining in eating establishments, gas stations, or other public places for longer than is reasonably required to complete the legitimate activity for which they stopped while on duty or in uniform, unless required by duty. | | ● | | | | | |
| B. | Remaining at a duty post or any Office location beyond the end of their shift, unless conducting official business or for a minimal period while awaiting transportation from work. | ● | | | | | | |

**31 ABUSE OF PROCESS, WITHHOLDING EVIDENCE, AND MISAPPROPRIATION OF PROPERTY**

| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| A. | Manufacturing, concealing, falsifying, destroying, removing, tampering with, or withholding evidence or information, or make false accusations in a criminal, traffic matter, or administrative matter. | | | | | | | ● |
| B. | Failure to ensure a valid chain of evidence with adherence to the guidelines for the strict control and management of evidentiary property, as specified in Office Policy GE-3, *Property Management and Evidence Control.* | | | ● | | | | |
| C. | Failure to properly report and document, any property that is being held as evidence, found property, or for safekeeping, which comes into possession of the employee during the course of regular duties. | | | | | ● | ● | |
| D. | Unintentional failure to properly secure an individual's personal property which results in the loss of those items. | | ● | | | | | |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| E. Intentional or negligent failure to properly secure an individual's personal property which results in the loss of those items. | | | | | | ● | ● |
| **32  TREATMENT OF MEMBERS OF THE PUBLIC OR  PERSONS IN CUSTODY** | | | | | | | |
| A. Unnecessary use of force or force option with a member of the public or persons who are in the custody of the Office, or failure to report such actions. | | | | | | ● | |
| B. Abusive treatment of members of the public, or inmates, or prisoners, which does not rise to the level of assault. | | | | | ● | | |
| **33  GUM AND TOBACCO USAGE** | | | | | | | |
| A. Use of tobacco products or gum while making personal contacts with members of the public in the performance of their duties. Tobacco products use includes, but is not limited to: cigars; cigarettes; pipes; chewing tobacco; and, E-cigarettes. | ● | | | | | | |
| B. Use of tobacco products in a non-designated area. | ● | | | | | | |
| **34  PROPERTY DAMAGE** | | | | | | | |
| A. Failure to notify a supervisor, or if unavailable, the nearest on-duty supervisor, and promptly submit a written report concerning any damage to real or personal property, including vehicles, belonging to the Office, Maricopa County, a member of the public, or any other entity or individual, which is a result of, or occurred during, the execution of their official duties or responsibilities. | | | ● | | | | |
| B. Failure to notify a supervisor and promptly submit a written report concerning any damage to real or personal property of others, including vehicles, belonging to the Office, Maricopa County, while off duty. | | | ● | | | | |
| C. Attempting to work out or negotiate a settlement with any entity or individual regarding personal or Maricopa County liability when property damage has occurred during the execution of official duties. | | | | | | ● | |
| **35  RUMORS OR GOSSIP** | | | | | | | |
| A. Spreading rumors or gossip is prohibited. | | ● | | | | | |
| B. Failure by supervisors to take action when made aware of the spreading of rumors or gossip. | | | ● | | | | |
| **36  SOCIAL NETWORKING SITES** | | | | | | | |
| A. Accessing social networking sites on Office equipment while on duty unless in the performance of official duties. | | ● | | | | | |
| B. Publicly expressing, sharing, or posting information regarding the Office which would jeopardize the safety and security of Office employees, inmates or the public, or which could negatively impact the efficient or effective operation of the Office. | | | ● | ● | ● | ● | ● |

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| **37  KEEPING SUPERVISORS INFORMED** | | | | | | | |
| A. Failure to notify a supervisor of all situations, events, incidents, inspections, and communications that affect, or may affect, the Office, or with which the Office may be concerned. | | ● | | | | | |
| B. Failure to notify involvement in any situation being investigated by another law enforcement agency, whether as a witness, victim, or suspect, or in anticipation of becoming an accused suspect. | | ● | | | | | |
| C. Failure to notify a supervisor of the suspension or revocation of driving privileges. (This failure applies only to the reporting, not actual vehicle operation which falls under Section 3, Subsection B, Commission of a Class 1 misdemeanor). | | | ● | | | | |
| D. Failure to notify a supervisor upon knowledge of a family member being booked into an Office jail. | | ● | | | | | |
| E. Failure to notify a supervisor of the issuance of a court order, such as an order of protection or an injunction against harassment, in which the Office employee has been named. | | | ● | | | | |
| F. Failure to notify a supervisor of the receipt of a moving vehicle traffic citation. | ● | | | | | | |
| **38  USE OF DISCRETION** | | | | | | | |
| A. Failure to use discretion in the enforcement of laws and in determining appropriate actions. | | ● | | | | | |
| B. Failure to use discretion to evaluate the circumstances and consider available resources and alternate solutions. | | ● | | | | | |