Mary R. O'Grady, 011434
Kimberly I. Friday, 035369
Joshua Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
mogrady@omlaw.com
kfriday@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Paul Penzone

Joseph I. Vigil, 018677
Joseph J. Branco, 031474
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANT MARICOPA COUNTY SHERIFF PAUL PENZONE'S MOTION TO MODIFY PARAGRAPH 244 OF SECOND ORDER** |

Defendant Maricopa County Sheriff Paul Penzone respectfully requests that this Court, pursuant to Federal Rule of Civil Procedure 60(b), modify Paragraph 244 of the Second Amended Second/Supplemental Permanent Injunction/Judgment Order (Doc. 1765) ("Second Order") to conform with newly enacted Arizona law. As discussed below, the Maricopa County Sheriff's Office ("MCSO") cannot comply with both Paragraph 244 and the requirements of Arizona Revised Statute § 38-1117 that are effective as of September 29, 2021. MCSO conferred with the United States and Plaintiffs prior to filing this motion. The United States and Plaintiffs oppose this motion.

I. **Background**

A. **Paragraph 244**

The Second Order requires MCSO to undertake multiple actions aimed at making it easier for members of the public to file complaints with MCSO. *See* Second Order at ¶¶ 237-245. In particular, Paragraph 244 provides:

> 244. The Sheriff shall ensure that the MCSO's complaint form does not contain any language that could reasonably be construed as discouraging the filing of a complaint, such as warnings about the potential criminal consequences for filing false complaints.

Other provisions in the Second Order require MCSO to: ensure that all deputies carry complaint forms in their MCSO vehicles; distribute complaint forms at various locations throughout Maricopa County; implement a program to promote awareness throughout Maricopa County about the process for filing complaints; maintain a facility that can receive walk-in visitors wishing to file complaints; establish a free, 24-hour hotline for members of the public to make complaints; and ensure complaint forms are available, at a minimum, in English and Spanish. *Id.* ¶¶ 237-245. The directives in Paragraphs 237 through 245 of the Second Order were based upon factual findings by the Court that MCSO's handling of complaints made by members of the public was inadequate. After reviewing multiple instances of deficiencies by MCSO, the Court made "the reasonable inference that complaints [from members of the public] were not

properly transmitted, processed, or investigated." Doc. 1677 at ¶ 852; *see generally id.* at ¶¶ 850-867. The Court did not, however, make any factual findings that MCSO personnel discouraged members of the public from filing complaints by warning them of potential criminal consequences for filing false complaints. *See generally, id.*

The Monitor has assessed MCSO to be "In Full and Effective Compliance" with Paragraph 244 because MCSO has been in compliance with Paragraph 244 for over three years. *See* Twenty-Seventh Report of the Independent Monitor for the Maricopa County Sheriff's Office (Doc. 2637), at 231. MCSO is also in compliance with the other provisions in Paragraphs 237 through 245. *Id.* at 227-232.

**B.    House Bill 2550**

On July 9, 2021, Arizona Governor Doug Ducey signed House Bill 2550 into law. Ariz. Sess. Laws, Ch. 423 (2021) (HB 2550). House Bill 2550 amends the Arizona Revised Statutes by adding a new section, § 38-1117, relating to complaints against peace officers. In full, the new Section 38-1117 provides:

> **38-1117. Peace officer complaint; mandatory notice**
> Before a law enforcement agency accepts a complaint made against a peace officer, the law enforcement agency <u>must provide</u> the person making the complaint with the following notice:
>
> Pursuant to Section 13-2907.01, Arizona Revised Statutes, it is a Class 1 misdemeanor to knowingly make to a law enforcement agency a false, fraudulent or unfounded report or statement or to knowingly misrepresent a fact for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer.

*Id.* (emphasis added). House Bill 2550 will take effect on September 29, 2021, which is the general effective date for legislation enacted at the Arizona Legislature's 2021 regular session. *See* General Effective Dates, https://www.azleg.gov/general-effective-dates/.

**C.    Proposed modification to Paragraph 244**

Paragraph 244's prohibition against including "warnings about the potential criminal consequences for filing false complaints" on complaint forms directly conflicts

with the notice to complainants required by the new § 38-1117. Thus, MCSO cannot simultaneously comply with both Paragraph 244 and § 38-1117. Accordingly, MCSO requests that the Court modify Paragraph 244 as follows (~~strikethrough~~ and **bold** reflect changes):

> 244. The Sheriff shall ensure that the MCSO's complaint form does not contain any language that could reasonably be construed as discouraging the filing of a complaint~~, such as~~. **This paragraph does not prohibit MCSO from including** warnings **that are required by state law** about the potential criminal consequences for filing false complaints.

MCSO's proposal maintains the existing language of Paragraph 244 to the greatest extent possible and carves out a narrow exception only for the new requirements of Arizona law.

## II. Argument

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from a final judgment, order, or proceeding for "any [] reason that justifies relief." A motion for modification pursuant to Rule 60(b) is appropriate where a newly enacted state law conflicts with the requirements of an existing court order. *See Hook v. Ariz. Dept. of Corrections*, 107 F.3d 1397, 1404 (9th Cir. 1997) (indicating that a Rule 60(b) motion to modify an injunction prior to violating a conflicting state law would have been appropriate); *see also Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992) (modification of a consent decree pursuant to Rule 60(b) is appropriate when the consent decree requirement "proves to be unworkable because of unforeseen obstacles").

Ninth Circuit law "is clear: unless a state law is found to violate a federal law, or unless the injunction [procedures are] found necessary to remedy a constitutional violation, federalism principles require the reconciliation of the state law and federal injunctions." *Valdivia v. Schwarzenegger*, 599 F.3d 984, 995 (9th Cir. 2010). A mere finding "that a state law conflicts with a federal injunction . . . is insufficient to deny

4

modification of the injunction, and clearly constitutes an abuse of discretion." *Id.* (cleaned up). Even where the injunction as a whole is put in place to remedy a constitutional violation, the procedures within that injunction must be "*required* to remedy the violation" before a district court may refuse to reconcile the injunction with state law. *Id. See also Stone v. City of & Cty. of San Francisco*, 968 F.2d 850, 862 (9th Cir. 1992) (holding that a federal court injunction may disregard otherwise valid state laws only where "the action is essential to enforce the [remedial] scheme").

Federalism principles dictate that Paragraph 244 should be modified to conform to Arizona state law. Although the Paragraph was "put in place in an attempt to remedy a . . . constitutional violation, [it is] not *necessary or required* by the Constitution." *Valdivia*, 599 F.3d at 995. The Court entered lengthy factual findings relating to the inadequacies of MCSO's complaint intake, processing, and investigation systems, but it did not make any factual findings regarding MCSO personnel discouraging complaints from members of the public by warning of potential criminal consequences for false complaints. *Id.* at 994-95 (vacating district court's refusal to reconcile an injunction with state law where the district court "made no express determination that the Injunction's procedures were necessary to remedy the federal constitutional violation"). And while Paragraph 244 should be modified, all of the other provisions in the Second Order that safeguard easy complaint access by members of the public remain in effect. These provisions will continue to ensure MCSO is encouraging and facilitating complaints from members of the public.

Nor does the operation of Section 38-1117 "hinder vindication of federal constitutional guarantees" implemented by the Court in the Second Order. *See Stone,* 968 F.2d at 862 (quoting *North Carolina State Bd. of Educ. v. Swann*, 402 U.S. 43, 45 (1971)). The newly-enacted Section 38-1117 does not conflict with any federal statutes or Constitutional provisions. *Valdivia*, 599 F.3d at 995; *Clark v. Coye*, 60 F.3d 600, 605 (9th Cir. 1995) ("It is irrelevant whether Bill 35 frustrates the broad purpose of the district court's injunction. It must be first determined whether Bill 35 violates federal

law."). Opinions undoubtedly differ regarding whether the statute is prudent. However, in the absence of a demonstrated need to override the statute to vindicate constitutional rights, deference to the statute is required.

MCSO's proposed modification to Paragraph 244 is narrowly tailored "to resolve the problems created by the change in circumstances." *Rufo*, 502 U.S. at 391. The existing language of Paragraph 244 is retained to the greatest extent possible, with exception being made only as regards to the requirements of state law.

MCSO does not file this motion in an effort to evade the requirements of Paragraph 244. As noted above, MCSO has been in compliance with Paragraph 244 for over three years and is assessed by the Monitor to be "In Full and Effective Compliance" with the Paragraph. Instead, MCSO seeks to modify Paragraph 244 so that it can fulfill its obligation to comply with state law when, as here, doing so does not impede federal constitutional protections or hinder actions essential to the remedial scheme in the Second Order.

### III. Conclusion

For the foregoing reasons, MCSO requests that this Court modify Paragraph 244 to conform to Arizona state law. MCSO will continue to comply with Paragraph 244 pending an Order from the Court on this Motion. *See* Fed. R. Civ. P. 60(c)(2) ("The motion does not affect the judgment's finality or suspend its operation.").

A proposed order accompanies this Motion.

Dated this 26th day of July, 2021.

                                               OSBORN MALEDON, P.A.

                                               By    s/Kimberly I. Friday
                                                         Mary R. O'Grady
                                                         Kimberly I. Friday
                                                         Joshua Messer
                                                         2929 North Central, Suite 2100
                                                         Phoenix, Arizona 85012-2793

                                             Attorneys for Defendant Paul Penzone

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By: <u>s/ Joseph J. Branco (w/permission)</u>
Joseph I. Vigil (018677)
Joseph J. Branco (031474)
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003

Attorneys for Defendant Paul Penzone and Maricopa County