**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-02513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' and United States' (collectively, "Plaintiffs") Joint Motion for an Order to Show Cause. (Doc. 2610.) For the following reasons, the motion is granted.

**DISCUSSION**

**I.   Legal Standard**

A party may be held in civil contempt when, after receiving notice, it fails to take all reasonable steps within its power to comply with a specific and definite judicial order. 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other,

as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A district court has "wide latitude in determining whether there has been a contemptuous defiance of its order[s]." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). The Ninth Circuit's rule regarding contempt "has long been whether defendants have performed 'all reasonable steps within their power to insure compliance' with the court's orders." *Id.* (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)).

The moving party bears the initial burden of establishing by clear and convincing evidence that the contemnors violated a specific and definite order of the Court. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). The burden then shifts to the contemnors to produce evidence explaining their noncompliance. *Id.* The contemnors must show that they took every reasonable step to comply. *Sekaquaptewa*, 544 F.2d at 406.

## II. Analysis

Plaintiffs have met their initial burden of producing clear and convincing evidence that Defendants Sheriff Paul Penzone and Maricopa County (collectively, "Defendants") violated a specific and definite court order.[1] On July 26, 2016, the Court issued an injunction (the "Second Order") which required reforms to MCSO's internal investigation procedures. (Doc. 1765.) The Second Order requires the Sheriff to ensure that "all allegations of employee misconduct, whether internally discovered or based on a civilian complaint, are fully, fairly, and efficiently investigated," *id.* ¶ 163, and that the Sheriff and MCSO "conduct objective, comprehensive, and timely administrative investigations of all allegations of employee misconduct," *id.* ¶ 183. Specifically, investigators must complete the administrative investigations "within 85 calendar days of the initiation of the

---

[1] In addition to seeking initiation of civil contempt proceedings against Paul Penzone and Maricopa County, Plaintiffs seek civil contempt proceedings against the Maricopa County Sheriffs' Office ("MCSO"). (Doc. 2610 at 3.) However, the Ninth Circuit Court of Appeals previously found that MSCO was improperly named as a party in this action. *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015). Accordingly, the Court only considers whether civil contempt proceedings are appropriate as to Defendants Maricopa County and Paul Penzone.

investigation (60 calendar days if within a Division)." *Id.* ¶ 204.  Requests for extensions of time must be approved by the Commander of the Professional Standards Bureau and may only be granted if reasonable. *Id.*

Defendants have continually failed to complete their investigations in a timely manner. The average closure of a case took 204 days in 2018, 499 days in 2019, and 552 days in 2020. (Doc. 2569 at 193.) These average closures far exceed the deadlines for completion set forth in the Second Order and they are in gross violation of the state law. *See* A.R.S. § 38-1110 (180-day time limit for completing an investigation). Further, the Independent Monitor for the MCSO (the "Monitor") found MSCO in non-compliance with paragraph 204's requirements in its November 2020 and February 2021 reports. (Docs. 2569, 2594.) In its November 2020 report, the Monitor found that, of the 65 administrative misconduct investigations submitted for compliance review, only 11 investigations were completed within the 60- or 85-day time frame and of the remaining 54 investigations, only 14 contained acceptable justification for extension of time. (Doc. 2569 at 203.) And in its February 2021 report, the Monitor found that, of the 146 administrative misconduct investigations submitted for compliance review, 74 investigations were completed within the required time frame or contained an acceptable extension request and approval. (Doc. 2594 at 201.)

Defendants' failures negatively impact the quality and efficacy of their investigations. As the Court observed in its December 18, 2020 order, delays in investigation have the tendency to deny justice because the matter remains unresolved, memories fade, and witnesses become unavailable. (Doc. 2576 at 2.) Most concerning, MSCO policy provides that the appeals board "may dismiss [ ] discipline if it determines that the [MCSO] did not make a good faith effort to complete the investigation within 180 calendar days." *Maricopa County Sheriff's Office Policy and Procedures* 16 (2020), https://www.mcso.org/home/showpubliksheddocument/586/637460590886200000. In the past, MCSO purposefully exceeded this time limit to justify imposing no discipline or only minor discipline. (Doc. 1677 ¶¶ 576–78.)

On June 3, 2021, the Court held a hearing on the joint motion. (Doc. 2655.) During the hearing, the Court discussed its thoughts on Defendants' response, which provided Defendants' justifications for noncompliance. The Court stated that, even if it accepted everything in Defendants' response as true, it would hold Sheriff Penzone in contempt. (Doc. 2657 at 14.) Based on this observation, the Court offered Defendants the option to concede liability and focus the order to show cause hearing on what remedies to impose. *Id.* at 15. In a joint report following the hearing, Defendants stated they would not present any further substantive merits defense and opted to focus on remedies. (Doc. 2663 at 2.) Therefore, the show cause hearing, which the Court will set in a separate order, will focus on contempt remedies.

Additionally, pursuant to the procedures previously set forth, the Court has selected a management expert who will identify the sources of MCSO's failure to comply with the deadline for investigations in the Second Order and recommend remedial actions. The Court has questions about details related to the engagement of the management expert, which it will address with the parties in the status conference set in this Order.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' and United States' Joint Motion for an Order to Show Cause (Doc. 2610) is **GRANTED.**

**IT IS FURTHER ORDERED** setting an **in-person** status conference on **August 27, 2021 at 10:00 a.m. (AZ Time)**.

Dated this 12th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge