**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>　　　　　　　Plaintiffs,<br><br>and<br><br>United States of America,<br><br>　　　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>　　　　　　　Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

## BACKGROUND

On August 12, 2021, this Court issued an Order to Show Cause pertaining to Defendants' continual noncompliance with the injunction ordered on July 26, 2016. (Doc. 2681.) As referenced in the Order to Show Cause, this Court will appoint a management expert to provide the Court with recommendations on how best the Maricopa County Sheriff's Office can both come into compliance with the Court's order pertaining to the time limits for completing internal investigations and remain in compliance with such limits as required by the injunction and thereafter by state law.

## APPOINTMENT

Having considered all proposed candidates for appointment of a management

expert,

**IT IS HEREBY ORDERED** that Michael Gennaco of the OIR Group is hereby **APPOINTED** to serve as the Court's expert.  Mr. Gennaco may be reached at michael.gennaco@oirgroup.com.

**IT IS FURTHER ORDERED** that Mr. Gennaco shall be impartial and function at the request of the Court pursuant to this Order.  The purpose of his appointment shall be to conduct an investigation and create a report reviewing the Maricopa County Sheriff's Office's operations and procedures.  The report should determine the causes of Maricopa County Sheriff's Office's noncompliance with this Court's injunction and propose measures the Court could order to ensure future completion of internal investigations within the timeframe contemplated by the injunction and state law.  Mr. Gennaco is authorized to retain reasonable staff assistance necessary to conduct the investigation, and the Maricopa County Sheriff's Office and/or Maricopa County shall provide Mr. Gennaco with full access to all materials he requests.  If circumstances dictate it, Mr. Gennaco may call upon the Monitor to assist him in securing needed documents and other materials.  Materials provided to Mr. Gennaco will be disclosed to the parties.[1]

### COMPENSATION OF EXPERT

**IT IS FURTHERE ORDERED** that if the OIR Group desires, Maricopa County shall enter a contract with Mr. Gennaco and OIR group for the provision of his services.  In any event, Maricopa County shall timely reimburse OIR Group and/or Mr. Gennaco for the work outlined above.  OIR Group shall be paid on a monthly basis and shall provide Maricopa County redacted invoices sufficient to support his charges.  After the investigation has concluded, Mr. Gennaco shall provide non-redacted itemized statements of his services to the parties.

### REQUESTS BY COUNSEL

During the status conference on August 27, 2021, counsel for Plaintiff–Intervenor United States asked for a number of procedures to govern the expert's investigation. Mr.

---

[1] The Court will issue protective orders as needed.

Gennaco and the OIR Group are hereby authorized to conduct their investigation in the way they deem best fit, and with the exception of the matters individually specified below, the requests by the Plaintiff–Intervenor are **DENIED**.

**IT IS HEREBY ORDERED**

1. Plaintiff–Intervenor's request for limited discovery before the Court's decision on remedies is **DEFERRED**.

2. To the extent that Plaintiff–Intervenor would be more comfortable with the result, the Court shall not have ex parte communications with the expert, beyond the administrative communication necessary for his engagement and the completion of this Order which has already occurred.  As a result, the Court authorizes the expert to make all of his own determinations about the nature and scope of the investigation and about how he will conduct it.  For its part, the Court notes that it requires an efficient, expeditious, and thorough report and recommendation from the expert.  Should the expert desire to have any communication with the Court, he shall file a request with the Court copied to the parties, and the Court shall expeditiously schedule a date for a hearing.  Nevertheless, Plaintiff–Intervenor's request that there be no ex parte communications between the Monitor and the expert is **DENIED**.  Counsel's request that there be no ex parte communication between the expert and any party is **DENIED**.  Mr. Gennaco may have ex parte communications as needed to complete the investigation in a thorough, expeditious, and not overly convoluted manner.

3. Plaintiff–Intervenor's request for disclosure of the materials upon which the expert relies is **GRANTED** subject to any necessary protective orders.

4. Plaintiff–Intervenor's request that the parties be able to review the expert's preliminary report before it is finalized is **GRANTED**.

5. Plaintiff–Intervenor's request that the expert include a timeline for implementation and an estimate of costs in his report is **GRANTED IN PART**.

Mr. Gennaco will be expected to make reasonable efforts to approximate implementation costs.

6. Plaintiff–Intervenor's request for a status conference after the expert's report is complete is **GRANTED**.

7. Plaintiff–Intervenor's request to put on its own expert at the final evidentiary hearing is **DEFERRED**.

**IT IS FURTHER ORDERED** setting Telephonic[2] Oral Argument on Defendant MCSO's Motion to Amend Correct (Doc. 2674) for **September 24, 2021 at 10:30 a.m. (AZ Time)**. Defendants shall provide a call-in number to the parties and the Court no later than **Noon on September 21, 2021**. Each party shall have 20 minutes to argue its position.

**IT IS FURTHER ORDERED** that at the Telephonic Status Conference scheduled on **September 17, 2021 at 10:30 a.m. (AZ Time)**, the parties should be prepared to discuss the Court meeting with each party's experts pertaining to the remaining issue on the Joint Motion to Enforce Paragraph 70 (Doc. 2607).

Dated this 7th day of September, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

[2] To avoid challenges posed by the use of cell phones, headsets or other devices, the parties are directed to utilize landlines for the Telephonic Oral Argument to enable clear communication with the Court and accurate transcription by the Court Reporter. The parties are reminded that the PUBLIC listen only line is for *public and media only*. It is not for attorneys or parties calling in.