Kristen Clarke
Assistant Attorney General
Steven H. Rosenbaum (NY Bar No. 1901958)
Maureen Johnston (WA Bar No. 50037)
Nancy Glass (DC Bar No. 995831)
Beatriz Aguirre (NV Bar No. 14816)
Suraj Kumar (NY Bar No. 5620745)

U.S. Department of Justice, Civil Rights Division
Special Litigation Section
150 M Street NE, 10th Floor, Washington, DC 20002

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*<br><br>                              Plaintiffs,<br><br>and<br><br>United States of America<br><br>                              Plaintiff-Intervenor,<br><br>    v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, AZ; *et al.*<br><br>                              Defendants. | No. 2:07-cv-02513-PHX-GMS<br><br>**UNITED STATES' RESPONSE TO MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CHALLENGING SEALING OF RECORDS, AND MOTION TO UNSEAL RECORDS (DOC. 2785)** |

For years, local journalists in Maricopa County have exposed misconduct within the Sheriff's Office, including misconduct at the heart of this case. They now seek to intervene to challenge Defendants' practice of sealing certain records related to misconduct investigations and to obtain access to those records. The United States does not oppose this limited intervention. Under the standard established by this Court eight

years ago, the documents identified in the Motion to Intervene should be unsealed unless Defendants can provide "compelling reasons" for continued sealing or redactions.

## ARGUMENT

**A.     The Court May Permit Intervention under Rule 24(b) in These Circumstances.**

The journalists argue that they should be permitted to intervene to protect the public's rights of access to judicial records. The Court has discretion to allow limited intervention under these circumstances. "Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention." *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). Here, the journalists seek permissive intervention for the limited purpose of unsealing documents related to certain MCSO internal affairs investigations, including Court-ordered investigations into Deputy Armendariz and the Human Smuggling Unit. Doc. 2785 at 8-9.[1] When a nonparty seeks permissive intervention only to unseal records, "the Court's discretion is guided by the timeliness of the motion and 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Muhaymin v. City of Phoenix*, 2021 WL 5173767, at *1 (D. Ariz. Nov. 3, 2021) (quoting Fed. R. Civ. P. 24(b)(3)). The United States does not oppose this limited intervention.

**B.     The Court's 2014 Order Establishes that Defendants Must Provide "Compelling Reasons" Why the Documents Identified in the Motion Should Remain Sealed.**

The journalists also argue that the documents updating the Court on the status of Armendariz-related investigations should be unsealed. Doc. 2785 at 8-9. These documents should be unsealed unless Defendants can meet the standards for sealing set forth in the Court's November 2014 Order.

---

[1] The journalists do not specify that they seek permissive intervention under Rule 24(b), but they argue they should be "permitted to intervene for the limited purpose" of unsealing "the specific records identified" in the Motion. Doc. 2785 at 11. Accordingly, the United States interprets the Motion as a request for permissive intervention.

2

Eight years ago, the Court made clear that Defendants must offer "compelling reasons" to seal or redact materials related to MCSO administrative investigations, including certain investigations at issue in the current Motion. The Court then held that "generic references" or "hypothetical harms" to law enforcement interests and ongoing investigations do not outweigh the public's right of access. *Melendres v. Maricopa County*, 2014 WL 12768903, at *6-8 (D. Ariz. Nov. 20, 2014) (Doc. 795).

The Court's 2014 Order specifies the appropriate standard for sealing records related to administrative misconduct. Where documents are "directly relevant" to "court-ordered compliance," "court-required remedies," or "the underlying causes of action," a "presumption of access attaches . . . unless Defendants can establish compelling reasons for [] sealing." *Melendres*, 2014 WL 12768903, at *6 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). The "relevant factors" for sealing include, "on the one hand, the public's history of access and the civic interest in judicial oversight, accountability, and overall understanding of the judicial process, and, on the other, the likelihood that disclosure would result in 'improper use of the material for scandalous or libelous purposes' or infringe on the needs of law enforcement officials." *Id.*

The 2014 Order also established procedures for filings concerning certain "ongoing investigations" into whether MCSO was complying with Court orders, including investigations into Deputy Armendariz. *Id.* at *8-10. At the time, the investigation into Deputy Armendariz was ongoing and the Court recognized the high likelihood that investigators may discover misconduct by other employees at the Sheriff's Office. *See id.* at *4. To "protect [] information gathered by MCSO in internal administrative processes" from "being publicly disclosed contrary to relevant state law or policy," Defendants would lodge materials related to the Armendariz investigation under seal, and the Monitor and the parties would not disclose the materials to the public "without the authorization of the Court." *Id.* at *9.

The "compelling reasons" standard set forth in the 2014 Order applies to the documents identified in the Motion, and the default practice of sealing certain

Armendariz-related updates should no longer be necessary. First, some documents identified in the Motion were sealed five years ago and may no longer implicate open investigations. Further, Defendants are now in contempt due to their failure to complete timely investigations, so ongoing investigations into these matters many years later may now be "directly relevant" to "court-ordered compliance." *Id.* at *6. In any event, because eight years have passed since the Court established procedures for filings concerning the Armendariz investigation, Defendants' filings concerning that investigation should not remain sealed as a matter of course.

Instead, the documents identified in the Motion are subject to the overall standard set forth in the 2014 Order: Defendants must provide "compelling reasons" to justify any redactions or sealing, and if Defendants believe that unsealing records would harm any ongoing investigations, they must show "how their investigations will be . . . impeded by the release of this information." 2014 WL 12768903, at *8. The Court should allow Defendants a reasonable time to either re-file the documents publicly or provide "compelling reasons" why any of the documents should be redacted or remain sealed. *See id.* at *6; *Muhaymin*, 2021 WL 5173767, at *7 (ordering Clerk of the Court to unseal document within 28 days unless any party "shows compelling reasons for sealing or redacting it"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *9 (D. Ariz. Apr. 25, 2012) (noting that "designating party" had 21 days to "remove the confidential designation or provide compelling reasons for filing the documents under seal").

If Defendants seek to file any future updates related to the Armendariz investigation under seal or in redacted form, they should provide "compelling reasons" for any proposed redactions or sealing.

4

**CONCLUSION**

For the foregoing reasons, the United States does not object to the Court granting the journalists' Motion for permissive intervention. With regard to the sealed documents at issue, the Court should set a reasonable deadline for the Defendants to re-file the documents publicly or provide compelling reasons why any of the documents should be redacted or remain sealed.

Respectfully submitted this 8th day of August, 2022.

Kristen Clarke
Assistant Attorney General
Civil Rights Division

Steven H. Rosenbaum
Chief, Special Litigation Section

Maureen Johnston
Acting Deputy Chief (WA Bar No. 50037)

/s/ Suraj Kumar
Suraj Kumar (NY Bar No. 5620745)
Nancy Glass (DC Bar No. 995831)
Beatriz Aguirre (NV Bar No. 14816)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Tel. (202) 598-1211
suraj.kumar@usdoj.gov

*Attorneys for the United States*

CERTIFICATE OF SERVICE

      I certify that on or about August 8, 2022, I filed the foregoing through the Court's CM/ECF system, which will serve a true and correct copy of the filing on counsel of record.

                                     /s/ Suraj Kumar