Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2793
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Paul Penzone

Joseph I. Vigil, 018677
Joseph J. Branco, 031474
MARICOPA COUNTY ATTORNEY'S OFFICE
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Paul Penzone and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br>                    Plaintiffs, <br><br>  and <br><br> United States of America, <br><br>                    Plaintiff-Intervenor, <br><br>  vs. <br><br> Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br>                    Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANT PAUL PENZONE'S RESPONSE TO MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CHALLENGING SEALING OF RECORDS, AND MOTION TO UNSEAL RECORDS** |

Defendant Maricopa County Sheriff Paul Penzone hereby responds to the Motion to Intervene for the Limited Purpose of Challenging Sealing of Records, and Motion to Unseal Records (Doc. 2785) (the "Motion") filed by Intervenors the Associated Press, Jacques Billeaud, and Jude Joffe-Block (collectively "Proposed Intervenors").

Proposed Intervenors' Motion asks this Court to unseal several quarterly reports, status reports, and associated spreadsheets filed by Defendant Penzone regarding the Armendariz/Human Smuggling Unit Investigation (IA # 2014-0221) and other related investigations ("Armendariz Investigations") conducted by the Maricopa County Sheriff's Office ("MCSO"). Defendant Penzone does not oppose the Proposed Intervenor's request to intervene for the limited purpose set forth in the Motion. Further, Defendant Penzone does not oppose Proposed Intervenors' request to unseal the filings regarding Armendariz Investigation reports and associated spreadsheets identified in the Motion, which largely relate to closed Armendariz Investigations. Defendant Penzone does, however, maintain that should any new Armendariz Investigations be opened by MCSO in the future, any reports or other information about such investigations should be filed with this Court under seal, and should remain under seal while those investigations are pending.

**ARGUMENT**

**A. Defendant Penzone and MCSO do not oppose the Motion.**

Defendant Penzone and MCSO began filing reports regarding Armendariz Investigations following the issuance of this Court's November 20, 2014 Order (Doc. 795), in which the Court ordered:

> When MCSO undertakes a new investigation that relates to (a) the MCSO's compliance with its discovery and/or disclosure obligations in this case, (b) the MCSO's compliance with the resulting orders of the Court in this case, or, (c), any criminal or administrative investigations arising from or related to the Armendariz or Perez investigations, it is ordered to lodge under seal with the Court and to provide the Monitor written notice specifically identifying the subjects and targets under inquiry and specifically referencing the administrative number assigned to the investigation. Moreover, Defendants are to update the Court, through lodging a document under seal, and the Monitor by a separate writing when new subjects are added as targets of an existing investigation. The Monitor, Deputy Monitor or IA Monitors may have access to such information but may not disclose it to the public or other members of the Monitor team without the authorization of the Court.

1

> The MCSO will similarly inform the Court when it closes such an investigation without action, when it closes an investigation with adverse action to the employee, if the adverse action is appealed, and if so, when the appeal is abandoned, terminated or dismissed, or the matter is otherwise terminated.

(Doc. 795 at 18-19 (the "November 2014 Order").)

As required by the Court's November 2014 Order, MCSO submits a report to the Court each time it opens a new Armendariz Investigation, adds new subjects as targets of any Armendariz Investigation, or closes an Armendariz Investigation. In addition, MCSO also submits quarterly reports regarding the status of the Armendariz Investigations. With each of these reports, Defendant Penzone and MCSO submit a spreadsheet that records information about all Armendariz Investigations and the status of those investigations. The spreadsheet is cumulative. As new Armendariz Investigations are opened, MCSO adds them to the list, but no investigations are removed from the list. In accordance with the November 2014 Order, these reports and spreadsheets are lodged under seal and Defendant Penzone and MCSO have requested that these filings be sealed.[1] The Court has granted these requests.

Pursuant to the Court's November 2014 Order, only limited information is filed under seal: the identity of "subjects and targets under inquiry," the "administrative number assigned to the investigation," and information regarding the result of the investigation. (*Id.* at 18.) This comports with state law, which prohibits MCSO from including "any information about an investigation" in a document "available for public inspection and copying" until "the investigation is complete or [MCSO] has discontinued the investigation." A.R.S. § 38-1109(A). Further, shielding this limited information from public view helps ensure the integrity of MCSO's internal investigations so that they can be conducted fairly and thoroughly without risk of outside influence.

---

[1] In addition to lodging the reports and associated spreadsheets under seal with the Court, MCSO also provides copies of the reports and an Excel version of the spreadsheet to the Monitor and Parties.

In issuing its November 2014 Order, the Court, after considering all relevant factors, correctly concluded that compelling reasons existed to seal MCSO's reports on the pending Armendariz Investigations. (Doc. 795 at 11, 18-19.) Those compelling reasons—the need to "protect that information gathered by MCSO in internal administrative processes that are adequately conducted from being publicly disclosed contrary to relevant state law or policy"—still exist with regard to pending internal investigations. (*See id.* at 17.) However, Defendant Penzone and MCSO recognize that once an investigation has been completed, the interests served by sealing reports regarding that investigation are substantially reduced.

In the nearly eight years since the Court issued the November 2014 Order, the number of new Armendariz Investigations has slowed, and the majority of the investigations have now been completed. At present, only one Armendariz Investigation remains under investigation. As a result, the majority of the filings Proposed Intervenors seek to have unsealed relate to closed investigations. Defendant Penzone and MCSO do not oppose the unsealing of the filings relating to closed investigations. And, although some of the more recent Armendariz Investigation filings contain information about the single Armendariz Investigation that remains pending, Defendant Penzone and MCSO do not oppose the unsealing of the filings related to that investigation. The subject of the sole pending Armendariz Investigation is now deceased, reducing concerns about the public release of the limited information contained in the under-seal filings. Accordingly, Defendant Penzone and MCSO do not oppose the unsealing of the filings requested by Proposed Intervenors.

Defendant Penzone notes that on August 8, 2022, he lodged, under seal, the most recent Armendariz Investigation quarterly report with the Court (Doc. 2793). Pursuant to the Court's November 2014 Order, which instructs that such filings be lodged under seal, Defendant Penzone filed a request that this quarterly report be filed under seal. (Doc.

2792.) However, for the reasons set forth above, Defendant Penzone and MCSO do not object to this most recent quarterly report being filed in the public record.

Although Defendant Penzone and MCSO do not object to the unsealing of the filings identified in the Motion, they do maintain that, if any new Armendariz Investigations are opened in the future, any reports or other information about such investigations should be filed with the Court under seal and should remain under seal during the pendency of those investigations, as recognized by the November 2014 Order.

**B. MCSO will submit a revised Armendariz Investigation spreadsheet following the Court's ruling on the Motion.**

In the course of reviewing documents filed under seal in connection with responding to the Motion, Defendants discovered that the spreadsheets filed under seal with some of the more recent quarterly and status reports do not contain information about all of the Armendariz Investigations. As noted above, the spreadsheet is cumulative and includes information on all Armendariz Investigations that have been opened to date. It appears that when the spreadsheet was converted to PDF format for filing with the Court, certain rows of data were inadvertently omitted from some of the under-seal filings. The spreadsheet lodged with the most recent Armendariz Investigation quarterly report (Doc. 2793) contains the most current information about all Armendariz Investigations.

Although some of the spreadsheets filed have not included all of the information about each Armendariz Investigation, the Court has received all of the information required by the November 2014 Order, as that information is set forth in the quarterly and status reports that have been filed with the Court. The spreadsheet is ancillary to the reports and is simply a means to collect the information on all Armendariz Investigations in a single place. Similarly, the Monitor and the Parties have received not only the Court-ordered reports, but also the complete version of the spreadsheets in Excel format. Because the most recent quarterly report lodged with the Court contains the complete list of Armendariz Investigations, and because all information required by the November 2014 Order has previously been filed by Defendant Penzone and MCSO, Defendant Penzone

submits that there would be little utility in submitting corrected versions of the incomplete spreadsheets included in prior under-seal filings. However, if the Court prefers that Defendant Penzone and MCSO submit corrected versions of the prior spreadsheets, they are willing to do so after the Court rules on the pending Motion and they receive guidance on whether such corrected spreadsheets should be filed publicly or under seal.

## CONCLUSION

For the reasons discussed above, Defendant Penzone does not oppose the Proposed Intervenors' Motion.

Dated this 8th day of August, 2022.

OSBORN MALEDON, P.A.


By s/ Kristin L. Windtberg
Mary R. O'Grady
Kristin L. Windtberg
Joshua J. Messer
2929 North Central, Suite 2100
Phoenix, Arizona 85012-2793

**Attorneys for Defendant Paul Penzone**

9531527

5