RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: JOSEPH I. VIGIL (018677)
 JOSEPH J. BRANCO (031474)
 Deputy County Attorneys
 vigilj@mcao.maricopa.gov
 brancoj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Maricopa County*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et. al.,<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et. al.,<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**DEFENDANT MARICOPA COUNTY'S RESPONSE TO COURT MANAGEMENT EXPERT REPORT ON MARICOPA COUNTY SHERIFF'S OFFICE INTERNAL INVESTIGATIONS** |

Pursuant to this Court's July 26, 2022 Order, Defendant Maricopa County submits this specific brief response to the Report's recommendation (on Page 26) that the County

appoint the Constitutional Policing Advisor to perform internal oversight of Maricopa County Sheriff's Office internal investigations. As the report states: "[i]deally, the [constitutional policing advisor] would be on a contract basis with the County"; "[t]he [constitutional policing advisor's] qualifications would include experience with internal law enforcement investigations and Constitutional law"; and "[p]rior to selecting the [constitutional policing advisor], the County should solicit input on potential candidates from its served communities, the [court-ordered] Community Advisory Board, the Monitoring team and the parties." (*See* Report at 26.) The Report also recommends that the position be hired and fired only with this Court's approval. (*Id.* at 26–27.)

Although the County appreciates the trust this recommendation places in the County, the County respectfully declines to endorse this approach. Instead, if this Court is inclined to appoint a Constitutional Policing Advisor, then the County supports this Court making that appointment directly. There are substantive and procedural concerns that underlie the County's position:

**1.** In Arizona, the County and the Sheriff are separate, constitutionally-created government entities. *See* Ariz. Const. art. XII, § 3; *see also* Ariz. Rev. Stat. § 11-401. Based on separation of powers concerns, the County could not appoint a Constitutional Policing Advisor to supply "an objective entity" in the internal investigations process. (*See* Report at 25); *see also Hounshell v. White*, 220 Ariz. 1, 5–6, ¶¶ 19–22 (Ariz. Ct. App. 2008) (discussing separation of powers concerns with respect to employees of other elected officials). Additionally, the County has not previously hired any employee into the type of role envisioned by the Report. *See* Ariz. Rev. Stat. § 11-409 ("The county officers enumerated in § 11-401, by and with the consent of, and at salaries fixed by the board, may appoint deputies, stenographers, clerks and assistants necessary to conduct the affairs of their respective offices."); *cf.* Ariz. Rev. Stat. § 11-441(A) (granting law enforcement powers to county sheriff). Simply put, this Court is better-equipped than the County to translate the Report's recommendations into the specifics necessary for the procurement process.

**2.** Which leads to the procedural concerns that are likely to result in unnecessary delay. Even if the County had authority under Arizona's constitutional framework to appoint the Constitutional Policing Advisor, the County would be required to go through the lengthy procurement process to make an appointment. *See* Maricopa Cnty. Procurement Code, *available at* https://www.maricopa.gov/685/Procurement-Code. The Report also envisions the County soliciting input from many stakeholders before making any appointment—and likely before even drafting the procurement documentation—which would necessarily create an over-long process for a five-member governing body. The Court is better-positioned to make a selection quickly so that the changes recommended in the Report and adopted by the Court can be made expeditiously.

**RESPECTFULLY SUBMITTED** this 16th day of August 2022.

        RACHEL H. MITCHELL
        MARICOPA COUNTY ATTORNEY

        BY: /s/Joseph Vigil
            JOSEPH I. VIGIL, ESQ.
            JOSEPH J. BRANCO, ESQ.
            *Attorneys for Defendant Maricopa County*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ *J. Christiansen*
S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Pleadings\Word\Melendres MC Response to Gennaco Report 081622.docx

4