# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

At a status conference on August 23, 2022, the Court and the parties discussed a report submitted by Michael Gennaco, (Doc. 2790 at 1), an expert appointed by the Court to offer his opinions on how the Maricopa County Sheriff's Office ("MCSO") can "come into compliance with the Court's [previous] order pertaining to the time limits for completing internal investigations." (Doc. 2694 at 1.)

In its papers, the MCSO indicated that two statutes due to take effect on September 24, 2022 may impact how the MCSO processes internal investigations. (Doc. 2800 at 3, 14.) First, House Bill 2721 ("H.B. 2721") amends Ariz. Rev. Stat. § 38-1117 to require that

> at least two-thirds of the members, staff, employees or seats of any government committee, board, agency, department, office, or entity that investigates law enforcement officer misconduct, influences the conduct of or certifies law enforcement officer misconduct investigations, recommends disciplinary actions for law enforcement officer misconduct or imposes discipline for law enforcement officer misconduct must be Arizona peace officer standards and training board certified law enforcement officers who are of any rank and who are from the same department or agency as the law enforcement officer who is the subject of the investigation or disciplinary action.

H.B. 2721 § 2, 55th Leg., 2d. Reg. Sess. (Ariz. 2022). The MCSO indicates that although it "believes that it can utilize civilian investigators without issue under the new state law, MCSO brings the law to the Court's attention at this time because it relates to Mr. Gennaco's recommendations to increase the number of PSB investigators and MCSO's need to utilize civilian investigators, in addition to sworn investigators, to increase the size of its investigative team." (Doc. 2800 at 4.) Second, House Bill 2347 ("H.B. 2347") revises Ariz. Rev. Stat. § 38-1110 to limit when law enforcement agencies may continue an internal investigation longer than one hundred and eighty days. Under H.B. 2347, the employer of the law enforcement officer under investigation may extend the investigation only if "it is demonstrated that additional time is necessary to obtain or review evidence." H.B. 2347, 55th Leg., 2d. Reg. Sess. (Ariz. 2022). For employers "subject to supervision by a court ordered monitor, the onetime extension provided [in the statute] shall be three hundred sixty days." *Id.* If the investigation remains ongoing after the extension period has lapsed, "the matter shall be dismissed." *Id.* MCSO believes H.B. 2347 may require it to dismiss "pending investigations that cannot be completed within the extension period provided," but does not presently seek relief from the Court. (Doc. 2800 at 14–15.)

At the status conference, the Court ordered briefing on the extent to which the Supremacy Clause may preempt application of these laws to the MCSO, given the Court's prior findings that MCSO has violated the constitutional rights of the Plaintiff class and the Court's power to fashion an appropriate remedy to address such violations.

Ariz. Rev. Stat. § 12-1841 provides that

> In any proceeding in which a state statute, ordinance, franchise, or rule is alleged to be unconstitutional, the attorney general and the speaker of the house of representatives and the president of the senate shall be served with a copy of the pleading, motion or document containing the allegation at the same time the other parties in the action are served and shall be entitled to be heard.

Because the Court has ordered briefing on whether H.B. 2721 and H.B. 2347 are preempted by the Court's authority to remedy constitutional violations, Ariz. Rev. Stat. § 12-1841 may apply.

**IT IS THEREFORE ORDERED** that Plaintiff-Intervenor shall serve the Arizona Attorney General, the Speaker of the Arizona House of Representatives, and the President of the Arizona Senate with a copy of this Order immediately. When Plaintiff-Intervenor files its opening brief on this issue with the Court, it shall also serve those three officials with (1) a copy of its opening brief, and (2) any notice of claim of unconstitutionality, if applicable, as described in Ariz. Rev. Stat. § 12-1841(A), (B).

**IT IS FURTHER ORDERED** that if Plaintiff-Intervenor argues one or both House Bills are preempted, the Arizona Attorney General, the Speaker of the Arizona House of Representatives, and the President of the Arizona Senate is permitted to intervene in this case and file response briefs in opposition on this limited issue, pursuant to LRCiv 7.2(c). Plaintiff-Intervenor may file only one reply brief and must comply with LRCiv 7.2(d). All parties must comply with the page limits set forth in LRCiv 7.2(e), unless leave of Court is obtained prior to filing.

Dated this 23rd day of August, 2022.

_____
G. Murray Snow
Chief United States District Judge