**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Before the Court is Proposed Intervenors the Associated Press ("AP"), and journalists Jacques Billeaud and Jude Joffe-Block's (collectively, "Intervenors") Motion to Intervene for the Limited Purpose of Challenging Sealing of Records and Motion to Unseal Records (Doc. 2785.)  For the following reasons, the motion is granted.

## BACKGROUND

Proposed Intervenors seek to intervene in this case for the limited purpose of requesting that certain documents be unsealed.  The Intervenors filed the motion to intervene and unseal documents on July 13, 2022.  Specifically, Intervenors request to unseal quarterly status reports pertaining to Armendariz Investigations spanning between April 2017 to August 2022.  Intervenors also request that the Court unseal documents

related to various other administrative and criminal investigations. Plaintiffs do not oppose the intervention or unsealing of these documents and echoed Proposed Intervenors arguments that the Court should direct that the documents be unsealed. Sheriff Penzone and MCSO do not oppose the motion to intervene or unseal but maintain that "if any new Armendariz Investigations are opened in the future, any reports or other information about such investigations should be filed with the Court under seal and should remain under seal during the pendency of those investigations." (Doc. 2797 at 4.)

**DISCUSSION**

### I. Motion to Intervene

The Court construes Intervenors' request to intervene as a request for permissive intervention under Federal Rule of Civil Procedure 24(b). "Nonparties seeking access to judicial record in a civil case may do so by seeking permissive intervention." *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has explicitly recognized that "the press and other interested third parties retain their right to intervene and request that particular documents be unsealed." *United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003). Additionally, a "non-party moving to intervene solely for the purpose of accessing records need not show a nexus of fact or law with the main action." *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-DLR, 2021 WL 5173767, at *1 (D. Ariz. Nov. 3, 2021).

Here, Intervenors are journalists and a news organization who have reported extensively on this case. (Doc. 2785.) Neither Plaintiffs nor Defendants oppose their intervention for the limited purpose of filing their motion to unseal documents. Because the Intervenors seek to vindicate the public's right of access, the Court grants their motion to intervene for that limited purpose.

### II. Motion to Unseal Documents

The next issue before the Court is whether to unseal the documents that Intervenors allege fail to satisfy the criteria to remain sealed. The proper standard when considering whether to seal the documents is whether the party filing the document offers "compelling

reasons" for the document to be filed under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The compelling reasons standard highlights the fact that "[i]n this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Additionally, if sensitive information can be redacted "while leaving other meaningful information," rather than "only meaningless connective words and phrases," redaction is preferred. *Id.* at 1137.

Intervenors seek to unseal nearly forty documents that were previously filed under seal. Neither Plaintiffs nor Defendants oppose the motion to unseal. Most of the documents that Intervenors request to be unsealed relate to Armendariz Investigations or other related internal investigations. Defendant acknowledges that the majority of Armendariz Investigations have now been completed so the majority of the filings Intervenors seek to have unsealed relate to closed investigations. Because the filings do not relate to open investigations, Defendant does not seek to show compelling reasons why the documents should remain sealed. (Doc. 2797 at 3.) In the absence of any compelling reasons why the documents pertaining to closed investigations should remain sealed, the presumption of public access favors unsealing these documents.

At this time, is not necessary for the Court to decide at this time which hypothetical future filings related to new internal investigations should be filed under seal. Defendants should continue to file motions to seal for documents containing highly sensitive information. If Defendants believe a document should be sealed, Defendants should lodge the document under seal and file a motion to seal articulating the compelling reasons for sealing the document in full. If the Court finds those reasons insufficient or finds that the highly sensitive information contained in the filings "can be redacted with minimal effort," *Foltz*, 331 F.3d at 1137, it will require Defendants to file a redacted version on the public docket.

The last issue is how Defendants should proceed in light of discovering previously filed quarterly reports that were filed with missing data. (Doc. 2797 at 5.) In responding

to this motion to unseal documents, MCSO explained that it identified certain reports in which "certain rows of data were inadvertently omitted from some of the under-seal filings." (Doc. 2797 at 5.)  MCSO has explained that the spreadsheet is cumulative and therefore closed reports do not get deleted from the spreadsheet.  This means that the most recent version of the report contains all the investigations that should have been included in the incomplete reports, as well as any new investigations opened since then.  Because MCSO has represented that the most recent version of the spreadsheet contains the most current information about all Armendariz investigations, the incomplete filings do not omit information that would otherwise be unavailable if MCSO does not update the filings.  Further, because the most recent filing will be made available to the public as a result of the instant motion, the public will nevertheless have access to all of the information that was omitted from the original filings.  As such, MCSO need not file updated versions of the spreadsheets.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Intervenors' Motion to Intervene and Motion to Unseal Documents (Doc. 2785) is **GRANTED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to unseal the following documents: Docs. 1625, 1662, 1674, 1710, 1725, 1766, 1767, 1768, 1795, 1800, 1819, 1820, 1881, 1882, 1883, 1928, 1951, 2002, 2209, 2271, 2297, 2320, 2367, 2438, 2451, 2473, 2492, 2526, 2542, 2563, 2589, 2629, 2686, 2715, 2752, 2778.

Dated this 29th day of September, 2022.

_____
G. Murray Snow
Chief United States District Judge