Kristen Clarke
Assistant Attorney General
Steven H. Rosenbaum (NY Bar No. 1901958)
Maureen Johnston (WA Bar No. 50037)
Nancy Glass (DC Bar No. 995831)
Beatriz Aguirre (NV Bar No. 14816)
Suraj Kumar (NY Bar No. 5620745)
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
150 M Street NE, 10th Floor
Washington, D.C. 20002

Attorneys for the United States
(Attorneys for Plaintiffs listed on next page)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*<br><br>             Plaintiffs,<br>and<br><br>United States of America<br><br>             Plaintiff-Intervenor,<br><br>   v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, AZ; *et al*.<br><br>             Defendants. | Civil Case No.: 2:07-cv-2513-PHX-GMS<br><br>**UNITED STATES' AND PLAINTIFFS' MEMORANDUM IN RESPONSE TO THE COURT'S DRAFT REMEDIAL ORDER OF OCTOBER 3, 2022** |

Attorneys for Plaintiffs:

Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Stanley Young*
syoung@cov.com
Amy S. Heath*
aheath@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Leticia M. Saucedo*
lsaucedo@MALDEF.org
Mexican American Legal Defense and
Educational Fund
1512 14th St.
Sacramento, CA 95814
Telephone: (916) 444−3031

Andres Holguin-Flores*
aholguin-Flores@MALDEF.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor Los
Angeles, California 90014 Telephone:
(213) 629-2512
Facsimile: (213) 629-0266

*Pro Hac Vice*

## I. INTRODUCTION

The Court's draft remedial order is appropriately tailored to coerce Defendants into compliance, while giving them a fair opportunity to cure their contempt. The United States and Plaintiffs support the Court's recognition that significant measures are required to bring MCSO into compliance with the Court's orders. The United States and Plaintiffs recommend some modifications to the Court's draft order to (1) explain the Court's analysis underlying the remedial measures; (2) help ensure that the reform process proceeds efficiently and effectively; and (3) narrow the issues for the parties and the Monitor to resolve during the implementation of the Order.

**A. The Court Should Make Specific Findings Establishing that the Proposed Fine Is an Appropriate Exercise of the Court's Authority to Coerce Defendants' Compliance.**

The Court should make explicit in its Contempt Findings that its proposed fine structure is intended to coerce Defendants' compliance, and that it has considered the applicable standard to determine the size and duration of the fine. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983) (remanding contempt order for entry of a statement of the purpose for the fine and adjustment of the sanction to comply with the legal standards governing contempt penalties) (citing *Perfect Fit Indust., v. Acme Quilting*, 646 F.2d 800, 810 (2d Cir. 1981) (order assessing fine for contempt vacated where "district court did not state its reasoning in selecting the fine it imposed," since appellate court "cannot review the propriety of the fine without being informed of its purpose and basis")). The United States and Plaintiffs suggest additional language to supplement the Court's Contempt Findings in their redline of the draft order (Exhibit A).

**B. The Court's Proposed Remedies Should Make Clear that All Parties Are Entitled to Timely Notice, and Should Limit Complaints Eligible for Diversion from PSB.**

The other aspect of the Court's remedial scheme—changes to MCSO's operations and independent oversight of MCSO's investigations—would benefit from two types of revisions, both of which would support the efficient and fair implementation of the Court's order.

First, the Court should make clear that Plaintiffs and the United States must receive timely notice of decisions by the Monitor and MCSO in implementing the order. MCSO's current rate of closing cases is abysmal—an average of 586 days. Dkt. 2801-1 at 4. The Court's proposed remedies are therefore tailored to address MCSO's practices handling open investigations. To enable Plaintiffs and the United States to evaluate MCSO's compliance with the new remedies promptly, the order should clarify that the United States and Plaintiffs have access to MCSO's open investigative files. *See* Exhibit A at ¶ 363.

Second, the Court should clarify the draft order to guard against the possibility that it will be misinterpreted to grant the PSB Commander too much discretion to divert certain complaints of misconduct to be handled at the supervisory level. All parties agree that some greater level of discretion is appropriate, but none of the parties have proposed that every allegation—including serious misconduct—should be eligible. The Court should clarify that MCSO should identify only allegations of minor misconduct appropriate for diversion. *See* Exhibit A at ¶ 353(g).

Finally, the United States' and Plaintiffs' other proposed revisions, described in Exhibit A, will help narrow the issues for the parties to resolve and will promote an efficient process for implementing the Court's remedies. *See* Exhibit A at ¶ 357 (for risk management, cases in the backlog that could result in termination or a significant suspension should be addressed first); ¶ 361 (suggesting additional procedures for MCSO to gain Court approval of a staffing study); ¶ 368 (before the Court dissolves the PSB Staffing Fund, MCSO must demonstrate reforms to PSB are durable through a one-year sustainment period).

For the foregoing reasons, the United States and Plaintiffs respectfully recommend that the Court make the revisions described in Exhibit A to its draft remedial order, Dkt. 2821.

Respectfully submitted this 17th day of October, 2022.

Kristen Clarke
Assistant Attorney General
Civil Rights Division

Steven H. Rosenbaum
Chief, Special Litigation Section

Maureen Johnston
Acting Deputy Chief (WA Bar No. 50037)

By: */s/ Nancy Glass*
Nancy Glass (DC Bar No. 995831)
Beatriz Aguirre (NV Bar No.14816)
Suraj Kumar (NY Bar No. 5620745)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Telephone: (202) 598-0139
nancy.glass@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

By: /s/ *Christine K. Wee* (with permission)
Victoria Lopez
Christine K. Wee
ACLU Foundation of Arizona

Cecillia D. Wang (*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Stanley Young (*Pro Hac Vice*)
Amy S. Heath (*Pro Hac Vice*)
Covington & Burling, LLP

Leticia M. Saucedo (*Pro Hac Vice*)
Andres Holguin-Flores (*Pro Hac Vice*)
Mexican American Legal Defense
and Educational Fund

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on or about October 17, 2022, I filed the foregoing through the Court's CM/ECF system, which will serve a true and correct copy of the filing on counsel of record.

<u>/s/ *Nancy Glass*</u>