1   RACHEL H. MITCHELL
2   MARICOPA COUNTY ATTORNEY

3   By:   JOSEPH I. VIGIL (018677)
          JOSEPH J. BRANCO (031474)
4         Deputy County Attorneys
          vigilj@mcao.maricopa.gov
5         brancoj@mcao.maricopa.gov

6   CIVIL SERVICES DIVISION
7   225 West Madison Street
    Phoenix, Arizona 85003
8   Telephone (602) 506-8541
    Facsimile (602) 506-4317
9   ca-civilmailbox@mcao.maricopa.gov
10  MCAO Firm No. 00032000

11
    Attorneys for Defendants Paul Penzone
12    and Maricopa County

13                      UNITED STATES DISTRICT COURT

14                          DISTRICT OF ARIZONA

15

16  Manuel De Jesus Ortega Melendres,          No. CV-07-2513-PHX-GMS
17  on behalf of himself and all others
    similarly situated;
18  et. al.,                                   **MARICOPA COUNTY DEFENDANTS'**
                                                **RESPONSE TO DRAFT ORDER**
19                      Plaintiffs,            **(DOC 2821)**

20  and

21  United States of America,

22                      Plaintiff-Intervenor,

23  v.

24  Paul Penzone, in his official capacity
25  as Sheriff of Maricopa County,
    Arizona, et. al.,

26                      Defendants.

27

28

                                      1

Consistent with this Court's October 3, 2022, order [Doc. 2821], Defendant Maricopa County provides comments to this Court's Draft Order [*id.*, Attachment 1].

Maricopa County respectfully requests that this Court adjust the size of any fine incurred under Paragraphs 340–42 and Paragraph 357 by reducing the baseline established in Paragraph 338. At present, Paragraph 338 states: "Within 14 days from the date of this order, MCSO will calculate and provide the Court and the parties with the dollar amount required to recruit, hire, train and compensate for one year a single PSB budgeted sergeant position." Maricopa County requests that this Court add a sentence: "For purposes of the fines established in ¶¶ 340–42 and 357, that dollar amount will be divided by twelve to calculate the baseline amount before applying any multipliers."

Maricopa County offers this adjustment for two reasons. Under{First}, the adjustment aligns the size of the baseline with the monthly nature of the circumstances that trigger the fines under Paragraphs 340–42 and Paragraph 357. (*See* Doc. 2821, ¶ 340 ("It shall, thereafter on a monthly basis pay into the Staffing Fund five times the amount identified in ¶ 338 above for every month the number of PSB investigators falls below the minimum investigator staffing number."); id., ¶ 341 (same); id., ¶ 342 (same); ¶ 357 ("For each month in which the PSB cannot reduce the remaining backlog by at least 20 cases from the previous month's number, the MCSO and/or Maricopa County shall pay into the PSB Staffing Fund two times the amount identified in ¶ 338 above.").)

Under{Second}, the size of the fines, left unadjusted, could have a devasting effect on the provision of County services. In the current fiscal year, the Maricopa County Board of Supervisors set a budget of approximately $55,000,000 in unreserved contingency funds. These funds are intended to cover unanticipated events in all areas of County government— elections, the judicial system, public health, natural disasters and other emergency events, jail services, etc. Thus, if fines in the Order are triggered, the County could spend all of its contingency monies just funding the PSB Staffing Fund,[1] leaving them no source with

---

[1]     Maricopa County also joins the comments of the Sheriff requesting to revise ¶ 345

1  which to respond to other unanticipated events.

2      Further, Maricopa County recognizes the importance of staffing the MCSO's

3  Professional Standards Bureau. Maricopa County has worked and will continue to work

4  with the MCSO to hire more PSB investigators; the County does not need the PSB Staffing

5  Fund to support PSB.

6      In closing, Maricopa County's expectation is that these fines are never triggered. But

7  the County respectfully requests that this Court adjust the fines after considering the

8  secondary effects on County services if they are.

9      **RESPECTFULLY SUBMITTED** this 17th day of October, 2022.

10                             RACHEL H. MITCHELL
                               MARICOPA COUNTY ATTORNEY
11

12                             BY:  /s/ Joseph I. Vigil
13                                  JOSEPH I. VIGIL, ESQ.
                                    JOSEPH J. BRANCO, ESQ.
14                                  *Attorneys for Defendants Paul Penzone*
15                                  *and Maricopa County*

16

17                        CERTIFICATE OF SERVICE
18

19      I hereby certify that on October 17, 2022, I caused the foregoing document to be
    electronically transmitted to the Clerk's Office using the CM/ECF System for filing and
20  served on counsel of record via the Court's CM/ECF system.

21

22  /s/Joseph I. Vigil

23

24

25

26

27  _____

28  to allow Maricopa County to establish the PSB Staffing Fund and seeking clarification
    about the uses for the Fund.

3