Kristen Clarke
Assistant Attorney General
Steven H. Rosenbaum (NY Bar No. 1901958)
Maureen Johnston (WA Bar No. 50037)
Beatriz Aguirre (NV Bar No. 14816)
Nancy Glass (DC Bar No. 995831)
Suraj Kumar (NY Bar No. 5620745)
U.S. Department of Justice,
Civil Rights Division
Special Litigation Section
150 M Street NE, 10th Floor,
Washington, D.C. 20002

Attorneys for the United States
(Attorneys for Plaintiffs listed on next page)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*<br><br>                    Plaintiffs,<br>and<br><br>United States of America<br><br>                    Plaintiff-Intervenor,<br><br>        v.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, AZ; *et al*.<br><br>                    Defendants. | Civil Case No.: 2:07-cv-2513-PHX-GMS<br><br>**UNITED STATES' AND PLAINTIFFS' COMMENTS AND RECOMMENDATIONS REGARDING DEFENDANTS' STAFFING STUDY METHODOLOGY** |

Attorneys for Plaintiffs:

Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Amy S. Heath*
aheath@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Leticia M. Saucedo*
lsaucedo@MALDEF.org
Mexican American Legal Defense and Educational Fund
1512 14th St.
Sacramento, CA 95814
Telephone: (916) 444−3031

Andres Holguin-Flores*
aholguin-Flores@MALDEF.org
Mexican American Legal Defense and Educational Fund
634 South Spring Street, 11th Floor Los Angeles, California 90014 Telephone: (213) 629-2512
Facsimile: (213) 629-0266

*Pro Hac Vice

## INTRODUCTION

The Court's Amended Third Supplemental Permanent Injunction/Judgment Order ("Third Order") requires the Maricopa County Sheriff's Office (MCSO) to commission an independent staffing study to evaluate its staffing needs in light of the recent contempt finding. (Doc. 2830 at ¶ 361.) The study must answer questions that MCSO has not previously considered, including whether re-alignment of resources from Patrol to the Professional Standards Bureau (PSB) will help MCSO eliminate its complaint backlog and sustain compliance with the Court's orders in the future. (*See id*. at ¶ 361.) MCSO now seeks Court approval of methodology for a staffing study that began before the Court entered the Third Order, and that is set to be completed in January 2023.

The Court should not approve MCSO's methodology because it does not satisfy the requirements set forth in the Third Order. MCSO and its vendor planned the study before the Court entered the Third Order, and the study is not designed to provide credible answers to central questions about how to staff PSB. Instead, the methodology repeats verbatim the Court's description of the goals of the study without explaining in any detail how the vendor will approach its work. Because the methodology is not specific and focused, there is no basis to believe a study based upon it will result in well-founded recommendations. The Court should permit MCSO to move forward with the staffing study if MCSO would like to do so. But the Court should order that MCSO's study will not satisfy the requirements of Paragraph 361.

If the Court agrees that MCSO's study does not satisfy Paragraph 361, the United States and Plaintiffs also recommend that the Court postpone the commission of an independent study that would comply with those requirements. The Third Order contemplates numerous changes to PSB's policies and procedures meant to reduce and eventually eliminate the PSB backlog. The parties, Monitor, and MCSO will need time to collaborate on those changes. (*See id*. at ¶¶ 350- 54.) Meanwhile, the Third Order requires MCSO to produce monthly reports on the status of the backlog, and requires the Monitor to provide quarterly assessments, which will provide information essential to understanding the impact of those changes to PSB's policies and procedures. (*Id*. at ¶¶ 360, 364.) If any vendor conducts a study before the changes have been

agreed upon, the vendor's assessment of PSB's staffing needs will be based on outdated information. The Court will receive a more accurate, useful study if it occurs after the adjustments to PSB's procedures are finalized.

Consequently, the United States and Plaintiffs recommend that the Court postpone the commencement of the Paragraph 361 staffing study until after the Monitor submits its second quarterly progress report pursuant to Paragraphs 360 and 366 of the Third Order. (*See id*. Order at ¶ 366 (noting that the Court may revisit the contents of its remedial order and make appropriate changes "[a]t any time after the Monitor's submittal of its second quarterly progress report.")).

## BACKGROUND

The Court has long suggested that MCSO ought to examine whether "out of kilter" staffing decisions contributed to the large backlog of complaint investigations, and whether MCSO should "realign" some of its personnel from Patrol to PSB. *See* Hr'g Tr. (June 03, 2021) at 18:6-13. Despite the growing PSB backlog, MCSO has not engaged in any formal staffing analysis in at least a decade, and has assumed that its current staffing practices in Patrol and at the jail are necessary to meet the community's needs and the Court's orders. (*See* Doc. 2828-1 at 4; Doc. 2790 at 16). In August 2022, MCSO informed the Court that it had retained a vendor to conduct a staffing study of its sworn operations. (Doc. 2800 at 5). The vendor, the Center for Public Safety Management, LLC (CPSM), reports that it will complete the study by the end of January 2023. (Doc. 2832-1 at 19.)

As part of its contempt remedy, the Court ordered MCSO to commission a staffing study to address concerns about PSB's personnel needs. The Third Order requires the independent study to determine:

> (1) the most efficient way for MCSO to allocate its personnel in light of existing authorized staffing levels, the requirements and expectations of its served communities, the requirements of this Court's Orders, the timely elimination of the existing backlog of PSB investigations, and state law;

  (2) the necessary staffing level for MCSO to fulfill these obligations regardless of the existing staffing level; and

  (3) the PSB staffing level required to maintain the timely completion of PSB investigations in compliance with the Orders of this Court and state law.

(Third Order at ¶ 361.)

  The Third Order also allows MCSO to seek approval for the CPSM sworn operations staffing study that is already in progress, provided the study complies with the requirements of Paragraph 361. (*See id.* at ¶ 362.)

## DISCUSSION

**I. The methodology for MCSO's staffing study does not satisfy the requirements of the Third Order.**

  MCSO's staffing study methodology fails to address critical questions posed by the Third Order, including what staffing levels at PSB are necessary to eliminate the backlog and sustain PSB operations in the long term. Based on the materials MCSO has provided, it does not appear that the study of PSB was even a central part of CPSM's original plan. PSB is mentioned just two times in the initial proposal, which instead focuses on strategies to make MCSO's sworn Patrol operations more efficient. (*See* Doc. 2828-1 at 36, 40, 42.) CPSM later supplemented its methodology after the Court entered the Third Order to "add an additional focus on the PSB backlog issue."[1] But the updated methodology just repeats the language of Paragraph 361 verbatim, and sets out no process for how CPSM will address these requirements. (*See* Doc. 2832-1 at 16-17.)

  It is also not clear whether CPSM has engaged with impacted members of the Maricopa County community. The Third Order requires MCSO to consider "the requirements and expectations of its served communities" when assessing staffing needs; CPSM's methodology proposes interviewing "community stakeholders," which it describes as elected officials,

---

[1] CPSM submitted its proposal for the staffing study in July 2022, and MCSO awarded the bid the following month. In November, MCSO updated the Statement of Work in light of the Court's Third Order. (*See* Doc. 2828 at 2.)

employee groups, the Court's Management Expert, the Monitor, and "MCSO advisory boards." (Third Order at ¶ 361; Doc. 2832-1 at 10.) But CPSM is silent about consulting with actual impacted community members, including the Community Advisory Board, an entity external to MCSO which the Court created to "facilitate regular dialogue between the MCSO and community leaders, and to provide specific recommendations to MCSO about policies and practices that will increase community trust." (Supplemental Permanent Injunction/Judgment Order, Doc.606 at ¶ 115.)

Finally, CPSM's methodology suggests it may lack the expertise to assess the specific needs of the PSB – especially given the depth of the numerous entrenched problems at MCSO that led to the PSB backlog. The work of PSB must account for the interplay between MCSO policy, this Court's orders, and Arizona law governing officer discipline and certification. While the research team apparently includes specialists in the analysis of data, along with current and former police executives, the CPSM methodology does not demonstrate that the team has any direct experience conducting or supervising administrative misconduct investigations, or assessing the staffing needs of a troubled entity like PSB.

## II. The Court should postpone the Paragraph 362 staffing study until MCSO has implemented changes to PSB policies and procedures.

Even if MCSO's study were appropriately designed to address PSB's staffing issues, any recommendations made at this time would be premature. The Third Order contemplates changes to PSB's policies, procedures, and staffing that will impact PSB's future staffing needs. For example, the Third Order requires MCSO to fill seven budgeted-but-vacant positions within thirty days. (Third Order at ¶ 340). It also requires changes to MCSO's complaint intake and routing policies to avoid unnecessary delays when PSB opens an investigation. (*Id*. at ¶ 347.) The Third Order also allows MCSO to develop a process to investigate complaints emanating from workplace relationships outside of PSB altogether. (*Id*. at ¶ 353(d)). And the Third Order requires MCSO to "provide for the establishment of an investigative plan for each investigation to eliminate unnecessary steps for the investigation of the complaint at issue." (*Id*. at ¶ 348(b)). Improved planning at the outset of a case will help investigators conduct lean and efficient

investigations tailored to the specific allegations at issue. Before the Court oversees the commission of a study to assess PSB's staffing needs, the Court should understand the practical impact that these and other policy changes will have on MCSO's investigative timelines and caseloads. Indeed, CPSM itself acknowledged that any "final analysis" of PSB operations may be delayed because of these future changes to PSB practices and procedures, required by the Third Order. (Doc. 2832-1 at 17.)

Determining the influx of staff necessary to address PSB's problems and eliminate the backlog requires the Court to first establish the backlog's true size. After PSB's new policies are established, the Third Order directs the Monitor to review all open cases at PSB to determine if any are eligible for re-categorization or diversion. "It is the expectation of the Court that the diverted cases shall reduce the current backlog." (Third Order at ¶ 355.) It is premature to estimate what resources are necessary to eliminate the backlog when the Monitor has not yet established how many overdue misconduct investigations remain. (*See id*. at ¶¶ 356-57.)

Finally, the reforms to policy and procedure that the Third Order contemplates could impact the quality of PSB's investigations, and consequently the staffing and supervisory oversight needed to maintain or improve that quality. The Third Order directs the Monitor to "evaluate PSB's investigative practices." (*Id*. at ¶ 348.) Any approved reforms may require PSB to operate under different standards and expectations, such as investigative requirements, internal scheduling and review, supervisory interventions, and internal timelines. PSB's transition to this different framework creates a risk that the quality of investigations could suffer. This could in turn require PSB to exercise greater oversight and review, and could impact the number and types of personnel PSB will need.

## CONCLUSION

MCSO's proposed staffing study methodology does not address this Court's questions about current, ideal, and future PSB staffing, as required by Paragraph 361 of the Third Order. For the foregoing reasons, the Court should not approve MCSO's proposed vendor and methodology under Paragraph 361 and 362. Instead, the Court should postpone the commission

of an independent study that would comply with those requirements until any changes to PSB's policies and procedures are finalized and approved.

Respectfully submitted this 30th day of December, 2022.

          Kristen Clarke
          Assistant Attorney General
          Civil Rights Division

          Steven H. Rosenbaum
          Chief, Special Litigation Section

          Maureen Johnston
          Acting Deputy Chief (WA Bar No. 50037)

          */s/ Beatriz Aguirre*
          Beatriz Aguirre (NV Bar No.14816)
          Nancy Glass (DC Bar No. 995831)
          Suraj Kumar (NY Bar No. 5620745)
          Trial Attorneys
          U.S. Department of Justice
          Civil Rights Division
          Special Litigation Section
          Telephone: (202) 598-1507
          Beatriz.Aguirre2@usdoj.gov

          ATTORNEYS FOR THE UNITED STATES

          /s/ *Christine K. Wee*
          Victoria Lopez
          Christine K. Wee
          ACLU Foundation of Arizona

          Cecillia D. Wang (*Pro Hac Vice*)
          ACLU Foundation
          Immigrants' Rights Project

          Stanley Young (*Pro Hac Vice*)
          Amy S. Heath (*Pro Hac Vice*)
          Covington & Burling, LLP


Leticia M. Saucedo (*Pro Hac Vice*)
Andres Holguin-Flores (*Pro Hac Vice*)
Mexican American Legal Defense
and Educational Fund

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on or about December 30, 2022, I filed the foregoing through the Court's CM/ECF system, which will serve a true and correct copy of the filing on counsel of record.

/s/ *Beatriz Aguirre*