Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2793
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Paul Penzone

(Additional counsel on signature page)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br> and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br> vs.<br><br>Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**DEFENDANTS' REPLY IN SUPPORTING USE OF CONSULTANT FOR STAFFING STUDY** |

Pursuant to this Court's January 9, 2023 Order (Doc. 2847), Defendants Sheriff Paul Penzone and Maricopa County submit this reply supporting their request that this Court approve the Center for Public Safety Management, LLC ("CPSM") to conduct the independent study and evaluation required by Paragraph 361 of the Third Order ("Paragraph 361 study").  This reply addresses the comments and objections filed by Plaintiffs and Intervenor ("the Parties") (Doc. 2839).

**Factual Background**

In July and August 22, 2022, Maricopa County conducted a competitive procurement process for a sworn staffing study for the Maricopa County Sheriff's Office ("MCSO"). (Sheriff Paul Penzone and Maricopa County's Request for Approval of Consultant Pursuant to Paragraph 362 of Court's November 8, 2022 Order (Doc. 2828) at 2.) Maricopa County initiated the procurement on July 7, 2022, issuing a scope of work for a "comprehensive, professional staffing analysis and coverage plan of its sworn functions." (Sworn Staffing Analysis Scope of Work (Doc. 2828-1, Ex. A) at 2.) This analysis would produce recommendations regarding workloads, staffing, operational efficiencies, use of non-sworn staff, and other issues concerning MCSO. (*Id.* at 7.) The assessment was to "determine the adequacy of current staffing levels; assess new staffing needs in response to changes in population size and/or density; and determine if sworn staff are currently performing functions that could be performed by non-sworn staff." (*Id.* at 4.) The scope of work included the Professional Standards Bureau ("PSB") (*id.* at 5), and the requirements of this Court's orders were specifically referenced in the scope of work (*id.* at 4-5).

CPSM submitted a proposal dated July 21, 2022. (Proposal for Sworn Staffing Analysis (Doc. 2828-1, Ex. B) at 9.) After consideration of the four responses that Maricopa County received, CPSM was selected unanimously and awarded the contract in August 2022. The initial scope of work sought a completed report by the end of 2023. (*Id.* at 7.) CPSM's proposal estimated completion within 120-150 days. (*Id.* at 46.)

Promptly after this Court issued the Third Order (Doc. 2827) on November 8, 2022, Maricopa County issued a supplemental scope of work for the staffing study specifically expanding the scope of work to address the Paragraph 361 staffing study. (Sworn Staffing Analysis Suppl. Scope of Work (Doc. 2828-1, Ex. C) at 49.) The Paragraph 361 staffing study is required to determine:

2

> (1) the most efficient way for MCSO to allocate its personnel in light of existing authorized staffing levels, the requirements and expectations of its served communities, the requirements of this Court's Orders, the timely elimination of the existing backlog of PSB investigations, and state law;
> (2) the necessary staffing level for MCSO to fulfill these obligations regardless of the existing staffing level; and
> (3) the PSB staffing level required to maintain the timely completion of PSB investigations in compliance with the Order of this Court and state law.

(Am. Third Suppl. Permanent Inj./J. Order (Doc. 2830) ¶ 361.)

CPSM accepted the expanded scope of work that incorporated the Paragraph 361 staffing study requirements on November 14, 2022. (Doc. 2828-1 at 51.) By that time, its work under the initial scope of work was well underway. (*Id*. at 45-46 (project timeline); Doc. 2832-1 at 7 (showing status of project).)

On November 16, 2022, Sheriff Penzone and Maricopa County requested this Court's approval of CPSM to conduct the study required by Paragraph 361 of the Third Order. (Doc. 2828.) Sheriff Penzone filed CPSM's methodology on December 8, 2022. (Sheriff Penzone and Maricopa Cnty.'s Notice of Filing of Methodology Pursuant to Paragraph 362 of Court's Third Suppl. Order (Doc. 2832).) The December methodology updated and supplemented information about the study that had been included in CPSM's initial proposal. As subsequently authorized by the Court, the parties filed comments in response, opposing the use of CPSM for the Paragraph 361 staffing study. (Doc. 2839.)

**Discussion**

**I.    The CPSM study satisfies the Third Order's requirements**.

The Parties assert (at 3, 5) that CPSM's methodology does not satisfy the requirements of Paragraph 361. (*Id*.) As part of this argument (at 5), they criticize CPSM because "it does not appear that the study of PSB was even a central part of CPSM's original plan." This criticism is unwarranted. MCSO initiated the staffing study that CPSM is conducting months *before* the Court entered the Third Order. (Doc. 2828 at 2.) From the beginning, the original scope of work included a study of PSB, but the initial

3

project had a broader focus on sworn personnel officewide. (Doc. 2828-1 at 4-5 (describing original scope of analysis).)

The fact that the initial scope of CPSM's work was broader than the Paragraph 361 study is a strength, not a weakness of CPSM. Through its broader staffing study, CPSM was required to develop a broad understanding of MCSO's operations, people, and staffing issues. Its analysis of PSB staffing issues under Paragraph 361 will be enhanced by CPSM's thorough understanding of MCSO as a result of the work that it has already done under its broad scope of work. As a matter of fact, this broader scope of work being conducted by CPSM is a necessity to provide MCSO, the Parties, and the Court a complete picture of the staffing needs in PSB and the office as a whole.

The Parties (at 5-6) also criticize the lack of detail regarding the involvement of community stakeholders in CPSM's work. They argue (at 6) that "CPSM is silent about consulting with actual impacted community members, including the Community Advisory Board." CPSM's initial methodology included community involvement and recognized the need to involve community stakeholders. (Doc. 2828-1 at 40.) Its updated methodology submitted to the Court in December 2022 reiterated the need for community involvement and specifically mentioned MCSO advisory boards. (Doc. 2832-1 at 10-11.) The supplement submitted with this reply (attached as **Exhibit A**) mentions more specifically that CPSM will conduct virtual or in-person meetings with the Sheriff's advisory boards, the Community Advisory Board, and communities within MCSO's service areas. These meetings with community members will provide the information necessary to satisfy Paragraph 361's requirement that the study consider the most efficient allocation of MCSO resources "in light of . . . the requirements and expectations of its served communities."

Finally, the Parties (at 6) question CPSM's expertise to assess PSB's needs. CPSM is well suited to do this work. CPSM's team includes more than 100 years of combined policing experience. (Ex. A at 2.) They have experience conducting and reviewing a wide

range of personnel investigations. They have also reviewed units that perform PSB's functions in other law enforcement agencies throughout the country. (*Id.*; *see also* Doc. 2828-1 at 17 (CPSM bios).) They are familiar with industry best practices. (Ex. A at 2.)[1] CPSM has the experience and knowledge to provide the analysis that Paragraph 361 requires.

**II.   Although work on PSB staffing should be done after the Third Order policy changes are made, the Court need not delay the staffing study deadline if CPSM is retained.**

The Parties' final argument for delay in the Paragraph 361 staffing study ignores the Court's deadline of November 2023 for completion of this study. The Parties argue (at 6-7) for delay in the Paragraph 361 study until after policy changes are made that will affect PSB. CPSM's initial anticipated completion date for a draft was the end of January 2023, but it too recognizes that the timing of the PSB study may be delayed "depending upon the progress of changes to PSB protocols and procedures." (Doc. 2832-1 at 19.) CPSM and MCSO agree with the Parties that the policy changes contemplated by the Third Order should be made before the PSB study can be completed. (Ex. A at 2-3.) Although CPSM has already completed a significant amount of work on the PSB analysis, that work has been "paused" until the Third Order policy changes can be incorporated. (*Id.* at 2.)

The deadline for Paragraph 361's staffing study is not until November 8, 2023 and, even with the need for some delay pending completion of the policy changes required by the Third Order, CPSM is confident that it can complete the Paragraph 361 study by the Court's deadline. (*Id.* at 3.)

---

[1] Although the Parties refer to analyzing the needs of "a troubled entity like PSB" (Doc. 2839 at 6), neither the Monitor nor this Court's management expert have been critical of the quality of PSB's investigations. (Third Order (Doc. 2827) at 3.) The problem is the backlog of open misconduct complaints, and this Court's Third Order includes a variety of provisions to address that issue, including the Paragraph 361 study.

CPSM's ability to complete this work by the Court's deadline even with the necessary delay required by the significant policy changes further supports permitting CPSM to complete the Paragraph 361 study.

## Conclusion

Defendants urge the Court to authorize CPSM to perform the Paragraph 361 study required by the Third Order.

Dated this 23rd day of January, 2022.

        OSBORN MALEDON, P.A.

        By s/ Joshua J. Messer
           Mary R. O'Grady
           Kristin L. Windtberg
           Joshua J. Messer
           2929 North Central, Suite 2100
           Phoenix, Arizona 85012-2793

        **Attorneys for Defendant Paul Penzone**

        -and-

        RACHEL MITCHELL
        MARICOPA COUNTY ATTORNEY

        By: s/ Joseph I. Vigil (with permission)
           JOSEPH I. VIGIL, ESQ.
           JOSEPH J. BRANCO, ESQ.

        **Attorneys for Defendant Paul Penzone and Maricopa County**

9771586