Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Maricopa County Sheriff Russ Skinner

Joseph I. Vigil, 018677
Joseph J. Branco, 031474
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
brancoj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Russ Skinner and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br>          Plaintiffs, <br><br> and <br><br> United States of America, <br><br>          Plaintiff-Intervenor, <br><br> vs. <br><br> Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br>          Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANTS' MOTION FOR APPROVAL OF STAFFING STUDY PURSUANT TO PARAGRAPHS 361 AND 362** |

Pursuant to Paragraphs 361 and 362 of this Court's Third Supplemental Permanent Injunction/Judgment ("Third Order") (Doc. 2827) and this Court's January 3, 2024, order (Doc. 2967), Defendants Maricopa County Sheriff Russ Skinner and Maricopa County request approval of the staffing study that is attached as Exhibit 1 to this Motion.

Paragraph 361 required MCSO to "commission an independent study" to address the staffing needs of the Professional Standards Bureau ("PSB"), and Defendants believe that the staffing study satisfies the requirements of this Court's Order.

**A. The Third Order Staffing Study.**

The Third Order required that "[u]nder the direction of the Court, MCSO shall commission an independent study" to address specific issues:

> (1) the most efficient way for MCSO to allocate its personnel in light of existing authorized staffing levels, the requirements and expectations of its served communities, the requirements of this Court's Orders, the timely elimination of the existing backlog of PSB investigations, and state law;
>
> (2) the necessary staffing level for MCSO to fulfill these obligations regardless of the existing staffing level; and
>
> (3) the PSB staffing level required to maintain the timely completion of PSB investigations in compliance with the Orders of this Court and state law.

Third Order ¶ 361.

In August 2022, prior to entry of the Third Order, Maricopa County and MCSO had retained the Center for Public Safety Management ("CPSM"), after a competitive procurement process, to conduct a sworn staffing study of MCSO. (Doc. 2828 at 2.) The Court acknowledged that a consultant had been retained and directed that, if MCSO wanted the Court to permit that consultant to conduct the study required by the Third Order, it was required to "provide the contracting documents to the Court, the Monitor,

2

and the parties within five business days of the entry of [the Third] Order" and submit the "draft methodology to the Court, the Monitor, and the parties" within 30 days of the Third Order. Third Order ¶ 362.

After the Third Order, Defendants modified the scope of CPSM's work to ensure it would address the requirements of Paragraph 361 and requested that the Court permit them to use CPSM for the staffing study required by the Third Order. (Doc. 2828.) Defendants timely submitted the relevant contracting documents (Doc. 2828) and CPSM's proposed methodology (Doc. 2832) to the Court to obtain the necessary authorization to use CPSM to conduct the study.

Plaintiffs and Plaintiff intervenors ("the Parties") filed comments and objections regarding CPSM and the proposed methodology (Doc. 2839), and the Court permitted Defendants to reply to address their concerns (Docs. 2847, 2857). The use of CPSM and the proposed methodology were addressed at a January 27, 2023, status conference. The Court did not approve or disapprove of CPSM but decided to wait until the work was done to approve the study pursuant to Paragraph 362. (1/27/23 Tr. at 35:5-12.)

**B. Staffing Study Deadline.**

The initial deadline for the staffing study was one year from the Third Order, which was issued November 8, 2022. Third Order ¶ 361. This deadline was approximately eight months after significant policy changes that would impact PSB operations were to be submitted to the Court for approval. *Id.* ¶¶ 349 (requiring Monitor to submit certain proposed policies to Court within four months of Third Order) 353 (requiring Monitor to submit certain proposed policies to Court within three months of Third Order). Once the policies were approved, the Third Order required the Monitor and MCSO to complete a comprehensive review of all backlog cases based on the new policies, and then the Monitor would certify a new backlog number. *Id.* ¶¶ 355, 356. The Court anticipated that the policy changes would reduce the backlog. *Id.* ¶ 355. The new policies would also affect the processing of new complaints. *Id.* ¶ 348, 353

(describing policy changes authorized by Third Order).  The Monitor submitted proposed policies to the Court for approval March 8, 2023, and parties submitted comments on those policies March 23, 2023.  (Doc. 2938 at 2.)

Because the proposed Third Order policies were still pending Court approval as the November 8, 2023 due date approached, on August 28, 2023, the parties submitted and the Court subsequently approved a stipulation to extend the deadline for the staffing study until "eight weeks after the Monitor's certification of the backlog number under Paragraph 356 or by November 8, 2023, whichever is later."  (Doc. 2929 (Stipulation), Doc. 2930 (Order).)  The Court approved new policies on October 12, 2023, and directed MCSO to adopt them within one week.  (Doc. 2938 at 2.)  On January 3, 2024, the Court, *sua sponte*, moved the deadline for the staffing study to March 1, 2024.  (Doc. 2967 at 2.)  As of this date, the backlog review based on the new policies is ongoing and the new backlog number has not yet been determined.  The Court's January 3, 2024, Order required completion of the backlog review by June 1, 2024.  (*Id.* at 3.)

**C.   The Completed Staffing Study.**

CPSM has completed the staffing study for submission to the Court for approval. The study includes a review and recommendations for various MCSO functions and divisions.  Exhibit 1 at 19-187.  It specifically addresses the issues identified in the Court's Order to determine:

> (1) the most efficient way for MCSO to allocate its personnel in light of existing authorized staffing levels, the requirements and expectations of its served communities, the requirements of this Court's Orders, the timely elimination of the existing backlog of PSB investigations, and state law;
>
> (2) the necessary staffing level for MCSO to fulfill these obligations regardless of the existing staffing level; and
>
> (3) the PSB staffing level required to maintain the timely completion of PSB investigations in compliance with the Orders of this Court and state law.

Third Order ¶ 361.

The study's information and recommendations on these issues are described below.

### 1. Expectations of served communities.

The staffing study describes its efforts to receive community input regarding this project. (Ex. 1 at 188-98.) This work included specific outreach to the Community Advisory Board ("CAB") regarding the community engagement process. (*Id.* at 188.) CPSM developed a community survey and held remote meetings with representatives of the Monitoring Team and CAB regarding the survey and to "solicit feedback on ways to gather input from MCSO's served communities." (*Id.*) CPSM made "[m]ultiple offers . . . to set up meetings with CAB members or other constituents identified by the CAB to gather input." (*Id.*) CPSM incorporated input received from the CAB into the survey. (*Id.* at 189.) The CAB did not offer recommendations regarding meetings with additional individuals or groups. (*Id.*)

The survey was "distributed electronically and on flyers and postcards" in both Spanish and English. (*Id.* at 188.) The survey was also available at community meetings hosted by CPSM, posted on MCSO's website, and shared via MCSO's social media accounts. (*Id.* at 188-89.) In addition, CPSM provided the CAB the survey for distribution as CAB members deemed appropriate. (*Id.* at 189.) Any electronic data collected was provided directly to CPSM. (*Id.* at 188.) CPSM received 435 unique survey responses. (*Id.* at 189.) The study provides the zip codes of survey respondents. (*Id.* at 189-91.)

CPSM hosted and facilitated six in-person community meetings from July 12, through July 14, 2023, regarding this project. (*Id.* at 188.) These included meetings in West Phoenix, Gila Bend, Fountain Hills, Sun City, the Mexican Consul, and Guadalupe. (A seventh was scheduled in the Eastside of Maricopa County but was cancelled because of an air conditioning failure.) (*Id.*) MCSO had a person present at these meetings in civilian attire. (*Id.*) CPSM received feedback from approximately

125 community members at these meetings. (*Id.* at 189.) Spanish speakers were present at all meetings, and two meetings were translated in real-time. (*Id.* at 188.) CAB members were invited to all community meetings. (*Id.* at 189.)

In addition to the in-person community meetings, CPSM hosted remote meetings with the Sheriff's various community advisory boards. (*Id.* at 188.)

Based on the input received, CPSM interpreted the community priorities as.

(1) District uniformed patrol staffing (Responding to 911 calls (35.1%) and uniformed patrol (17.9%)).

(2) Investigations: Detectives following up on crime reports (12.9%)

(3) Community Engagement (Community Relations 12.2%)

(4) Professional Standards Bureau (Timely investigations of complaints 10.7%).

(5) Specialized units (11.3%)

(*Id.* at 192.)

The study recognizes that community input is "essential to modern community policing," and is part of the "complex mix of inputs that help determine where staffing should be allocated." (*Id.*) CPSM's efforts thus satisfy the Court's directive that the staffing study consider "expectations of its served communities" when developing its recommendations. Third Order ¶ 361.

**2. Staffing levels.**

CPSM's study also addresses "the most efficient way for MCSO to allocate its personnel" in light of the community's expectations, requirements of Court orders, authorized staffing levels, the need to eliminate the backlog of PSB investigations and state law requirements; (2) the "necessary staffing level for MCSO to fulfill these obligations;" and (3) PSB staffing levels required to comply with the requirements of this Court's orders and state law. Third Order ¶ 361.

The study addresses all of these issues. With regard to PSB specifically, the study recommends:

1. Continuing to fill vacant positions within PSB when they occur;
2. "[F]olding added supervisory and management personnel from the Detectives and Investigations Bureau into the PSB, and then bifurcating the PSB into two units, one working current cases and one working backlogged cases."
3. Requiring that PSB investigators be required to rotate out of PSB after four years;
4. Continuing to work with the Court and Monitor regarding the selection of investigators;
5. Continuing to use "outside resources" to complete investigations;
6. Adding 13 investigator positions in PSB;
7. "Assign[ing] each detention sergeant one of the less serious investigations (one that wouldn't take too much time away from their detention supervisorial responsibilities) . . . on a continual basis";
8. Assigning employees who previously worked in PSB or who have appropriate training investigations on an ongoing basis, regardless of their current rank.

(Ex. 1 at 11-12; 155-56.) These recommendations satisfy the Court's requirements that the study address efficient staffing that will meet legal requirements and reduce the backlog.

The study also addresses other areas that the community surveys identified as priorities. This includes several recommendations regarding MCSO's patrol function, including its response to calls for service, recommendations regarding follow up on crime reports, and specialized units.

**D. Actions in Response to Staffing Study.**

MCSO and the County will continue to review the study to determine what actions may be appropriate based on its recommendations. In addition, MCSO will

provide a copy of the study to the CAB and provide any briefing that they request regarding the study. It will consider their input, as well as any input from the Monitor and parties when determining what actions may be appropriate based on the study.

## Conclusion

Defendants respectfully request that this Court approve the staffing study attached as Exhibit 1 as satisfying the requirements of Paragraphs 361 and 362 of the Third Order.

Dated this 1st day of March, 2024.

OSBORN MALEDON, P.A.

By s/ Mary R. O'Grady
   Mary R. O'Grady
   Kristin L. Windtberg
   Joshua J. Messer
   2929 North Central, Suite 2000
   Phoenix, Arizona  85012

**Attorneys for Defendant Maricopa County Sheriff Russ Skinner**

MARICOPA COUNTY ATTORNEY'S OFFICE

/s/ Joseph I. Vigil

Joseph I. Vigil, 018677
Joseph J. Branco, 031474
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003

**Attorneys for Defendant Russ Skinner and Maricopa County**

10272074