Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL (DOC. 3009)** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

| | |
|---|---|
| Cecillia D. Wang* | Eduardo Casas* |
| cwang@aclu.org | ecasas@MALDEF.org |
| ACLU Foundation | Mexican American Legal Defense and |
| Immigrants' Rights Project | Educational Fund |
| 425 California Street, Suite 700 | 634 South Spring Street, 11th Floor |
| San Francisco, CA 94104 | Los Angeles, California 90014 |
| Telephone: (415) 343-0775 | Telephone: (213) 629-2512 |
| | Facsimile: (213) 629-0266 |

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Amy S. Heath*
aheath@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091


*Pro Hac Vice

1  Plaintiffs hereby oppose Defendant Maricopa County Sheriff Russ Skinner's Motion to Seal Portion of the Transcript of the May 2, 2024, Motion Hearing, specifically page 37 line 15 thru page 38 line 16. ECF No. 3009.[1]

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir.1995)).

As a result, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The "compelling reasons" standard applies to court records that are "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. And under the "compelling reasons" standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Center for Auto Safety*, 809 F.3d at 1079.

The Sheriff makes no attempt to satisfy the "compelling reasons" standard. Instead, he contends that he need only satisfy the lower "good cause" standard because the transcript does not relate to a dispositive motion and the topic of the sidebar purportedly "does not go to the merits of this case." Mot. at 2. The Sheriff is wrong on both counts. First, the Ninth Circuit made clear in *Center for Auto Safety* that whether the records relate to a dispositive or non-dispositive motion is not determinative. 809 F.3d at 1101. It explained: "Most litigation in a case is not literally 'dispositive,' but nevertheless

---

[1] This motion was filed by the Sheriff without providing notice to the Plaintiffs prior to its filing. Accordingly, there was no opportunity for a meet and confer with the parties prior to the motion being filed.

involves important issues and information to which our case law demands the public should have access." *Id.* at 1098. As a result, the relevant test is whether the record is "more than tangentially related to the merits of a case." *Id.* at 1101. And here, the topic of the sidebar that the Sheriff seeks to seal is more than tangentially related to the merits. The Staffing Study, which was the subject of the May 2, 2024, hearing, relates squarely to matters on compliance (i.e., eliminating the Professional Standards Bureau backlog of internal affairs cases) which requires the Monitor's oversight and meaningful collaboration with the agency. The issues discussed directly affect MCSO's compliance with the injunctions in this case, the Monitoring Team's oversight of MCSO's compliance, and most importantly, the direct impact on members of the Plaintiff Class. Those issues all are directly related to the merits of this case. The "compelling reasons" standard thus applies.

The Sheriff's Motion does not satisfy this standard. He argues that the sidebar conversation he seeks to seal "relates to sensitive MCSO personnel matters unrelated to the hearing" and that making the transcript publicly available may result in "potential" unspecified "potential harm." Mot. at 1-2. But he does not explain what potential harm could flow from the release of the sidebar transcript or why, nor does he cite any comparable authority in support of his position. *Center for Auto Safety* makes clear that the Court may not seal records based solely on this type of "hypothesis or conjecture." 809 F.3d at 1079.

It is of particular concern to Plaintiffs that the Sheriff's Motion to Seal, if granted, would disregard the need for accountability and public access to information of MCSO's ongoing efforts to achieve compliance and whether *all* personnel are working meaningfully with the Monitoring Team and case as a whole and should be part of the public record. Further, the nature of the sidebar discussion at its core highlights the underlying concerns of the Plaintiffs in this case. For these reasons, the sidebar discussion should not be hidden from the public record.

Therefore, Plaintiffs hereby respectfully request this Court deny the Sheriff's

1   Motion to Seal Portion of the Transcript of the May 2, 2024, Motion Hearing.

2   Dated this 10th day of May 2024.

3   By: /s/ Christine K. Wee
4   Christine K. Wee
    Victoria Lopez
5   ACLU Foundation of Arizona

6   Cecillia D. Wang *(Pro Hac Vice)
7   ACLU Foundation
    Immigrants' Rights Project
8

9   Stanley Young*(Pro Hac Vice)
    Amy S. Heath*(Pro Hac Vice)
10  Covington & Burling, LLP

11
    Eduardo Casas* (Pro Hac Vice)
12  Mexican American Legal Defense
    and Educational Fund
13
    *Attorneys for Plaintiffs*
14

15  *Pro Hac Vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 10, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

                                                                     /s/Christine K. Wee
                                                                    Christine K. Wee