WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, et al., | No. CV-07-02513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County Sheriff's Motion to Seal Portion of the Transcript [Doc. 3005] of the May 2, 2024 Motion Hearing (Doc. 3009). For the reasons stated below that motion is denied.

Defendant is correct that the Court held the discussion at issue at sidebar because the MCSO official involved with the matter was not yet aware of the perceptions that gave rise to the sidebar conference, nor the Court's proposed manner to resolve it going forward. Thus, the Court desired to provide that person with advisement prior to any further discussion of the issue in open court. Nevertheless, the matter is more than tangentially related to the merits of the lawsuit.

There is a "strong presumption in favor of access to court records." *Ctr for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). When the information sought to be removed from the public eye is more than tangentially related to the merits of

a case, prior to authorizing the redaction of information, the Court must find "a compelling reason and articulate[] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety,* 809 F.3d at 1096-97 quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006).

As the Sheriff points out, it may be appropriate to seal matters where a party seeks to "gratify private spite or promote public scandal," *Ctr. For Autor Safety,* 809 F.3d at 1097. But while a concern is raised in the record, no conclusions were arrived at – especially in light of the absence of the official. There was merely a procedure set forth for dealing with any possible continuing concerns going forward that would provide notice to those concerned. The Sheriff provides nothing beyond conjecture suggesting that the matter was raised or could be used to gratify private spite or promote a public scandal.

Nevertheless, because the Sheriff's publication of the transcript during the 90 days in which redactions may be made violates court policy, *Guide to Judiciary Policy* § 510.25.10, the attachment to Doc. 3009, Doc. 3009-1, is stricken.

**IT IS THEREFORE ORDERED** denying the Defendant's Motion to Seal Portion of the Transcript of the May 2, 2024 Motion Hearing (Doc. 3009).

**IT IS FURTHER ORDERED** striking attachment Doc. 3009-1.

Dated this 17th day of May, 2024.

_____
G. Murray Snow
Chief United States District Judge