Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona  85012
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Russ Skinner

Joseph I. Vigil, 018677
MARICOPA COUNTY ATTORNEY'S OFFICE
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
(602) 506-8541
vigilj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Russ Skinner and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs, <br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANTS' COMMENTS ON PROPOSED COURT ORDER** |

At the July 26, 2024 hearing, the Court permitted the parties to submit comments on the Court's Proposed Revisions to the Third Order ("Proposed Revisions").  (Doc. 3054.)  Defendants Sheriff Russ Skinner and Maricopa County submit these comments and recommended changes to the Proposed Revisions, along with the attached Exhibits which show the Defendants' proposed changes in redline.

The Proposed Revisions make two significant changes in the Maricopa County Sheriff's Office's ("MCSO") compliance responsibilities regarding the timeline for completing administrative misconduct investigations.  First, they increase the timeline for completing investigations under Paragraph 204 from 85 calendar days for investigations completed by the Professional Standards Bureau ("PSB") and 60 calendar days for investigations completed within a Division, to 180 calendar days.  Second, they change the method for calculating the investigation timeline.  While the first change will help keep cases from becoming backlog cases by providing more time to complete investigations, the second change may initially add cases to the backlog because additional steps will be necessary before an investigation is considered complete for the purposes of Paragraph 204.  As a result, Defendants recommend the following changes to the Court's Proposed Revisions.

## I.      **Paragraph 356 of Proposed Revisions.**

To improve alignment between the timeline in Paragraph 204 and state law, the Proposed Revisions amend Paragraph 204 of the Court's Second Order to adopt the 180-day timeline set forth in A.R.S. § 38-1110(A) for the completion of an investigation of employee misconduct.  The Proposed Revisions incorporate the statutory language that provides that investigations are considered complete when the employee is served with notice of discipline or the notice of findings.  The Proposed Revisions also require that notice be given to the complainant before an investigation can be considered completed, which is not a statutory requirement under § 38-1110(A).

Currently, the Monitor considers an administrative misconduct investigation complete for the purposes of Paragraph 204 when it is submitted to the PSB Commander

1

1    and the PSB Commander approves and closes the investigation.  (Joint Submission of

2    Parties Regarding Completion of Purposes of Staffing Study (Doc. 3036 at 3).)  Under the

3    Proposed Revisions, an administrative misconduct investigation would not be considered

4    complete until later in the process, after certain notices have been provided to both the

5    subject employee and the complainant.  As a result of this change in calculating the

6    timeline for completion of investigations, the method of calculating the backlog will also

7    necessarily change under the Proposed Revisions, and cases older than 180 days in which

8    investigations have been completed but the notices described in the Proposed Revisions

9    have not yet been sent will be added to the backlog.  As such, the Proposed Revisions'

10   statement that this change will "reduce[]" the backlog may not be the case initially.  Some

11   cases will be removed from the backlog because of the additional investigative time

12   granted by the Proposed Revisions, but others will be added to the backlog because of the

13   change regarding when an investigation is completed for the purposes of Paragraph 204.

14       The Proposed Revisions contemplate that the Monitor will certify a new backlog

15   number within five days of the Court's order.  Because the change to Paragraph 356 would

16   change the way the backlog is calculated for the purposes of Paragraph 204, and will

17   require the Monitor to review the backlog again, Defendants anticipate that the Monitor

18   may need more time to calculate a new backlog number.  MCSO would, of course, assist

19   the Monitor by providing information needed for this new backlog calculation.

20       As noted above, the Proposed Revisions currently require both notice to the

21   employee of the discipline or notice of findings and notice "of the outcome" to the

22   complainant before the 180-day investigative timeline ends.  Defendants recommend that

23   the notice to the complainant be removed from the Proposed Revisions.  The requirement

24   for notice to the complainant of the investigative outcome is already covered by Paragraph

25   246 of the Order and is not a requirement under A.R.S. § 38-1110(A) for the timeline

26   calculation.

27       Paragraph 246 requires that MCSO provide three notices to complainants – (1)

28   upon receipt of a complaint; (2) when PSB concludes its investigation, "as soon as

2

permitted by law;" and (3) when discipline is imposed, "as soon as is permitted by law." (Doc. 1765 ¶ 246.)   MCSO is in Full and Effective compliance with this requirement, as determined by the Monitor has been incompliance with this requirement. (Doc. 3027 at 230-31.)

By law, information about an investigation remains confidential until everything – including all appeals of discipline—is completed.  A.R.S. § 38-1109.  Because of those confidentiality requirements, the notices about findings or discipline required under Paragraph 246 may not be sent to the complainant until much later in the process than the notice to the employee that is required under A.R.S. § 38-1110(A).  The length of time may vary widely for the notice to the complainants and, when discipline is involved, is not within MCSO's control.  Thus, in many cases, it will not be possible for MCSO to provide notice of the outcome to the complainant within the 180-day timeframe.

For these reasons, MCSO requests omitting the notice to the complainant from the investigation timeline in the Proposed Revisions to Paragraph 356.  Notice to the complainant will continue to be provided as required by Paragraph 246, but MCSO advises against including this notice in the investigation timeline.

### A. Defendants Recommend Modifying the Proposed Revisions to avoid changing the process for calculating the investigative timeline.

As noted above, the changes contemplated by the Proposed Revisions to Paragraph 356 will result in a new method for determining when an investigation is deemed complete and will impact the determination of when a case is added to the backlog.  To avoid changing the process for determining when an investigation is complete for the purposes of Paragraph 204 (and thus the method for calculating the backlog), Defendants suggest that the Court could increase the timeline in Paragraph 204 to 140 days, rather than 180 days, *without* modifying the method of determining when an investigation is considered "complete" under Paragraph 204.  Defendants submit that this change would efficiently accomplish several goals: (1) it would bring the investigative timeline into better alignment with state law, thereby allowing additional time to complete investigations so

that fewer cases become part of the backlog, (2) would allow MCSO time to provide the notice to the employee that is required by A.R.S. § 38-1110(A) within the 180 day statutory timeframe, and (3) would not require additional processes be put in place to change the method of calculating the investigative timeline and backlog.   With Defendants' proposed approach, the new backlog number could be certified in the five days the Proposed Revisions require and would not result in additional cases being added to the backlog.

For the Court's consideration, Defendants attach a redline of the Proposed Revisions reflecting this proposed change to the investigative timeline while retaining the current methodology for calculating that timeline as **Exhibit A**.  Exhibit A also includes minor changes to Paragraph 356 to clarify that Paragraph 204 will be modified so that the 140-day requirement will apply to both investigations completed by PSB or investigations by another Division of MCSO.

> **B. If the Court does not adopt Defendants' recommended changes to Paragraph 356 of the Proposed Revisions included in Exhibit A, Defendants request the Court make additional changes to the Proposed Revisions.**

While Defendants believe that extending the timeline for completion of investigations under Paragraph 204 without modifying the method of calculating that timeline (as set forth in Exhibit A) is the most efficient method for bringing Paragraph 204 in alignment with state law, if the Court is not inclined to adopt Defendants' recommended approach, Defendants ask that the Court consider some additional changes to the Proposed Revisions to address the issues discussed above.  These additional changes are reflected in the attached redline to the Proposed Revisions, as **Exhibit B**.

**Notice to complainant.**   Defendants recommend that the Court omit the requirement of notice to the complainant from the Proposed Revisions for the reasons set forth above.  The Order already provides a mechanism for giving notice to the complainant that complies with state law in Paragraph 246 and in many cases, notice cannot be provided within 180 days.

**Clarification of "notice" to employee.**  Defendants also recommend additional language to clarify the specific documents that provide the notice to the employee that the Court requires.  Under MCSO policy, the 180-day timeline under A.R.S. § 38-1110(A) "ends when the employee is served with a Closed Case Notification, Coaching, Written Reprimand, or Pre-Determination Hearing Notice."  (MCSO Policy GH-2 at 37.)[1]  For clarity, MCSO suggests amending the Proposed Revisions to also refer to the employee notices that MCSO uses.

**Certification of Backlog.**  As noted above, if the method of calculating the timeline for completion of an investigation is changed, Defendants anticipate that the Monitor may need additional time to certify the backlog number.  Defendants therefore suggest that 21 days be allowed for this certification, as opposed to the five days set forth in the Proposed Revisions.  In addition, because this new method of calculation will likely result in some cases being added to the backlog, Defendants recommend that the word "reduced" be replaced with "changed" in Paragraph 356 of the Proposed Revisions.

**Suspension of statutory timeframe/extensions.**  A.R.S. § 38-1110(D) specifies instances when the statutory timeframe for completing investigations is suspended.  Some of the suspensions of the timeframe are mandatory.  For example, the statute requires that the timeline be suspended during any pending criminal investigation or while an employee involved in the investigation is "incapacitated or otherwise unavailable."  A.R.S. § 38-1110(D)(1)-(2).  If the Court is following state law, the Monitor should not have authority to deny a suspension of the timeline if the suspension is required by state law.  To be consistent with the statute, Defendants recommend incorporating those statutory exceptions into the Proposed Revisions to Paragraph 356.

## II.     Paragraph 358 of Proposed Revisions.

Defendants also recommend three changes to Paragraph 358 of the Proposed Revisions.  The first two changes are only implicated if the Court does not adopt

---

[1]     MCSO Policy GH-2, Internal Investigations, is available at https://www.mcso.org/home/showpublisheddocument/500/638399642021070000.

Defendants' recommended changes set forth in Exhibit A and are reflected only in Exhibit B. The final recommended change is applicable regardless of which route the Court takes, and is reflected in both Exhibits A and B.

**Modifications to the use of the staffing fund.**  If the Court does not adopt Defendants' recommended changes to Paragraph 356 of the Proposed Revisions, MCSO recommends that the Proposed Revisions expand the uses of the Staffing Fund described in Paragraph 345 to permit expenditures for the work that is done by the Conduct Resolution Section of MCSO after PSB completes its investigations.  The Conduct Resolution Section of MCSO is responsible, in many instances, for providing notice to employees of the results of misconduct investigations.  By modifying the method of calculating the investigative timeline, the Court's Proposed Revisions implicate work done by the Conduct Resolution Section.  Therefore, increasing staffing in this section could also contribute to the reduction of the backlog, and an expansion of the permitted uses of the Staffing Fund (should it ever become relevant) may be useful to support the timely completion of their work.

**Current 20-case reduction.**  If the Court's order increases the backlog because the post-investigation cases added to the backlog outnumber the cases removed from the backlog, this may impact MCSO's ability to meet its current monthly 20-case reduction requirement for the month in which a new backlog number is certified.  Defendants therefore request that no penalties apply in the month when this new certification is issued.

**Changes to the Order.**  Defendants recommend that additional changes to the schedule in Paragraph 358 be considered only after October 1, 2025, which is one year after its implementation began.

### III.  Defendants recommend some general clean up revisions.

In addition to the recommended changes discussed above, Defendants have provided additional suggested "clean up" revisions to the language of the Proposed Revisions.  These suggested revisions appear in both Exhibit A and Exhibit B.  Specifically, Defendants note that in the first and ninth lines of Paragraph 356, the

Proposed Revisions refer to Paragraph "24."  This should be changed to Paragraph "204." Further, in the fourth line of Paragraph 356, "employer" should be changed to "employee." Finally, the date in the first and last sentences of Paragraph 358 should be changed from "September 1, 2024" to "October 1, 2024."

## IV.    **Defendants request that the staffing study requirement be deemed satisfied.**

Defendants request that this Court direct that no further action is necessary to comply with Paragraph 361 of the Third Order regarding the staffing study.

## CONCLUSION

Defendants request that the Court modify the Proposed Revisions as described in these comments.

Dated this 2nd day of August, 2024.

OSBORN MALEDON, P.A.


By s/  Mary R. O'Grady
    Mary R. O'Grady
    Kristin L. Windtberg
    Joshua J. Messer
    2929 North Central, Suite 2000
    Phoenix, Arizona  85012

*Attorneys for Defendant Russ Skinner*

MARICOPA COUNTY ATTORNEY'S OFFICE


By s/ Joseph I. Vigil (with permission)
    Joseph I. Vigil
    Civil Services Division
    225 West Madison Street
    Phoenix, Arizona 85003

*Attorneys for Defendants Russ Skinner and*
*Maricopa County*

10481161