Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DOC. 3061** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*  
cwang@aclu.org  
ACLU Foundation  
Immigrants' Rights Project  
425 California Street, Suite 700  
San Francisco, CA 94104  
Telephone: (415) 343-0775  

Stanley Young*  
syoung@cov.com  
Covington & Burling LLP  
3000 El Camino Real  
5 Palo Alto Square, 10th Floor  
Palo Alto, CA 94306-2112  
Telephone: (650) 632-4700  
Facsimile: (650) 632-4800  

Amy S. Heath*  
aheath@cov.com  
Covington & Burling LLP  
415 Mission St., Ste. 5400  
San Francisco, CA 94105  
Telephone: (415) 591-6000  
Facsimile: (415) 591-6091  

Eduardo Casas*  
ecasas@MALDEF.org  
Mexican American Legal Defense and  
Educational Fund  
634 South Spring Street, 11th Floor  
Los Angeles, California 90014  
Telephone: (213) 629-2512  
Facsimile: (213) 629-0266  

Sebrina M. Shaw (024545)  
Shaw Law Firm, P.L.L.C.  
698 Cove Parkway, Suite A  
Cottonwood, AZ 86326  
Telephone: (928) 646-0369  
admin@shawlawfirmaz.com  
sshaw@acluaz.org  

*Pro Hac Vice*

In their response to the Court's request for comment on its Proposed Order (Doc. 3054), Defendants refer to A.R.S. § 38-1109 and state that "information about an investigation remains confidential until everything – including all appeals of discipline— is completed." They contend that no notification to the complainant may occur until any such appeals are completed and therefore that no notification to the complainant should be required for the completion of a case for purposes of determining compliance with the proposed revised 180-day timeline. Doc. 3061 at 4:5-9.

Plaintiffs disagree. What A.R.S. § 38-1109 states is as follows:

 A. An employer shall not include in that portion of the personnel file of a law enforcement officer that is available for public inspection and copying any information about an investigation until the investigation is complete or the employer has discontinued the investigation.

 B. If the law enforcement officer has timely appealed a disciplinary action, the investigation is not complete until the conclusion of the appeal process. This subsection does not apply to a law enforcement officer who is employed by an agency of this state as an at will employee.

In the event of an appeal, the statute does not prohibit an interim notification to the complainant that the case is still pending and unresolved. Such an interim notification of continued pendency need not require any addition to the "portion of the personnel file of a law enforcement officer that is available for public inspection and copying." For the sake of instilling and sustaining confidence in the IA system, the Court should retain the proposed requirement of notification to the complainant before a case is deemed complete for purposes of backlog computation, but with the further proviso that, if there is an appeal, such notification should be an interim notification that the case is still pending and unresolved, with further notification under Paragraph 246 of the Second Order of the conclusion of the case and any discipline imposed being required to be given after the conclusion of the appeal process. As Plaintiffs have previously pointed out, the Court may, as part of its remedy for violations of constitutional rights, impose a timeline (including a method of determining when a case is completed) that is different from that

1  set forth in state law. Doc. 3059 2:16-3:12. Given the importance of notification to
2  complainants, id. at 1:27-2:4, requiring the notification or interim notification to
3  complainant at the time that is described above is warranted.
4      Plaintiffs are also concerned that they and the Monitor do not have full visibility
5  into the number of cases where, because MCSO has exceeded the 180 day limit of A.R.S.
6  § 38-1110(A), a deputy may appeal and have any discipline overturned. Such a result
7  would constitute a further manipulation of timing with the result that a culpable deputy
8  avoids discipline. Therefore, for any appealed case where MCSO's internal process has
9  been completed and interim notification of the continued pendency of the case has been
10 given to the complainant, Plaintiffs propose that the Court order that the case may be
11 removed from the backlog for purposes of Paragraph 356 of the Third Order, but, prior to
12 the conclusion of the appeal process for that case, the case shall be listed on a separate
13 list of cases under appeal, which shall be reported on a monthly basis to the Monitor and
14 the other parties. MCSO shall further disclose to the Monitor and the parties every case
15 where an appeal has resulted or results in discipline being reversed due to MCSO's failure
16 to abide by A.R.S. § 38-1110(A).
17     Dated this 8th day of August 2024.

By: */s/ Christine K. Wee*
Christine K. Wee
Victoria Lopez
ACLU Foundation of Arizona

Cecillia D. Wang *(*Pro Hac Vice*)
ACLU Foundation
Immigrants' Rights Project

Stanley Young*(*Pro Hac Vice*)
Amy S. Heath*(*Pro Hac Vice*)
Covington & Burling, LLP

Eduardo Casas* (*Pro Hac Vice)*
Mexican American Legal Defense
and Educational Fund

Sebrina M. Shaw
Shaw Law Firm, P.L.L.C.

*Attorneys for Plaintiffs*

*\*Pro Hac Vice*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/Christine K. Wee
Christine K. Wee