Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Russ Skinner

Joseph I. Vigil, 018677
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Russ Skinner and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendants. | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING PLAINTIFFS' COMMENTS ON PROPOSED COURT ORDER** |

As authorized by this Court (Doc. 3067), Defendants submit this supplemental brief addressing Plaintiffs' Response to Doc. 3061 ("Plaintiffs' Response") (Doc. 3068).

All parties submitted comments on the Court's Proposed Revisions to the Third Order ("Proposed Revisions") on August 2, 2024. (Docs 3059 (Plaintiffs), Doc. 3060 (United States), 3061 (Defendants).) With leave of Court, Plaintiffs subsequently filed supplemental comments responding to Defendants' submission ("Supplemental Comments"). (Doc. 3068.) When granting leave for Plaintiffs' supplemental filing, the Court authorized Defendants to file a supplemental brief addressing Plaintiffs' comments. (Doc. 3068.) This is that supplemental brief.

**I.   This Court should not require the interim notice to complainants that Plaintiffs recommend.**

Defendants' previous comments explained why a notice to the complainant should not be included in the timeline relevant to the backlog of misconduct investigations. (Doc. 3061 at 2-4.) If an appeal is filed, Plaintiffs recommend that MCSO be required to send the complainant a new interim notice that simply informs the complainant "that the case is still pending and unresolved." (Doc. 3068 at 1.)

The Court should not require this new notice. It provides the complainant with no useful information – complainants already receive prompt notice that a complaint is pending. (*See* Second Amended Supplemental Permanent Injunction/Judgment Order (Doc. 1765) ("Second Order") ¶ 246). Specifically, Paragraph 246 requires that PSB send complainants "a written notice of receipt, including the tracking number assigned to the complaint and the name of the investigator assigned. The notice will inform the complainant how he or she may contact [PSB] to inquire about the status of the Complaint." Because A.R.S. § 38-1109 precludes MCSO from providing the complainant with information about the investigation until it is complete, a second interim notice that the complaint is pending would provide no additional information to complainants. This new notice would simply impose another requirement on MCSO

2

without additional benefits to the investigation process. It also does nothing to help reduce the backlog.

This proposal doesn't advance the interests of the Third Order or aid complainants and should not be adopted.

**II.     Appealing and overturning discipline.**

Plaintiffs express concern that discipline could be overturned because MCSO exceeded the 180-day limit of A.R.S. § 38-1110(A). Plaintiffs fear "a further manipulation of timing with the result that a culpable deputy avoids discipline." (Doc. 3068 at 2.) This concern is unwarranted and unsupported by any conduct since the Second Order was entered. Since MCSO has been subject to the Second Order, no discipline has been overturned through the appellate process because it exceeded 180 days. (Doc. 3018 at 5-6.) As described in the County's Notice to Court Regarding Practical Time to Complete Investigations, in one case a hearing officer overturned discipline because of the time it took to complete the investigation, but the superior court reversed the hearing officer's decision, and discipline was imposed. (*Id.*)

To allow for the monitoring of appeals, Plaintiffs ask this Court to require MCSO to provide a new monthly report to the Monitor and parties listing all cases on appeal and disclosure of any appeal that resulted in discipline being reversed for failing to abide by A.R.S. § 38-1110(A). MCSO also opposes this request for additional reporting. A monthly list of pending appeals does not impact compliance with the Court orders and does not address the backlog. It adds a new burden to MCSO without any benefit for compliance. The parties and Monitor already receive information about the results of an appeal when a case closes, and the Monitor has access to information about pending investigations. There is no added benefit in requiring MCSO to provide that same information in a separate report. There should be no requirement for new reporting on this issue.

**Conclusion**

10512021

Defendants ask this Court not to require the new notice and reporting that Plaintiffs request.

Dated this 22nd day of August, 2024.

OSBORN MALEDON, P.A.

By /s/ *Mary R. O'Grady*
Mary R. O'Grady
Kristin L. Windtberg
Joshua J. Messer
2929 North Central, Suite 2000
Phoenix, Arizona 85012

*Attorneys for Defendant Maricopa County Sheriff*

/s/ *Joseph I. Vigil w/permission*

Joseph I. Vigil, 018677
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendants Russ Skinner and Maricopa County*

4

10512021