# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

In the 2024 Annual Compliance Report filed with this Court yesterday, (Doc. 3078-1), Defendants indicate they have spent $219,732,642 in "Department Costs" attributable to their compliance with the *Melendres* Orders, as of June 30, 2024. (Doc. 3078-1 at 63). Defendants broke down the amounts spent into fiscal years, with expenditures beginning in FY2014. $219,732,642 represents the total amount of "MCSO Department Costs" spent across all fiscal years since 2014.[1]

Accuracy and accountability are important and necessary elements of the MCSO's

---

[1] This amount is exclusive of the "legal costs" and "non-attorney related costs" reported by the Defendants.

and County's administration. It is necessary for the Court to understand where the Operational/Department Costs[2] are being incurred and the reasons for which the Defendants attribute the various costs to the *Melendres* orders. This additional information will allow the Court to evaluate MCSO's compliance and any future necessary compliance measures. Yet, the annual reports filed by the MCSO fail to provide support for the amounts attributed or an explanation of the underlying costs.[3]

Further, the deficient staffing study was intended, in part, to examine the cost of various law enforcement and other operations in the MCSO, as well as the cost of different deployment models that sheriffs might use to more cost-effectively achieve law enforcement priorities, in accordance with the constitution and laws. While understanding the Operational Costs which the Department attributes to *Melendres* will not rectify the lack of information in the staffing study, a review of those costs for accuracy and accountability by a public Budget Analyst, chosen by and under the direction of the Monitor, will be a helpful substitute for the deficient study. This information will also help the Court evaluate detailed information that the MCSO has avowed to the Court it has already collected, analyzed, and attributed to *Melendres*. This independent information and analysis will also assist the Court and the public in evaluating the accuracy of the expenses that arise from the orders— expenses that are, in any event, required by state law, in addition to the *Melendres* orders, and expenses, if any, that may not be required by the orders.

The Defendants shall thus provide to the Monitor and/or his Budget Analyst: (1) each separate expenditure, for each fiscal year, beginning in 2014, that make up the

---

[2] In previous annual reports, these have been simply identified as "Operational Costs."

[3] As the parties will recall this past year, the Community Advisory Board asked Sheriff Penzone to detail the costs incurred by the *Melendres* order. The Court, when seeing these figures, expressed some skepticism particularly with respect to the personnel costs attributed by the Defendants to *Melendres*. While the Court recognizes that such amounts may have been accurate despite the Court's misgivings, it needs a further and accurate understanding of how and what operations expenses the Defendants attribute to this case.

Department/Operating Costs that they attribute to the *Melendres* Orders; (2) the financial documentation verifying the amount of each expenditure; (3) the cost of services, supplies, hardware, and software attributed to the *Melendres* orders and the amount and percentage of such costs that are attributable to the *Melendres* orders, as opposed to their use for other MCSO functions and operations; (4) the personnel cost attributable to the *Melendres* orders, including the identification of positions and the function of the positions that are wholly dedicated to *Melendres* compliance the identification of positions which are only partly attributable to *Melendres* compliance, the other functions performed by those employees, the costs of such positions, and the percentage of all employee time attributable to *Melendres* compliance for each position; (5) the specific paragraph or paragraphs of the *Melendres* orders to which each expense is attributed; (6) all budget requests made to the County by the MCSO and the narratives that support these budget requests; and (7) any additional document or clarification sought by the Monitor or his Budget Analyst consistent with this order.

  Because the Defendants have already made the analysis and attributions in the process of preparing their annual financial reports, the identification of such costs, their attribution to *Melendres* in the various amounts, and the financial documentation supporting such costs should not be a time-consuming or otherwise intensive enterprise. The MCSO shall thus provide such information to the Monitor and/or his Budget Analyst within thirty days (30 days) of the date of this Order.

  Dated this 17th day of September, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge