Mary R. O'Grady, 011434
Kristin L. Windtberg, 024804
Joshua J. Messer, 035101
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
mogrady@omlaw.com
kwindtberg@omlaw.com
jmesser@omlaw.com

Attorneys for Defendant Russ Skinner

Joseph I. Vigil, 018677
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendants Russ Skinner and Maricopa County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**DEFENDANTS' MOTION TO MODIFY ORDER REGARDING COMPLIANCE COSTS (DOC. 3083)** |

Defendants Maricopa County Sheriff Russ Skinner and Maricopa County respectfully request that the Court modify a portion of its September 17, 2024 Order (Doc. 3083) ("the Order") requiring Defendants to produce to the Monitor financial documentation for each expenditure attributed to *Melendres* compliance. Defendants have been collecting information responsive to the Court's Order and will produce the bases of the costs attributed to compliance in Sherriff Skinner's annual report (Doc. 3078-1 at 63) by the deadline in the Order, but it has become clear that they will not be able to timely provide the large volume of back-up documentation for each expenditure as directed in the Order. Accordingly, Defendants seek a modification so that they may provide further detail regarding specific expenditures if requested by the Monitor and based on an agreed-upon schedule.

## Background

In his annual report filed September 16, 2024, the Sheriff reported costs related to the *Melendres* litigation from fiscal year 2008 through 2024. (Doc. 3078-1 at 63.) The costs included "Melendres Legal Costs," "Melendres Non-Attorney Related Costs in Non Departmental Budget," and "MCSO Department Costs." (*Id.*) The annual report listed costs for each fiscal year and totals. The "MCSO Department Costs" or "MCSO operational costs" is the largest category listed, with a total since 2014 of $219,732,642 and $35,440,814 in fiscal year 2024. (*Id.*; *see also id.* at 51.) The annual report did not detail the specific operational costs attributed to the *Melendres* litigation but noted that examples included costs for body worn camera and staffing. (*Id.* at 51.) It also noted that although the operational costs attributed to the *Melendres* litigation arose out of MCSO's compliance efforts, those costs "will likely continue to be necessary even after judicial oversight ends to sustain the reforms that have been implemented." (*Id.*)

The Order, issued on September 17, 2024, requires Defendants to provide additional information regarding the "MCSO Department Costs" described in the

annual report. (Doc. 3083 at (1-3.) Specifically, for "MCSO Department Costs," the Order directs Defendants to provide "the Monitor and/or his Budget Analyst:

> (1) each separate expenditure, for each fiscal year, beginning in 2014, that make up the Department/Operating Costs that they attribute to the *Melendres* Orders;
>
> (2) the financial documentation verifying the amount of each expenditure;
>
> (3) the cost of services, supplies, hardware, and software attributed to the *Melendres* orders and the amount and percentage of such costs that are attributable to the *Melendres* orders, as opposed to their use for other MCSO functions and operations;
>
> (4) the personnel cost attributable to the *Melendres* orders, including the identification of positions and the function of the positions that are wholly dedicated to *Melendres* compliance, the identification of positions which are only partly attributable to *Melendres* compliance, the other functions performed by those employees, the costs of such positions, and the percentage of all employee time attributable to *Melendres* compliance for each position;
>
> (5) the specific paragraph or paragraphs of the *Melendres* orders to which each expense is attributed;
>
> (6) all budget requests made to the County by the MCSO and the narratives that support these budget requests; and
>
> (7) any additional document or clarification sought by the Monitor or his Budget Analyst consistent with this order."

(Doc. 3083 at 2-3.)

The Order requires Defendants to produce this information within 30 days, which means the information must be produced by October 17, 2024. (*Id.* at 3.)

**Modification Requested and Rationale**

Since receiving the Order, Defendants have been identifying and collecting responsive documents and related information to comply with the Order. Defendants will timely produce ledgers that identify the specific costs attributed to the *Melendres* Orders (Item #1 in the Order) and the information responsive to Items 3-6 in the Order. Defendants have determined, however, that they will not be able to timely produce "the financial documentation verifying the amount of each expenditure" (Item #2). The

3

1  volume of material, for costs incurred over the past decade renders the collection and
2  production process time-consuming. That collection and production will involve
3  thousands of documents, which could total tens of thousands of pages. These
4  documents are maintained in both electronic and hard copy files, with the electronic
5  files stored in multiple document management systems. Collecting and producing those
6  invoices and other information supporting each specific expenditure linked to the
7  *Melendres* case is a time-consuming process that will take well beyond the 30-day
8  timeframe provided in the Court's Order.

9  Defendants will provide information supporting the personnel expenditures
10 allocated to *Melendres* within the timeframe specified by the Order, but collecting and
11 producing the back-up for other costs will require significantly more time. For similar
12 reasons, there also may be some personnel related expenditures (e.g., retirement and
13 benefits payments) that will be documented in the ledgers but for which Defendants
14 may not produce additional back-up documentation.

15 Because Defendants will not be able to produce the back-up documentation
16 supporting all costs as described in Item #2 by October 17, and because of the burden
17 associated with the review, collection, and production of that information for all
18 expenditures, to the extent it is available, Defendants propose that they be permitted to
19 produce or otherwise make available the underlying documentation verifying the
20 specific costs for the Monitor or his designee to review upon request. Defendants
21 anticipate that the information that they will produce by the October 17 deadline will
22 provide a comprehensive picture of the costs allocated to the *Melendres* matter and the
23 rationale for those allocations and provide the other information identified in the
24 Court's Order. This information would allow the Monitor to identify specific costs as
25 needed.

26
27
28

4

Defendants informed the Parties and the Monitor about this request to modify the Court Order before filing this Motion. A proposed form of order is submitted with this Motion.

**Conclusion**

For the reasons set forth above, Defendants request that the Order be modified to permit Defendants to provide the financial documentation verifying the amount of each expenditure upon an agreed upon schedule if requested by the Monitor after Defendants have produced the other information that the Order requires.

Dated this 10th day of October, 2024.

OSBORN MALEDON, P.A.

By s/Mary R. O'Grady
　　Mary R. O'Grady
　　Kristin L. Windtberg
　　Joshua J. Messer
　　2929 North Central, Suite 2000
　　Phoenix, Arizona 85012

*Attorneys for Defendant Maricopa County Sheriff*

/s/Joseph I. Vigil (w/permission)
Joseph I. Vigil, 018677
Maricopa County Attorney's Office
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4137
vigilj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendants Russ Skinner and Maricopa County*