# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>            Plaintiffs,<br><br>and<br><br>United States of America,<br><br>            Plaintiff-Intervenor,<br><br>v.<br><br>Russ Skinner, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>            Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Modify Order Regarding Compliance Costs (Doc. 3083). (Doc. 3092). For the following reasons the Motion is granted in part and denied in part.

On September 16, 2024, the Sheriff submitted in his report to this Court "costs related to the *Melendres* litigation," (Doc. 3078-1 at 63), as he has regularly done on an annual basis throughout this litigation. The next day, on September 17, the Court entered the subject order which required with respect to the single largest subset of those costs— the "MCSO operational costs" sometimes referred to by Defendants as the "MCSO Department Costs"-- that the Defendants identify, among other things, each separate expenditure, the paragraph or paragraphs of the *Melendres* orders that required those costs, the associated budget requests made to the County, and any other additional document or

1  clarification sought by the Monitor or his budget analyst in doing an analysis of the
2  Defendants' alleged compliance costs. The Court ordered that this information be provided
3  by October 17, 2024.

4  On October 9, the Defendants filed the present motion indicating that they did not
5  have the time to identify what could be voluminous records required by the Court by the
6  October 17 deadline, but indicated they would provide much of the material prior to that
7  time including "the bases of the costs attributed to compliance in Sheriff' Skinner's annual
8  report, . . . ledgers that identify the specific costs attributed to the *Melendres* Orders (Item
9  # 1 in the Order) and the information responsive to Items 3-6 in the Order." Nevertheless,
10 it appears that more than a month after the deadline in the Order, not even these promised
11 categories of information have been completely provided.

12 Because MCSO disclosed the amounts to the Court immediately prior to the Court's
13 order, the Defendants were presumably asserting that these funds were attributable to
14 *Melendres* at the time they filed the report, as well as each annual report from the preceding
15 years that included such cost attributions (as well as to the ongoing tally on the MCSO's
16 website). These expenses and attributions and the reasons therefore should already exist
17 and should not need to be reverse-engineered. Further, for at least the last eight years, the
18 expenses and attributions to *Melendres* have not been made by the incoming Sheriff's
19 administration. Therefore, to the extent the expenses are being uncovered or reverse-
20 engineered, the persons responsible for such attributions may, in a short period, no longer
21 be available to provide such information or consultation, the Court therefore declines to
22 put off compliance until after the change in administration.

23 It is the Court's understanding that the Monitor and his Budget Analyst have been
24 meeting with MCSO and Maricopa County financial personnel to request additional
25 documents or clarifications regarding the partial production of documents made by the
26 Sheriff and MCSO. Those deliberations shall continue and both MCSO and Maricopa
27 County shall continue providing to the Monitor the material required by this Court's Order
28 of September 17, 2024. Both the MCSO and Maricopa County shall also continue to

provide any material requested by the Monitor or his Budget Analyst.

The Court has already de facto extended the time for the Defendants' compliance with the September 17 Order and will further extend the time required for complete compliance to December 11. To the extent, if any, that Defendants cannot completely comply with the order by that date, they shall, at a minimum, provide to the Monitor on December 11: (1) A specific accounting of the categories of expenses for each year that make-up the MCSO operational or Department Costs asserted in each annual report for each year; (2) any specific amounts attributed to *Melendres* for which they cannot identify the purpose of the expenditure; (3) any specific expenditure they believe they can, in good faith, attribute to *Melendres,* but for which they cannot provide backup documentation; together with the reasons they believe they can attribute the amounts to *Melendres*, and a specific date by which they will be able to supply the documentation; (4) a specific description of any other data required by the Order that exists or that they believe to exist, that they cannot provide together with a specific date on which they will be able to provide it; and (5) a specific description of any other data, broken down by year, required by the Order that the Defendants assert no longer exists and the reason for its destruction.

**IT IS THEREFORE ORDERED** extending the time for full compliance with the September 17 Order until **December 11, 2024.**

**IT IS FURTHER ORDERED denying** Defendants' Motion to Modify Order (Doc. 3083) (Doc. 3092) in all other respects except those identified in this Order.

Dated this 19th day of November, 2024.

_____
G. Murray Snow
Senior United States District Judge