John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br>Plaintiffs, <br><br>v. <br><br>United States of America, <br><br>Plaintiff-Intervenor. <br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br>Defendants, | No. CV-07-2513-PHX-GMS <br><br>**EMERGENCY REQUEST FOR HEARING** <br><br>**(Emergency Relief Requested)** |

Defendant Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO"), seeks an emergency hearing with the Court to discuss the Court's November 20, 2014 Order addressing the Monitor's powers to conduct investigations and the requisite information that the Monitor should provide to MCSO prior to doing so. (*See* Doc. 795; *see also* Doc. 825.)[1]

---

[1] The Court amended this Order on December 9, 2014 to provide additional clarification (*See* Doc. 825.)

118347715.1

Therein, the Court provided a clear outline of the duties and obligations of its Monitor when "conduct[ing] inquiries at the Court's behest or pursuant to his independent authority in the Order" as follows:

> 1. MCSO's cooperation with such investigations is required. MCSO shall also provide any necessary facilities or resources to facilitate such investigations.
>
> 2. Neither the Monitor nor the Court is required to first offer topics or subjects for internal investigation to MCSO that MCSO is not otherwise internally investigating prior to initiating their own investigation.
>
> 3. The Monitor shall not initiate independent investigations into matters that the PSB is investigating when the Monitor believes that MCSO is adequately, timely and reasonably conducting the investigation.
>
> 4. Nothing in this Order waives any of the applicable rights or privileges belonging to subjects of the Monitor's investigations or interviews, including those guaranteed by the Fifth Amendment, *see Miranda v. Arizona*, 384 U.S. 436 (1966); *Garrity v. New Jersey*, 385 U.S. 493 (1967), and the common law.
>
> 5. To the extent that the subjects of these investigations claim any recourse to the statutory rights outlined in section 38-1101, however, those rights are limited to those set forth in the statute itself. Investigations initiated by the Monitor at the direction of the Court are not investigations conducted by an "employer," and do not implicate the statutory protections of section 38-1101. *See* Ariz. Rev. Stat. § 38-1101(A). There are also no statutory protections for persons that are not subject to being dismissed, demoted or suspended as the result of an administrative process. Nor is there ongoing protection for materials generated in investigations that are terminated without action, that are terminated because any adverse action is not timely appealed, or are terminated because the appeal is terminated. *See id.* § 38-1101(L).
>
> 6. To the extent that the MCSO claims that it is privileged or otherwise protected from providing information to the Monitor in an independent investigation or otherwise, and the Monitor contests the existence of the privilege or the protection, the matter shall be decided by the Court.
>
> The parties and the Monitor will proceed pursuant to these protocols.

(Doc. 795 at 20-21.)

In addition, the Court also outlined the Monitor's obligations related to IA investigations to include, among other things, the following:

2

118347715.1

1. The Monitor shall assign two or more dedicated members of the Monitoring team who shall be specifically identified to all parties as such (hereafter "IA Monitors").

…

3. The IA Monitors shall be walled off from other members of the Monitoring team, and, with the exception of the Monitor or either of the two Deputy Monitors, and this Court, the IA Monitors shall not share with anyone the information obtained through any PSB investigation or MCSO personnel file. Nor, except as set forth in Clause 8 below, shall the IA Monitors play any role in any independent investigation conducted by the Monitor. Nothing in this Order prevents the Monitor from communicating any information to the Court.

…

7. The IA Monitors will evaluate the diligence, efficiency, and thoroughness with which MCSO undertakes and completes the internal investigations that it undertakes. To the extent that the Monitor with or without consultation with his Deputy Monitors and IA Monitors, concludes that MCSO investigations are needlessly prolonged, underinclusive, otherwise do not comply with adequate standards of investigation or are not being conducted in good faith, he shall immediately communicate such an assessment to MCSO and to the Monitor and his Deputies.

8. Should the Monitor desire to undertake an independent investigation of such matters, the Monitor will then raise the matter with the Court and the parties. The Court will then determine, after affording the parties an opportunity to be heard, whether the MCSO's investigation is being adequately conducted, and whether the Monitor may initiate his own investigation, and/or whether, in doing so, the Monitor may have access to any information uncovered in MCSO's PSB investigation.

(*Id.* at 19.)

Finally, in the Court's Order on December 9, 2014, it provided further guidance on its November 20, 2024 Order, including the following:

Defense counsel may be present during such interviews and activities, but have no right to control or dictate those activities. Separate counsel representing the interviewee's separate interests may similarly be present if desired by the person being interviewed.

…

As it pertains to documents, again, the Monitor has the right to review and receive for review the documents he requests. Counsel may be present for such review, and she may timely review the documents in conjunction with their prompt delivery

3

118347715.1

> to the Monitor. But that review may not unduly delay or obstruct the Monitor or his team in the exercise of its functions. To the extent that any of the Monitor's requests implicate documents or communications that are protected by the attorney-client privilege, and such privilege has not been waived by Defendants, counsel may, of course, instruct her clients in advance to withhold such documents from production pending her review, which shall promptly occur. If she determines that the documents do in fact qualify for the attorney client privilege, she shall promptly provide a privilege log for the monitor giving an adequate description of the document, its date, and all persons or parties that are subject to the communication. Should counsel for the Defendants be concerned about the preservation of any other privileges in documents, she may consult with the parties and the Court about how to maintain such privileges. Otherwise, the Monitor's document requests shall be promptly filled.

(Doc. 825 at 3-4.)

Undersigned counsel is aware that the Monitor interviewed two individuals from MCSO on April 17, 2024, seeks to interview at least six additional MCSO personnel for April 21st and April 22nd, and to reinterview one of the April 17th interviewees. In this regard, MCSO requests the Court set an emergency hearing as soon as possible on Monday, April 21, 2025, so it can discuss with the Court its significant concerns related to the Monitor's ongoing interviews under the aforementioned language of the Court's Orders and, specifically, whether the Monitor is proceeding with an investigation and associated interviews pursuant to established Court ordered protocols. MCSO also requests that the Court temporarily suspend any scheduled Monitor interviews until MCSO can address its concerns with the Court.

DATED this 21st day of April, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ John T. Masterson
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Daniel A. Shudlick
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

4

118347715.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; which will serve as a true and correct copy of the filing of counsel on record.

/s/ Karen Gawel

5

118347715.1