# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>        Plaintiffs,<br><br>and<br><br>United States of America,<br><br>        Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>        Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

In light of the hearings recently held (Thursday, April 17, and Monday, April 21), as well as a supplemental request by the Monitor, the Court summarizes the hearings to avoid uncertainty, and sets forth the additional requests by the Monitor.

At the Thursday hearing, the parties disputed the meaning of Paragraph 268 of the Court's orders governing this action. The Court in ruling on the disagreement set forth its understanding of paragraph 268 to the effect that "anybody who was working in . . . [the] Bureau of Internal Oversight, the Professional Standards Bureau or the Court Implementation Division [had] to be approved by the Monitor and that the chiefs of those divisions had to be approved by the Monitor, and the removal from one of those positions had to be approved by the Monitor." All parties acknowledged the Court's understanding

and none felt that a formal amendment was necessary to implement that understanding. Tr. at 21.

The Court set forth procedures by which certain interviews and information requested by the Monitor pursuant to Paragraphs 145, 147 and 149 would proceed: They included:

1. The Monitor was under no obligation to pre-announce the purpose of the interview. Tr. 4/17/24 at 12.
2. The Monitor did need to provide requests for information in a reasonable manner; and the MCSO needed to respond in a timely manner. *Id*.
3. The MCSO had the right to timely review documents for attorney-client or work-product privilege but must provide a privilege log concerning any documents in which privilege is claimed. *Id*. at 12. The privilege log must be on a document-by-document basis and must reflect legal advice given by an attorney to a client. The individual document must provide a fair basis on which the claim for privilege can be evaluated. *Id*. at 19.
4. Chief Anders can conduct the interviews despite being a witness in what may be a related investigation, although Defendants may raise this issue again, should there appear to be a basis for doing so. *Id*. at 13-14. Tr. 4/21/24 at 20-21.
5. Interviewees who desire counsel may have counsel present so long as counsel can reasonably be provided in a timely manner. Others shall not be present. *Id*. at 14.
6. Counsel may ensure that an interviewee's rights, be they constitutional, statutory or regulatory, are not infringed, but may not otherwise object to questions, interfere with the interview, or provide or suggest answers to the interviewee. *Id*. at 14-15.
7. Questions pertaining to the interpretation of the Officer's Bill of Rights have previously been construed by this Court. That interpretation shall be binding. *Id*. at 16.

Over the weekend, Defendants located previous orders by the Court governing earlier investigations conducted by the Monitor and brought them to the Court's attention. These orders were the subject of an emergency hearing on Monday, April 24. These orders docketed at 795 and 825 were entered in 2014. After those orders were entered the Court expanded the supervisory role of the Monitor over PSB activities due to lapses in compliance by the MCSO.

Nevertheless, the Court reviewed those previous orders with the parties in light of present circumstances to work out protections for confidential and ongoing PSB investigations.

1. The Court rejected any provision, such as that contained in Paragraph 10 on the Westlaw printed page 9 of Doc. 795 to the affect that the Monitor had to disclose to the parties and the Court the topic of the investigation. Tr. 4/21/24 at 13-16, 22. Nevertheless, the parties agreed to have the Monitor disclose to the court the reasons for the investigation and why it should continue. If the Court agreed that there was sufficient reason to continue the investigation, the Court would authorize the Monitor to do so. *Id*. at 24-25. The Court has done so. (Doc. 3155).

2. Counsel for the Defendant can be present at any interview requested by the Monitor from the Defendants, but the Monitor need not disclose his interviews with MCSO employees who voluntarily approach him, nor does counsel for the MCSO have to be present at such an interview. *Id*. at 14.

3. There will be two, and possibly a third member of the Monitor team designated to conduct investigations. If a third person becomes necessary to conduct an investigation, the Monitor will discuss the matter with counsel for the MCSO Defendant. *Id*. at 19-20.

4. Insofar as the investigating Monitors become aware of information from unclosed PSB investigations, they will not communicate that information to other members of the Monitor team with the exception of the Monitor himself.

(The Court may also be apprised of such information.) *Id*.

Since these clarifications, the Monitor has requested the following accommodations which the Court is inclined to grant pending review of the parties:

1. The Monitor requests that he and the designated investigators be authorized to discuss any information derived from unclosed PSB investigations with their legal counsel. Legal counsel will be under the same confidentiality obligation as others in the Monitor team who become apprised of these investigations.

2. In the case of conducting video interviews in which the investigators and the subject of the interviews are in separate locations, the Monitor be allowed to have a third member of the Monitor's team present with the subject of the interview to ensure that investigative procedures are complied with. To the extent this designated person becomes aware of information gleaned from unclosed PSB investigations, he or she will be under the same confidentiality obligations as to such information as will be the other investigators.

3. To the extent that MCSO's response to requests for investigation produce numerous documents, that the Monitor be allowed to use up to two staff to review and categorize those documents. These personnel will be under the same confidentiality obligations as will be the other investigators.

The Court is inclined to grant these requests, but wishes to provide any party the opportunity to object if that party perceives a basis for doing so. Therefore,

**IT IS ORDERED** that if any party objects to the Monitor's requests, it provide the objection in writing within **two days** of the date of this Order.

Dated this 22nd day of April, 2025.

_____
G. Murray Snow
Senior United States District Judge

- 4 -