John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendants, | No. CV-07-2513-PHX-GMS <br><br> **MCSO's RESPONSE AND OBJECTIONS TO APRIL 22, 2025 ORDER** |

Defendant Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO") responds and objects to the Court's April 22, 2025 Order (Doc. 3160) as it relates to the three additional Monitor requested accommodations as follows:

118366475.1

1 First, regarding the first request for the Monitor to be authorized to discuss "any information derived from unclosed[1] PSB investigations with their legal counsel," it is unclear to MCSO why the designated investigators would need to discuss information derived from unclosed PSB investigations with legal counsel. Neither is legal counsel identified. MCSO is aware that two members of the monitor team are legal counsel, but it is not clear if these individuals are the legal counsel referenced by the Court's Order. MCSO is also concerned that the agreement reached during the Court's April 21, 2025, hearing to limit information obtained regarding unclosed PSB investigations to two (or maybe a third) "walled off" designated investigators seems to become unlimited under this request. [*See* 4/21/25 RT at 18-19]. Accordingly, without sufficient information, MCSO objects to Monitor discussing "any information derived from unclosed PSB investigations with their legal counsel."

Second, regarding the second request for the Monitor to have a third member of its team present for video interviews with the subject of the interview to ensure compliance with investigative procedures, it appears that the Monitor is already implementing this request (prior to final Court approval) in the interviews that have occurred this week. Notwithstanding that oversight, MCSO does not object to this request assuming that such persons will be "walled off" as described above.

Third, with regard to the third request for the Monitor to have two "staff" assist to "review and categorize documents," MCSO is concerned that these individuals are not identified by the Court's Order. Neither is the term "staff" defined. Are these "staff" members of the monitor team that should be "walled off," legal counsel, or does this involve additional staff outside the existing Monitor team? It is not defined by the Court's Order and it is unclear to MCSO. Moreover, MCSO notes that it categorizes information when it Bates stamps and produces information to the Monitor Team. It is also unclear to MCSO what security protocols will be implemented by the Monitor Team (or potential additional "staff") upon receipt of this information. MCSO has and continues to disclose documents and

---

[1] The use of the term "unclosed" is confusing because a PSB investigation is either closed or open. It is unclear as to what the Monitor means by "unclosed" as it is not defined in this or any other Court Order.

2

118366475.1

information through ShareFile, a professional secure file sharing solution. However, the Court's Monitor Team has continued to demand production of files through unsecured flash drives and other methods (one of which MCSO is aware has been lost in the past). Accordingly, without further information, MCSO has concerns regarding how the Monitor Team is handling sensitive information and objects to this request.

MCSO is willing to reconsider these concerns/objections if the Court and/or its Monitor provides further information and assurances. But in the vacuum of the current request, MCSO raises these concerns and objections.

DATED this 24th day of April, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Daniel A. Shudlick
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; which will serve as a true and correct copy of the filing of counsel on record.


/s/ Megan Axlund

3

118366475.1