# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

The Monitor has informed the Court that he has exercised his authority pursuant to Doc. 2830 ¶¶ 346 and 347, and recommends that an outside investigator be appointed for IA 2025-0185. The Monitor has recommended the appointment of either of two candidates. Nevertheless, only one of them, Shaneeda Jaffer of the Cleveland-based law firm of Benesch, Friedlander, Coplan and Aronoff, a firm that has a recognized investigations practice with no previous involvement in this case, is able to serve.

The parties may have until May 15, if they wish, to recommend an alternate independent investigator or investigators, or to object to the appointment of an independent investigator. All nominees must be eligible to serve, must be able to begin service immediately, and must have the resources to handle the matter efficiently. Nominees must

have experience in internal affairs investigations. Nominees may or may not reside in Arizona and may or may not have worked in Arizona. The Court is not obliged to accept any of the nominees and may appoint a candidate of its own choosing.

Assuming that such an investigator is appointed, the Court would be inclined to proceed as follows:

1. The Monitor would prepare a confidential memorandum in which the Monitor shall include all the facts pertinent to the charge to be investigated and the reasons for the investigation. The Monitor would provide the confidential memorandum to the independent investigator and would thereafter provide no direction to the independent investigator.

2. The independent investigator shall, thereafter, pursue the matter independently and shall have the same access to cooperation and information from all parties, specifically including the MCSO as have been provided the Monitor in this lawsuit by this Court's orders.

3. In performing his/her functions the Independent Investigator shall receive the same immunities which deputy sheriffs assigned to PSB receive in the discharge of their duties under state and federal law. The independent investigator shall also be granted the immunity set forth in Doc. 606 ¶ 144.

4. To the extent possible, the Independent Investigator shall conduct the investigation in compliance with the best investigative practices and in compliance with the processes and standards set forth in the Court's previous orders and which govern the operations of MCSO's Professional Standards Bureau.

5. In preliminarily making a determination as to whether charges or discipline are appropriate, the Independent Investigator shall apply the two disciplinary matrices attached to GC-17 to the appropriate MCSO employees. To the extent that an MCSO employee is a non-classified employee, and is thus subject to the MCSO disciplinary policy GC-17 but not subject to an applicable disciplinary

matrix, the Independent Investigator shall apply a level of discipline that is no less than that specified for those classified employees within the MCSO that share similar job functions as the non-classified employee.

6. When a single act of alleged misconduct would constitute multiple separate policy violations, all applicable policy violations shall be charged, but the most serious policy violation shall be used for determining the category of offenses.

7. The Sheriff and the MCSO's cooperation with the investigation is required. The Sheriff shall insure that the Independent Investigator and each of the investigators or members of the investigators staff are given timely and complete access to MCSO documents, office holders, employees, information, and resources in conducting the investigation(s), making reports, and in pursuing other activities under this Order. The Sheriff shall also provide any necessary facilities or resources to hold necessary interviews, provide appropriate notices, and/or conduct hearings.

8. The Independent Investigator should operate as efficiently and expeditiously as possible. To this end the Independent Investigator may, if deemed necessary, engage additional qualified investigators to assist in timely completing the investigation(s). The County will pay the Independent Investigator's reasonable expenses and the reasonable expenses of the Independent Investigator's staff, as well as reasonable lodging, meal, travel, administrative, and other necessary expenses. The Independent Investigator may enter into a contract with the County governing these services if the Independent Investigator wishes to do so. Otherwise, the Independent Investigator shall provide monthly bills for the services to the County and shall be promptly paid for such services. The Court will resolve any disputes between the Independent Investigator and the County about what is reasonable. Should the Independent Investigator or the County require further orders of the Court in this respect, they may apply to the Court in writing for such an order with a copy to the parties.

9. The Monitor and the parties are directed to promptly comply with the Independent Investigator's requests for information. The Monitor and the Independent Investigator may communicate to coordinate their investigations. Nevertheless, each is independently responsible for their respective jurisdiction set forth in this Order, and each should make independent decisions within their own delegated responsibility. The Monitor retains the same supervisory authority over the results of the investigation, as he does over all other PSB investigations, but the Monitor may not use information arising from the PSB investigation, unless the Monitor independently uncovered the information in his own inquiries and/or disclosed that information to the Independent Investigator.

10. To the extent that the Independent Investigator identifies other matters that should be investigated or reinvestigated, the Independent Investigator shall indicate to the parties and the Monitor, in writing, the subject of such investigation and the likely principals.

11. If any other matters arise on which the Independent Investigator needs to request that the Court enter an order, he may apply to the Court for such an order in writing served to all the parties. In the writing, the Independent Investigator should specify the reasons for the request and the remedy sought.

12. Except as otherwise indicated in this order, the Independent Investigator has the sole authority to determine whether charges arising from the Findings of Fact should or should not be pursued. The Independent Investigator has the right to consider the severity of the misconduct, its apparent merit, the practicality of bringing charges, and the expense of pursuing such charges in making this determination in accord with how such determinations would be made by a responsible internal affairs unit within a police agency of a similar size to the MCSO.

13. The Independent Investigator shall prepare thorough reports setting forth the

basis for the findings of fact and any determinations made by the Independent Investigator.

14. To the extent the Independent Investigator's recommended findings or discipline depart from procedures set forth in this Order, or from MCSO's disciplinary matrices, the Independent Investigator shall explain the basis for the recommended departures in writing.

15. These rules may be amended upon a meritorious request by the Independent Investigator, a Party, or the Monitor.

The parties, and the Monitor also have until May 15 to propose initial objections, amendments, or additions to these rules governing the operations of any Independent Investigator.

**IT IS THEREFORE ORDERED,** granting the Parties and the Monitor until **May 15, 2025**, to propose a candidate for, or oppose the appointment of an Independent Investigator, and or make initial objections, amendment or additions to the rules set forth governing the operation of such an independent investigator.

Dated this 8th day of May, 2025.

_____
G. Murray Snow
Senior United States District Judge