John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Plaintiff-Intervenor. | No. CV-07-2513-PHX-GMS <br><br> **MCSO's REQUEST FOR A THIRTY DAY EXTENSION TO RESPOND AND/OR OBJECT TO THE COURT'S MAY 8, 2025, ORDER** <br><br> **(Expedited Ruling Requested)** |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendants, | |

Defendant Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO") requests an additional thirty days from the Court's May 15, 2025, deadline to respond and/or object to the Court's May 8, 2025, Order. [Doc. 3172.] MCSO requests a new deadline of June 16, 2025, to respond to the Court's May 8, 2025, Order.[1]

---

[1] Thirty days after the Court's May 15, 2025, deadline is Saturday, June 14, 2025. Thus, MCSO requests a deadline of June 16, 2025. *See* Fed. R. Civ. P. 6(a)(1).

118436477.1

**First,** MCSO requests this additional time to thoroughly research and vet the proposed independent investigator, Shaneeda Jaffer of the law firm of Benesch, Friedlander, Coplan and Aronoff. The Court's May 8, 2025, Order, which MCSO received well into the afternoon, is the first time that the Monitor has suggested to MCSO the use of Shaneeda Jaffer and the law firm of Benesch, Friedlander, Coplan and Aronoff as outside investigator for MCSO's misconduct investigations. While the Court preliminarily found that Attorney Jaffer and her firm do not have any previous involvement with this case and is able to serve, MCSO still needs a reasonable opportunity to investigate and assess Ms. Jaffer's qualifications and ascertain if she has had any previous involvement with any of the Parties, members of the Monitoring Team, or their respective attorneys.

In addition, MCSO notes that the Court's Orders impose rigorous requirements on MCSO staff who can investigate misconduct allegations as part of MCSO's Professional Standards Bureau ("PSB")—including the Monitor's denying promotions and transfers into key positions within PSB. Those rigorous prerequisites should apply to outside investigators whom the Monitor has handpicked. MCSO simply requests reasonable time to investigate and vet Shaneeda Jaffer of the law firm of Benesch, Friedlander, Coplan and Aronoff. As a point of comparison, it took the Monitoring Team 24 days to investigate and review the file of a recent transfer into PSB. Notably, the transferee's file had already been provided to the Monitoring Team. Thus, MCSO submits that the June 16, 2025, requested deadline is reasonable in light of the Monitoring Team's taking 24 days to vet a single MCSO staff member for whom the Monitoring Team already had the staff member's personnel file, including any potential policy violations, misconduct allegations, accommodations, and other file materials in their possession.

**Second,** the one-week deadline of May 15, 2025, does not provide MCSO sufficient time to find and propose other independent investigators and ascertain whether those investigators are eligible to serve, can begin service immediately, and have the resources to manage the investigation efficiently. [*See* Doc. 3172, p. 1:27-28.] As noted in its May 8, 2025, Order, the Court found only one of the two Monitor's proposed independent investigators

118436477.1

able to serve. [*See* Doc. 3172 p. 1:22-24.] MCSO requests the thirty days to thoroughly investigate potential independent investigators to determine whether the investigator meets the qualifications and availability requirements of the Court's May 8, 2025, Order. Considering the Thursday afternoon notice before Mother's Day weekend, as well as the well-known difficulties that MCSO has previously encountered in finding investigators, including advertising and obtaining Monitor and Court approval for qualified, outside investigators, MCSO is unfairly prejudiced. MCSO inquires as to whether the Monitor was held to a similarly short deadline, let alone any deadline, to submit its pick for an outside investigator. Until this Order, MCSO did not know that the Monitor was going to suggest that an outside investigator was necessary, as the Monitor still has not defined the investigation that it deems appropriate for this outside investigator to handle. MCSO is compelled to locate and vet an outside investigator when MCSO cannot even articulate to that potential investigator what the investigation is even about. Without being able to share any information regarding the investigation for which the potential investigator is being considered, MCSO is distinctly disadvantaged in this process.

   MCSO has been in the dark while continuing to produce personnel for the Monitor Team to interview without knowing whom the Monitor is targeting and for what, as well as whether an outside investigator was necessary. MCSO respectfully submits the Court's Order deprives it of sufficient time to locate an acceptable, qualified investigator to propose alternatively and, thus, due process to conduct the necessary research into potential investigators to comply with the rigors of the Court's Orders, including its May 8, 2025, Order. Accordingly, MCSO requests to have until June 16, 2025, to provide potential alternative independent investigators.[2]

---

[2] MCSO remains in the dark regarding the fundamental facts pertaining to IA 2025-0185, including the Complainant's(s') name(s), the complaint(s), the name(s) of the principal(s) or target(s), and the substance of the complaint(s) and whether the investigation is administrative, criminal, or both. The Court's providing the Monitor's chosen investigator by name and law firm does not provide the requisite information about IA 2025-0185 to enable MCSO to investigate and vet Attorney Jaffer, much less decide whether to object to the Monitoring Team's selecting Attorney Jaffer as the independent investigator for IA 2025-0185. The Court's own Orders require the Monitor to provide the fundamental information regarding the Monitor's investigation. (*See* Doc. 795; *see also* Doc. 825.). Absent the Monitoring Team's providing necessary information about IA 2025-0185 as required by the Court's own Orders,

3

**Last**, MCSO requests an additional thirty days to propose initial objections, amendments, or additions to these rules governing the operations of any Independent Investigator. [*See* Doc. 3172, p. 5:9-12.] The additional thirty days for potential objections, amendments, or additions permits MCSO, and the Parties, to consult with any potential alternative independent investigator about any suggestions that the potential independent investigator may have. An experienced independent investigator may have some additional experiential and operational insight into the Court's proposed rules governing the operations of the independent investigator that MCSO may want to propose and that the Court may desire to consider. The additional thirty days also promotes judicial economy as the Court can consider both the proposed independent investigators and any proposed objections, amendments, or additions, to its rules governing the independent investigators simultaneously.

Accordingly, MCSO requests that the Court allow the Parties an additional thirty days to respond to the Court's May 8, 2025, Order, which would make the deadline June 16, 2025. The request is made in good faith to ensure that the Parties adequately research and vet potential independent investigators and to adequately provide objections, amendments, and additions after consultation with potential, alternative independent investigators.

DATED this 13th day of May, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
  John T. Masterson
  Joseph J. Popolizio
  Justin M. Ackerman
  Daniel A. Shudlick
  40 N. Central Avenue, Suite 2700
  Phoenix, Arizona 85004
  Attorneys for Gerard A. Sheridan, in his
  official capacity as Sheriff of Maricopa
  County, Arizona

---

MCSO simply cannot accomplish what the Court requests, and certainly not before May 15, 2025.

4

118436477.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/ Megan Axlund

118436477.1