Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO THE COURT'S MAY 8, 2025 ORDER (DOC. 3172)** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
ACLU Foundation
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Amy S. Heath*
aheath@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000


*Pro Hac Vice

Eduardo Casas*
ecasas@MALDEF.org
Mexican American Legal Defense and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

1    Plaintiffs submit this response to the Court's order, Doc. 3172, which proposes a
2  process for appointing an Independent Investigator to handle IA 2025-0185 and directs the
3  parties to respond with any objections or recommendations by May 15, 2025. The Court's
4  order indicates this appointment is pursuant to the Monitor's authority under paragraphs
5  346 and 347 of the Amended Third Supplemental Injunction. Doc. 2830. While Plaintiffs
6  are not privy to the facts of IA 2025-0185 because ongoing IA investigations are not open
7  to their review, the appointment of an outside investigator pursuant to paragraphs 346 and
8  347 is a critical mechanism for ensuring compliance with the Constitution and the Court's
9  injunctions. In authorizing the Monitor to make such appointments, the Court specifically
10 sought to address MCSO's persistent failure to properly manage its internal
11 investigations—a failure that caused harm to the plaintiff class. See Doc. 2830 at 1-5.
12 Although this authorization arose in 2022, MCSO's failure with respect to internal
13 investigations dates back much further: In 2016, the Court found that, "in investigating the
14 misconduct with respect to members of the Plaintiff class, [the sheriff] and the MCSO
15 manipulated all aspects of the internal affairs process to minimize or entirely avoid
16 imposing discipline on MCSO deputies and command staff whose actions violated the
17 rights of the Plaintiff class." Doc. 1760 at 2. Against this backdrop, even without specific
18 details as to the IA investigation at issue, Plaintiffs understand the invocation of paragraphs
19 346 and 347 and the appointment of an Independent Investigator as actions designed to
20 protect members of the class from further violations of their rights.

21   While Plaintiffs do not at this time object or offer modifications to the Court's
22 proposed appointment or process for the Independent Investigator, Plaintiffs respectfully
23 request the opportunity to submit a written response to objections or proposed
24 modifications from other parties, in the event such objections or proposals are made.
25 Plaintiffs may later seek to supplement their views on these issues if and as they obtain
26 more information that may inform them of what is needed to protect the interests of the
27 Plaintiff class. Plaintiffs take no position on MCSO's request for a 30-day extension,
28 although Plaintiffs hope this matter can be resolved expeditiously to avoid any delay that

1

1  could be detrimental to the class.

2      Dated this 14th day of May, 2025.

                      By: */s/ Christine K. Wee*
                          Christine K. Wee
                          Victoria Lopez
                          ACLU Foundation of Arizona

                          Jenn Rolnick Borchetta*
                          Cecillia D. Wang *
                          ACLU Foundation

                          Stanley Young*
                          Amy S. Heath*
                          Covington & Burling, LLP

                          Eduardo Casas*
                          Mexican American Legal Defense
                          and Educational Fund

                          Sebrina M. Shaw
                          Shaw Law Firm, P.L.L.C.

                          *Attorneys for Plaintiffs*

                          *\*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/Christine K. Wee
Christine K. Wee

3