John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>　　　　　　　　　Plaintiff-Intervenor.| No. CV-07-2513-PHX-GMS<br><br>**MOTION FOR IN CAMERA INSPECTION** |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>　　　　　　　　　Defendants, | |

　　　　Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO"), respectfully moves this Court for an in camera inspection of a Complaint received by the MCSO Executive Command. Specifically, MCSO seeks an Order from this Court directing how and to whom to disclose the Complaint to comply with its obligations under the Injunctive Orders in this case. MCSO requests the Court's intervention because of the number of ongoing investigations and the Complaint's

118456258.1

reference to—and criticism of—the Monitor team. In an abundance of caution, MCSO requests that this Court review the Complaint prior to disclosure to any parties, the Monitor, or outside investigators.

Additionally, MCSO cannot meaningfully determine whether or to whom it should disclose the Complaint, because the Monitor has not defined what investigations it intends to pursue with outside investigators. [*See* Doc. 3172 (Order addressing investigation); Doc. 3174 at 3–4 & n.3 (discussing MCSO's lack of knowledge regarding investigation)]. The Complaint may also involve information pertinent to other investigations, both open and closed. An Order from the Court would ensure that MCSO can disclose the Complaint to the relevant investigators or involved parties, which is something that, at this point, MCSO cannot do without direction from the Court.

MCSO recognizes the unusual nature of this request, as in camera review typically involves a claim of privilege. This case and the Monitor's role and involvement, however, are unusual. MCSO believes that in camera review of the Complaint and a subsequent Order will allow MCSO to meaningfully and properly discharge its obligations to disclose the materials, including defining to whom disclosure should be made. Review will also allow the Court to determine whether any additional steps should be taken based on the allegations regarding the Monitor. At this time, MCSO takes no position on the allegations, but it recognizes their sensitive nature and the necessity to bring this information to the Court.

Accordingly, MCSO requests that the Court allow it to submit the Complaint for in camera review and enter an Order describing MCSO's disclosure obligations regarding the Complaint in light of the on-going investigations in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 20th day of May, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ John T. Masterson*
John T. Masterson
Joseph J. Popolizio
Justin M. Ackerman
Daniel A. Shudlick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


*/s/ Cindy Castro*

3

118456258.1