John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official
capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Plaintiff-Intervenor.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>Defendants, | No. CV-07-2513-PHX-GMS<br><br>**OBJECTION TO COURT'S ORDER DATED MAY 8, 2025** |

Defendant Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO") objects to the Court's May 8, 2025, Order (Doc. 3172).

**First,** neither the Monitoring Team, nor the Court has informed the Sheriff or MCSO about the nature of IA 2025-0185. Indeed, a prerequisite to initiating the Monitor's independent investigation, and use of an independent investigator, is the Monitor's believing that MCSO cannot adequately, timely, and reasonably conduct the investigation. (Doc. 795 at

118424826.1

20-21.) MCSO recognizes that the Court will not require the Monitor to "disclose what they may be looking at" (April 22, 2025, hearing 22:11-22.). Nevertheless, MCSO is entitled to some information about the nature of complaint and why the Monitor has determined that its investigation, as opposed to MCSO's investigation through the Professional Standards Bureau ("PSB"), is necessary. MCSO's PSB division is capable of impartially investigating all allegations of misconduct, regardless of the source of the complaint or the principal named.

Neither the Monitor nor the Court has stated why they believe that MCSO's PSB division cannot investigate IA 2025-0185. The Court has provided no details about IA 2025-0185, why the Court believes that MCSO's PSB investigators cannot handle the investigation, or why a Court-appointed investigator is needed. Furthermore, neither the Monitor nor the Court has stated why the PSB cannot complete the investigation without Monitor oversight. The Court's disclosing some details as to the nature of the complaint and allegations may determine whether an independent investigator is necessary or proper and may determine what qualifications are required of the proposed investigator if an independent investigator is needed.

As it is, the Court's providing the Monitor's chosen investigator by name and law firm does not provide any information about IA 2025-0185 so that MCSO can object, if appropriate, to the Court's appointing an independent investigator. By not providing any details to IA 2025-0185, the Court has functionally blindfolded MCSO. It is impossible for MCSO to meaningfully object to an independent investigation when it does not know, and cannot know, the basis of the investigation to be conducted by that investigator. The Court is requiring MCSO to swing in the dark.

Furthermore, the Court's Order filed May 8, 2025 (Document 3172) requires further secrecy in mandating the Monitor to prepare a "confidential memorandum" to the chosen investigator, which "shall include all the facts pertinent to the charge to be investigated." The problem here is that no one except the Monitor will ever know "the charge," whether "all the facts" relevant to "the charge" have truly been set forth in the memorandum, or even whether the Monitor tried to determine "all the facts." In fact, since

2

118424826.1

the Monitor's entire "investigation" has been kept secret from MCSO, no one will ever know if the Monitor even conducted an appropriate investigation which would have resulted in knowledge of "all the facts" or whether the Monitor presented "all the facts" in its Memorandum, or picked out only certain facts to present to the investigator in order that the investigator could only reach a conclusion pre-determined by the Monitor.

Despite the above serious issues, MCSO submits that it has developed, with the help of the Monitoring Team, a PSB team filled with investigators capable of investigating any complaint brought to it. MCSO submits that to continue to foster community trust, MCSO must handle investigations into all its employees. MCSO's PSB team must perform all investigations to maintain public trust in MCSO. To the extent that the Monitor believes a conflict of interest exists, MCSO has a mechanism to identify and contract independent investigators to conduct conflict investigations.

**Second**, MCSO objects to the Attorney Jaffer's general appointment as the independent investigator to IA 2025-0185. The appointment of a criminal defense attorney (with some civil defense experience) who routinely opposes law enforcement agencies is simply inappropriate.

The Monitor has not provided any foundation for why Attorney Jaffer is qualified to conduct the necessary independent investigations pursuant to the Court's requirements for MCSO to engage an outside authority to investigate complaints when a conflict of interest arises. Pursuant to ¶ 167, any "outside authority retained by the MCSO must possess the requisite background and level of experience of internal affairs investigators and must be free of any actual or perceived conflicts of interest." Thus, before any outside authority can conduct independent investigations on behalf of MCSO and PSB situations in which a conflict arises, the investigator must have a background and experience with internal affairs investigations. Absent the requisite background, MCSO cannot use any outside authority to assist with its investigations without a showing of minimal competencies with internal affairs. To comply with the Court's Orders, the Monitor's appointed independent investigator must have the same "requisite background and level of experience of internal

3

affairs investigators" as any outside authority MCSO would enlist to investigate complaints when a conflict of interest arises.

Under these requirements, MCSO cannot see how Attorney Jaffer's litigation practice qualifies her to conduct a law enforcement internal affairs investigation. She has no professional experience in a law enforcement agency, much less internal affairs within a law enforcement agency, and the Monitor has not provided any information to MCSO about any such experience or about any internal affairs investigations she may have previously conducted. In fact, Attorney Jaffer's practice and pro bono work put her at odds with law enforcement agencies and she often defends clients in civil litigation and criminal matters before government agencies. Attorney Jaffer has also previously represented prisoner plaintiffs in civil rights actions against New York state police officers and prison guards. She also has an extensive pro bono practice representing incarcerated individuals and people seeking asylum in the United States. Not only does her experience and litigation lack the requisite law enforcement background and level of experience of internal affairs required of MCSO under Paragraph 167, her experience and litigation show a clear bias against law enforcement agencies.

If MCSO had additional information regarding the nature of the investigation, MCSO could make more particularized objections to Attorney Jaffer's investigating IA 2025-0185. Nevertheless, depending on the position of the principal being investigated, specific or unique investigatory ability may be needed. Indeed, a complaint related to the actions of a deputy while on patrol versus someone performing administrative compliance activities require separate professional experiences and knowledge. Attorney Jaffer's experience, or lack thereof, requires the Court to reject the Monitor's request to appoint Attorney Jaffer as independent investigator, regardless the nature of the investigation.

**Third**, MCSO nominates Kenneth C. Miller of the investigative firm U.S. ISS Agency, LLC (ISS Agency) as an independent investigator for IA 2025-0185. Investigator Miller has over 40 years of law enforcement experience—including developing from scratch a professional standards bureau—and has subsequently routinely performed independent

4

investigations for various law enforcement agencies. In addition to investigator Miller, the ISS Agency has additional investigators to handle the bandwidth and rigors that IA 2025-0185 may require. Investigator Miller and the ISS Agency staff are ready and able to immediately investigate IA 2025-0185, have experience in internal affairs investigations, and do not have any previous involvement in this case. Investigator Williams and the ISS staff charge $200 an hour for their investigative services.

MCSO additionally nominates Mickey L. Williams, Esq., M.P.A. of the firm M.L. Williams Consulting, LLC. Investigator Williams has 29 years of law enforcement experience and is also a licensed attorney. Investigator Williams has conducted all sorts of internal investigations and was the commander of the Carlsbad, California Professional Standards Bureau. In addition, as Police Chief of Carlsbad, California, he managed all internal affairs investigations and the discipline process. Investigator Williams is ready and able to immediately investigate IA 2025-0185, has experience in internal affairs investigations, and does not have any previous involvement in this case. Investigator Williams charges $200 an hour for his investigative services and the services of other ML Williams investigators.

MCSO additionally nominates Attorney Tara L. Parker of the firm Clarity Investigations & Consulting, PLLC from Seattle, Washington. Since 2020, Attorney Parker has been under contract with the City of Olympia, Washington to provide civilian police oversight in multiple capacities, including auditing of all investigations of citizen complaints and Internal Affairs to ensure compliance with department standards and best practices. Attorney Parker regularly provides comprehensive reports of audit findings and recommendations to relevant stakeholders. Attorney Parker and her firm are ready and able to immediately investigate IA 2025-0185, have experience in internal affairs investigations, and do not have any previous involvement in this case. Attorney Parker's public sector rate is $375.00 an hour.

MCSO additionally nominates Kim George, a former FBI investigator and corporate investigator. Investigator George has 27 years of experience in government and corporate investigations, including but not limited to public corruption, corrupt government

officials, and counterintelligence investigations. Investigator George's experience in public corruption and counterintelligence exhibits her ability to handle complex internal investigations. Investigator George is ready and able to immediately investigate IA 2025-0185, has experience in law enforcement and complex investigations, and does not have any previous involvement in this case. Investigator George charges $200 per hour for her investigative services.

MCSO additionally nominates Jeronimo "Jerry" Rodriguez and his firm JR Investigative & Consulting Group. Investigator Rodriguez has over 35 years of law enforcement experience at all levels and 15 years in upper management and executive levels. He has had multiple stints as an internal affairs investigator, including as a Deputy Police Commissioner as the Baltimore Police Department and as Chief of Investigations at the San Francisco District Attorney's office in California. Investigator Rodriguez is ready and able to immediately investigate IA 2025-0185, has experience in internal affairs investigations, and does not have any previous involvement in this case. Investigator Rodriguez and his investigators charge $350 per hour for on-site work and $300 per hour for work performed in their office.

All of MCSO's nominated investigators are qualified independent investigators able and willing to investigate IA 2025-0185—whatever this abstruse investigation entails. In considering all other factors of the nominees, including staff capable of investigating IA 2025-0185, cost of the investigation, and other like factors, MCSO prefers the nominated, qualified investigators as follows: 1) Kenneth C. Miller and ISS Agency; 2) Mickey L. Williams, Esq., M.P.A. of the firm M.L. Williams Consulting, LLC; 3) Attorney Tara L. Parker of the firm Clarity Investigations & Consulting; and 4) Jerry Rodriguez and his firm JR Investigative & Consulting Group.

118424826.1

DATED this 22nd day of May, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Daniel A. Shudlick
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Megan Axlund

7

118424826.1