1  Christine K. Wee
   cwee@acluaz.org
2  Victoria Lopez
   vlopez@acluaz.org
3  Jared G. Keenan
   jkeenan@acluaz.org
4  ACLU Foundation of Arizona
   2712 North 7th Street
5  Phoenix, AZ 85006
   Telephone: (602) 650-1854
6
7  *Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, | CV-07-2513-PHX-GMS |
| Plaintiffs, | **PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO THE COURT'S MAY 8, 2025 ORDER (DOC. 3184)** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
ACLU Foundation
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Amy S. Heath*
aheath@cov.com
Covington & Burling LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000

Eduardo Casas*
ecasas@MALDEF.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

*Pro Hac Vice

1    Plaintiffs submit this reply to Defendants' objection (Doc. 3184) to the Court's May 8, 2025 order (Doc. 3172) proposing a process for appointing an Independent Investigator to handle IA 2025-0185. Plaintiffs incorporate their initial response (Doc. 3175) in full, and urge the Court to reject Defendants' proposals contained within their objection.

As a threshold matter, Plaintiffs believe that the Monitor's choice of independent investigator deserves significant weight, precisely because the Monitor is best equipped to understand the needs of the appointment. Defendants concede that the Court will not require the Monitor to disclose the specifics of the investigation (Doc. 3184 at 2). The Monitor's interim confidential treatment of those specifics is appropriate and proves the point: The Monitor is best suited to select appropriate candidates based on the needs of the investigation.

Moreover, MCSO in its objection has not raised any legitimate concern about the Monitor's candidate. Defendants do not know the extent of Attorney Jaffer's experience with internal affairs investigations—as they admit—and instead allege without support that the candidate has a bias against law enforcement (Doc. 3184 at 4). The Monitor is better placed than either Defendants or Plaintiffs to make a judgment about what experiences will suitably equip an independent investigator to do what is needed with IA 2025-0185. The Court, to which the Monitor is accountable, can appropriately make its own judgment about the Monitor's nomination.

Relatedly, Defendants' assertion that "[n]either the Monitor nor the Court has stated why they believe that MCSO's PSB division cannot investigate IA 2025-0185" (Doc. 3184 at 2) ignores the Court findings that led to paragraphs 346 and 347 in the first place. Plaintiffs need not rehash the Court's findings regarding the MCSO's prior abuse and mismanagement of its internal investigations. *See* Doc. 2830 at 1-5; Doc 1760 at 2 ("MCSO manipulated all aspects of the internal affairs process to minimize or entirely avoid imposing discipline on MCSO deputies and command staff whose actions violated the rights of the Plaintiff class.") MCSO's own history supports the Court's judgment, affirmed on appeal, that there will be some occasions when the Monitor should guide investigations

1

along a path different from the one that MCSO would choose. *Melendres v. Skinner*, 113 F.4th 1126 (9th Cir. 2024). The Monitor's decision that IA 2025-0185 is one of those occasions deserves considerable respect as the Court exercises it review power.

In addition, serious concerns exist as to MCSO's proposed investigators. A non-exhaustive listing of those concerns includes:

Kenneth Miller:

Mr. Miller, MCSO's first candidate, has himself previously been the subject of investigation for officer misconduct. Mr. Miller is the President of ISS and states that he has "40 years of law enforcement experience" and "served as Chief of Police for two large cities: Greensboro, NC and Greenville, SC."[1] On December 17, 2019, a seven-month state investigation explored three allegations of misconduct against Mr. Miller.[2] The first was that Mr. Miller maliciously prosecuted a defendant because Mr. Miller was having an affair with the defendant's wife.[3] The second was that Mr. Miller mishandled city funds by granting a contract to a board member of the South Carolina Police Chiefs Association—the board member being the woman Mr. Miller was having an affair with.[4] The third was that Mr. Miller provided a wealthy businessman, who was a high donor for the Police Chiefs Association, with preferential treatment when that donor was charged with public intoxication.[5]

While mere allegations must be cautiously considered, the investigation concerning the donor raised "troubling concerns" for the investigator, specifically in that Miller

---

[1] U.S. ISS Agency, Our Team https://usissagency.com/our-team/, accessed May 28, 2025.

[2] Daniel J. Gross, *SLED Probe into Greenville Police Chief Finds 'Very Troubling' Actions*, Greenville News (Dec. 17, 2019), https://www.greenvilleonline.com/story/news/local/south-carolina/2019/12/17/sled-probe-greenville-police-chief-finds-very-troubling-actions/2676877001/, accessed May 28, 2025.

[3] *Id.*

[4] *Id.*

[5] *See* fn. 2

"might have been dishonest" throughout the investigation.[6] The investigation found an inability to bring about criminal charges because Miller had the right to request for the charges to be dropped under the "Good Behavior Dismissal Policy."[7] Mr. Miller was placed on administration leave following the investigation,[8] and resigned shortly after.

<u>Kimberly George</u>:

MCSO candidate George is a former FBI agent who ran for U.S. Representative in Arizona District 1.[9] During her campaign, Ms. George made statements that raise concerns that her political views might affect her impartiality in this case. Ms. George took the position that "we should immediately seal the southern border and implement a process to expel all individuals, who entered our country illegally."[10] Further, George stated that she was "pro-Police," and she "fully support[s] the Rule of Law and believe[s] we should give our men and women in law enforcement the tools and support they need, to do their jobs, and enforce the laws on the books."[11] Recently, Ms. George shared that "This [closure of investigation] is good news for the @PhoenixPolice and the taxpayers!  'Overbroad police consent decrees divest local control of policing from communities where it belongs, turning that power over to unelected and unaccountable bureaucrats, often with an anti-police agenda.'" Taken together, these remarks suggest Ms. George might not be impartial in investigating a matter that is central to ensuring compliance with injunctions that are designed to prevent abuse of law enforcement power in the context of immigration.   .[12]

---

[6] *Id*.

[7] *Id*.

[8] *See* fn. 2

[9] *Kimberly George*, Ballotpedia, https://ballotpedia.org/Kimberly_George, accessed May 28, 2025.

[10] *Id*.

[11] *Id*.

[12] *Id*.

1    Thus, there are serious doubts as to the impartiality of at least some of MCSO's
2 candidates. Those doubts far outweigh any questions raised by Defendants' effort to
3 impugn an attorney because of her robust *pro bono* practice. The Monitor remains best
4 positioned to nominate an independent investigator for this investigation.

5    Dated this 29th day of May, 2025.

By: */s/ Jared G. Keenan*
   Jared G. Keenan
   Christine K. Wee
   Victoria Lopez
   ACLU Foundation of Arizona

   Eduardo Casas*
   Mexican American Legal Defense
   and Educational Fund

   Jenn Rolnick Borchetta*
   Cecillia D. Wang *
   ACLU Foundation

   Stanley Young*
   Amy S. Heath*
   Covington & Burling, LLP

   Sebrina M. Shaw
   Shaw Law Firm, P.L.L.C.

   *Attorneys for Plaintiffs*

   **Pro Hac Vice*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ *Jared G. Keenan*
Jared G. Keenan