# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the appointment of an outside investigator for IA 2025-0185. After consideration of the positions of the parties, the Court appoints Shaneeda Jaffer of the Cleveland-based law firm of Benesch, Friedlander, Coplan and Aronoff to conduct that investigation.

The Defendants' objection that it is not aware of the nature of IA 2025-0185 is without merit. The complaint was made to the MCSO's Professional Standards Bureau and it was assigned a number by that Bureau. After consultation with the monitor by PSB, IA 2025-0185 was recommended for independent investigation. In light of the rulings of this Court regarding such procedures, and the reasons such rulings were entered, the Monitor need not further justify his recommendation to the MCSO. Further, it is within

the realm of cases in which the Court's previous orders have authorized the appointment of an Independent Investigator.

As for Defendants' expressed concerns about Ms. Jaffer, the Court has consulted with its counterpart in the Northern District of California in which Ms. Jaffer has been involved in internal affairs investigations. This Court has been assured by the Court in the Northern District of California of the competence, professionalism, and objectivity of those investigations. The Court thus rejects MCSO's concerns to the contrary.

As the Court understands it, the Monitor became aware of Ms. Jaffer from her service in the Northern District of California, but the Monitor neither appointed her, nor directed her work there. Nevertheless, should other matters be recommended for assignment to an outside investigator, and after the required consultation between the Monitor and the MCSO, the Monitor believes the Court should assign a different outside investigator for reasons that seem appropriate to him, the Monitor may so recommend to the Court as well as the reasons for that recommendation. If after the consultation and recommendation process is completed, the MCSO believes that Ms. Jaffer should not be appointed to that investigation for reasons specific to that investigation, the MCSO may so recommend to the Court as well as the reasons for the recommendation.

In the meantime, Ms. Jaffer, the Monitor and the Parties shall proceed as follows with respect to the appointment of Ms. Jaffer:

1. The Monitor shall prepare a confidential memorandum in which the Monitor shall include all the facts pertinent to the charge to be investigated and the reasons for the investigation. The Monitor shall provide the confidential memorandum to the independent investigator and would thereafter provide no direction to the independent investigator.

2. The independent investigator shall, thereafter, pursue the matter independently and shall have the same access to cooperation and information from all parties, specifically including the MCSO as have been provided the Monitor in this lawsuit by this Court's orders.

3. In performing her functions the Independent Investigator and her staff shall receive the same immunities which deputy sheriffs assigned to PSB receive in the discharge of their duties under state and federal law. The independent investigator shall also be granted the immunity set forth in Doc. 606 ¶ 144.

4. To the extent possible, the Independent Investigator shall conduct the investigation in compliance with the best investigative practices and in compliance with the processes and standards set forth in the Court's previous orders and which govern the operations of MCSO's Professional Standards Bureau.

5. In preliminarily making a determination as to whether charges or discipline are appropriate, the Independent Investigator shall apply the two disciplinary matrices attached to GC-17 to the appropriate MCSO employees. To the extent that an MCSO employee is a non-classified employee, and is thus subject to the MCSO disciplinary policy GC-17 but not subject to an applicable disciplinary matrix, the Independent Investigator shall apply a level of discipline that is no less than that specified for those classified employees within the MCSO that share similar job functions as the non-classified employee.

6. When a single act of alleged misconduct would constitute multiple separate policy violations, all applicable policy violations shall be charged, but the most serious policy violation shall be used for determining the category of offenses.

7. The Sheriff, the County and the MCSO's cooperation with the investigation is required. The Sheriff shall insure that the Independent Investigator and each of the investigators or members of the investigators staff are given timely and complete access to MCSO documents, office holders, employees, information, and resources in conducting the investigation(s), making reports, and in pursuing other activities under this Order. The Sheriff shall also provide any necessary facilities or resources to hold necessary interviews, provide appropriate notices, and/or conduct hearings.

8. The Independent Investigator should operate as efficiently and expeditiously as possible. To this end the Independent Investigator may, if deemed necessary,

engage additional qualified investigators to assist in timely completing the investigation(s). The County will pay the Independent Investigator's reasonable expenses and the reasonable expenses of the Independent Investigator's staff, as well as reasonable lodging, meal, travel, administrative, and other necessary expenses. The Independent Investigator may enter into a contract with the County governing these services if the Independent Investigator wishes to do so. Otherwise, the Independent Investigator shall provide monthly bills for the services to the County and shall be promptly paid for such services. The Court will resolve any disputes between the Independent Investigator and the County about what is reasonable. Should the Independent Investigator or the County require further orders of the Court in this respect, they may apply to the Court in writing for such an order with a copy to the parties.

9.     The Monitor and the parties are directed to promptly comply with the Independent Investigator's requests for information. The Monitor and the Independent Investigator may communicate to coordinate their investigations. Nevertheless, each is independently responsible for their respective jurisdiction set forth in this Order, and each should make independent decisions within their own delegated responsibility. The Monitor retains the same supervisory authority over the results of the investigation, as he does over all other PSB investigations, but the Monitor may not use information arising from the PSB investigation, unless the Monitor independently uncovered the information in his own inquiries and/or disclosed that information to the Independent Investigator.

10.     To the extent that the Independent Investigator identifies other matters that should be investigated or reinvestigated, the Independent Investigator shall indicate to the parties, the Monitor, and the Court in writing, the subject of such investigation and the likely principals.

11.     If any other matters arise on which the Independent Investigator needs to request that the Court enter an order, she may apply to the Court for such an order

1  in writing served to all the parties. In the writing, the Independent Investigator
2  should specify the reasons for the request and the remedy sought.

3  12.    Except as otherwise indicated in this order, the Independent Investigator has
4  the sole authority to determine whether charges arising from the Findings of Fact
5  should or should not be pursued. The Independent Investigator has the right to
6  consider the severity of the misconduct, its apparent merit, the practicality of
7  bringing charges, and the expense of pursuing such charges in making this
8  determination in accord with how such determinations would be made by a
9  responsible internal affairs unit within a police agency of a similar size to the
10 MCSO.

11 13.    The Independent Investigator shall prepare thorough reports setting forth the
12 basis for the findings of fact and any determinations made by the Independent
13 Investigator.

14 14.    To the extent the Independent Investigator's recommended findings or
15 discipline depart from procedures set forth in this Order, or from MCSO's
16 disciplinary matrices, the Independent Investigator shall explain the basis for the
17 recommended departures in writing.

18 15.    These rules may be amended upon a meritorious request by the Independent
19 Investigator, a Party, or the Monitor.

20 **IT IS THEREFORE ORDERED:**

21 Appointing Shaneeda Jaffer as an outside investigator in this case for IA 2025-0185.

22 **IT IS FURTHER ORDERED:** that her investigation(s) shall promptly proceed as
23 outlined in this order.

24 Dated this 30th day of May, 2025.

_____
G. Murray Snow
Senior United States District Judge

- 5 -