John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Ashley E. Caballero-Daltrey, Bar #036449
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
adaltrey@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official
capacity as Sheriff of Maricopa County, Arizona

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al. <br><br> Defendants. | No. CV-07-2513-PHX-GMS <br><br> **SHERIFF SHERIDAN'S MOTION TO OVERTURN THE MONITOR'S DENIAL OF PSB TRANSFERS IN ORDER TO EFFICIENTLY OPERATE PSB AND EXPEDITIOUSLY ELIMINATE THE BACKLOG** <br><br> (Oral Argument Requested) |

Sheriff Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO") respectfully moves this Court for an order overturning the Monitor's denial of two interrelated requests: (1) MCSO's request to add a second captain to Professional Standards Bureau ("PSB") and (2) MCSO's request to transfer five sergeants into PSB. MCSO made both requests to enable it to operate PSB efficiently and effectively in accordance with this Court's Injunctive Orders.

1

As this Court is aware, the existence of a backlog of misconduct investigations in PSB led to the issuance of the Court's Third and Fourth Injunctive Orders. [*See* Docs. 2830, 3076]. MCSO has been working hard ever since to clear the backlog and has made significant strides in doing so. MCSO's current administration is dedicated to doing *everything* in its power to clear the existing backlog as expeditiously and thoroughly as possible. To that end, MCSO made two proposals which the Monitor rejected.

First, MCSO raised concerns with the Monitor that having only one captain overseeing PSB is simply insufficient to operate PSB properly, given the backlog and the excessive amount of hours that one captain must work to run PSB as the Court's Orders require. Accordingly, MCSO proposed to transfer a second captain into PSB to address the excessive captain's hours and backlog issues. The proposed dual command would establish a dichotomy of authority and responsibility which would simultaneously address PSB's overburdened single commander issue, while streamlining PSB's operation. One captain would oversee sworn investigations, while the other would oversee the civilian and detention investigations and, thus, enhance MCSO's compliance efforts.

Second, to increase its efforts to eliminate the backlog, MCSO requested that the Monitor authorize the temporary transfers of five sergeants from the districts to intensify PSB efforts to reduce and eliminate the backlog. These sergeants would only conduct backlog investigations and investigations in the districts from which they transferred. Solely focusing on investigations, these five sergeants would hone their investigative skills which would ensure higher quality district investigations during and after the period of their temporary transfers. Once PSB eliminated the backlog with the assistance of these sergeants, MCSO intends to transfer them back to the districts as experienced PSB sergeant(s).

*The Monitor denied both proposals despite the clear benefit to all parties.*

Accordingly, MCSO respectfully requests that the Court consider and implement MCSO's common-sense proposals, which would allow PSB to run more efficiently

and to clear the existing, misconduct investigation backlog more rapidly, while enabling MCSO to work toward full and effective compliance with the Court's Orders.[1]

## I.    RELEVANT FACTUAL BACKGROUND.

As the Court is aware, PSB is the division of MCSO responsible to conduct internal affairs investigations ("IAs") under MCSO policy and the Court's Orders. Given the scope of what generates an IA under the Court's Orders, clearing the IA backlog has presented an ongoing challenge for MCSO. This is a critical issue, as the Court's Order provides for sanctions in the form of a mandatory staffing fund in the event that MCSO does not timely clear the backlog or employ enough investigators. [*See, e.g.*, Doc. 2830 at ¶¶ 340–342, 345, 357, 368.] Nevertheless, MCSO has made great strides in its efforts to clear this IA backlog, reducing it from a high of over 2100 cases under the past administration to a current low of 760 cases under the current administration. [*See* Doc. 3216-1.] Through July 31, 2025, MCSO has exceeded the Court's requirements for backlog reduction and has consequently never had to pay into the PSB Staffing Fund, and seeks the means to ensure it never will.[2]

This recent, drastic reduction came as a result of the sustained efforts of PSB personnel with PSB Commander Captain Gregory Lugo and his recent replacement Captain Aaron Flowers at the helm. However, this backlog reduction came at a high, but avoidable cost—dependence on the efforts and supervision of a single commander, and that commander's continuous, <u>excessive</u> overtime.

Prior to his leave, Captain Lugo worked excessive overtime hours—something that is neither desired, healthy, nor acceptable to MCSO. Captain Lugo's excessive hours comprised over 1,300 hours of unpaid overtime over the course of only 15 months.  On May 5, 2025, Captain Flowers assumed the position of PSB Commander. Captain Flowers (like

---

[1] ***Please note***: At the February 2025 site visit, the Monitor stated that the Monitor Team, MCSO, ACLU, and DOJ share a common goal—MCSO's achieving full and effective compliance with this Court's Orders. MCSO agrees and submits that the Court also shares this goal. MCSO brings this Motion not to challenge the Monitor, but to convince the Monitor and the Court that its proposals will further its efforts to achieve this shared goal while enabling MCSO to eliminate the backlog and produce consistent, quality district investigations.

[2] MCSO notes that while the IA backlog consists of 760 cases as of July 31, 2025, that number is susceptible to fluctuation as additional IA cases are generated and existing IA cases go into the backlog if they are not cleared within 180 days.

3

Captain Lugo before him) has already incurred 115 hours of unpaid overtime to keep up the pace necessary to clear backlogged and current IAs, as well as supervising PSB staff and outside investigators who handle these sworn, civilian, and detention IAs.

MCSO is very concerned about the non-compensated overtime hours worked by a single commander, and the potential burnout that may result. Requiring a single PSB commander to work such excessive overtime is unfair and excessive. In addition, it presents an avoidable risk of a single PSB commander becoming not only PSB's single point of contact with the Monitor Team, but possibly a single point of failure. The hours that a single PSB Commander must work are simply unsustainable and, in the event that the single PSB Commander transfers, becomes sick, quits, or is otherwise unavailable, replacing that PSB Commander poses a tremendous hurdle (as MCSO recently experienced).

Even before Captain Lugo's leave, MCSO expressed concern about Captain Lugo's excessive overtime. To address this concern, MCSO created a solution to reduce Captain Lugo's hours and responsibility, while keeping up with the pace necessary to clear the IA backlog and contend with current IAs: transferring a second captain into PSB. [**Ex. 1, Request Regarding Captains.**] The solution was not novel in nature. MCSO had previously had dual commanders in PSB in 2016 up to and through then Sheriff Paul Penzone's taking office in 2017. However, the Monitor denied MCSO's request to assign an additional captain to PSB and merely stated:

> [T]he Orders do not contemplate the bifurcation of the authority and responsibilities of the PSB Commander. Paragraph 197 stipulates that PSB shall be headed by a qualified commander with ultimate authority for reaching findings of investigations and preliminarily determining any discipline imposed.

[*See* **Ex. 2, Email from Robin Busch-Wheaton 05/09/2025.**] In so doing, the Monitor neither acknowledged nor commented on the sound reasoning that MCSO provided to justify this requested transfer or its earlier acquiescence to the proposed bifurcation.

In addition, MCSO's staffing of PSB investigators has also been an on-going and documented issue. For example, during the Monitor's meetings at the quarterly site visit on February 4, 2025, Captain Lugo addressed PSB staffing concerns and stated PSB had five

4

vacancies, including two lieutenant positions and an administrative assistant position; accordingly, he requested *ten* additional investigator positions. To date, MCSO has filled one of those additional, investigator positions, but has transferred one investigator out of PSB. *These PSB vacancies require an immediate, although temporary, remedy.* Moreover, the Monitor's increased scrutiny of civilian investigator new hires has proven difficult to find applicants possessing the necessary requirements to fill this void. Indeed, MCSO is and has been finding applicants that meet the job qualifications, but the Monitoring Team has rejected these qualified applicants based on the Monitor's increased scrutiny.

In the interim, and in light of the Monitor's refusal to allow MCSO to staff PSB with two captains, MCSO proposed transferring five additional district-level sergeants to help with the backlog. [**Ex. 3, Request regarding Sgts.**] The Monitor denied this request as well, stating centralizing all misconduct investigations risks undermining "remedial structures by removing direct supervisory accountability for addressing misconduct within the Districts" and suggested that the transfers would leave Districts without competent investigators and a clear path for producing future district-level investigators [**Ex. 4, Email from Noel Rojas 07/08/2025.**] But in its renewed request, MCSO clarified that the sergeants would work for *both* PSB and the districts and would be relieved of any additional patrol duties so that they would continue to conduct district-level investigations. [**Ex. 5, Email from Clint Doyle 07/21/2025; Ex. 6, 7/23/25 email from Joseph J. Popolizio.**][3] MCSO also clarified that these transfers were temporary, as sergeants would be transferred back to the districts exclusively once the backlog was eliminated. [***Id.***] The Monitor denied the renewed request contending that the district investigations would suffer from the transfers but ignored MCSO's proposal that the transferred sergeants would also continue to perform district investigations

---

[3] Currently, the sergeants responsible for district investigations also have patrol duties. Under the proposal that the Monitor rejected, these sergeants would be absolved of patrol responsibilities during this temporary transfer period. MCSO Bureau Chiefs would assign other sworn personnel to cover the patrol duties for which the sergeants were previously responsible.

while also working on the backlog investigations. [**Ex. 7, Email from Noel Rojas 07/24/25**.][4]

## II.    THIS COURT SHOULD GRANT MCSO'S REQUEST TO STAFF TWO PSB CAPTAINS.

The Court's Orders mandate that MCSO must have "a commander" overseeing PSB. [Doc. 1765, at ¶ 197.] MCSO already fulfills that mandate by having a captain assigned as the PSB Commander. However, nothing in the Orders precludes MCSO's assignment of an *additional* captain(s) to PSB or limits MCSO to only one captain in PSB. The addition of a second captain would allow MCSO to more efficiently and effectively comply with the Orders and is therefore consistent the spirit and purpose of the Orders. This Court has the power to review any of the Monitor's actions and should overturn its decision regarding MCSO's dual-captain proposal. [*See* Doc. 606, at ¶ 128.] A dual-captain structure in PSB with a clear division of duties and authority, while maintaining a single overall point of contact, is necessary and proper in this case for several reasons.

First, a second captain would alleviate the need for a single captain to work nonstop, excessive overtime. The Court's Orders are meant to impose reasonable and attainable goals on MCSO. *See Melendres v. Arpaio*, 784 F.3d 1254, 1267 (9th Cir. 2015) ("An injunction against state actors . . . must not require more of state officials than is necessary to assure their compliance with the constitution." (cleaned up)). Here, although Captain Lugo made considerable progress reducing the IA backlog, he did so at a cost to himself and at a risk to the proper functioning of PSB. As stated above, Captain Lugo's excessive overtime hours were unacceptable and unhealthy.[5] MCSO sincerely appreciated and thanked Captain Lugo for his efforts and suggested assigning an additional captain to PSB to alleviate the

---

[4] MCSO has also sought to hire and/or transfer in additional civilian investigators into PSB. However, the degree of scrutiny the Monitor has imposed on these transfers and proposed hires has, to date, prevented MCSO from bringing on sufficient civilian investigators to alleviate MCSO's concerns raised in this Motion. While the Monitor's denial of civilian investigators may be an issue for another day, MCSO desires to inform the Court that it has also attempted to pursue this option to eliminate the backlog, as well, before seeking Court intervention.

[5] MCSO notes that the current PSB Captain is working equally excessive and unacceptable overtime hours.

pressure on him before his leave began. It is not the intent of the Orders to make it impossible or more difficult than necessary for MCSO to comply or to place all of the burden on a single employee and risk that employee's health or wellbeing. On the contrary, the Orders set monthly goals and if MCSO fails to meet them, MCSO must create a staffing fund—which would, in turn, allow MCSO to staff *more people* to deal with the backlog. An additional captain is perfectly in line with the aims of the Court's Orders and the Courts' established methods for combatting the backlog and obtaining compliance.

Second, having a single captain in PSB leaves MCSO vulnerable in the event that captain becomes unavailable. For example, when Captain Lugo went on leave, PSB and the interim PSB Commander faced an unexpected and unnecessarily steep learning curve because Captain Lugo had not shared his knowledge with anyone and personally screened every IA. This centralization of information and duties made Captain Lugo PSB's single point of potential failure. MCSO could have easily avoided these unnecessary risks with the implementation of the proposed—but summarily rejected—dual-captain solution, which would allow for a fail-safe in the event that a captain leaves, becomes ill, or is otherwise unavailable. It would also ensure that any transition to a new captain is smooth and that MCSO does not lose any time or momentum in clearing the backlog, processing investigations, and complying with the Court's Orders. The dual-captain solution thus avoids the concentration of knowledge, authority, control, pressure, and responsibility of all types of IAs under one PSB Commander.

Third, the proposed dual PSB command would also facilitate the processing of IAs and the reduction and ultimate elimination of the IA backlog—shared goals of the Court, MCSO, and the Monitor. MCSO proposed that one captain would be responsible for IAs involving sworn personnel. The other would be responsible for IAs involving civilian and detention personnel. Each captain would work independently and communicate with the Monitor Team regarding IAs falling under the captain's authority. The dichotomy of responsibility neither risks inconsistent investigation results nor inconsistent discipline, as the civilian-detention PSB Commander will not process sworn IAs and the Sworn PSB

Commander will not process civilian and detention IAs. However, the Commanders would both understand the overall processes and procedures of PSB, and would be able to provide direction in the absence of the other. This proposal is logical, consistent with the aims of the Court's Orders, and will prove to be effective.

Finally, nothing about the proposal will increase the Monitor's work or otherwise change anything about the dynamics between the parties. The Monitor Team already confers with the PSB Commander regarding the status and assignment of IAs and to ensure that the investigations meet all established requirements. The Monitor could still do that in a two commander scenario. Furthermore, like the parties and the Court, the Monitor has an interest in seeing the backlog eliminated, so the dual commanders would create a net benefit to all involved. In fact, whether and how PSB staffs *additional* personnel is unrelated to the constitutional violations found by this Court. [*See* Doc. 2830 ¶ 339 (MCSO cannot reduce staffing levels)]; *see also Melendres v. Arpaio*, 784 F.3d 1254, 1267 (9th Cir. 2015) ("the metrics dealing with internal investigations and reports of officer misconduct create a problem to the extent they are unrelated to the constitutional violations found by the district court"). After all, injunctive relief "must be tailored to remedy the specific harm alleged," and must "directly address and relate to the constitutional violation itself." *Melendres*, 784 F.3d 1254 at 1265 (quoting citations omitted).

In sum, a dual PSB command would prevent what has become required, excessive PSB Commander overtime to process backlogged and current IAs. No valid reason exists to rely on a single commander in PSB. No one Captain or Commander should be expected to work as many overtime hours Captain Lugo did (and Captain Flowers now does), regardless of whether that individual voluntarily does so. Nor should MCSO employees feel as if they have no choice but to do so to comply with the Court's Orders so that MCSO will not be sanctioned. The Monitor summarily and improperly rejected MCSO's sound and logical proposal to transfer Captain Reaulo into PSB to avoid the concerns expressed above. The establishment of dual commandership would further the aims of the Court's Orders, and would result in efficient processing of IAs and the clearing of the IA backlog. This Court

1    should overturn the Monitor's denial of MSCO's proposal to transfer Captain Reaulo,

2    currently the BIO Captain who has been approved under Paragraph 268, to the PSB and order

3    that MCSO is entitled to staff two commanders in PSB as it proposed.

4    **III.    THIS COURT SHOULD GRANT MCSO'S REQUEST REGARDING THE TEMPORARY TRANSFER OF SERGEANTS TO PSB.**

5    

6            MCSO's other proposal for clearing the IA backlog is to allow MCSO to

7    temporarily transfer five district-level sergeants to PSB, allowing them to split their time

8    between district and PSB backlog investigations to help eliminate the IA backlog.  As with

9    MCSO's proposal regarding an additional PSB Captain, this is a common-sense proposal that

10   benefits all parties without any detriment.

11           Nevertheless, the Monitor has taken the position that the transfer is improper

12   because *it wants* the districts to run their own IA investigations.  Not only is that not a

13   requirement of this Court's Orders, but the Monitor's stance demonstrates a misunderstanding

14   of MCSO's proposal and needlessly prevents MCSO from creating efficiencies regarding

15   backlog and district investigations and permitting MCSO to comply with the Court's Orders

16   (by eliminating the backlog). This proposed, five sergeant transfer, like MCSO's request for

17   dual PSB captains, will only help *eliminate* the Monitor's expressed concerns regarding the PSB

18   backlog and quality of district investigations, not worsen them.

19           As an initial matter, MCSO is neither required to conduct district investigations

20   within the reporting district under the language of the Order nor under MCSO policy. Rather,

21   MCSO "may" do so.  [*See, e.g.*, Doc. 1765 ¶ 190 ("Allegations of employee misconduct that

22   are of a minor nature *may be* administratively investigated by a trained and qualified Supervisor

23   in the employee's district." (emphasis added)).] Nor could they be—as discussed above, the

24   Orders must be narrowly tailored to address the constitutional harm and cannot require

25   MCSO to do more than is necessary to address the harm. *Melendres*, 784 F.3d 1254 at 1265.

26   The Monitor cannot enlarge its powers by reading the Orders in a way they are not written,

27   

28

1    much less in a way that would be overly broad and go beyond the bounds of proper injunctive

2    relief. [6]

3           Moreover, contrary to the Monitor's unfounded concerns, the sergeants will not

4    lose any time with or lessen their focus on their district cases.  They will continue to do

5    investigative work *for the districts as district investigators* separate and apart from their PSB work.

6    There is no risk that the district sergeants will lose any of their training or otherwise forget

7    how to conduct district investigations—they will still be filling those roles by splitting their

8    time between district investigations and PSB investigations. The sergeants will then return to

9    the districts after the backlog is cleared. And in the meantime, they will no longer have their

10   ordinary patrol backfill duties, enabling them to solely focus on district and backlog IAs as

11   proposed. Moreover, as the Bureau Chiefs have indicated, other MCSO sworn personnel will

12   assume the patrol duties that the five sergeants would otherwise fulfilled. MCSO's

13   proposal covers all bases.

14          The additional five sergeants are also crucial to MCSO's continuing to be in

15   compliance with the Court's orders.  As the Court is aware, beginning on July 1, 2025, MCSO

16   must continue to clear a minimum of 60 IA cases per month, and 180 IA cases per quarter or

17   face financial penalties.  [*See* Doc. 3076 at ¶ 358].  While MCSO has, so far, been able to meet

18   this quota, this is no small task given that each and every IA is unique in terms of the time it

19   takes to properly investigate and finalize.  Moreover, as MCSO reaches the end of its backlog,

20   MCSO will have the added pressure of not only clearing existing IAs that are not in the backlog

21   within the 180 day limit, but also ensuring that no new cases enter the backlog.  MCSO

22

_____

23        [6] The Monitor cited a few paragraphs in support of its argument regarding the districts,
     Doc. 1765, ¶¶ 204, 209, 211. [*See* **Ex. 4, Rojas Email 07/08/25**.] But *none* of those paragraphs
24   specifically address the districts. [*See* Doc. 1765 ¶¶ 204 (internal affairs investigators), 209
     (investigations by supervisors outside of PSB), 211 (reference to internal investigations outside
25   of PSB).] MCSO agrees that these paragraphs provide procedures for investigations outside
     of PSB when those occur, but it does not require any specific outside investigations. Moreover,
26   the Monitor's reference to these paragraphs addresses a nonexistent problem. The Monitor
     misconstrues MCSO's request and claims that MCSO intends to deprive the districts of
27   sergeants for their investigations. But the sergeants would conduct and process investigations
     *both* for districts and PSB. The Monitor's insistence that the districts must be allowed to have
28   investigations is not supported by this Court's Orders, and it is irrelevant because those
     investigations will still continue under MCSO's proposal.

anticipates that to achieve this, it will need to clear well *over* 60 cases per month. Thus, the assistance of these additional five sergeants will be critical to MCSO in the final stretch of its compliance with the Third and Fourth Injunctive Orders and its full elimination of the backlog.

The proposal also has an additional net benefit to all parties because the district sergeants will have the opportunity to learn directly and daily from other PSB investigators. The Monitor has frequently complained that district investigations are not of the same quality as those conducted in PSB [*see e.g.,* Doc. 3198 at 38] and that PSB occasionally overturns district IA investigations on review. But with the proposed transfers, district investigator-sergeants would be able to learn from PSB personnel by working on PSB and district investigations and taking advantage of PSB's additional resources, instruction, and peer support pending the completion of the backlog. This is not consolidation of those positions but, instead, an opportunity to wear both metaphorical hats while increasing productivity and learning on the job. That experience will make them more proficient as investigators while also working on reducing the backlog when they are not working on district investigations. MCSO previously had PSB handle all district investigations and saw a significant increase in compliance in cases.

MCSO also indicated that it was open to and would comply with Monitor recommendations on how interactions with district command staff would occur to further facilitate a culture of accountability at the district level. That approach would allow for continued accountability and consistency in supervisory practices and increase responsiveness to the concerns of the Plaintiffs' class, consistent with the Court's Orders and MCSO policy.

The proposal thus will: (1) eliminate backlog; (2) increase the quality of district IAs; and (3) speed up compliance efforts, all without any detriment to the parties or district investigation or patrol functions. Again, these sergeant transfers to PSB are temporary. The sergeants would return to the districts from which they were transferred when the backlog is eliminated, equipped with skills from their PSB emersion to use in their district investigations.

Current projections indicate that MCSO should complete the backlog during Q3 of 2026. These proposals would help to ensure that MCSO meets or exceeds this projection.

Thus, MCSO's proposal to transfer five sergeants to PSB presented a "win, win, win" circumstance that the Monitor rejected which unfortunately necessitated the foregoing Motion. This Court should allow MCSO to transfer these sergeants so it can have the resources it needs to continue to comply with the Court's injunctive orders and avoid financial penalties.

## IV.    **CONCLUSION.**

The IA backlog remains an ongoing focus and priority for MCSO's compliance with this Court's Orders. MCSO has made great strides in eliminating the backlog but simply and reasonably requests additional resources to facilitate MCSO's attaining the shared goals of the Monitor, MCSO, ACLU, and the DOJ of eliminating the backlog, achieving full and effective compliance with the Court's Orders, and bringing an end to this longstanding litigation. However, the Monitor has blocked MCSO's reasonable proposals to transfer an additional captain and five sergeants to PSB. MCSO respectfully requests that this Court overturn the Monitor's denial of the proposed transfers so that it can transfer a second captain and five sergeants to PSB and continue its hard work in seeking to comply with the Court's Orders as expeditiously as possible.

DATED this 12th day of August, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Ashley E. Caballero-Daltrey
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his
    official capacity as Sheriff of Maricopa
    County, Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/Karen Gawel

**EXHIBIT 1**



# Maricopa County Sheriff's Office

**Jerry Sheridan, Sheriff**

*Court Implementation Division*

**Bureau of Compliance**
**P174, P194, P197 & P268 - Notice of Intent**
**to Transfer-PSB Commander**
**April 7, 2025**

The Court Implementation Unit, upon approval of the Monitor, intends to transfer Captain Aaron Flowers S1868 from the Lake Patrol Division to the Professional Standards Bureau. Captain Flowers will be the Commander of the Professional Standards Bureau.

Paragraph 268 requires that during the term that a Monitor oversees the Sheriff and the MCSO in this action, any transfer of sworn personnel or supervisors in or out of the Professional Standards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall require advanced approval from the Monitor. Prior to any transfer into any of these components, the MCSO shall provide the Court, the Monitor, and the parties with advance notice of the transfer and shall produce copies of the individual's résumé and disciplinary history.

Paragraph 174 of the Second Permanent Injunction Order requires that an employee's disciplinary history shall be considered in all hiring, promotion, and transfer decisions; and this consideration shall be documented.

Paragraph 194 states that the Commander of the Professional Standards Bureau shall have the responsibility to ensure that all investigations comply with MCSO policies and the Order. Paragraph 197 states, "The Professional Standards Bureau will be headed by a qualified Commander. The Commander of the Professional Standards Bureau will have the ultimate authority within the MCSO for reaching the findings of investigations and preliminarily determining any discipline imposed.

The attached disciplinary history report from the EIS was considered for this transfer. The named employee does not have any sustained allegations of Category 6 or Category 7 offenses from MCSO's disciplinary matrices.

The documents provided are accurate representations of the employee's individual resume and disciplinary history. The review was conducted using all available electronic databases and paper files, including personnel hard copy files. The employee's individual resume reflects all pertinent information contained in the employee's personnel records, starting at the time of employment. A review of the employee's personnel file and EIS records was also conducted, and the employee's performance met or exceeded expectations. The employee is in good standing, possesses excellent investigative skills, has a reputation for integrity, the ability to write clear reports, and possesses the ability to be fair and objective.

Captain Flowers previously served in a leadership position in the Professional Standards Bureau and possesses the necessary requirements to fill the role as Commander.

Background research conducted on April 6, 2025, by Commander Clinton Doyle A4779.

**ATTACHMENTS:**

- o **Flowers Disciplinary History Report.pdf**

- o **Flowers Employee Resume.pdf**

- o **Flowers Aaron S1868 CV 2020.pdf**



# Maricopa County Sheriff's Office

**Jerry Sheridan, Sheriff**

*Court Implementation Division*

**Bureau of Compliance**
**P174, P194, P197 & P268- Notice of Intent**
**to Transfer**
**April 7, 2025**

The Court Implementation Unit, upon approval of the Monitor, intends to transfer Captain Dominick Reaulo S1678 from the Bureau of Internal Oversight to the Professional Standards Bureau.

Paragraph 268 requires that during the term that a Monitor oversees the Sheriff and the MCSO in this action, any transfer of sworn personnel or supervisors in or out of the Professional Standards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall require advanced approval from the Monitor. Prior to any transfer into any of these components, the MCSO shall provide the Court, the Monitor, and the parties with advance notice of the transfer and shall produce copies of the individual's résumé and disciplinary history.

Paragraph 174 of the Second Permanent Injunction Order requires that an employee's disciplinary history shall be considered in all hiring, promotion, and transfer decisions; and this consideration shall be documented.

Paragraph 194 states that the Commander of the Professional Standards Bureau shall have the responsibility to ensure that all investigations comply with MCSO policies and the Order.  Paragraph 197 states, "The Professional Standards Bureau will be headed by a qualified Commander.  The Commander of the Professional Standards Bureau will have the ultimate authority within the MCSO for reaching the findings of investigations and preliminarily determining any discipline imposed.

The attached disciplinary history report from the EIS was considered for this transfer. The named employee does not have any sustained allegations of Category 6 or Category 7 offenses from MCSO's disciplinary matrices.

The documents provided are accurate representations of the employee's individual resume and disciplinary history. The review was conducted using all available electronic databases and paper files, including personnel hard copy files. The employee's individual resume reflects all pertinent information contained in the employee's personnel records, starting at the time of employment. A review of the employee's personnel file and EIS records was also conducted, and the employee's performance met or exceeded expectations. The employee is in good standing, possesses excellent investigative skills, has a reputation for integrity, the ability to write clear reports, and possesses the ability to be fair and objective.

Captain Reaulo is the current commander of  the Bureau of Internal Oversight and has served in a leadership role within the Professional Standard Bureau as a Lieutenant for a number of years and possesses the necessary requirements to return to PSB.

Background research conducted on April 6, 2025, by Commander Clinton Doyle A4779.

**ATTACHMENTS:**

- o **Reaulo Disciplinary History Report.pdf**

- o **Reaulo Employee Resume.pdf**

- o **Reaulo Curriculum Vitae.pdf**

**EXHIBIT 2**



_____

From: Robin Busch-Wheaton <robin@wind-up.com>
Sent: Friday, May 9, 2025 11:49:03 AM (UTC-07:00) Arizona
To: Bob Warshaw; Raul Martinez; Robin Busch-Wheaton; Daniel Doherty; Bea Annexy; Joseph Vigil; Brandon Newton; Schwab Douglas; Shaw Tiffani; Dominick Reaulo - SHERIFFX; Matt Summers (MCSO); Carrie Addis (MCSO); Gregory Lugo (MCSO); Veronica Hernandez (MCSO); Alanna Hodges; Todd Brice (MCSO); Garrett Smith (MCSO); David Redpath (MCSO); SherryBurnette@mcso.maricopa.gov; R_Levy@mcso.maricopa.gov; K_Bocardo@mcso.maricopa.gov; ValarieSerrano@mcso.maricopa.gov; Andrew Prelog (MCSO); Victoria Lopez; Gloria Torres; Stanley Young; Julie R Romanow; Christine Wee; Sebrina Shaw; Amy Heath; Eduardo Casas; Suraj (CRT); Alfred Peters; Cara Stevens; John Mitchell; Andrew Rankin; Jenn Rolnick Borchetta; JOHN MASTERSON; JOSEPH POPOLIZIO; JUSTIN ACKERMAN; Daniel Shudlick; Clinton.Doyle@mcso.maricopa.gov; m_lawson@mcso.maricopa.gov; Melissa.Palopoli@mcso.maricopa.gov; HBjazevich@cov.com; Bailey, Leslie (CRT); Slywczak, Rachel (CRT)
Subject: Fwd: MCSO's transfer requests into PSB and BIO

Dear Parties –

The Monitor received an inquiry from MCSO's outside counsel regarding MCSO's transfer requests into PSB and CID.  As to the Monitor's denial of the transfer of Capt. Reaulo into PSB, the Orders do not contemplate the bifurcation of the authority and responsibilities of the PSB Commander.  Paragraph 197 stipulates that PSB shall be headed by a qualified commander with ultimate authority for reaching findings of investigations and preliminarily determining any discipline imposed. As to the Monitor's denial of the transfer of Capt. Morrison into BIO, Paragraph 174 states:

Employees' and applicants' disciplinary history shall be considered in all hiring, promotion, and transfer decisions, and this consideration shall be documented.  Employees and applicants whose disciplinary history demonstrates multiple sustained allegations of misconduct, or one sustained allegation of a Category 6 or Category 7 offense from MCSO's disciplinary matrices,

shall be presumptively ineligible for hire or promotion. MCSO shall provide a written justification for hiring or promoting an employee or applicant who has a history demonstrating multiple sustained allegations of misconduct or a sustained Category 6 or Category 7 offense. This written justification shall be included in the employee's employment file and, during the period that the MCSO is subject to Monitor oversight, provided to the Monitor.

Capt. Morrison's multiple sustained misconduct investigations and disciplinary history make him ineligible for transfer to this key position.


Robin

-----------------
Robin Busch-Wheaton
Deputy Monitor
Monitoring Team,
Maricopa County Sheriff's Office (MCSO)
510-501-8600 cell
robin@wind-up.com


> Begin forwarded message:
>
> From: Robin Busch-Wheaton <robin@wind-up.com>
> Subject: MCSO's transfer requests into PSB and BIO
> Date: May 1, 2025 at 4:57:15 PM PDT
> To: "Matt Summers (MCSO)" <MattSummers@mcso.maricopa.gov>
> Cc: Bob Warshaw <rochtopcop@aol.com>, Raul Martinez <luarm8@gmail.com>, "Robin Busch-Wheaton" <robin@wind-up.com>, Daniel Doherty <danieldoherty65@yahoo.com>, Bea Annexy <beaannexy@gmail.com>, Joseph Vigil <vigilj@mcao.maricopa.gov>, Brandon Newton <newtonb@mcao.maricopa.gov>, Schwab Douglas <schwabd@mcao.maricopa.gov>, Shaw Tiffani <T_Shaw@mcso.maricopa.gov>, Dominick Reaulo - SHERIFFX <d_reaulo@mcso.maricopa.gov>, "Matt Summers (MCSO)" <MattSummers@mcso.maricopa.gov>, "Carrie Addis (MCSO)" <C_Addis@MCSO.maricopa.gov>, "Gregory Lugo (MCSO)" <G_Lugo@MCSO.maricopa.gov>, "Veronica Hernandez (MCSO)" <V_Hernandez@mcso.maricopa.gov>, Alanna Hodges <AlannaHodges@mcso.maricopa.gov>, "Todd Brice (MCSO)" <T_Brice@mcso.maricopa.gov>, "Garrett Smith (MCSO)" <G_Smith@mcso.maricopa.gov>, "David Redpath (MCSO)" <DavidRedpath@mcso.maricopa.gov>, "SherryBurnette@mcso.maricopa.gov" <SherryBurnette@mcso.maricopa.gov>, "R_Levy@mcso.maricopa.gov" <R_Levy@MCSO.maricopa.gov>, "K_Bocardo@mcso.maricopa.gov"

<K_Bocardo@MCSO.maricopa.gov>, "ValarieSerrano@mcso.maricopa.gov"
<ValarieSerrano@MCSO.Maricopa.gov>, "Andrew Prelog (MCSO)"
<AndrewPrelog@MCSO.Maricopa.gov>, Victoria Lopez <vlopez@acluaz.org>, "Gloria Torres"
<gtorres@acluaz.org>, Stanley Young <syoung@cov.com>, Julie R Romanow
<jromanow@cov.com>, Christine Wee <cwee@acluaz.org>, Sebrina Shaw
<SShaw@acluaz.org>, Amy Heath <AHeath@cov.com>, Eduardo Casas <Ecasas@maldef.org>,
"Marks, Megan (CRT)" <Megan.Marks@usdoj.gov>, "Glass, Nancy (CRT)"
<Nancy.Glass@usdoj.gov>, "Suraj (CRT)" <Suraj.Kumar@usdoj.gov>, Alfred Peters
<alfredpeters@msn.com>, Cara Stevens <CaraStevens@mcso.maricopa.gov>, John Mitchell
<JMitchell@acluaz.org>, "Andrew Rankin" <andrew_rankin@MCSO.maricopa.gov>, Jenn
Rolnick Borchetta <jborchetta@aclu.org>, John Masterson <jmasterson@jshfirm.com>,
"Joseph Popolizio" <jpopolizio@jshfirm.com>, Justin Ackerman <jackerman@jshfirm.com>,
Daniel Shudlick <dshudlick@jshfirm.com>, <Clinton.Doyle@mcso.maricopa.gov>, "
m_lawson@mcso.maricopa.gov" <m_lawson@MCSO.maricopa.gov>, "
Melissa.Palopoli@mcso.maricopa.gov" <Melissa.Palopoli@MCSO.Maricopa.gov>,
<HBjazevich@cov.com>, "Bailey, Leslie (CRT)" <Leslie.Bailey@usdoj.gov>, "Slywczak, Rachel
(CRT)" <Rachel.Slywczak@usdoj.gov>
>
> Chief Summers —
>
> In response to MCSO's requests for the transfers of Captain Dominick Reaulo into the
Professional Standards Bureau (PSB) on April 7, 2025, and Captain Warren C. Morrison into the
Bureau of Internal Oversight (BIO) on April 7, 2025, please be advised of the following:
>
> The Monitor will not be approving the transfer of Captain Dominick Reaulo into PSB and will
not be approving the transfer of Captain Warren C.Morrison into BIO.
>
>
> -----------------
> Robin Busch-Wheaton
> Deputy Monitor
> Monitoring Team,
> Maricopa County Sheriff's Office (MCSO)
> 510-501-8600 cell
> robin@wind-up.com
>
>
>

**EXHIBIT 3**

CONFIDENTIAL - ATTORNEY'S EYES ONLY

# MARICOPA COUNTY SHERIFF'S OFFICE   *Memorandum*



| **To:** | Chief R. Warshaw<br>Court Appointed Monitor | **From:** | M. Summers #1641<br>Deputy Chief<br>Compliance Bureau |
|---|---|---|---|
| **Subject:** | Assignment Approval Request<br>Professional Standards Bureau<br>Addition to PSB | **Date:** | May 16, 2025 |

This document is intended to request Monitor approval to transfer the six sergeants currently assigned to Patrol, who are presently tasked to work on internal investigations assigned to the districts, into the Professional Standards Bureau. These sergeants would work on the cases assigned to the districts and would liaise with the respective district supervisors and district commanders.

Paragraph 194- *The Commander of the Professional Standards Bureau shall ensure that investigations comply with MCSO policy and all requirements of this Order, including those related to training, investigators' disciplinary backgrounds, and conflicts of interest.*

Currently the Maricopa County Sheriff's Office remains Out of Compliance with Paragraph 194 requirements. In the Monitor's 43 Quarterly Report the Monitoring Team states several factors that impact the PSB Commander's ability to determine compliance in all cases including the following- "The investigative quality of District and Division cases has also had an adverse impact on the ability of the PSB Commander to ensure investigations are properly completed. While compliance with these cases has seen improvement, to date, they have been unable to maintain this improvement over multiple reporting periods." (pg.190)

In an effort to decrease deficiencies and increase sustained investigative and administrative compliance (including the timeliness requirement of Paragraph 204 as amended) on district outsourced investigations, the Maricopa County Sheriff's Office moves to centralize the district level investigators into the Professional Standards Bureau. Investigations completed within PSB are compliant at higher rates than those currently outsourced. Moving these investigations within the immediate purview of the PSB Commander and his staff will provide added resources for the investigators.

As you are aware we have, for a period of time in the past, assigned all district investigations to PSB. This was done without the addition of staff to assist PSB with the investigations, and we still realized overall improvement in all of the areas outlined above.  Further, we anticipate the likelihood that these investigators will also be leveraged to assist with backlog reduction.  We appreciate your time and consideration of this request.  As this Administration remains steadfast in our commitment to compliance with the Orders, we would like to implement this as soon as possible.

.

MELC0005063159

# **<u>EXHIBIT 4</u>**

| | |
|---|---|
| **From:** | Robin Busch-Wheaton <robin@wind-up.com> |
| **Sent:** | Tuesday, July 8, 2025 6:43 PM |
| **To:** | Bob Warshaw; Raul Martinez; Robin Busch-Wheaton; Daniel Doherty; Bea Annexy; Joseph Vigil; Brandon Newton; Schwab Douglas; Shaw Tiffani; Dominick Reaulo - SHERIFFX; Matt Summers (MCSO); Carrie Addis (MCSO); Gregory Lugo (MCSO); Veronica Hernandez (MCSO); Alanna Hodges; Todd Brice (MCSO); Garrett Smith (MCSO); David Redpath (MCSO); SherryBurnette@mcso.maricopa.gov; R_Levy@mcso.maricopa.gov; K_Bocardo@mcso.maricopa.gov; ValarieSerrano@mcso.maricopa.gov; Andrew Prelog (MCSO); Victoria Lopez; Gloria Torres; Stanley Young; Julie R Romanow; Christine Wee; Sebrina Shaw; Amy Heath; Eduardo Casas; Suraj (CRT); Alfred Peters; Cara Stevens; John Mitchell; Andrew Rankin; Jenn Rolnick Borchetta; JOHN MASTERSON; JOSEPH POPOLIZIO; JUSTIN ACKERMAN; Daniel Shudlick; Clinton.Doyle@mcso.maricopa.gov; m_lawson@mcso.maricopa.gov; Melissa.Palopoli@mcso.maricopa.gov; HBjazevich@cov.com; Bailey, Leslie (CRT); Slywczak, Rachel (CRT); Aaron Flowers; Janet Fernandez; Jared Keenan; Kim-Chi Pham; Kristen McCowan |
| **Subject:** | Fwd: P268 request regarding sergeants transfers |

Hello Parties —

Please see the message below from Chief Rojas of the Monitoring Team in response to MCSO's requests for transfers, submitted via ShareFile on 5/16/25.

Best,
Robin

-----------------
Robin Busch-Wheaton
Deputy Monitor
Monitoring Team,
Maricopa County Sheriff's Office (MCSO)
510-501-8600 cell
robin@wind-up.com

Begin forwarded message:

**From:** Noel Rojas <secconx@gmail.com>
**Subject: P268 request regarding sergeants transfers**
**Date:** July 8, 2025 at 5:43:05 PM PDT
**To:** "Clint Doyle (MCSO)" <Clinton.Doyle@mcso.maricopa.gov>
**Cc:** "JPopolizio@jshfirm.com" <JPopolizio@JSHFIRM.com>,
"JMasterson@jshfirm.com" <JMasterson@JSHFIRM.com>, "JAckerman@jshfirm.com"
<JAckerman@JSHFIRM.COM>, "robin@wind-up.com" <robin@wind-up.com>,
"rochtopcop@aol.com rochtopcop@aol.com" <rochtopcop@aol.com>, "Raul
luarm8@gmail.com" <luarm8@gmail.com>, Bea Annexy <beaannexy@gmail.com>

Commander Doyle,

On May 16, 2025, we received a request from MCSO seeking approval to transfer six sergeants from Patrol to the Professional Standards Bureau (PSB): Sgt. Wells, Sgt. Boyer, Sgt. Garcia, Sgt. Shammas, Sgt. Perro, and Sgt. Marske. MCSO also requested the transfer of Sgt. Tomaszewski out of PSB. The sergeants identified for transfer into PSB are currently responsible for investigating misconduct cases originating from the Districts to which they are assigned.

MCSO stated that the proposed transfers were consistent with the agency's goal of centralizing District-level investigators within PSB, noting that investigations completed within PSB achieve higher compliance rates than those conducted at the District level. MCSO further asserted that transferring these investigations under the immediate purview of the PSB Commander would aid compliance, while the sergeants would continue to work on cases from their respective Districts in liaison with District supervisors and commanders. MCSO also stated that these transfers would assist with addressing the backlog and timeliness concerns under Paragraph 204 of the Second Order.

On May 21, 2025, we requested clarification regarding how these transfers would impact the span of control within the Districts, noting that these supervisors intermittently filled in for unavailable shift supervisors. We also requested details regarding the sergeants' anticipated assignments within PSB, whether they would be integrated into existing squads, and the areas of responsibility they would assume. Additionally, we inquired about open IA investigations involving Sgt. Shammas and Sgt. Boyer and noted that the transfer requests were missing the employees' resumes (CVs).

On June 5, 2025, MCSO responded, stating that it had "alternative methods for district coverage including overtime shifts to sergeants both within and outside patrol assignments." MCSO advised that the sergeants, once transferred, would not only handle cases from their Districts – but would also assist with the existing backlog, requiring integration into the existing supervisory structure under sworn lieutenants within PSB. MCSO further indicated that the sergeants' CVs would be available the following day, and reported that Sgt. Boyer's open IA investigation was expected to close within a week as unfounded, while Sgt. Shammas' investigation had already closed as unfounded.

On June 10, 2025, MCSO advised us that the CVs for the five sergeants were available for review, rescinded the request to transfer Sgt. Marske, and instead requested approval for the transfer of Sgt. Destefano. We sought clarification on whether the documents provided were the same as those previously submitted by MCAO, and MCSO confirmed that the new documents were specific to Sgt. Marske and Sgt. Destefano. On June 13, 2025, MCSO provided the CVs for Sgt. Tomaszewski and Sgt. Destefano.

We have reviewed the documents provided by MCSO with its request. The request to transfer these sergeants from the Districts into PSB, without a viable plan to ensure continuity of misconduct investigations at the district level is concerning. (See Doc. 1765, ¶ 162(d)). Additionally, several Paragraphs in the Second Order outline procedures for

misconduct investigations, distinguishing between investigations conducted within PSB and those to be carried out by supervisors outside of PSB. (See Doc. 1765, ¶¶ 204, 209, 211.)

Pursuant to the provisions of the Third Order, on October 12, 2023, the Court ordered MCSO to adopt changes in its investigative practices. Pursuant to Paragraph 348 of the Third Order, we had evaluated PSB's investigative practices and reviewed policies created by MCSO on internal investigations. We submitted proposed policies to the Court in March 2023, and the Court subsequently ordered MCSO to adopt the following policies: GH-2 (Internal Investigations), the PSB Operations Manual, and Attachment B to GC-17 (Employee Disciplinary Procedures) (Doc.2938). These policies recognize that misconduct investigations are conducted at both the PSB and Division levels.

The involvement of District and Division supervisors in the investigative process is essential for fostering accountability, consistency in supervisory practices, and responsiveness to concerns of the Plaintiffs' class. Centralizing all misconduct investigations within PSB risks undermining these remedial structures by removing direct supervisory accountability for addressing misconduct within the Districts. It also creates a potential disconnect between supervisors and deputies concerning policy compliance and performance issues, which the Court has emphasized must be addressed at the field level as part of systemic reform. We acknowledge that MCSO's stated rationale that additional PSB staffing could assist with backlog and timeliness under Paragraph 204. However, the request for transfers cannot undermine District-level supervisory investigations.

We have consistently identified deficiencies in District-level misconduct investigations compared to those conducted by PSB, underscoring the need to build investigative competency at the District and Division level. Strengthening District-level investigative capacity is essential to supporting the sustainability of MCSO's accountability systems into the future, beyond the period of Court oversight and monitoring. Transferring District sergeants with investigative experience into PSB, leaving Districts without competent investigators and without a clear path of succession for future investigators, totally abandons a practice of indispensable utility.

We are supportive of additional personnel being assigned to PSB, but the retention of sergeants at the district level to do internal investigations is essential. MCSO's request to transfer these sergeants into PSB as proposed is not approved.

On a separate note, we will approve the transfer of Sgt. Tomaszewski out of PSB through the regular process.


Noel A. Rojas
Monitoring Team

# EXHIBIT 5

| | |
|---|---|
| **From:** | Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov> |
| **Sent:** | Monday, July 21, 2025 2:52 PM |
| **To:** | Noel Rojas |
| **Cc:** | JOSEPH POPOLIZIO; JOHN MASTERSON; JUSTIN ACKERMAN; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com; Raul luarm8@gmail.com; Bea Annexy; Matt Summers (MCSO); Melissa Palopoli (MCSO) |
| **Subject:** | RE: P268 request regarding sergeants transfers |

**[External Sender]** This email originated from outside of Jones, Skelton & Hochuli. Do not reply, click any links or open attachments unless you recognize the sender, and know the content is safe.

Chief Rojas,

Thank you for your comprehensive response to our previous Paragraph 268 request to temporarily transfer the five (5) sergeants currently assigned district level investigations into the Professional Standards Bureau (PSB). Upon further reflection, we believe that a miscommunication regarding our initial request occurred which may have resulted in the Monitor's decision to deny it.

We agree with the Monitor Team's opinion that these district investigations are an important practice; however, they are not required under the language of the Order nor MCSO policy. Doc. 1765, ¶ 190 states: "*Allegations of employee misconduct that are of a minor nature **may be** administratively investigated by a trained and qualified Supervisor in the employee's District.*" (emphasis added) Nevertheless, the requested sergeant transfers will not only ensure that the district investigations will continue, but also that their quality will greatly improve, while simultaneously working to eliminate the PSB investigation backlog.

Under this proposed transfer, these five sergeants will maintain their link to their current, respective districts despite being transferred to PSB. They will continue to work on district investigations along with other assigned backlog investigations and will do so with the benefit of liaising with respective division leaders while under the purview and tutelage of the seasoned PSB investigators and leadership. Currently, when these sergeants are not working on division level cases, they are required to fill patrol functions. Under this transfer proposal, however, these sergeants would forgo patrol duties and focus 100% of their time on district and assigned PSB backlog cases that would otherwise await assignment to permanent PSB investigators for processing. We are open to and will comply with Monitor recommendations on how these interactions with district command staff would occur to further facilitate a culture of accountability at the local level. This approach allows for continued accountability and consistency in supervisory practices and increases responsiveness to the concerns of the Plaintiffs' class, consistent with the Court's Orders and MCSO policy. It also gives PSB added resources to eliminate the investigation backlog, a priority of MCSO, the Court, the parties, and the community. Although MCSO has made great strides to eliminate it, the existing backlog is a main source of concern for all.

MCSO emphasizes that these transfers are temporary and would remain only until the backlog is eliminated. Current projections indicate that MCSO will complete the backlog during Q3 of 2026. MCSO submits that these five TDY positions will ensure that MCSO meets or exceeds this projection.

Timeliness in the completion of investigations continues to be a factor that is preventing MCSO from achieving compliance. Identified concerns with investigations completed outside of PSB continue to plague MCSO. This proposed, temporary transfer of five sergeants to PSB addresses these concerns.

On February 4, 2025, Captain Lugo addressed PSB staffing concerns and stated they had five vacancies, including two lieutenant positions and an administrative assistant position; accordingly, he requested ten additional investigator positions. To date, MCSO has filled one of those additional, investigator positions and has transferred one investigator out of PSB. *These PSB vacancies require an immediate, although temporary, remedy.* The increased scrutiny of civilian investigator new hires has proven difficult to find applicants possessing the necessary requirements to fill this void.

On July 15, 2025, Chief Kiyler expressed concern with the inconsistency in division case compliance. During Q2 of 2025, MCSO had a 62% compliance rate, down from Q1, 2025 of 84%. Her findings included the following:

| # Cases Reviewed | # in Compliance | Compliance % | # of Cases PSB disagreed with Division Commander | Percent Change |
|---|---|---|---|---|
| 25 | 17 | 68% | 4 | 84% |

Including the PSB Commander as the final review (as established in GH-2 Internal Investigations) will have a significant impact on our rates of compliance. Chief Kiyler re-iterated a previously expressed concern regarding the lack of review at the Bureau Chief level and asked if Bureau Chief involvement in the review process would positively impact compliance percentages. Chief McFarland reviewed one of the cases that the MT found deficient. MCSO asserts that the five sergeants and the PSB oversight is a better alternative to Bureau chief participation. MCSO submits that the proposed five sergeant transfer is the desired and better approach to ensure the quality of district investigations, as well as the reduction and elimination of the PSB backlog.

*** 

In closing, this proposed Paragraph 268 transfer of five sergeants to PSB will ensure:

- A decrease in and a more expedient elimination of the backlog of PSB investigations;
- An increase in the efficiency and compliance rates of district investigations;
- The receipt of additional resources, instruction, as well as supervisory and peer support for sergeant-district investigators who will remain assigned to their respective districts pending the completion of the backlog;
- Improvement of the timeline of district investigations; and
- Improved quality of district investigations even after the backlog of PSB investigations is eliminated.

Bureau Chiefs affected by these temporary transfers confirmed the districts would be able to handle any impact to patrol operations during this temporary assignment. Moreover, please note that district investigations had been routed back to PSB (without an increase in staffing) in the past, without objection from the Monitors.

Chief Rojas, the proposed, temporary transfer of these five sergeants presents a win-win situation that the MT should embrace. Again, this requested transfer is of utmost importance to MCSO, the parties, and the community as it is calculated to reduce the PSB investigations backlog, increase the quality and processing of district investigations, and return more experienced investigator-sergeants to their respective districts after the elimination of the backlog resulting in better district investigations in the immediate and distant future.

Should you have any questions, comments, or reservations regarding this proposed transfer, CID and PSB personnel will make themselves available to address your concerns.

Thank you,

Clint



**Clint Doyle, A4779**
**Commander**
**Court Implementation Division**
**Maricopa County Sheriff's Office**
**550 West Jackson Street**
**Phoenix, AZ 85003**

**Office :** 602-876-4654
**Cell :** 602-819-3042
**E-mail :** clinton.doyle@mcso.maricopa.gov

---

**From:** Noel Rojas <secconx@gmail.com>
**Sent:** Tuesday, July 8, 2025 5:43 PM
**To:** Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov>
**Cc:** JPopolizio@jshfirm.com; JMasterson@jshfirm.com; JAckerman@jshfirm.com; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com <rochtopcop@aol.com>; Raul luarm8@gmail.com <luarm8@gmail.com>; Bea Annexy <beaannexy@gmail.com>
**Subject:** P268 request regarding sergeants transfers

Commander Doyle,

On May 16, 2025, we received a request from MCSO seeking approval to transfer six sergeants from Patrol to the Professional Standards Bureau (PSB): Sgt. Wells, Sgt. Boyer, Sgt. Garcia, Sgt. Shammas, Sgt. Perro, and Sgt. Marske. MCSO also requested the transfer of Sgt. Tomaszewski out of PSB. The sergeants identified for transfer into PSB are currently responsible for investigating misconduct cases originating from the Districts to which they are assigned.

MCSO stated that the proposed transfers were consistent with the agency's goal of centralizing District-level investigators within PSB, noting that investigations completed within PSB achieve higher compliance rates than those conducted at the District level. MCSO further asserted that transferring these investigations under the immediate purview of the PSB Commander would aid compliance, while the sergeants would continue to work on cases from their respective Districts in liaison with District supervisors and commanders. MCSO also stated that these transfers would assist with addressing the backlog and timeliness concerns under Paragraph 204 of the Second Order.

On May 21, 2025, we requested clarification regarding how these transfers would impact the span of control within the Districts, noting that these supervisors intermittently filled in for unavailable shift supervisors. We also requested details regarding the sergeants' anticipated assignments within PSB, whether they would be integrated into existing squads, and the areas of responsibility they would assume. Additionally, we inquired about open IA investigations involving Sgt. Shammas and Sgt. Boyer and noted that the transfer requests were missing the employees' resumes (CVs).

On June 5, 2025, MCSO responded, stating that it had "alternative methods for district coverage including overtime shifts to sergeants both within and outside patrol assignments." MCSO advised that the sergeants, once transferred, would not only handle cases from their Districts – but would also assist with the existing backlog, requiring integration into the existing supervisory structure under sworn lieutenants within PSB. MCSO further indicated that the sergeants' CVs would be available the following day, and reported that Sgt. Boyer's open IA investigation was expected to close within a week as unfounded, while Sgt. Shammas' investigation had already closed as unfounded.

On June 10, 2025, MCSO advised us that the CVs for the five sergeants were available for review, rescinded the request to transfer Sgt. Marske, and instead requested approval for the transfer of Sgt. Destefano. We sought clarification on whether the documents provided were the same as those previously submitted by MCAO, and MCSO confirmed that the new documents were specific to Sgt. Marske and Sgt. Destefano. On June 13, 2025, MCSO provided the CVs for Sgt. Tomaszewski and Sgt. Destefano.

We have reviewed the documents provided by MCSO with its request. The request to transfer these sergeants from the Districts into PSB, without a viable plan to ensure continuity of misconduct investigations at the district level is concerning. (See Doc. 1765, ¶ 162(d)). Additionally, several Paragraphs in the Second Order outline procedures for misconduct investigations, distinguishing between investigations conducted within PSB and those to be carried out by supervisors outside of PSB. (See Doc. 1765, ¶¶ 204, 209, 211.)

Pursuant to the provisions of the Third Order, on October 12, 2023, the Court ordered MCSO to adopt changes in its investigative practices. Pursuant to Paragraph 348 of the Third Order, we had evaluated PSB's investigative practices and reviewed policies created by MCSO on internal investigations. We submitted proposed policies to the Court in March 2023, and the Court subsequently ordered MCSO to adopt the following policies: GH-2 (Internal Investigations), the PSB Operations Manual, and Attachment B to GC-17 (Employee Disciplinary Procedures) (Doc.2938). These policies recognize that misconduct investigations are conducted at both the PSB and Division levels.

The involvement of District and Division supervisors in the investigative process is essential for fostering accountability, consistency in supervisory practices, and responsiveness to concerns of the Plaintiffs' class. Centralizing all misconduct investigations within PSB risks undermining these remedial structures by removing direct supervisory accountability for addressing misconduct within the Districts. It also creates a potential disconnect between supervisors and deputies concerning policy compliance and performance issues, which the Court has emphasized must be addressed at the field level as part of systemic reform. We acknowledge that MCSO's stated rationale that additional PSB staffing could assist with backlog and timeliness under Paragraph 204. However, the request for transfers cannot undermine District-level supervisory investigations.

We have consistently identified deficiencies in District-level misconduct investigations compared to those conducted by PSB, underscoring the need to build investigative competency at the District and Division level. Strengthening District-level investigative capacity is essential to supporting the sustainability of MCSO's accountability systems into the future, beyond the period of Court oversight and monitoring. Transferring District sergeants with investigative experience into PSB, leaving Districts without competent investigators and without a clear path of succession for future investigators, totally abandons a practice of indispensable utility.

We are supportive of additional personnel being assigned to PSB, but the retention of sergeants at the district level to do internal investigations is essential. MCSO's request to transfer these sergeants into PSB as proposed is not approved.

On a separate note, we will approve the transfer of Sgt. Tomaszewski out of PSB through the regular process.


Noel A. Rojas
Monitoring Team

## **EXHIBIT 6**



On Jul 23, 2025, at 12:34 PM, Joseph Popolizio <jpopolizio@jshfirm.com> wrote:

Dear Chief Rojas, Chief Warshaw, and Monitor Team members,

I am following up on the below P268 request regarding the transfer of five sergeants to PSB.  I added Chief Kiyler to this email, as I verbally raised this request during one of the meetings that she led at the recent site visit, although not in the great detail that Commander Doyle provided below. I totally understood Chief Kiyler when she stated that no decision would be made regarding that verbal request, and I did not expect one.

My skeleton request for this transfer at the site visit was to see if the request allayed the Monitor Team's concerns that the district investigations would suffer if these sergeants were transferred to PSB.  Commander Doyle's detailed request for the transfer of these five sergeants certainly should address any concerns that the Monitor Team may have had regarding the previously denied request.  If you believe otherwise, please provide us with the opportunity to address any lingering or new concerns that you may have.

I respectfully request that Monitor Team respond to this P268 transfer promptly.  I am informed that P268 requests historically take several days.  The denial of the first request was accompanied by reasons for the delay which we acknowledge for the most part.  However, after MCSO provided additional materials/information, the decision for the previous P268 request still took over a month.  Your immediate attention and decision regarding this request would be truly appreciated, as reduction and elimination of the PSB backlog and the improvement of the overall quality of the district investigations are paramount concerns of MCSO.

Thank you in advance for your prompt attention to this request.  We look forward to hearing from you.

Sincerely,

Joe Popolizio

**JOSEPH J. POPOLIZIO** | Partner
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 263-1741 | **F** (602) 200-7876
website | bio | vCard | map | email | linkedin | facebook | twitter

---

**From:** Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov>
**Sent:** Monday, July 21, 2025 2:52 PM
**To:** Noel Rojas <secconx@gmail.com>
**Cc:** JOSEPH POPOLIZIO <JPopolizio@JSHFIRM.com>; JOHN MASTERSON <JMasterson@JSHFIRM.com>; JUSTIN ACKERMAN <JAckerman@JSHFIRM.COM>; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com<rochtopcop@aol.com>; Raul luarm8@gmail.com <luarm8@gmail.com>; Bea Annexy <beaannexy@gmail.com>; Matt Summers (MCSO) <MattSummers@MCSO.maricopa.gov>; Melissa Palopoli (MCSO) <Melissa.Palopoli@MCSO.Maricopa.gov>
**Subject:** RE: P268 request regarding sergeants transfers

---

**[External Sender]** This email originated from outside of Jones, Skelton & Hochuli. Do not reply, click any links or open attachments unless you recognize the sender, and know the content is safe.

Chief Rojas,

Thank you for your comprehensive response to our previous Paragraph 268 request to temporarily transfer the five (5) sergeants currently assigned district level investigations into the Professional Standards Bureau (PSB). Upon further reflection, we believe that a miscommunication regarding our initial request occurred which may have resulted in the Monitor's decision to deny it.

We agree with the Monitor Team's opinion that these district investigations are an important practice; however, they are not required under the language of the Order nor MCSO policy. Doc. 1765, ¶ 190 states: "*Allegations of employee misconduct that are of a minor nature **may be** administratively investigated by a trained and qualified Supervisor in the employee's District.*" (emphasis added) Nevertheless, the requested sergeant transfers will not only ensure that the district investigations will continue, but also that their quality will greatly improve, while simultaneously working to eliminate the PSB investigation backlog.

Under this proposed transfer, these five sergeants will maintain their link to their current, respective districts despite being transferred to PSB. They will continue to work on district investigations along with other assigned backlog investigations and will do so with the benefit of liaising with respective division leaders while under the purview and tutelage of the seasoned PSB investigators and leadership. Currently, when these

sergeants are not working on division level cases, they are required to fill patrol functions. Under this transfer proposal, however, these sergeants would forgo patrol duties and focus 100% of their time on district and assigned PSB backlog cases that would otherwise await assignment to permanent PSB investigators for processing. We are open to and will comply with Monitor recommendations on how these interactions with district command staff would occur to further facilitate a culture of accountability at the local level. This approach allows for continued accountability and consistency in supervisory practices and increases responsiveness to the concerns of the Plaintiffs' class, consistent with the Court's Orders and MCSO policy. It also gives PSB added resources to eliminate the investigation backlog, a priority of MCSO, the Court, the parties, and the community. Although MCSO has made great strides to eliminate it, the existing backlog is a main source of concern for all.

MCSO emphasizes that these transfers are temporary and would remain only until the backlog is eliminated. Current projections indicate that MCSO will complete the backlog during Q3 of 2026. MCSO submits that these five TDY positions will ensure that MCSO meets or exceeds this projection.

Timeliness in the completion of investigations continues to be a factor that is preventing MCSO from achieving compliance. Identified concerns with investigations completed outside of PSB continue to plague MCSO. This proposed, temporary transfer of five sergeants to PSB addresses these concerns.

On February 4, 2025, Captain Lugo addressed PSB staffing concerns and stated they had five vacancies, including two lieutenant positions and an administrative assistant position; accordingly, he requested ten additional investigator positions. To date, MCSO has filled one of those additional, investigator positions and has transferred one investigator out of PSB.*These PSB vacancies require an immediate, although temporary, remedy.* The increased scrutiny of civilian investigator new hires has proven difficult to find applicants possessing the necessary requirements to fill this void.

On July 15, 2025, Chief Kiyler expressed concern with the inconsistency in division case compliance. During Q2 of 2025, MCSO had a 62% compliance rate, down from Q1, 2025 of 84%. Her findings included the following:

| # Cases Reviewed | # in Compliance | Compliance % | # of Cases PSB disagreed with Division Commander | Percent Change |
|---|---|---|---|---|
| 25 | 17 | 68% | 4 | 84% |

Including the PSB Commander as the final review (as established in GH-2 Internal Investigations) will have a significant impact on our rates of compliance. Chief Kiyler re-iterated a previously expressed concern regarding the lack of review at the Bureau Chief level and asked if Bureau Chief involvement in the review process would positively impact compliance percentages. Chief McFarland reviewed one of the cases that the MT found deficient. MCSO asserts that the five sergeants and the PSB oversight is a better alternative to Bureau chief participation. MCSO submits that the proposed

five sergeant transfer is the desired and better approach to ensure the quality of district investigations, as well as the reduction and elimination of the PSB backlog.

***

In closing, this proposed Paragraph 268 transfer of five sergeants to PSB will ensure:

- A decrease in and a more expedient elimination of the backlog of PSB investigations;
- An increase in the efficiency and compliance rates of district investigations;
- The receipt of additional resources, instruction, as well as supervisory and peer support for sergeant-district investigators who will remain assigned to their respective districts pending the completion of the backlog;
- Improvement of the timeline of district investigations; and
- Improved quality of district investigations even after the backlog of PSB investigations is eliminated.

Bureau Chiefs affected by these temporary transfers confirmed the districts would be able to handle any impact to patrol operations during this temporary assignment. Moreover, please note that district investigations had been routed back to PSB (without an increase in staffing) in the past, without objection from the Monitors.

Chief Rojas, the proposed, temporary transfer of these five sergeants presents a win-win situation that the MT should embrace. Again, this requested transfer is of utmost importance to MCSO, the parties, and the community as it is calculated to reduce the PSB investigations backlog, increase the quality and processing of district investigations, and return more experienced investigator-sergeants to their respective districts after the elimination of the backlog resulting in better district investigations in the immediate and distant future.

Should you have any questions, comments, or reservations regarding this proposed transfer, CID and PSB personnel will make themselves available to address your concerns.

Thank you,

Clint

**Clint Doyle, A4779**
**Commander**
**Court Implementation Division**
**Maricopa County Sheriff's Office**
**550 West Jackson Street**
**Phoenix, AZ 85003**

**Office** : 602-876-4654
**Cell** : 602-819-3042

**E-mail** : clinton.doyle@mcso.maricopa.gov

---

**From:** Noel Rojas <secconx@gmail.com>
**Sent:** Tuesday, July 8, 2025 5:43 PM
**To:** Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov>
**Cc:** JPopolizio@jshfirm.com; JMasterson@jshfirm.com; JAckerman@jshfirm.com; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com <rochtopcop@aol.com>; Raul luarm8@gmail.com<luarm8@gmail.com>; Bea Annexy <beaannexy@gmail.com>
**Subject:** P268 request regarding sergeants transfers

Commander Doyle,

On May 16, 2025, we received a request from MCSO seeking approval to transfer six sergeants from Patrol to the Professional Standards Bureau (PSB): Sgt. Wells, Sgt. Boyer, Sgt. Garcia, Sgt. Shammas, Sgt. Perro, and Sgt. Marske. MCSO also requested the transfer of Sgt. Tomaszewski out of PSB. The sergeants identified for transfer into PSB are currently responsible for investigating misconduct cases originating from the Districts to which they are assigned.

MCSO stated that the proposed transfers were consistent with the agency's goal of centralizing District-level investigators within PSB, noting that investigations completed within PSB achieve higher compliance rates than those conducted at the District level. MCSO further asserted that transferring these investigations under the immediate purview of the PSB Commander would aid compliance, while the sergeants would continue to work on cases from their respective Districts in liaison with District supervisors and commanders. MCSO also stated that these transfers would assist with addressing the backlog and timeliness concerns under Paragraph 204 of the Second Order.

On May 21, 2025, we requested clarification regarding how these transfers would impact the span of control within the Districts, noting that these supervisors intermittently filled in for unavailable shift supervisors. We also requested details regarding the sergeants' anticipated assignments within PSB, whether they would be integrated into existing squads, and the areas of responsibility they would assume. Additionally, we inquired about open IA investigations involving Sgt. Shammas and Sgt. Boyer and noted that the transfer requests were missing the employees' resumes (CVs).

On June 5, 2025, MCSO responded, stating that it had "alternative methods for district coverage including overtime shifts to sergeants both within and outside patrol assignments." MCSO advised that the sergeants, once transferred, would not only handle cases from their Districts – but would also assist with the existing backlog, requiring integration into the existing supervisory structure under sworn lieutenants within PSB. MCSO further indicated that the sergeants' CVs would be available the following day, and reported that Sgt. Boyer's open IA investigation was expected to close within a week as unfounded, while Sgt. Shammas' investigation had already closed as unfounded.

On June 10, 2025, MCSO advised us that the CVs for the five sergeants were available for review, rescinded the request to transfer Sgt. Marske, and instead requested approval for the transfer of Sgt. Destefano. We sought clarification on whether the documents provided were the same as those previously submitted by MCAO, and MCSO confirmed that the new documents were specific to Sgt. Marske and Sgt. Destefano. On June 13, 2025, MCSO provided the CVs for Sgt. Tomaszewski and Sgt. Destefano.

We have reviewed the documents provided by MCSO with its request. The request to transfer these sergeants from the Districts into PSB, without a viable plan to ensure continuity of misconduct investigations at the district level is concerning. (See Doc. 1765, ¶ 162(d)). Additionally, several Paragraphs in the Second Order outline procedures for misconduct investigations, distinguishing between investigations conducted within PSB and those to be carried out by supervisors outside of PSB. (See Doc. 1765, ¶¶ 204, 209, 211.)

Pursuant to the provisions of the Third Order, on October 12, 2023, the Court ordered MCSO to adopt changes in its investigative practices. Pursuant to Paragraph 348 of the Third Order, we had evaluated PSB's investigative practices and reviewed policies created by MCSO on internal investigations. We submitted proposed policies to the Court in March 2023, and the Court subsequently ordered MCSO to adopt the following policies: GH-2 (Internal Investigations), the PSB Operations Manual, and Attachment B to GC-17 (Employee Disciplinary Procedures) (Doc.2938). These policies recognize that misconduct investigations are conducted at both the PSB and Division levels.

The involvement of District and Division supervisors in the investigative process is essential for fostering accountability, consistency in supervisory practices, and responsiveness to concerns of the Plaintiffs' class. Centralizing all misconduct investigations within PSB risks undermining these remedial structures by removing direct supervisory accountability for addressing misconduct within the Districts. It also creates a potential disconnect between supervisors and deputies concerning policy compliance and performance issues, which the Court has emphasized must be addressed at the field level as part of systemic reform. We acknowledge that MCSO's stated rationale that additional PSB staffing could assist with backlog and timeliness under Paragraph 204. However, the request for transfers cannot undermine District-level supervisory investigations.

We have consistently identified deficiencies in District-level misconduct investigations compared to those conducted by PSB, underscoring the need to build investigative competency at the District and Division level. Strengthening District-level investigative capacity is essential to supporting the sustainability of MCSO's accountability systems into the future, beyond the period of Court oversight and monitoring. Transferring District sergeants with investigative experience into PSB, leaving Districts without competent investigators and without a clear path of succession for future investigators, totally abandons a practice of indispensable utility.

We are supportive of additional personnel being assigned to PSB, but the retention of sergeants at the district level to do internal investigations is essential. MCSO's request to transfer these sergeants into PSB as proposed is not approved.

On a separate note, we will approve the transfer of Sgt. Tomaszewski out of PSB through the regular process.


Noel A. Rojas
Monitoring Team


This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# **EXHIBIT 7**



**From:** Noel Rojas <secconx@gmail.com>
**Sent:** Thursday, July 24, 2025 9:26 AM
**To:** Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov>
**Cc:** JOSEPH POPOLIZIO <JPopolizio@JSHFIRM.com>; JOHN MASTERSON <JMasterson@JSHFIRM.com>; JUSTIN ACKERMAN <JAckerman@JSHFIRM.COM>; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com <rochtopcop@aol.com>; Raul luarm8@gmail.com <luarm8@gmail.com>; Bea Annexy <beaannexy@gmail.com>; Matt Summers <MattSummers@MCSO.maricopa.gov>; Melissa Palopoli (MCSO) <Melissa.Palopoli@MCSO.Maricopa.gov>
**Subject:** Re: P268 request regarding sergeants transfers

**[External Sender]** This email originated from outside of Jones, Skelton & Hochuli. Do not reply, click any links or open attachments unless you recognize the sender, and know the content is safe.

Commander Doyle:

We are in receipt of your July 21, 2025, communication regarding the PSB transfers, where MCSO states for the first time that these transfers are "temporary." Neither your initial communication of May 16 nor the follow-up communications from Mr. Popolizio on June 26 or July 7 identify these transfers as temporary. We are aware that the Third and Fourth Orders specifically grant authorities to the Monitor that will not be applicable once the backlog is eliminated. Therefore, we don't see the transitory nature of your request to be a new issue that requires additional consideration.

We encourage MCSO to identify other candidates—either sworn or civilian—who may assist PSB in reducing the backlog. Transferring capable personnel from the Districts into PSB does nothing to improve investigative competency at the District level and will come at an accountability cost to the agency.

Contrary to MCSO's assertions, the Monitor has consistently opposed the centralization of all internal affairs investigations within PSB. In April 2022, MCSO informed the Monitor that misconduct allegations would no longer be assigned to the Districts or Divisions for investigation – that all misconduct cases would be assigned to PSB instead. We were opposed to this change then and clearly stated in our 32nd quarterly status report that such action "reduce[d] the accountability of field supervisors and negate[d] multiple years of field supervisors gaining experience on how to properly conduct investigations." (Doc. 2802, page 187). The Monitor urged PSB to consider the impacts of such an action.

The centralization of misconduct investigations within PSB undermines the long-term remedial objective of building investigative capacity at the District level. This is not a model we support, as it shifts responsibility away from first-line supervisors, who play a critical role in fostering accountability within their commands. MCSO has already invested significant time and effort in training all sergeants and lieutenants in internal affairs investigations. The PSB training that was provided to employees, under a centralized approach, would be of no practical benefit to the supervisors outside of PSB who received it. Over time, the employees who received this training will eventually forget important principles and lessons learned due to lack of application. This undercuts both the purpose of the training and the sustainability of reforms at the District level.

We remain committed to working collaboratively with MCSO to identify sustainable solutions that address the backlog without compromising District-level integrity or the Court's mandates.


Noel A. Rojas
Monitoring Team


On Jul 21, 2025, at 5:51 PM, Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov> wrote:


Chief Rojas,

Thank you for your comprehensive response to our previous Paragraph 268 request to temporarily transfer the five (5) sergeants currently assigned district level investigations into the Professional Standards Bureau (PSB). Upon further reflection, we believe that a miscommunication regarding our initial request occurred which may have resulted in the Monitor's decision to deny it.

We agree with the Monitor Team's opinion that these district investigations are an important practice; however, they are not required under the language of the Order nor MCSO policy. Doc. 1765, ¶ 190 states: "*Allegations of employee misconduct that are of a minor nature* **may be** *administratively investigated by a trained and qualified Supervisor in the employee's District.*" (emphasis added) Nevertheless, the requested sergeant transfers will not only ensure that the district investigations will continue, but also that their quality will greatly improve, while simultaneously working to eliminate the PSB investigation backlog.

Under this proposed transfer, these five sergeants will maintain their link to their current, respective districts despite being transferred to PSB. They will continue to work on district investigations along with other assigned backlog investigations and will do so with the benefit of liaising with respective division leaders while under the purview and tutelage of the seasoned PSB investigators and leadership. Currently, when these sergeants are not working on division level cases, they are required to fill patrol functions. Under this transfer proposal, however, these sergeants would forgo patrol duties and focus 100% of their time on district and assigned PSB backlog cases that

would otherwise await assignment to permanent PSB investigators for processing. We are open to and will comply with Monitor recommendations on how these interactions with district command staff would occur to further facilitate a culture of accountability at the local level. This approach allows for continued accountability and consistency in supervisory practices and increases responsiveness to the concerns of the Plaintiffs' class, consistent with the Court's Orders and MCSO policy. It also gives PSB added resources to eliminate the investigation backlog, a priority of MCSO, the Court, the parties, and the community. Although MCSO has made great strides to eliminate it, the existing backlog is a main source of concern for all.

MCSO emphasizes that these transfers are temporary and would remain only until the backlog is eliminated. Current projections indicate that MCSO will complete the backlog during Q3 of 2026. MCSO submits that these five TDY positions will ensure that MCSO meets or exceeds this projection.

Timeliness in the completion of investigations continues to be a factor that is preventing MCSO from achieving compliance. Identified concerns with investigations completed outside of PSB continue to plague MCSO. This proposed, temporary transfer of five sergeants to PSB addresses these concerns.

On February 4, 2025, Captain Lugo addressed PSB staffing concerns and stated they had five vacancies, including two lieutenant positions and an administrative assistant position; accordingly, he requested ten additional investigator positions. To date, MCSO has filled one of those additional, investigator positions and has transferred one investigator out of PSB. *These PSB vacancies require an immediate, although temporary, remedy.* The increased scrutiny of civilian investigator new hires has proven difficult to find applicants possessing the necessary requirements to fill this void.

On July 15, 2025, Chief Kiyler expressed concern with the inconsistency in division case compliance. During Q2 of 2025, MCSO had a 62% compliance rate, down from Q1, 2025 of 84%. Her findings included the following:

| # Cases Reviewed | # in Compliance | Compliance % | # of Cases PSB disagreed with Division Commander | Percent Change |
|---|---|---|---|---|
| 25 | 17 | 68% | 4 | 84% |

Including the PSB Commander as the final review (as established in GH-2 Internal Investigations) will have a significant impact on our rates of compliance. Chief Kiyler re-iterated a previously expressed concern regarding the lack of review at the Bureau Chief level and asked if Bureau Chief involvement in the review process would positively impact compliance percentages. Chief McFarland reviewed one of the cases that the MT found deficient. MCSO asserts that the five sergeants and the PSB oversight is a better alternative to Bureau chief participation. MCSO submits that the proposed five sergeant transfer is the desired and better approach to ensure the quality of district investigations, as well as the reduction and elimination of the PSB backlog.

***

In closing, this proposed Paragraph 268 transfer of five sergeants to PSB will ensure:

- A decrease in and a more expedient elimination of the backlog of PSB investigations;
- An increase in the efficiency and compliance rates of district investigations;
- The receipt of additional resources, instruction, as well as supervisory and peer support for sergeant-district investigators who will remain assigned to their respective districts pending the completion of the backlog;
- Improvement of the timeline of district investigations; and
- Improved quality of district investigations even after the backlog of PSB investigations is eliminated.

Bureau Chiefs affected by these temporary transfers confirmed the districts would be able to handle any impact to patrol operations during this temporary assignment. Moreover, please note that district investigations had been routed back to PSB (without an increase in staffing) in the past, without objection from the Monitors.

Chief Rojas, the proposed, temporary transfer of these five sergeants presents a win-win situation that the MT should embrace. Again, this requested transfer is of utmost importance to MCSO, the parties, and the community as it is calculated to reduce the PSB investigations backlog, increase the quality and processing of district investigations, and return more experienced investigator-sergeants to their respective districts after the elimination of the backlog resulting in better district investigations in the immediate and distant future.

Should you have any questions, comments, or reservations regarding this proposed transfer, CID and PSB personnel will make themselves available to address your concerns.

Thank you,

Clint

**Clint Doyle, A4779**
**Commander**
**Court Implementation Division**
**Maricopa County Sheriff's Office**
**550 West Jackson Street**
**Phoenix, AZ 85003**

**Office :** 602-876-4654
**Cell :** 602-819-3042
**E-mail :** clinton.doyle@mcso.maricopa.gov

**From:** Noel Rojas <secconx@gmail.com>
**Sent:** Tuesday, July 8, 2025 5:43 PM
**To:** Clint Doyle (MCSO) <Clinton.Doyle@mcso.maricopa.gov>
**Cc:** JPopolizio@jshfirm.com; JMasterson@jshfirm.com; JAckerman@jshfirm.com; robin@wind-up.com; rochtopcop@aol.com rochtopcop@aol.com <rochtopcop@aol.com>; Raul luarm8@gmail.com <luarm8@gmail.com>; Bea Annexy <beaannexy@gmail.com>
**Subject:** P268 request regarding sergeants transfers


Commander Doyle,

On May 16, 2025, we received a request from MCSO seeking approval to transfer six sergeants from Patrol to the Professional Standards Bureau (PSB): Sgt. Wells, Sgt. Boyer, Sgt. Garcia, Sgt. Shammas, Sgt. Perro, and Sgt. Marske. MCSO also requested the transfer of Sgt. Tomaszewski out of PSB.  The sergeants identified for transfer into PSB are currently responsible for investigating misconduct cases originating from the Districts to which they are assigned.

MCSO stated that the proposed transfers were consistent with the agency's goal of centralizing District-level investigators within PSB, noting that investigations completed within PSB achieve higher compliance rates than those conducted at the District level.  MCSO further asserted that transferring these investigations under the immediate purview of the PSB Commander would aid compliance, while the sergeants would continue to work on cases from their respective Districts in liaison with District supervisors and commanders.  MCSO also stated that these transfers would assist with addressing the backlog and timeliness concerns under Paragraph 204 of the Second Order.

On May 21, 2025, we requested clarification regarding how these transfers would impact the span of control within the Districts, noting that these supervisors intermittently filled in for unavailable shift supervisors. We also requested details regarding the sergeants' anticipated assignments within PSB, whether they would be integrated into existing squads, and the areas of responsibility they would assume. Additionally, we inquired about open IA investigations involving Sgt. Shammas and Sgt. Boyer and noted that the transfer requests were missing the employees' resumes (CVs).

On June 5, 2025, MCSO responded, stating that it had "alternative methods for district coverage including overtime shifts to sergeants both within and outside patrol assignments." MCSO advised that the sergeants, once transferred, would not only handle cases from their Districts – but would also assist with the existing backlog, requiring integration into the existing supervisory structure under sworn lieutenants within PSB. MCSO further indicated that the sergeants' CVs would be available the following day, and reported that Sgt. Boyer's open IA investigation was expected to close within a week as unfounded, while Sgt. Shammas' investigation had already closed as unfounded.

On June 10, 2025, MCSO advised us that the CVs for the five sergeants were available for review, rescinded the request to transfer Sgt. Marske, and instead requested approval for the transfer of Sgt. Destefano. We sought clarification on whether the documents provided were the same as those previously submitted by MCAO, and MCSO confirmed that the new documents were specific to Sgt. Marske and Sgt. Destefano. On June 13, 2025, MCSO provided the CVs for Sgt. Tomaszewski and Sgt. Destefano.

We have reviewed the documents provided by MCSO with its request. The request to transfer these sergeants from the Districts into PSB, without a viable plan to ensure continuity of misconduct investigations at the district level is concerning. (See Doc. 1765, ¶ 162(d)). Additionally, several Paragraphs in the Second Order outline procedures for misconduct investigations, distinguishing between investigations conducted within PSB and those to be carried out by supervisors outside of PSB. (See Doc. 1765, ¶¶ 204, 209, 211.)

Pursuant to the provisions of the Third Order, on October 12, 2023, the Court ordered MCSO to adopt changes in its investigative practices. Pursuant to Paragraph 348 of the Third Order, we had evaluated PSB's investigative practices and reviewed policies created by MCSO on internal investigations. We submitted proposed policies to the Court in March 2023, and the Court subsequently ordered MCSO to adopt the following policies: GH-2 (Internal Investigations), the PSB Operations Manual, and Attachment B to GC-17 (Employee Disciplinary Procedures) (Doc.2938). These policies recognize that misconduct investigations are conducted at both the PSB and Division levels.

The involvement of District and Division supervisors in the investigative process is essential for fostering accountability, consistency in supervisory practices, and responsiveness to concerns of the Plaintiffs' class. Centralizing all misconduct investigations within PSB risks undermining these remedial structures by removing direct supervisory accountability for addressing misconduct within the Districts. It also creates a potential disconnect between supervisors and deputies concerning policy compliance and performance issues, which the Court has emphasized must be addressed at the field level as part of systemic reform. We acknowledge that MCSO's stated rationale that additional PSB staffing could assist with backlog and timeliness under Paragraph 204. However, the request for transfers cannot undermine District-level supervisory investigations.

We have consistently identified deficiencies in District-level misconduct investigations compared to those conducted by PSB, underscoring the need to build investigative competency at the District and Division level. Strengthening District-level investigative capacity is essential to supporting the sustainability of MCSO's accountability systems into the future, beyond the period of Court oversight and monitoring. Transferring District sergeants with investigative experience into PSB, leaving Districts without competent investigators and without a clear path of succession for future investigators, totally abandons a practice of indispensable utility.

We are supportive of additional personnel being assigned to PSB, but the retention of sergeants at the district level to do internal investigations is essential.  MCSO's request to transfer these sergeants into PSB as proposed is not approved.

On a separate note, we will approve the transfer of Sgt. Tomaszewski out of PSB through the regular process.


Noel A. Rojas
Monitoring Team