# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

At the status conference on Friday the Court currently intends to discuss five matters:

First, Sheriff Sheridan requests the categorical filing under seal of correspondence between the Sheriff and the Monitor related to the Sheriff's motion to challenge the Monitor's denial of two transfers into the Professional Standards Bureau. (Doc. 3227). The Court is aware that the motion to seal has not been fully briefed, nor has the underlying motion. Yet, it seems to the Court as a practical matter that the motion to seal must be decided prior to proceeding on the underlying motion. To facilitate this necessary initial decision the Court has prepared a draft order on the motion to seal. It will have the draft order emailed to the parties this afternoon so that they will have a chance to review it and

1 come prepared to discuss it on Friday.

2 Second, at the end of August a new law clerk, Clare Remy, came to be employed for a one-year term with this Court. At the commencement of the Court's discussion of this case with its new clerks, Ms. Remy informed the Court that she had obtained six law school credits during her final term (Winter 2025) by doing an internship with the ACLU of Arizona. She informed the Court that she had interviewed for three available internships for her final winter term and received internship offers from each (two different divisions of the Arizona Attorney General's office and one with the ACLU.) The fact that she had accepted an offer to clerk for this Court during the 2025-2026 term was on her resume when she applied for these internship positions, but she does not remember discussing it during her interview with the ACLU. She accepted the position with the ACLU. Upon commencement of her internship with the ACLU, the ACLU was aware that she had accepted a clerkship with this Court for its 2025-26 term. The ACLU accordingly screened her from any contact with this case. During the course of her internship, she worked mostly outside the office and came into no contact with this case whatsoever. When this Court became aware of her ACLU internship, it screened her from any contact with this case pending the Court's further discussion of the matter with the parties. To date she has had no contact with this case and in no way has accessed the files in this matter. The Court will discuss the matter of Ms. Remy's access to this case with the parties during the Friday hearing.

Third, issues have apparently been raised about the role assumed by the outside investigator appointed by this Court to conduct PSB investigations within the MCSO when the PSB as a whole is conflicted out. The Court will discuss this matter with the parties.

Fourth, the Court believes that within the next several weeks the Monitor is preparing to issue its report analyzing the costs attributed to Melendres by the MCSO in its annual compliance report of September 2024. The Court has been considering how to proceed in an orderly fashion to allow all parties to be heard concerning that report, and resolve any differences, in an orderly and cost-effective fashion. The Court wishes to

discuss its thoughts with the parties so that when the report is published, the parties will know how to proceed, and will be prepared to do so.

Fifth, in light of recent difficulties at community meetings ordered by the Court, the Court wishes to discuss with the parties a change or changes in format to that meeting.

Dated this 10th day of September, 2025.

_____
G. Murray Snow
Senior United States District Judge