Harmeet K. Dhillon
Assistant Attorney General
R. Jonas Geissler
Deputy Assistant Attorney General
Patrick McCarthy
Laura Cowall
Suraj Kumar (NY Bar No. 5620745)

U.S. Department of Justice, Civil Rights Division
Special Litigation Section
150 M Street NE, 10th Floor, Washington, DC 20002

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; *et al.*<br>Plaintiffs,<br>and<br>United States of America<br>Plaintiff-Intervenor,<br>v.<br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, AZ; *et al.*<br>Defendants. | No. 2:07-cv-02513-PHX-GMS<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO OVERTURN MONITOR'S DENIAL OF PSB TRANSFERS (DOC. 3217)** |

The United States supports the Maricopa County Sheriff's request to transfer additional personnel into the Professional Standards Bureau (PSB). Doc. 3217. This Court and the Court-appointed Monitor have urged the Maricopa County Sheriff's Office (MCSO) to prioritize PSB staffing in order to reduce the longstanding backlog of

misconduct cases. Earlier this year, MCSO proposed transferring five Sergeants and a Captain into PSB, arguing that these transfers would accelerate efforts to eliminate the backlog. The Monitor rejected the transfers, but this decision is not supported by the text of the Court's Orders, and it runs counter to the goals of eliminating the backlog and achieving compliance. As of this filing, the Monitor has not responded to a proposal from the United States that would address the Monitoring Team's stated concerns regarding the transfers. That proposal is reflected in the attached proposed order. Accordingly, the United States respectfully submits that the Court should grant the Sheriff's motion and facilitate the proposed transfers into PSB.

## I.    BACKGROUND

Since the Court entered the Third Order in 2022, MCSO has made significant progress in shrinking the backlog of misconduct investigations. MCSO has reduced untimely cases from 2,048 in November 30, 2022 to 700 as of August 31, 2025. Doc. 2993 at 3; Doc. 3238 at 1.[1] Last year, the Court ordered MCSO to reduce the backlog by a minimum number of cases per month. Doc. 3076 at 9-10. In issuing that Order, the Court observed: "To date, and while working with years of backlog, the only effective method appears to have been to increase the number of investigators." Doc. 3076 at 3.

Earlier this year, MCSO proposed adding more staff to PSB. On April 7, 2025, MCSO proposed transferring an additional Captain into PSB. Doc. 3217 at 22. On May 9, the Monitor rejected this transfer, contending that the Court's Orders "do not contemplate the bifurcation of the authority and responsibilities of the PSB Commander." Doc. 3217 at 20. MCSO then proposed transferring into PSB five Sergeants who handle District-level misconduct investigations, indicating that the Sergeants would continue working on cases from their Districts while also assisting with the PSB backlog. Doc. 3217 at 28. The Monitor rejected these transfers in July, citing

---

[1] As the backlog has decreased, the Monitor reports that MCSO remains in compliance with the requirement that the Sheriff's Office conduct misconduct investigations "in a rigorous and impartial manner." Doc. 3198 at 201.

2

provisions of the Second Order and MCSO policies that reference District investigations. Doc. 3217 at 28-29. On August 12, the Sheriff filed the pending motion.

After reviewing the Sheriff's motion, the United States met with the Sheriff's counsel and the Monitoring Team and corresponded with Plaintiffs' counsel via email. Doc. 3222 at 2. In late August, the United States sent MCSO and Plaintiffs a proposal to address the Monitor's stated concerns and facilitate the transfers. Under the proposal, which is reflected in the attached proposed order: (1) One Captain would serve as PSB Commander and oversee sworn investigations, while the second Captain would serve as Deputy Commander and oversee detention and civilian investigations; (2) Both Captains would be points of contact for the Monitoring Team to discuss any compliance issues; (3) The Sergeants would work on both District and PSB cases while temporarily assigned to PSB, and they would return to their Districts after MCSO eliminates the backlog; and (4) MCSO would ensure compliance with the Orders' requirements related to patrol supervision. MCSO agreed to the proposal; Plaintiffs have not agreed to the proposal. On September 5, the United States sent the proposal to the Monitor. The Monitor has not responded to the proposal, other than acknowledging receipt.

## II.      DISCUSSION

The Court should overrule the Monitor and permit MCSO to complete the proposed transfers.

*First*, the Monitor's rejection of the transfers is not supported by the plain text of the Court's Orders. As to the second Captain, Paragraph 197 of the Second Order requires that PSB "will be headed by a qualified Commander" with "ultimate authority within the MCSO for reaching the findings of investigations and preliminarily determining any discipline to be imposed." Doc. 1765 at 26-27. MCSO has explained that one Captain would oversee sworn investigations while the other Captain would oversee detention and civilian investigations. Doc. 3217 at 7. The United States' proposed resolution would entail one Captain serving as Commander and the other as Deputy Commander. MCSO has also agreed to ensure a consistent point of contact with

the Monitoring Team regarding compliance issues. As to the five Sergeants, MCSO has indicated that they would continue working on District investigations while assisting with the PSB backlog. Doc. 3217 at 9-10, 28. The Monitor has not identified provisions in the Court's Orders or MCSO policies that would prohibit these temporary assignments—instead, the Monitor has relied on provisions that merely reference District investigations. Doc. 3217 at 28-29 (citing GH-2, the PSB Operations Manual, and ¶¶ 204, 209, and 211 of the Second Order). This reading is an overreach and impedes MCSO's efforts to achieve compliance with other provisions of the Court's Orders.

*Second*, the proposed transfers would support compliance with the Court's Orders and a durable remedy to address the underlying constitutional violations. The Court has observed that increasing PSB staffing "appears to have been" the "only effective method" to reduce the backlog. Doc. 3076 at 3. Moreover, PSB is responsible for Class Remedial Matter cases, which cover any "possible misconduct involving members of the Plaintiff class" or remedies set forth in this Court's Orders. Doc. 3198 at 263; Doc. 1765 at 18. District investigations, by contrast, examine "[a]llegations of employee misconduct that are of a minor nature." Doc. 1765 at 25. Thus, the proposed transfers would mean more resources to reduce the backlog and expedite compliance and ultimate resolution of this case.

This Court's Orders grant the Monitor significant authority related to MCSO's misconduct investigations. But the Monitor's use of this authority to reject the proposed transfers would hinder MCSO's efforts to reach compliance. This is not a reasonable exercise of authority. Instead, the United States' proposed order would address the Monitor's stated concerns while allowing MCSO to accelerate its efforts to eliminate the backlog.

### III.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court permit the requested transfers into PSB under the terms proposed by the United States.

Respectfully submitted this 12th day of September, 2025.

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

R. Jonas Geissler
Deputy Assistant Attorney General

Patrick McCarthy
Chief, Special Litigation Section

Laura Cowall
Deputy Chief

/s/ Suraj Kumar
Suraj Kumar (NY Bar No. 5620745)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Tel. (202) 598-1211
suraj.kumar@usdoj.gov

*Attorneys for the United States*

CERTIFICATE OF SERVICE

I certify that on or about September 12, 2025, I filed the foregoing through the Court's CM/ECF system, which will serve a true and correct copy of the filing on counsel of record.

                                           /s/ Suraj Kumar