# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Sheriff Sheridan challenges the Monitor's denial of two transfers into the Professional Standards Bureau. (Doc. 3217.) But to consider the Sheriff's challenge, it is necessary to supplement the docket with the documents and evidence underlying the Monitor's decision. The Monitor identified the relevant materials to add to the docket to facilitate the Court's review and to ensure a complete record. Sheriff Sheridan seeks to file the Monitor's disclosure, (Doc. 3227), and his supplement (Doc. 3226 ) under seal. (Doc. 3228).

Sheriff Sheridan seeks to "protect the sensitive nature" of the documents under Federal Rule of Civil Procedure 5.2(d) because the materials at issue include "individuals' prior discipline history, personally identifiable information and various sensitive,

confidential, and protected information related to the internal processes at MCSO." (Doc. 3227 at 2.) As the Sheriff sensibly points out, to facilitate review of Monitor's decision and for potential appellate review, the documents at issue must be placed on the Court's docket and available to the parties. Nevertheless, the Court will only temporarily grant the request to seal the material in its entirety pursuant to Fed. R. Civ. P. 5.2(d).

The public has a right to "inspect and copy public records and documents, including judicial records and documents." *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is based on "the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598) (alteration in original). As a result, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Kamakana*, 447 F.3d at 1180. This presumption applies with equal force with respect to information about police agencies and how they operate. Indeed, that public disclosure of records may lead to "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (affirming district court's decision not to seal police records that might cast officers in a false light).

Sheriff Sheridan does not discuss the standard or offer any argument about why this material meets either the good cause or compelling reasons tests, and Fed. R. Civ. P. 5(d)(2) is a procedural rule that allows filings under seal but does not provide legal standards authorizing it. Defendants have previously advanced the argument that Ariz. Rev. Stat. § 38-1101(L) requires information related to a peace officer's disciplinary record to be sealed. In 2014, the Court observed section 38-1101(L) protects certain information from

public disclosure related to an administrative investigation and contained in an officer's personnel file until that investigation is complete. *Melendres v. Maricopa, Cnty.* of, CV-07-02513-PHX-GMS, 2014 WL 12675249 (D. Ariz. Nov. 4, 2014). The Court indicated then and reaffirms now that section 38-1101 does not create a litigation privilege. And even if it did, that privilege would be limited to information about ongoing personnel investigations and not investigations that are concluded. The Court therefore denies the motion to permanently seal the documents in their entirety. The Court will direct the documents to be filed under seal pending the filing of a public set of documents with appropriate redactions if any. The Court will provide the parties 10 days to meet and confer on proposed redactions to the documents. If the parties cannot completely agree, within 14 days of this order, the parties shall submit to the Court lodged under seal, a single document with each proposed redaction. The document shall list the asserted justification for the redaction and the opposing party's contrary position if any. The Court will address the objections and make a final ruling on redactions for the public filing which shall take place immediately after the Court's ruling.

**IT IS THEREFORE ORDERED** Sheriff Sheridan's Motion to Seal (Doc. 3227) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** the documents lodged at Doc. 3228 shall remain under seal until the further order of this Court.

**IT IS FURTHER ORDERED** within 10 days the parties must meet and confer about proposed redactions to the documents. Within 14 days of this Order, the parties must submit the proposed redactions to this Court in compliance with the above-outlined procedure. The Court will address the objections and make a final ruling on redactions for the public filing of the documents.

Dated this 12th day of September, 2025.

_____
G. Murray Snow
Senior United States District Judge