Contact Information

Contact Information

Hanna Gabrielsson

233 N. Val Vista Dr. Unit 825 Mesa, AZ 85213

602-330-9813

hanna.gabrielsson@proton.me

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, et al.,<br>Plaintiffs,<br>v.<br>Joseph M. Arpaio, et al.,<br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**AMICUS CURIAE'S RESPONSE IN OPPOSITION TO DEFENDANT SHERIDAN'S MOTION TO STRIKE (DOC. 3270) AND REQUEST FOR LEAVE TO FILE AMICUS CURIAE BRIEF NUNC PRO TUNC**<br>**Honorable G. Murray Snow** |

## I. INTRODUCTION

I, Amicus Curiae Hanna Gabrielsson, appearing pro se with no personal stake in this litigation, respectfully oppose Defendant Sheridan's Motion to Strike (Doc. 3270). Simultaneously, I request the Court grant leave to file my Amicus Curiae Brief (Doc. 3260) nunc pro tunc to September 29, 2025.

As an amicus, my sole aim is to offer information potentially relevant to the public interest and assist the Court's oversight under the Melendres Injunction. I defer entirely to the Court's discretion in applying legal standards to this Response and brief, which provides a relevant perspective informed by materials submitted to the Monitor.

H&M.053560

I acknowledge filing without prior leave. This Response and request cure that oversight. I first raised these concerns via a complaint to Independent Monitor Robert Warshaw on August 11, 2025, and this filing seeks to inform the Court of potential systemic issues affecting the remedial framework.

The Motion to Strike should be denied because:

- the procedural defect has been cured;
- my brief addresses matters relevant to the Court's ongoing remedial authority under the 2016 Supplemental Permanent Injunction
- the filing is not a "collateral appeal," as alleged, but a submission focused on systemic law enforcement practices within this case's scope.

## II. ARGUMENT

### A. The Motion Is Moot Because the Procedural Defect Has Been Cured

Defendant's Motion rests on my filing without leave. I now request nunc pro tunc leave. Courts routinely grant such relief when a procedural oversight was inadvertent, no prejudice has occurred, and the interests of justice - here, the interest in a complete record for institutional reform - favor acceptance of the document. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (excusable neglect). I submit that my inadvertent filing, immediately corrected upon motion to strike, meets this standard. The Court should grant leave to file the brief, thereby curing the technical oversight and denying the Motion to Strike on this procedural ground.

### B. The Amicus Brief Is Relevant to the Injunction

Defendant fundamentally mischaracterizes my brief as a "personal grievance." It seeks no personal relief but raises questions about potential systemic failures in

H&M.053561

2

Maricopa County Sheriff's Office (MCSO). The Court's injunctive orders require MCSO to provide law enforcement services without bias or arbitrary distinction. A pattern of declining to investigate serious felonies when prominent individuals are involved - while investigating similar reports against others - implicates the core Equal Protection concerns that gave rise to this litigation. The original Melendres injunction arose from MCSO's pattern of providing unequal law enforcement services based on ethnicity and status. A similar two-tiered system - this time based on ethnicity and social prominence - implicates the same constitutional injury the Court sought to remedy. The Court's authority to monitor compliance is well-established. See *Melendres v. Arpaio*, 989 F. Supp. 2d 822, 834–35 (D. Ariz. 2013), *Melendres v. Skinner*, 89 F.4th 1089, 1095–97 (9th Cir. 2024). To the best of my knowledge, this issue is not currently before the Court or Monitor, making my Brief's input potentially valuable.

My brief is not a citizen complaint; it is contextual information relevant to institutional accountability and MCSO's systemic fidelity to its constitutional and court-ordered obligations.

C. **The Filing Meets Amicus Standards**

Leave for an Amicus to file is generally granted when the proposed brief offers factual context not otherwise before the Court regarding the consistent application of MCSO's investigative protocols, or perspective that assists the court in its duties, particularly in complex institutional reform litigation. My brief focuses on documented failures of MCSO to investigate serious crimes, offering factual context not otherwise before the Court. It provides the Court with relevant,

external data on the effectiveness and fairness of MCSO's investigative procedures. This information is vital to the ongoing remedial oversight and monitoring required in this case.

### D. The Brief Raises Systemic Concerns Distinct from Prior Civil Litigation

Defendant incorrectly suggests my Amicus Brief is an improper attempt to relitigate state court matters by referencing this Court's prior dismissal of a distinct federal case.

That characterization is incorrect, the federal case was dismissed, without prejudice, under comity principles. My brief neither relitigates those issues nor references specific facts beyond noting MCSO's alleged non-investigation, which is relevant to injunction compliance. It only references - factually - that MCSO declined to investigate reported crimes, using that refusal as evidence of a systemic failure in compliance.

The abstention doctrines applicable to my prior civil dispute do not bar an Amicus from submitting information about public law enforcement practices. Federal courts routinely accept such input in institutional reform cases precisely because these cases depend on a full factual record to gauge compliance See *United States v. City of Portland*, 2021 WL 3889820 (D. Or. Aug. 31, 2021) (accepting input in reform cases). This Court may find similar precedent applicable.

### E. The Amicus Brief Is Supported by Evidence

Defendant implies my filing is speculative. To the contrary, the Amicus Brief includes sworn declarations, documentary exhibits, and a formal complaint submitted to the Independent Monitor. These materials substantiate my concern

that serious felony reports were and still are not being investigated - a matter relevant to MCSO's constitutional and injunctive obligations. I do trust the Monitor's review process for further evaluation.

### F. Amicus Standing

As a long-term Maricopa County resident, immigrant, and crime victim who reported serious felonies to MCSO and subsequently filed a detailed complaint with the Independent Monitor in good faith, I submitted my brief not for personal redress, but as a member of the public with direct knowledge of potential gaps in constitutional policing. These gaps may disproportionately impact vulnerable populations - precisely the concern that gave rise to this Court's original injunctive relief.

## III. CONCLUSION

I respectfully request the Court:

- DENY Defendant Sheridan's Motion to Strike (Doc. 3270);
- GRANT leave to file the Amicus Curiae Brief (Doc. 3260) nunc pro tunc to September 29, 2025;
- RECOGNIZE the procedural defect is cured and the Motion is moot.

Respectfully submitted this October 17, 2025.

Hanna Gabrielsson

Pro Se Amicus Curiae

H&M.053564

## IV. CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I filed the foregoing with the Clerk of the Court and served all counsel of record via email.

## V. VERIFICATION

I, Hanna Gabrielsson certify under oath and penalty of perjury that the facts stated in this Opposition to defendants Motion to Strike are true to the best of my personal knowledge, information, and belief.

Respectfully Submitted on October 17, 2025.

*/s/ Hanna Gabrielsson*

Hanna Gabrielsson

H&M.053565

6