John T. Masterson, Bar #007447
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jackerman@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendant, | No. 2:07-cv-02513-PHX-GMS <br><br> **SHERIFF SHERIDAN'S REPLY IN SUPPORT OF MOTION TO STRIKE AMICUS CURIAE BRIEF IN SUPPORT OF CONTINUED FEDERAL COURT OVERSIGHT OF THE MARICOPA COUNTY SHERIFF'S OFFICE (Doc. 3260)** |

Gabrielsson's Response to MCSO's Motion to Strike does not demonstrate that the Court should accept her filing. It relates to matters that are not before this Court, which is something Gabrielsson herself acknowledges when she states "[t]o the best of my knowledge, this issue is not currently before the Court of Monitor." [Doc. 3278 at 3.] Gabrielsson again argues that her concern is that "felony reports were and still are not being investigated." [*Id.* at 5.] Her attempts to claim this is "the same constitutional injury" while also framing it as a "similar" system "based on ethnicity and social prominence"

119084409.1

undermine her own arguments. [*Id.* at 3.] Further undercutting her argument is the fact that the *only* reports she references are her own. Moreover, Gabrielsson claims that she "trust[s] the Monitor's review process for further evaluation," but has not abided by that process even though she states that she filed a separate complaint with the Monitor. [*Id.* at 5.] Her complaints can be investigated through the normal PSB channels with Monitor oversight.

Gabrielsson cannot claim that her purported Amicus Brief has *any* relation to this case or the Court's injunctive orders. It is nothing more than a personal grievance. There is no reason to involve the Court or the parties to this case in this personal, previously litigated dispute under the thinly veiled guise of an amicus brief.[1]

DATED this 24th day of October, 2025.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ *John T. Masterson*
John T. Masterson
Justin M. Ackerman
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

---

[1] Gabrielsson claims that "Federal courts routinely accept such input in institutional reform cases" citing to *United States v. City of Portland*, 2021 WL 3889820 (Dr. Or. Aug. 31, 2021). [Doc. 3278 at 4.] MCSO could not locate any such case. The nearest case it could locate is a 2013 case. *United States v. City of Portland*, No. 3:12-CV-02265-SI, 2013 WL 12309780 (D. Or. Feb. 19, 2013). The court in that case granted "enhanced *amicus curiae* status" to a coalition that it explained "has extensive community outreach, a deep understanding of the issues, including those raised in this lawsuit, and an important perspective to bring to the remedy phase of this action." *Id.* at 8. Gabrielsson cannot claim that she is in the same position as the coalition in that case.

119084409.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record *via* the Court's CM/ECF system.

/s/ Cindy Castro

119084409.1