**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Sheriff Gerard Sheridan's Motion to Seal Document, (Doc. 3227) and the supplement thereto (Doc. 3258) that resulted from the parties' failed attempt to agree on confidential materials within the documents submitted. (Doc 3244).

The parties are able to agree to the sealing of certain private information from the Monitor's counsel, MCSO Command Staff, and MCSO's counsel. That information may be sealed. MCSO further asserts that the proposed transferees' EIS resume, disciplinary history and CV and the discussion of these materials in additional communications and documents should be sealed. It strikes the Court, however, that these documents qualify as public records. Such documents are presumptively open to the public with a "strong

1 policy favoring open disclosure and access" to them. *Cox Ariz. Publ'ns, Inc. v. Collins,* 175 Ariz. 11, 14, 852 P.2d 11`94, 1198 (1993). "If a document falls within the scope of the public records statute, then the presumption favoring disclosure applies and, when necessary, the court can perform a balancing test to determine whether privacy, confidentiality, or the best interests of the state outweigh the policy in favor of disclosure." *Griffis v. Pinal County,* 215 Ariz. 1, 5, 156 P.3d 418, 422 (2007). It is true that the present context is not a request for public records, but it is not far removed from it, and the Court would be reluctant to hold that an available public record could be withheld from the public when it is the subject of a court motion.

The Defendants make no argument that such documents are not public records. Nevertheless, the Defendants do point out that, under the facts of this case and the present procedural setting, many of the resume, disciplinary history and CV documents are not relevant because they did not figure into the analysis as to why the Sheriff's requests should be denied. The Court agrees that the nature of some of this information is sufficiently personally sensitive to meet the "good cause" standard which is applicable in this particular instance.

However, the records of Captain Morrison, who was deemed ineligible to replace Captain Reaulo in BIO due to his disciplinary history are relevant to the decision. Such records for Captain Morrison and the discussion of them, therefore, may not be redacted. The remainder of the documents may be redacted as submitted for purposes of public filing. The Defendants shall therefore revise their proposed redactions to remove any redactions that were included in the correspondence with the Monitor relating to Captain Morrison. With the approval of Plaintiffs as to those redactions, the redacted documents should be filed and available to the public.

Dated this 3rd day of November, 2025.

*G. Murray Snow*
G. Murray Snow
Senior United States District Judge