Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
John M. Mitchell
jmitchell@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* <br><br> Defendants. | **CV-07-2513-PHX-GMS** <br><br> **NOTICE OF PLAINTIFFS' PROPOSED STANDARDS, PROCEDURES AND SCOPE FOR ASSESSING COST ATTRIBUTION PURSUANT TO COURT'S OCTOBER 31, 2025 ORDER (DOC. 3301)** |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Eduardo Casas*
ecasas@MALDEF.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

*Pro Hac Vice

Plaintiffs respectfully submit the below suggestions for standards and procedures that should apply to any expert analysis of Defendants' costs in this case—whether that analysis is of past costs or of costs going forward. *See* Doc. 3301. Plaintiffs' suggestions incorporate information provided by accounting experts. Plaintiffs have not yet retained an accounting expert because the scope of potential work is not yet certain.[1] Plaintiffs reserve the right to recommend a procedure to the Court that includes a court-appointed expert. In Plaintiffs' view, that may become necessary, depending on whether Defendants seek to litigate costs. Should it assist the Court, Plaintiffs are prepared to recommend accounting experts for such a role, although, again, the availability of any particular expert would depend on the scope of work.

**Proposed Standards, Procedures and Scope for Assessing Cost Attribution and Proration to *Melendres***

**I.    Overall Proposed Recognized Standards**

- Plaintiffs propose that any work –that is, any assessment of costs—by any expert performed by their experts be conducted as a forensic accounting engagement under the AICPA Statement on Standards for Forensic Services (SSFS), which "provides guidance and establishes enforceable standards for AICPA members performing certain forensic and valuation services."
- The SSFS defines forensic as "used in, or suitable to, courts of law or public debate."
- The SSFS further states that "Forensic accounting services generally involve the application of specialized knowledge and investigative skills by a member to collect, analyze, and evaluate certain evidential matter and to interpret and communicate findings."

---

[1] For example, Plaintiffs do not yet know whether Defendants intend to seek to justify past expenses.

1

- Experts should not conduct an audit, examination, or attestation engagement, nor will they provide assurance under AICPA auditing or attestation standards.
- Furthermore, Plaintiffs note:
  - Standards may be general rather than prescriptive
  - Attribution and proration require professional judgment, and any determination depends on availability and quality of Defendants' underlying data and supporting documentation
  - Retrospective reconstruction may involve estimation
  - Experts will need to identify such limitations in their findings

## II. Proposed Standards and Procedures Relevant to Cost Attribution

Plaintiffs propose that any experts assessing Defendants' attribution of costs to *Melendres* for the period of [February 1, 2014, through September 29, 2024] (the "Scope Period") using the following structured methodology.

### A. Foundational Cost Attribution Tests

Cost items assigned by the Defendants to *Melendres* would be assessed according to four criteria. Costs meeting these criteria are allocated to *Melendres*, and costs partially meeting these criteria require proration, while those that do not meet the tests or lack adequate documentation are excluded.

- Direct Incurrence Test: whether the cost was incurred because of a *Melendres*-related mandate.
- Primary Purpose Test: whether the primary purpose of the expenditure was *Melendres*-related.
- Benefit-to-*Melendres* Test: whether *Melendres* received a measurable, identifiable benefit.
- Incremental Cost/Avoidability Test: whether the cost (or a portion) would not have existed "but for" *Melendres*.

2

**B.     Evidence to Be Reviewed**

The experts would review the following categories of documentation related to the Scope Period:

- *Melendres*-related Court Orders identifying the specific compliance requirements mandated to the Defendants during the Scope Period.
- *Melendres* Compliance Program Documentation: Defendants' policies, procedures, controls, monitoring, directives, operational descriptions.
- Budgeted Costs: Defendants' budgeted *Melendres*-related expenditures over the Scope Period.
- Defendants' Cost Pools and Sources of Costs: Defendants' identified cost pools for compliance with the Court's orders re: *Melendres*.
- Classification of Costs: Defendants' identification of direct vs. indirect costs.
- Assignment and Allocation of Costs: Defendants' methods for assigning direct costs to specific activities and for allocating indirect costs across cost objectives.
- Consistency of Methodologies Across Periods: Defendants' documentation as to whether cost attribution practices changed over time and whether changes were justified.
- Defendants' Supporting Documentation: Defendants' documentation demonstrating the costs' purpose and use, which may include a combination of various source documents.

**C. Cost Attribution Framework**

The experts would use a framework in determining what costs should be attributed to *Melendres*:

- Direct Costs Attribution: Costs are attributed to *Melendres* where documentation clearly ties the cost to a *Melendres*-related activity.
- Indirect Costs Allocation: Indirect Costs are allocated to *Melendres* using

3

a systematic and rational basis, such as:
- labor hours
- labor cost
- workload measures
- usage or activity drivers

- Consistency of Application: Attribution and/or allocation methods are applied consistently by Defendants during the Scope Period, unless documentation supports a valid methodological change.
- Alternative Methodologies: Experts may identify more appropriate drivers or attribution bases based on the documentation reviewed for the identified cost pools, or where the Defendant's basis is unsupported or potentially unreasonable.
- Evaluation Focus: Experts will focus on whether Defendants' documentation, cost drivers, and records support the attribution assigned.

### D. Attribution by Cost Category

The experts would apply the above tests and framework to each relevant cost category. (Note: The following examples of cost categories are non-exhaustive and are provided for illustrative purposes only).

- Employee/Personnel Positions: Classify roles as fully *Melendres*-related, partially *Melendres*-related, or not *Melendres*-related. Evaluate job descriptions vs. actual duties, supervisory structure, logs, and operational evidence. Evaluate hiring practices, role changes, and use of funds for these positions overtime, including before and after the Court's *Melendres*-related orders.
- Employee/Personnel Costs: Evaluate treatment of costs associated with regular/temporary pay, overtime, and fringe benefits, net of any adjustments or reimbursements.

4

- o Evaluate time spent on *Melendres* vs. non-*Melendres* activities, and whether overtime was caused by *Melendres*-related obligations. Attribute fringe benefits proportional to salary attribution. Confirm identification and/or removal of costs already reimbursed by external funding sources (e.g., COVID relief).
- o Evaluate whether proration is required and can be estimated using documented timekeeping, workload estimates, or activity drivers. A proposed proration framework for employee/personnel costs that are partially *Melendres*-related:
    - Time-Based Allocation (Preferred Method), based on available documented:
        - Contemporaneous timekeeping
        - Project- or task-coded timesheets
        - Activity logs
    - Estimates When Time Records Are Unavailable. All assumptions and rationale must be documented and supported by sources such as:
        - Supervisor declarations
        - Employee statements
        - Workload distributions
        - Task matrices
        - Other objective evidence
    - Proration Methodology
        - Primary basis: allocation based on contemporaneous time records
        - Secondary basis: allocation based on estimates
        - Treatment of nonproductive time: to be excluded unless Defendants produce documentation or evidence that supports relevance for inclusion

5

- Non-Personnel Costs: Includes costs such as supplies, shipping, fuel, equipment, vendor/contracted services, rent/leases, repairs and maintenance, travel, training, utilities, equipment, and vehicles. Evaluate:
    - Direct *Melendres*-related costs that should be fully attributable to *Melendres*;
    - Shared costs that should be prorated based on usage, activity level, time, or other rationale drivers;
    - General operational costs which should be excluded from *Melendres*-related costs, unless Defendants produce evidence showing a benefit to the *Melendres* compliance program; and
    - Specifically for vehicle and other equipment-related costs (i.e., fuel, maintenance, insurance, repairs, depreciation, fleet charges, vehicle equipment), evaluate *Melendres*-related usage percentage (based on logs, dispatch, or duty schedules) and apply usage percentage to vehicle/equipment cost components.

III. **Recognized Procedures to Evaluate and Test Attribution and Proration**

Plaintiffs propose that the Expert(s) use the following procedures:

A. **Document Review Procedures**
- Assess whether Defendants' cost attribution/allocation methodology for the cost categories exists and is documented, and evaluate whether methodology aligns with recognized standards (as applicable).
- Review data sources and other supporting evidence based on cost categories to be evaluated.

B. **Testing Procedures**
- Use a judgmentally selected sample to recalculate allocations and prorations.
- Compare attributed/prorated costs to underlying documentation.
- Evaluate whether Defendants' allocation drivers are supported.

6

- Assess computation of Defendants' estimates based on available evidence and documented methodology used by the Defendants, where applicable.

C. **Analytical Procedures**

- Perform analysis of Defendants' relevant data (e.g., disbursements/invoices, payroll/HR records) to identify unusual patterns or inconsistencies in Defendants' *Melendres*-related costs during the Scope Period.
- Examine fluctuations over time and across functions and roles.
- Assess whether attribution outcomes align with operational evidence.

D. **Other Issues Related to Allocation and Proration of Costs:**

- Evaluate differences in Defendants' allocation/proration of costs with those recalculated by the experts using the proposed standards.
- Evaluate Defendants' consistency in application across periods and cost categories.
- Evaluate adequacy of Defendants' documentation supporting cost conclusions.

E. **Scope/Procedures Limitations**

- The procedures to be performed by experts are forensic, not audit, procedures.
- Experts may receive incomplete records, or there may be limitations on supporting documentation or reliability of data used in attribution/allocation and related estimates. These types of constraints will affect and limit experts' analysis.
- With respect to materiality, the degree of precision of cost attribution and allocation calculations shall align to the significance of the dollars and quality of available records.

Respectfully submitted this 21st day of November, 2025.

By: /s/ *Christine K. Wee*
    Christine K. Wee
    Victoria Lopez
    John M. Mitchell
    ACLU Foundation of Arizona

    Jenn Rolnick Borchetta*
    Cecillia D. Wang *
    ACLU Foundation

    Stanley Young*
    Covington & Burling, LLP

    Eduardo Casas*
    Mexican American Legal Defense
    and Educational Fund

    Sebrina M. Shaw
    Shaw Law Firm, P.L.L.C.

*Attorneys for Plaintiffs*

*Pro Hac Vice

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on November 21, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

<u>/s/Christine K. Wee</u>
Christine K. Wee