# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>               Plaintiffs,<br><br>and<br><br>United States of America,<br><br>               Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>               Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Gerard A. Sheridan's Motion for Reconsideration of the Court's November 7, 2025 Order (Doc. 3322) and Motion for In Camera Inspection by a Magistrate Judge (Doc. 3321), both brought in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO"). In its motion for reconsideration, MCSO requests that the Court reconsider the standard that MCSO must follow in asserting the attorney-client privilege with respect to production requests by the Independent Investigator. (Doc. 3322 at 15). In the alternative, MCSO asks that the Court allow for *in camera* inspection by a Magistrate Judge of "Exhibit A," a document described by MCSO that provides, "in painstaking detail across roughly 35 pages," "the factual assertions of attorney-client privilege as to each document withheld." (*Id.*). MCSO separately filed a

Motion for In Camera Inspection (Doc. 3321) that formalizes this request for *in camera* review.

Motions for reconsideration are governed by LRCiv. 7.2(g). Under the rule, "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response." LRCiv. 7.2(g)(2). Accordingly, the Court will provide an opportunity for the Independent Investigator to respond to MCSO's motion for reconsideration. The Independent Investigator will have until **December 8, 2025**, to file her response. Additionally, the Plaintiff Class and the United States, as parties to this lawsuit, will have an opportunity to file a response to MCSO's motion for reconsideration, should they so choose. The Court previously afforded the parties an opportunity to participate in the initial briefing process regarding the privilege dispute between the Independent Investigator and MCSO. (*See* Doc. 3251 at 24:14-25:4). If Plaintiffs or the United States decide to file a response, such response will also be due on **December 8, 2025**. The Court will not authorize MCSO to file a reply to any of the responses received.

Separately, the Independent Investigator shall file written notice with this Court, in **four pages or fewer**, that addresses the following information: (1) whether MCSO has provided her with Exhibit A, (2) whether MCSO has provided her with a sufficient privilege log to evaluate MCSO's claims of privilege, (3) whether the Independent Investigator is continuing to seek the production of any of the withheld documents (in the event that it has a sufficient privilege log to evaluate MCSO's claims of privilege), and (4) whether she needs additional time to complete her investigation, pursuant to A.R.S. § 38-1110, in light of this discovery dispute. The Independent Investigator will have until **December 8, 2025**, to file this notice.

Accordingly,

**IT IS THEREFORE ORDERED** that the Independent Investigator shall have the opportunity to respond to MCSO's Motion for Reconsideration (Doc. 3322) and Motion for In Camera Inspection by a Magistrate Judge (Doc. 3321). The Independent

1  Investigator's response shall be due by **December 8, 2025**. Plaintiffs and the United States,
2  should they so choose, will similarly have an opportunity to respond to MCSO's Motion
3  for Reconsideration by **December 8, 2025**.
4        **IT IS FURTHER ORDERED** that the Independent Investigator, by **December 8,**
5  **2025**, shall file written notice to the Court addressing (1) whether MCSO has provided her
6  with Exhibit A, (2) whether MCSO has provided her with a sufficient privilege log to
7  evaluate MCSO's claims of privilege, (3) whether the Independent Investigator is
8  continuing to seek the production of any of the withheld documents (in the event that she
9  has been provided with a sufficient privilege log to properly evaluate MCSO's claims of
10 privilege), and (4) whether she needs additional time to complete her investigation,
11 pursuant to A.R.S. § 38-1110, in light of this discovery dispute. Such notice shall not
12 exceed four (4) pages.
13       Dated this 1st day of December, 2025.

_____
G. Murray Snow
Senior United States District Judge