John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendant, | No. CV-07-2513-PHX-GMS <br><br> **DEFENDANT SHERIDAN'S PARTIAL OBJECTION TO THE COURT'S DECEMBER 1, 2025 ORDER** <br><br> **AND** <br><br> **REQUEST FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND MOTION FOR IN CAMERA INSPECTION** |

Sheriff Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO"), partially objects to the Court's December 1, 2025, Order (Doc. 3324) on two narrow grounds. In addition, MCSO seeks leave to file a reply in support of its Motion for Reconsideration and associated Motion for *In Camera* Inspection.

119269793.1

I. **MCSO OBJECTS TO THE COURT'S ORDERING THE INDEPENDENT INVESTIGATOR TO ADDRESS WHETHER MCSO PROVIDED HER WITH EXHIBIT A TO ITS MOTION FOR RECONSIDERATION.**[1]

The Court's Order requests that the Independent Investigator separately address "whether MCSO has provided her with Exhibit A." (Doc. 3324 at 2:17-18). MCSO objects to the relevance of this inquiry as it relates to its Motion for Reconsideration and related Motion for *In Camera* Inspection.

At the outset, MCSO can inform the Court that it has not produced Exhibit A to the Independent Investigator for the very same reason it could not file it under seal with the Court – doing so could risk waiving the very privilege MCSO asserts. Exhibit A, as explained in MCSO's Motion for Reconsideration and in its separate Motion for *In Camera* Inspection, contains a highly detailed analysis and discussion of the privileged documents at issue in an effort to fully address the Court's newly articulated tripartite privilege test. When MCSO filed its Motion for Reconsideration, that was its very first opportunity to address this newly announced test and describe why it is entitled to assert privilege on the withheld documents. By extension, it could not have previously provided this argument to the Independent Investigator, particularly given that: (1) the Independent Investigator did not agree with the Court's privilege standard; (2) the Independent Investigator advocated that all information produced to it would remain privileged; and most importantly (3) divulging the analysis at issue in Exhibit A to the Independent Investigator runs the risk of waving the very privilege MCSO seeks to protect.

Point number three bears particular significance. Given the Court's ruling that MCSO could potentially waive privilege by producing privileged information that was irrelevant to the Independent Investigator's investigation (*See* Doc. 3307 at 15.), MCSO is

---

[1] MCSO wishes to convey at the outset that it understands and respects the Court's Order and does not seek to overextend briefing on this issue. However, MCSO is compelled to file this pleading to address the Court's recent Order (Doc. 3324) and preserve its appellate record.

concerned that if Exhibit A was either filed with the Court or produced to the Independent Investigator it would have blown the very privilege it seeks to protect. That is the very reason why it sought leave for *in camera* inspection and why it could not produce this document to any party, the Independent Investigator, or even this Court. Moreover, because the Court ordered MCSO to produce this document "as expeditiously as possible" (Doc. 3307 at 21:17-21), MCSO was not in a position to further address this issue with the Independent Investigator, but needed to immediately and timely seek relief from the Court, which it did.

Accordingly, MCSO respectfully informs the Court that it has not provided the Independent Investigator with Exhibit A, since it cannot do so without risking waiving the very privilege it seeks to protect. As the Independent Investigator herself recognized, "[s]hould the Independent Investigator have a concern regarding the privileged nature of a communication, she would seek guidance from the MCAO, or *in camera* review by the Court, before taking any action which may risk a waiver of privilege." (Doc. 3271 at 21:6-8) (emphasis added). Thus, MCSO objects to the Court's inquiry on whether MCSO has provided Exhibit A to the Independent Investigator as it is irrelevant to any issue before the Court and MCSO cannot do so without risking waiving privilege.

## II. MCSO OBJECTS TO THE COURT'S ORDERING THE INDEPENDENT INVESTIGATOR TO ADDRESS WHETHER MCSO PROVIDED HER WITH A "SUFFICIENT" PRIVILEGE LOG.

The Court also ordered the Independent Investigator to address "whether MCSO has provided her with a *sufficient* privilege log to evaluate MCSO's claims of privilege." (Doc. 3324 at 2:18-19) (emphasis added). It is unclear what the Court deems is a "sufficient" privilege log. Does that mean simply meeting the ordinary test for privilege? Or does the Court seek to know if MCSO provided a privilege log that meets the Court's new test as articulated in its November 7, 2025 Order?

If it's the former, MCSO maintains that the privilege log produced on October 3, 2025, to the Independent Investigator meets (and exceeds) the required information to

3

119269793.1

permit the Independent Investigator to assess and understand MCSO's basis for asserting privilege over the withheld documents. Despite the Independent Investigator's assertion otherwise, the October 3, 2025, revised privilege log identifies by Bates number the documents withheld, the date of the document, the nature/type of document and subject line (if an email), the sender/recipient, a brief description of the document/communication, and the reason why MCSO asserted privilege.[2] MCSO notes, after production of this revised privilege log, the Independent Investigator did not further assert it was deficient with any degree of sufficient particularity.[3]

If it's the latter, MCSO struggles to see the relevance of that inquiry given that MCSO's prior October 3, 2025, privilege log produced to the Independent Investigator was created over a month before the Court articulated the new standard for privilege in this matter (*See* Doc. 3307 dated November 7, 2025.). To state the obvious, MCSO was not aware at the time it produced the October 3, 2025 privilege log that it needed to address additional factors this Court would later announce in its November 7, 2025 ruling. These included addressing why each individual on the communications at issue were in the "need to know" and why a particular document or correspondence was not relevant to the Independent Investigator's investigation (at least to the best MCSO could attempt to understand, without any manifest articulation, of what the investigation is about). Again, these new factors, which are addressed in Exhibit A to MCSO's Motion for Reconsideration, should be reviewed by a magistrate judge *in camera* to determine whether its assertion of privilege is appropriate under the test the Court

---

[2] A copy of the October 3, 2025, Second Supplemental Privilege Log MCSO produced to the Independent Investigator is attached hereto as **Exhibit 1**.

[3] While the Independent Investigator's response to MCSO's initial Motion asserted that the privilege log was insufficient, it did not articulate why with any degree of specificity. (Doc. 3271 at 19, n.9). The issues the Independent Investigator did note were with the *initial* privilege log (i.e., lack of Bates numbers, sender/recipient information, date of communication, documents withheld, etc.) that were addressed in the supplemental log provided by MCSO on October 3, 2025. The Court's Order appears to have accepted the Independent Investigator's incorrect characterization that the privilege log was insufficient without any further inquiry (*see* Doc. 3307 at 19) and did not order production of the privilege log if there was any perceived issue with the log. As noted above, and can be seen in Exhibit 1, that was incorrect.

4

just recently set forth. As just stated above, even the Independent Investigator appears to agree with this suggested approach. (Doc. 3271 at 21:6-8).[4]

Thus, MCSO submits that the October 3, 2025, privilege log produced to the Independent Investigator prior to the Court's articulation of the privilege standard is no longer relevant to the privilege issue before the Court. Rather, MCSO submits that a magistrate judge should review MCSO's basis for privilege as delineated in Exhibit A, *in camera* to determine if MCSO has met the Court's newly articulated test.[5]

### III. MCSO REQUESTS LEAVE TO FILE REPLIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND REQUEST FOR IN CAMERA REVIEW OF EXHIBIT A.

Finally, the Court's Order precludes MCSO from filing a reply supporting its Motion for Reconsideration or related Motion for *In Camera* Inspection. (*See* Doc. 3324 at 2:15). MCSO requests leave for the Court to permit it to file replies to these motions.

It bears repeating that this is not an ordinary Motion for Reconsideration or Request for In Camera Inspection. Rather, the reconsideration sought was MCSO's *first* ability to address the new standard the Court articulated (which differed from the prior briefing of MCSO and the Independent Investigator) and subsequently how that new standard applies to the documents at issue with specificity (as contained in Exhibit A). MCSO could not provide this analysis until it received the Court's ruling on November 7, 2025 (which again materially

---

[4] Under either scenario, it is not appropriate for the Independent Investigator to weigh in on this privilege issue. Rather, the issue is for the Court to determine either by addressing the Motion for Reconsideration arguments on the legality of the test it announced, or by having a magistrate judge conduct the requested in camera review. The Independent Investigator is a not a party to this action, is supposedly "independent," and should not be permitted to further litigate this issue. Rather, if the Independent Investigator is truly a proxy for a MCSO investigator, as the Court has repeatedly stated she is, then her task is to conduct her investigation and not further brief or litigate issues in the Court against MCSO – something no MCSO PSB investigator would ever do or have permission to do.

[5] Again, MCSO makes clear that by seeking a magistrate's review in this regard it is not waiving any right to challenge the Court's articulated standard on appeal or its determination that any document should be produced that MCSO has withheld on the basis of privilege or work product.

5

differed from the previously briefed standards). MCSO should be entitled to a reply on issues that have never been fully briefed.

Moreover, the need for a reply is only further highlighted by the fact that despite the Plaintiffs and the United States not filing any briefing on this issue, the Court has invited them to address MCSO's Motion for Reconsideration and related *in camera* request. (*Id.* at 3324).[6] Fundamental fairness demands that the Court allow MCSO leave to address what could be brand new arguments that Plaintiffs or the United States might raise. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Given the foregoing, MCSO respectfully submits that the Court should permit MCSO to file a reply to these motions under the unique circumstances of the issues before the Court, the novel legal issues presented, and the newly announced test by the Court. Put simply, the record will benefit from a full development and discussion of these issues, including allowing a reply from MCSO.

## IV. <u>CONCLUSION.</u>

While MCSO understands the need for expediency here, it is entitled to zealously protect the attorney-client privilege in circumstances that do not appear to have ever been defined in any other action. MCSO respectfully submits this objection with the Court and requests leave to file a reply supporting its pending motions (Docs. 3322, 3321).

---

[6] MCSO maintains that by not previously filing a brief on this issue, Plaintiffs waived asserting any new position on the related Motion for Reconsideration.

6

119269793.1

DATED this 3rd day of December, 2025.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Daniel A. Shudlick
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his
    official capacity as Sheriff of Maricopa
    County, Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2025, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/ Megan Axlund

119269793.1