Shaneeda Jaffer (CA 253449)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile:  628.221.5828
sjaffer@beneschlaw.com

Peter J. Sullivan, Jr. (OH 0100040)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile:  216.363.4588
psullivan@beneschlaw.com

Independent Investigator

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendant. | No. CV-07-2513-PHX-GMS <br><br> **RESPONSE TO SHERIFF SHERIDAN'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 7, 2025 ORDER AND MOTION FOR IN CAMERA INSPECTION** |

1

The Independent Investigator, Shaneeda Jaffer ("Jaffer" or the "Independent Investigator"), submits this Response to Defendant Gerard A. Sheridan's, in his official capacity as Sheriff of Maricopa County ("MCSO" or the "Sheriff"), Motion for Reconsideration of the Court's November 7, 2025 Order and Motion for in Camera Inspection. (Doc. 3321 & 3322.) The Independent Investigator submits this response pursuant to the Court's December 1, 2025 order. (Doc. 3324.) The Independent Investigator urges the Court to reject MCSO's Motion for Reconsideration and again order MCSO to promptly produce the withheld documents. Alternatively, while the Independent Investigator does not object to an in camera review conducted by an independent magistrate, the Independent Investigator seeks an order requiring MCSO to provide the magistrate with all withheld documents in their entirety and permitting the Independent Investigator to submit a letter summarizing the investigation and what constitutes relevant information to aid the magistrate in determining whether the withheld documents should be turned over to the Independent Investigator under the Court's November 7, 2025 Order.

## I.   STANDARD OF REVIEW

"Motions for reconsideration are disfavored and rarely granted." *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994); *see also United States v. Salazar-Valenzuela*, No. CR1102310002PHXDGC, 2022 WL 16635330, at *2 (D. Ariz. Nov. 2, 2022); *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); "Absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence," a motion for reconsideration will be denied. (LRCiv. 7.2(g)(1).) To be granted, the motion must do more than repeat previous arguments or "ask the Court to rethink what it has already thought through." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.")

## II. ARGUMENT

### A. The Court's November 7, 2025 Order is legally sound and pragmatic given the unique circumstances surrounding this issue.

The Court's November 7, 2025 Order provides a detailed and workable three-part privilege analysis which provides MCSO with the opportunity to protect its privilege interests while still ensuring the Independent Investigator is able to conduct a fulsome internal investigation and resolve this issue in a timely manner.

Each prong of the Court's three-part test is well reasoned and supported by appropriate authority. The Court's first prong, which requires MCSO to make a *prima facie* case as to why each document is privileged is not disputed. Regarding the second prong of the Court's test, the Court cites to multiple cases which support its assertion that MCSO must prove that the documents and communications at issue were not disseminated to internal employees who do not "need to know" this information. In so doing, the Court is simply requiring MCSO to show that the privileged communications are not being distributed such that confidentiality would be destroyed. *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 327 (N.D. Cal. 1985) ("the proponent of the privilege carries the burden of establishing all elements of the privilege, including confidentiality, which is not presumed … The confidentiality element and waiver are closely related inasmuch as any voluntary disclosure inconsistent with the confidential nature of the attorney client relationship waives the privilege."). Finally, given the Court's determination that the Independent Investigator stands in the role of the PSB (Doc. 3307 at 6), an internal investigatory body, the Court essentially requires MCSO to demonstrate why the withheld documents are not relevant to the Independent Investigator's investigation. Thus, MCSO is required to explain the basis for the privilege, whether privilege has been waived, and whether the document is relevant.

Given the unique circumstances, the Court has crafted a pragmatic and balanced test which is consistent with case law in the Ninth Circuit. Additionally, the test allows MCSO to protect its privilege interests, while balancing the shared interest in concluding a fulsome

3

1  internal investigation in a timely manner.  As such, the Court's November 7, 2025 Order
2  should be upheld as it is legally sound and pragmatic.
3        The Order is also legally sound inasmuch as it directs MCSO to produce the
4  withheld documents to the Independent Investigator.  The Court noted that, following
5  production of the privilege log to the Independent Investigator, "MCSO's briefing
6  thereafter did not discuss individual documents as the Court directed it to, but dealt with
7  the general question whether disclosure to the Investigator would destroy the privilege."
8  (Doc. 3307 p. 19.)  The Court found MCSO did not meet its burden in establishing that the
9  withheld documents are privileged or protected, or that disclosure to the Independent
10 Investigator would waive any privilege or protection. (*Id.*)  The Court ruled that "[i]n such
11 circumstances, in which the Court has ruled on all arguments raised by the MCSO, the
12 MCSO must now produce the documents." (*Id*. at p. 20.)  This is consistent with other
13 decisions in the Ninth Circuit.  *See, e.g. ODS Techs., L.P. v. Magna Ent. Corp.*, No. CV
14 07-3265-DDP(RCX), 2008 WL 11637487, at *2 (C.D. Cal. Dec. 16, 2008) (requiring
15 defendant to produce withheld documents when they have "not produced any evidence
16 supporting its privilege claims regarding in-house counsel communications, and has not
17 sustained its burden of demonstrating the applicability of any privilege or protection to
18 these documents.").  As such MCSO should be ordered to turn over the withheld
19 documents.
20       In addition to documents withheld on the basis of claimed privilege, MCSO should
21 also be ordered to turn over all work product material that they previously withheld.  Work
22 product protections do not apply in this instance because the Independent Investigator is
23 not an adversary, potential adversary, or conduit to an adversary. (*Id*. at p. 16-19.)  Indeed,
24 as the Court noted, "The Investigator and MCSO share a common purpose—they both
25 'ensure[] that MSCSO employees adhere to the highest ethical standards.'" (*Id.* at p. 16.)
26 The court further noted that "MCSO has provided no indication that the documents
27 withheld on the basis of work-product protection were prepared in anticipation of a dispute
28 with the Independent Investigator." (*Id*.)  She is thus not a potential adversary in this

4

1  context.  As such, any documents withheld on the basis of work-product protections should
2  similarly be produced pursuant to the Order.

> **B.    The arguments presented in MCSO's motion are not sufficient to justify granting a motion for reconsideration.**

As previously stated, granting a motion for reconsideration requires a showing of a manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. *Lynnwood Equip., Inc.*, 841 F.2d at 925-26.  In its motion for reconsideration, MCSO does not meet this standard.  Arizona Federal District Courts consistently define manifest error as "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)); *see also Sanders v. Trinity Servs. Grp. Inc.*, No. CV1801471PHXJATDMF, 2021 WL 568342, at *1 (D. Ariz. Feb. 16, 2021) (same).

First, MCSO's motion does not identify any clear manifest error justifying reconsideration.  While MCSO indicates disagreement with the Court's application of case law, it does not present any binding case law which directly contradicts the Court's finding.  Specifically, with respect to the Court's "need to know" analysis, MCSO argues that the "need to know" standard is inconsistent with Ninth Circuit authority.  This argument ignores numerous Ninth Circuit jurisdictions, including this Court, which have adopted the need to know standard.  *See Hearn v. Rhay*, 68 F.R.D. 574, 579 (E.D. Wash. 1975) ("the presence of third persons who are not essential to the transmittal of information will belie the necessary element of confidentiality and vitiate the privilege."); *Engurasoff v. Coca-Cola Refreshments USA, Inc.*, No. 14MD02555JSWMEJ, 2017 WL 2181104, at *2 (N.D. Cal. May 3, 2017) ("The key concept here is need to know. While involvement of an *unnecessary* third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably *necessary* to further the purpose of the legal consultation preserves confidentiality of communication."); *Melendres*

5

1  *v. Arpaio,* No. CV-07-2513-PHX-GMS, 2015 WL 13649412, at *3 (D. Ariz. Apr. 2, 2015) ("the circulation of information to persons who are not essential to the transmittal of the legal counsel vitiates the privilege."). MCSO has not shown the existence of manifest error.

Second, MCSO has also not introduced any new facts or case law which could not have been presented to the court with reasonable diligence. In its motion, MCSO reasserts previously made arguments and presents case law which could have been presented in prior briefings through reasonable diligence, not a permissible basis for a motion to reconsider. *See Sprint Commc'ns Co., L.P. v. W. Innovations, Inc.*, 618 F. Supp. 2d 1121, 1122 (D. Ariz. 2009) ("A motion for reconsideration may not be used to ask the Court 'to rethink what the court had already thought through—rightly or wrongly.'") The issues resolved in the Court's November 7, 2025 Order have been discussed at length in multiple briefings. Reconsideration is thus inappropriate.

This issue has unduly delayed the completion of this time-limited investigation. To date, MCSO has not provided the Independent Investigator with information sufficient to ascertain whether the withheld documents are privileged or relevant to the investigation. MCSO's briefing has not addressed this issue, and its privilege logs do not provide sufficient information to make this determination. For instance, the Second Supplemental Log (Doc. 3325-1) contains multiple Bates numbers on log entries adding to the confusion and the descriptions, in many cases, are overly generic and provide no detail as to why the document would be irrelevant to the investigation. (*See*, *e.g.*, *Id.* at p.1: "Discuss PSB issues to go before the Court.")

The Independent Investigator made her document requests on August 21, 2025, and 53 days elapsed before MCSO completed its production of non-privileged documents. As a result of the delay, the Independent Investigator was forced to postpone investigative interviews for lack of documentary evidence. MCSO served its initial privilege log on September 15, 2025, and its Second Supplemental Log on October 3, 2025, the same day it filed its initial briefing on this matter. The Court decided this matter on November 7,

6

2025, ordering MCSO to immediately produce the withheld documents. One month has elapsed since the Court's order, but the documents are yet to be produced. The investigation has been delayed long enough.

### C. Alternatively, the Independent Investigator does not object to an in camera review in principle, however, additional procedural steps are necessary to ensure that the magistrate can make an informed determination.

If the Court determines that additional analysis of MCSO's privilege claims is necessary, the Independent Investigator does not object in principle to an in camera review by an independent magistrate of the privileged documents in question, but seeks certain modifications.

In its motion, MCSO requests the Court allow an in camera review in which an independent magistrate would be tasked with determining whether privilege applies and whether any document should be produced by relying on a single document drafted by MCSO, which MCSO identifies as "Exhibit A." (Doc. 3321 at 1-2.) MCSO represents that Exhibit A outlines "its basis for attorney-client privilege, its reason why it did not waive the privilege regarding the documents and correspondence at issue which were circulated to individuals within MCSO, and why the Independent Investigator is not separately in a "need to know" for the content of the privileged communications."[1] (*Id*. at 2.) The Independent Investigator does not believe that "Exhibit A" is sufficient to provide a magistrate with enough information to determine whether the withheld documents are irrelevant to the investigation and would thereby satisfy the privilege analysis outlined in

---

[1] MCSO states that Exhibit A contains the following information: "1) Bates number(s) of email or attachments; 2) date and time email or attachment were sent; 3) author of email or attachment; 4) recipient(s) of email or document; 5) description of the email or document, including subject line; 6) reason why MCSO asserted privilege; 7) reason that has not occurred; and 8) reason that the email or document is irrelevant to the Independent Investigator's investigation." (Doc. 3322 p.15.) This is precisely the types of information that should have been included in MCSO's privilege log in the first instance. This issue may well have been resolved months ago had MCSO provided sufficient level of detail on its log but, at present, the Independent Investigator is still unable to ascertain what documents are privileged and/or relevant to her investigation.

7

the Court's November 7, 2025 Order.

To ensure that the magistrate is able to make an impartial and informed decision regarding the privileged nature and relevance of the withheld documents and communications, it is vital that the magistrate is able to review the documents and communications in their entirety, instead of relying solely on MCSO's characterization of the documents and communications. *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) ("proper procedure for asserting the attorney-client privilege as to particular documents, or portions thereof, would have been for appellants to submit them in camera for the court's inspection, providing an explanation of how the information fits within the privilege."); *see also Federal Sav. and Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (citing *United States v. Zolin*, 491 U.S. 554 (1989) (in camera review of documents appropriate when necessary to determine if communications are privileged).

In addition, as the magistrate would be unfamiliar with the detailed subject matter of the investigation, the Independent Investigator also requests that the Court permit the submission of a letter by the Independent Investigator to the magistrate which will outline the nature of the investigation and what is relevant to aid the magistrate in their review of the third prong of the privilege test put forth in the Court's November 7, 2025 Order. This is especially important if MCSO is permitted to submit Exhibit A in addition to the documents as the magistrate cannot rely solely on MCSO's characterization of what is or is not relevant to the investigation.[2]

The submission of the withheld documents and the letter from the Independent Investigator to the magistrate will ensure that MCSO is provided with the opportunity to protect its privilege interest while still ensuring the magistrate can make an informed and fully impartial determination for all of the documents and communications at issue. Therefore, should an in camera review be ordered, the Internal Investigator urges that the Court require MCSO to turn over all withheld documents or communications to the

---

[2] The Independent Investigator does not necessarily object to MCSO's submission of Exhibit A, but rather objects to it as the sole authority for privilege and relevance.

8

magistrate. Additionally, the Independent Investigator requests permission to submit a confidential letter to provide the magistrate with information and necessary context about the investigation.

### III.     CONCLUSION

In its November 7, 2025 Order, this Court outlined a detailed three prong privilege test that is both legally sound and fair to all involved parties. MCSO has not presented any arguments to justify reconsidering the Order as it has not demonstrated that a manifest error has occurred nor has it presented new arguments or case law that contradicts the Court's finding. MCSO's disagreement with the Court's determination is not a sufficient basis to justify the grant of a motion for reconsideration and MCSO should therefore comply with the Court's November 7 Order and immediately produce the withheld documents. Alternatively, while the Independent Investigator does not object to an in camera review of the privileged documents, more context is required to ensure that the magistrate is fully informed and able to properly determine whether the withheld documents satisfy this Court's test. This time-limited investigation has been delayed long enough. As such, the Independent Investigator requests a swift resolution of this matter either through production or through expeditious in camera review.

For these reasons, the Independent Investigator respectfully requests that this Court deny MCSO's Motion for Reconsideration and again order MCSO to immediately produce the withheld documents. Alternatively, should an in camera review be permitted, the Independent Investigator requests this Court enter an order requiring MCSO to turn over all withheld documents to the Court for review, and permitting the submission of a confidential letter from the Independent Investigator outlining the investigation and providing the Court with necessary context to make a proper privilege determination.

| | | |
|---|---|---|
| 1 | Dated:  December 8, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | *s/ Shaneeda Jaffer* |
| 4 | | Shaneeda Jaffer (CA 253449)<br>Benesch, Friedlander, Coplan & Aronoff LLP |
| 5 | | 100 Pine Street, Suite 3100<br>San Francisco, California 94111 |
| 6 | | Telephone:  628.600.2250<br>Facsimile:  628.221.5828 |
| 7 | | Email:  sjaffer@beneschlaw.com |
| 8 | | |
| 9 | | Peter J. Sullivan, Jr. (OH 0100040)<br>Benesch, Friedlander, Coplan & Aronoff LLP |
| 10 | | |
| 11 | | 127 Public Square, Suite 4900<br>Cleveland, Ohio 44114 |
| 12 | | Telephone:  216.363.4500<br>Facsimile:  216.363.4588 |
| 13 | | Email: psullivan@beneschlaw.com |
| 14 | | |
| 15 | | Independent Investigator |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2025, I caused the foregoing document to be filed with the Court and served on counsel of record via email.

*s/ Shaneeda Jaffer*
Shaneeda Jaffer (CA 253449)