Eduardo Casas*
Mexican American Legal Defense and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Email: ecasas@MALDEF.org
Telephone: (213) 629-2512

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* <br><br> Defendants. | **CV-07-2513-PHX-GMS** <br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO THE MONITOR'S COST REPORT (DOC. 3319)** |

Additional Attorneys for Plaintiffs:

| | |
|---|---|
| Cecillia D. Wang* <br> cwang@aclu.org <br> ACLU Foundation <br> 425 California Street, Suite 700 <br> San Francisco, CA 94104 <br> Telephone: (415) 343-0775 | **Victoria Lopez** <br> vlopez@acluaz.org <br> Christine K. Wee <br> cwee@acluaz.org <br> John M. Mitchell <br> jmitchell@acluaz.org <br> ACLU Foundation of Arizona <br> 2712 North 7th Street <br> Phoenix, AZ 85006 <br> Telephone: (602) 650-1854 |
| Jenn Rolnick Borchetta* <br> jborchetta@aclu.org <br> American Civil Liberties Union <br> Criminal Law Reform Project <br> 125 Broad Street <br> New York NY 10004 <br> Telephone (914) 462-2363 | Sebrina M. Shaw (024545) <br> Shaw Law Firm, P.L.L.C. <br> 698 Cove Parkway, Suite A <br> Cottonwood, AZ 86326 <br> Telephone: (928) 646-0369 <br> sshaw@acluaz.org |
| Stanley Young* <br> syoung@cov.com <br> Covington & Burling LLP <br> 3000 El Camino Real <br> 5 Palo Alto Square, 10th Floor <br> Palo Alto, CA 94306-2112 <br> Telephone: (650) 632-4700 | |
| Amy S. Heath* <br> aheath@cov.com <br> Covington & Burling LLP <br> 415 Mission St., Ste. 5400 <br> San Francisco, CA 94105 <br> Telephone: (415) 591-6000 | |

*Pro Hac Vice*

**Reply to Defendants' Response to the Monitor's Cost Report**

Plaintiffs hereby provide this Reply to Defendants' Response to the Monitor's Cost Report (Doc. 3319). According to the budget report, Defendants have apparently been using the *Melendres* case to obtain millions of dollars to pay for personnel, renovations, a golf cart, 25 separate cable subscriptions, and other benefits irrelevant to implementing the required reforms (Doc. 3263 at 72). They were given an opportunity--which they initially indicated to the court they wanted--to justify tens of millions in costs that appear to have been improper. The Court's order only required Defendants to indicate whether they wanted that opportunity, so that the Court could establish a process for addressing such a submission, and to identify accepted accounting principles. In response, the Sheriff and County each declined to justify their apparent abuse of taxpayer dollars. But instead of ending their submissions there, they used their submissions for irrelevant and unsupported accusations against the Monitor and this Court

Defendants are wrong in asserting that Plaintiffs do not have a legitimate interest in MCSO's cost allocation methods because their position is premised on a gross mischaracterization of the underlying harm. The Plaintiff Class, comprised of Latino motorists subjected to abuses of power by MCSO, painstakingly litigated the underlying suit to vindicate their constitutional rights and dignity. The court orders guiding compliance efforts are an integral part of that vindication. Costs in this case have been used to suggest the remedial process is somehow corrupt or burdensome, leading to angry community meetings that undermine reforms. Meanwhile, Defendants have not yet complied with significant reforms and this animosity threatens Plaintiffs' entitlement to full compliance.

Defendants have resisted the Court's orders from the very beginning, leading to two separate contempt proceedings. Moreover, MCSO and other public officials have repeatedly stoked anger over continued oversight, arguing that it costs "taxpayers" too much money and may even be corrupt without providing evidence to support those

accusations.[1] As made clear by the unfortunate events during the July 2025 community meeting, remedial efforts do not occur in a vacuum and statements made by Defendants concerning the legitimacy of ongoing compliance efforts have tangible consequences for members of the Plaintiff Class.[2] The perception that the Court is forcing Defendants to improperly funnel millions of dollars into the coffers of interested individuals has antagonized people into showing up to community meetings, visibly armed, with use of racial slurs directed at class members. The community meetings are supposed to be constructive spaces for class members to discuss *Melendres*-related issues, but Defendants have instead contributed to making this space hostile by creating an illusion of ballooning compliance costs whereas the real facts are that Defendants may have actually misappropriated millions of dollars. The costs in this case have been used like a sword against full reform, and Plaintiffs are entitled to complete compliance.

Defendants' arguments as to injunctive relief and sanctions are irrelevant because the Court is not entering new injunctive relief or sanctions. Instead, the court is exercising its inherent equitable authority to manage the implementation of reforms in this case. Oversight of costs is commonly part of that exercise. Indeed, in this case, the Court is regularly reviewing and approving costs of the Monitor. Defendants further misapply *Milliken v. Bradley*. 433 U.S. 267, 282 (1977). Defendants cite *Milliken* for the proposition

---

[1] Howard Fischer, Supervisors Call for End to $353M Oversight of Sheriff's Office, The Center Square (date not provided), https://www.thecentersquare.com/arizona/article_129d4718-9047-4d6d-be90-877a70ddd448.html.
Sheriff Paul Penzone Steps Down, AZ PBS Horizon (Nov. 2023), https://azpbs.org/horizon/2023/11/sheriff-paul-penzone-steps-down/.
County Attorney Says Monitor Has Financial Incentive to Continue MCSO Oversight, AZ Family (July 18, 2025), https://www.azfamily.com/2025/07/18/county-attorney-says-monitor-has-financial-incentive-continue-mcso-oversight/.
$311 Million and Counting: Public Questions Oversight of Arpaio-Era Reforms, AZ Family (July 17, 2025), https://www.azfamily.com/2025/07/17/311-million-counting-public-questions-oversight-arpaio-era-reforms/.

[2] Jeremy Duda, Safety Changes to Maricopa County Sheriff Meetings in Latino Racial Profiling Case Await Federal Judge's Order, AZ Luminaria (Sept. 22, 2025), https://azluminaria.org/2025/09/22/safety-changes-to-maricopa-county-sheriff-meetings-in-latino-racial-profiling-case-await-federal-judges-order/.

that courts must "heel close to the identified violation and respect the interests of state and local authorities in crafting remedies to constitutional violations." Def. Mot. at 5. That's simply the standard for imposing an injunction, and neither the budget report itself nor future transparency as to costs expended on reforms in this case constitute an injunction. As Defendants recognize, the Court did not mandate that Defendants change their accounting practices. Def. Mot. at 4.

Defendants have repeatedly used the cost of litigation to call for a premature end to reforms or to suggest the reform process is not fair or appropriate. Improperly ratcheting up costs in this case and then using the high cost to disparage and potentially undermine the reform process puts the Plaintiffs' entitlement to full and complete compliance with reforms at risk. And now--after the budget report's exposure--Defendants cast the millions of dollars in costs as their overzealousness. *See generally* Def. Mot. Defendants are using costs in this case as a sword and shield to their convenience.

All parties share the goal of bringing MCSO into full compliance as soon as possible, but what Defendants seek amounts to moving the goal post closer to them after two sheriffs have been held in contempt and while county officials continue to cast doubt on legitimacy of this remedial process and the current Sheriff while he was in the position of a prior Sheriff's Chief Deputy. Class members are entitled to full compliance with reforms. Defendants' accounting methods are now relevant because Defendants made them so. While Defendants' decision to decline to justify their costs might fully resolve the Court's order, Plaintiffs respectfully submit that transparency as to costs going forward would provide needed protection for Plaintiffs because it would ensure Defendants cannot use incorrect claims as to cost as a sword and shield against achieving full compliance with reforms. Toward that end, Plaintiffs request that Defendants be required to submit their costs to the Court, according to the accounting principles identified in Plaintiffs filing (Dkt. No. 3318), on an annual basis. This would not require a direction as to how Defendants maintain or approve expenditures. It would simply provide transparency as to costs Defendants are already tracking.

3

Finally, Defendants argue the Monitor and Court somehow abused their authority in generating the budget report and offering Defendants an opportunity to justify their alarming expenditures. Defendants worked with the Monitor on the budget report for a year. They were involved in collecting cost information, reviewing that information, and answering questions about that information. They were advised in advance that the report would contain findings and that the Court would address a process for responding to those findings, should Defendants want to respond. (As Defendants have now said, they do not.) Meanwhile, Defendants have not identified a single finding in the budget report that is incorrect. Defendants' decision to attack the Court and Monitor as somehow over-reaching against this backdrop is unhelpful to the collaborative process. Defendants further suggest they have no interest in changing their conduct as it pertains to the issues raised here. Def. Mot. at 9. In order to achieve complete compliance with reforms in an efficient manner, the parties and Monitor must work collaboratively. Plaintiffs are entitled to full compliance, and Defendants' misfeasance has delayed reform long enough.

**Respectfully Submitted,**                                    **Dated: December 11, 2025**

/s/Eduardo Casas
Eduardo Casas*
Mexican American Legal Defense
and Educational Fund.

Christine K. Wee
Victoria Lopez
John M. Mitchell
ACLU Foundation of Arizona

Jenn Rolnick Borchetta*
Cecillia D. Wang *
ACLU Foundation

Stanley Young*
Amy S. Heath*                           *Sebrina M. Shaw* (024545)
Covington & Burling, LLP                Shaw Law Firm, P.L.L.C.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/Eduardo Casas
Eduardo Casas*
Mexican American Legal Defense
and Educational Fund.

5