Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
John M. Mitchell
jmitchell@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

*Attorneys for Plaintiffs (Additional attorneys for Plaintiffs listed on next page)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*,<br><br>         Plaintiffs,<br><br>and<br><br>United States of America,<br><br>         Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.*<br><br>         Defendants. | Civil Case No.: CV-07-2513-PHX-GMS<br><br>**PLAINTIFFS' RESPONSE TO MARICOPA COUNTY'S MOTION FOR EXCESS PAGES (DOC. 3336); AND PROPOSAL FOR PROCESS FOR THE COUNTY'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT** |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Eduardo Casas*
ecasas@MALDEF.org
Mexican American Legal Defense and
Educational Fund
634 South Spring Street, 11th Floor Los
Angeles, California 90014 Telephone:
(213) 629-2512

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

*Pro Hac Vice

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND OF THE INSTANT MOTION FOR PAGE LENGTH
EXTENSION ........................................................................................................ 1

III. ARGUMENT ........................................................................................................ 2

    A. The County's Motion and Conduct Violate the Court's Prior Order
as to the Notice and Meet and Confer Requirements for Moving to
Terminate Relief. ....................................................................................... 2

    B. Enforcement of the Meet and Confer Requirement Is Warranted in
Light of Serious Issues Regarding MCSO's Lack of Compliance
with Substantive Portions of the Court's Injunctive Orders. ..................... 4

    C. Neither Rule 60 Nor Any Other Exigency Should Lead the Court to
Change Its Order Regarding the Procedure for Moving to Terminate
Relief. ......................................................................................................... 5

IV. PLAINTIFFS' PROPOSED ORDER REGARDING SCHEDULE AND
PROCEDURE AS TO THE COUNTY'S RULE 60 MOTION. ........................... 6

V. CONCLUSION ..................................................................................................... 8

I.      INTRODUCTION

Plaintiffs respectfully oppose Defendant Maricopa County's (the "County") Motion for Leave to File Excess Pages, Doc. 3336, for its Federal Rule of Civil Procedure 60 motion to terminate this Court's injunctive relief.  The parties regularly engage in discussion as to how best to reform the Maricopa County Sheriff's Office ("MCSO") and move it toward ultimate compliance, including whether or how to terminate sub-provisions.  Yet the County filed its motion without warning the Plaintiffs of the motion's substance and knowing that Defendants are not yet in compliance with significant reforms.  The County's surprise motion was filed in violation of clear procedures set forth in the Court's October 2, 2013, Supplemental Permanent Injunction/Judgment Order (the "First Order"), Doc. 606, that require, among other things, notice of a motion to terminate and conferral among the parties.  *Id.* ¶ 4.  The County's decision to flout Court-ordered procedures undermines the parties' ability to implement reforms and wastes time and resources.  Indeed, the County's motion is yet another in a long line of distractions created by Defendants that interfere with efficient reform implementation.

Plaintiffs intend to oppose the County's request to terminate all reforms in this matter because significant work, which is necessary to protect the Plaintiffs from racial targeting and abusive traffic stops, remains outstanding.  However, Plaintiffs believe it is possible to cure the procedural deficiencies in the County's filing and to identify a path by which the parties might reach agreement to limit the matters in need of litigation.  To that end, Plaintiffs ask that the Court order the parties to follow a schedule and procedure, set forth in the Court's long-standing First Order, Doc. 606, that will produce a fair and orderly consideration of the County's Rule 60 motion, as set forth more specifically below.

II.     BACKGROUND OF THE INSTANT MOTION FOR PAGE LENGTH EXTENSION

In an email dated December 15, 2025, recently added counsel for the County notified Plaintiffs' counsel that they intended to file a motion for relief from judgment under Rule 60.  On December 17, the County filed a motion for leave to exceed page limits

1

for its Rule 60 motion. Doc. 3336. The County that same day also lodged its 30-page Rule 60 motion. Doc 3337. Currently before the Court is the County's request for excess pages.

The County disregards the fact that the Court's First Order explicitly governs the procedure for moving to terminate its provisions. Paragraph 4 of the First Order states:

> If Defendants move to terminate, Defendants must provide the Monitor and Plaintiffs with notice that they intend to do so at least 60 days prior to filing a motion to terminate. The Parties shall confer with each other and the Monitor to see if any disagreements can be resolved before Defendants file their motion with the Court. If, after a reasonable period of consultation and the completion of any audit or evaluation that Plaintiffs and/or the Monitor may wish to undertake, including On-Site Observations, document review, or interviews with the Defendants' personnel, the Parties cannot resolve any compliance issues, the Defendants may file a motion to terminate this Order. If the Defendants move for termination of this Order, Plaintiffs will have 60 days after the receipt of the Defendants' motion to object to the motion.

Doc. 606 ¶ 4.

As of the filing of this Opposition, Plaintiffs have not had 60 days' notice from the December 15 County notification date, and the parties have not met and conferred about the contents of that motion.

III.     ARGUMENT

    A.     The County's Motion and Conduct Violate the Court's Prior Order as to the Notice and Meet and Confer Requirements for Moving to Terminate Relief.

The County's motion for leave to exceed the page limits is improper because the proper time to file its motion has not yet arrived. Indeed, if the County had provided proper notice and engaged in the required meet and confer, the County may have concluded that

2
PLAINTIFFS' RESPONSE TO MARICOPA COUNTY'S MOTION FOR EXCESS PAGES (DOC. 3336); AND PROPOSAL FOR
PROCESS FOR THE COUNTY'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT

it did not need all the discussion in its lodged 30-page brief. As an alternative to simple denial of the County's excess page request, however, Plaintiffs below propose that the County be allowed to file its currently lodged motion but that the County and Plaintiffs (as well as the other parties) be required to follow the meet and confer requirements that the Court laid out in Paragraph 4 of its First Order.

The Court has specified the procedure for a party to move to terminate the First Order. Doc. 606 ¶ 4. To achieve compliance, Defendants are required to achieve "Full and Effective Compliance" for at least three continuous years prior to termination. *Id.* Should the parties disagree about whether Defendants have achieved such compliance, "[t]he Parties shall confer with each other and the Monitor to see if any disagreements can be resolved before Defendants file their motion with the Court." *Id.* Further, "Defendants must provide the Monitor and Plaintiffs with notice that they intend to do so at least 60 days prior to filing a motion to terminate." *Id.* And, "[i]f, after a reasonable period of consultation and the completion of any audit or evaluation that Plaintiffs and/or the Monitor may wish to undertake, including On-Site Observations, document review, or interviews with the Defendants' personnel, the Parties cannot resolve any compliance issues, the Defendants may file a motion to terminate this Order." *Id.* After such filing, Plaintiffs then have 60 days to object to the motion. *Id.*

These procedural requirements serve the Court, the Plaintiffs, and the public. The meet and confer requirement conserves judicial resources by reducing motion practice and encouraging parties to work out disagreements outside of court. This requirement is particularly important in a class action that established widespread constitutional violations at trial, where Defendants have been charged with implementing over three hundred paragraphs' worth of reforms and have more than once been found in contempt for failing to comply with court-ordered changes. It takes time to fairly assess Defendants' compliance.

3
PLAINTIFFS' RESPONSE TO MARICOPA COUNTY'S MOTION FOR EXCESS PAGES (DOC. 3336); AND PROPOSAL FOR PROCESS FOR THE COUNTY'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT

1    Defendants' failure to provide the required 60-day notice and to participate in the
2    required meet and confer would suffice to warrant denial of the County's request to file an
3    overlong motion to terminate.

4    B.  Enforcement of the Meet and Confer Requirement Is Warranted in Light of Serious Issues Regarding MCSO's Lack of Compliance with Substantive Portions of the Court's Injunctive Orders.
5    

6    Compliance with the meet and confer requirement of Paragraph 4 will allow the
7    parties to discuss the difficult substantive issues that still exist around the issue of the
8    MCSO's compliance with the Court's injunctive orders and that raise serious questions
9    about the County's claim of "success."

10    The MCSO is *not* in Full and Effective Compliance with the Court's orders, and the
11    Plaintiff class continues to be harmed by that non-compliance. In the most recent Forty-
12    Fourth Quarterly Status Report released in October 2025, the Monitor determined that the
13    MCSO remained noncompliant with multiple paragraphs across the four injunctive orders
14    in this case; this total excludes paragraphs marked "deferred" in which the Monitor could
15    not assess compliance. Doc. 3268 at 6–7. In that report, and in multiple prior reports, the
16    Monitor found that the MCSO was not in compliance with the important Paragraph 70,
17    which requires corrective action for "systemic problems of racial profiling, unlawful
18    searches or seizures". *Id*. at 98–104. In its October 2025 report regarding the backlog in
19    Professional Standards Bureau cases, the MCSO noted that its "backlog reduction did not
20    meet the monthly goal" and that, for the quarter, "the backlog reduction is on track to,
21    potentially, fall short of the goal by 27 cases." Doc. 3309-1 at 3. Defendants have also not
22    yet shown sustained compliance, which is an accomplishment needed to demonstrate that
23    Defendants will not revert to prior bad acts once this litigation ends. Given these shortfalls,
24    it is all the more essential that Plaintiffs are given the time that they need to meaningfully
25    confer with Defendants and the United States and to respond to the County's motion.

26    An especially acute concern over the last year has been a troubling pattern in the
27    MCSO's practice of marking traffic stops with extended traffic stop indicators ("ETSIs")
28    in a racially disproportionate way and then excluding ETSI stops from their assessments

1  for racial disparities in traffic stops. *See* Doc. 3281 at 2. Stops coded with ETSIs
2  disproportionately involve Latino, Black, and other minority drivers. *Id.* at 3. MCSO's
3  use of the ETSI designation is currently very high and has been significantly increasing in
4  the most recent time periods. *Id.* MCSO's practice of excluding the increasing number of
5  racially disproportionate ETSI stops from its traffic stop racial disparity analyses raises
6  troubling questions about both MCSO's intent and the reliability of its purported statistical
7  findings.

8  Over the past few months, counsel for Plaintiffs and Defendants have been meeting
9  and conferring on the ETSI issue. At the last site visit in October, Plaintiffs offered to
10 provide specific suggestions to Defendants for steps that might resolve Plaintiffs' concerns
11 on extended traffic stops marked as ETSIs. On December 17, 2025, Plaintiffs did so,
12 furnishing Defendants and the Monitor with a list of proposed steps to address problems
13 with increasing use of ETSIs. *See* Exhibit A. Compliance with Paragraph 4's timelines
14 and processes will allow a greater chance for such discussion on matters like this to
15 progress, giving Plaintiffs a fairer chance to respond to the County's Rule 60 motion.

16 The ETSI issue alone may demonstrate that there has not been a "significant change
17 in circumstances warrant[ing] revision" of the court's injunctive orders. *Rufo v. Inmates*
18 *of Suffolk County Jail*, 502 U.S. 367, 383 (1992). Plaintiffs offer it here only as one
19 example of many that exist. Sufficient time and conferral are necessary to allow full and
20 fair consideration of this and other issues.

21     C.   Neither Rule 60 Nor Any Other Exigency Should Lead the Court to Change
22          Its Order Regarding the Procedure for Moving to Terminate Relief.

23 Nothing in Federal Rule of Civil Procedure 60(b)(5) and (6), which the County cites
24 in its proposed motion to terminate, nullifies Paragraph 4's requirements or makes
25 Paragraph 4 inapplicable to the County's motion. Paragraph 4 is an example of the Court's
26 inherent authority to manage its docket via appropriate briefing schedule orders. *See S.*
27 *Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have inherent
28 power to control their dockets." (cleaned up)); *cf. Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The County cites no exigency or emergency to justify its attempt to short circuit the long-standing procedural requirements of the First Order, and none exist.

Further, "Rule 60(b) relief should be granted sparingly to avoid manifest injustice and *only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (emphasis in original) (cleaned up); *see also Plaut v. Spendthrift Farms, Inc.*, 514 U.S. 211, 233–34 (1995) ("Rule 60(b) . . . merely reflects and confirms the courts' own inherent and discretionary power . . . to set aside a judgment whose enforcement would work inequity." (cleaned up)). The County "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo*, 502 U.S. at 383. These principles make it even more egregious that the County seeks to ignore Paragraph 4.

### IV. PLAINTIFFS' PROPOSED ORDER REGARDING SCHEDULE AND PROCEDURE AS TO THE COUNTY'S RULE 60 MOTION.

Rather than simply prohibit the County from filing its overlong paper, however, Plaintiffs believe that the more efficient course is for the Court to put the parties back to where they would have been if the County has followed the requirements of Paragraph 4, without requiring the County to submit a whole new paper at a later time. Provision is additionally needed to allow a fair process for any additional submissions by the Sheriff and the United States that also seek termination. Therefore, Plaintiffs request that the Court order as follows:

  a. The County is relieved from the page limit and has leave to file the 30-page motion for termination that it lodged on December 17, 2025. The schedule relative to that motion is set forth below.

    b. The parties are ordered to meet and confer to determine whether and to what extent they can come to any agreements regarding the various items contained in the County's motion to terminate. This meet and confer shall commence no later than January 6, 2026, and can continue until February 20, 2026.

    c. If and to the extent the parties continue to have disagreements over the subject matter of the County's motion to terminate, then briefing to resolve those disagreements shall proceed as follows:

        i. If and to the extent Sheriff Sheridan or the United States supports the County's motion for termination, in whole or in part, they shall have until March 6, 2026, to file their response to the County's motion, to be limited to 30 pages each.

        ii. Plaintiffs shall have until May 5, 2026, to file a response and/or objection both to the County's motion and to any submission from Sheriff Sheridan or the United States. For their response and/or objection, Plaintiffs shall be allowed as many total pages as the County, the Sheriff and the United States shall have filed in support of termination.

        iii. The County shall have until May 26, 2026, to file a reply brief of no more than 20 pages.

        iv. If the County's reply brief addresses issues beyond those addressed in the County's initial paper (e.g., covers issues addressed in Sheriff Sheridan's or the United States' submissions that were not addressed in the County's initial paper), Plaintiffs may have until June 16, 2026, to file a surreply of no more than 20 pages.

    d. Any request by Sheriff Sheridan or the United States for termination of a provision not specifically included in the County's motion shall follow the procedures set forth in Paragraphs 4 and 5 of Doc. 606. Any such

additional request for termination will be treated as a motion under the Local Rules.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order with the provisions set forth above.

Respectfully submitted this 22nd day of December, 2025.

By: */s/Stanley Young*
Christine K. Wee
Victoria Lopez
John M. Mitchell
ACLU Foundation of Arizona

*/s/Jenn Rolnick Borchetta "with authorization"*
Jenn Rolnick Borchetta*
Cecillia D. Wang *
ACLU Foundation

Stanley Young*
Amy Heath*
Covington & Burling, LLP

Eduardo Casas*
Mexican American Legal Defense and Educational Fund

Sebrina M. Shaw
Shaw Law Firm, P.L.L.C.

*Attorneys for Plaintiffs*

*Pro Hac Vice

8

PLAINTIFFS' RESPONSE TO MARICOPA COUNTY'S MOTION FOR EXCESS PAGES (DOC. 3336); AND PROPOSAL FOR PROCESS FOR THE COUNTY'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

*/s/Stanley Young*
Stanley Young