Dominic E. Draye, SBN 033012
drayed@gtlaw.com
Matthew P. Hoxsie, SBN 034952
hoxsiem@gtlaw.com
Zachary H. Levy, SBN 039323
zach.levy@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000

*Attorneys for Defendant-Intervenor Maricopa County*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>and<br><br>United States of America, Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>Defendants. | Case No. CV-07-2513-PHX-GMS<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO EXCEED PAGE LIMITS**<br><br>(Assigned to the Hon. G. Murray Snow) |

Plaintiffs' Response to Maricopa County's Motion for Excess Pages (Doc. 3336) and Proposal for Process for the County's Rule 60 Motion for Relief from Judgment (the "Response;" Doc. 3341) illustrates perfectly the burden of ongoing legal proceedings and the importance of relief from a process that has accomplished its worthy goals. What remains is a time-consuming process that devours public resources while keeping lawyers busy.

As a foundational matter, the Response does not take issue with Maricopa County's request to file its Motion for Relief from Judgment (the "Rule 60 Motion") in excess of the 17-page limit otherwise provided under the Local Rules. Nor could Plaintiffs dispute the requested page-length extension in good faith; 29 pages for a motion that seeks to wrap up this long-running litigation is eminently reasonable. And when conferring with Plaintiffs' counsel regarding the additional pages, the County preemptively offered a reciprocal 30 pages for Plaintiffs' response—the very same page limit they ask for in their Response.

But instead of consenting to the present Motion for Leave (as Plaintiff-Intervenor the United States did), Plaintiffs make an unrelated argument for an extension of time that would prolong proceedings by six months and give them the last word on the County's Rule 60 Motion. To account for the holidays, the County already suggested an additional 30 days for Plaintiffs to respond to the Rule 60 Motion. (Doc. 3336 at 2 n.1). And there is nothing to support Plaintiffs' demand that the **non**-moving party have the last word. Plaintiffs' Response is an invitation to the very inefficiency that frustrates the County and delays resolution of this already-successful litigation. The Court should reject it and grant Plaintiffs a 30-day extension and a 30-page limit for opposing the Rule 60 Motion—exactly as the County offered.

### A. Plaintiffs' Reference to Paragraph 4 Is Misplaced.

Plaintiffs begin their brief with a half-hearted reference to Paragraph 4 of the First Order (Doc. 606). (Resp. at 4:7-12). That Paragraph imposes a number of requirements on any party seeking a declaration of Full and Effective Compliance with every paragraph of every Order. (Doc. 606 at 8-9). That is not, of course, what the County is requesting in the Rule 60 Motion. By quickly abandoning the point in favor of a prolonged briefing schedule, Plaintiffs appear to recognize that Paragraph 4 is inapplicable. Nevertheless, the County highlights a number of reasons for that conclusion.

**First**, the County did not file a "motion to terminate" pursuant to Paragraph 4. The Rule 60 Motion is not dependent on achieving "Full and Effective Compliance" in accordance with the terms of the Orders and maintaining that Full and Effective Compliance

"for at least three continuous years prior to termination," which itself is dependent on the Monitor's discretionary approval. Instead, the County filed a motion for relief from judgment pursuant to Rule 60, the very premise of which is that the County has **not** satisfied the precise terms for termination under the Orders themselves. As the Rule 60 Motion readily concedes, the County could not claim relief under Paragraph 4. But the County is entitled to relief under Rule 60 because continued enforcement of the Orders' remaining requirements would be inequitable in light of changed circumstances—*i.e.*, the policy changes MCSO has made and the lack of any systemic constitutional violation for many years.

**Second**, if Plaintiffs' suggestion is that Paragraph 4 supplants Rule 60, such that the latter is unavailable, that is mistaken. A district court's inherent power "does not include the power to develop rules that circumvent or conflict with the Federal Rules." *United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2011). In the area of relief from judgments, district courts' power to release a judgment "has been merged into Rule 60 of the Federal Rules of Civil Procedure." *United States v. Krilich*, 152 F. Supp. 2d 983, 990 (N.D. Ill. 2001); *see also id.* ("There are no separate inherent powers that are more expansive than those provided for in Rule 60(b)."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, No. 98-6621-CIV-DIMITROULEAS, 2006 WL 8563443, at *2-3 (S.D. Fla. Feb. 28, 2006) ("The Court's inherent power to modify judgments and decrees in certain circumstances . . . has been [expressly] codified in Rule 60(b) of the Federal Rules of Civil Procedure.").

Paragraph 4's differences from Rule 60 are apparent on its face. Its extensive substantive requirements provide as follows:

> The Parties may agree to jointly ask the Court to terminate this Order if the Parties agree that Defendants have achieved Full and Effective Compliance and maintained such compliance for no less than three continuous years. If the Parties disagree on whether Defendants have achieved Full and Effective Compliance for no less than three continuous years, either Party may seek to terminate this Order. If Defendants move to terminate, Defendants must provide the Monitor and Plaintiffs with notice that they intend to do so at least 60 days prior to filing a motion to terminate. The Parties shall confer with each other and the Monitor to see if any disagreements can be resolved before Defendants file their motion with the Court. If, after a reasonable period of

3

consultation and the completion of any audit or evaluation that Plaintiffs and/or the Monitor may wish to undertake, including On-Site Observations, document review, or interviews with the Defendants' personnel, the Parties cannot resolve any compliance issues, the Defendants may file a motion to terminate this Order.

Contrary to Plaintiffs' characterization, Paragraph 4 does not create a simple meet-and-confer requirement, as is the case with motions to dismiss under Rule 12 or for summary judgment under Rule 56. It erects a framework under which Plaintiffs and the Monitor may conduct "any audit or evaluation [they] wish to undertake, including On-Site Observations, document review, or interviews with the Defendant's personnel." And even then, Paragraph 4 precludes Defendants from filing a "motion to terminate" until a "reasonable period of consultation" has occurred—however long that may be. And because Paragraph 4 does not include a dispute-resolution procedure regarding the manner and scope of the "audit or evaluation," "On-Site Observations, document review, or interviews," in the (tragically, likely) event that the Parties disagree on those processes, the result would be further briefing before the Court.

***Third***, even if Paragraph 4 applied, the parties have already met and conferred for far longer than 60 days on Defendants' entitlement to Full and Effective Compliance. Plaintiffs recognize as much just one page after intimating that Paragraph 4 might apply: "Over the past few months, counsel for Plaintiffs and Defendants have been meeting and conferring on the ETSI issue." (Doc. 3341 at 8). That is to say nothing of the continuous meeting and conferring in connection with the quarterly reports. Defendants have made no secret of their views—occasionally embraced by the Monitor—that they have reformed their ways and complied with many provisions in the Court's Orders. As explained in the Rule 60 Motion, the Monitor has recognized Full and Effective Compliance with policy changes (Phase 1), and the Monitor has agreed with MCSO's handling of all CRM complaints. (Doc. 3337 at 7-9, 12). Requiring further proceedings is unnecessary. If Plaintiffs wish to concede that relief is appropriate for any Paragraphs, they can do so in their response to the Rule 60 Motion. But because they have made clear that they do not believe changed circumstances

4

entitle Defendants to relief from federal oversight (*e.g.*, Resp. at 4:8), there is no point in further discussing the issue.

Ultimately, the half-hearted allusion to Paragraph 4 is a pretext for what Plaintiffs truly seek: an extension of time that is impossible to justify on its own terms.

### B.   Plaintiffs' Proposed Briefing Schedule is Unreasonable.

The substance of Plaintiffs' Response—nominally related to a motion for extra pages—is a proposal to (a) extend briefing for the next six months and (b) give Plaintiffs the last word on the County's Rule 60 Motion. Although the County is happy to agree to reasonable extensions and, in fact, proposed an additional 30 days and reciprocal page expansion, Plaintiffs' proposal far exceeds reasonable accommodation.

To repeat, the County recognizes that it filed its Rule 60 Motion at a busy time of year. In recognition of that fact, it contemporaneously proposed a 30-day extension of the deadline for response briefs. (Doc. 3336 at 2 n.1). That would make them due January 30, 2026. The County's reply would then be due February 6, 2026, but as long as the Court is entertaining extensions, the County anticipates asking for an additional 14 days, which would make its reply due February 13, 2026. Incidentally, that matches the 21 days that Plaintiffs propose for the County's reply brief. (Doc. 3341 at 10). And, as noted in the Motion for Leave, the County proposes 30 pages for response briefs and 20 pages for its reply brief. That proposal remains reasonable, and Plaintiffs identify no reason for abandoning it.

Even following the example of Paragraph 4, a 60-day meet-and-confer timeline would end on February 15, 2026. And even if Plaintiffs were then given the fourteen days to respond pursuant to Local Rule 7.2(c), Plaintiffs' response to the Rule 60 Motion would be due March 2, 2026. That exceeds the 30-day extension Maricopa County offered in its Motion for Leave, but it is well short of the May 5 deadline Plaintiffs propose. (Doc. 3341 at 7).

Then there is the issue of Plaintiffs attempting to give themselves the last word. To state the obvious, the County is the moving party. This Court's rules provide that "opposing part[ies]" shall file responses. *See* Local Rule 7.2(c). If they desire a sur-reply, they must

5

make a motion to that effect **after** reviewing the reply brief and identifying some reason that a sur-reply is needed. "Courts only allow for sur-replies in the most extraordinary of circumstances and they are generally discouraged as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Briggs v. Montgomery,* No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019); *McNeill v. Thornell*, No. CV-24-08152-PCT-GMS, 2025 WL 460602, at *1 (D. Ariz. Feb. 11, 2025) ("Surreply briefs are not allowed by the rules."); *Edwards v. Mondora*, 700 Fed. Appx. 661, 664 (9th Cir. 2017) (affirming denial of motion to file a sur-reply where the appellant "did not identify in his motion the new arguments he alleges defendants raised or why such arguments would justify granting leave to file a surreply"). The County will presumably oppose a sur-reply, but that issue can wait until the appropriate time. For now, the Court should give Plaintiffs (and the United States) a reasonable extension of time and a reciprocal expansion in page length, just as the County offered. Awarding a preemptive sur-reply and extending the briefing until mid-June 2026 is unjustified.

DATED this 26th day of December 2025.

GREENBERG TRAURIG, LLP

By: */s/ Dominic E. Draye*
    Dominic E. Draye
    Matthew P. Hoxsie
    Zach H. Levy
    *Attorneys for Defendant-Intervenor Maricopa County*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

*/s/ Dominic E. Draye*
Domonic E. Draye