IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>　　　　　　　　Plaintiffs,<br><br>and<br><br>United States of America,<br><br>　　　　　　　　Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>　　　　　　　　Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

**IT IS ORDERED** setting oral argument for **January 30, 2026, at 10:00 a.m.** in Courtroom 602, Sandra Day O'Connor Federal Courthouse, 401 West Washington, Phoenix, Arizona 85003, on the issue of adopting Plaintiffs' proposed cost allocation and attribution standards (Doc. 3318) when analyzing the costs incurred by the County as a result of the Court's orders in this case.

- No further briefing will be permitted in advance of oral argument, given the parties' submissions. (Doc. 3318; Doc. 3319; Doc. 3320; Doc. 3331).

- Sheriff Sheridan, in his official capacity, and Maricopa County are the same party for the purposes of this litigation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Melendres v. Arpaio* (*Melendres II*), 784 F.3d 1254, 1260 (9th Cir. 2015). Under Arizona law, the Maricopa County Sheriff's Office is not a legal

or suable entity. *Braillard v. Maricopa County*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010). Therefore, Maricopa County is the appropriate party substituted into this case by the Ninth Circuit. *Melendres II*, 784 F.3d at 1260. The Sheriff and Maricopa County have had, to at least some extent, overlapping representation in this case, and yet, at times, have filed separate briefing seeking the same result on the same issues. They have done it with respect to the cost allocation and attribution standards at issue here. (*See* Doc. 3319 and Doc. 3320). The Court would like to avoid needless duplication where there is no legal distinction in results sought by what is the same legal party. Nevertheless, because the Sheriff and the members of the Maricopa County Board of Supervisors are independently elected, the possibility for conflict does and may exist between their interests. One such position arose at the January 9, 2026 Status Conference and has been previously voiced by the Sheriff. Prior to oral argument on this issue the Defendants will determine the necessary steps to take both ethically and practically and inform the Court and parties of those steps so this matter may proceed without needless duplication and also without threatening any separate interests which may exist among the Defendants.

Dated this 12th day of January, 2026.

_____
G. Murray Snow
Senior United States District Judge