# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Maricopa County's[1] Motion for Leave to File Excess Pages for its Rule 60(b) Motion for Relief from Judgment. (Doc. 3336). The motion is granted.

---

[1] In its briefs, Defendant Maricopa County stylizes itself as a "Defendant-Intervenor." (Doc. 3336; Doc. 3347). This characterization is wrong. Maricopa County is not an intervenor to this lawsuit. *See* Fed. R. Civ. P. 24. Instead, Maricopa County was substituted as a party in this lawsuit, in lieu of the Maricopa County Sheriff's Office ("MCSO"), because the MCSO, under Arizona law, is a non-jural entity that is incapable of being sued in its own name. *Melendres v. Arpaio* (*Melendres II*), 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 224 Ariz. 481, 487, 232 P.3d 1263, 1269 (Ct. App. 2010)). The Ninth Circuit's order rejoining Maricopa County as a defendant "assure[s] a meaningful remedy for the plaintiffs despite MCSO's dismissal." *Melendres v. Maricopa County* (*Melendres III*), 815 F.3d 645, 648 (9th Cir. 2016) (recounting the history of Maricopa County's status as a defendant to this lawsuit).

The Court will set forth the following briefing schedule for Maricopa County's Rule 60(b) Motion:

- Maricopa County shall first file its Rule 60(b) Motion, which shall not exceed thirty (30) pages, along with any necessary attachments.[2]

- The United States shall have until February 9, 2026, to file its response in support of Maricopa County's Rule 60(b) Motion. The Government's response shall not exceed thirty (30) pages, exclusive of attachments.

- Plaintiffs shall have until March 26, 2026, to file its response in opposition to Maricopa County's Rule 60(b) Motion and the United States' response. Plaintiffs' response shall not exceed forty-five (45) pages, exclusive of attachments.

- Maricopa County shall have until April 16, 2026, to file its reply to Plaintiffs' and the United States' responses. Maricopa County's reply shall not exceed twenty (20) pages, exclusive of attachments.

## CONCLUSION

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Maricopa County's Motion to Exceed Page Limits (Doc. 3336) is **GRANTED**.

**IT IS FURTHER ORDERED** that Maricopa County shall file its Rule 60(b) Motion, which shall not exceed thirty (30) pages, along with any necessary attachments within three days of the date of this Order.

**IT IS FURTHER ORDERED** that the United States shall have until **February 9, 2026**, to file its response to the County's Rule 60(b) Motion. The response shall not exceed **thirty (30) pages**, exclusive of attachments.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **March 26, 2026**, to file their response to the County's Rule 60(b) Motion. The response shall not exceed **forty-five (45) pages**, exclusive of attachments.

//

---

[2] In its lodged proposed Rule 60(b) Motion, Maricopa County references three attached appendices that consist of tables identifying various paragraphs of the Court's orders. (Doc. 3337 at 15-16). These appendices, however, were not attached to Maricopa County's lodged filing. Thus, Maricopa County, and not the Clerk of Court, is responsible for filing its Rule 60(b) Motion with all necessary attachments.

**IT IS FURTHER ORDERED** that Maricopa County shall have until **April 16, 2026**, to file its reply to Plaintiffs' and the United States' responses. Maricopa County's reply shall not exceed **twenty (20) pages**, exclusive of attachments.

Dated this 12th day of January, 2026.

_____
G. Murray Snow
Senior United States District Judge