WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Richard Wayne Thompson's Motion to Intervene as Interested Third Party. (Doc. 3351). The motion is denied.

Under Fed. R. Civ. P. 24(b), permissive intervention can be warranted where a proposed intervenor "raises a claim that has questions of law or fact in common with the main case, shows independent grounds for jurisdiction, and moves to intervene in a timely fashion." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*

*v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

In his motion, Thompson claims that he was "unlawfully arrested and detained for approximately two months based on a warrant issued for another individual," in alleged violation of the "Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the Arizona Constitution." (Doc. 3351 at 4). Thompson argues that MCSO "failed to disclose those violations to the Court while submitting sworn compliance reports." (*Id.*). Thompson also opposes Defendants' Rule 60(b)(5) Motion, filed at Doc. 3368. (*Id.*).

The Court denies Thompson's Motion to Intervene as not meeting the necessary requirements of Rule 24(b).

First, Thompson raises separate issues against MCSO that are not related to the case at hand. Thompson has the ability to bring his claims—which, in their current form, are conclusory and not pleaded according to Fed. R. Civ. P. 8(a)—directly against Sheriff Sheridan in a separate action. *See UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 415 (N.D. Cal. 2004) ("[Proposed intervenor's] ability to pursue its claims through an alternative mechanism without any prejudice to its own rights is significant in the context of a motion to intervene brought by that party."). The Court finds that "judicial economy would suffer with the addition of [Thompson's] new claims and issues because intervention would require additional discovery, push back deadlines, and delay the resolution of the existing case." *See Apple Inc. v. Iancu*, 2021 WL 411157, at *6 (N.D. Cal. Feb. 5, 2021) (citing *Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at *7 (N.D. Cal. Jan. 15, 2010)).

Second, allowing Thompson to intervene "would be redundant and would impair the efficiency of litigation." *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986). Because the "interests of the Plaintiff class in this action are adequately represented" by Plaintiffs' counsel (Doc. 3308 at 1 (citation modified)), and because Thompson does not identify how his intervention would "significantly contribute to full development of the underlying factual issues in th[is] suit," *see Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977), the Court will not allow

permissive intervention under Rule 24(b).

Accordingly,

**IT IS THEREFORE ORDERED** that Richard Wayne Thompson's Motion to Intervene as Interested Third Party (Doc. 3351) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate Richard Wayne Thompson from this action.

Dated this 15th day of January, 2026.

_____
G. Murray Snow
Senior United States District Judge

- 3 -