1  **Scharf-Norton Center for**
   **Constitutional Litigation at the**
2  **GOLDWATER INSTITUTE**
   Timothy Sandefur (033670)
3  Jonathan Riches (025712)
   500 E. Coronado Rd.
4  Phoenix, Arizona 85004
   (602) 462-5000
5  litigation@goldwaterinstitute.org

6  *Attorneys for Amicus Curiae*
   *Goldwater Institute*

7            **IN THE UNITED STATES DISTRICT COURT**
8               **FOR THE DISTRICT OF ARIZONA**

9  Manuel de Jesus Ortega Melendres, on
   behalf of himself and all others similarly      No. 2:07-cv-02513-GMS
10 situated, et al.,

11         Plaintiff,

12 and                                             **GOLDWATER INSTITUTE'S**
                                                    **UNOPPOSED MOTION FOR**
   United States of America,                        **LEAVE TO FILE AMICUS BRIEF**
13                                                  **IN SUPPORT OF DEFENDANTS'**
         Plaintiff/Intervenor                       **MOTION FOR RELIEF FROM**
14                                                  **JUDGMENT**

15       vs.

16 Gerald A. Sheridan, in his individual and
   official capacity as Sheriff of Maricopa
17 County, Arizona, et al.,

         Defendants,
18

19

20         Proposed amicus curiae, the Goldwater Institute ("GI") respectfully

21 requests that the Court grant it leave to file an amicus brief in support of Defendants'

22 Motion for Relief from Judgment (Doc. No. 3368). The brief, which will be filed no

23 later than **Tuesday, January 20, 2026,** and will consist of no more than ten (10) pages,

24 will focus on the impact of this motion and this case in general on taxpayers in Maricopa

25 County, who are not a party in this case and have no advocate to speak for them.

26

27

28

**IDENTITY AND INTEREST OF AMICUS CURIAE**

GI was established in 1988 as a nonpartisan public policy and research foundation devoted to advancing the principles of limited government, individual freedom, and constitutional protections.  Headquartered in Phoenix, GI is well known throughout Arizona as an advocate for these principles and for the interests of taxpayers.  Through its Scharf-Norton Center for Constitutional Litigation, GI litigates cases and files amicus briefs when its or its clients' objectives are directly implicated and has done so often in this Court.  *See, e.g., Arizona Christian University v. Washington Elementary School District No. 6*, No. CV-23-413-PHX-SPL (filed Mar. 31, 2023); *Winn v. Killian*, No. CIV-00-287-PHX-EHC, 2001 WL 37120490, at \*1 (D. Ariz. Feb. 27, 2001); *Arizonans for Fair Elections v. Hobbs*, 454 F. Supp.3d 910 (D. Ariz. 2020).  GI also frequently appears in Arizona state courts in defense of taxpayers' rights.  *See, e.g., Gilmore v. Gallego*, 258 Ariz. 38 (2024); *Lane v. City of Scottsdale*, 258 Ariz. 460 (App. 2024); *Schires v. Carlat,* 250 Ariz. 371 (2021).

Among GI's priorities are the defense of taxpayers' rights to accountability by public officials and the appropriate local control over local police powers.  *See, e.g.,* Clint Bolick, *Mission Unaccomplished: The Misplaced Priorities of the Maricopa County Sheriff's Office*, Goldwater Inst (2008).[1]

The Defendants' motion implicates GI's institutional mission because for fourteen years, the Maricopa County Sheriff's Office has been subject to federal oversight by an entity (the Monitor) over whom they have no meaningful control, and whose funding is operated in a manner kept invisible to them.  GI wishes to add for the Court's consideration a discussion of the impact of the existing order on taxpayers, who currently are not represented in the ongoing litigation.

Of particular concern is that on April 10, 2025, GI submitted a public records request to the Maricopa County Budget Office seeking records providing an itemized

---

[1] https://www.goldwaterinstitute.org/policy-report/2008-12-02-maricopa-sheriff/.

1    accounting of the Monitor's services, including labor costs.  But the County declined to

2    comply, claiming that this Court's orders in this case prevent it from doing so.  GI

3    wishes to address the consequences of the judgment at issue here on the interests of

4    Maricopa County taxpayers.

5          "An amicus brief should normally be allowed … when the amicus has unique

6    information or perspective that can help the court beyond the help that the lawyers for

7    the parties are able to provide."  *Cmty. Ass'n for Restoration of Env't (CARE) v.*

8    *DeRuyter Bros. Dairy*, 54 F. Supp.2d 974, 975 (E.D. Wash. 1999).  Because no party

9    speaks for taxpayers in the ongoing litigation, GI submits that the proposed brief is

10   warranted because although the interests of taxpayers are briefly alluded to in the parties'

11   briefs, none focus specifically on their interests.  No counsel for any existing party will

12   participate in drafting the proposed brief.  Counsel for amicus curiae contacted counsel

13   for all parties on January 20, 2026 to notify them of this motion, and **all parties**

14   **responded that they had no objections.**

15         Granting this motion would prejudice no party, as the proposed amicus brief is

16   attached hereto, which means all parties have time to respond to the amicus brief if they

17   so choose without disturbing the existing briefing schedule.

18

19         **RESPECTFULLY SUBMITTED** this 20th day of January 2025 by:

20                                             /s/ *Timothy Sandefur*
                                               Timothy Sandefur (033670)
21                                             Jonathan Riches (025712)
                                               **Scharf-Norton Center for Constitutional Litigation**
22                                             **at the GOLDWATER INSTITUTE**

23                                             *Attorneys for Plaintiff*

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

Document Electronically Filed and Served on all counsel of record by ECF this

20th day of January 2025.

/s/ *Kris Schlott*
Kris Schlott, Paralegal

4