**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

### I. The Appointment of a Qualified Candidate to Lead the Professional Standards Bureau Requires the Monitor's Advanced Approval

On March 7, 2026, the Court was informed by the Monitor, who received notice via email from MCSO's counsel, that the MCSO had elevated Captain Dominick Reaulo as Commander of the Professional Standards Bureau ("PSB") and placed Captain Gregory Lugo as PSB Deputy Commander. The Court held a hearing on March 12, 2026, to discuss whether Captain Reaulo's elevation to PSB Commander first required approval by the Monitor.

Captain Lugo was approved by the Monitor as the PSB Commander in February 2021. Captain Lugo was placed on administrative leave by MCSO from April 2025 to February 2026. During this interim period, the Monitor approved the transfer of Captain

Aaron Flowers from the Patrol and Enforcement Support Bureau to temporarily assume the duties of PSB Commander. The Monitor rescinded Captain Flowers's temporary appointment on March 5, 2026.

Captain Reaulo, on the other hand, was not approved by the Monitor as the PSB Commander. Previously, MCSO had sought to transfer Captain Reaulo from the Bureau of Internal Oversight ("BIO") to the PSB as its second Commander. The Monitor denied this request. MCSO subsequently moved this Court to overturn the denial of Captain Reaulo's proposed PSB transfer. (Doc. 3217). The Court denied MCSO's motion, stating that no language in the Court's orders suggested that the authority of the PSB Commander can be split between two captains. (Doc. 3305). MCSO then proposed transferring Captain Reaulo to PSB as Deputy Commander, which the Monitor approved in November 2025.

At the March 12, 2026 hearing, counsel for MCSO averred that the Monitor lacks authority under the Court's orders to approve or disapprove MCSO's designated PSB Commander. Pointing to paragraph 197, which states that the Court has the authority to designate a qualified PSB Commander only if the Sheriff declines to do so (Doc. 1765 ¶ 197), counsel argued that the Court's orders provide the Sheriff with the explicit authority to designate a qualified PSB Commander. Thus, MCSO argues, the Sheriff can elevate Captain Reaulo as PSB Commander without the Monitor's approval. This argument is incorrect. Paragraph 197 must be read in tandem with other provisions of the Court's orders, such as paragraph 268. While the Sheriff has the authority to designate his qualified candidate to be PSB Commander, that candidate must subsequently be approved by the Monitor. MCSO's argument to the contrary ignores what has already been settled by this Court.

Paragraph 268 of the Court's Second Supplemental Injunctive Order states, in full:

> During the term that a Monitor oversees the Sheriff and the MCSO in this action, any transfer of sworn personnel or supervisors in or out of the Professional Standards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall require advanced approval from the Monitor. Prior to any transfer into any of these components, the MCSO

> shall provide the Court, the Monitor, and the parties with advance notice of the transfer and shall produce copies of the individual's résumé and disciplinary history. The Court may order the removal of the heads of these components if doing so is, in the Court's view, necessary to achieve compliance in a timely manner.

(*Id.* ¶ 268). Previously, in April 2025, a dispute emerged as to whether that provision required the Monitor to approve the appointment of the Commander of the Court Implementation Division ("CID"). (Doc. 3146). There, MCSO argued that, under ¶ 268, it did not need the Monitor's approval for a "new hire"—rather than a "transfer"—to lead the CID. (Doc. 3151 at 6:4-7:17). The Court rejected this argument, stating that a "transfer into the division includes a new hire." (*Id.* at 7:20). Additionally, the Court clarified that part of the purpose of ¶ 268 was to require the Monitor's approval for the commanders of BIO, PSB, and CID:

> [The] purpose was to the require . . . anybody who was working in . . . Bureau of Internal Oversight, Professional Standards Bureau, or the Court Implementation Division to have to be approved by the Monitor and *that the chief of those divisions had to be approved by the Monitor* and the removal of one of those had positions had to be approved by the Monitor.

(*Id.* at 21:10-17 (emphasis added)). Though the Court offered to amend the language in ¶ 268 "to say those things explicitly" (*id.* at 21:22-23), counsel for MCSO stated on the record that he understood that the commanders for BIO, PSB, and CID required approval from the Monitor:

> Once again, Your Honor, I have heard, and I believe my partners, my clients have heard, what you mean by that paragraph loudly and clearly . . . . We do understand that it requires now pre-approval of anybody going in and out, of course, as it states, transfers, but a hire also and *anybody who's going to be in command or a commander of, you know, BIO, PSB or CID*. Totally understand that. So I would not personally require the Court to do anything.

(*Id.* at 21:24-22:9 (emphasis added)). The Court thus did not amend the language in ¶ 268.

Against this backdrop, the elevation of Captain Reaulo to PSB Commander is

- 3 -

inappropriate. Captain Reaulo has not been approved by the Monitor to serve as PSB Commander. Instead, Captain Lugo is the only candidate that has been approved by the Monitor for position of PSB Commander. Thus, Captain Lugo—not Captain Reaulo—is the current PSB Commander.

The Court will amend ¶ 268 to reflect the parties' understanding of the provision, based on MCSO counsel's admission on the record in April 2025.

## II. Whether the Sheriff has the Authority to Alter Final PSB Disciplinary Decisions

Separately, at the March 12, 2026 hearing, the Court addressed paragraph 228 of the Court's Second Supplemental Injunctive Order, as it had several concerns with it.

First, as the paragraph's placement under the subheading of "Pre-Determination Hearing" indicates, this provision was intended to grant the Sheriff (or his designee) the authority to rescind, revoke, or alter any disciplinary decision made by either the PSB Commander or the appointed MCSO pre-determination hearing officer up to the expiration of the period that the disciplined employee had to appeal to the Maricopa County Merit Systems Commission. (Doc. 1765 ¶ 228). That paragraph, however, was not designed or intended to alter the state law governing the finality of disciplinary decisions made by the MCSO under state law. The Court does not believe that any Sheriff has attempted to so use that authority. Nevertheless, shorn of its context, the paragraph might erroneously be read to conflict with state law concerning the finality of the MCSO's disciplinary decisions. The Court has thus determined that it must be reviewed with the parties and potentially revised to clarify the authority granted.

Before making any such revision, however, the Court will set forth its understanding of what Arizona law provides regarding the finality of MCSO disciplinary decisions. The Court will allow the parties to address that understanding so that, should any revision of ¶ 228 occur, it can be done in compliance with a correct understanding of state law.

When the PSB receives a complaint in which it either (a) exonerates the officer, (b) finds the complaint unfounded, or (c) does not sustain the complaint, there is no right of appeal to Maricopa County's Law Enforcement Officers' Merit System Commission (the

- 4 -

"Merit System Commission"). That determination, thus, becomes final. Only disciplinary findings of "Sustained" are appealable to the Merit System Commission. MCSO Internal Investigation Policy GH-2 § 8(C)(1)(b) ("If the findings for the policy violation(s) in a completed PSB administrative investigation are Not Sustained, Unfounded, or Exonerated, the PSB Commander shall make *final findings* . . and direct that the case be closed and filed accordingly." (emphasis added)); *Jared P. v. Glade T.*, 221 Ariz. 21, 27, 209 P.3d 157, 163 (Ct. App. 2009) ("A final order is one which ends the proceedings . . . ."); *see also* A.R.S. § 38-1003(6) (authorizing the Merit System Commission to only hear appeals for discipline resulting in "suspension, demotion or dismissal of a classified law enforcement officer"); *Law Enforcement Officers' Merit System Resolution*, Maricopa County § 16(A) (stating the same).[1]

Nor is there a right of appeal to the Merit System Commission if only minor discipline[2] is imposed on an employee. The County ordinance, and the statute authorizing it, only allow an MCSO employee to appeal matters involving suspension, demotion, or dismissal. A.R.S. § 38-1003(6); *Law Enforcement Officers' Merit System Resolution,* Maricopa County § 16(A). Because the statute and the ordinance authorize no appeal of minor discipline or unsustained complaints, such determinations are final. *See, e.g.*, *Woerth v. City of Flagstaff,* 167 Ariz. 412, 416-17, 808 P.2d 297, 301-02 (Ct. App. 1990) (holding that "[t]he decision of an administrative body is final unless a statute authorizes an appeal" (citing *Arizona Dep't of Economic Sec. v. Holland,* 120 Ariz. 371, 372, 586 P.2d 216, 217 (Ct. App. 1978))).

When, however, the Sheriff or the authorized pre-determination hearing officer imposes a decision of serious discipline—defined as suspension, demotion, or dismissal—the disciplined officer has ten days in which to appeal to the Merit System Commission. *Law Enforcement Officers' Merit System Resolution,* Maricopa County § 16(A). An

---

[1] Available at https://www.maricopa.gov/DocumentCenter/View/16949/Law-Enforcement-Officers-Merit-System-Resolution- (last updated April 2018).

[2] Defined as "[d]iscipline less severe than a suspension, such as a written reprimand." MCSO Internal Investigation Policy GH-2 at 5.

officer's failure to appeal to the Merit System Commission makes the pre-hearing determination officer's decision final. *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 254 Ariz. 485, 493, 524 P.3d 1141, 1149 (2023); *Guertin v. Pinal County*, 178 Ariz. 610, 612, 875 P.2d 843, 845 (Ct. App. 1994) ("A party's failure to appeal a final administrative decision makes that decision final and res judicata.").

If the officer timely appeals the decision of the pre-determination hearing officer to the Merit System Commission, the decision of that commission is final, unless the disciplined employee further appeals the Merit System Commission's determination to the state judiciary on an administrative review. *Law Enforcement Officers' Merit System Resolution,* Maricopa County § 16(G) ("The findings and decisions of the [Merit System] Commission *shall be final* and shall be subject only to administrative review as provided in Arizona Revised Statutes 38-1004." (emphasis added)).

Nothing about ¶ 228 was meant to grant the Sheriff any authority to change those finality deadlines. The Court first invites the parties to comment on the Court's understanding of the finality provisions of Arizona state law prior to any potential revision of ¶ 228 if that party has a different view.

Second, because by state law the Sheriff is the "sole appointing authority for [his] respective employees," *Hounshell v. White,* 220 Ariz. 1, 6, 202 P.3d 466, 471 (Ct. App. 2008), the Court is not sure it granted any additional authority not already provided under Arizona state law by adding ¶ 228 to the Second Supplemental Injunctive Order. The parties are invited to comment on that if they wish to do so.

Third, in any event, should the Sheriff alter any discipline imposed by a pre-determination hearing officer, it seems to the Court that the Monitor, in considering the Sheriff's compliance with his obligation to provide "consistently applied" and "fair" discipline (s*ee* Doc 1765 ¶ 219), may take into account any such alteration. Again, the parties may comment on this if they wish to do so.

Should the parties desire to be heard on any of the above three questions, particularly the finality of MCSO disciplinary decisions, the parties shall submit their briefs to the

Court, which are not to exceed 15 pages, by March 27, 2026.

Accordingly,

**IT IS THEREFORE ORDERED** amending Paragraph 268 of the Second Supplemental Injunctive Order (Doc. 1765) as follows:

268. During the term that a Monitor oversees the Sheriff and the MCSO in this action, any new hire or transfer of sworn personnel or supervisors in or out of the Professional Standards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall require advanced approval from the Monitor. The appointment of any candidate by the Sheriff to head the Professional Standards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall also require advanced approval from the Monitor. Prior to any new hire, transfer, or elevation into any of these components, the MCSO shall provide the Court, the Monitor, and the parties with advance notice of the new hire, transfer, or elevation and shall produce copies of the individual's résumé and disciplinary history. The Court may order the removal of the heads of these components if doing so is, in the Court's view, necessary to achieve compliance in a timely manner.

**IT IS FURTHER ORDERED** that Captain Gregory Lugo, as the only candidate approved by the Monitor, is the current Professional Standards Bureau Commander.

**IT IS FURTHER ORDERED** that Plaintiffs, Defendants, and the United States shall file their briefs on the potential revision of Doc. 1765 ¶ 228 by <u>March 27, 2026</u>.

Dated this 12th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge