**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

The Court has set a status conference for March 25, 2026, at 2:00 p.m. in Courtroom 602. At least the following items shall be discussed at the status conference:

1. The Monitor has requested the Court to appoint an outside independent investigator to investigate IA 2026-0084. The complaint falls within those types of PSB complaints for which the appointment of an outside independent investigator is required. (Doc. 1765 ¶ 167). Furthermore, due to a perceived conflict, agencies contracting with MCSO are also disqualified from conducting the investigation. Therefore, the Court is inclined to grant the Monitor's request and appoint Shaneeda Jaffer to conduct the investigation for IA 2026-0084. (*See generally, e.g.*, Doc. 3191 (appointing Ms. Jaffer as the outside investigator for IA 2025-0185)). To the extent

any party wishes to be heard on this, it may be heard on Wednesday.

2. The Court has made efforts, as it knows the parties have done, to honor the rights and responsibilities specified by state law or MCSO policy to those law enforcement officers who are subject to internal disciplinary processes. Nevertheless, to the extent that the Plaintiffs and (after an appropriate time) the public may have been unaware of these internal investigations, there are certain countervailing concerns justifying the parties'—and, at least eventually, the public's—right to know about the internal disciplinary process. *See, e.g.*, *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (affirming in the § 1983 context that "reporting police abuse . . . is quintessentially a matter of public concern" (citing *Connick v. Myers*, 461 U.S. 138, 148 (1983) (noting that speech warrants protection when it "seek[s] to bring to light actual or potential wrongdoing or breach of public trust"))). Further, the protections provided by state law and MCSO policy are limited. *See, e.g.*, A.R.S. § 38-1109 (requiring confidentiality of internal disciplinary records "until the investigation is complete" or "discontinued"); MCSO Internal Investigation Policy GH-2 §§ 21-23. The Court wishes to discuss with the parties: (i) the methods by which the officers who are being investigated in MCSO internal disciplinary processes may receive all appropriate state law protections; (ii) how the parties and their attorneys understand their confidentiality obligations with respect to ongoing investigations and what may result to the attorneys and the parties from a lack of confidentiality (*e.g.*, Doc. 1765 ¶ 290; MCSO Internal Investigation Policy GH-2 § 2(B)); (iii) how Plaintiffs may be made aware of disciplinary issues that are relevant to this lawsuit in time to be meaningfully heard about them to the extent they become at issue; and (iv) how the public may be made aware of such matters in a timely fashion.

3. The Court has raised concerns about how to conduct the quarterly public meetings with appropriate safety and civility. While the meeting in the courthouse that occurred in October 2025 showed improvement over the unruly July 2025 meeting,

as the Court previously mentioned, the Court nevertheless personally witnessed multiple members of the audience making obscene gestures to the Monitor and to others while they participated in this meeting. The Court wishes to discuss with the parties further alternate proceedings that appear to be at least temporarily necessary to retain safety, courtesy and control in these meetings.

Dated this 23rd day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge