Dominic E. Draye, SBN 033012
drayed@gtlaw.com
Matthew P. Hoxsie, SBN 034952
hoxsiem@gtlaw.com
Zachary H. Levy, SBN 039323
zach.levy@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000

*Attorneys for Defendant Maricopa County*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., | Case No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING STAY OF PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 60 RELIEF** |
| and | |
| United States of America, Plaintiff-Intervenor, | (Assigned to the Hon. G. Murray Snow) |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., | |
| Defendants. | |

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Defendant Maricopa County moves pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.2(g) for reconsideration of the Court's oral ruling ordering a stay of Plaintiffs' opposition to Defendant's Motion for Relief from Judgment (the "Rule 60 Motion"). This motion for reconsideration is supported by the following memorandum of points and authorities and the pleadings and papers previously filed in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

During the conference held on March 25, 2026, Plaintiffs' counsel raised, for the first time and without prior notice or a motion, a request for another extension of time to respond to Defendant's Rule 60 Motion or, in the alternative, for leave to file a motion to supplement their opposition brief. Plaintiffs' stated basis for the requested relief was to review the upcoming 46th quarterly Monitor report. Plaintiffs' counsel requested 60 to 90 days to respond following the Monitor's report. Defendant's counsel objected, noting that (i) the Rule 60 Motion was filed in December 2025, (ii) Defendant already agreed to an extension so that Plaintiffs' counsel could attend a partners' retreat, and (iii) Plaintiffs could rely on the *prior 45* quarterly Monitor reports to state their objection to the request for Rule 60 relief. On top of those factors is the fact that Plaintiffs' opposition brief is due on Monday—three business days after they sprung their months-long extension request on Defendants and the Court. The Court was correct to deny a May 5, 2026, deadline for the opposition brief when Plaintiffs proposed it back in January. The Court should not permit Plaintiffs to disregard its rules, its briefing schedule, and Defendant's legitimate claim to Rule 60 relief by effectively awarding themselves a two-week extension in order to brief a further extension. Their brief was due on Monday, and the Court should enforce that deadline.

In response to Plaintiffs' in-court surprise, the Court ordered a stay of Plaintiffs' opposition deadline. The Court ordered Plaintiffs to file their extension request by April 7 and directed Defendant to file its response by April 10, so that the Court can rule by April 13. That is a full two weeks after the opposition brief is due.

1

Defendant requests the Court reconsider its order granting a stay of Plaintiffs' opposition deadline. The Court's rules do not permit Plaintiffs to move for a months-long extension without conferring with opposing counsel. Plaintiffs know that; they complied with the rules when seeking their previous extension. *See* **Exhibit A** (correspondence between counsel agreeing to Plaintiffs' first extension request). One of the reasons to require advanced conferral is to avoid gamesmanship. Here, Plaintiffs waited to make their oral motion at such a late date that they effectively gave themselves an extension just by failing to confer and file a motion with reasonable lead time before their deadline. The Court should deny the untimely extension request and, at most, hold open the possibility of a short supplemental filing if the upcoming Monitor's report contains something extraordinary.

At a higher level, this episode confirms the downsides that come with continued judicial oversight. Plaintiffs' counsel, who profit from continued litigation, have every incentive to extend this process for weeks—and even months—without basis. The need for Rule 60 relief has never been more clear.

## II.    RELEVANT BACKGROUND

Defendant first filed its Rule 60 Motion on December 17, 2025.[1] In that pleading, Defendant pre-emptively offered a 30-day extension of time for Plaintiffs to file their opposition. (Doc. 3336 at 2 n.1). Plaintiffs instead demanded a May 5, 2026, deadline to oppose the Rule 60 Motion. (Doc. 3341 at 7). The Court rejected Plaintiffs' proposal and set a briefing schedule with the United States filing its response on February 9, 2026 (which it did), and Plaintiffs filing their response on March 26, 2026. (Doc. 3367).

On February 20, 2026, more than a month before their opposition deadline, Plaintiffs' counsel requested an extension until Monday, March 30, to accommodate "traveling to and from, and [being] occupied at, an internal Covington & Burling conference." **Exhibit A**. In good faith, Defendant consented to the request. Plaintiffs' counsel did not raise any other

---

[1] The Motion was lodged with a motion for leave to exceed the page limit and was accepted by the Court for filing on January 13, 2026. But Plaintiffs have had the filing since December 17, 2025, and should have been working on their response for over three months already.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

basis for extension.

On March 25, 2026, just three business days before their opposition is/was due, at a hearing and without any prior meet-and-confer notice or written motion, Plaintiffs' counsel orally requested a massive 60- to 90-day extension to respond to the Rule 60 Motion. The only stated basis for the extension was the upcoming Monitor report. Plaintiffs' counsel did not identify any conflict or emergency to justify giving themselves **half a year** to respond to the Rule 60 Motion. Just the opposite, Plaintiffs' counsel repeatedly assured the Court that they (presumably the dozen or so attorneys who join every hearing) had already been working on the response since December.

Presented with this ambush motion, the Court orally ordered a stay of Plaintiffs' deadline and set forth a two-week schedule to brief the extension request. Plaintiffs never made a motion to continue the deadline. *See Osorio v. United States*, 2024 WL 4114431, at *3 (D. Ariz. Aug. 22, 2024) ("A motion for continuance should be filed **prior to** the expiration of the deadline." (emphasis added)).

### III.   ARGUMENT

As stated in Defendant's Rule 60 Motion, this litigation has contributed to important reforms, which the Monitor has documented across 45 quarterly reports as well as in traffic study analyses conducted over the course of years. Plaintiffs now want to delay this case further in the name of waiting on the 46th Monitor's Report, and then to take up to 60 to 90 days to review and consider that report before filing their opposition to the Rule 60 Motion. Their baseless request and the unprofessional manner in which they made it only prove the need to wrap up judicial oversight in favor of democratic accountability.

First and foremost, Plaintiffs' request for an extension is procedurally improper. Plaintiffs are not free to flout the Court's rules and play games by waiting until three business days before a response is due to orally request a comically long extension—all without undertaking any attempt to meet and confer with counsel beforehand and without providing the Court the opportunity to consider briefing on the issue. Every other party before this Court is subject to those rules; Plaintiffs should not be the exception. Second, Plaintiffs'

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

3

request lacks merit because they have known of the regular schedule of quarterly reports for months—indeed years—based on historical practice and the length of this case.  A regularly scheduled report does not constitute the type of emergency required to justify a ***second*** extension request.  Moreover, as long as this litigation persists, there will always be another report coming.  There is nothing special about the 46th report.  Indeed, it is all but irrelevant to a motion based on years-long improvement to policies and practices at MCSO.

### A.   Plaintiffs' Second Extension Request, Made Three Business Days Before Their Deadline and Without Conferral, Is Procedurally Improper

Local Rule 7.3 governs motions for extensions of time.  Local Rule 7.3(a) requires a party moving for an extension to disclose the existence of prior extensions and to lodge, separate from the party's motion, a proposed form of order.  And Local Rule 7.3(b) requires a party moving for an extension to "state the position of each other party."  Plaintiffs' request should be denied, and the order for stay vacated, because Plaintiff did not comply with Local Rule 7.3, to the Court and Defendants' prejudice.  *See, e.g.*, *ULU Care LLC v. Luxury Lease Co.*, 2026 WL 467237, at \*2 (D. Ariz. Feb. 18, 2026) (Desai, J.) (denying extension request and stating "[t]he Court denied the motion because Plaintiffs did not comply with Local Rule 7.3(b), which requires any party moving for an extension of time to 'state the position of each other party,' or if unable to reach the other party, to include 'a statement to that affect in' in [sic] the motion for an extension."); *Buchanan v. Ghandi*, 2024 WL 2153519, at \*2 (D. Ariz. May 14, 2014) (Brnovich, J.) (denying plaintiff's extension request on multiple grounds, including that plaintiff "fails to comply with the Local Rules"); *Jensen v. Douglas*, 2008 WL 4174892, at \*1 (D. Ariz. Sept. 5, 2008) (McNamee, J.) (denying request for extension and "not[ing] that Plaintiffs' request fails to comply with Local Rule 7.3(b), which requires a party moving for an extension of time to state the position of each other party, or to state why their efforts to determine the position of any other party were unsuccessful.").

Instead of abiding by the Local Rules, Plaintiffs orally requested an extension for the first time during the conclusion of the conference held on March 25, 2026—at which conference no request for extension was noted on the agenda.  (Doc. 3434 (setting three

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

topics for discussion)). Plaintiffs' delay prejudices Defendants, who have been subject to federal oversight for years and brought the Rule 60 Motion to obtain relief from the very burdens that Plaintiffs continue to impose. Plaintiffs' present failure is all the more concerning because Plaintiffs followed the proper process with their first request just a few weeks earlier and thus demonstrated that they know how they should have proceeded. Plaintiffs' failure this time placed the Court, and Defendants, in a difficult—but entirely avoidable—position. They should not be rewarded with a two-week extension for violating the Court's local rules or for waiting until three business days before their opposition was due. Indeed, so blatant is Plaintiffs' violation that Plaintiffs' counsel did not even advise the Court of its first extension request when making the oral motion. It was Defendants' counsel who had to advise the Court of the first request (which Defendants agreed to, stupidly expecting fair play from Plaintiffs). Plaintiffs' gamesmanship and obfuscation warrant vacating the stay, which gives them exactly what they wanted.

### B.    Plaintiffs' Stated Basis Does Not Justify an Extension

Plaintiffs' only stated basis for requesting an extension was the potential need to review and address the upcoming 46th quarterly Monitor's report. That argument is meritless.

An extension is available only for "good cause," which itself requires the moving party to demonstrate that it acted diligently to meet the original deadlines set forth in a scheduling order. *Acosta v. Austin Electric Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018). In determining whether good cause exists, the Court should consider the party's diligence as well as whether there was a development of matters which could not have been reasonably foreseen. *Id.* "If the moving party fails to demonstrate diligence, 'the inquiry should end.'" *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and stating that "good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadline due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order"). For

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

example, medical emergencies present good cause, while vacations (or law firm retreats) do not. *See, e.g.*, *Christensen v. Galliway*, 2024 WL 5362702, at *2 (D. Ariz. Dec. 18, 2024) ("Medical emergencies are a plausible basis for an extension of time. Galliway's vacation plans are not."). Neither is a "busy schedule" a sufficient justification, nor even the request for additional time to review reports. *See, e.g.*, *Williams v. James River Group Inc.*, 627 F. Supp. 3d 1172, 1179-80 (D. Nev. 2022) (stating that an attorney's "busy schedule is not good cause for the extension sought," nor is the request that "more time is needed to review medical records and for experts to craft their reports").

Tellingly, Plaintiffs did not assert that they are unable to meet the current March 30, 2026, deadline. Nor could they. They have an army of attorneys across multiple law firms, who likely have devoted hundreds of hours over the past three months to their opposition brief, which they repeatedly assured the Court they had been working on. To that point, Plaintiffs did not raise any issue when, on February 20, 2026, they requested only a few business days' extension, until March 30, 2026, to account for a firm conference for some of Plaintiffs' counsel. And even today, they do not raise any issue of feasibility.

Instead, Plaintiffs' counsel's only stated basis for an extension is the desire to review the upcoming Monitor's report before responding. But the Monitor reports issue quarterly—and have done so for years. To the Monitor's credit, the routine quarterly reports are not "unforeseen." Indeed, the parties can anticipate a report every quarter for as long as oversight continues. On that score, Plaintiffs' requested extension up to 60 or 90 days would implicate the next pending quarterly report—creating a never-ending cycle of justified delays, according to Plaintiffs' logic. Even if there were a basis to extend the opposition deadline to accommodate review of the upcoming 46th Monitor's Report (there is not), Plaintiffs should have made their motion weeks, if not months, ago. There is no justification for a procedurally improper last-minute motion.

Substantively, Plaintiffs' interest in what the 46th Report **might** say is not enough to delay resolution of the Rule 60 Motion. The Monitor has issued 45 quarterly reports in the course of this case. Together, they paint a portrait of a law enforcement agency mending its

ways.  Policy changes came first, practical improvements followed, and recent data confirms the fruits of those reforms.  In institutional-reform cases, Rule 60 looks to the totality of the circumstances and asks whether the extraordinary remedy of the federal judiciary overseeing operations in a local government is no longer justified.  Nothing in the upcoming report will change the progress that MCSO has made and its entitlement to relief.  Plaintiffs' argument to contrary misunderstands the legal standard and minimizes the previous 45 reports.  In fact, their hope that the upcoming report contains something to salvage their efforts at eternal oversight only proves that they could not find it in the preceding 45 reports.

### C.     Plaintiffs Are Not Without Recourse as They Can Request Leave to File a Supplemental Brief if the 46th Monitor's Report Raises an Issue

In the event that the 46th Monitor's Report contains something revolutionary on which Plaintiffs desire to file additional briefing, they can request leave for a supplemental response at that time.  The availability of alternative relief further underscores that there is no basis for a last-minute extension.  Rather than reward Plaintiffs with a two-week extension while the parties brief the need for a further extension—all based on what the Monitor's report **might** contain—the Court should wait until the report is available and let Plaintiffs make the case for a supplemental filing when the report's contents are known.

### IV.     CONCLUSION

After obtaining one (stipulated) extension in the proper course, Plaintiffs disregarded this Court's Local Rules to spring a massive new request on the Court and Defendants in the waning minutes of a conference on other topics.  Not only do Plaintiffs ask the Court to reverse its previous denial of their May 5, 2026 proposal, but they do so just days before their opposition brief is due.  And the basis could not be flimsier.  But Plaintiffs' disregard of the rules has already succeeded.  Their reward for gamesmanship is a two-week extension.  With the benefit of a clarified record and a moment to consider Defendant's position, the Court should reinstitute the Monday deadline and oblige Plaintiffs to honor the deadline they previously agreed to.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

7

If Plaintiffs wish to respond to this reconsideration motion, the Court should direct them to do so within 24 hours.  The urgency is of their own making.  Defendant is willing to waive its reply.

DATED this 26th day of March 2026.

GREENBERG TRAURIG, LLP


By: /s/ Dominic E. Draye
        Dominic E. Draye
        Matthew P. Hoxsie
        Zachary H. Levy
        *Attorneys for Defendant Maricopa County*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

8