**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>     Plaintiffs,<br><br>and<br><br>United States of America,<br><br>     Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>     Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

## I. Rule 60(b) Motion Briefing Schedule

At the status conference held on March 25, 2026, Plaintiffs requested an extension of time to file their response to Defendants' Rule 60(b) Motion for Relief from Judgment (Doc. 3368), citing the forthcoming issuance of the Monitor's Forty-Sixth Quarterly Report. Plaintiffs sought at least a 60-to-90-day extension for their response. Plaintiffs' current deadline to respond is March 30, 2026, and Defendants' reply deadline is April 22, 2026. The Monitor stated at the status conference that a draft of the Quarterly Report would be available to the parties within the next week. The Monitor also stated that the draft Quarterly Report does not discuss any internal disciplinary matters that have not become final.

At the status conference, the Court issued the following oral ruling:  By April 7, 2026, Plaintiffs shall file any motion to extend the briefing schedule or for leave to file supplemental briefing based on the material in the draft Quarterly Report.  Defendants' and the United States' deadline to respond to Plaintiffs' motion will be due on April 10, 2026. The Court will rule on Plaintiffs' request by April 13, 2026.  The Court will stay all responsive deadlines for Defendants' Rule 60(b) motion pending its ruling on that motion.

Defendants opposed Plaintiffs' request for an extension at the status conference. The next day, on March 26, 2026, Defendants filed a motion for reconsideration, asking the Court to reinstate the responsive deadlines for the Rule 60(b) Motion.  (Doc. 3440). Defendants' motion is denied for two reasons.

First, "[m]otions for reconsideration are disfavored and are rarely granted." *Melendres v. Sheridan*, 2025 WL 3647977, at \*1 (D. Ariz. Dec. 16, 2025) (citation modified).  "Reconsideration is an extraordinary remedy that is available only in highly unusual circumstances." *Id.* (citation modified).  Defendants fail in their motion to identify how the Court's two-week stay of the briefing deadlines rises to the level of "manifest error," LRCiv. 7.2(g), needed to grant a motion for reconsideration here.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket." (citation modified)).  That a two-week stay does not constitute "manifest error" is especially true in this case where, under the Court's previous orders, the default procedure for Defendants to "move to terminate this Order" was to "provide the Monitor and Plaintiffs with notice that they intend to do so at least 60 days prior to filing" the motion.  (Doc. 606 ¶ 4).

Second, the Court has not yet granted any request for additional time or supplemental briefing.  Should the Court, by April 13, deny any request for additional time, or only allow for supplemental briefing, Plaintiffs will be expected to promptly file their response brief on April 14 (with an appropriate extension for Defendants' reply).  The Court agrees with Defendants that Plaintiffs should have followed LRCiv. 7.3 when making their request to the Court at the status conference.  The Court further notes that it

did not grant Plaintiffs' request for a 60-to-90-day extension at the status conference. Plaintiffs are expected to abide by LRCiv. 7.3 when making their motion by April 7. Defendants' cited cases highlighting where district courts have denied extension requests where the movants failed to follow the local rules (Doc. 3440 at 5) are therefore inapposite at this current juncture.

**IT IS THEREFORE ORDERED** that Plaintiffs shall file any motion to extend the briefing schedule for, or seek leave to file supplemental briefing on, the Rule 60(b) motion by April 7, 2026.  Defendants and the United States shall file their responses to Plaintiffs' motion by April 10, 2026.  No reply shall be permitted.  All responsive deadlines for Defendants' Rule 60(b) motion (Doc. 3368) are stayed pending the Court's ruling on Plaintiffs' forthcoming motion.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration (Doc. 3440) is **DENIED**.

ated this 27th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge