**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al. | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

## I.      Finality of Discipline Under Arizona State Law

At the March 12, 2026 status conference (Doc. 3418), the Court addressed paragraph 228 of the Court's Second Supplemental Injunctive Order, which states:

> The Sheriff or his designee has the authority to rescind, revoke or alter any disciplinary decision made by either the Commander of the Professional Standards Bureau or the appointed MCSO disciplinary authority so long as:
>
> a. that decision does not relate to the Sheriff or his designee;
>
> b. the Sheriff or his designee provides a thorough written and reasonable explanation for the grounds of the decision as to each employee involved;
>
> c. the written explanation is placed in the employment files of all employees who were affected by the decision of the Sheriff

or his designee; and

d. the written explanation is available to the public upon request.

(Doc. 1765 ¶ 228). The Court raised several concerns with the provision, noting that the "paragraph might erroneously be read to conflict with state law concerning the finality of the MCSO's disciplinary decisions." (Doc. 3422 at 4). The Court invited the parties to comment on the following four questions:

(1)    Does the Sheriff have the authority under state law to alter disciplinary decisions that have become final under state law?

(2)    Does ¶ 228 grant the Sheriff any additional authority not already provided under state law?

(3)    If the Sheriff alters any discipline imposed by a pre-determination hearing officer, can the Monitor take into account such alteration when considering the Sheriff's compliance with his obligation to provide "consistently applied" and "fair" discipline under Doc 1765 ¶ 219?

(4)    Does the Sheriff have the authority to alter factual determinations that the MCSO and/or the Maricopa County Attorney's Office are required to disclose as exculpatory or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and Arizona state law (e.g., A.R.S. §§ 38-1117, 1119)?

(Doc. 3422; Doc. 3425).

The parties, in their briefings submitted to the Court, disagreed on the first, third, and fourth questions. (Doc. 3446; Doc. 3447). Nonetheless, the parties both agreed—under their competing interpretations of the Sheriff's authority to alter final disciplinary decisions—that ¶ 228 does not provide the Sheriff with any additional authority to alter any discipline that is not already provided for under state law. (Doc. 3446 at 5-6; Doc. 3447 at 9). The Court will therefore amend ¶ 228 to clarify that the Sheriff may only rescind, revoke, or alter a disciplinary decision only when acting pursuant to his authority under state law. The Court will keep ¶ 228's procedural requirements—which require the

Sheriff or his designee to provide a thorough written and reasonable explanation for the change in disciplinary decision, place that decision in the employment files of all employees affected by the Sheriff's decision, and provide that explanation to the public upon request—in place.

The Monitor under his current authority may evaluate such decisions to assess whether the Sheriff is consistently and fairly applying discipline within the MCSO. (Doc. 1765 ¶ 219). Defendants cite to the Arizona Court of Appeals' decision in *Hounshell v. White* to support their argument that the Court should not impose any additional "oversight or limitations over the Sheriff's authority to alter discipline on the basis that inconsistent disciplinary might exist." (Doc. 3447 at 10 (citing 220 Ariz. 1, 6, 202 P.3d 466, 471 (Ct. App. 2008))). But neither the Sheriff nor the Board in *Hounshell* were subject to a federal civil rights judgment based on the manipulation of their own disciplinary systems. Paragraph 219 was originally necessitated, at least in part, due to the present Sheriff's unfair and inconsistent manipulation of the disciplinary process when he was Sheriff Arpaio's Chief Deputy. *See Melendres v. Maricopa County*, 897 F.3d 1217, 1222 (9th Cir. 2018) (*Melendres IV*). Now, of course, the Sheriff may alter discipline to ensure that it is consistently and fairly applied. He may also alter discipline in a way that violates those principles. (Doc. 3447 at 11). That is part of the reason that the current order allows the Monitor to make such an assessment. The Defendants offer no persuasive argument that the Court's existing order in this respect should be changed.

The Court will withhold ruling on the first and fourth questions until such point as these issues are presented to the Court as a live controversy in this case.

## II.    The Appointment of Ms. Jaffer as the Independent Investigator

Separately, at the March 25, 2026 status conference (Doc. 3438), the Court discussed with the parties the appointment of Shaneeda Jaffer as an outside independent investigator for IA 2026-0084, as well as any future investigations for which an outside independent investigator is required. The Court also recognized that certain provisions in the Court's previous order appointing Ms. Jaffer as the independent investigator for IA

- 3 -

2025-0185 (*e.g.*, Doc. 3191 ¶ 10) may conflict with Arizona state law and MCSO policy regarding the confidentiality of ongoing internal affairs investigations. *See, e.g.*, A.R.S. § 38-1109; MCSO Internal Investigation Policy GH-2 §§ 2(B), 21-23. It discussed with the parties a different method for approving proposed new IA investigations, which will not require any party to know the details of additional proposed investigations—in compliance with Arizona law and MCSO policy—and received the approval of the parties in concept.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** amending Paragraph 228 of the Second Supplemental Injunctive Order (Doc. 1765) as follows:

228.   The Sheriff or his designee may rescind, revoke or alter a disciplinary decision only when acting under his authority under state law, and only where:

a. that decision does not relate to the Sheriff or his designee;

b. the Sheriff or his designee provides a thorough written and reasonable explanation for the grounds of the decision as to each employee involved;

c. the written explanation is placed in the employment files of all employees who were affected by the decision of the Sheriff or his designee; and

d. the written explanation is available to the public upon request.

**IT IS FURTHER ORDERED** appointing Shaneeda Jaffer as an outside independent investigator in this case for IA 2026-0084, as well as any future investigations in which an outside independent investigator is required. In appointing Ms. Jaffer as the outside independent investigator, paragraphs one through fifteen of Doc. 3191 are incorporated and applicable to her subsequent investigations, subject to the further revisions below. Furthermore, the Court's previous orders describing the nature of Ms. Jaffer's position and detailing her access to MCSO attorney-client privileged and work-

product documents as detailed in Doc. 3307 and Doc. 3334 remain applicable to Ms. Jaffer's continued appointment.

**IT IS FURTHER ORDERED** amending Paragraph 1 of Doc. 3191 as follows:

1.    The Monitor shall notify the Independent Investigator when a PSB complaint has been assigned to her.  The Monitor shall provide the Independent Investigator with a copy of the PSB complaint and thereafter provide no direction to the Independent Investigator.

**IT IS FURTHER ORDERED** amending Paragraph 2 of Doc. 3191 as follows:

2.    The Independent Investigator shall pursue all assigned matters independently and shall receive cooperation and be provided with all access to information from all parties, as provided by this Court's orders. The Independent Investigator shall have access to MCSO privileged and work-product materials to the extent outlined in Doc. 3307 and Doc. 3334.

**IT IS FURTHER ORDERED** amending Paragraph 9 of Doc. 3191 as follows:

9.    The Monitor and the parties are directed to promptly comply with the Independent Investigator's requests for information.  The Monitor and the Independent Investigator may communicate to coordinate their investigations.  Nevertheless, each is independently responsible for their respective jurisdiction set forth in this Order, and each should make independent decisions within their own delegated responsibility.  The Monitor retains the same supervisory authority over the results of the investigation, as he does over all other PSB investigations, but the Monitor may not use information arising from the PSB investigation, unless the Monitor independently uncovered the information in his own inquiries and/or disclosed that information to the Independent Investigator.  To the extent the Independent Investigator receives information that is subject to the attorney-client privilege or work-product

protection, she shall not disclose such documents to the Monitor.  To the extent that the Independent Investigator is not sure whether documents in her possession are protected by any attorney-client privilege or work-product protection, she may raise the issue with the Court to clarify next steps.

**IT IS FURTHER ORDERED** amending Paragraph 10 of Doc. 3191 as follows:

10.    To the extent that the Independent Investigator identifies other matters that should be investigated or reinvestigated, the Independent Investigator shall indicate to the Court, in writing, the subject of such investigation and the likely principals.  This writing shall define the scope of the investigation and shall either be approved or disapproved by the Court. If approved, the Court will direct the MCSO Professional Standards Bureau to open an investigation file in the appropriate consecutive numbers.    The Court will subsequently lodge the Independent Investigator's correspondence to the Court under seal.

**IT IS FURTHER ORDERED** directing Ms. Jaffer to comply with the amended ¶ 10 of Doc. 3191 regarding the three areas of additional investigation identified in her correspondence with the parties and the Court on March 24, 2026.

Dated this 1st day of April, 2026.

_____
G. Murray Snow
Senior United States District Judge