# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

On April 1, 2026, the Court—after discussing it with the parties at the March 25, 2026 status conference (Doc. 3438)—appointed Shaneeda Jaffer as an outside independent investigator in this case for IA 2026-0084, as well as any future investigations in which an outside independent investigator is required. (Doc. 3448 at 3-6).

To avoid issues with the confidentiality of ongoing internal affairs investigations under Arizona state law and MCSO policy, the Court ordered Ms. Jaffer—should she identify other matters for investigation or reinvestigation during the course of her assigned investigations—to write directly to the Court indicating the subject of such investigation and the likely principals. (Doc. 3448 ¶ 10). The Court also provided that (1) Ms. Jaffer shall have access to MCSO privileged and work-product materials to the extent outlined in

Doc. 3307 and Doc. 3334 (*see* Doc. 3448 ¶ 2); (2) to the extent Ms. Jaffer receives information that is subject to the attorney-client privilege or work-product protection, she shall not disclose such documents to the Monitor (*see* Doc. 3448 ¶ 9); and (3) to the extent that the Independent Investigator is not sure whether documents in her possession are protected by any attorney-client privilege or work-product protection, she may raise the issue with the Court to clarify next steps (*id.*).

On April 10, 2026, Defendants filed notice with this Court, seeking clarification as to the MCSO's ability to screen documents for attorney-client privilege before disclosing them to Ms. Jaffer. (Doc. 3453 at 6-11). MCSO submits the following four contentions:

(1) MCSO should be apprised of Ms. Jaffer's investigation for the limited purpose of being able to properly assess whether documents requested are relevant to her inquiry;

(2) MCSO should have the ability to review and screen irrelevant documents subject to a privilege log;

(3) If a dispute arises on the adequacy of MCSO's privilege log, an independent magistrate judge should review it in camera; and

(4) MCSO should be able to in all instances screen and identify items requested by Ms. Jaffer for privilege to ensure that Ms. Jaffer does not inadvertently disclose such items to the Monitor during any communications or discussion she has with it.

(*Id.*). The Court will invite the parties, and Ms. Jaffer, to comment on MCSO's contentions should they so wish—considering the Court's previous orders as well in Doc. 3307, Doc. 3334, and Doc. 3448—before the Court takes any action on MCSO's requests.

**IT IS THEREFORE ORDERED** that Plaintiffs, the United States, and Ms. Jaffer shall file any comments—not exceeding ten (10) pages—on Defendants' requests in Doc. 3453 by April 24, 2026.

Dated this 10th day of April, 2026.

_____
G. Murray Snow
Senior United States District Judge

- 2 -