# Exhibit 1

| From: | Jenn Rolnick Borchetta - she/her |
|---|---|
| To: | Justin Ackerman; John Masterson; Joseph Popolizio; Clint Doyle (MCSO); Matt Summers (MCSO); Melissa Palopoli (MCSO); Suraj Kumar; Jared (CRT); Joseph Vigil (MCAO); ▮▮▮▮▮ |
| Cc: | Christine Wee; John Mitchell; Sebrina Shaw; Young, Stanley; Eduardo Casas |
| Subject: | Suggested steps on ETSIs |
| Date: | Wednesday, December 17, 2025 6:31:39 AM |
| Attachments: | image002.png |
| | image003.png |
| | Plaintiff proposal re ETSIs 12.17.2025.pdf |

[EXTERNAL]

Good morning, Members of MCSO and Counsel,

Following up on our discussion about ETSIs, and as previously promised, we're sharing here a memo setting out suggestions for steps MCSO could take to address Plaintiffs' concerns around ETSI stops. This is intended to facilitate discussion on whether we can reach agreement.

(Counsel teams have recently expanded. If I missed any necessary parties, apologies, and please forward/ add them.)

Please let us know whether you are still open to discussing, and, if so, times in January that would be convenient.

Thank you,

Jenn
On behalf of Plaintiffs

Jenn Rolnick Borchetta
Deputy Project Director on Policing
Criminal Law Reform Project
American Civil Liberties Union
125 Broad St., New York, NY 10004
914.462.2363 ▮▮▮▮▮▮▮▮▮
aclu.org



Memo to MCSO, Maricopa County, DOJ, Counsel
From Plaintiffs' Counsel
Re: Plaintiffs' proposals on addressing concerns on ETSIs
Date: December 17, 2025

As the parties know, Plaintiffs are concerned about racial disparities in prolonged traffic stops that are marked as ETSIs, and they are also concerned that the increased use of ETSIs combined with the exclusion of ETSIs from the main stop analysis report (i.e., in the TSAR) is undermining transparency as to stop activity. Plaintiffs' position is that P70 and other provisions of the Court's orders require Defendants to take steps to address these concerns.

The parties have been engaged in discussions about Plaintiffs' concerns, as well as related conversations about P70 and the Constitutional Policing Plan. In the context of those discussions, Plaintiffs advised they would share specific proposals on how MCSO might address Plaintiffs' concerns. Below, Plaintiffs identify 8 steps toward that end.

This list is not meant to be exhaustive; it is meant to further discussion. MCSO has expressed willingness to discuss this issue, and Plaintiffs hope to discuss these ideas with the parties to see whether agreement can be reached, including as part of the ongoing discussion of whether or how to replace the CPP with more updated action items. These steps do not constitute the entirety of what Defendants are required to do as to stops, ETSIs, P70, or the CPP.

We will share this memo with the Monitoring Team, for their awareness.

1. MCSO should cease excluding stops that are marked as ETSIs from the extended stop analysis in the TSAR.
2. MCSO should include in the body of the TSAR a summary of ETSI analyses contained in the appendix of the TSAR. This should include at least trends in ETSI usage over time.
3. In the annual TSQR analysis of ETSIs, MCSO should track and report on the percentage of stops marked as an ETSI for each racial or ethnic group, e.g. x % of stops of Hispanic individuals are marked as ETSIs; and that information should be explained in plain terms in the body of the report.
4. In the annual TSQR analysis of ETSIs, the review of ETSI BWC videos should draw a random sample of stops—including ESTIs and non-ETSIs—and it should be a double-blind review.
5. MCSO should identify specific and measurable definitions of each ETSI category.
6. MCSO should produce to Plaintiffs guidance or trainings on when to apply each ETSI category, including any "cheat sheets," such as the one referenced in TSQR 17.
7. MCSO should conduct audits/ inspections of whether ETSI categories are appropriately marked, based on the specific and measurable definitions.

8. MCSO should implement measurable interventions geared at generating understanding of ETSI use in practice and at encouraging proper use of ETSIs. This might include, for example, discussion at roll call concerning examples of proper ETSI use, or discussion around any flags identified in the most recent TSQR on ETSIs. This would not include presentation of data analyses from those outside the district or division.