# Exhibit 2

**JOHN T. MASTERSON**
**PHONE: (602) 263-7331**
**FAX: (602) 200-7846**
**JMASTERSON@JSHFIRM.COM**

**JOSEPH J. POPOLIZIO**
**PHONE: (602) 263-1741**
**FAX: (602) 200-7876**
**JPOPOLIZIO@JSHFIRM.COM**

**JUSTIN M. ACKERMAN**
**PHONE: (602) 263-4552**
**FAX: (602) 200-7850**
**JACKERMAN@JSHFIRM.COM**



**40 N. CENTRAL AVENUE**
**SUITE 2700**
**PHOENIX, ARIZONA 85004**
**PHONE: (602) 263-1700**
**FAX: (602) 651-7599**

January 30, 2026

*VIA E-MAIL*

Jenn Rolnick Borchetta
American Civil Liberties Union
jborchetta@aclu.org

Re:     *Melendres v. Sheridan, et al.*

Dear Ms. Borchetta:

We are in receipt of your December 17, 2025, letter regarding Plaintiffs' proposals on addressing concerns on Extended Traffic Stop Indicators ("ETSIs").  Thank you for getting back to us.  As you are aware, Paragraph 70, along with the Constitutional Policing Plan ("CPP"), remains a longstanding roadblock between the Parties on which MCSO maintains it should be held in compliance.  It is our hope that our continued discussions will bear fruit in this endeavor so we can identify areas of agreement and move this process into a positive direction.

As you know, the Parties developed ETSIs together as a mechanism for documenting common delays experienced during traffic stops.  These delays are considered race neutral factors often outside a deputy's control (language barrier, technology issue, driver documentation issues), MCSO and Arizona Revised Statutes (DUI investigations and tows), or due to MCSO procedures (training).  It is also important to recognize that these delays experienced during traffic stops are not germane to deputy decisions to issue citations, make an arrest, file charges, or conduct a search. And while stop length is a concern to MCSO as a benchmark for identifying potential bias, ETSIs allow MCSO to identify common race-neutral circumstances that contribute to longer traffic stops, and MCSO has identified that deputies utilize ETSIs with fidelity when documenting delays during traffic stops. (*See e.g.*, TSQR 3, TSQR 13, and TSQR 17.)

Thus, as a threshold issue, MCSO ***does not*** consider racial/ethnic difference associated with ETSI use as a measure of potential bias as the Court defined in its Second Order. ETSIs, along with comments entered into the VSCF, identify and document circumstances which extend the length of a traffic stop, regardless of race/ethnicity.  MCSO maintains to state otherwise is simply a fallacy that has no basis in fact.

119508028.1

# Jones, Skelton & Hochuli, P.L.C.

Jenn Rolnick Borchetta
RE:  *Melendres v. Sheridan, et al.*
January 30, 2026
Page 2

---

That being said, putting aside for the moment MCSO's fundamental disagreement with Plaintiffs' apparent position on the value and meaning of ETSIs, and in an effort to continue collaborating with Plaintiffs on this issue, MCSO provides the following responses to the eight points raised in your December 17, 2025 Memo:

**Plaintiffs' Request #1:** "*MCSO should cease excluding stops that are marked as ETSIs from the extended stop analysis in the TSAR.*"

MCSO's Response to #1:  MCSO is agreeable to using ETSI's as a matching variable in our baseline model of stop length, which would include all stops.

**Plaintiffs' Request #2:** "*MCSO should include in the body of the TSAR a summary of ETSI analyses contained in the appendix of the TSAR. This should include at least trends in ETSI usage over time.*"

MCSO's Response to #2:  This request is at odds with Judge Snow's specific request that MCSO provide simple analyses in the TSAR.  In addition, MCSO notes that it is already conducting a comprehensive analysis of ETSIs in TSQR21 and has already committed to conducting an analysis of ETSI use annually for its first quarterly report. Thus, MCSO respectfully submits that this request is duplicative of work that MCSO will have already completed by the time the TSAR is released.

**Plaintiffs' Request #3:** "*In the annual TSQR analysis of ETSIs, MCSO should track and report on the percentage of stops marked as an ETSI for each racial or ethnic group, e.g. x % of stops of Hispanic individuals are marked as ETSIs; and that information should be explained in plain terms in the body of the report.*"

MCSO's Response to #3:  MCSO already does this. (*See* pages 14-16 and Tables 3a and 3b in TSQR 13, and pages 20-23 and Tables 5a and 5b in TSQR 17).  MCSO also intends to duplicate this tracking, reporting, and explanation in TSQR 21.

**Plaintiffs' Request #4:** "*In the annual TSQR analysis of ETSIs, the review of ETSI BWC videos should draw a random sample of stops—including ESTIs and non-ETSIs—and it should be a double-blind review.*"

MCSO's Response to #4:  MCSO already did this in TSQR 17.  MCSO also notes that Plaintiffs have already agreed on a way to stratify the sample in this year's ETSI (TSQR 21) proposal.

**Plaintiffs' Request #5**.  "*MCSO should identify specific and measurable definitions of each ETSI category.*"

MCSO's Response to #5:  Definitions of Extended Stop Indicators already exist and MCSO has published them in its Extended Stop Indicator quarterly reports for several years now. (*See* Appendix A of TSQR13 and TSQR17.)  MCSO notes the definitions supplied in the VSCF form give operational guidance on each ETSI category to deputies.  However, MCSO would be willing to add into EB-1 the

# Jones, Skelton & Hochuli, P.L.C.

Jenn Rolnick Borchetta
RE:  *Melendres v. Sheridan, et al.*
January 30, 2026
Page 3

definitions of ETSIs.  We do note, however, that most ETSIs are by their nature self-explanatory. These are concepts with which deputies routinely deal.

**Plaintiffs' Request #6.** *"MCSO should produce to Plaintiffs guidance or trainings on when to apply each ETSI category, including any "cheat sheets," such as the one referenced in TSQR 17."*

MCSO's Response to #6:  MCSO is agreeable to this request and believes that it has already provided this information at least once in the past. (*See* Appendix A of TSQR 13 and TSQR 17, as well as the attached ETSI Reference Sheet.)

**Plaintiffs' Request # 7.** *"MCSO should conduct audits/ inspections of whether ETSI categories are appropriately marked, based on the specific and measurable definitions."*

MCSO's Response to #7: MCSO is not inclined to conduct an additional audit/inspection already conducted quarterly each year in the TSQR, which includes an inspection sheet that the Monitoring Team has approved. MCSO currently reviews all stops without ETSIs over 20 minutes long to identify undocumented delays during traffic stops and sends out data refinements.

**Plaintiffs' Request #8**. *"MCSO should implement measurable interventions geared at generating understanding of ETSI use in practice and at encouraging proper use of ETSIs. This might include, for example, discussion at roll call concerning examples of proper ETSI use, or discussion around any flags identified in the most recent TSQR on ETSIs. This would not include presentation of data analyses from those outside the district or division."*

MCSO's Response to #8: MCSO has completed all the discussions given as examples in the Plaintiffs' request.  It has discussed ETSIs in its Town Hall meetings and squad briefings, as well as with individual sergeants and deputies, etc.  It also sends data validations to deputies and sergeants when ETSIs are not used but should have been, and often have discussions with the supervisors regarding proper ETSI use.  Nevertheless, MCSO is willing to have its training division generate a tutorial on ETSIs and give an assessment of that tutorial in order to measure MCSO deputies' understanding of appropriate ETSI use.  MCSO notes that there have not been any "flags" in its most recent TSQR on ETSIs, nor are any generated in TSQRs.

*** 

As you can see from the above, nearly all of your requests regarding ETSIs are either already being done or are agreeable to MCSO.  We hope this can finally resolve any outstanding concerns surrounding ETSIs so that the Parties can more meaningfully shift discussions back to the specific requirements of Paragraph 70 and the specific reasons why Plaintiffs believe MCSO is not in compliance with that Paragraph of the Court's Order (Doc. 606).

119508028.1

# Jones, Skelton & Hochuli, P.L.C.

Jenn Rolnick Borchetta
RE: *Melendres v. Sheridan, et al.*
January 30, 2026
Page 4

_____

We also look forward to our continued discussion of these issues at the upcoming February 2026 site visit and hope we can resolve these concerns completely so the Plaintiffs and MCSO can acknowledge and agree that the requirements of Paragraph 70 have been long achieved, the CPP is no longer necessary (and long since been satisfied), and compliance certification is warranted by the Monitor and/or the Court on Paragraph 70.

Finally, we will share this letter with the Monitoring Team, for their awareness.

Sincerely,

John T. Masterson
Joseph J. Popolizio
Justin M. Ackerman
For the Firm

JMA

119508028.1