# Exhibit 5

| | |
|---|---|
| **From:** | Clint Doyle (MCSO) |
| **To:** | Sebrina Shaw; Jerry Sheridan (MCSO); John Masterson; Joseph Popolizio; Joseph Vigil (MCAO); Robert Warshaw; Bea Annexy; Robin Busch-Wheaton |
| **Cc:** | Brandon Newton (MCAO); Douglas Schwab (MCAO); Tiffani Shaw (MCSO); Matt Summers (MCSO); Dominick Reaulo (MCSO); Alanna Hodges (MCSO); Todd Brice (MCSO); Gregory Lugo (MCSO); Veronica Hernandez (MCSO); Carrie Addis (MCSO); Garrett Smith (MCSO); David Redpath (MCSO); Sherry Burnette (MCSO); Robert Levy (MCSO); Melissa Palopoli (MCSO); Michael Lawson (MCSO); Aaron Flowers (MCSO); Kelly Bocardo (MCSO); Valarie Serrano (MCSO); Cara Stevens (MCSO); Andrew Prelog (MCSO); Andrew Rankin (MCSO); Justin Ackerman; Daniel Shudlick; Janet Fernandez; Victoria Lopez; John Mitchell; Young, Stanley; Romanow, Julie R; Bjazevich, Hunter; Christine Wee; Jared Keenan; Gloria Torres; Jenn Rolnick Borchetta; Heath, Amy; Eduardo Casas; Suraj Kumar; Leslie Bailey; Rachel Slywczak; Raul Martinez; Daniel Doherty; Alfred Peters |
| **Subject:** | RE: Plaintiffs Concerns re July 16, 2025 Community Meeting |
| **Date:** | Wednesday, August 20, 2025 8:46:37 AM |
| **Attachments:** | image001.png |

[EXTERNAL]

Ms. Shaw,

We received your letter of concerns. I apologize for the delayed acknowledgement.

Cordially,

Clint



**Clint Doyle, A4779**
**Commander**
**Court Implementation Division**
**Maricopa County Sheriff's Office**
**550 West Jackson Street**
**Phoenix, AZ 85003**

**Office :** 602-876-4654
**Cell :** 602-819-3042
**E-mail :** ▮▮▮▮▮▮▮▮▮▮

---

**From:** Sebrina Shaw ▮▮▮▮▮▮▮▮
**Sent:** Tuesday, August 19, 2025 2:01 PM
**To:** Jerry Sheridan (MCSO) ▮▮▮▮▮▮▮▮▮▮; John Masterson ▮▮▮▮▮▮▮▮; Joseph Popolizio ▮▮▮▮▮▮▮▮; Joseph Vigil (MCAO) ▮▮▮▮▮▮▮▮; Robert Warshaw ▮▮▮▮▮▮▮▮; Bea Annexy ▮▮▮▮▮▮▮▮; Robin Busch-Wheaton ▮▮▮▮▮▮▮▮
**Cc:** Brandon Newton (MCAO) ▮▮▮▮▮▮▮▮; Douglas Schwab (MCAO) ▮▮▮▮▮▮▮▮; Tiffani Shaw (MCSO) ▮▮▮▮▮▮▮▮; Matt Summers (MCSO) ▮▮▮▮▮▮▮▮; Dominick Reaulo (MCSO) ▮▮▮▮▮▮▮▮; Alanna Hodges (MCSO) ▮▮▮▮▮▮▮▮; Todd Brice (MCSO) ▮▮▮▮▮▮▮▮; Gregory Lugo (MCSO) ▮▮▮▮▮▮▮▮; Veronica Hernandez (MCSO) ▮▮▮▮▮▮▮▮; Carrie Addis (MCSO) ▮▮▮▮▮▮▮▮>; Garrett Smith (MCSO) ▮▮▮▮▮▮▮▮; David Redpath (MCSO)



; Sherry Burnette (MCSO); Robert Levy (MCSO) >; Melissa Palopoli (MCSO) ; Michael Lawson (MCSO) ; Aaron Flowers (MCSO) ; Kelly Bocardo (MCSO) >; Valarie Serrano (MCSO) >; Cara Stevens (MCSO) >; Andrew Prelog (MCSO) ; Andrew Rankin (MCSO) ; Justin Ackerman >; Daniel Shudlick ; Janet Fernandez ; Victoria Lopez ; John Mitchell ; Stanley Young ; Julie R Romanow ; Hunter Bjazevich >; Christine Wee ; Jared Keenan ; Gloria Torres ; Jenn Rolnick Borchetta ; Amy Heath ; Eduardo Casas ; Suraj Kumar >; Leslie Bailey >; Rachel Slywczak >; Raul Martinez ; Daniel Doherty ; Alfred Peters ; Clint Doyle (MCSO)

**Subject:** Plaintiffs Concerns re July 16, 2025 Community Meeting

Dear MCSO, Counsel, and Monitoring Team,

As you are aware, concerns have been raised by the Plaintiffs and others about the community event on July 16, 2025. We write now to raise a separate and related concern that Sheriff Sheridan's conduct during the meeting undermined the Court's orders as well as the remedial goal of building trust between MCSO and members of the plaintiff class.

The purpose of these community meetings is to promote open dialogue between MCSO and the plaintiff class surrounding issues relevant to the Melendres case and improve relations with plaintiff class members. The Court ordered MCSO to participate in the Monitoring Team's quarterly site visit community meetings pursuant to Paragraph 109. Doc. 2431. The Monitoring Team assists with facilitating these meetings to ensure MCSO is present as well as providing the opportunity for MCSO to provide updates to on the reform process, to provide the affected community with an opportunity to share input, and to increase its trust in MCSO. In addition, as the head of MCSO, Sheriff Sheridan must take appropriate leadership action to ensure implementation of reforms. This includes showing deputies that MCSO is committed to fully implementing the reforms, and it should include showing the same to the public.

The Sheriff's actions and inactions on July 16, 2025, undermined the goals of Paragraph 109 and inappropriately sent a message to the community and MCSO personnel in attendance that the Sheriff is potentially antagonistic to the remedial process and might not be committed to fully implementing reforms. It also resulted in harm to the members of the plaintiff class who

were present-- some as audience members and others who were attempting to participate by standing in line to ask questions of MCSO and the Sheriff.

What would historically be an open forum with plaintiff class members asking questions or making observations about MCSO and the presence of MCSO in their communities and/or expressing concerns about their experiences with MCSO, turned into a full-blown assault of the Monitoring Team's ongoing Court Ordered duties in this case. This included extremely concerning interactions in the audience between the audience members who attended to disrupt the remedial process and plaintiff class members. Racial epithets were used, offensive and provoking language towards Plaintiffs community members who were present that evening was used, and threats of violence were witnessed as verbal and physical altercations arose between those disruptive audience members and speakers in line waiting to ask their questions. Impacted community members were afraid to speak and felt unsafe at the community meeting. Further, many of the disrupters in the audience berated the interpreter as she attempted to translate the meeting for Spanish-speaking plaintiff class members. The interpreter was pleading with those disrupting her job to allow her to continue without interruption. Her requests were not respected, and MCSO or the Sheriff did not help to calm verbal and physical altercations that took place.

In response to the disruption during the Court-ordered community meeting, Sheriff Sheridan took no action to quell the disruption or at least distance himself from it. To the contrary, he effectively endorsed the disruption in the manner that he interacted with the disrupters before the meeting, throughout the meeting, and after the meeting. Not only did this action and inaction frustrate the goals of the community event, it also regrettably sent a message to plaintiff class members and deputies in attendance that the Sheriff might himself be opposed to the reform process. His inaction could also understandably be perceived by class members as an endorsement of the offensive language and physical actions taken against plaintiff class members who were in attendance that night. While Plaintiffs need not remind the Sheriff of the heart of this case – the racial targeting of our clients committed by MCSO – the inaction and tacit acceptance by MCSO and the Sheriff of what transpired at the community meeting compels Plaintiffs to do so. The Sheriff had an opportunity to tell the audience at the community meeting that racial epithets made against plaintiff class members would not be tolerated by himself nor anyone from MCSO, but that did not happen.

The impact the community meeting, a cornerstone of the remedial process, had on the plaintiff class is distrust and fear of MCSO. Plaintiffs hope that by expressing these concerns in this correspondence, the Sheriff and the agency at large will seriously consider our concerns raised in this letter in order to improve the trust between the plaintiff class and MCSO.

Sincerely,

Sebrina Shaw