# Exhibit 10

**From:** Bea Annexy
**To:** Joseph Vigil (MCAO); Clint Doyle; Schwab Douglas; Shaw Tiffani; Matt Summers; Dominick Reaulo (MCSO); Alanna Hodges; Todd Brice (MCSO); Gregory Lugo - SHERIFFX; Veronica Hernandez; Carrie Nabor (MCSO); Garrett Smith; David Redpath (MCSO); Sherry Burnette; Robert Levy (MCSO); Melissa Palopoli; Aaron Flowers; Jason Speck; Kelly Bocardo (MCSO); Valarie Serrano (MCSO); Cara Stevens; Andrew Prelog (MCSO); Andrew Rankin (MCSO); John Masterson; Joseph Popolizio; Justin Ackerman; Daniel Shudlick; Janet Fernandez; Kristen McCowan; Kim Chi Pham; Victoria Lopez; John Mitchell; Young, Stanley; Romanow, Julie R; Bjazevich, Hunter; Christine Wee; Sebrina Shaw; GTorres@acluaz.org; Jenn Rolnick Borchetta; Jorge Castillo; Eduardo Casas; Suraj Kumar
**Cc:** Robert Warshaw; Robin Busch-Wheaton; Alfred Peters; Noel Rojas
**Subject:** Transfer out of PSB
**Date:** Thursday, February 26, 2026 12:54:17 PM
**Attachments:** Notice to Court Disapproval Transfer of Capt. Lugo 22626 896887-896887.pdf
Attachment A 22626 896888-896890.pdf

---

**[EXTERNAL]**

Dear parties and counsel:

Please find letter from the Monitor to the Court stating that we do not approve a transfer from the Professional Standards Bureau, proposed by MCSO, pursuant to ¶268 of the Second Amended Second Supplemental Permanent Injunction (Doc. 1765).   It was sent to the Court today.

Cordially,

Beatriz

Beatriz Annexy, Esq.
Chief of Staff
Monitoring Team

WARSHAW & ASSOCIATES, INC.

348 WABASH DRIVE
SYLVA, NORTH CAROLINA 28779

828.586.1843 TELEPHONE
828.586.1853 FACSIMILE

February 26, 2026

VIA EMAIL_________________
To the Honorable G. Murray Snow:

Re: Melendres v. Sheridan CV-07-02513-PHX-GMS
Notice of Transfer Disapproval

Your Honor:

In compliance with Paragraph 268 of the Amended Second Supplemental Permanent Injunction/Judgment Order, I am notifying the Court that after reviewing the documentation submitted by MCSO on February 6, 9, 12, and 16, 2026, the following MCSO transfer was not approved, subject to the jurisdiction and oversight of the Monitor:

Transfer of Capt. Gregory Lugo from the Professional Standards Bureau to the Court Security Division.

We conclude that the stated reason for the transfer is both inconsistent with the facts and is a retaliatory act. See, Attachment A.

I hereby certify that I have sent copy of this communication to the Parties via email.

Robert S. Warshaw

_______________________________
Robert S. Warshaw
Monitor

**From:** Noel Rojas
**Subject:** Fwd: transfer of Capt. G. Lugo
**Date:** February 25, 2026 at 3:48 PM
**To:** JOSEPH POPOLIZIO , JOHN MASTERSON , JUSTIN ACKERMAN , , Joseph Vigil
Robert Warshaw , Bea Annexy , Robin Busch-Wheaton ,
Alfred Peters , Clint Doyle (MCSO)

NR

Please be advised that the following communication was sent to MCSO this afternoon.

Noel A. Rojas
Monitoring Team

Begin forwarded message:

**From:** Noel Rojas
**Subject:** **transfer of Capt. G. Lugo**
**Date:** February 25, 2026 at 3:07:12 PM EST
**To:** "Clint Doyle (MCSO)"
**Cc:** Robin Busch-Wheaton , Alfred Peters , Bea Annexy
,

Commander Doyle, below please find our response to MCSO's request to transfer Capt. Gregory Lugo:

On February 6, 2026, MCSO submitted a request to transfer Captain Lugo from the Professional Standards Bureau to the Court Security Division. When we asked for the basis for the transfer, Commander Doyle advised us that Captain Lugo had already been temporarily assigned to Court Security, pending the Monitoring Team's approval. This temporary assignment was in direct violation of Paragraph 268, which states, in part, "During the term that a Monitor oversees the Sheriff and the MCSO in this action, any transfer of sworn personnel or supervisors in or out of the ProfessionalStandards Bureau, the Bureau of Internal Oversight, and the Court Implementation Division shall require advanced approval from the Monitor."

In response to our inquiries, Commander Doyle did not provide a substantive reason for the transfer. Instead, he wrote that Captain Lugo had served as PSB Captain for over five years, acknowledging that "there is no policy within the Office regarding the length of tenure in any assignment within the Office." Commander Doyle also wrote that, during a December 2024 meeting with former Chief Deputy Molina and also in "subsequent meetings," then-Sheriff-elect Sheridan and incoming Undersheriff Gentry advised Captain Lugo that he would, per Commander Doyle, "most likely" be transferred from PSB after one year.

At the time of MCSO's transfer request, Captain Lugo had been on administrative leave since April 7, 2025, pending the resolution of: (1) criminal and administrative misconduct complaints filed by Sgt. Engelbeck on March 10, 2025 (IA 2025-0111); and (2) a separate administrative misconduct complaint filed by Executive Chief Palopoli (IA 2025-0139).

We first became aware in mid-March 2025 that Captain Lugo had been identified as a principal in Sgt. Engelbeck's complaints. We made inquiries regarding the intake and routing of Sgt. Engelbeck's complaints, as well as the additional insubordination allegations lodged by Chief Palopoli. MCSO placed Captain Lugo on administrative leave, and referred the three matters to the Arizona Department of Public Safety. In its investigative report, AZDPS concluded that no criminal violations had occurred and declined to provide conclusions and findings for either of the administrative cases.

Following this, on October 30, 2025, we requested that the Court-appointed Independent Investigator issue findings and recommendations based upon the investigations conducted by AZDPS. On January 28,

2026, the Independent Investigator submitted her completed report to Deputy Chief Flowers of PSB. Her report did not sustain any findings of misconduct against Captain Lugo. Specifically:

- The criminal allegations against Captain Lugo for alleged violations of ARS 38-1106(A)(1) and ARS 13-2809(A)(1) were **Unfounded**;
- The allegation of a violation of CP-2 (Code of Conduct), Section 6, Conformance to Established Laws, related to IA2025-0111 was **Unfounded*;***
- The allegation that Captain Lugo failed to notify his superior of a conflict of interest in IA 2025-0139 was **Not Sustained*;*** and
- The allegation of insubordination against Captain Lugo was **Exonerated.**

On February 6, 2026, shortly after the issuance of the Independent Investigator's report, MCSO submitted its request to transfer Captain Lugo out of PSB.

The Monitoring Team's inquiry, which will be documented in our forthcoming forty-sixth quarterly status report, revealed that executive command had made effusive statements about Captain Lugo's leadership and managerial performance. Executive command expressly rejected the idea that Captain Lugo would be removed as PSB Commander, contrary to Commander Doyle's representations that Captain Lugo was told he would "likely" be transferred from PSB within one year. Executive command praised Captain Lugo, and the Sheriff himself described him as "the beacon to the entire organization," crediting him with addressing the investigative backlog and advancing the agency toward the end of federal oversight.

Our inquiry made clear that Captain Lugo was placed in a difficult and uncomfortable position when executive command made inquiries about reopening final disciplinary decisions in closed cases adjudicated during previous administrations and took other actions that were inconsistent with MCSO policy. According to Captain Lugo, he refused to participate in any effort that he believed would violate State law or place him in contempt of the Court Orders, and he declined to engage in conduct that could be unethical or unlawful.

Under Captain Lugo's leadership, PSB's performance metrics reflected high levels of productivity and compliance, as noted by senior members of the current administration. His proposed transfer is clearly not related to performance; organizational efficiency; or the needs of the Professional Standards Bureau, the Plaintiffs' class, or the Sheriff's Office. It is clear that the complaints against Captain Lugo were initiated and pursued as a direct result of his resistance to the administration's attempts to manipulate the PSB process, alter standing policies, and defy the Court Orders.

Accordingly, we conclude that the stated reasons offered for the transfer of Captain Lugo are inconsistent with the facts and are retaliatory, as defined by Paragraphs 168 and 169 of the Second Order. Further, Captain Lugo's record of performance, as noted by senior members of the current administration, is worthy of his return to the command of the Professional Standards Bureau.

For these reasons, the Monitor does not approve MCSO's request to transfer Captain Lugo out of the Professional Standards Bureau.

Noel A. Rojas
Monitoring Team

Blank page