# Exhibit 11



JOSEPH J. POPOLIZIO
PHONE: (602) 263-1741
FAX: (602) 200-7876
JPOPOLIZIO@JSHFIRM.COM

**JONES, SKELTON & HOCHULI, P.L.C.**

JSHFIRM.COM

**40 N. CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599**

| | | | | |
|---|---|---|---|---|
| WILLIAM R. JONES, JR. (1939–2017) | J. RUSSELL SKELTON (RETIRED) | EDWARD G. HOCHULI (OF COUNSEL) | DONALD L. MYLES, JR. (OF COUNSEL) | WILLIAM D. HOLM |
| MARK D. ZUKOWSKI | GEORGIA A. STATON | MICHAEL E. HENSLEY | JOHN T. MASTERSON | ROBERT R. BERK |
| STEPHEN A. BULLINGTON | JAMES J. OSBORNE | EILEEN DENNIS GILBRIDE | CRISTINA M. CHAIT | MICHAEL A. LUDWIG |
| JEFFERSON T. COLLINS | DAVID S. COHEN | PHILLIP H. STANFIELD | JOHN M. DICARO | MICHAEL W. HALVORSON |
| JOSEPH J. POPOLIZIO | RYAN J. MCCARTHY | J. GARY LINDER | SANFORD K. GERBER | DONN C. ALEXANDER |
| KATHLEEN S. ELDER | DOUGLAS R. CULLINS | A. BLAKE DELONG | JOSHUA M. SNELL | JEREMY C. JOHNSON |
| MICHELE MOLINARIO | KEVIN K. BROERMAN | DAVID L. STOUT, JR. | DANIEL O. KING | BRANDI C. BLAIR |
| ERIK J. STONE | CHRISTOPHER G. STUART (OF COUNSEL) | CHELSEY M. GOLIGHTLY | DIANA J. ELSTON-MILLER | JONATHAN P. BARNES |
| KENNETH L. MOSKOW | CLARICE A. SPICKER | JOHN A. KLECAN (OF COUNSEL) | ANDREW I. CLARK | DAVID C. POTTS |
| RAUL P. SEDILLO (NM) | JOSEPH J. JOYCE (UT) | BRYAN J. STODDARD (UT) | JUSTIN M. ACKERMAN | JOEL W. HABBERSTAD |
| JOHN M. GREGORY | JOHN D. LIERMAN | RAVI V. PATEL | FERNANDO C. PALOMARES (NM) | ROBERT E.M. SMITH |
| CORY E. TYSZKA | ERICA J. SPURLOCK | KIMBERLY K. PAGE | PAUL R. BISHOP (NM) | MICHAEL J. COLLINS (UT) |
| BRIAN J. RIPPLE | DEREK R. GRAFFIOUS | CLARISSA B. REIMAN | NATHAN C. STUART | RITA J. BUSTOS |
| ELIZABETH B.N. GARCIA | DAVID C. ONUSCHAK | CHRISTOPHER M. BROWN | ALLISON M. BEAULIEU (NM) | RUTH A. SHAPIRO (UT) |
| BRYSON R. BROWN (UT) | RON C. BEACH | JURHEE A. RICE (UT) | HEATHER S. WHITE (UT) | MARIAH L. LOGAN |
| CHRISTIE GETER (NM) | ADRIENNE A. MOSS (UT) | BLAKE A. HALLOCK (UT) | KATIA K. CONRAD (UT) | STEPHANIE M. IRELAND |
| ALEXIS N. TINUCCI | KATHRYN L. HUNNICUTT | JAMES W. DEY | THOMAS W. GRIMES | STEPHANIE D. BALDWIN |
| ASHLEY E. CABALLERO-DALTREY | MICHAEL R. BROWN | JENNIFER M. MARTIN | DAMIAN M. ZIMMER | DANIEL A. SHUDLICK |
| ARCANGELO S. CELLA | ANTHONY J. JULIAN | LAUREN D. NORTON | HUNTER A. YOUNG | SCHUYLER WILLARD (NM) |
| M. EMILY MAHANA | ALEX J. ESCOBAR | KENNEDY R. ALLEN | CHASE A. MACKAY | JOHN C. KELLY |
| HANNAH M. HULBERT | LUAN GURRA | BROOKE D. FRANCO | BRANIGAN M. SATTERFIELD (UT) | JAMES E. CERASIA |
| COLIN P. CANTU | SEVERIANO A. NARANJO (NM) | JOSIE T. JASMIN | MELYNDA M. MEYRICK | JACLYN M. PAGE (NM) |
| JACOB C. ZITAR | CATHERINE C. FOLSOM (UT) | LUKE M. YOSHIDA | BENJAMIN J. MEYER | SHANTANIQUE D. BRANTLEY |
| DALTON J. GEHLE | REBECCA A. BAIN | BARRY J. BERENBERG (NM) | ANTON SORKIN | JOSEPH D. BARRERAS |
| BRETT J. SILVERSTEIN | ADAM R. FRANK (UT) | TYLER D. MILLER | ELLIOT B. HEATER-BROWN (NM) | AMBER LUNDGREEN (UT) |
| RACHEL L. KAPLAN | SANA M. MOHAMMED | KAYLA W. BRAMWELL | BAILEY N. STOLTZFUS | CHRISTOPHER A. DARLING |
| STEPHANIE J. SCHNEIDER (NM) | | | | |

February 27, 2026

***VIA* E-MAIL**

Chief Robert Warshaw
Chief Noel Rojas
Monitoring Team

> Re:  ***Melendres v. Sheridan, et al.; Response to Denial of Paragraph 268
> Transfer of Gregory Lugo***

Dear Chiefs Warshaw and Rojas:

We are in receipt of Chief Rojas' February 25, 2026 email concerning MCSO's request, pursuant to Paragraph 268, to transfer Captain Gregory Lugo from the Professional Standards Bureau ("PSB") to the Court Security Division. We find the statements and conclusions set forth in Chief Rojas' February 25, 2026 email deeply disturbing in a number of ways which must be immediately addressed and rectified.

First, Chief Rojas concluded that it was "clear" that executive command placed Captain Lugo in a position requiring him to reopen closed disciplinary cases or otherwise violate policy, state law, or Court Orders, and that he "refused" to do so. This assertion is factually incorrect and must be rejected. At no time was Captain Lugo directed, requested, pressured, or encouraged by executive command to reopen closed cases or to engage in conduct that was unethical, unlawful, or inconsistent with Court Orders. As a result, it is simply impossible for the Monitoring Team to have any evidence of such. The Monitoring Team's incendiary statement

119628196.1

# JONES, SKELTON & HOCHULI, P.L.C.

Chief Robert Warshaw
Chief Noel Rojas
RE: *Melendres v. Sheridan, et al.*
February 27, 2026
Page 2

appears to rest solely on Captain Lugo's own uncorroborated characterizations (to which he lacks any personal knowledge) that are unsupported by documentation, witness statements, or any other reliable evidence. The Monitoring Team's reliance on this unsupported narrative is, therefore, improper and cannot form the basis for adverse conclusions about MCSO's intent or conduct.  To state so, as bluntly as Chief Roja's email did, is deeply concerning on whether the Monitor is conducting an objective review and assessment of MCSO's compliance with the Court's Orders. **We therefore request that you immediately provide MCSO, in detail, all facts and evidence upon which Chief Rojas based this conclusion.**

Second, Chief Rojas also stated that "[i]t is clear that the complaints against Captain Lugo were initiated and pursued as a direct result of his resistance to the administration's attempts to manipulate the PSB process, alter standing policies, and defy the Court Orders."  This is yet another inflammatory and baseless conclusion.  It is not "clear" that anyone initiated a complaint (let alone multiple complaints) against Lugo based on his purported resistance to the administration's non-existent attempt to manipulate the PSB process, alter standing policies, and defy the Court Orders.  This statement also raises a litany of questions.  **To whom in the administration does this statement refer?  What manipulation of the PSB process is allegedly occurring?  What standing policies are you referencing? What has been attempted to be altered and by whom?  And what Court Orders are purportedly being defied? Again, to the extent the Monitor Team is in possession of any evidence or facts to back up this incredulous accusation, MCSO demands that it immediately provide the facts and evidence which support these contentions**.

Third, Chief Rojas' email repeatedly states that Captain Lugo was "cleared" of misconduct. This framing is inaccurate and misleading.  While the Court-appointed Independent Investigator reached findings of Unfounded, Not Sustained, or Exonerated, the report nonetheless establishes that Captain Lugo engaged in the underlying conduct at issue, including: (1) accessing IAPro in matters in which he had a personal and professional connection; (2) accessing the system on more than one occasion; and (3) failing to promptly notify supervision upon recognizing the conflict.  Put simply, a finding of "Not Sustained" does not equate to a determination that the conduct did not occur. As a matter of administrative law and internal investigations practice, such findings reflect an evidentiary standard, not an affirmative exoneration of conduct. The Monitoring Team's contrary implication misstates the substance and legal effect of the Independent Investigator's report and improperly minimizes the legitimate management concerns that arose from the underlying conduct.

Fourth, Chief Rojas shockingly concluded that the proposed transfer was "retaliatory" under Paragraphs 168 and 169 of the Second Order. Again, we disagree. This conclusion is also improper, legally flawed and unsupported.  Nothing in Paragraph 168 defines

119628196.1

# JONES, SKELTON & HOCHULI, P.L.C.

Chief Robert Warshaw
Chief Noel Rojas
RE: *Melendres v. Sheridan, et al.*
February 27, 2026
Page 3

---

retaliation as initiating a transfer. Retaliation requires "reprisal, discouragement, intimidation, coercion, or adverse action." A transfer is none of those things. The Sheriff reserves the express right to assign and reassign command staff. Even Captain Lugo previously acknowledged this when he signed and agreed on February 28, 2001 that he would be "willing and able to accept an assignment at any location within Maricopa County, on any shift as determined by the Maricopa County Sheriff's Office" and that he "under[stood] that this is a requirement of the position and will be so long as [he is] employed." But even putting this aside, there is simply no basis for this conclusion other than speculation. No one has stated or suggested that the transfer is based on performance deficiencies, organizational inefficiency, PSB needs, or plaintiff-class considerations. The transfer request was non-disciplinary and non-punitive. The transfer was simply made at the request of the Sheriff, who has expressed a desire for a change in personnel. As noted in later communication surrounding the transfer request, this was previously conveyed to Captain Lugo long before any of the circumstances surrounding his IAs and administrative leave occurred. There is simply no evidence, but merely speculation, to the contrary. Thus, Chief Rojas' conclusion that any kind of retaliation has occurred is simply based on unsupported speculation and has absolutely no basis in objective fact. Once again, the boldness of Chief Rojas' conclusion to the contrary is deeply disturbing and must immediately be rescinded. **Again, to the extent the Monitor is in possession of any evidence or facts to back up this accusation, MCSO demands that the Monitor immediately provide it in detail**.

Fifth, while Paragraph 268 clearly requires the Monitor's approval for a transfer out of PSB, any procedural issues associated with temporary assignment do not support the Monitoring Team's broader conclusions of retaliation or improper motive. Nor do the Court Orders require that *transfers* *out* of PSB be justified by performance metrics or efficiency analyses. The Monitoring Team's apparent attempt to impose such a requirement is unsupported by the Orders and inconsistent with the Sheriff's lawful authority to assign and reassign command staff.

Sixth, Chief Rojas' statement that Captain Lugo's was "worthy of his return" to command of PSB exceeds his oversight role. Assignment, retention, and rotation of command staff remain the responsibility of the Sheriff absent a substantiated violation of the Court's Orders. No such violation exists here. The Monitoring Team's conclusion, via Chief Rojas, to the contrary is simply based on unsupported speculation and has absolutely no basis in objective fact.

Seventh, and finally, to MCSO's knowledge, the Monitor has never denied a transfer out of PSB, BIO, or CID. This appears to be a first. The Monitor already recognized that Captain Flowers (now Chief) is a qualified commander of PSB, when it accepted his transfer into PSB. Moreover, at the recent February 2026 site visit, Chief Kyler repeatedly commended Captain Flowers on the quality of his work and his efforts as the commander of PSB. Thus, there does not appear to be any dispute that PSB is currently being run by an approved qualified commander with

119628196.1

# JONES, SKELTON & HOCHULI, P.L.C.

Chief Robert Warshaw
Chief Noel Rojas
RE: *Melendres v. Sheridan, et al.*
February 27, 2026
Page 4

_____

the assistance of an approved qualified deputy commander and, by extension, there is no need to replace Captain Flowers due to any issues with his command. As a result, MCSO is puzzled why the Monitor is fighting so hard to smear MCSO command to ensure that Captain Lugo returns to PSB.

In sum, after careful review, MCSO does not concur with the Chief Rojas' various speculative and unsupported conclusions regarding the circumstances surrounding MCSO's requested transfer of Captain Lugo. The factual premises underlying those conclusions are incorrect, and the analysis is fundamentally flawed. MCSO respectfully requests that the Monitoring Team immediately reconsider its position and provide MCSO with its specific factual basis upon which it bases that position – rather than blatant, unfounded, and speculative soundbites. Moreover, to the extent the Monitor Team intends on documenting anything above in its future quarterly reports (i.e., in the forthcoming 46th draft report as pledged), MCSO equally requests an opportunity to fully discuss these issues prior to the Monitor's doing so. The seriousness of this situation and these allegations certainly justifies this request for information and discussion.

Last, recently we have sent letters to the Monitor which contain important inquiries that the Monitor Team either selectively addressed or ignored entirely. Please note that, just as in our previous correspondence, we request that the Monitoring Team provide all the requested information and address all the inquiries contained in this letter.

We look forward to hearing from you.

Sincerely,

John T. Masterson
Joseph J. Popolizio
Justin M. Ackerman
For the Firm

JJP/

119628196.1