Eduardo Casas*
ecasas@MALDEF.org
Mexican American Legal Defense
and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, California 90014
Telephone: (213) 629-2512

*Attorneys for Plaintiffs (Additional attorneys
for Plaintiffs listed on next page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*, | **CV-07-2513-PHX-GMS** |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO THE COURT'S ORDER (DOC. 3456)** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.* | |
| Defendants. | |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Jorge Martin Castillo*
jorgecastillo@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
915 15th Street NW
Washington, D.C. 20005
Telephone: (646) 983-9921

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Peter W. Johnston*
pjohnston@cov.com
Covington & Burling LLP
415 Mission Street
Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000

Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
John M. Mitchell
jmitchell@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

*Pro Hac Vice

Plaintiffs submit this response to the Court's order on April 10, 2026. Doc. 3456. MCSO makes the following four contentions regarding the court's appointment of Ms. Jaffer as independent investigator:

(1) MCSO should be apprised of Ms. Jaffer's investigation for the limited purpose of being able to properly assess whether documents requested are relevant to her inquiry;

(2) MCSO should have the ability to review and screen irrelevant documents subject to a privilege log;

(3) If a dispute arises on the adequacy of MCSO's privilege log, an independent magistrate judge should review it in camera; and

(4) MCSO should be able to in all instances screen and identify items requested by Ms. Jaffer for privilege to ensure that Ms. Jaffer does not inadvertently disclose such items to the Monitor during any communications or discussion she has with it.

Doc. 3453 at 6-11. Plaintiffs oppose granting MCSO any authority to make unnecessary predeterminations over information that is essential for the independent investigator's full investigation.[1] The very basis for appointing an independent investigator is that they are in fact sufficiently independent to instill confidence in the integrity of the investigation's findings that may otherwise be called into question because of some impropriety. Here, MCSO has a well-documented history of manipulating internal investigations in this matter. Yielding to Defendants' concern, for example, that Ms. Jaffer would "inadvertently" disclose things to the Monitor would effectually makes them a supervisor over the entirety of the investigation, including over the Monitor. Defendants' argument is based on mere speculation and distrust of the independent investigator. Doc. 3453 at 11. MCSO thus seeks to assert greater oversight over this investigation than it provides its own

---

[1] Plaintiffs note here Defendants' Partial Objection to April 10, 2026 Order (Doc. 3467). While this motion should have been styled as a Motion for Reconsideration to the Court's April 10, 2026 Order, Plaintiffs will not respond to this motion unless allowed to do so by the Court in order to comply with the Local Rules.

1

PSB investigators. The Court should therefore not accept Defendants' proposals.

A further reason to deny Defendants' requests is that Ms. Jaffer is already subject to confidentiality constraints as set in the Court's original order. *See* Doc. 3448 ¶ 9. MCSO's proposed supervisory role would unnecessarily insert itself into the investigation. The Court's Orders grant Ms. Jaffer the same privileges as any other PSB investigator, and granting MCSO's requests would needlessly encumber Ms. Jaffer while investigating potential misconduct and wrongdoing by MCSO personnel. *See* Doc. 3191 ¶ 3-4. This is especially problematic as Defendants have already expressed their intent to investigate Ms. Jaffer through a paid consultant to determine whether the independent investigator is truly independent based on Defendants' mere speculation. Tr. of Proc. at 25–26, *Melendres v. Sheridan*, No. 2:07-cv-02513 (D. Ariz. Mar. 25, 2026).

MCSO's requests would claw back some of that independence to the detriment of Plaintiffs in view of the asymmetry in information between Plaintiffs and Defendants and the interrelation between many components of compliance assessment and IA discipline. Such a claw back would worsen the effects of MCSO's refusal to meaningfully work collaboratively to reach full compliance. Indeed, this filing constitutes their tenth motion on PSB matters since April 21, 2025. *See generally* Doc. 3152, 3178, 3217, 3226, 3261, 3289, 3317, 3325, 3337, and 3399. Compliance simply requires them to process investigations in a reasonable time frame, make the complaint process meaningful and, hopefully, ingrain a culture of accountability and constitutional policing practices. MCSO has ultimately proven itself untrustworthy as a gatekeeper of information critical to maintaining a functional IA system, and Plaintiffs caution against undermining Ms. Jaffer's independence by granting Defendants supervisory authority over the course of her investigation.

Respectfully submitted this 24th day of April 2026.

By: */s/ Eduardo Casas*_____
    Eduardo Casas\*
    Mexican American Legal Defense
    and Educational Fund

Christine K. Wee
John M. Mitchell
Victoria Lopez
ACLU Foundation of Arizona

Jenn Rolnick Borchetta*
Cecillia D. Wang *
Jorge Martin Castillo*
ACLU Foundation

Stanley Young*
Peter W. Johnston*
Covington & Burling, LLP

Sebrina M. Shaw
Shaw Law Firm, P.L.L.C.

*Attorneys for Plaintiffs*

*Pro Hac Vice*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

_/s/__ *Eduardo Casas*_____