Shaneeda Jaffer (CA 253449)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:    628.600.2250
Facsimile:    628.221.5828
sjaffer@beneschlaw.com

Peter J. Sullivan, Jr. (OH 0100040)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile:  216.363.4588
psullivan@beneschlaw.com

Independent Investigator

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., | No. 2:07-CV-2513-PHX-GMS |
| Plaintiffs, | **RESPONSE PURSUANT TO THE COURT'S APRIL 10, 2026 ORDER (DOC. 3456).** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor. | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., | |
| Defendant. | |

The Independent Investigator, Shaneeda Jaffer ("Independent Investigator"), submits this response pursuant to the Court's April 10, 2026 Order (Doc. 3456) regarding Defendant Gerard A. Sheridan's, in his official capacity as Sheriff of Maricopa County ("MCSO" or the "Sheriff"), Notice Regarding Issues Raised During March 25, 2026, Status Conference (Doc. 3453).

I.      INTRODUCTION

On May 30, 2025, this Court appointed Shaneeda Jaffer to serve as the Independent Investigator for IA 2025-1085.  (Doc. 3191).  On August 12, 2025, the Independent Investigator requested documents and communications from *non-attorney* employees of MCSO that were relevant to her investigation.  (*See* Doc. 3271, at 7-8; 25-28).  On August 15, 2025, MCSO informed the Independent Investigator that it would review every document responsive to the provided search terms for privilege and would, thereafter, produce only non-privileged documents.  (*Id.*).  The Independent Investigator was principally concerned with the delay a privilege review would create and did not agree that such a review was necessary because of her status as an investigator standing in the shoes of the Professional Standards Bureau (the "PSB"). The issue was raised with the Court, and the parties were ordered to brief the matter.

After briefing on MCSO's production of documents relating to IA 2025-0185, the Court ordered that, if MCSO intended to withhold documents on privilege grounds, it would need to meet the three prong *Upjohn* "need to know" standard.  (Doc. 3307, at 21-22, citing *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981)).  That test requires MCSO to (1) make a prima facie showing of attorney-client privilege for each asserted document, (2) demonstrate that MCSO did not waive the privilege by circulating the documents, and (3) show that the Independent Investigator does not have a legitimate need to know the contents of the documents in the course of her investigation.  (*Id.*)

On March 25, 2026, the Court held a status conference at which the parties discussed the appointment of the Independent Investigator to investigate IA 2026-0084 as well as additional proposed investigations wherein a conflict exists.  All parties agreed that the Independent

Investigator should not share any investigation details with the parties to protect the privacy of principals and to preserve the confidentiality of the investigations. The Court thereafter ordered the Independent Investigator to provide details of proposed investigations only to the Court and not the Monitor or parties. (*See* Doc. 3448). MCSO later filed a notice rearticulating its concerns about the Independent Investigator's appointment and its ability to conduct a fulsome privilege review of any documents requested in connection with assigned investigations. (Docs. 3438; 3453 at 11). Subsequently, the Court ordered the Independent Investigator to respond to MCSO's Notice. (Doc. 3456, at 2). Shortly afterwards, MCSO objected, stating that the Independent Investigator should not be permitted to submit a response to the Notice because she is not an advocate in this matter, and instead works solely as a member of MCSO. (Doc. 3467, at 3-7). Pursuant to the Court's Order, the Independent Investigator submits this response, not to advocate for any particular outcome, but to comply with the Court's order, request efficiency in document production, and ensure consistency in MCSO policy application moving forward.

The Independent Investigator herein proposes a process that she believes will address MCSO's concerns while preserving the integrity of her investigations. First, the Independent Investigator requests a protective order be issued in this matter, so correspondence with counsel for MCSO regarding the subject of any investigation remains strictly confidential. Second, the Independent Investigator requests that any privilege log MCSO produces complies with Ninth Circuit requirements and contains a column indicating whether it was withheld pursuant to the "need to know" standard. The Independent Investigator believes this process will address MCSO's privilege concerns while ensuring compliance with applicable law and court orders.

## II.    THE INDEPENDENT INVESTIGATOR REQUESTS CLARITY AND CONSISTENCY WITH RESPECT TO MCSO POLICY.

To be clear, the Independent Investigator has no interest in risking the privilege held by MCSO. Indeed, the Independent Investigator has taken great care to ensure that MCSO's privilege, as well as the privilege held by individual MCSO employees, is safeguarded. Moreover, the Independent Investigator has not shared documents she has received from MCSO with the Monitor team and does not intend to do so. The Independent Investigator has repeatedly assured

both MCSO and this Court that she will safeguard any privileged information shared with her and she fully intends to stand by that assurance.

That said, the Independent Investigator understands MCSO's position that a privilege review is necessary before documents can be shared with the Independent Investigator's team. While the Independent Investigator certainly respects this position, she is concerned that she is being treated differently than other conflicts investigators used by MCSO, including Jensen Hughes and AZ Truth Finders. It is the Independent Investigator's understanding that MCSO historically has not reviewed documents for privilege before producing documents to outside conflicts investigators. The Independent Investigator therefore respectfully requests that MCSO articulate its policy with respect to conflicts investigations and apply it consistently.

### III. MCSO'S CONFIDENTIALITY AND PRIVILEGE CONCERNS CAN BE ADDRESSED BY THE COURT.

In order to meet the three-part test articulated by the Court, MCSO takes the position that it must be informed of the subject matter of the Independent Investigations to determine whether the Independent Investigator "needs to know" the content of the privileged document. The Independent Investigator agrees with MCSO that some knowledge of the subject matter of the investigation is necessary for MCSO to make this determination. The Independent Investigator, however, recognizes that divulging this information to MCSO's counsel, particularly if the information is shared with members of MCSO, could undermine the confidentiality required for an effective investigation. The Independent Investigator believes that the Court can resolve both concerns by issuing a protective order so the Independent Investigator and MCSO can comply with its Orders and applicable law.

First, the Court should order that information shared with MCSO counsel to allow them to conduct this privilege review, including the document requests themselves, be considered "attorneys' eyes only" to ensure that the confidentiality of the investigation and the privacy of the complainants and principals is maintained. Next, MCSO should be directed to produce all nonprivileged documents requested, regardless of relevance, to the Independent Investigator, who

can make the relevance determination herself.  Finally, MCSO should be directed to produce a privilege log that conforms with Ninth Circuit standards.

A.   **DOCUMENT REQUESTS CAN BE PRODUCED TO MCSO WITH ATTORNEYS' EYES-ONLY DESIGNATIONS, IF THE COURT SO ORDERS.**

The Court can issue a protective order to limit the individuals who may have access to discoverable materials.  Fed. R. Civ. P 26(c)(1).  A similar procedure should be adopted here.  Both Arizona law and MCSO policy require confidential investigations.  *See* A.R.S. § 38-1104(B)(2); MCSO Policy GH-2: Internal Investigations ¶ 21 ("Information regarding an employee misconduct investigation shall be kept as confidential as possible while still allowing for a thorough investigation.").  To maintain impartiality, confidentiality, and policy compliance, the Independent Investigator posits that it will submit a short statement providing basic factual information regarding the subject of the investigation to MCSO's counsel if and when she propounds requests for documents as part of an independent investigation.  To protect the communications, the Independent Investigator requests that the Court issue a protective order allowing it to mark such communications as "Attorneys' Eyes Only."  Such a protective order will allow MCSO and the Independent Investigator to comply with Arizona statutes and MCSO policy when disclosing investigation-related information to MCSO counsel for the purpose of privilege analysis under the "need to know" standard.

B.   **MCSO'S PRIVILEGE LOG MUST COMPLY WITH NINTH CIRCUIT LAW.**

MCSO asserts, and the Court's orders require, that it must "review all material requested by [the Independent Investigator] for privilege (and relevance), create a privilege log, and provide that privilege log with the relevant material[.]"  (Doc. 3453, at 10).  The Independent Investigator agrees in principle, but with some caveats.  First, the Independent Investigator believes that, according to the Court's order, MCSO must produce *all nonprivileged* documents responsive to any document request, regardless of relevance, and may only withhold irrelevant documents pursuant to the privilege analysis established by the Court.  Second, its privilege log must comply with Ninth Circuit standards, meaning it must include sufficient factual information regarding the

underlying document. Third, the documents must be turned over expeditiously and in a way that permits MCSO to comply with the time limits in A.R.S § 38-1110.

First, MCSO must produce *all nonprivileged* documents responsive to any document request made by the Independent Investigator. (Doc. 3307, at 14). Then, after both making a prima facie showing of privilege and demonstrating that the transmittal of information was to employees with a "need to know" the content within the scope of their duties, *then* MCSO may withhold irrelevant privileged materials and provide a privilege log listing the documents it is withholding. (Doc. 3307, at 15). In sum: MCSO may only withhold *privileged* but *irrelevant* information, which must be noted clearly in the privilege log. Additionally, any documents that are privileged and relevant, and thus turned over to the Independent Investigator, should also be listed on the privilege log with the same data fields and noting that the document is privileged thereby putting the Independent Investigator on notice that heightened precautions must be in place to ensure nondisclosure.

Second, that privilege log must comply with Ninth Circuit requirements governing sufficiency of privilege logs. Noncompliance waives privilege. *Norton v. Arpaio,* No. CV-15-00087-PHX-SPL, 2016 WL 11513612, at *1 (D. Ariz. Aug. 4, 2016), citing *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.,* 408 F.3d 1142, 1150 (9th Cir. 2005). When a party withholds otherwise discoverable information by claiming privilege, it "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 16(b)(5)(A). That second element requires a privilege log to "include the following information for each document: (1) the author(s); (2) the nature or type of document; (3) the names of all individuals who were shown, sent, received, or informed of the substance of the document; (4) the date of the document; and (5) the subject matter of the document." *MJG Enters., Inc. v. Cloyd,* No. 2:10-CV-00086-TMB, 2012 WL 12964345, at *2 (D. Ariz. Oct. 30, 2012), citing *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989). A privilege log must identify some information about the subject

matter of the documents. *Norton,* at *1. Merely identifying the date, sender, recipient of the email, the agency the sender or recipient worked for, and the privilege asserted is insufficient. *Id.*

As a result, any privilege log produced by MCSO should contain: (1) the author(s); (2) the nature or type of document; (3) the names of all individuals who were shown, sent, received, or informed of the substance of the document; (4) the date of the document; (5) the subject matter and brief description of the document; and (6) whether the document was withheld as irrelevant to the investigation. *MJG*, 2012 WL 12964345 at *2. The description of the subject matter of the document must substantively describe the contents of each document. *Norton,* 2016 WL 11513612 at *1. Complying with this directive will both streamline the investigation and ensure neither the Independent Investigator nor MCSO inadvertently waives privilege.

Furthermore, including documents that are both privileged and relevant to the investigation in the privilege log will put the Independent Investigator on notice of their sensitivity. While the Independent Investigator does not, has not, and does not plan to share documents or investigative material with the Monitor, the privilege log will ensure that the Independent Investigator is able to provide heightened precautions to ensure non-disclosure of privileged documents. To date, the Independent Investigator has only shared non-privileged documents produced by MCSO with the Independent Discipline Authority in IA2025-0185 and with the PSB Commander in IA2025-0111; the Independent Investigator *has not* shared any MCSO documents with the Monitor. While the Independent Investigator plans to continue this practice, providing privileged, relevant documentation in the privilege log will assist in ensuring their confidentiality and safeguarding.

Third, ARS 38-1110(A) requires all investigations to be completed "within one hundred eighty calendar days after the employer receives notice of the allegation[.]" The Independent Investigator will work collaboratively with MCSO to ensure that the production timeline both aligns with state law and promotes fairness to principals and complainants.

## IV.    CONCLUSION

In sum, to comply with the Court's orders, the Independent Investigator requests that the Court issue a protective order and require MCSO to supply a privilege log as described above.

The Independent Investigator, like MCSO, is committed to preventing any inadvertent production of privileged documents and to safeguarding MCSO's attorney client privilege.  The Independent Investigator believes the process articulated above will achieve those common goals.

Dated:  April 24, 2026

Respectfully submitted,

*s/ Shaneeda Jaffer*
Shaneeda Jaffer (CA 253449)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile:  628.221.5828
Email:  sjaffer@beneschlaw.com

Peter J. Sullivan, Jr. (OH 0100040)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: psullivan@beneschlaw.com

Independent Investigator

**RESPONSE TO THE COURT'S APRIL 10, 2026 ORDER (DOC. 3456)**
**Case No. 2:07-CV-2513-PHX-GMS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2026, I caused the foregoing document to be filed with the Court and served on counsel of record via email.

*s/ Shaneeda Jaffer*
Shaneeda Jaffer (CA 253449)

**RESPONSE TO THE COURT'S APRIL 10, 2026 ORDER (DOC. 3456)**
**Case No. 2:07-CV-2513-PHX-GMS**