John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official
capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al, <br><br> Plaintiffs, <br><br> and <br><br> United States of America, <br><br> Plaintiff-Intervenor. <br><br> v. <br><br> Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., <br><br> Defendant, | No. CV-07-2513-PHX-GMS <br><br> **SHERIFF SHERIDAN AND MARICOPA COUNTY'S REPLY IN SUPPORT OF NOTICE REGARDING ISSUES RAISED DURING MARCH 25, 2026 STATUS CONFERENCE** |

119920227.2

Sheriff Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona ("MCSO") and Maricopa County file this Reply in support of the Notice it provided to this Court regarding questions and issues raised during the March 25, 2026 status conference related to the disclosure of certain documents to Ms. Jaffer in relation to IA 2026-0084 and any future IA conducted by Ms. Jaffer.[1]

## I.    IN HER RESPONSE, MS. JAFFER AGREES WITH MCSO'S REQUESTS.[2]

As the Court recognized, MSCO's made four requests related to the disclosure of documents to Ms. Jaffer as part of her newly assigned IAs:

> (1) MCSO should be apprised of Ms. Jaffer's investigation for the limited purpose of being able to properly assess whether documents requested are relevant to her inquiry;
>
> (2) MCSO should have the ability to review and screen irrelevant documents subject to a privilege log;
>
> (3) If a dispute arises on the adequacy of MCSO's privilege log, an independent magistrate judge should review it in camera; and
>
> (4) MCSO should be able to in all instances screen and identify items requested by Ms. Jaffer for privilege to ensure that Ms. Jaffer does not inadvertently disclose such items to the Monitor during any communications or discussion she has with it.

[Doc. 3465]. On these points Ms. Jaffer is in agreement with MCSO's requests. Specifically, Ms. Jaffer agrees that: (1) MCSO should be apprised of the basis for her investigation so MCSO can assess whether documents are relevant or not subject to a protective order for attorneys' eyes only; (2) MCSO should have the ability to review and screen irrelevant documents subject to a privilege log; and (3) MCSO should be able to mark relevant privileged materials in a privilege log to ensure that Ms. Jaffer does not inadvertently disclose them to

---

[1] The Court's previous Order neither authorized nor precluded a reply on the issues raised by MCSO. [Doc. 3456]. Given that MCSO filed a notice seeking clarification of the Court's orders on important and complicated privilege issues, however, it respectfully submits it should have a reply on the issues raised and for clarity of the record.

[2] Consistent with MCSO's prior objection, MCSO disagrees that Ms. Jaffer should be called on by the Court to weigh in on any issue in this case, but rather simply conduct her investigation. [*See* Doc. 3467]. Without waiving this objection, MCSO responds to Ms. Jaffer's pleading on this issue.

1

119920227.2

the Monitor.  [Doc. 3480 at 5-6].  Ms. Jaffer was silent on whether disputes on the adequacy of MCSO's privilege log should go to an independent magistrate judge to review in camera, but MCSO again submits this is a reasonable request that the Court should grant should any dispute arise over its privilege logs to Ms. Jaffer.  Thus, MCSO and Ms. Jaffer agree on the clarification that MCSO sought related to production of materials to Ms. Jaffer for her current IAs and any future IAs that she may conduct.

One additional point deserving comment is Ms. Jaffer's request that MCSO clarify its policy with respect to conflicts investigations and privileged materials.  With due respect, undersigned counsel are not aware of another PSB investigation in which an MCSO PSB investigator (or outside investigator) requested and sought privileged materials between MCSO and legal counsel as part of his or her  investigation.  Rather, it appears that the unique circumstances of Ms. Jaffer's investigation have created this issue in two specific ways.

First, routine IA investigations that do not involve the intersection of command staff and compliance with this Court's Orders, by their very nature, generally do not involve communications between counsel and MCSO.  Those investigations would simply involve the conduct at issue and the witnesses involved (which ordinarily would not implicate correspondence with counsel, whatsoever).

Second, undersigned counsel are also unaware of IA investigations within MCSO involving the type of discovery requests Ms. Jaffer has previously submitted as part of her investigations.  Those previous requests have sought *all* correspondence between certain individuals on certain dates.  Ms. Jaffer's broad-sweeping discovery requests mirror those vague, ambiguous, overreaching discovery requests often seen in civil litigation and have the potential to snare privileged communications in that wide-cast net (as they have in Ms. Jaffer's previous document requests involving other IAs in this case), even if not calculated to do so.  And in such circumstances, as routinely done in civil litigation, the responding party appropriately objects and provides a privilege log regarding the withheld materials.

2

119920227.2

Thus, to the extent Ms. Jaffer continues to request this information from MCSO that may include correspondence between MCSO and counsel, reasonable ongoing concerns that her requests could implicate privileged communications will exist.  MCSO respectfully submits, therefore, that it is not treating Ms. Jaffer any differently than any other investigator in other similar circumstances.  Rather, the steps MCSO has taken to protect the attorney-client privilege is simply a reflection of Arizona law, the unusual nature of Ms. Jaffer's investigations, and her broad discovery requests that neither MCSO personnel nor its outside investigators have previously made.

## II.    **PLAINTIFFS' RESPONSE FAILS TO PROVIDE A COGENT REASON WHY MCSO'S REASONABLE REQUESTS SHOULD NOT BE GRANTED.**

Refusing to see the reason of MCSO's request, Plaintiffs filed a roughly two-page objection to MCSO's request without any meaningful attempt to address the underlying reasons why MCSO was forced to seek clarification in the first place.  [Doc. 3479].

As MCSO laid out in detail, the Court's prior orders on privilege hold that if MCSO discloses irrelevant, privileged information to Ms. Jaffer, it could waive privilege. Plaintiffs entirely fail to address this central concern from which MCSO's requested clarification and remedies stem.  Rather, without any support, Plaintiffs speculate that MCSO has improper, ulterior motives in requesting reasonable safeguards for privileged materials provided to Ms. Jaffer.  Suffice it to say, this concern is without any basis in fact and is, therefore, not only disingenuous, but repugnant.

Plaintiffs also argue that it would be improper for MCSO to have authority to "make unnecessary predeterminations over information that is essential for the independent investigator's full investigation."  [Doc. 3479 at 1:14-16].  Again, Plaintiffs present pure speculation, but also ignore that the very material that would be screened and subject to a verifiable privilege log would involve *irrelevant, privileged* material.  What would occur under MCSO's (and Ms. Jaffer's agreed upon) system is that MCSO would provide Ms. Jaffer with all requested, unprivileged information (relevant or irrelevant to her investigation), as well as

3

relevant, privileged information.  Only irrelevant, privileged information would be withheld. Under this system, MCSO is not supervising Ms. Jaffer's "entire investigation" or engaged in "manipulating" it as the Plaintiffs baselessly accuse MCSO (and its counsel) of doing.  MCSO is simply seeking to protect attorney-client privilege information under the highly unusual circumstances present before this Court.  Plaintiffs, as usual, only wish to obstruct.

MCSO's argument is also not "based on mere speculation and distrust of the independent investigator." [Doc. 3479 at 20-23].  Again, MCSO's concern is grounded on the very real issue (which Plaintiffs entirely ignore) that if irrelevant, privileged information is provided to Ms. Jaffer, a waiver of the attorney-client privilege could occur.  Once again, Ms. Jaffer _agrees_ that this is a fair concern and something must be done to account for it.  [Doc. 3480 at 3:3-4 ("the Independent Investigator understands MCSO's position that a privilege review is necessary before documents can be shared with the Independent Investigator's team."); _id._ at 3:14-17 ("The Independent Investigator agrees with MCSO that some knowledge of the subject matter of the investigation is necessary for MCSO to make this determination."); _id._ at 7:1-3 ("The Independent Investigator, like MCSO, is committed to preventing any inadvertent production of privileged documents and to safeguarding MCSO's attorney client privilege. The Independent Investigator believes the process articulated above will achieve those common goals.")].

Rather than consider MCSO's well-reasoned and careful approach designed to protect the attorney-client privilege (to which the independent investigator agrees), Plaintiffs obstinately disagree with nothing more than speculation and hyperbole.  MCSO will not stoop to this level.  It has confidence the Court will see the reason and good faith nature of MCSO's request to timely provide materials requested by Ms. Jaffer, while at the same time maintaining essential protections the attorney-client privilege.  Despite Plaintiffs' accusations, there is simply nothing more to MCSO's request than that.

4

119920227.2

## III.    CONCLUSION.

Based on the foregoing, MCSO requests that the Court clarify its orders on production of privileged materials to Ms. Jaffer related to any internal affairs investigation she is conducting as follows:

(1) MCSO counsel should be apprised of Ms. Jaffer's investigation for the limited purpose of being able to properly assess whether documents requested are relevant to her inquiry. In so doing, the Court should enter a protective order that such materials are provided by Ms. Jaffer to MCSO's counsel for attorney's eyes only;

(2) MCSO counsel should have the ability to review and screen irrelevant, privileged documents requested by Ms. Jaffer subject to a privilege log;

(3) In all instances, MCSO counsel should be able to screen and flag privileged items Ms. Jaffer requests that are relevant to her investigation to ensure that Ms. Jaffer does not inadvertently disclose such items to the Monitor during any communications or discussions she has with it; and

(4) If a dispute arises on the adequacy of MCSO's privilege log, an independent magistrate judge should review the log and privileged items at issue *in camera* and resolve the dispute.

119920227.2

DATED this 28th day of April, 2026.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Joseph J. Popolizio
    John T. Masterson
    Joseph J. Popolizio
    Justin M. Ackerman
    Daniel A. Shudlick
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Gerard A. Sheridan, in his
    official capacity as Sheriff of Maricopa
    County, Arizona

GREENBERG TRAURIG, LLP


By /s/ Matthew P. Hoxsie (w/ permission)
    Dominic E. Draye
    Matthew P. Hoxsie
    Zachary H. Levy
    2375 E. Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendant Maricopa County


## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.


/s/ Megan Axlund

6

119920227.2