**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al. | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **ORDER** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al. | |
| Defendants. | |

Pending before the Court is Defendant's notice seeking clarification as to the MCSO's ability to screen documents for attorney-client privilege before disclosing them to Shaneeda Jaffer, the outside independent investigator, as she conducts IA 2026-0084 and other internal affairs investigations. (Doc. 3453). The Court will enter a protective order ensuring that Ms. Jaffer's correspondence with MCSO's counsel regarding the subject of any investigation remains strictly confidential. Additionally, the Court will require MCSO's counsel to supply a privilege log to Ms. Jaffer—as they have done in the past—and will set forth the specifications that MCSO must follow when submitting a privilege log. Finally, should any dispute arise as to the adequacy of MCSO's privilege log, the Court will consider whether, in specific matters, it would be appropriate to refer

the matter to a magistrate judge.

## I.     BACKGROUND

This order is the third in a line of decisions clarifying the scope of the attorney-client privilege, as it applies to internal affairs investigations conducted by an outside investigator when necessitated by conflicts within the MCSO itself.[1]

On April 1, 2026, the Court—after discussing it with the parties at the March 25, 2026 status conference (Doc. 3438)—appointed Shaneeda Jaffer as an outside independent investigator in this case for IA 2026-0084, as well as any future investigations in which an outside independent investigator is required. (Doc. 3448 at 3–6). To avoid issues with the confidentiality of ongoing internal affairs investigations under Arizona state law and MCSO policy, the Court ordered Ms. Jaffer—should she identify other matters for investigation or reinvestigation during the course of her assigned investigations—to write directly to the Court indicating the subject of such investigation and the likely principals. (Doc. 3448 ¶ 10).[2]

Under the Court's orders in this case: (1) Ms. Jaffer shall have access to MCSO privileged and work-product materials to the extent outlined in Doc. 3307 and Doc. 3334 (*see* Doc. 3448 ¶ 2); (2) to the extent Ms. Jaffer receives information that is subject to the attorney-client privilege or work-product protection, she shall not disclose such documents to the Monitor or anyone else (*see* Doc. 3448 ¶ 9); and (3) to the extent that the Independent Investigator is not sure whether documents in her possession are protected by any attorney-client privilege or work-product protection, she may raise the issue with the Court for clarification (*id.*).

---

[1] The Court's previous two decisions on this issue—*Melendres v. Sheridan*, 2025 WL 3124741 (D. Ariz. Nov. 7, 2025) (Doc. 3307) and *Melendres v. Sheridan*, 2025 WL 3647977 (D. Ariz. Dec. 16, 2025) (Doc. 3334)—are fully incorporated here by reference.

[2] Ms. Jaffer, on April 16, 2026, wrote to the Court pursuant to this provision and identified three areas of inquiry that warranted additional investigation. The Court lodged Ms. Jaffer's correspondence under seal (*see* Doc. 3474) and directed the MCSO Professional Standards Bureau ("PSB") to open three new internal affairs files in the appropriate consecutive numbers. (Doc. 3473).

As the Court held in its previous two orders on this topic, given that Ms. Jaffer—as the Independent Investigator—serves as a functional member of the PSB, and subsequently, as a functional member of the MCSO itself—the MCSO can, without waiving the attorney-client privilege, disclose privileged documents to Ms. Jaffer if she has a "need to know" the contents of the documents within the scope of her investigations. (Doc. 3334 at 14–16; Doc. 3307 at 6–14); *In re Bieter Co.*, 16 F.3d 929, 939 (8th Cir. 1994) (holding that attorney-client privilege remains intact when a communication is not "disseminated beyond those persons," including the "functional equivalent of an employee," "who, because of the structure of the client's operations, need[s] to know its contents"); *United States v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010) (adopting *Bieter*'s principles in the Ninth Circuit).

In other words, if a privileged communication is relevant to Ms. Jaffer's investigation(s), then MCSO does not waive any attorney-client privilege by sharing it with Ms. Jaffer, given that she stands in the shoes of a PSB investigator.  (Doc. 3307 at 6–13).

On April 10, 2026, Defendants filed notice with this Court seeking clarification as to the MCSO's ability to screen documents for attorney-client privilege and relevance before disclosing them to Ms. Jaffer.  (Doc. 3453 at 6–11).  Defendants submit the following four contentions:

(1) MCSO should be apprised of Ms. Jaffer's investigation for the limited purpose of being able to properly assess whether documents requested are relevant to her inquiry;

(2) MCSO should have the ability to review and screen irrelevant documents subject to a privilege log;

(3) If a dispute arises on the adequacy of MCSO's privilege log, an independent magistrate judge should review it in camera; and

(4) MCSO should be able to in all instances screen and identify items requested by Ms. Jaffer for privilege to ensure that Ms. Jaffer does not inadvertently disclose such items to the Monitor during any communications or discussion she has with it.

The Court invited the parties, and Ms. Jaffer,[3] to comment on MCSO's contentions if they so wished. (Doc. 3456). The matter is now fully briefed. (Doc. 3479; Doc. 3480; Doc. 3481).

## II.    DISCUSSION

### A.    Protective Order to Maintain Confidentiality

The Court agrees with Defendants and the Independent Investigator that, for MCSO to determine whether the Independent Investigator has a "need to know" the content of a privileged document to conduct her investigation, some knowledge of the subject matter of the investigation is necessary.[4] Thus, the Court will permit Ms. Jaffer to submit a short statement providing basic factual information regarding the subject of any of her investigations to MCSO's counsel if and when she submits any requests for documents in the course of her investigations.

However, Arizona law and MCSO policy require the confidentiality of ongoing internal affairs investigations. *See* A.R.S. §§ 38-1104(B)(2), 38-1109; MCSO Internal

---

[3] Defendants, on April 17, 2026, filed a partial objection to the Court's order authorizing Ms. Jaffer to submit comments on their proposal. (Doc. 3467). Given that Ms. Jaffer is the one seeking documents—and MCSO has in the past withheld at least some of those documents sought—naturally, there may be some tension in legal positions taken between the two. But given MCSO's obligation generally, and under this Court's orders, to conduct full, thorough, and fair investigations, Ms. Jaffer is not taking a position adverse to MCSO when she seeks to comply with this mandate. This is so even when her view of what is necessary to fulfill this obligation may be different than that of the MCSO command staff which, when she is investigating, will commonly have members who are either the subject(s) of the investigation or will have brought it. The Court has invited Ms. Jaffer to weigh in to ensure that any issues preventing her from conducting full, fair, and efficient internal affairs investigations—as required under the Court's injunctive orders— are raised and addressed by the Court. *See City & County of San Francisco v. Trump*, 897 F.3d 1225, 1245 (9th Cir. 2018) (recognizing "the district court's considerable discretion in ordering an appropriate equitable remedy").

[4] Though Plaintiffs oppose MCSO's proposal, Plaintiffs do not seriously engage with Defendants' main contention that MCSO needs at least some knowledge of the subject matter of Ms. Jaffer's investigation(s) to determine whether Ms. Jaffer "needs to know" the content of a privileged document to avoid waiver. (Doc. 3479 at 3–4). To avoid any purported "claw back" of Ms. Jaffer's independence (*cf. id.* at 4), the Court will issue a protective order to ensure that confidentiality of Ms. Jaffer's investigation(s) is maintained.

Investigation Policy GH-2 §§ 2(B), 21-23.  Thus, to maintain confidentiality of Ms. Jaffer's ongoing investigations, should she need to submit a statement to MCSO's counsel regarding the subject of her investigations, any such communications shall be marked by Ms. Jaffer as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Court will issue an order below protecting Ms. Jaffer's communications marked as "Attorneys' Eyes Only" from any dissemination beyond Defendants' counsel.  Defendants have indicated that they are amenable to the Court entering this protective order.  (Doc. 3481 at 6).

### B.    The Independent Investigator's "Need to Know"

Next, Defendants seek clarification as to whether "any documents that Ms. Jaffer requests would be subject to review by MCSO counsel to ensure that only relevant documents would be produced in response to her inquiry to prevent a waiver of privilege." (Doc. 3453 at 7).

First, MCSO may only withhold irrelevant, *privileged* material from the Independent Investigator.[5]  MCSO must produce all non-privileged documents requested by the Independent Investigator, *regardless* of their relevance.  Defendants accept at least this much.  (Doc. 3481 at 4 ("MCSO would provide Ms. Jaffer with all requested, unprivileged information (relevant or irrelevant to her investigation)")).

Second, the bar for clearing relevance is not meant to be a rigorous one.  As defined by the Federal Rules of Evidence, a document is "relevant" to one of Ms. Jaffer's investigations if it has any tendency to make a fact more or less probable than it would be without the evidence, and that fact is of consequence in reaching an outcome in the investigation.  *See* Fed. R. Evid. 401.  As the Court stated in its December 16, 2025 order, the Independent Investigator's document requests—which, in the past, have sought

---

[5] To the extent MCSO seeks to invoke the work-product protection against the Independent Investigator, that protection is only available to MCSO in the narrow context where MCSO can sufficiently demonstrate that the work product requested was created specifically in anticipation of a dispute with the Independent Investigator herself.  (Doc. 3307 at 16–19); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121–23 (9th Cir. 2020); *United States v. Deloitte LLP*, 610 F.3d 129, 140–02 (D.C. Cir. 2010).

communications between a limited number of non-attorney employees of MCSO during a narrow time-frame—provide some indicia as to the relevance of such documents to her investigation, given the targeted nature of her requests.  (Doc. 3334 at 15).

Just as MCSO's burden for demonstrating that it has not waived any privilege through dissemination within the organization is not meant to be a "Herculean" task (*see* Doc. 3334 at 9 (citing *Fed. Trade Comm'n v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002))), so too does that logic apply for communications shared with the Independent Investigator.  (Doc. 3307 at 6–13; *see also* Doc. 3334 at 9 ("[W]hen a corporation provides a confidential document to certain specified employees or contractors with the admonition not to disseminate further its contents and the contents of the documents are related generally to the employees' corporate duties, absent evidence to the contrary we may reasonably infer that the information was deemed necessary for the employees' or contractors' work." (quoting *GlaxoSmithKline*, 294 F.3d at 148))).

### C.     Privilege Log Requirements

MCSO may review all material requested by the Independent Investigator for privilege.  (*See* Doc. 3481 at 5).  If the Independent Investigator submits a production request for documents, and if MCSO believes that some of the requested documents contain any information subject to the attorney-client privilege, then MCSO is ordered to submit a privilege log with its document production to the Independent Investigator within a reasonable period that aligns with the time limits set in A.R.S § 38-1110.

MCSO should include the following information in a privilege log that details, for each document that MCSO is asserting any privilege (whether produced or withheld), the following:[6]

> 1.     The author(s) of the document;
> 2.     The nature or type of document;

---

[6] *See MJG Enters., Inc. v. Cloyd*, 2012 WL 12964345, at *2 (D. Ariz. Oct. 30, 2012) (citing string of cases); *Norton v. Arpaio*, 2016 WL 11513612, at *1 (D. Ariz. Aug. 4, 2016) (citing *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

3. The names of all individuals who were shown, sent, received, or informed of the substance of the document, such that the document's asserted confidentiality has been maintained;[7]

4. The date of the document;

5. The subject matter and brief description of the document, with sufficient detail to assess MCSO's claim of privilege; and

6. Whether the document was withheld as irrelevant to Ms. Jaffer's investigation, and if so, a brief explanation detailing the lack of relevance.

MCSO's production of a privilege log serves two purposes. First, it allows MCSO to explain why it withheld any documents from the Independent Investigator on the basis of privilege and relevance. Second, should a situation arise where the Independent Investigator needs to share any documents produced by MCSO with the Monitor, then the Independent Investigator can refer to the privilege log produced by MCSO to ensure non-disclosure of privileged documents. (Doc. 3453 at 10; *see also* Doc. 3480 at 7 (Ms. Jaffer affirms that "[w]hile the Independent Investigator does not, has not, and does not plan to share documents or investigative material with the Monitor, the privilege log will ensure that the Independent Investigator is able to provide heightened precautions to ensure non-disclosure of privileged documents.")).

### D. Referring Disputes to a Magistrate Judge

Finally, Defendants ask that to the extent a dispute occurs in the future on any privilege log that MCSO provides to Ms. Jaffer, the Court should refer that dispute to a Magistrate Judge. (Doc. 3453 at 10–11). The Court sets forth the following process:

If a dispute arises as to the sufficiency of a privilege log produced by MCSO, Defendants shall lodge the following information under seal with the Court:

1. A brief description of the dispute;

2. MCSO's position;

3. The Independent Investigator's position; and

4. The relevant portions of the privilege log at issue.

---

[7] *See* Doc. 3334 at 8–14 (MCSO is required to show that privileged communications are not being disseminated such that confidentiality would be destroyed).

The Court will then determine whether it can resolve the dispute. If the Court determines that *in camera* review of the documents is necessary for the resolution, the Court will decide whether referral of the matter to a Magistrate Judge is necessary.

### III.    CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that if the Independent Investigator, Shaneeda Jaffer, submits to MCSO any document production requests necessary to conduct her internal affairs investigations, the Independent Investigator shall submit to Defendants' counsel a short statement providing basic factual information regarding the subject of any of her investigations. The Independent Investigator shall mark each statement submitted to Defendants' counsel as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Unless otherwise ordered by the Court or permitted in writing by the Independent Investigator, Defendants' counsel may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" *only* to:

(a)    Defendant's Outside Counsel of Record[8] in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Defendants' House Counsel[9] (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)    The Court and its personnel; and

---

[8] "Outside Counsel of Record" is defined as attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

[9] "House Counsel" is defined as attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

(d)   Professional Vendors[10] to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

The confidentiality obligations imposed by this order shall remain in effect until the Independent Investigator's investigation is complete, or the Independent Investigator has discontinued the investigation, pursuant to A.R.S. § 38-1109.

**IT IS FURTHER ORDERED** that if the Independent Investigator submits a document production request to MCSO in the course of her investigations, MCSO must produce to the Independent Investigator all non-privileged documents responsive to the production request, regardless of their relevance.  MCSO must also produce to the Independent Investigator all relevant, privileged documents responsive to the production request, in accordance with the legal standards outlined in Doc. 3307, Doc. 3334, and this order.  And to the extent MCSO seeks to invoke the work-product protection against the Independent Investigator, MCSO can only invoke the protection in the narrow context where MCSO can sufficiently demonstrate that the work product requested was created specifically in anticipation of a dispute with the Independent Investigator herself.

**IT IS FURTHER ORDERED** that if the Independent Investigator submits a document production request to MCSO in the course of her investigations, and if MCSO believes that some of the requested documents contain any information subject to the attorney-client privilege, then MCSO is ordered to submit a privilege log with its document production to the Independent Investigator within a reasonable period that aligns with the time limits set in A.R.S § 38-1110.  Such a privilege log must comply with the specifications set forth in this order.  Disclosure of a privilege log to the Independent Investigator does not constitute any waiver by MCSO of any privilege underlying the documents themselves.

---

[10] "Professional Vendors" is defined as persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**IT IS FURTHER ORDERED** that if a dispute arises as to the sufficiency of a privilege log produced by MCSO in response to a document production request sent by the Independent Investigator, Defendants shall lodge the following information under seal with the Court:

1.    A brief description of the dispute;

2.    MCSO's position;

3.    The Independent Investigator's position; and

4.    The relevant portions of the privilege log at issue.

The Court will then determine whether it can resolve the dispute on its face.  If the Court determines that *in camera* review of the documents is necessary for the resolution, the Court will decide only then whether to refer the matter to a Magistrate Judge for review.

Dated this 7th day of May, 2026.

_____
G. Murray Snow
Senior United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Court's Protective Order—issued at Docket Entry #3487 on May 7, 2026, by the United States District Court for the District of Arizona in the case of *Melendres et al. v. Sheridan et al.*, Case No. 2:07-cv-02513-GMS—to which this Acknowledgement and Agreement to Be Bound is attached as Exhibit A.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Arizona solely for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 11 -