John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Daniel A. Shudlick, Bar #035950
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com
dshudlick@jshfirm.com

Attorneys for Gerard A. Sheridan, in his official
capacity as Sheriff of Maricopa County, Arizona

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al,<br><br>                                    Plaintiffs,<br><br>and<br><br>United States of America,<br><br>                          Plaintiff-Intervenor.<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al.,<br><br>                                   Defendant, | No. CV-07-2513-PHX-GMS<br><br>**DEFENDANT SHERIFF SHERIDAN'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO EXCEED PAGE LIMIT ON OBJECTION TO APPOINTMENT OF INDEPENDENT INVESTIGATOR SHANEEDA JAFFER (Doc. 3502)** |

///

///

///

///

120141819.1

Plaintiffs' Opposition proves the Motion. Plaintiffs spend the better part of three pages straining to hold a seventeen-page cap on a brief that challenges nothing less than the Court's decision to supplant MCSO's Monitor-approved conflicts investigator and install an investigator of the Court's own choosing—one whose completed work an outside expert has now concluded was materially deficient. That is not an "ordinary" motion, and this is not an ordinary case. Plaintiffs' contrary position rests on three arguments, each of which collapses on inspection: (1) authorities that have nothing to do with the case posture here; (2) a "duplicative" label that cannot survive a comparison of what has actually been briefed; and (3) an attempt to dictate how MCSO makes its record that no rule permits. The expansion MCSO requests is modest relative to what this Court has repeatedly allowed in this very case, is well-supported, and is entirely consistent with how the Court has managed briefing in this decade-old institutional-reform litigation. Good cause exists for MCSO's reasonable page extension to address this important issue.

I.     **A PAGE EXTENSION IS NECESSARY FOR MCSO TO MAKE AN ADEQUATE RECORD.**

Plaintiffs treat the Objection as if it were a garden-variety motion. It is not. The Objection challenges the Court's exercise of its injunctive authority to bypass MCSO's chosen, Monitor-approved outside conflicts investigator and to impose, over MCSO's objection, an investigator vested with the power to determine whether MCSO personnel will face discipline. The Court's decision to reject MCSO's approved investigator is precisely the kind of intrusion into a state agency's management of its own affairs that MCSO is entitled to challenge fully and on a fully developed record. *See Milliken v. Bradley*, 433 U.S. 267, 280–82 (1977). MCSO, therefore, has the right to make a complete record on that injunctive relief—both for this Court and for any reviewing court. Measuring that challenge against a page limit cap designed for *routine* motions ignores both the stakes and the record this dispute requires.[1]

---

[1] This is demonstrated by Plaintiffs' cited authority.  Each case Plaintiffs cite chastised a party for exceeding presumptive page limits in ordinary, run-of-the-mill motion practice—a setting nothing like the one here.  Indeed, in *Stilwell v. City of Williams*, No. 3:12-CV-8053-HRH, 2013 WL 12188576, at *2 (D. Ariz. July 25, 2013), the Court did not deny over-length briefing at all; it struck fifteen separately filed summary-judgment motions totaling 256 pages

1

120141819.1

This Court has also repeatedly recognized the need for oversized briefing and, based upon MCSO's recollection and a review of the docket, has never denied a page extension request. Specifically, the Court has regularly granted requests to exceed the presumptive limit in this matter—including extensions of 30 pages and more.[2]  The Court has also built oversized briefing into the architecture of this litigation, recognizing the unique demands of the case.[3]  Finally, Plaintiffs are poorly positioned to complain. They and the United States have themselves sought and obtained leave to exceed the limits in this very case.  [*See, e.g.,* Docs. 1907; 2256; 2284; 2618]. And Plaintiffs themselves have utilized this maneuver before and previously objected to a page extension sought by Maricopa County—an objection this Court overruled. [*See e.g.,* Docs. 3336, 3341 & 3367].

Plaintiffs' rhetorical contrast—that Maricopa County needed only "45 pages to explain to the Court why it should terminate this entire case" under Rule 60, yet MCSO seeks 35 here—proves nothing. [*See* Doc. 3505 at 3:25-4:2].  Different motions, addressing different issues, on different records, require different treatment. That the County's Rule 60 motion

---

and then authorized 34 pages of dispositive briefing—double the presumptive limit. *Stilwell* thus undercuts (not supports) Plaintiffs: confronted with a genuinely complex matter, the court permitted substantial expansion. *Fressadi v. Glover*, No. CV-16-03260-PHX-DJH, 2019 WL 7562345, at *2 (D. Ariz. July 23, 2019), involved a Rule 59/60 motion that, by the movant's own admission, merely reiterated arguments made "many times before." And *Mayorga v. Ronaldo*, No. 2:19-CV-00168-JAD-CWH, 2019 WL 3459230, at *3 (D. Nev. July 31, 2019), addressed a 46-page motion to dismiss in ordinary civil litigation. None of these cases arose in relation to a long-running institutional-reform injunction, none involved a challenge to the installation of a court selected investigator, and none remotely resembles the procedural posture or record MCSO confronts. They are inapposite.

[2] *See e.g.,* Docs. 31 & 36 (granting leave for Defendants' Rule 12(b)(6) motion); Docs. 410–411 (granting stipulated and joint motion, not to exceed 34 pages); Docs. 2254 & 2256 (granting Plaintiffs' motion for leave to file excess pages); Docs. 2282 & 2284 (granting Plaintiffs' motion for leave to file a 15-page reply); Docs. 2606, 2607, & 2618 (granting the United States' motion for leave to file 29-page motion); Docs. 2619 & 2622 (granting Sheriff Penzone's motion, responses not to exceed 29 pages); Docs. 3336 & 3367 (granting Maricopa County's motion for leave to file excess pages for its motion for relief from judgment, not to exceed 30 pages); and Docs. 3387 & 3398 (granting Sheriff Sheridan and Maricopa County's joint motion to exceed the page limit and permitting a 35-page motion)].

[3] *See e.g.,* Doc. 55 (ordering simultaneous briefing of 35 pages); Doc. 593 (permitting 25-page briefing regarding the consent decree); Doc. 812 (ordering simultaneous briefing of 30 pages); and Doc. 1112 (motion for reconsideration at 33 pages)].

2

120141819.1

sought relief in 30 pages[4] says nothing about the detail required to develop the specific factual and legal issues—including a detailed expert analysis of two different investigations—presented here. The comparison is malapropos.

In sum, Plaintiffs' decision to oppose even this routine page extension request only confirms what they will not say outright: they recognize the significance of the Objection and would prefer it be truncated rather than thorough and complete.

## II.    PLAINTIFFS' OBJECTION IS ALSO WITHOUT MERIT.

Plaintiffs' "duplicative" theory is the heart of their Opposition, and it is simply wrong. The Objection raises issues the Court has never addressed on any developed record—and, moreover, are issues that could not have been raised earlier.

First, the threshold question whether any court-appointed independent investigator remains necessary is a new issue. When Ms. Jaffer was first appointed, MCSO had no available Monitor-approved conflicts investigator. That is no longer true; the Monitor has since approved AZ Truth Finder for exactly this kind of work. The changed circumstance and its consequence – and thus the need for any outside appointee – has never been briefed.

Second, the purported conflict the Court perceived as to AZ Truth Finder has never been briefed. *At best,* it surfaced only in side discussions at a March 25, 2026, hearing where it was not a noticed topic of discussion. [*See* Doc. 3434]. MCSO is entitled to address, and make a full record, on a perceived conflict finding made without briefing from MCSO or any prior notice from the Court.

Third, the adequacy of Ms. Jaffer's two closed investigations—and MCSO's expert's analysis of them—is the core of the Objection and has never been briefed. This issue could not have been raised before, because MCSO's expert report did not yet exist. Indeed, when MCSO first raised the subject at the March 25, 2026 hearing, the Court stated it was disinclined even to consider MCSO's expert. [*See* 3/25/26 RT at 25:22–26:14]. That reaction

---

[4] Plaintiffs' motion appears to reference the County's Rule 60 motion, which was only 29 pages (not 45). [Doc. 3368]. Moreover, Plaintiff's references Doc. 3388, which was MCSO's Motion for Relief From the Third And Fourth Orders (not the Rule 60 motion). Either way, Plaintiffs' attempt at an analogy fails. [*See* Doc. 3505 at 3:25-4:2].

3

120141819.1

is precisely why MCSO must brief, rather than merely reference, its expert's qualifications and findings. Expert qualifications are necessary to establish competence to opine and bear directly on the weight the Court should give the competing assessments of Ms. Jaffer's work and that of MCSO's expert, retired Chief Ken Miller. MCSO is entitled to make a record establishing Chief Miller's qualifications—not only in investigations, but in police policy, command-level interactions, and bureau-and command-level expectations—areas in which Ms. Jaffer has no demonstrated experience.

Fourth, the impartiality issues arising since MCSO's initial objection are new. The propriety (or impropriety) of Ms. Jaffer having filed briefing adverse to MCSO, while purporting to serve as MCSO's independent investigator, has never been resolved in the context of whether she should remain a supposed independent investigator. So, too, the Monitor's previously undisclosed review of Ms. Jaffer's prior course of dealings and MCSO's inability to participate in the Court's inquiry of another judge regarding Ms. Jaffer's investigatory competency have never been resolved. These developments postdate MCSO's initial objection and warrant thorough briefing and resolution by the Court.

Fifth, Plaintiffs' attempt to recast the Objection as duplicative also rests on a fundamental misrepresentation of the record. The prior filings Plaintiffs cite regarding Ms. Jaffer nearly all dealt with the scope of privilege as to materials produced to Ms. Jaffer—not Ms. Jaffer's substantive fitness to serve. [*See* Docs. 3467, 3453, 3325, 3322, 3261]. Those are plainly distinct issues. MCSO's privilege objections and concerns were themselves quite necessary in light of the Court's rulings. [*See* Doc. 3334, 3307, 3487]. Indeed, after Plaintiffs attempted to object to MCSO's later, and legitimate clarification requests on this subject, this Court overruled the objection and chastised Plaintiffs as missing the point. [Doc. 3487 at 4, n. 4 ("Though Plaintiffs oppose MCSO's proposal, Plaintiffs do not seriously engage with Defendants' main contention that MCSO needs at least some knowledge of the subject matter of Ms. Jaffer's investigation(s) to determine whether Ms. Jaffer "needs to know" the content of a privileged document to avoid waiver.")]. Furthermore, the single prior instance in which

4

120141819.1

MCSO objected to Ms. Jaffer's appointment, Doc. 3184, was MCSO's initial objection and was not based on any of the issues identified above.

Finally, for the same reasons stated above, MCSO's Objection is not a motion for reconsideration. Again, the issues have not been previously briefed and are based on recent developments that could not have been raised when the Court initially appointed Ms. Jaffer. Reconsideration presupposes a prior decision on a developed record and sufficient opportunity for MCSO to establish such a record. Neither exist here.[5]

## III.    PLAINTIFFS DO NOT GET TO DICTATE HOW MCSO CREATES ITS RECORD.

Finally, Plaintiffs' line-item critique of the Objection—three pages here, twelve pages there—is not a good-cause analysis; it is an attempt to litigate MCSO's record for it. That is not Plaintiffs' prerogative.  MCSO is entitled to make its record.

Plaintiffs' complaint that MCSO devoted roughly two pages to qualifying its expert also lacks merit. Again, the expert's report is the centerpiece of the Objection's second argument, and the expert is unknown to the Court and the parties. Establishing his qualifications is a necessary foundation for his findings—particularly given the Court's stated skepticism of any MCSO-retained expert.

In actuality, the factual and procedural background Plaintiffs deride as "well known to the Court" is necessary. MCSO is entitled to establish a full and clear record for this Court and any reviewing court, and no reader can fairly assess the expert's criticism of Ms. Jaffer's investigations without first understanding the underlying facts and procedural history those criticisms address. MCSO is entitled to lay the factual predicate and other foundation on which its legal arguments rest.

---

[5] The Court also recognized when initially appointing Ms. Jaffer that MCSO may raise objections in the future for any new investigations Ms. Jaffer is assigned. [Doc. 3191 at 2:14-17 ("If after the consultation and recommendation process is completed, the MCSO believes that Ms. Jaffer should not be appointed to that investigation for reasons specific to that investigation, the MCSO may so recommend to the Court as well as the reasons for the recommendation.")].

5

120141819.1

For the same reason, the pages devoted to explaining the basis for the expert's opinions are warranted: the analysis is detailed because the investigations are complex, the procedural history is lengthy, and the characterizations of Ms. Jaffer's work (now advanced by Plaintiffs and the Monitor) must be met on the merits. MCSO reasonably sought to make its expert's findings clear and available to the Court rather than generally gesturing at a lengthy attached report.

## IV.   <u>CONCLUSION.</u>

The Objection presents novel, consequential, and previously unbriefed issues arising in connection with an institutional-reform injunction—not a routine motion subject to presumptive page limits. The Court has reasonably and repeatedly authorized oversized briefing in this case, including extensions equal to or greater than the one sought here. For the foregoing reasons, MCSO respectfully submits that good cause exists for the Court to grant the Motion and permit the filing of a 35-page Objection.[6]

DATED this 12th day of June, 2026.

JONES, SKELTON & HOCHULI, P.L.C.

By   /s/ John T. Masterson
John T. Masterson
Joseph J. Popolizio
Justin M. Ackerman
Daniel A. Shudlick
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona

---

[6] MCSO's request is made in good faith and with a reasonable accommodation: MCSO has no objection to Plaintiffs receiving an equivalent 35-page response, or to the Court setting a briefing schedule on these issues. A party confident that its opponent's brief is mere "fat" does not ordinarily insist its opponent be confined to half the space; MCSO, by contrast, is content to have these issues joined fully on both sides.

6

120141819.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Cindy Castro

7

120141819.1