Dominic E. Draye, SBN 033012
drayed@gtlaw.com
Matthew P. Hoxsie, SBN 034952
hoxsiem@gtlaw.com
Zachary H. Levy, SBN 039323
zach.levy@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 445-8000

*Attorneys for Defendant Maricopa County*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al., | Case No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| and | |
| United States of America, Plaintiff-Intervenor, | (Assigned to the Hon. G. Murray Snow) |
| v. | |
| Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et al., | |
| Defendants. | |

Plaintiffs contend that the two-month-old decision in *United States v. City of Cleveland*, 2026 WL 1758522 (N.D. Ohio May 8, 2026), constitutes supplemental authority relating to whether a durable remedy has been achieved here. (Doc. 3513.) Defendants respectfully question whether Plaintiffs read that case beyond the conclusion. For starters, the *Cleveland* court rejected the parties' proposed legal standard, which included durable-remedy analysis.

*See* 2026 WL 1758522, at *10. How the case can inform the assessment of durable remedy is therefore unclear at best.

More importantly, *Cleveland* concerns a consent decree. Because they are voluntary, consent decrees do not entail the same burden on democracy and federalism that involuntary oversight does. *See* Reply Br. at 6. For that reason, the Northern District of Ohio applied a higher standard for demonstrating changed circumstances: "If it is clear that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a heavy burden" to obtain relief based on the changed circumstances that it anticipated. *Id.* at *17. That is **not** the standard or analysis that applies here. (*See* Doc. 3496 at 6). Indeed, Plaintiffs previously acknowledged both the "crucial" distinctions between the Rule 60 standards governing consent decrees versus injunctions, and the durable remedy standard that governs here. (*See* Doc. 3459 at 11, 40). Their novel reliance on *Cleveland* is incompatible with those positions.

Moreover, the facts in *Cleveland* are apples to oranges. There, the defendant had achieved minimal operational compliance, let alone sustained and effective compliance under the terms of the consent decree. *E.g.*, 2026 WL 1758522, at *20 ("[B]ecause <u>none</u> of the Community Engagement and Building Trust terms have achieved Substantial and Effective Compliance . . . the court finds that the parties are not entitled to relief under Rule 60(b)(5)" (emphasis added)); *id.* at *22 ("[R]eflective of no paragraphs in the Bias-Free Policing section being in General or Substantial and Effective Compliance, the court finds that the parties are not entitled to relief under Rule 60(b)(5)"), *id.* at *35 (noting "only 53 (30%) [of 174 paragraphs] have achieved Substantial and Effective Compliance" and that "none" of the other 152 paragraphs, for which assessment had not begun, were in compliance).

That is the opposite of the years' worth of data here (*i.e.*, the quarterly Monitor reports, the TSMRs, TSQRs, and TSARs), all of which confirms **zero** disagreement with handling of CRMs and no evidence of biased policing. Plaintiffs, despite months to oppose the Motion for Rule 60 Relief, have not identified even a single instance of racial profiling. And, in contrast to what appeared to be a disproportionately high number of African

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

Americans stopped in Cleveland, 2026 WL 1758522 at *26, traffic stop rates for Hispanic drivers in Maricopa County are **lower** than their demographic share, negating even "potential indicia" of bias.  (*See* Doc. 3496 at 12 n.3.)

DATED this 23rd day of June 2026.

**GREENBERG TRAURIG, LLP**

By: */s/ Dominic E. Draye*
  Dominic E. Draye
  Matthew P. Hoxsie
  Zachary H. Levy
  *Attorneys for Defendant Maricopa County*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

2