RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    JOSEPH I. VIGIL (018677)
       Deputy County Attorneys
       vigilj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Maricopa County*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel De Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et. al., | No. CV-07-2513-PHX-GMS |
| Plaintiffs, | **MARICOPA COUNTY'S BRIEF REGARDING SCOPE OF CONFIDENTIALITY OF INFORMATION AND RECORDS DURING INTERNAL AFFAIRS INVESTIGATIONS** |
| and | |
| United States of America, | |
| Plaintiff-Intervenor, | |
| v. | |
| Gerard Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, et. al., | |
| Defendants. | |

During the July 17, 2026 oral argument, the Court invited Maricopa County to submit supplemental briefing regarding the scope of confidentiality afforded under Arizona law to records and information relating to an internal affairs investigation after the completion of a pre-disciplinary hearing ("PDH") but while the statutory appeal process remains pending. Specifically, the Court indicated that once the PDH is complete and a

1

decision is made, that determination becomes public and that the information pertaining to that determination is subject to disclosure. However, if there is an appeal by the employee, then some confidentiality remains, but it doesn't prevent the hearing from being public.

Defendants do not dispute that, absent a showing of good cause pursuant to A.R.S. § 38-1004(E), Merit Commission hearings conducted under A.R.S. § 38-1106 are open to the public and agree with the Court that the public may attend those proceedings and observe the evidence presented therein. The question is whether the Legislature nevertheless preserved the confidentiality of investigative records and information obtained during the investigation during the pendency of the disciplinary appeal through A.R.S. § 38-1109. Properly construed, the statutes address different subjects and operate together without conflict, maintaining the confidentiality of the records and information through the completion of all appeals.

### I. The Statutory Disciplinary Process.

Following completion of an Internal Affairs investigation, the employee receives a Notice of Intent to Discipline and is afforded a pre-disciplinary hearing consistent with *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). The PDH is offered for all major discipline, so the officer does not need to request it. The Appointing Authority then determines whether discipline should be imposed. For purposes of the independent investigations at issue in this litigation, Daniel Alonso has been designated by this Court to serve as the Appointing Authority. Mr. Alonso does not function as a hearing officer conducting an evidentiary appeal. Rather, he performs the limited pre-disciplinary review contemplated by *Loudermill* before final discipline may be imposed.

If final major discipline is imposed, the employee may appeal to the Merit Commission. It is at that point that a hearing officer is appointed pursuant to A.R.S. § 38-1106, evidence is presented, and the hearing officer issues findings and recommendations to the Commission. The Commission then renders its final administrative decision, subject to judicial review.

## II. Arizona's Statutory Scheme Distinguishes Between Public Hearings and Confidential Investigative Information and Records

The Legislature addressed these two subjects in separate statutes. A.R.S. § 38-1106(J) governs disciplinary appeal hearings and establishes that Merit Commission hearings are generally public proceedings. A separate statute, however, governs investigative records. A.R.S. § 38-1109 provides:

> A. An employer shall not include in that portion of the personnel file of a law enforcement officer that is available for public inspection and copying *any information about an investigation until the investigation is complete or the employer has discontinued the investigation*.

> B. If the law enforcement officer has timely appealed a disciplinary action, *the investigation is not complete until the conclusion of the appeal process*. (emphasis added).

The Legislature therefore expressly extended the confidentiality of investigative materials and "any information" beyond the completion of the Internal Affairs investigation itself whenever a disciplinary appeal is pending. By statutory definition, the investigation remains incomplete until "the conclusion of the appeal process" and as such those materials and information are withheld from the public viewing.

## III. The Statutes Should Be Read Together to give full effect to confidentiality provisions of Statute.

Arizona law requires courts to construe statutes so that each is given effect whenever possible. See *Momeni v. Chertoff*, 521 F.3d 1094, 1097 (9th Cir. 2008) (courts must reconcile statutes whenever possible); *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 412 (2011) (where the statutory scheme is coherent and consistent, the inquiry ends).

Reading §§ 38-1106 and 38-1109 together accomplishes precisely that. Section 38-1106 governs public access to the disciplinary hearing itself. Members of the public may attend the hearing, observe witness testimony, and hear the evidence presented absent a finding of good cause to close the proceedings. Section 38-1109 governs a different subject: the public availability of investigative records and any information pertaining to the

3

investigation. By providing that an investigation remains incomplete until the appeal process concludes, the Legislature expressly preserved the confidentiality of investigative materials and "any information" throughout that period.

Construing the statutes in this manner gives operative effect to both provisions. By contrast, interpreting A.R.S. § 38-1106(J) to require disclosure of information pertaining to the investigation or any records or materials beyond what a member of the public might observe at the hearing immediately upon commencement of the Merit Commission proceedings would substantially diminish the independent effect of A.R.S. § 38-1109(B)'s directive that the investigation remains incomplete until the conclusion of the appeal process.

Nothing in A.R.S. § 38-1106 requires the pre-hearing disclosure of any information or any materials pertaining to the investigation simply because those materials may ultimately become relevant during the disciplinary appeal or used during the Merit Commission hearing. Likewise, nothing in § 38-1106 states that the filing of an administrative appeal transforms otherwise confidential investigative information or records into publicly available records before the appeal has concluded. The statute only permits the public to attend the hearing and even then, the hearing officer can close the hearing for good cause.

Instead, A.R.S. § 38-1109(B) expressly provides that the investigation remains incomplete until the conclusion of the appeal process. And A.R.S. § 38-1109(A) provides that any information, which includes all records and materials pertaining to the investigation are confidential and to be kept out of the public personnel file of the employee. The Legislature could have provided that confidentiality ended upon issuance of final discipline, commencement of the Merit appeal, or the first day of the hearing. It did not. Rather, it chose the later event—the conclusion of the appeal process.

Reading the statutes together therefore preserves both legislative directives: the hearing remains public, while investigative records and other information pertaining to the

4

investigation retain the statutory protections afforded by § 38-1109 until the appeal has concluded.

### IV. Conclusion

Maricopa County recognizes that the Court has previously ruled that Merit Commission hearings are public and that information presented during those proceedings is publicly accessible. The County's position does not require reconsideration of that ruling. Rather, Defendants respectfully submit that the Court should not roll back the confidentiality of the investigative information and materials to allow the public to obtain that information prior to the conclusion of any appeal beyond what can be gleaned at the hearing. This may be harmonized with § 38-1109 by recognizing the distinction between evidence presented during an open hearing and the underlying investigative information and records that remain subject to the Legislature's express confidentiality provisions until completion of the appeal process.

This construction gives full effect to both statutes while avoiding an interpretation that renders A.R.S. § 38-1109(B)'s extension of confidentiality through the appeal process largely superfluous.

**RESPECTFULLY SUBMITTED** this 24th day of July 2026.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY:  s/ *Joseph I. Vigil*
JOSEPH I. VIGIL, ESQ.
*Attorney for Defendant Maricopa County*

### CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

s/*J. Christiansen*
S:\CIVIL\CIV\Matters\CJ\2007\Melendres CJ07-0269\Pleadings\Word\Brief regarding confidentiality of records 072326.docx

5