Eduardo Casas (*pro hac vice*)
Mexican American Legal Defense
and Educational Fund
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: ecasas@maldef.org

*Attorneys for Plaintiffs (Additional attorneys
for Plaintiffs listed on next page)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, *et al.*,<br><br>    Plaintiffs,<br><br>and<br><br>United States of America,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona, *et al.*<br><br>    Defendants. | **CV-07-2513-PHX-GMS**<br><br>**PLAINTIFFS' RESPONSE TO MARICOPA COUNTY'S BRIEF REGARDING THE SCOPE OF CONFIDENTIALITY OF INFORMATION AND RECORDS DURING INTERNAL AFFAIRS INVESTIGATIONS** |

Additional Attorneys for Plaintiffs:

Cecillia D. Wang*
cwang@aclu.org
ACLU Foundation
425 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 343-0775

Jenn Rolnick Borchetta*
jborchetta@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
125 Broad Street
New York NY 10004
Telephone (914) 462-2363

Jorge Martin Castillo*
jorgecastillo@aclu.org
American Civil Liberties Union
Criminal Law Reform Project
915 15th Street NW
Washington, D.C. 20005
Telephone: (646) 983-9921
Not admitted in DC. Practice limited
to the federal courts.

Stanley Young*
syoung@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

Peter W. Johnston*
pjohnston@cov.com
Adam R. David*
adavid@cov.com
Covington & Burling LLP
415 Mission Street
Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000


*Pro Hac Vice

Victoria Lopez
vlopez@acluaz.org
Christine K. Wee
cwee@acluaz.org
John M. Mitchell
jmitchell@acluaz.org
ACLU Foundation of Arizona
2712 North 7th Street
Phoenix, AZ 85006
Telephone: (602) 650-1854

Sebrina M. Shaw (024545)
Shaw Law Firm, P.L.L.C.
698 Cove Parkway, Suite A
Cottonwood, AZ 86326
Telephone: (928) 646-0369
sshaw@acluaz.org

## I. Introduction

The Court invited Maricopa County to submit supplemental briefing regarding the scope of confidentiality under Arizona law for records and information relating to an internal affairs investigation after the completion of a pre-disciplinary hearing while the statutory appeal process remains pending. Defendants submitted their responsive brief on July 24, 2026. Dkt. 3547.

Plaintiffs do not take a position on the interpretation of Arizona law, although Plaintiffs note that Defendants' analysis appears incomplete. Whatever the proper interpretation of those laws, they do not preclude granting Plaintiffs the limited access to certain records under the protective order.

## II. Argument
### A.  A.R.S. § 38-1109(B) Must Be Analyzed in Context with Arizona's Policy of Presumptive Disclosure

The Arizona Supreme Court has long recognized "[a] strong policy favoring open disclosure and access" to government documents. *Cox Ariz. Publ'ns, Inc. v. Collins*, 175 Ariz. 11, 14 (1993). Arizona law accordingly recognizes a "legal presumption favoring disclosure" of public records. *Id*. Even when countervailing interests of confidentiality, privacy or best interests of state override the public's right to inspect certain documents, public inspection need not be precluded entirely since other alternatives exist such as deletion of specific personal identifying information. *See Carlson v. Pima Cnty.,* 141 Ariz. 487, 491 (1984). Moreover, Arizona public record law does not contain a sweeping exemption for police reports in active, ongoing criminal prosecutions, although a balancing of interests might, in particular and exceptional cases, lead to the exemption of records from disclosure. *Cox Ariz. Publ'ns, Inc.*, 852 P.2d at 1198. Section 38-1109(B) additionally contains an express carve out for law enforcement officers employed by an agency on an at-will basis.

1

Defendants' brief does not consider Arizona's public policy in favor of open access or articulate a clear reason why this framework makes *any* access tantamount to an impermissible encroachment on state law and individual privacy rights. Nothing in this framework suggests that *all* pertinent information is privileged except as provided by §§ 38-1106, 38-1106(J), and/or 38-1109. These statutes instead create carve outs to the general presumption, the application of which requires a context specific analysis. Defendants' brief contains no such analysis and at best restates an exception to disclosure that does not answer whether Plaintiffs' limited access can be tailored to comply with applicable state law and advance compliance efforts while preserving reasonable privacy expectations.

**B. Granting Plaintiffs Access To the Particular Limited Information That They Now Seek Is Nonetheless Reconcilable with Defendants' Interpretation of Applicable Statues.**

Even accepting Defendants' articulation of the potential relevance of §§ 38-1109(B) and 38-1109(A), the relief sought by Plaintiffs is reconcilable in favor of disclosure. Granting Plaintiffs' access to certain information for the purpose of assessing compliance is necessary, not precluded by Arizona law, and the protective order adequately balances the need for critical information towards assessing compliance against legitimate privacy interests.

Although Defendants ask the Court to, "not roll back the confidentiality of the investigative information and materials" [Dkt. 3547 at 5], they have not articulated how granting Plaintiffs' limited access to some specific information pertinent to compliance efforts under the protective order is the same as granting the public at large access. The weight given to interests may vary drastically, for example, if a member of the public seeks the information for reasons beyond enforcement of the Court's orders and the institutional remedial goals they reflect. Section 38-1109(A) merely precludes the public inspection of certain information from personnel files, only for certain employees, and only for a limited time. It does not make all of the underlying information secret, including for purposes of

2

effectuating the Court's orders and under any circumstances. Provision to Plaintiffs' counsel under a protective order is *not* the same thing as the "public inspection and copying" described in Section 38-1109(A). The confidentiality afforded by the Court's protective order, applicable state law, the unique interests of Plaintiffs in this matter, and the text of § 38-1109(A) do not support applying Defendants' broad assertions to Plaintiffs' current pursuit of limited access to some basic information for compliance purposes. See Pls.' Mot. to Grant Pls. Access, Dkt. 3506.

### III. Conclusion

Granting Plaintiffs' access does not inherently roll back any protections afforded to the records at issue under Arizona law and does not amount to making these records open for public inspection. Plaintiffs' requested tailored access, on balance, is reconcilable with the proscriptions of § 38-1109(A) and the values reflected in presumptive disclosure.

Respectfully submitted this 29th day of July, 2026.

By: /s/ *Eduardo Casas*
　　Eduardo Casas*
　　Mexican American Legal Defense
　　and Educational Fund

　　Christine K. Wee
　　John M. Mitchell
　　Victoria Lopez
　　ACLU Foundation of Arizona

　　Jenn Rolnick Borchetta*
　　Cecillia D. Wang *
　　Jorge Martin Castillo*
　　ACLU Foundation

　　Stanley Young*
　　Adam R. David*
　　Peter W. Johnston*
　　Covington & Burling, LLP

3

Sebrina M. Shaw
Shaw Law Firm, P.L.L.C.

*Attorneys for Plaintiffs*

*\*Pro Hac Vice*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ *Eduardo Casas*

5