**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>                    Plaintiffs,<br><br>and<br><br>United States of America,<br><br>                    Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>                    Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Grant Access to the Exchange of Information Between MCSO and Independent Investigator Shaneeda Jaffer.  (Doc. 3506). The motion is denied in part and granted in part.

## I.    BACKGROUND

On May 7, 2026, the Court entered a Protective Order to allow the Independent Investigator, Shaneeda Jaffer, to submit to Defendants' counsel a short statement providing the basic factual information regarding the subject of her investigations.  (*See* Doc. 3487). The purpose of the Protective Order was to allow MCSO to screen documents requested by the Independent Investigator for relevance and privilege.[1]  The Court recognized that

---

[1] The Court's previous three decisions regarding the application of the attorney-client privilege to the Independent Investigator—*Melendres v. Sheridan*, 2025 WL

some knowledge of the subject matter of Ms. Jaffer's investigation(s) was necessary in order for MCSO to determine whether Ms. Jaffer had a "need to know"[2] the content of a privileged document to conduct her investigation. (*Id.* at 4). And given that Arizona law and MCSO policy require the confidentiality of ongoing internal affairs investigations— *see* A.R.S. §§ 38-1104, 38-1106, 38-1109; MCSO Internal Investigation Policy GH-2 §§ 2(B), 21–23—the Court directed that Ms. Jaffer's statement(s) to Defendants' counsel be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (Doc. 3487 at 4–5).

The Court then set forth a process for MCSO's counsel to raise any issues with potentially waiving the attorney-client privilege. If MCSO's counsel believe that any of the requested documents contain privileged information that must be withheld on relevance grounds, they must submit a privilege log to the Independent Investigator. (*Id.* at 6–7). And if a dispute arises between the Independent Investigator and MCSO as to these privilege and relevance designations, MCSO's counsel must submit the dispute to the Court for review under seal, upon which the Court or, if necessary, a Magistrate Judge may review the disputed documents *in camera*. (*Id.* at 7–8). At no point during this process are Plaintiffs or their counsel involved.

Plaintiffs' counsel now ask for the exchange of information between MCSO and the Independent Investigator, citing the need to be "on equal footing with Defendants'

3124741 (D. Ariz. Nov. 7, 2025) (Doc. 3307); *Melendres v. Sheridan*, 2025 WL 3647977 (D. Ariz. Dec. 16, 2025) (Doc. 3334); and Doc. 3487—are fully incorporated here by reference.

[2] As the Court has previously held, given that the Independent Investigator serves as a functional member of the MCSO itself, the MCSO can, without waiving the attorney-client privilege, disclose privileged documents to Ms. Jaffer if she has a "need to know" the contents of the documents within the scope of her investigations. (Doc. 3334 at 14–16; Doc. 3307 at 6–14); *In re Bieter Co.*, 16 F.3d 929, 939 (8th Cir. 1994) (holding that attorney-client privilege remains intact when a communication is not "disseminated beyond those persons," including the "functional equivalent of an employee," "who, because of the structure of the client's operations, need[s] to know its contents"); *United States v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010) (adopting *Bieter*'s principles in the Ninth Circuit).

counsel." (Doc. 3506 at 3). Plaintiffs' counsel further request that the Court (1) order MCSO to provide them with a copy of any privilege log entries for documents that MCSO withholds from the Independent Investigator and (2) include them in the sealed process of resolving any disputes between the Independent Investigator and MCSO's counsel. (*Id.* at 3–4).

## II.    DISCUSSION

### A.    Waiver

As a threshold matter, Defendants oppose Plaintiffs' motion on grounds of waiver. Defendants argue that Plaintiffs had the opportunity to make their instant request during the prior round of briefing (*see* Docs. 3453, 3479, 3480, 3481), where Defendants asked to be apprised of the subject of Ms. Jaffer's investigations in order review her document requests. (Doc. 3511 at 4–5). Plaintiffs counter that they "do not seek the Court to reconsider its decision, but rather to include Plaintiffs in the process it created on May 7, 2026." (Doc. 3518 at 4).

Plaintiffs have not waived their arguments. At issue in the prior round of briefing was whether *Defendants* and their counsel should receive access to information regarding Ms. Jaffer's investigations. (*See* Doc. 3453). Though Plaintiffs fully opposed Defendants' request (*see* Doc. 3479), the issue of whether Plaintiffs and their counsel should also receive such information was not squarely before the Court. Moreover, the Court has been relatively flexible in allowing the parties to comment on the nature and role of the Independent Investigator, given her unique status as a Court-appointed investigator that stands in the shoes of a Professional Standards Bureau ("PSB") officer. (*See, e.g.*, Doc. 3456). As such, the Court will consider Plaintiffs' motion here on its merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.").

### B.    Results of the Independent Disciplinary Authority's Decision

As an initial matter, no party contests that Plaintiffs are entitled, as is the public generally, to eventually know the determinations arrived at by the independent review

process.  As this Court previously remarked in the Fourth Supplemental Injunctive Order, "[f]ederal courts recognize an interest in public disclosure and accountability with law enforcement operations, specifically in circumstances of misconduct."  (Doc. 3076 at 7 (first citing *Uniformed Fire Officers Ass'n v. Blasio*, 846 Fed. Appx. 25, 31 (2d Cir. 2021); then citing *Ocasio v. U.S. Dep't of Just.*, 70 F. Supp. 3d 469, 482 (D.D.C. 2014); and then citing *Kallstrom v. City of Columbus*, 165 F. Supp. 2d 686, 696 (S.D. Ohio 2001))).  Thus, Plaintiffs—and the public—have an interest in learning the results of any pre-determination hearings conducted by the Independent Disciplinary Authority.

No party contests that if, after investigation, the Independent Investigator does not recommend major discipline the parties—and the public—are entitled to know the results of the investigation.  If the Independent Investigator recommends major discipline, the subject of the investigation receives a pre-determination hearing from the Independent Disciplinary Authority before any discipline is imposed.  The Court, on October 29, 2025, reappointed Daniel Alonso as the Independent Disciplinary Authority.  (Doc. 3297).  As a part of his responsibilities, Mr. Alonso shall "make liability and disciplinary determinations with respect to all charges that are brought to him by the Independent Investigator."  (Doc. 1765 ¶ 320).  "If the Independent Investigator makes a preliminary determination that serious discipline (defined as suspension, demotion, or termination) should be imposed, the Independent Disciplinary Authority will conduct a pre-determination hearing and will provide the employee with an opportunity to be heard."  (*Id.* ¶ 326; Doc. 3297 at 1 ("Mr. Alonso stands in the shoes of a member of the MCSO command staff appointed to conduct pre-determination hearings[.]")).

Because "neither the result of the pre-[determination hearing], nor the appeal made from it, are subject to the limited additional confidentiality extended to the investigative and personnel files," the result of any pre-determination hearing conducted by Mr. Alonso is not entitled to any public confidentiality requirement.  (Doc. 3076 at 6–7 (citing A.R.S. §§ 38-1106, 38-1109)).  Additionally, if Mr. Alonso imposes major discipline, the subject of the discipline has ten days in which to appeal the decision to the Maricopa County Merit

Systems Commission.[3]  If the officer appeals Mr. Alonso's decision imposing major discipline, the materials in the officer's publicly available disciplinary file are confidential until the appeal is concluded.  A.R.S. § 38-1109(B).  But the proceedings of the County Merit Systems Commission are public.  A.R.S. § 38-1106(J).  Therefore, the determination made by the Independent Disciplinary Authority is public, and, can be made available to Plaintiffs.  As such, upon the conclusion of any pre-determination hearing conducted by Mr. Alonso, he shall transmit his determination to the parties in a correspondence that includes the name of principal, the name of the complainant, the charge levied against the principal, and the outcome of the pre-determination hearing.

This is consistent with the argument made by Maricopa County in its supplemental brief.  (*See* Doc. 3547 at 5 ("Defendants respectfully submit that the Court should not roll back the confidentiality of the investigative information and materials to allow the public to obtain that information prior to the conclusion of any appeal *beyond what can be gleaned at the hearing*." (emphasis added))).  Here, the name of the principal, name of the complainant, charge levied against the principal, and outcome of the pre-determination hearing can all be "gleaned" at the Merit Systems Commission hearing.  *See id.*

So long as there are no proceedings pending before this Court to modify the terms of the injunctive relief imposed on the Defendants, such as the Rule 60(b) motion that is currently pending (*see infra* Section II.D), there is no harm by not permitting Plaintiffs to be involved in the internal workings of MCSO investigations conducted by the Independent Investigator (*see infra* Section II.C), because such confidentiality will be of limited duration while the Independent Disciplinary Authority conducts his proceedings.

### C.     Privilege Disputes Between MCSO and the Independent Investigator

With relatively few exceptions, however, Plaintiffs fail to identify any legitimate reason as to why they should be able to participate in an active MCSO internal affairs investigation.  In a normal internal affairs investigation conducted by the PSB, Plaintiffs

---

[3] *Law Enforcement Officers' Merit System Resolution*, Maricopa Cnty., at 8, https://www.maricopa.gov/DocumentCenter/View/16949/Law-Enforcement-Officers-Merit-System-Resolution-. (last updated Apr. 2018).

generally have no say in how a PSB officer manages that investigation. Thus, Plaintiffs are generally not permitted to participate in the resolution process for privilege disputes that may emerge between MCSO counsel and the Independent Investigator.

Plaintiffs argue that since the Court's Protective Order (Doc. 3487) "only invite[s] Defendants to participate in a dispute resolution process if issues" of privilege and relevance arise, "keeping Plaintiffs in the dark here . . . disadvantage[s] [Plaintiffs] from effectively protecting their substantial interest." (Doc. 3506 at 7). Plaintiffs define that interest as "ensuring [that] internal investigations are conducted thoroughly, independently, and timely." (*Id.* at 3). But this argument elides two crucial points.

First, as the holders of the attorney-client privilege, Defendants (through their counsel) must be involved in the dispute resolution process. Plaintiffs are not similarly situated to Defendants here. Because Plaintiffs are not involved in (i) Ms. Jaffer's document requests, (ii) MCSO's document review, or (iii) MCSO's document production to Ms. Jaffer, it makes little sense to include Plaintiffs or their counsel in the dispute resolution process. Any privilege disputes that emerge are between MCSO and the Independent Investigator. (*See, e.g.*, Doc. 3334 ("This dispute involves a situation where the MCSO has, in essence, asserted the attorney-client privilege against itself.")).

Second, excluding Plaintiffs from the privilege dispute process does not pose risks to the thoroughness, independence, or timeliness of internal affairs investigations conducted by Ms. Jaffer. The Court has already provided procedural safeguards to ensure that Ms. Jaffer receives all documents necessary to conduct her investigations in a thorough, independent, and timely manner: (i) MCSO must provide all non-privileged documents responsive to the Independent Investigator's production request, regardless of their relevance; (ii) MCSO must also produce to the Independent Investigator all relevant, privileged documents responsive to the production request; (iii) MCSO must submit a privilege log with its document production if it believes that it has a legitimate basis to withhold some of the requested documents from the Independent Investigator; (iv) if a dispute arises as to the sufficiency of MCSO's privilege log, MCSO must submit to the

Court under seal a brief description of the dispute, MCSO's position, the Independent Investigator's position, and the relevant portions of the privilege log at issue; (v) the Court or a Magistrate Judge will review the documents *in camera* if the dispute cannot be resolved on its face; and (vi) if the Court determines that the withheld documents must be produced to the Independent Investigator, it will promptly compel MCSO to provide them to the Independent Investigator, thereby assuaging any concerns MCSO may have regarding waiver. (Doc. 3487; *see also* Docs. 3307, 3334). Plaintiffs fail to identify with any particularity how this process hinders thoroughness, independence, or timeliness.

Thus, as a general matter, should a dispute emerge between MCSO and the Independent Investigator regarding privilege and relevance, Plaintiffs' counsel ordinarily will not be permitted to participate. It is, however, conceivable, if not likely, based on facts that are not yet evident, that Plaintiffs could have some hypothetical right to be heard in a discovery dispute between an independent investigator and MCSO. If such a dispute arises and is brought before the Court, the Court will allow the parties to expeditiously brief the issue as to whether Plaintiffs should be heard on the underlying discovery dispute between the MCSO and the Independent Investigator. If the Court determines that Plaintiffs have a right to be heard, only then will it invite Plaintiffs' counsel to comment.

### D.    Defendants' Rule 60(b) Motion

Nevertheless, an investigation led by Ms. Jaffer—which can only take place when a conflict of interest arises that prevents the PSB from conducting the investigation itself—could have some bearing or shed light on whether the Defendants are complying with the Court's orders and/or whether Defendants have implemented a durable remedy that adequately protects Plaintiffs' constitutional rights. These investigations can take some time. Thus, when motions are pending before the Court, either brought by one of the parties, or on the Court's own motion, that might alter or cancel the injunctive orders of the Court, Plaintiffs are entitled to also have the description of the investigation that Ms. Jaffer initially provided to the Defendants concerning the subject matter of her independent investigation. Because Defendants have a motion pending to terminate the entirety of the

Court's injunctive orders in this case (*see* Doc. 3368), the Court finds that it is appropriate for Plaintiffs' counsel to be notified of the subject of Ms. Jaffer's investigation(s), subject to the same Attorneys' Eyes Only designation applicable to Defendants' counsel.  As Plaintiffs' correctly note, the PSB "is a core aspect of the remedial process" of this case (Doc. 3518 at 5), given MCSO's previous manipulation of "all aspects of the internal affairs process to minimize discipline on MCSO deputies and command staff." *Melendres v. Maricopa County* (*Melendres IV*), 897 F.3d 1217, 1219 (9th Cir. 2018) (citation modified).

Key to the success of Defendants' Rule 60(b) motion to terminate this case is whether Defendants can demonstrate that they have implemented a "durable remedy" for the violations found by this Court. (*E.g.*, Doc. 3368 at 13 (citing *Horne v. Flores*, 557 U.S. 433 (2009))).  Thus, while any motion is brought or remains pending with this Court (either now or in the future) that might alter the orders of the Court, Plaintiffs need to be made generally aware of the nature of Ms. Jaffer's investigations as they are ongoing should Plaintiffs deem them relevant to the resolution of the motion.  To maintain the confidentiality of the personnel file of the employee under investigation as it pertains to "public inspection," *see* A.R.S. § 38-1109, only Plaintiffs' (and the United States') counsel shall receive the short statement pertaining to the investigation. (*E.g.*, Doc. 3487 at 4–5).

Accordingly,

**IT IS THERFORE ORDERED** that Plaintiffs' Motion to Grant Access to the Exchange of Information Between MCSO and Independent Investigator Shaneeda Jaffer (Doc. 3506) is **DENIED in part** and **GRANTED in part**.

**IT IS FURTHER ORDERED** that upon the conclusion of any pre-determination hearing conducted by the Independent Disciplinary Authority, Mr. Alonso shall inform the parties of his decision.  In his correspondence with the parties, Mr. Alonso shall include the name of principal, the name of the complainant, the charge levied against the principal, and the outcome of the pre-determination hearing.

**IT IS FURTHER ORDERED** that the Court may invite the parties to brief whether

Plaintiffs have a right to be heard if a specific discovery dispute between the Independent Investigator and the Defendants comes before the Court for resolution and presents facts which the Court believes may implicate the Plaintiffs' right to be heard on the question.

**IT IS FURTHER ORDERED** that when there is before the Court any motion that calls for the consideration or reconsideration of any part of the injunctive orders of the Court, Defendants' counsel shall immediately transmit to Plaintiffs' counsel and the United States' counsel any short statement received from the Independent Investigator, Shaneeda Jaffer, that provides basic factual information regarding the subject of her investigation. Such statements shall be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**IT IS FURTHER ORDERED** that, unless otherwise ordered by the Court or permitted in writing by the Independent Investigator, Plaintiffs' counsel and the United States' counsel may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" *only* to:

(a)     Plaintiffs' Counsel of Record[4] in this action, as well as employees of Plaintiffs' Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The United States' Counsel of Record[5] in this action, as well as employees of the United States' Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation; and

(c)     The Court and its personnel.

The confidentiality obligations imposed by this order shall remain in effect until the

---

[4] "Plaintiffs' Counsel of Record" is defined as attorneys who are retained to represent or advise the named Plaintiffs and/or the Plaintiff class to this action and who have appeared in this action on behalf of the named Plaintiffs and/or the Plaintiff class or are affiliated with a law firm which has appeared on behalf of the named Plaintiffs and/or the Plaintiff class.

[5] "The United States' Counsel of Record" is defined as attorneys who are retained to represent or advise the United States in this action and who have appeared in this action on behalf of the United States or are affiliated with a law firm which has appeared on behalf of the United States.

Independent Investigator's investigation is complete, or the Independent Investigator has discontinued the investigation, pursuant to A.R.S. § 38-1109.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send copies of this order to both the Independent Investigator (Shaneeda Jaffer) and the Independent Disciplinary Authority (Daniel Alonso).

Dated this 30th day of July, 2026.

G. Murray Snow
Senior United States District Judge

- 10 -