**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Sheriff Gerard A. Sheridan's Brief Regarding Privilege and Communication Issues Raised During the September 24, 2026 Status Conference (Doc. 3585) and the Joint Notice to the Court in Response to the Rule 60 Order (Doc. 3564). At the September 24, 2026 Status Conference, the Court requested briefing regarding the potential waiver of attorney-client privilege through the disclosure of documents to outside independent investigators, including AZ Truth Finder and Keith Sobraske. Counsel for MCSO also briefed the Court on issues concerning communication between MCSO's counsel and the Monitor.

//

//

## I. Waiver of Attorney-Client Privilege and Independent Investigators

After inviting and considering the briefing, the Court finds the issue of waiver of attorney-client privilege concerning the documents at issue to be moot. All Parties agree that the documents appear to fall under the attorney-client privilege because they are seemingly relevant to AZ Truth Finder's or Keith Sobraske's investigations. If information arises to suggest that the documents were irrelevant to the investigations, the Court may revisit the issue of waiver of attorney-client privilege.

## II. Communication Issues between MCSO's Counsel and the Monitor

In its briefing, MCSO raised issues with the Monitor's responsiveness to communications from MCSO's counsel, including various letters sent by MCSO's counsel. (Doc. 3583). As MCSO states, and the Court agrees, "[t]he Monitor and MCSO should share the same goal: MCSO's Full and Effective Compliance with all aspects of the Court's Orders." (*Id.* at 18). With this goal in mind, the Parties are reminded that the Monitor is neither a party, nor an adversary in this litigation, but rather a means to effectuate this Court's Orders.

Paragraph 125 of the First Supplemental Order states:

> Should any Party determine that the Monitor's individual members, agents, employees, or independent contractors have . . . failed to satisfactorily perform the duties required by this Order, the Party may petition the Court for such relief as the Court deems appropriate, . . . . The Party or Parties, as the case may be, shall attempt to resolve such disputes cooperatively prior to seeking the assistance of the Court. All Parties shall be included in any communications related to such a dispute.

(Doc. 606 ¶ 125). Parties are bound by Paragraph 125 of the First Supplemental Order. When a Party has a dispute concerning the interpretation of the Court's Order, or state or federal law as it applies to this matter, that Party must first raise this dispute with the other Parties, rather than the Monitor. Further, pursuant to Paragraph 125 of the First Supplemental Order, all Parties must be included in these communications concerning the duties of the Monitor.

## III. Joint Notice to the Court in Response to the Rule 60 Order

The Parties have requested additional time to meet and confer in response to the Rule 60 Order. The Court grants the Parties' request for additional time to continue their discussions, and the Parties shall submit their joint notice concerning the status of these discussions by December 14, 2026.

The Court is encouraged by all Parties' desire to improve communication to reach compliance with the Court's Orders. All Parties agree that productive communication will aid the Parties in resolving this case. Hopefully, meaningful, appropriate, and direct dialogue will move this case forward.

**IT IS ORDERED** that the Parties shall submit their joint notice concerning the status of their discussions regarding the Court's Order in Doc. 3564 by **December 14, 2026**.

Dated this 10th day of November, 2026.

G. Murray Snow
Senior United States District Judge