**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Manuel de Jesus Ortega Melendres, on behalf of himself and all others similarly situated; et al.<br><br>Plaintiffs,<br><br>and<br><br>United States of America,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Gerard A. Sheridan, in his official capacity as Sheriff of Maricopa County, Arizona; et al.<br><br>Defendants. | No. CV-07-2513-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants Sheriff Gerard A. Sheridan and Maricopa County's Objection to the Appointment of Independent Investigator Shaneeda Jaffer. (Doc. 3504). For the reasons stated below, the Objection (Doc. 3504) is denied.

**BACKGROUND[1]**

This Objection arises from the Court's appointment of an Independent Investigator on the Monitor's recommendation. In 2015, the Court found that the Maricopa County Sheriff's Office ("MCSO")—under the leadership of Sheriff Arpaio and then-Chief Deputy Sheridan—engaged in manipulation and misconduct of internal affairs investigations that "prevented the fair, uniform, and appropriate application of discipline on MCSO

[1] This order focuses only on the information necessary to understand the instant motion. For a recent, more complete background, *see* Doc. 3564.

employees as that misconduct pertains to the members of the Plaintiff class." (Doc. 1765 at 15). To address these findings, the Court issued its Second Supplemental Injunctive Order ("Second Order"). (Doc. 1765). Among other provisions, the Second Order required reforms to the MCSO's Professional Standards Bureau ("PSB"). (*Id.* ¶¶ 165–77). The Second Order also authorized an Independent Investigator to conduct certain internal affairs complaints related to the Plaintiff class and violations of the Court's orders. (Doc. 1765 ¶¶ 294–319).

The Second Order defined the Independent Investigator's authority and role. The parties may challenge the designation of any investigation as within the Independent Investigator's limited jurisdiction. (*Id.* ¶ 302). "To the extent possible, the Independent Investigator shall conduct [her] investigations in compliance with the best investigative practices and in compliance with the processes and standards set forth in this Order governing the operations of MCSO's Professional Standards Bureau." (*Id.* ¶ 303). The Independent Investigator has no authority to impose discipline. (*Id.* ¶ 317). The Ninth Circuit affirmed the Second Order, including the authority and role of the Independent Investigator, in full. *Melendres v. Maricopa County* (*Melendres IV*), 897 F.3d 1217, 1223 (9th Cir. 2018), *cert. denied*, 589 U.S. 915 (2019).

In 2022, the Court issued the Third Supplemental Injunctive Order ("Third Order") to address significant delays in the internal affairs investigation process that violated both state law and the Court's earlier orders. (Doc. 2830 at 2–4). The Third Order empowered the Monitor "to oversee all of MCSO's complaint intake and routing." (Doc. 2830 ¶ 346). The Ninth Circuit fully affirmed the Third Order. *Melendres V*, 113 F.4th at 1140.

On May 8, 2025, the Monitor exercised his authority, pursuant to the Third Order, to recommend the appointment of an outside investigator. (Doc. 2830 at 1). On May 30, 2025, the Court appointed Shaneeda Jaffer as an Independent Investigator. (Doc. 3191 at 5). In doing so, the Court considered candidates set forth by the parties and the Monitor. (Doc. 3191 at 1). At that time, the Defendants proposed the appointment of Kenneth C. Miller of the U.S. ISS Agency to serve as an outside investigator. (Doc. 3184 at 4–5). This

same agency conducted the expert report submitted with the instant Objection. (Doc. 3504-7 at 2). Ms. Jaffer is an attorney from the Cleveland-based law firm of Benesch, Friedlander, Coplan and Aronoff. (*Id.* at 1). Ms. Jaffer has previously conducted similar investigations in the Northern District of California. (*Id.* at 2). Defendants did not seek review of Ms. Jaffer's initial appointment. (Doc. 3191). However, the Defendants made a partial objection prior to her appointment and objected to aspects of her authority. (*See, e.g.*, Docs. 3184; 3307; 3334; 3487; 3551).

Defendants now raise two objections. (Doc. 3504 at 2). First, Defendants object to the appointment of an alternative independent investigator because MCSO has since contracted with its own outside conflicts investigator. (*Id.*). Second, Defendants specifically object to Ms. Jaffer's appointment as the Independent Investigator because of her alleged investigative deficiencies and the appearance of conflict. (*Id.*).

## DISCUSSION

### I. Procedural Posture

The Court derives its authority to appoint an Independent Investigator in this case from the Court's inherent equitable authority. *Melendres V*, 113 F.4th at 1134. Consistent with the flexible nature of a court's inherent equitable authority, a court may modify injunctive relief when necessary. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) (describing the flexibility of equitable relief); *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961) (stating that courts may modify equitable relief).

Here, Defendants primarily seek to modify the existing injunctive relief. However, objections that rely on grounds that have been or could have been raised at an earlier stage will be denied as improper, consistent with the Court's "wide discretion" in modifying its own orders. *Sys. Fed'n No. 91*, 364 U.S. at 648.

### II. Appointment of an Independent Investigator

Defendants object to the Court's appointment of an Independent Investigator because MCSO has contracted with a qualified outside conflicts investigator. (Doc. 3504 at 2). This objection fails because the Monitor has found the outside conflicts investigator

selected by MCSO, as well as the process of its appointment, deficient. (Doc. 3555 at 2–3).

The Second Order provides that the MSCO must refer certain misconduct investigations to either "another law enforcement agency or . . . a qualified outside investigator." (Doc. 1765 ¶ 196). In July 2025, the MCSO hired an outside conflicts investigator, AZ Truth Finder[2] to conduct these investigations. (Doc. 3555 at 3). At that time, the Monitor approved in writing the use of AZ Truth Finder. (*Id.* at 4).

In 2026, the Monitor's team became concerned about the quality of AZ Truth Finder's reports. (*Id.* at 2). This prompted an investigation into the organization and the procurement process. (*Id.*). On August 6, 2026, the Monitor stated that the process revealed several deficiencies with AZ Truth Finder that fail to satisfy the Court's conditions for an independent investigator, as described in the Second Order. (*Id.* at 3).[3] The Monitor has the authority under the Third Order to oversee the internal affairs procedure, which the Defendants recognize in their Motion. (*See* Doc. 3504 at 7 (relying on the Monitor's previous approval of AZ Truth Finder)). The Monitor thereafter reassigned investigations assigned to AZ Truth Finder to Ms. Jaffer. Therefore, Defendants' argument fails because the Monitor now considers AZ Truth Finder unqualified.

## III. Appointment of Ms. Jaffer

Defendants also specifically object to the appointment of Ms. Jaffer. (*Id.* at 2). Defendants' objections are substantially based on an extensive expert report that the Defendants chose to obtain on their own initiative from the candidate that they had proposed for Ms. Jaffer's position. (Doc. 3184 at 4–5; Doc. 3504-7). Defendants raise two primary objections against Ms. Jaffer: her alleged investigative deficiencies in IA 2025-

[2] The parties and the Monitor use different variations of the investigatory agency's trade name. (*See* Doc. 3504 at 5 (using "AZ Truth Finder"); Doc. 3532 at 13 (using "AZ Truth Finders"); Doc. 3555 at 1 (using "AZ Truthfinder")). The Court assumes all parties are referring to the same organization. For the sake of clarity, the Court will exclusively use "AZ Truth Finder" when referring to the investigatory agency hired by MCSO.

[3] The Second Order states that the outside investigator "must possess the requisite background and level of experience of Internal Affairs investigators and must be free of any actual or perceived conflicts of interest." (Doc. 1765 ¶ 196).

0111 and IA 2025-0139, and the appearance of bias. (*Id.* at 14–34). Defendants' objections are denied both because they are outside the scope of the objections permitted, and they lack merit.

**A. Objections Are Outside the Scope of Permitted Objections**

As Defendants state, the Court's order appointing Ms. Jaffer permitted the Defendants to challenge Ms. Jaffer's appointment. (Doc. 3191 at 2). Specifically, if "the MCSO believes that Ms. Jaffer should not be appointed to that investigation for *reasons specific to that investigation*, the MCSO may so recommend to the Court as well as the reasons for the recommendation." (*Id.*) (emphasis added). Here, the Defendants' Objection is not grounded in "reasons specific" to an investigation. (*Id.*). The Objection instead is a statement on Ms. Jaffer's general fitness to serve as an Independent Investigator, which does not comport with this Court's order in Doc. 3191. (Doc. 3504). Nonetheless, the Court still addresses the Defendants' arguments to provide guidance to the Defendants, the Monitor, and the public, and to limit future disputes regarding Ms. Jaffer.

**B. Investigative Deficiencies in IA 2025-0111 and 2025-0139**

Defendants primarily allege that the Court should remove Ms. Jaffer as the Independent Investigator because her alleged deficiencies in investigating IA 2025-0139 and IA 2025-0111 suggest she cannot be relied upon for further investigations. (*Id.* at 14–29). Defendants, however, fail to establish the unsuitability of the Independent Investigator, either in the method required by the Court, or at all.

The Monitor has the authority to oversee MCSO's complaint investigations. (Doc. 2830 ¶ 346). Pursuant to that authority, the Monitor may determine that certain investigations should be conducted by an Independent Investigator. (*Id.*). The Court reserved a narrow path for the parties to object to an Independent Investigator's assignment to an investigation. (Doc. 3191 at 2). The Court stated that MCSO must complete a "consultation and recommendation process" with the Monitor before making an objection to the Court regarding the assignment of Ms. Jaffer to a specific investigation. (*Id.*).

Here, the Defendants make no mention of their attempts to comply with this requirement. The Court included this requirement to ensure that the Monitor's authority over the complaint process is preserved. The Monitor's team is well-positioned to evaluate the Defendants' allegations, including the extensive expert witness report, because the Monitor has the "ultimate authority" over the disciplinary process, of which Ms. Jaffer is part. (Doc. 2830 ¶ 346).[4] Consultation with other parties and the Monitor, as outlined in the Court's previous order, will aid all parties, the Court, and the public. (Doc. 3191 at 2).

Furthermore, Ms. Jaffer is not the final arbiter of facts—the Independent Disciplinary Authority is. (Doc. 1765 ¶ 322). Ms. Jaffer does not impose discipline—the Independent Disciplinary Authority does. (*Id.*). Thus, no discipline can be imposed without the concurrence of that authority. The Court is not aware whether this matter has been appealed to the Independent Disciplinary Authority, and, if so, whether the Independent Disciplinary Authority has ruled on Ms. Jaffer's suggested violations. Nevertheless, the Defendants have failed to meet their burden that Ms. Jaffer is not adequately serving as Independent Investigator.

**C. Appearance of Bias**

Defendants also allege that Ms. Jaffer's conduct has given rise to the appearance of bias. (Doc. 3054 at 30). Specifically, Defendants take issue with the Court soliciting Ms. Jaffer's opinion in a privilege dispute, the Court's inquiry regarding Ms. Jaffer with its counterpart in the Northern District of California, and Ms. Jaffer's prior work in Oakland. (*Id.* at 30–35). Defendants have previously raised, or could have raised, these objections. Thus, these objections are denied as untimely.

Defendants have previously raised, and the Court has previously addressed, Ms. Jaffer's statements regarding privilege. As Defendants state, the Court ruled on this issue on May 7, 2026. (Doc. 3487; *see* Doc. 3504 at 31 n.12 (acknowledging the Court's

[4] Together with their Objection, Defendants publicly disclosed Ms. Jaffer's complete report with respect to IA 2025-0111 and IA 2025-0139. (Doc. 3504-15). They also disclosed Mr. Miller's criticism of that report. (Doc. 3504-7). Thus, there is no reason why the Defendant could not comply with the Court's order in raising the alleged deficiencies with the Monitor, and, of course, Plaintiffs.

previous order)). This ruling expanded on two previous orders, again regarding the same issue of privilege as it relates to the Independent Investigator. (Doc. 3307; Doc. 3334).

In that ruling, the Court specifically addressed Defendants' partial objection on April 17, 2026 (Doc. 3467), regarding Ms. Jaffer's comments. (*Id.* at 4 n.3). Defendants repeat their earlier objection, nearly word-for-word, in the instant Objection.[5] (*Compare, e.g.*, Doc. 3467 at 4 ("Given that Ms. Jaffer's sole role is that of an independent PSB investigator, it is entirely improper for her to provide any comments on any pleadings filed in this Court. To state plainly, no member of MCSO has a right to file pleadings in this action other than the Sheriff in his official capacity.") *with* Doc. 3504 at 31 ("In addition, given that Ms. Jaffer's sole role is that of an independent PSB investigator, it is entirely improper for her to provide any comments on any pleadings filed in this Court. To state plainly, no member of MCSO has a right to file pleadings in this action other than the Sheriff in his official capacity."); Doc. 3467 at 4–5 ("In this regard, counsel for the Sheriff in his official capacity are the only individuals entitled to speak for the Sheriff in filings with this Court on behalf of MCSO. It is therefore entirely improper for Ms. Jaffer, as a Court-ordered member of MCSO, to comment orally or in writing to this Court on anything MCSO has filed or on which it has taken a position, let alone object to MCSO's filings, as she has done so in the past.") *with* Doc. 3504 at 32 ("In this regard, counsel for the Sheriff in his official capacity are the only individuals entitled to speak for the Sheriff in filings with this Court on behalf of MCSO. It is, therefore, entirely improper for Ms. Jaffer, as a Court-Ordered member of MCSO, to comment orally or in writing to this Court on anything MCSO has filed or on which it has taken a position, let alone object to MCSO's filings, as she has done so in the past.")).

While the Court maintains broad discretion to modify ongoing equitable relief, this discretion does not require the Court to revisit issues because Defendants dislike the

[5] The Court granted Defendants leave to file excess pages for this Objection. (Doc. 3512). In doing so, the Court relied on Mr. Popolizio's statement that Defendants had "novel legal and factual issues" to raise, as well as his statement that Defendants "endeavored to be as concise as possible, including cutting additional arguments. . . ." (Doc. 3502 at 1–2). The Court is perplexed as to how Defendants could make those statements to the Court while copying, nearly word-for-word, arguments that have already been submitted to this Court.

decision. (Doc. 3504 at 31 n.12 (stating that the Court "brushed aside [Defendants'] concerns" in its order)); *see Sys. Fed'n No. 91*, 364 U.S. at 648 (stating that district courts retain "wide discretion" in modifying ongoing equitable relief). The Court ruled on nearly identical arguments on May 7, 2026. (Doc. 3487). If Defendants wanted to seek reconsideration of that ruling, the Defendants could have filed a Motion for Reconsideration by May 21, which they did not. *See* LRCiv. 7.2(g) (providing parties 14 days to file a motion of reconsideration). The Court will not use this Objection as a vehicle to do so. The Court does so in part to discourage the parties from re-litigating previously decided issues, which imposes significant costs on the parties and the public.

Defendants also object to Ms. Jaffer's appointment because the Court consulted with its counterpart regarding Ms. Jaffer's work, and because Ms. Jaffer previously worked on an investigation in Oakland where the Monitor also worked. It is unclear how these objections have any substance. Neither the Monitor nor Ms. Jaffer are parties, and neither are adverse to Defendants. Further, unlike the Defendants' objections based on Ms. Jaffer's investigations, Defendants have had access to this information for at least sixteen months. The Defendants were made aware of the Court's inquiry with the Northern District of California on May 30, 2025. (Doc. 3191 at 2). The Oakland investigation appears to have been completed on January 17, 2023. (Doc. 3504-31 at 57). Defendants provide no information as to why this public report from Oakland could not have been included in their initial objections to Ms. Jaffer's appointment on May 22, 2025. (Doc. 3184 at 3–4). Furthermore, Defendants did not seek reconsideration of Ms. Jaffer's appointment after the Court's order on May 30, 2025, when they had access to all this information. Therefore, objections based on these grounds are denied. Again, the Court makes this decision to encourage parties to fully investigate issues in a timely manner.

Since Defendants had ample opportunity to raise these concerns, the Court will not revisit its decision to appoint Ms. Jaffer on these grounds, and Defendants cite no contrary caselaw that compels a different result. (*See* Doc. 3504 at 33–35).

//

## CONCLUSION

For the foregoing reasons, the Defendants' Objection is denied.

**IT IS ORDERED** that Defendants Sheriff Gerard A. Sheridan and Maricopa County's Objection to the Appointment of Independent Investigator Shaneeda Jaffer (Doc. 3504) is **DENIED.**

Dated this 17th day of November, 2026.

G. Murray Snow
Senior United States District Judge